IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                      PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                        DEFENDANTS

**ANSWER AND DEFENSES OF TORSTAR CORPORATION TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND
<u>INJUNCTIVE RELIEF</u>**

Defendant Torstar Corporation ("Torstar"), by and through its attorneys, responds to
Plaintiff's First Amended Complaint for Damages, Declaratory and Injunctive Relief
("Complaint") as follows:

**RESPONSE TO INTRODUCTORY PARAGRAPH**

In response to the Introductory Paragraph of Plaintiff's Complaint, Torstar denies all
allegations against it. Further, Torstar denies that Plaintiff is entitled to any relief whatsoever
against Torstar.

**I.   RESPONSE TO "INTRODUCTION AND NATURE OF ACTION"** [1]

1.     Torstar denies the allegations contained in Paragraph 1 of Plaintiff's Complaint
and denies that Plaintiff is entitled to any relief whatsoever against Torstar.

---

[1]   The use of the Complaint's subheadings is done solely for organizational purposes and is not
an admission as to their truth.

## II.     RESPONSE TO "PARTIES"

2.      Paragraphs 2 - 8 of Plaintiff's Complaint make no allegations against Torstar and require no responses by Torstar.

3.      Torstar admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

4.      Paragraphs 10 and 11 of Plaintiff's Complaint make no allegations against Torstar and require no responses by Torstar.

## III.     RESPONSE TO "JURISDICTION AND VENUE"

5.      Paragraph 12 of Plaintiff's Complaint states a legal conclusion to which no response is required.  To the extent Paragraph 12 contains any allegations of fact, such allegations are denied.

6.      Torstar denies the allegations contained in Paragraphs 13 and 14 of Plaintiff's Complaint.

7.      Paragraph 15 of Plaintiff's Complaint states a legal conclusion to which no response is required.

## IV.  RESPONSE TO "FACTUAL BACKGROUND"

8.      Paragraphs 16 - 51 of Plaintiff's Complaint do not name and do not make any allegations against Torstar, and thus require no response by Torstar.  To the extent a response is required, Torstar lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 16 - 51 of Plaintiff's Complaint and, therefore, denies those allegations.

9.      Torstar denies the allegations contained in Paragraph 52 of Plaintiff's Complaint and footnote 6 of the Complaint.

10.     Paragraphs 53 - 74 of Plaintiff's Complaint do not name and do not make any allegations against Torstar, and thus require no response by Torstar.  To the extent a response is required, Torstar lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 53 - 74 of Plaintiff's Complaint and, therefore, denies those allegations.

11.     Torstar denies the allegations of paragraph 75 of the Complaint.

12.     Paragraphs 76 - 80 of Plaintiff's Complaint do not name and do not make any allegations against Torstar, and thus require no response by Torstar.  To the extent a response is required, Torstar lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 76-80 of the Complaint and, therefore, denies those allegations.

## RESPONSE TO "THE FAIR USE DOCTRINE"

13.     Paragraphs 81 and 82 of Plaintiff's Complaint state legal conclusions to which no responses are required.

14.     Paragraphs 83 - 87 of Plaintiff's Complaint do not name and do not make any allegations against Torstar, and thus require no response by Torstar.  To the extent a response is required, Torstar lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 83 - 87 of Plaintiff's Complaint and, therefore, denies those allegations.

## RESPONSE TO "THE SPEECH ACT OF 2010"

15.     Paragraph 88 of Plaintiff's Complaint states a legal conclusion to which no response is required.

16.     Paragraphs 89 - 94 of Plaintiff's Complaint do not name and do not make any allegations against Torstar, and thus require no response by Torstar.  To the extent a response is

required, Torstar lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 89 - 94 of Plaintiff's Complaint and, therefore, denies those allegations.

## V.  RESPONSE TO "CAUSES OF ACTION"

### RESPONSE TO COUNT 1-MISREPRESENTATION UNDER 17 U.S.C. §512(f)

17.    In response to Paragraph 95, Torstar incorporates by reference its responses to Paragraphs 1 - 94 of Plaintiff's Complaint.

18.    Torstar denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

19.    Torstar denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

20.    Torstar denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

21.    Torstar denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

22.    Torstar denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

23.    Torstar denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

### RESPONSE TO COUNT 2-MISREPRESENTATION UNDER 17 U.S.C. §512(f)

24.    In response to Paragraph 102, Torstar incorporates by reference its responses to Paragraphs 1-101 of Plaintiff's Complaint.

