IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

DOUGLAS HANDSHOE )
)
)
v. ) CIVIL ACTION NO. 1:15cv382-HSO-JCG
)
VAUGHN PERRET, CHARLES LEARY & )
DANIEL ABEL, D/B/A/ TROUT )
POINT LODGE LTD OF NOVA SCOTIA )
& IN THEIR INDIVIIDUAL CAPACITIES )
PROGRESS MEDIA GROUP LIMITED, )
MARILYN SMULDERS, TORSTAR )
CORPORATION, NATIONAL )
GEOGRAPHIC SOCIETY INC., XYZ )
FOUNDATION & JOHN DOES 1-50 )
)

## MEMORANDUM OF LAW IN OPPOSITION TO NATIONAL GEOGRAPHIC SOCIETY'S MOTION TO DISMISS

**COMES NOW INTO COURT,** Plaintiff Douglas Handshoe, in his individual capacity and as Publisher of Slabbed New Media, LLC and submits this Memorandum of Law in Opposition to National Geographic Society's Motion to Dismiss. He rebuts each of Defendant National Geographic Society's argument in turn:

### I. PLANITIFF HAS THE PROPER STANDING TO BRING THIS ACTION

It is well settled that under Section 230 of the Communications Decency Act at 47 U.S.C. § 230 that publishers of "Interactive Computer Services" can be held liable for Copyright Infringement by specifically exempting the Copyright Act from the scope of the law by providing that "Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property."[1] Thus while a Publisher of an Online Interactive is insulated from defamation-based claims under the 47 U.S.C. § 230(c), the specific exemption of intellectual

---
[1] 47 U.S.C. § 230(e)(2)

property claims from the scope of the Communications Decency Act means claims under the Copyright Act can be brought against the publisher of the creative works alleged as infringing.

Plaintiff agrees with National Geographic Society that the DMCA Takedown Notice sent by their agent Reagan Mathis on January 7, 2013 was not directed to any specific legal entity. Nor were any of the other DMCA Takedown Notices sent by any of the Defendants in this matter. However, to the extent Publisher Handshoe could have been held liable for the alleged instances of copyright infringement and in fact Defendants Leary, Perret and Abel, d/b/a Trout Point Lodge Ltd of Nova Scotia targeted their Nova Scotia copyright lawsuits based upon DMCA takedown notices at Plaintiff in his personal capacity, purposely ignoring the legal owner of the website, Plaintiff would argue the styling offers the same ultimate effect as if he had been properly named in his capacity as Publisher of Slabbed New Media, LLC.

## II. THE FIRST AMENDED COMPLAINT DOES CONTAIN VIABLE CAUSES OF ACTION AGAINST NATIONAL GEOPGRAPHIC SOCIETY

This amended complaint states specific causes of action against National Geographic and that fact is manifestly self-evident as the Defendant correctly self identifies the three counts in the First Amended Complaint which applies on page 8 of their memorandum in Support of the Motion to Dismiss (ECF #15). Further:

**A.** The First Amended complaint contains an entire section styled "Fair Use", which addressed every takedown notice alleged in the complaint. However, out of an abundance of caution, Plaintiff, in response to additional takedown notices submitted by Defendants Leary and Perret on January 15, 2016 and January 18, 2016 has filed to amend his complaint to include the new counts as well as specifically plead the statutory facts specific to the fair use doctrine for each Count under Section 512(f) as well as specifying the damages in more detail.

**B.** Count 9, Civil Conspiracy relates to the Defendants fraudulently inducing Plaintiff to engage 47 U.S.C. 512 in order to force the removal of constitutionally protected speech when they never intended to litigate this dispute in the United States in favor of forum shopping the dispute to Canada. Every assignment made by the Defendants among themselves in this matter was well after both the publication dates to the Slabbed New Media, LLC website and after they had submitted Takedown Notices.

Important to note is the fact that the Canadian Copyright Act has no provisions similar to the United States law which calls for the Takedown of material in order for an online service provider to gain immunity for hosting infringing content as such providers generally have immunity under Canadian Law for unknowingly hosting infringing materials.[2]

Here the tort is discreet in forcing the removal of constitutionally protected free speech by substantively engaging a U.S. Law while always intending to use the poisonous fruit of the resulting misrepresentations in a Canadian Court. Had infringement been the real issue, nothing would have stopped the Defendants from filing suit in Canada under the Canadian Copyright Act with no takedown notices under United States law ever being issued. While it is true the National Geographic Society ultimately did not ever join the specious Canadian litigation, it is equally true they made an after the fact assignment of their Copyright interest after engaging the DMCA specifically to help enable Leary, Perret and Abel sue Plaintiff in Canada using their previous misrepresentations made under the US Copyright law. These scheme involved perpetrating frauds upon the Plaintiff and the Canadian Court as well as the targeting of Plaintiff in his personal capacity, who as Defendant National Geographic Society pointed out had no standing to sue (and Plaintiff maintains to be successfully sued in his personal capacity) in this

---

[2] Canadian Copyright Modernization Act, Sections 41.25 – 41.27

matter by operation of the law.[3] As such this count is discrete from the 512(f) Misrepresentation Counts asserted by Plaintiff in his capacity as Publisher of Slabbed New Media and stems from the subsequent Fraudulent use of the original misrepresentations against Plaintiff in his personal capacity.[4]

    C. Count 10 also states a claim for which this court can grant relief as there is an actual controversy between Plaintiff and the Defendants. To the extent National Geographic was still sending DMCA Takedown Notices to the Slabbed New Media webhost in January 2013 **after** Defendants Leary and Perret had reportedly obtained assignments of this copyright from the National Geographic Society/Ashoka Foundation in December 2012 can only be construed to mean that either the National Geographic Society/Ashoka Foundation maintained a continuing legal interest in the Ashoka Foundation photographs at controversy sufficient to bring legal action against the Plaintiff in his capacity as Publisher or the owner of the website for infringement or the National Geographic Society was sending a DMCA Takedown Notice for Copyrighted Materials over which they retained no legal rights.

---

[3] See Exhibit 2 to Original Compliant at ECF 1-3, Page 15 for the email dated January 17, 2013 to Leary from NGS agent Reagan Mathis which was used in the Canadian suit by Leary and Perret. By this time according to the December 14, 2012 DMCA Takedown Notice sent to Automattic, Inc. by Charles Leary the copyright from the Ashoka Foundation Photos calimed as infringing by National Geographic Society had already been assigned to them. See the email of Charles Leary to Dreamhost dated December 18 2012 at ECF 1-3, Page 12 which refers to the after the fact assignment.

[4] The Trout Point defendants are on record as early as May 2011 disclosing the existence of Slabbed New Media, LLC to a Canadian court in affidavits obtained by Slabbed New Media, LLC from the Trout Point defamation action styled *Trout Point et al v Louisiana Media Company, LLC.*

## CONCLUSION

For all the foregoing reasons, the Amended Complaint should not be dismissed with respect to the National Geographic Society under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted this 22nd day of January, 2016,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on January 22, 2016 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record who have registered with the ECF system.

I, Douglas Handshoe, certify that on January 22, 2016 I have sent a true and correct copy of the foregoing to the following via United States Mail:

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Vaughn Perret
189 Trout Point Road
East Kemptville, NS B5A 5X9, Canada

Charles Leary
189 Trout Point Road
East Kemptville, NS B5A 5X9, Canada

Progress Media Group Ltd.
1202 - 1660 Hollis Street
Halifax, NS Canada B3J 1V7

Marilyn Smulders
5163 Duke Street
Halifax, NS, Canada B3J 3J6

Respectfully submitted this 22nd day of January, 2016,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com