IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                           PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                         DEFENDANTS

## TORSTAR CORPORATION'S MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

Defendant Torstar Corporation ("Torstar") moves the Court to strike Plaintiff's Second Amended Complaint for Damages, Declaratory and Injunctive Relief on the grounds that Plaintiff failed to obtain written consent or leave of Court as required by Rule 15 of the Federal Rules of Civil Procedure. In support of its motion Torstar shows as follows:

On November 15, 2015, Plaintiff filed his Complaint for Damages, Declaratory and Injunctive Relief in this action. Torstar filed its Answer to the Complaint on December 14, 2015, being unaware that, on December 8, 2015, Plaintiff had filed his First Amended Complaint for Damages, Declaratory and Injunctive Relief.

Torstar filed its Answer to the First Amended Complaint on December 30, 2015. On January 22, 2016, without first obtaining written consent from the parties or leave of Court, Plaintiff filed a Second Amended Complaint.

Additionally, Plaintiff notified Torstar's counsel of his intent to file yet another amended

complaint in this matter; *see* Exhibit A.

Fed. .R. Civ. P. 15(a) governs a party's right to amend previously filed pleadings. Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days of serving it when no responsive pleading has been filed by another party, or within twenty (21) days after service of the responsive pleading.. In circumstances where these conditions do not apply, Fed. R. Civ. P. 15(a)(2) requires that the party receive leave of Court or written consent of the opposing party prior to filing an amended pleading.

In this case, Plaintiff has filed the original complaint and filed an amended complaint "as a matter of course." Fed. R. Civ. P. 15(a)(1). As such, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Plaintiff neither sought nor received the approval of Torstar or any codefendant, or of this Court, before filing the Second Amended Complaint, the filing of the Second Amended Complaint violates Rule 15 and should be stricken from the record.

Although Plaintiff is a *pro se* litigant, he is not excused from complying with the Federal Rules of Civil Procedure. *Ekenwe v. BASF Catalysts, LLC*, No. 3:11-cv-432-CWR-LRA, 2013 U.S. Dist. LEXIS 109495, at *8 (S.D. Miss. Aug. 5, 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure. That pro se litigant is required to inform himself of the procedural rules and to comply with them.") (internal citations omitted).

And, Plaintiff here should be familiar with the process of amending pleadings as he was recently admonished by a court for similar practices; *see Handshoe v. Abel*, No. 1;14-cv-159-KS-MTP, 2016 WL 110519, slip op. at *2 (S.D. Miss. Jan. 8, 2016) (striking Plaintiff's amendments to add new claims and parties and warning "that the proper avenue for adding such claims and

parties is through a motion for the Court's leave or with opposing party's written consent pursuant to Federal Rule of Civil Procedure 15(a)(2).")

Because Plaintiff failed to obtain written consent or leave of court pursuant to Rule 15 of the Federal Rules of Civil Procedure, Torstar respectfully requests that Plaintiff's Second Amended Complaint be stricken and that Plaintiff be forced to comply with the Federal Rules of Civil Procedure as to any further amended pleadings.  Torstar further requests that, in light of the nature of this motion, it be excused from filing a separate memorandum of law supporting the motion, as otherwise required by Local Rule 7(b)(4).

Respectfully submitted, this 27th day of January, 2016.

>TORSTAR CORPORATION
>
>By: *s/Robert C. Galloway*
>ROBERT C. GALLOWAY, MB #4388
>LUTHER T. MUNFORD, MB #3653
>META C. DANZEY, MB #103251
>
>ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1300 Twenty-Fifth Avenue, Suite 204 (39501)
Post Office Drawer 4248
Gulfport, Mississippi  39502
Telephone:  (228) 864-1170
Facsimile:   (228) 868-1531
E-mail: bob.galloway@butlersnow.com
E-mail: meta.danzey@butlersnow.com

BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, Mississippi 39157
Telephone:  (601) 948-5711
Facsimile:   (601) 985-4500
E-mail: luther.munford@butlersnow.com

## CERTIFICATE OF SERVICE

I, Robert C. Galloway, one of the attorneys for Torstar Corporation, hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel for record:

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS  39577

*Pro Se* **Plaintiff**

Jonathan P. Dyal, Esq.
Balch & Bingham, LLP
P.O. Box 130
Gulfport, MS 39502

**Attorney for Defendant National Geographic Society**

So certified, this 27th day of January, 2016.

        *s/Robert C. Galloway*
        ROBERT C. GALLOWAY

29579223v1