IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS HANDSHOE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| v. | § | Civil No. 1:15CV382-HSO-JCG |
| | § | |
| | § | |
| **VAUGHN PERRET,** *et al.* | § | **DEFENDANTS** |

## ORDER STRIKING PLAINTIFF'S
## [22] SECOND AMENDED COMPLAINT

THIS MATTER COMES BEFORE THE COURT sua sponte for consideration of the Second Amended Complaint for Damages, Declaratory and Injunctive Relief [22] filed by Plaintiff Douglas Handshoe on January 22, 2016, without Plaintiff first obtaining leave of Court or opposing parties' written consent.  For the reasons that follow, the Court will strike this unauthorized pleading.

I. BACKGROUND

Plaintiff Douglas Handshoe ("Plaintiff") filed a pro se Civil Complaint for Damages, Declaratory and Injunctive Relief [1] on November 16, 2015.  Plaintiff then filed, as a matter of course within 21 days after serving his original Complaint [1], a First Amended Complaint for Damages, Declaratory and Injunctive Relief [9] on December 8, 2015.  *See* Fed. R. Civ. P. 15(a)(1)(A).

On January 5, 2016, Defendant National Geographic Society filed a Motion to Dismiss [14] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  On January 22, 2016, Plaintiff filed a Memorandum of Law [21] in opposition to the

-1-

Motion to Dismiss, but simultaneously filed a Second Amended Complaint for Damages, Declaratory and Injunctive Relief [22].  Plaintiff has not filed any evidence that he obtained the written consent of any opposing party to file his Second Amended Complaint, nor did he obtain leave of Court before doing so.  *See* Fed. R. Civ. P. 15(a)(2).

## II.  DISCUSSION

A.     Relevant Legal Authority

Federal Rule of Civil Procedure 15(a) provides in relevant part as follows:

(1)     Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
  (A)     21 days after serving it, *or*
  (B)     if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2)     Other Amendments.  In all other cases, a party may amend its pleading *only with the opposing party's written consent or the court's leave*.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2) (emphasis added).  Rule 7(b)(1) provides that

[a] request for a court order must be made by motion.  The motion must:
(A)     be in writing unless made during a hearing or trial;
(B)     state with particularity the grounds for seeking the order; and
(C)     state the relief sought.

Fed. R. Civ. P. 7(b)(1).

Similarly, Local Uniform Civil Rule 7(b) provides that

[a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule.

L.U. Civ. R. 7(b).  "A proposed amended pleading must be an exhibit to a motion for

leave to file such pleading." L.U. Civ. R. 15.

B.  Analysis

Plaintiff has impermissibly filed a Second Amended Complaint, without obtaining the opposing parties' consent or this Court's authorization. *See* Fed. R. Civ. P. 15(a)(1)-(2). Because Plaintiff had already filed one amended pleading as a matter of course, Plaintiff was not permitted to do so again without either opposing parties' consent or leave of Court. *See id.* While Rule 15(a)(1)(A) and (B) details two scenarios under which a party may file an amended pleading as a matter of course, the Rule only permits one such amendment as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(A), (B). Because Plaintiff had already proceeded once under Rule 15(a)(1)(A), he was not permitted by the Rule to also proceed under Rule 15(a)(1)(B). *See id.*; 6 Fed. Prac. & Proc. Civ. § 1480 (3d ed.) ("When . . . the party already has amended the pleading, [Rule 15(a)(1)] no longer applies and an amendment falls under Rule 15(a)(2), which requires leave of court or the written consent of the opposing party."); *see also Mark's Airboats, Inc. v. Thibodaux*, No. 6:13-0274, 2013 WL 6780529, at *3 (W.D. La. Dec. 19, 2013).

To the extent that Plaintiff may be seeking the Court's leave to file such a pleading, he has not filed a written motion in accordance with the Federal Rules of Civil Procedures and the Local Uniform Civil Rules of this Court. *See* Fed. R. Civ. P. 7(b)(1); L.U. Civ. R. 7(b); L.U. Civ. R. 15. While Plaintiff is proceeding pro se in this matter, failure to follow local court rules constitutes a sufficient basis for the Court to deny leave to amend. *G.M. ex rel. Lopez v. Shelton*, 595 F. App'x 262, 267

(5th Cir. 2014) ("we have previously held that failure to follow local court rules is a basis for upholding a district court's denial of leave to amend") (citing *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979)).

Should Plaintiff desire to file a Second Amended Complaint, he should file with the Clerk of Court a written motion for leave of Court to do so, or file the written consent of the opposing parties, with the attached Second Amended Complaint within 14 days of entry of this Order. If Plaintiff fails to file within the time afforded such a motion for leave or written consent with the attached proposed amended pleading, the Court will consider the Amended Complaint [9] as the operative pleading and will proceed to consider Defendant National Geographic Society's Motion to Dismiss [14] on its merits.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the unauthorized Second Amended Complaint for Damages, Declaratory and Injunctive Relief [22] filed by Plaintiff Douglas Handshoe on January 22, 2016, is **STRICKEN** from the record.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, should Plaintiff Douglas Handshoe desire to file a Second Amended Complaint, he should file with the Clerk of Court a written motion for leave of Court to do so, or file the written consent of the opposing parties, with the attached Second Amended Complaint **within 14 days of entry of this Order**. Plaintiff is cautioned that should he fail to do so, the Court will consider the Amended Complaint [9] as the operative

-5-

pleading and will proceed to consider Defendant National Geographic Society's Motion to Dismiss [14] on its merits.

**SO ORDERED AND ADJUDGED**, this the 27th day of January, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE