**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DOUGLAS HANDSHOE**                                                           **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:15cv382-HSO-JCG**

**VAUGHN PERRET, CHARLES**
**LEARY & DANIEL ABEL, D/B/A**
**TROUT POINT LODGE LTD OF**
**NOVA SCOTIA & IN THEIR**
**INDIVIDUAL CAPACITIES,**
**PROGRESS MEDIA GROUP**
**LIMITED, MARILYN SMULDERS,**
**TORSTAR CORPORATION,**
**NATIONAL GEOGRAPHIC**
**SOCIETY INC., XYZ FOUNDATION**
**& JOHN DOES 1-50**                                                   **DEFENDANTS**

**REPLY IN SUPPORT OF**
**NATIONAL GEOGRAPHIC SOCIETY'S MOTION TO DISMISS**

Jonathan P. Dyal (MS Bar No. 99146)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Phone: (228) 864-9900
Facsimile: (228) 864-8221
jdyal@balch.com

Lisa R. Bonanno (admitted *pro hac vice*)
Ellen S. Kennedy (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-6591
Facsimile: (202) 637-5910
lisa.bonanno@hoganlovells.com
ellen.kennedy@hoganlovells.com

*Attorneys for Defendant National Geographic*
*Society*

DATED: February 3, 2016

Plaintiff's Opposition to National Geographic Society's ("NGS") Motion to Dismiss is a mishmash of non sequiturs and irrelevant legal arguments that do nothing to address, much less rebut, the grounds for dismissal identified by NGS in its Memorandum of Law in Support of its Motion To Dismiss.  [*Cf.* D.E. 15; D.E. 21].  In the few instances where he does confront NGS's arguments, Plaintiff's contentions are either unsupported or contradicted by the exhibits to his Complaint.

**Plaintiff Does Not Meaningfully Address Standing.**  Plaintiff does not dispute that the January 2013 Takedown Notice on which his claims are premised was not addressed to him and had no connection to him in his personal capacity.  See D.E. 15 at 5-6.  He simply cites to 47 U.S.C. § 230 and asserts that it means that "claims under the Copyright Act can be brought against the publisher of the creative works alleged as infringing."  See D.E. 21 at 1-2.  But even if that were an accurate statement of the law, it would be irrelevant.  The Takedown Notice did not reference 47 U.S.C. § 230 and did not accuse Plaintiff of copyright infringement as "publisher" of the Slabbed website.  See D.E. 15 at 6-7.  Plaintiff's assertion that the January 2013 Takedown Notice "was not directed to any specific legal entity," even if it were true,[1] simply proves NGS's point.  If the Notice was not directed to any entity, and Plaintiff has disclaimed any connection to the posting in a personal capacity, see Compl. ¶ 126, there is *nothing* to support a conclusion that Plaintiff has suffered "an injury in fact" or is asserting "his . . . own legal rights and interests" as required for standing to exist.  See D.E. 15 at 5 (citing cases).  Finally, Plaintiff cannot establish standing to sue *NGS* based on allegations that he was

---

[1]     In fact, the Takedown Notice was directed to Slabbed's internet service provider, *Dreamhost*, and references a photo posted on a website owned by *Slabbed*, which Plaintiff admits is the "legal owner of the website." See January 2013 Takedown Notice [D.E. 1]; D.E. 21 at 2.

1

targeted by *other defendants* in their Canadian lawsuits.  D.E. 21 at 2.  This defect is fatal to all of Plaintiff's claims against NGS and, therefore, requires their dismissal.

> ***Plaintiff Ignores the Critical Defects in his Section 512(f) Claim.***  Nowhere in his Opposition does Plaintiff dispute that he is not the "infringer," as required to state a claim under Section 512(f).  See D.E. 15 at 9.  This alone is enough to mandate the dismissal of his Section 512(f) claim.  Plaintiff's plan to amend his complaint to "clarify" his allegations of "fair use" is irrelevant, because that would not be enough to adequately plead a knowing misrepresentation and, moreover, it would do nothing to address the "infringer" requirement.

