IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                                    **PLAINTIFF**

v.                                                           CIVIL ACTION NO. 1:15cv382-HSO-JCG

**VAUGHN PERRET, CHARLES
LEARY & DANIEL ABEL, D/B/A
TROUT POINT LODGE LTD OF
NOVA SCOTIA & IN THEIR
INDIVIDUAL CAPACITIES,
PROGRESS MEDIA GROUP
LIMITED, MARILYN SMULDERS,
TORSTAR CORPORATION,
NATIONAL GEOGRAPHIC
SOCIETY INC., XYZ FOUNDATION
& JOHN DOES 1-50**                                                              **DEFENDANTS**

### NATIONAL GEOGRAPHIC SOCIETY'S
### JOINT STIPULATED MOTION
### TO STAY DISCOVERY INCLUDING THE
### REQUIREMENT TO MAKE INITIAL DISCLOSURES

COMES NOW Defendants National Geographic Society ("NGS"), Torstar Corporation ("Torstar") and Plaintiff Douglas Handshoe ("Plaintiff") by and through their undersigned counsel, and NGS files this Motion to Stay Discovery (with the consent of Torstar and Plaintiff) Including the Requirement to Make Initial Disclosures and confer pursuant to Fed. R. Civ. P. 26(f), pending (1) an Order of this Court on NGS's Motion to Dismiss, and (2) Plaintiff's successful service of process on the remaining Defendants, and show unto this Honorable Court the following:

1.       On November 16, 2015, Plaintiff filed suit in this Court against Vaughn Perret, Charles Leary & Daniel Abel, D/B/A Trout Point Lodge LTD of Nova Scotia & in their

individual capacities, Progress Media Group Limited, Marilyn Smulders, Torstar Corporation, NGS, XYZ Foundation & John Does 1-50 (collectively "Defendants"), alleging misrepresentation under 17 U.S.C. § 512(f) and civil conspiracy, and requesting a variety of declaratory judgments.

2. On December 8, 2015, Plaintiff filed an Amended Complaint that did not substantively change the allegations against Defendants.

3. On December 14, 2015, Defendant Torstar Corporation answered the Complaint.

4. On December 30, 2015, Defendant Torstar Corporation answered the Amended Complaint.

5. On January 5, 2016, Defendant NGS filed a Motion to Dismiss the Amended Complaint.

6. On January 22, 2016, Plaintiff filed an Opposition to NGS's Motion to Dismiss.

7. On February 3, 2016, Defendant NGS filed a Reply in Support of the Motion to Dismiss the Amended Complaint.  NGS' Motion to Dismiss is now fully briefed.

8. Pursuant to Fed. R. Civ. P. 26(c), this Honorable Court has the discretion to and may "issue an order to protect a party or person from… undue burden or expense."  The parties agree that proceeding with discovery at this stage, including the requirement to make initial disclosures pursuant to Fed. R. Civ. P. Rule 26(a) and to confer regarding a plan for discovery pursuant to Fed. R. Civ. P. Rule 26(f), while a Motion to Dismiss is pending and multiple Defendants have yet to be properly served, is premature.  The parties do not agree to stay the entire case, only discovery, at this point.

9. The disposition of NGS's Motion to Dismiss will likely have a significant impact on the scope, content, and nature of discovery, including initial disclosures.   Specifically, if any

party, including Defendant NGS, is eliminated as a result of the pending Motion to Dismiss, or any claim or claims are adjudicated pursuant to the pending Motion, then it is very likely that the scope, content, and nature of discovery will be significantly affected or rendered unnecessary. Similarly, until all Defendants are properly served, any plan for discovery or initial disclosures will necessarily be incomplete and may lead to significant redundancies later in the trial.

10. Under the circumstances, staying discovery will best serve the interests of judicial economy and efficiency, and avoid unnecessary expense to both Plaintiff and Defendants.

10. Staying discovery here is consistent with Fifth Circuit precedent recognizing district courts' broad discretion to stay discovery under Rule 26 when there is a dispositive motion before the court involving issues such as standing or insufficient pleading that do not implicate a plaintiff's need to collect evidence. *See Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) ("It is not uncommon to stay discovery pending a decision on a motion to dismiss, insofar as a Rule 12(b)(6) motion to dismiss focuses on the adequacy of the pleadings, while discovery helps a plaintiff obtain enough evidence to succeed on the merits."); *Smith v. Potter*, 400 Fed. App'x 806, 813 (5th Cir. 2010) (no abuse of discretion where "the issues to be examined in the motion to dismiss . . . were largely legal rather than factual in nature"). In such a scenario, further discovery only brings unnecessary expense without facilitating resolution of the questions of law. *Fujita v. United States*, 416 Fed. App'x. 400, 402 (5th Cir. 2011) ("good cause" exists to stay discovery when "further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions"); *Landry v. Air Line Pilots Ass'n Int'l*, 901 F.2d 404, 436 (5th Cir. 1990) ("Discovery is not justified when cost and inconvenience will be its sole benefit.").

WHEREFORE, PREMISES CONSIDERED, Defendants NGS and Torstar and Plaintiff respectfully request that this Honorable Court grant their Motion to Stay Discovery Including the Requirement to Make Initial Disclosures and Confer pursuant to Fed. R. Civ. P. 26(f) pending an Order of this Court on the pending Motion to Dismiss.

Respectfully submitted,

DATED: February 3, 2016           */s/ Jonathan P. Dyal*
                                  Jonathan P. Dyal (MS Bar No. 99146)
                                  BALCH & BINGHAM LLP
                                  1310 Twenty Fifth Avenue
                                  Gulfport, MS 39501
                                  Phone: (228) 864-9900
                                  Facsimile: (228) 864-8221
                                  jdyal@balch.com

                                  Lisa R. Bonanno (admitted *pro hac vice*)
                                  Ellen S. Kennedy (admitted *pro hac vice*)
                                  HOGAN LOVELLS US LLP
                                  555 Thirteenth Street, NW
                                  Washington, DC 20004
                                  Phone: (202) 637-6591
                                  Facsimile: (202) 637-5910
                                  lisa.bonanno@hoganlovells.com
                                  ellen.kennedy@hoganlovells.com

                                  *Attorneys for Defendant National Geographic Society*

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record who have registered with the ECF system.

This the 3rd day of February, 2016.

/s/ Jonathan P. Dyal