IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 10 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| DOUGLAS HANDSHOE | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:15cv382-HSO-JCG |
| | ) |
| VAUGHN PERRET, CHARLES LEARY & DANIEL ABEL, D/B/A/ TROUT POINT LODGE LTD OF NOVA SCOTIA & IN THEIR INDIVIIDUAL CAPACITIES PROGRESS MEDIA GROUP LIMITED, MARILYN SMULDERS, TORSTAR CORPORATION, NATIONAL GEOGRAPHIC SOCIETY INC., XYZ FOUNDATION & JOHN DOES 1-50 | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT:**

This Memorandum in Support of Motion for Leave to File Amended Complaint is respectfully submitted by Plaintiff, Douglas Handshoe. Plaintiff anticipates this Motion will be opposed after conferring with counsel for Torstar Corporation and National Geographic Society and thus seeks leave of this Court pursuant to its order dated January 25, 2016 to file a seconded amended complaint.

**LAW AND ARGUMENT**

Pursuant to Federal Rules of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a) "permit[s] liberal

1

amendment to facilitate determination of claims on the merits,"[1] imposing serious restrictions on the judge's discretion to deny the motion. Absent a strong, declared reason for the denial, a reviewing court will hold the denial of a Rule 15(a) motion to be an abuse of discretion.[2]

Federal Rules of Civil Procedure 20(a)(2) provides that multiple defendants be joined in one action as defendants if:

> *(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and*

> *(B) any question of law or fact common to all defendants will arise in the action.*

There have been significant factual developments since Plaintiff filed the original suit on November 16, 2016 including defendants Leary, Perret and Torstar serving Plaintiff's media company's current webhost with another DMCA takedown notice regarding material that is the subject of this current civil action. Additionally Plaintiff needs to add the Ashoka Foundation as a defendant so that every party in interest to the "Ashoka" photographs is properly joined to this matter. The existing and proposed Defendant will in no way be prejudiced if the changes are allowed at this point in the proceedings as the fact set is common to each and every one of them. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this matter. Consistent with the liberal standard that applies to motions to amend under Rules 15(a)(2) and 20(a)(2), the Court should therefore grant Plaintiff's motion.

---

[1] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (Former 5th Cir. Nov. 1981)
[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962)

2

The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed second amended complaint. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits.

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, by the new facts alleged by the Plaintiff in the proposed amendment, since the Defendants have first-hand knowledge of the roles that they played in the facts at issue. Additionally, the case remains at an early stage with a mutually agreed stay of discovery in place thus there will be little additional cost to the existing defendant in connection with the new claims. Finally, it defies the imagination that after this matter was initiated that Leary, Perret and Torstar would resume invoking the takedown processes contained in 17 USC 512 on subject matter that is the subject of this civil action.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible. Where the proposed amendment is not clearly futile, denying leave to amend on this ground is not proper.

Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed second amended complaint, which is attached as Exhibit 1 to this Memorandum. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend and join additional parties.

## CONCLUSION

For the reasons identified above, Plaintiff respectfully requests that the Honorable Court grant Plaintiff's motion for leave to file the proposed amended complaint. .

Respectfully submitted this 10th day of February, 2016,

_____

Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on February 10, 2016 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, certify that on February 10, 2016 I have sent a true and correct copy of the foregoing to the following via United States Mail:

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Vaughn Perret
189 Trout Point Road
East Kemptville, NS B5A 5X9, Canada

Charles Leary
189 Trout Point Road
East Kemptville, NS B5A 5X9, Canada

Progress Media Group Ltd.
1202 - 1660 Hollis Street
Halifax, NS Canada B3J 1V7

Marilyn Smulders
5163 Duke Street
Halifax, NS, Canada B3J 3J6

Respectfully submitted this 10th day of February, 2016,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com