## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                            **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:15cv382-HSO-JCG**

**VAUGHN PERRET, CHARLES
LEARY & DANIEL ABEL, D/B/A
TROUT POINT LODGE LTD OF
NOVA SCOTIA & IN THEIR
INDIVIDUAL CAPACITIES,
PROGRESS MEDIA GROUP
LIMITED, MARILYN SMULDERS,
TORSTAR CORPORATION,
NATIONAL GEOGRAPHIC
SOCIETY INC., XYZ FOUNDATION
& JOHN DOES 1-50**                                            **DEFENDANTS**

## MEMORANDUM IN OPPOSITION TO
## DOUGLAS HANDSHOE'S MOTION FOR LEAVE
## TO FILE AMENDED COMPLAINT

Jonathan P. Dyal (MS Bar No. 99146)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Phone: (228) 864-9900
Facsimile: (228) 864-8221
jdyal@balch.com

Lisa R. Bonanno (admitted *pro hac vice*)
Ellen S. Kennedy (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-6591
Facsimile: (202) 637-5910
lisa.bonanno@hoganlovells.com
ellen.kennedy@hoganlovells.com

DATED: February 24, 2016

*Attorneys for Defendant National Geographic
Society*

\\DC - 068738/000074 - 7951005 v4

Defendant National Geographic Society ("NGS") hereby opposes Plaintiff's Motion For Leave to File Amended Complaint.

## INTRODUCTION

It is well established that a motion to amend a pleading may be denied where such amendment would be futile. That is plainly the case here. Plaintiff has already amended his Complaint once in an attempt to state a valid claim against NGS. As explained in NGS's memorandum in support of its motion to dismiss the Amended Complaint (the "Motion to Dismiss"), that amendment did nothing to fix fatal flaws in the complaint, including that Plaintiff does not have standing to bring any of the claims that appear in any version of the Complaint and that Plaintiff has failed to state a claim for any of the Complaint's counts. See D.E. 15. Plaintiff's proposed Second Amended Complaint similarly does not – and cannot – remediate these fundamental flaws. Because allowing the Plaintiff to file the proposed Second Amended Complaint would be futile, the Motion for Leave to Amend should be denied.

## PROCEDURAL HISTORY

Plaintiff first filed suit on November 16, 2015. See D.E. 1. He filed his first Amended Complaint on December 8, 2015. See D.E. 9. On January 5, 2016, NGS moved to dismiss the Amended Complaint. See D.E. 14, 15. Plaintiff filed an opposition to NGS's motion on January 22, 2016, simultaneously with a Second Amended Complaint, that this Court struck due to Plaintiff's failure to seek leave to amend. See D.E. 21-22, 25. Plaintiff moved for leave to file a Second Amended Complaint on February 10, 2016. See D.E. 29, 30.

## ARGUMENT

Plaintiff's motion should be dismissed because the proposed amendment to Plaintiff's claim is futile. "[F]utility of the amendment" is one of five grounds set out by the Supreme

1

Court that may justify "den[ial] of leave to amend a complaint."  Rosenzweig v. Azurix Corp.,

332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962) (internal

quotations omitted).  Because the proposed amendment does not fix the Complaint's fatal flaws,

it is futile and plaintiff's motion for leave to file it should be denied.  See Worley Brown, LLC v.

Mississippi Dep't of Archives & History, 2012 WL 1424398, at *16 (S.D. Miss. Apr. 24, 2012)

(denying an attempt to amend because "the amended complaint would continue to suffer from

the remaining fatal legal flaws appearing in the original complaint, [t]hus, amendment would be

futile").

The futility of Plaintiff's proposed Second Amended Complaint is demonstrated in the

first instance by the fact that it still suffers (as any proposed amendment by this Plaintiff would

suffer) from a fundamental standing problem.  As explained in NGS's Motion to Dismiss, D.E.

15 at 5-7, Plaintiff not only failed to allege, but *conceded* in his First Amended Complaint, that

he suffered no injury in his personal capacity based on the alleged conduct of NGS.  See Am.

Compl. ¶¶ 125-27.  As a result, he does not have standing to bring this, or any, suit against NGS.

See Comer v. Murphy Oil USA, Inc., 839 F. Supp. 2d 849, 857 (S.D. Miss. 2012) (plaintiff must

have "suffered an injury in fact" which is "concrete and particularized . . . and actual or

imminent" and "a causal connection must exist between the injury complained of and the

defendant's conduct"), aff'd 718 F.3d 460 (5th Cir. 2013).  Nothing in the proposed Second

Amended Complaint cures this standing problem.

