

IN THE CIRCUIT COURT OF HANCOCK COUNTY MISSISSIPPI

DOUGLAS HANDSHOE                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NUMBER

                                                          15-0072

TORSTAR CORPORATION (DBA
TORONTO STAR NEWSPAPERS LTD.)           DEFENDANTS
PETER EDWARDS

## CIVIL COMPLAINT FOR DAMAGES

Comes now into the Court your Plaintiff Douglas Handshoe who files this compliant against Torstar Corporation dba Toronto Star Newspapers, Ltd. and Peter Edwards for Defamation and in support states as follows:

### I. PARTIES

1. Plaintiff is a Mississippi resident and owner of Slabbed New Media, LLC, which resides in and publishes the investigative weblog located at www.slabbed.org in this Judicial District.

2. Defendant, Torstar Corporation, is a Corporation formed under the laws of Ontario, Canada with registered offices located at Torstar Corporation, One Youge Street, Toronto Ontario, Canada, M5E 1E6.

3. Defendant, Peter Edwards, the author of the publication at issue, is a resident of and domiciled in Toronto, Ontario who can be found at One Youge Street, Toronto Ontario, Canada, M5E 1E6.

### II. JURISDICTION AND VENUE

4. Plaintiff's claims arise under Mississippi Law for the Intentional Tort of Defamation.

**EXHIBIT B**

5. This Court has personal jurisdiction over Defendants because Defendants intentionally caused harm to Plaintiff Handshoe in Mississippi via publication of the defamatory content of a story dated February 24, 2014, including causing damages, which subject the defendant to the jurisdiction and venue of this Honorable Court. Defendant knew or should have known their conduct would subject them to the jurisdiction and venue in this Court by publishing the defamatory content on the internet.

6. Jurisdiction and venue are proper under section 13-3-57 Mississippi Code Annotated (1972) as this is the court of original jurisdiction involving the tort of defamation. It is anticipated that damages will ultimately exceed $75,000. Plaintiff is seeking punitive damages in addition to actual damages.

### III. FACTUAL BACKGROUND

7. Plaintiff has been the victim of an ongoing scheme to cover up a the roles of Trout Point Lodge, Ltd, Vaughn Perret, Daniel Abel and Charles Leary (the Trout Point Group) in a bribery and money scheme masterminded by former Jefferson Parish President Aaron Broussard, who is now incarcerated pursuant to a plea bargain reached with federal prosecutors. Trout Point, Perret and Abel have conducted a campaign of litigation terrorism alleging the tort of defamation against Plaintiff, the Times Picayune and Louisiana Media Company, LLC more commonly known as Fox 8 New Orleans. This campaign of litigation terrorism has included suing four lawyers that have previously represented Plaintiff along with one of their own, Henry Laird. The Trout Point group has collectively sued Plaintiff five times in total including three suits in Canada and two in Louisiana.

8. These lawsuits by the Trout Point Group are designed to harass and defame Plaintiff. The United States District Court has previously conclusively ruled the Trout Point Group's first Canadian lawsuit was so poorly plead it could not have garnered a default in the United States as a matter of law in *Trout Point et al v Handshoe* 729 F. 3d 481.

9. At various times in 2011, in their Canadian defamation action against Louisiana Media Company, the Trout Point Group, in collusion with certain Louisiana businessmen that had participated in the Broussard Nova Scotia bribery scheme, submitted sworn affidavits in support of the defamation action which detailed the business relationship the Trout Point Group had with the Louisiana registered Limited Liability Company Nova Scotia Enterprises, LLC. Slabbed New Media, LLC obtained these affidavits and published them in January and February 2012.

10. On August 31, 2012, the United States Attorney in the case styled USA v Broussard revealed that Nova Scotia Enterprises, LLC was a Broussard bribery scheme.

11. On September 30, 2013, in the very case that is subject to The Toronto Star reporting alleged as defamatory, the Trout Point Group admitted that Nova Scotia Enterprises never owned anything of value in Nova Scotia, confirming real estate abstracts that were first posted to the Slabbed New Media website on September 8, 2011.

12. The affidavits presented in the Trout Point Group's Nova Scotia Louisiana Media defamation suit therefore depicted sham financial transactions with a fictional entity that was never registered to conduct business in Nova Scotia Canada that was later identified by United States Prosecutors as a Broussard bribery scheme.

13. The Torstar Corporation's newspaper, Toronto Star, in an article about these proceedings by Defendant Peter Edwards titled "Nova Scotia couple wins copyright lawsuit against homophobic U.S. blogger", never undertook so much as a cursory investigation of the underlying proceedings in these Canadian court actions, to which the Plaintiff defaulted rather than submit to the jurisdiction of the Canadian courts instead mischaracterizing Plaintiff's reporting as a regurgitation of retracted material from the Times Picayune. This characterization is materially false and misleading.

14. Worse, defendants Torstar Corporation and Peter Edwards additionally and falsely categorized the Plaintiff's reporting on same on February 24, 2014 as a campaign of homophobia and Plaintiff as a "homophobic blogger", a defamatory assertion that is both materially false and was made with reckless disregard for the truth. There has never been such a finding in a court of law in an adversarial proceeding.

15. Canadian courts and newspapers like the Toronto Star have become the last refuge of felonious United States politicians. The publication is question has injured and damaged Plaintiff's reputation in Mississippi.

### IV. CAUSE OF ACTION
### COUNT 1: DEFAMATION

16. Plaintiff hereby incorporates and realleges all of the allegations in paragraphs 1 through 15 of this petition.

17. By publishing the article to a public website at http://www.thestar.com/news/canada/2014/02/24/nova_scotia_couple_wins_lawsuit_agai nst_homophobic_american_blogger.html Defendants published or caused to be published these false statements to numerous third parties.

18. The article referenced in this complaint was and remain, false, defamatory and libelous and published with reckless disregard for the truth.

19. The article referenced in this complaint contains statements of facts that appear nowhere in the court record that are not subject to privilege.

20. The article referenced in this complaint was and remains of a character that would tend to harm Plaintiff's reputation, lowered his status in the eyes of his community and clientele deterring others from associating and dealing with him and have otherwise exposed him to contempt.

21. As a proximate cause of the defendant's publication of the defamatory statements listed in this complaint Plaintiff has suffered loss to his trade, business and reputation.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. For actual damages according to proof;

b. For punitive damages according to proof.

c. For such other and further relief as the Court shall find just and proper.

Submitted this 23th day of February, 2015.

Douglas Handshoe
214 Corinth Drive
Bay St Louis, MS 39520
Phone: (601) 928-5380
earning04@gmail.com