IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                                      PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                                                        DEFENDANTS

**MEMORANDUM OF DEFENDANT TORSTAR CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Torstar Corporation ("Torstar"), by and through its attorneys, respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint for Damages, Declaratory and Injunctive Relief ("Complaint").

Torstar seeks dismissal because the Court lacks personal jurisdiction over Torstar, a Canadian company. The only activity attributable to Torstar is that its subsidiary has published articles on its website about Canadian court decisions in a suit by Canadian citizens against Plaintiff Handshoe, who lives in Mississippi. As this Court has already held, that is not enough to establish jurisdiction over Torstar in Mississippi. *See* pp. 7-11and *Handshoe v. Torstar Corp.*, No. 1:15CV113, 2015 U.S. Dist. LEXIS 163045, at *9-10 (S.D. Miss. Dec. 4, 2015) Ex. C, *infra.*

In the alternative, the bewildering complexity of the Complaint is matched only by its failure to state any sort of claim against Torstar. The gravamen of the Complaint against Torstar

concerns a Digital Millennium Copyright Act takedown notice a Canadian citizen sent to Plaintiff Handshoe's website internet provider in California after Plaintiff posted a photograph alleged to infringe the citizen's copyright. Torstar did not issue the takedown notice, did not authorize the takedown notice, and had nothing to do with the takedown notice other than the fact that the image was linked to one of its news stories about the Canadian decisions. *See* pp. 11-14, *infra*.

This Court should grant this motion on both grounds and dismiss Torstar from this case with prejudice. The decision to join Torstar is frivolous, vexatious, and nothing but an attempt to discourage it from reporting accurately about this dispute in the future.

## I. BACKGROUND & STATEMENT OF FACTS

This lawsuit is the latest chapter in a long-running feud orchestrated by the Plaintiff, a Mississippi resident who owns Slabbed New Media, LLC and publishes an online weblog at www.slabbed.org in Mississippi. *See* Compl., at ¶¶2, 31. His weblog is apparently serviced by an internet provider in California. His feud is with two men, Charles Leary and Vaughn Perret who own Trout Point Lodge Limited in Canada.

Torstar Corporation is a Canadian company; its subsidiary operates an online news site titled *The Toronto Star* in Canada. *Id.* at ¶9.

On August 7, 2012, the Supreme Court of Nova Scotia issued a decision regarding a default judgment for $427,000 entered against Plaintiff, and in favor of Co-defendants Charles Leary, Vaughn Perret and Trout Point Lodge Limited, in a suit for defamation, invasion of privacy, injurious falsehood, international interference with contractual relations, intentional interference with economic relations, intentional infliction of emotional and mental distress and assault attributed to Plaintiff's online weblog. *See* Exhibit 'A' to [13] Torstar's Answer, at p. 4.

The Supreme Court of Nova Scotia found that "Mr. Handshoe made extremely derogatory and homophobic comments of the most outrageous kind…." *Id.* at p. 17. Additionally, the Supreme Court of Nova Scotia found Plaintiff's comments to be "anti-gay," "homophobic" and "highly offensive." *Id.* at p. 21. The written release of the oral decision was issued on February 1, 2012. *Id.* at p. 1. The next day, Torstar's subsidiary *The Toronto Star* published on its website an article about the Canadian Court's decision. The article was entitled "N.S. Court Orders Mississippi Blogger to Pay Gay Couple $425,000." Exhibit 'A' to Motion to Dismiss.

The United States Court of Appeals for the Fifth Circuit ultimately held that the judgment against Plaintiff could not be collected in a United States District Court. *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481 (5th Cir. 2013).

That did not end the controversy between Plaintiff and some of the co-defendants he had attacked. Rather, they sued Plaintiff a second time for statements he had made on his web blog. On February 14, 2014, the Supreme Court of Nova Scotia found that "Mr. Handshoe has continued to repeatedly publish defamatory words referring to the personal plaintiffs. *See* Exhibit 'A' to [13] Torstar's Answer, at p. 35. The Supreme Court of Nova Scotia entered an additional judgment against Plaintiff for defamation and copyright infringement and noted "the actions and words of Mr. Handshoe…are clearly defamatory. Furthermore they have no relationship to fact or truth." *Id.* at p. 36.

