IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                              PLAINTIFF

VS.                                                  CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                              DEFENDANTS

**DEFENDANT TORSTAR CORPORATION'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S [29] MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendant Torstar Corporation ("Torstar") opposes Plaintiff's [29] Motion for Leave to File a Second Amended Complaint.  The Court should not allow the amendment because it is futile as to any claims against Torstar, and thus should deny Plaintiff's Motion.

**Facts and Procedural Posture**

This lawsuit is the latest chapter in a long-running feud orchestrated by the Plaintiff, a Mississippi resident who owns Slabbed New Media, LLC and publishes an online weblog at www.slabbed.org in Mississippi.  *See* First Amended Compl., at ¶¶2, 31.  Essentially, his feud is with two men, Charles Leary and Vaughn Perret who own Trout Point Lodge Limited in Canada.  Yet, he joined Torstar as a defendant.

Torstar Corporation is a Canadian company; its subsidiary operates an online news site titled *The Toronto Star* in Canada.  *Id.* at ¶9.

On November 15, 2015, Plaintiff filed his Complaint for Damages, Declaratory and

Injunctive Relief in this action. Torstar filed its Answer to the Complaint on December 14, 2015, being unaware that, on December 8, 2015, Plaintiff had filed his First Amended Complaint for Damages, Declaratory and Injunctive Relief. Torstar then filed its Answer to the First Amended Complaint on December 30, 2015.

On February 10, 2016, Plaintiff filed a Motion for Leave to file his Second Amended Complaint for Damages, Declaratory and Injunctive Relief. Torstar obtained additional time until and including March 2, 2016 in which to file its response.

Generally, Plaintiff's Complaint(s) are based on a series of Digital Millennium Copyright Act ("DMCA") takedown notices for alleged copyright infringements.

The Digital Millennium Copyright Act, (DMCA), entitled the "Online Copyright Infringement Liability Limitation Act," permits service providers who maintain websites to avoid copyright infringement liability for storing users' content if, among other requirements, a service provider removes or disables the content after receiving notification from a copyright holder that the content is infringing. *See* 17 U.S.C. §512(c).

Specifically, as to Torstar, Plaintiff claims that Torstar coordinated with co-defendants Perret, Leary, Abel and Trout Point Lodge Limited in a "smear campaign against [him]" based on his California website provider's receipt of a December 31, 2012 DMCA takedown notice. *See* First Am. Compl. at ¶52; *see also* Second Am. Compl. at ¶52. But Torstar had nothing to do with these notices and the Second Amended Complaint does not allege any facts to support its allegation of conspiracy even if it stated a cause of action, which it does not.

The December 31, 2012 takedown notice, submitted by Charles Leary of Trout Point Lodge and sent to the California website provider, claims that there are 2 copyrighted works being infringed on by Plaintiff's web-blog maintained on that site. The takedown notice

described the 2 images and provided Mr. Leary's contact information and other information as required by the DMCA.

In response to the December 31, 2012 takedown notice, Mr. Handshoe issued a counter-notification, which is permitted by the DMCA, and Plaintiff's internet service provider notified Charles Leary that the images at issue would be restored online within 10-14 business days barring receipt of a lawsuit and an injunction.

Torstar did not author the takedown notice, and Torstar was not the recipient of the counter-notification. And, being a Canadian company, it is not even subject to the Digital Millennium Copyright Act. Its only connection to this sequence of events was that the photograph claimed to be protected by Canadian copyright was published at one point in *The Toronto Star* and is maintained, without objection or controversy, on its website.

Based on receipt of the December 31, 2012 takedown notice, however, Plaintiff attempts to assert claims against Torstar for Misrepresentation under 17 U.S.C. §512(f) and Civil Conspiracy. He also petitions the Court for a Declaratory Judgment.

## Argument and Authorities

**1. Federal Rule of Civil Procedure 15 does not support another amendment of the Complaint in this case.**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." The Rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Yet, leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted). In determining whether to grant leave to amend, the court can consider factors to include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

3

previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id*. The decision to deny a request to amend is a discretionary one; however, "it is within the district court's discretion to deny a motion to amend if it is futile." *Canopius US Ins., Inc. v. Nguyen*, No. 1:15-CV-87, 2016 U.S. Dist. LEXIS 8815, at *6 (S.D. Miss. Jan. 26, 2016). Futility means that the amended complaint would fail to state a claim upon which relief could be granted. *Estes v. Lanx, Inc.*, No. 1:14-CV-052, 2016 U.S. Dist. LEXIS 4857, at *2 (N.D. Miss. Jan. 14, 2016).