25.    Torstar denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

26.    Torstar denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

27.    Torstar denies the allegations contained in Paragraph 105 of Plaintiff's

Complaint.

28.     Torstar denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

29.     Torstar denies the allegations contained in Paragraph 107 of Plaintiff's Complaint.

30.     Torstar denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

## RESPONSE TO COUNT 3-MISREPRESENTATION UNDER 17 U.S.C. §512(f)

31.     In response to Paragraph 109, Torstar incorporates by reference its responses to Paragraphs 1-108 of Plaintiff's Complaint.

32.     Torstar denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

33.     Torstar denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

34.     Torstar denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

35.     Torstar denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

36.     Torstar denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

37.     Torstar denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

38.     Torstar denies the allegations contained in Paragraph 116 of Plaintiff's

Complaint.

## RESPONSE TO COUNT 4-MISREPRESENTATION UNDER 17 U.S.C. §512(f)

39.     In response to Paragraph 117, Torstar incorporates by reference its responses to Paragraphs 1-116 of Plaintiff's Complaint.

40.     Torstar denies the allegations contained in Paragraph 118 of Plaintiff's Complaint.

41.     Torstar denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

42.     Torstar denies the allegations contained in Paragraph 120 of Plaintiff's Complaint.

43.     Torstar denies the allegations contained in Paragraph 121 of Plaintiff's Complaint.

44.     Torstar denies the allegations contained in Paragraph 122 of Plaintiff's Complaint.

45.     Torstar denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

## RESPONSE TO COUNT 5-MISREPRESENTATION UNDER 17 U.S.C. §512(f)

46.     In response to Paragraph 124, Torstar incorporates by reference its responses to Paragraphs 1-123 of Plaintiff's Complaint.

47.     Torstar denies the allegations contained in Paragraph 125 of Plaintiff's Complaint.

48.     Torstar denies the allegations contained in Paragraph 126 of Plaintiff's Complaint.

49.     Torstar denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

50.     Torstar denies the allegations contained in Paragraph 128 of Plaintiff's Complaint.

51.     Torstar denies the allegations contained in Paragraph 129 of Plaintiff's Complaint.

52.     Torstar denies the allegations contained in Paragraph 130 of Plaintiff's Complaint.

## RESPONSE TO COUNT 6-MISREPRESENTATION UNDER 17 U.S.C. §512(f)

53.     In response to Paragraph 131, Torstar incorporates by reference its responses to Paragraphs 1-130 of Plaintiff's Complaint.

54.     Torstar denies the allegations contained in Paragraph 132 of Plaintiff's Complaint.

55.     Torstar denies the allegations contained in Paragraph 133 of Plaintiff's Complaint.

56.     Torstar denies the allegations contained in Paragraph 134 of Plaintiff's Complaint.

57.     Torstar denies the allegations contained in Paragraph 135 of Plaintiff's Complaint.

58.     Torstar denies the allegations contained in Paragraph 136 of Plaintiff's Complaint.

59.     Torstar denies the allegations contained in Paragraph 137 of Plaintiff's Complaint.

60.     Torstar denies the allegations contained in Paragraph 138 of Plaintiff's Complaint.

## RESPONSE TO COUNT 7-MISREPRESENTATION UNDER 17 U.S.C. §512(f)

61.     In response to Paragraph 139, Torstar incorporates by reference its responses to Paragraphs 1-138 of Plaintiff's Complaint.

62.     Torstar denies the allegations contained in Paragraph 140 of Plaintiff's Complaint.

63.     Torstar denies the allegations contained in Paragraph 141 of Plaintiff's Complaint.

64.     Torstar denies the allegations contained in Paragraph 142 of Plaintiff's Complaint.

65.     Torstar denies the allegations contained in Paragraph 143 of Plaintiff's Complaint.

66.     Torstar denies the allegations contained in Paragraph 144 of Plaintiff's Complaint.

67.     Torstar denies the allegations contained in Paragraph 145 of Plaintiff's Complaint.

68.     Torstar denies the allegations contained in Paragraph 146 of Plaintiff's Complaint.

## RESPONSE TO COUNT 8-MISREPRESENTATION UNDER 17 U.S.C. §512(f)

69.     In response to Paragraph 147, Torstar incorporates by reference its responses to Paragraphs 1-146 of Plaintiff's Complaint.

70.     Torstar denies the allegations contained in Paragraph 148 of Plaintiff's

Complaint.