> ***Plaintiff's Description of the Perceived "Conspiracy" Against Him Does Nothing to Cure the Defects of that Claim.***  Plaintiff narrates a lengthy description of the "conspiracy" he perceives: The institution of litigation in Canada by certain of the other defendants in this action. See D.E. 21 at 3-4.  But he acknowledges that the "tort" at the heart of the conspiracy is the Takedown Notices and, as NGS has already explained, a conspiracy claim based on alleged violations of the Copyright Act is preempted.  See D.E. 15 at 12-13.  Moreover, because even Plaintiff must admit that "National Geographic Society ultimately did not ever join the . . . Canadian litigation," D.E. 21 at 3, the slender reed which Plaintiff contends satisfies the pleading requirement for an "agreement" is his bald assertion that NGS "made an after the fact assignment of [its] Copyright interest after engaging the DMCA specifically to help Leary, Perret and Abel sue Plaintiff in Canada."  Id.  This conclusory allegation is nowhere to be found in the Complaint, is contradicted by the exhibits to the Complaint and, even if it could be given any weight,[2] would not satisfy the requirement that Plaintiff make specific allegations of an

---

[2]    Statements in briefs, not found in a complaint, cannot be used to controvert a motion to dismiss.  See Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 291 (5th Cir. 2006) (finding that it was improper to present facts in an opposition to a motion to dismiss that were not in the Complaint).

agreement "to commit an unlawful act" including "how, when and why" NGS would have entered into the supposed agreement.  See D.E. 15 at 14. Plaintiff's conspiracy claim must be dismissed.

     ***Plaintiff's Opposition Concedes No Actual Case or Controversy***.  In its memorandum, NGS explained that for an "actual case or controversy" to exist, Plaintiff must allege something more than an assertion by NGS that it owns a copyright.  See D.E. 15 at 15-16.  Yet Plaintiff acknowledges that NGS has done no more than file the January 2013 Takedown Notice (directed towards Slabbed, not Plaintiff) and has taken no other action since then.[3]  D.E. 21 at 4.   This concession demonstrates that Plaintiff's request for declaratory relief does not involve an actual case or controversy and should be dismissed.

## CONCLUSION

     For all the forgoing reasons, Plaintiff's Amended Complaint should be dismissed against Defendant NGS under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).


                       Respectfully submitted,

DATED: February 3, 2016         */s/ Jonathan P. Dyal*
                       Jonathan P. Dyal (MS Bar No. 99146)
                       BALCH & BINGHAM LLP
                       1310 Twenty Fifth Avenue
                       Gulfport, MS 39501
                       Phone: (228) 864-9900
                       Facsimile: (228) 864-8221
                       jdyal@balch.com

---

[3]    Throughout his Opposition, Plaintiff repeatedly refers to copyrights that were supposedly assigned by the Ashoka Foundation and muddles those with NGS's copyrighted photo.  This has no bearing on the motion, but NGS notes for the record that the studio photograph of Charles Leary that was the subject of the January 2013 Takedown Notice was, and still remains, NGS's copyrighted material.  The supposedly "assigned" copyrights were for different photographs taken by the Ashoka Foundation, as evidenced by the different URL addresses noted in the takedown notices.  See Compl. Ex. 2 [D.E. 1].

\\DC - 068738/000074 - 7877403 v3

Lisa R. Bonanno (admitted *pro hac vice*)
Ellen S. Kennedy (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-6591
Facsimile: (202) 637-5910
lisa.bonanno@hoganlovells.com
ellen.kennedy@hoganlovells.com

*Attorneys for Defendant National Geographic Society*

4

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel, do hereby certify that I have this day electronically filed the

foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to

all counsel of record who have registered with the ECF system.

This the 3rd day of February, 2016.

_____/s/ Jonathan P. Dyal_____

5