To the contrary, Plaintiff reiterates that the January 2013 Takedown Notice on which his

claims are premised was not addressed to him and had no connection to him in his personal

capacity.  See Proposed Second Amended Complaint ("Prop. 2d Am. Compl.") ¶ 136 ("[t]he

[January 2013 Takedown Notice] represented that the Slabbed New Media, LLC posting . . ."),

\\DC - 068738/000074 - 7951005 v4

id. ¶ 137 ("Plaintiff Handshoe had no connection to [the Slabbed New Media LLC] postings in his individual capacity"), see also id. ¶¶ 138-42 (referring to Slabbed New Media posts).

Plaintiff appears to try to remedy this problem by adding an allegation that "as Publisher of Slabbed New Media, LLC," the January 2013 Takedown Notice was, "ultimately [directed at Plaintiff] in his personal capacity," Prop. 2d Am. Compl. ¶ 13, but that addition is insufficient as a matter of law to demonstrate standing.  A plaintiff cannot sustain a claim by inserting self-serving allegations that are manifestly at odds with the other allegations in the complaint and the documents on which the claim relies.  See, e.g., Morlock, L.L.C. v. JP Morgan Chase Bank, N.A., 587 F. Appx. 86, 88 (5th Cir. 2014) (where a proposed amendment does not "change the legal effect of the documents" already before the court, amendment "would have been futile"). That is the case here – Plaintiff's new allegation contradicts the other allegations identified above and is contradicted by the Takedown Notice, which is clearly directed towards Slabbed.  See D.E. 1 Ex. 2 at 15–17.  In addition, being the "publisher" of Slabbed does not cure Plaintiff's standing problem, because an employee of an entity – whether it be as a Publisher, President or CEO – cannot sue on behalf of a corporation.  See, e.g., Searcy v. Houston Lighting & Power Co., 907 F.2d 562, 564-65 (5th Cir. 1990) (dismissing a corporation's President's claim where President could not "prevail . . . by arguing injury to [the corporation], which is not a party").

Finally, Plaintiff cannot cure his standing problem by including a purported new civil fraud claim (proposed new Count 10).  Assuming this claim was intended to be pled against NGS, it suffers from the same standing problems because the alleged "fraud" is the Takedown Notice which, as discussed in NGS's Motion, was not directed to Plaintiff in his personal capacity.  See Prop. 2d Am. Compl. ¶ 177 (alleging that the purported "misrepresentation" was

3

the Takedown Notice).  Consequently, the same standing arguments that preclude Plaintiffs'

other claims would apply equally to any proposed civil fraud claim against NGS.

Because Plaintiff's proposed amendment does nothing to cure the Complaint's standing

defect, the motion for leave to amend should be denied as futile for that reason alone.  See Wilen

v. City of San Antonio, 1994 WL 121978, at *2 (5th Cir. March 22, 1994) (denying an attempt to

amend to add a claim because "[plaintiff] therefore is apparently seeking to invoke the rights of

his patients with disabilities, which he does not have standing to do. Allowing the amendment,

therefore, would have been futile") (internal citations omitted).  But Plaintiff's proposed

amendment also does not, and could not, cure other fatal defects that preclude Plaintiff, as a

matter of law, from stating a claim.  For example, even as amended, Plaintiff has not stated a

Section 512(f) claim because, among other reasons, the fact remains that Plaintiff is not the

alleged "infringer."  See D.E. 15 at 9; see also Prop. 2d Am. Compl. ¶¶ 137-38 (adding further

allegations regarding the "Slabbed New Media, LLC posts").  In addition, the proposed

amendment also makes no substantive changes to Plaintiff's Civil Conspiracy claim, so all of

NGS's prior arguments with respect to that claim apply equally to the proposed Second

Amended Complaint.  D.E. 15 at 11-14.

## CONCLUSION

Plaintiff's proposed Second Amended Complaint fails to correct the fatal flaws in his

prior Amended Complaint and, for that reason, the amendment is futile and Plaintiff's Motion

For Leave to File Amended Complaint should be denied.

\\DC - 068738/000074 - 7951005 v4

Respectfully submitted,

DATED: February 24, 2016

*/s/ Jonathan P. Dyal*
Jonathan P. Dyal (MS Bar No. 99146)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Phone: (228) 864-9900
Facsimile: (228) 864-8221
jdyal@balch.com

Lisa R. Bonanno (admitted *pro hac vice*)
Ellen S. Kennedy (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-6591
Facsimile: (202) 637-5910
lisa.bonanno@hoganlovells.com
ellen.kennedy@hoganlovells.com

*Attorneys for Defendant National Geographic Society*

5

\\DC - 068738/000074 - 7951005 v4

Case 1:15-cv-00382-HSO-JCG   Document 33   Filed 02/24/16   Page 7 of 7

6

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned counsel, do hereby certify that I have this day electronically filed the

foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to

all counsel of record who have registered with the ECF system.

This the 24th day of February, 2016.

/s/ Jonathan P. Dyal      

\\DC - 068738/000074 - 7951005 v4