On February 24, 2014, *The Toronto Star* published on its website an article about the 2014 Canadian Court opinion. It was entitled "Nova Scotia Couple Wins Copyright Lawsuit against Homophobic U.S. Blogger." *See* Exhibit 'B' to [13] Torstar's Answer.

Plaintiff then filed a defamation lawsuit *pro se* in the Circuit Court of Hancock County, Mississippi against Torstar and one of its reporters on February 23, 2015.  Exhibit 'B' to Motion to Dismiss at ¶ 1.  Based on complete diversity of citizenship, Torstar removed the case to federal court and subsequently filed a Motion to Dismiss based on lack of personal jurisdiction as well as a lack of merit.  On December 4, 2015, this Court entered a Memorandum Opinion and Order along with a Final Judgment thereby dismissing without prejudice Plaintiff's lawsuit against Torstar, and its reporter, for lack of personal jurisdiction.  *See Handshoe v. Torstar Corp.*, No. 1:15CV113, 2015 U.S. Dist. LEXIS 163045, at *9-10 (S.D. Miss. Dec. 4, 2015), Exhibit 'C' to Motion to Dismiss.  Plaintiff did not appeal that dismissal.

Now, Plaintiff has filed another suit against Torstar—and several co-defendants—based on a series of Digital Millennium Copyright Act ("DMCA") takedown notices for alleged copyright infringements.

The Digital Millennium Copyright Act, (DMCA), entitled the "Online Copyright Infringement Liability Limitation Act," permits service providers who maintain websites to avoid copyright infringement liability for storing users' content if, among other requirements, a service provider removes or disables the content after receiving notification from a copyright holder that the content is infringing.  *See* 17 U.S.C. §512(c).

Under the DMCA, a takedown notice must include the identity of the allegedly infringing material and a statement that the copyright holder believes in good faith that the infringing material is not authorized by the copyright owner, its agent or the law.  17 U.S.C. §512(c)(3)(A).

 Upon receipt of a takedown notice, a service user – the party who posted the offending material -- can possibly restore the removed or disabled content by sending a counter-notification.  17 U.S.C. §512(g)(3)(C).

4

Should the counter-notification meet the requirements of the DMCA, the service provider web site must inform the copyright holder of the counter-notification and restore the content within 10 to 14 business days unless the service provider receives notice that the copyright holder has filed a lawsuit. 17 U.S.C. §512(g)(2)(B)-(C). An entity that abuses the DMCA may be subject to liability under Section 512(f) for knowingly misrepresenting that material is infringing.

At issue here is a December 31, 2012 takedown notice, submitted by Charles Leary of Trout Point Lodge, which states "There are 2 copyrighted works being infringed on slabbed.org hosted by DreamHost…". *See* Exhibit 'E' to Motion to Dismiss.

The takedown notice describes the 2 images and states "the URL where the second copyrighted image appears is http://www.thestar.com/news/canada/article/1125508--mississippi-blogger-must-pay-a-gay-couple-425-000-in-damages-nova-scotia-court-orders." *Id.* The takedown notice states "We will pursue legal action against DreamHost under the Canada Copyright Act if these images—either hosted or embedded—are not removed from infringing publication." *Id.* The takedown notice provides Charles Leary's contact information and includes statements that he had a good faith belief that the images were not authorized by the copyright owners, their agents or the law, and he swore under penalty of perjury that the takedown notification was accurate and he was the copyright owner or authorized to act on behalf of the copyright owner. *Id.*

In response to the December 31, 2012 takedown notice, Mr. Handshoe issued a counter-notification on January 2, 2013. *See* Exhibit 'F' to Motion to Dismiss. On January 3, 2013, DreamHost notified Charles Leary that the images would be restored online within 10-14

business days barring receipt of a lawsuit and an injunction. *Id.* Torstar does not know whether any suit was filed.