Here, the Court should deny Plaintiff's Motion to Amend because the amendment would be futile.

Plaintiff's Complaint(s) are vague as to what activities of Torstar are at issue. A review of the First Amended Complaint ("FAC") reveals that Torstar is only referenced on five pages of the 45-page FAC; *see* pp. 1, 3, 4, 17 and 34. In those tangential references, Plaintiff alleges:

> [D]efendants Leary, Perret and Abel, D.B.A. Trout Point Lodge Ltd of Nova Scotia, filed a DMCA takedown notice against the Slabbed New Media LLC website which claimed ownership of a creative work that ostensibly belonged to Torstar Corporation, **which first appeared on the Torstar website in a January 2012 story written by Torstar employee Richard Brennan that promoted Trout Point Lodge's campaign of liberal [sic] terrorism beginning with the first Canadian defamation judgment against instant Plaintiff that was subsequently denied comity by this Court**. FAC at ¶52, p. 17 (emphasis added).

Arguably, Torstar's connection in this case stems from the fact that one of the images at issue as referenced in the December 31, 2012 takedown notice initially appeared on *The Toronto Star*'s website associated with an article that Plaintiff obviously did not appreciate.

Plaintiff's proposed Second Amended Complaint ("SAC") does very little in terms of providing clarity as to Torstar's role, if any, in this case. In fact, the only difference between Plaintiff's allegations against Torstar as stated in the Complaints involves additional takedown notices. In the SAC, Plaintiff attempts to assert an additional cause of action for

Misrepresentation against Torstar based upon takedown notices received in January 2016; however, he only alleges that the "Torstar/Trout Point Criminal conspirators" submitted the takedown notices. SAC at ¶¶167-74.

This allegation is both false and frivolous. Torstar did not submit the takedown notices and had no involvement in their submission. *See* Affidavit of Bert Bruser, Exh. D to [34] Torstar's Motion to Dismiss. Mr. Handshoe would have been told this had he bothered to ask. He offers no additional facts that support any such conspiracy or any involvement from Torstar.

While it is unclear what specific activities of Torstar are at issue, it is crystal clear that this Court lacks personal jurisdiction over Torstar for reasons set forth in Torstar's Motion to Dismiss and supporting Memorandum [Doc. 34 and Doc. 35], which are incorporated by reference. As set forth in Torstar's Motion to Dismiss and Supporting Memorandum, Torstar has not issued any takedown notice or authorized any person or entity to do so on its behalf. As such, Plaintiff's proposed amendment is futile as to his claims against Torstar.

Even if the Court were to allow Plaintiff's amendment, however, the Court should dismiss Torstar because the FAC and proposed SAC fail to state any claim against Torstar upon which relief can be granted for reasons stated in its Motion to Dismiss and Supporting Memorandum.

**Conclusion**

Although FED. R. CIV. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," justice does not require another amendment in this case as the amendment is futile. Accordingly, Torstar respectfully requests that this Court deny Plaintiff's Motion to Amend and dismiss Plaintiff's First Amended Complaint with prejudice. Torstar requests any further general or specific relief as may be appropriate.

Respectfully submitted, this 1st day of March, 2016.

             TORSTAR CORPORATION

             By: *s/Robert C. Galloway*
             ROBERT C. GALLOWAY, MB #4388
             LUTHER T. MUNFORD, MB #3653
             META C. DANZEY, MB #103251

             ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1300 Twenty-Fifth Avenue, Suite 204 (39501)
Post Office Drawer 4248
Gulfport, Mississippi  39502
Telephone:  (228) 864-1170
Facsimile:   (228) 868-1531
E-mail: bob.galloway@butlersnow.com
E-mail: meta.danzey@butlersnow.com

BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, Mississippi 39157
Telephone:  (601) 948-5711
Facsimile:   (601) 985-4500
E-mail: luther.munford@butlersnow.com

## CERTIFICATE OF SERVICE

I, Robert C. Galloway, one of the attorneys for Torstar Corporation, hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel for record:

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS  39577

*Pro Se* **Plaintiff**

Jonathan P. Dyal, Esq.
Balch & Bingham, LLP
P.O. Box 130
Gulfport, MS 39502

**Attorney for Defendant National Geographic Society**

So certified, this 1st day of March, 2016.

                                         *s/Robert C. Galloway*
                                         ROBERT C. GALLOWAY