71.     Torstar denies the allegations contained in Paragraph 149 of Plaintiff's Complaint.

72.     Torstar denies the allegations contained in Paragraph 150 of Plaintiff's Complaint.

73.     Torstar denies the allegations contained in Paragraph 151 of Plaintiff's Complaint.

74.     Torstar denies the allegations contained in Paragraph 152 of Plaintiff's Complaint.

75.     Torstar denies the allegations contained in Paragraph 153 of Plaintiff's Complaint.

76.     Torstar denies the allegations contained in Paragraph 154 of Plaintiff's Complaint.

## RESPONSE TO COUNT 9-CIVIL CONSPIRACY

77.     In response to Paragraph 155, Torstar incorporates by reference its responses to Paragraphs 1-154 of Plaintiff's Complaint.

78.     Torstar denies the allegations contained in Paragraph 156 of Plaintiff's Complaint.

79.     Torstar denies the allegations contained in Paragraph 157 of Plaintiff's Complaint.

80.     Torstar denies the allegations contained in Paragraph 158 of Plaintiff's Complaint.

81.     Torstar denies the allegations contained in Paragraph 159 of Plaintiff's

Complaint.

82.     Torstar denies the allegations contained in Paragraph 160 of Plaintiff's Complaint.

83.     Torstar denies the allegations contained in Paragraph 161 of Plaintiff's Complaint.

## RESPONSE TO COUNT 10- DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201, ET SEQ. (DECLARATORY JUDGMENT ACT) AND THE COPYRIGHT ACT (TITLE 17 OF THE U.S. CODE)

84.     In response to Paragraph 162, Torstar incorporates by reference its responses to Paragraphs 1-161 of Plaintiff's Complaint.

85.     Torstar denies the allegations contained in Paragraph 163 of Plaintiff's Complaint.

86.     Torstar denies the allegations contained in Paragraph 164 of Plaintiff's Complaint.

87.     Torstar denies the allegations contained in Paragraph 165 of Plaintiff's Complaint.

88.     Torstar denies the allegations contained in Paragraph 166 of Plaintiff's Complaint.

## RESPONSE TO COUNT 11- DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §4101, ET SEQ. (SPEECH ACT OF 2010)

89.     In response to Paragraph 167, Torstar incorporates by reference its responses to Paragraphs 1-166 of Plaintiff's Complaint.

90.     Torstar denies the allegations contained in Paragraph 168 of Plaintiff's Complaint.

91.     Paragraph 169 of Plaintiff's Complaint states a legal conclusion to which no

response is required.

92.     Paragraph 170 of Plaintiff's Complaint states a legal conclusion to which no response is required.

93.     Paragraph 171 of Plaintiff's Complaint states a legal conclusion to which no response is required.

94.     Torstar denies the allegations contained in Paragraph 172 of Plaintiff's Complaint.

95.     Torstar denies the allegations contained in Paragraph 173 of Plaintiff's Complaint.

96.     Torstar denies the allegations contained in Paragraph 174 of Plaintiff's Complaint.

97.     Any allegations, averments or legal conclusions in Plaintiff's Complaint that are not specifically and unequivocally admitted are denied.

## RESPONSE TO "PRAYER FOR RELIEF"

In response to Plaintiff's "Prayer for Relief," Torstar denies that Plaintiff is entitled to any recovery or any form of relief, including the relief sought in subparts (a) – (f), whatsoever from Torstar.

## AFFIRMATIVE DEFENSES

Torstar asserts the following defenses in order to preserve the right to assert them. Torstar may subsequently withdraw any of these defenses.  Further, Torstar reserves the right to amend its Answer and Defenses to assert additional defenses, cross-claims, counterclaims and other claims and defenses as deemed appropriate.  Without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Torstar states as follows:

11

## FIRST DEFENSE

The Court lacks personal jurisdiction over Torstar.

## SECOND DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted against Torstar.

## THIRD DEFENSE

Plaintiff's claims against Torstar are barred by the doctrines of *res judicata or laches*. Without limiting the generality of this defense, Plaintiff's claims against Torstar could have been brought in Civil Action No. 1:15-cv-113 in this Court and thus are barred by the Court's December 4, 2015 Final Judgment in that case.

## FOURTH DEFENSE

Plaintiff's claims are time barred by the applicable statutes of limitations, including, but not limited to, Section 15-1-35 and/or Section 15-1-49, Miss Code 1972, as amended.

## FIFTH DEFENSE

The Complaint fails to plead a claim or claims with requisite specificity against Torstar.