Torstar did not author the takedown notice. It has no connection to DreamHost, the service provider. It was not the recipient of the counter-notification. And, being a Canadian company, it is not even subject to the Digital Millennium Copyright Act. Its only connection to this sequence of events was that the photograph claimed to be protected by Canadian copyright was published at one point in the Toronto Star and is maintained, without controversy, on its website.

Based on receipt of the December 31, 2012 takedown notice, Plaintiff attempts to assert Count 4 against Torstar for Misrepresentation under 17 U.S.C. §512(f). *See* Compl. at ¶¶117-123. Plaintiff also arguably attempts to assert Count 9 against Torstar for Civil Conspiracy and Count 10 for a Declaratory Judgment. *See* Compl. at ¶¶155-161 and ¶¶162-166.

As further discussed below, this Court lacks jurisdiction over Torstar and Plaintiff's Complaint fails to state a claim and fails to provide fair notice to Torstar as to the claims at issue.

## II. ARGUMENT

This is a motion to dismiss under Fed. R. Civ. P. 12(b)(2) or, in the alternative, Fed. R. Civ. P. 12(b)(6). The only facts on which it relies outside the Complaint are the Canadian Court's decisions and the Canadian article, to which the Complaint expressly refers and so incorporates by reference, and certain jurisdictional facts that cannot be disputed.

A plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). In considering a motion to dismiss for lack of personal jurisdiction, a district court may consider affidavits, interrogatories,

depositions, oral testimony or any recognized methods of discovery. *Id.* The court must accept the plaintiff's uncontroverted allegations and resolve all conflicts between the facts contained in affidavits and other documents in the plaintiff's favor. *Id.* "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Factual allegations must be enough to raise a right to relief above the speculative level based on the assumption that the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't.*, 561 F. App'x 372, 374 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555 (2007)).

This Court should dismiss Plaintiff's claims against Torstar for lack of personal jurisdiction. If it does not do so, the Court should dismiss Plaintiff's claims against Torstar because the Complaint fails to state a claim against Torstar upon which relief can be granted.

**A. The Court should dismiss this case for lack of personal jurisdiction over Torstar.**

A federal district court sitting in diversity may exercise jurisdiction over a nonresident defendant only if: (1) the state's long-arm statute provides jurisdiction, and (2) due process under the Fourteenth Amendment is satisfied. *Mortensen Constr. & Util., Inc. v. Grinnell Mut.*

*Reinsurance Co.*, 718 F. Supp. 2d 781, 782 (S.D. Miss. 2010); *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997).

In essence, Plaintiff's Complaint alleges that he is entitled to the benefit of Mississippi's long-arm statute because defendants "intentionally caused harm to [him] in Mississippi." Compl. ¶13. If true, that would satisfy the requirement of the long-arm statute. Miss. Code Ann. § 13-3-57 (2014).

But to exercise personal jurisdiction in this case, the Court must find that Torstar purposefully established minimum contacts with Mississippi, and that burden is on Plaintiff. *See Handshoe v. Yount*, No. 1:14CV159, 2015 WL 7572344, at *2 (S.D. Miss. Nov. 24, 2015). ("A plaintiff must first prove that minimum contacts exist before the burden shifts to the defendant to show that an exercise of personal jurisdiction would be unfair.") (original citations omitted) Only after Plaintiff satisfies his burden, the Court must then find that the exercise of personal jurisdiction over Torstar does not offend "traditional notions of fair play and substantial justice." *Id.*

This Court dismissed Mr. Handshoe's prior defamation action against Torstar because he failed to establish personal jurisdiction. *See* Exhibit 'C' to Motion to Dismiss. It found that there was no general jurisdiction over the newspaper or its website, and held that the fact that the report of a Canadian court decision mentioned a party living in Mississippi was insufficient to establish specific jurisdiction under the precedents of the Fifth Circuit and the U.S. Supreme Court.