## SIXTH DEFENSE

With respect to each and every purported cause of action, the acts of Torstar were at all times done in good faith and without malice.

## SEVENTH DEFENSE

The injuries and damages, if any, sustained by Plaintiff resulted in whole or in part from his own culpable conduct, intentional acts, contributory or comparative negligence, assumption of risk and want of care.  Accordingly, any damages recovered should be reduced and/or barred in accordance with the applicable law.

**EIGHTH DEFENSE**

Plaintiff has not suffered any actual injury or damages for which Torstar is liable.

**NINTH DEFENSE**

No act or omission of Torstar was fraudulent, malicious or grossly negligent and, therefore, any award of punitive damages is barred.  Plaintiff's claim for punitive damages is subject to the limitations and requirements of the laws of Mississippi, including but not limited to those in Section 11-1-65, Miss. Code 1972, as amended.

**TENTH DEFENSE**

The imposition of punitive or exemplary damages would violate Torstar's constitutional rights, including but not limited to those under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States and Art. III §14 of the Mississippi Constitution of 1890, and the excessive fines clause in the Eighth Amendment to the Constitution of the United States.

**ELEVENTH DEFENSE**

Torstar incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as applied to the state and federal courts under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including but not limited to standards set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007) and their progeny.

## TWELFTH DEFENSE

Torstar asserts the provisions of all applicable statutory caps on damages of any sort, including compensatory, punitive, non-economic or exemplary damages, under applicable regulations and/or laws, including but not limited to those in Section 11-1-65, Miss. Code 1972, as amended.

## THIRTEENTH DEFENSE

Some or all of the statements in issue are privileged as reports of official proceedings, as evidenced by the Supreme Court of Nova Scotia decisions, *Trout Point Lodge Ltd. v. Handshoe* (2012 NSSC 245 Aug. 7, 2012) and *Trout Point Lodge Ltd. v. Handshoe* (2014 NSSC 62 Feb. 14, 2014), attached collectively as Exhibit "A." A copy of the article titled "Nova Scotia Couple Wins Copyright Lawsuit against Homophobic U.S. Blogger" that is the subject of this lawsuit is attached as Exhibit "B."

## FOURTEENTH DEFENSE

The statements in issue are statements of opinion or rhetorical hyperbole in the context which they are given and, thus, are non-actionable.

## FIFTEENTH DEFENSE

The words and actions complained of and attributed to Torstar are protected by the First Amendment to the Constitution of the United States and Art. III §13 of the Mississippi Constitution of 1890.  Because Plaintiff cannot prove constitutional actual malice, he is not entitled to recover punitive damages and, because he is also a public figure under either federal or state law, he is not entitled to the recovery of any damages at all and his case should be dismissed with prejudice.

NOW, HAVING ANSWERED, Torstar prays that Plaintiff's First Amended Complaint be dismissed on its merits with prejudice and with all costs and fees assessed against Plaintiff, together with such other relief as the Court may deem just and proper.

This the 30th day of December, 2015.

Respectfully submitted,

DEFENDANT TORSTAR CORPORATION

By: *s/Robert C. Galloway*
ROBERT C. GALLOWAY, MB #4388
LUTHER T. MUNFORD, MB #3653
META C. DANZEY, MB #103251

ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1300 Twenty-Fifth Avenue, Suite 204 (39501)
Post Office Drawer 4248
Gulfport, Mississippi  39502
Telephone:  (228) 864-1170
Facsimile:  (228) 868-1531
E-mail: bob.galloway@butlersnow.com
E-mail: meta.danzey@butlersnow.com

BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, Mississippi 39157
Telephone:  (601) 948-5711
Facsimile:  (601) 985-4500
E-mail: luther.munford@butlersnow.com

## CERTIFICATE OF SERVICE

I, Robert C. Galloway, one of the attorneys for Torstar Corporation, hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel for record:

Douglas Handshoe
Post Office Box 788
I10 Hall Street
Wiggins, MS  39577

***Pro Se* Plaintiff**

Jonathan P. Dyal, Esq.
Balch & Bingham, LLP
P.O. Box 130
Gulfport, MS 39502

Lisa Bonanno, Esq.
Ellen Swennes Kennedy, Esq.
Hogan Lovells US, LLP
555 Thirteenth Street, NW
Washington, DC  20004

**Attorneys for Defendant National Geographic Society**

So certified, this 30th day of December, 2015.

*s/Robert C. Galloway*
ROBERT C. GALLOWAY

29062193v1

16