Here, for the same reasons, Plaintiff cannot establish that Torstar had any contacts in Mississippi. Similarly, Plaintiff cannot show that any of Torstar's alleged activities were

directed at Mississippi residents. In fact, Plaintiff cannot show what Torstar has to do with this case at all.

### 1. Torstar is not subject to general jurisdiction in Mississippi.

Plaintiff cannot show that Torstar has continuous and systematic contacts with Mississippi that would support the exercise of general jurisdiction in this case. *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). Torstar does not have an office in Mississippi. Torstar Decl. at ¶ 5, Exhibit 'D' to Motion to Dismiss. Torstar does not have any employees in Mississippi. *Id.* Further, Torstar does not solicit business in Mississippi or derive any income from Mississippi customers. *Id.* And while Torstar's subsidiary newspaper, *The Toronto Star,* operates an online website, its readers predominately live in Canada and *The Toronto Star* predominately reports on Canadian news events. *Id.* at ¶ 2. As such, Torstar does not have *any*—let alone continuous and systematic—contacts with Mississippi.

### 2. The Court cannot exercise specific jurisdiction over Torstar.

In the absence of continuous and systematic contacts, Plaintiff must establish that the Court can exercise specific jurisdiction over Torstar. Specific jurisdiction is proper only if: (1) the defendant has purposefully directed its activities at residents of the forum; and (2) the litigation results from alleged injuries that arise from or relate to those activities. *Burger King*, 471 U.S. at 472.

Plaintiff's Complaint is vague as to what activities of Torstar are at issue. A review of the Complaint reveals that Torstar is only referenced on five pages of the 45-page Complaint; *see* pp. 1, 3, 4, 17 and 34. In those tangential references, Plaintiff alleges:

> [D]efendants Leary, Perret and Abel, D.B.A. Trout Point Lodge Ltd of Nova Scotia, filed a DMCA takedown notice against the Slabbed New Media LLC website which claimed ownership of a creative work that ostensibly belonged to Torstar Corporation, **which first appeared on the Torstar website in a January**

9

> **2012 story written by Torstar employee Richard Brennan that promoted Trout Point Lodge's campaign of liberal [sic] terrorism beginning with the first Canadian defamation judgment against instant Plaintiff that was subsequently denied comity by this Court**. Compl. at ¶52, p. 17 (emphasis added).

Arguably, Torstar's connection here stems from the fact that one of the images at issue as referenced in the December 31, 2012 takedown notice initially appeared on *The Toronto Star*'s website associated with an article that Plaintiff obviously did not appreciate.

While it is unclear what specific activities of Torstar are at issue, it is crystal clear that Torstar did not aim any activity at Mississippi and this Court lacks personal jurisdiction over Torstar. If the initial publication of an article does not qualify as being action directed toward Mississippi, then certainly the mere maintenance of an article on the newspaper's website is not such an activity. Nor can the Plaintiff create such an activity by his own voluntary act of linking his website to an article on Torstar's website in Canada.

If Plaintiff's allegations stem from the actual takedown notice, the December 31, 2012 takedown notice on its face is from Charles Leary of Trout Point Lodge, not Torstar. *See* Exhibit 'E' to Motion to Dismiss. Plaintiff does not allege that Torstar filed or sent the December 31, 2012 takedown notice directly. Torstar did not send any takedown notice or authorize any person or entity to do so on its behalf. Torstar Decl. at ¶6, Exhibit 'D' to Motion to Dismiss. Accordingly, Plaintiff has failed to show that Torstar purposefully directed any activity towards him or any Mississippi resident. Thus, this Court lacks personal jurisdiction. There is an allegation of conspiracy, but no facts to support it.

Second, and despite the fact that this case is not necessarily styled as a libel action, if Plaintiff's allegations stem from the actual article associated with the image at issue in the takedown notice, there is no personal jurisdiction over a foreign website that focuses on the

decisions of a Canadian Court.  *See* Exhibit 'C' to Motion to Dismiss; *see also Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002).  Indeed, this Court has already decided that it lacks personal jurisdiction over Torstar for articles published on *The Toronto Star*'s website that primarily concern Canadian-court decisions and for a targeted audience of Canadian readers.

Although the article is different, application of the Court's analysis is the same and there is no personal jurisdiction over Torstar where, as here, the article was published on *The Toronto Star*'s website; the article primarily concerned the Supreme Court of Nova Scotia's decision; the article was for a targeted audience of Canadian readers; there was no attempt to "target" readers in Mississippi; and, in fact, the only reason Mississippi was identified at all is because Plaintiff lives in Mississippi.  *See* Exhibit 'A' to Motion to Dismiss.

**B. In the alternative, the Complaint fails to state a claim against Torstar upon which relief can be granted.**

Plaintiff's Complaint fails to state a claim against Torstar upon which relief can be granted.

As an initial matter, for similar reasons as stated in co-defendant National Geographic Society's Motion to Dismiss and Supporting Memorandum, Plaintiff's Complaint is a "shotgun pleading" that fails to provide fair notice of the nature of his claims against Torstar.  *See* NGS's Supporting Memorandum [15] at pp. 7-8.  Even so, there are only three Counts that arguably appear to apply to Torstar: Count 4 for Misrepresentation under 17 U.S.C. §512(f); Count 9 for Civil Conspiracy; and Count 10 for a Declaratory Judgment.

### 1. Plaintiff's Complaint fails to state a claim against Torstar for Misrepresentation under 17 U.S.C. §512(f).

Although Plaintiff attempts to assert a claim for Misrepresentation under 17 U.S.C. §512(f) against Torstar related to the December 31, 2012 takedown notice, that claim must fail. 17 U.S.C. §512(f), in part, provides:

> Any person who knowingly materially misrepresents under this section—(1) that material or activity is infringing, or (2) that material or activity was removed or disabled by mistake or misidentification shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer … who is injured by such misrepresentation….

Courts have interpreted 17 U.S.C. §512(f) as "an **expressly limited cause of action** for improper infringement notifications, imposing liability **only if the copyright owner's notification** is a knowing misrepresentation. A copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake. **Rather, there must be a demonstration of some actual knowledge of misrepresentation on the party of the copyright owner**." *Tuteur v. Crosley-Corcoran*, 961 F.Supp.2d 333, 342 (D. Mass. 2013) (original citations omitted) (emphasis added).

It follows, then, that 17 U.S.C. §512(f) requires proof that Torstar knowingly and materially misrepresented that Plaintiff was infringing. Plaintiff's Complaint falls far short in this regard as it alleges that Torstar either "materially misrepresent[ed]" or "should have known…". Compl. at ¶¶120, 122.

Further, as discussed earlier, Torstar did not send the takedown notice. Plaintiff alleges that the takedown notice was sent on Torstar's behalf or that Torstar "closely coordinated" a smear campaign against him, but those allegations are entirely speculative and, without more, are insufficient. *See Powertrain Inc. v. Ma*, No. 1:11CV105, 2014 U.S. Dist. LEXIS 109731 at *29 (N.D. Miss. Aug. 8, 2014)("Speculation does not suffice to prevent a motion to dismiss.")

Torstar did not authorize any co-defendant or other person or entity to act on its behalf to send the December 31, 2012 takedown notice (or any other takedown notice). Torstar Decl. at ¶6, Exhibit 'D' to Motion to Dismiss. Accordingly, Plaintiff's misrepresentation claim must fail against Torstar.

### 2. Plaintiff's Complaint fails to state a claim against Torstar for Civil Conspiracy.

Plaintiff's Complaint fails to plead the requisite elements to state any claim for civil conspiracy against Torstar. To state a claim for civil conspiracy, Plaintiff must plead the following elements: (1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result. *Holloway v. Lamar Cty*, No. 2:15CV86, 2015 U.S. Dist. LEXIS 168119 at *9 (S.D. Miss. Dec. 16, 2015).

Plaintiff's Complaint only asserts conclusory allegations that "The Defendants between themselves entered into a civil conspiracy to deprive Plaintiff of his valuable First Amendment rights via submission of multiple misrepresented Takedown Notices pursuant to 17 U.S.C. §512(f)." Compl. at ¶156. In a similar conclusory fashion, Plaintiff alleges in a footnote that "The Torstar/Trout Point Criminal Conspirator theory in sending the takedown notices are seemingly based on the misguided notion that only Leary and Perret were entitled to voice their opinions on their various and sundry defamation actions they had filed against instant Plaintiff in Canada." Compl. at FN6.

These allegations are insufficient to state a claim for civil conspiracy. *See Norris v. Krystaltech Int'l, Inc.*, 133 F.Supp.2d 465, 469 (S.D. Miss. 2000)("[A] general allegation of conspiracy without a statement of facts constituting that conspiracy is only an allegation of a legal conclusion and is insufficient to state a cause of action.")(original citations omitted).

Indeed, though, Torstar has not conspired with co-defendants or any other person or entity as to the December 31, 2012 takedown notice. Torstar Decl. at ¶6, Exhibit 'D' to Motion to Dismiss. As such, Plaintiff's claim for civil conspiracy against Torstar should be dismissed.

### 3. Plaintiff's Complaint fails to state a claim against Torstar for a Declaratory Judgment.

Plaintiff's claim against Torstar for Declaratory Judgment should be dismissed. "A federal declaratory judgment requires an actual case or controversy and not a mere hypothetical issue." *Val-Com Acquisitions Trust v. Bank of Am.*, 436, F. App'x 302, 303 (5th Cir. 2011)(original citations omitted). To establish an actual case or controversy, a plaintiff must plead "a real and reasonable apprehension that he will be subject to liability" if a declaration is not issued. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555-56 (9th Cir. 1989). *See also*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (U.S. 2007)("Basically, the question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having **adverse legal interests**, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.")(emphasis added).

Because Torstar did not send any takedown notice to Plaintiff or authorize any person or entity to do so on its behalf, there is no actual controversy between Plaintiff and Torstar for which declaratory relief is needed or can be granted. In spite of Plaintiff's apparent fixation with litigation against Torstar, there are no adverse legal interests between him and Torstar. In fact, Torstar has no legal interest in this case whatsoever.

This is the second frivolous suit Plaintiff Handshoe has filed against Torstar. This Court dismissed the first one without prejudice for lack of personal jurisdiction without reaching the alternate grounds for dismissal. On this motion, the Court should reach both grounds, dismiss with prejudice, and stop this abuse of the judicial system.

III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against Torstar should be dismissed with prejudice and the court should grant such other relief as may be warranted.

Respectfully submitted, this 1st day of March, 2016.

                           TORSTAR CORPORATION

                           By: *s/Robert C. Galloway*
                           ROBERT C. GALLOWAY, MB #4388
                           LUTHER T. MUNFORD, MB #3653
                           META C. DANZEY, MB #103251

                           ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1300 Twenty-Fifth Avenue, Suite 204 (39501)
Post Office Drawer 4248
Gulfport, Mississippi 39502
Telephone:  (228) 864-1170
Facsimile:   (228) 868-1531
E-mail: bob.galloway@butlersnow.com
E-mail: meta.danzey@butlersnow.com

BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, Mississippi 39157
Telephone:  (601) 948-5711
Facsimile:   (601) 985-4500
E-mail: luther.munford@butlersnow.com

**CERTIFICATE OF SERVICE**

I, Robert C. Galloway, one of the attorneys for Torstar Corporation, hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel for record:

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS  39577

*Pro Se* **Plaintiff**

Jonathan P. Dyal, Esq.
Balch & Bingham, LLP
P.O. Box 130
Gulfport, MS 39502

**Attorney for Defendant National Geographic Society**

So certified, this 1st day of March, 2016.

        *s/Robert C. Galloway*
        ROBERT C. GALLOWAY