IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 11 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| DOUGLAS HANDSHOE | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:15cv382-HSO-JCG |
| | ) |
| VAUGHN PERRET, CHARLES LEARY & DANIEL ABEL, D/B/A/ TROUT POINT LODGE LTD OF NOVA SCOTIA & IN THEIR INDIVIIDUAL CAPACITIES PROGRESS MEDIA GROUP LIMITED, MARILYN SMULDERS, TORSTAR CORPORATION, NATIONAL GEOGRAPHIC SOCIETY INC., XYZ FOUNDATION & JOHN DOES 1-50 | ) |

## REBUTTAL OF DEFENDANT TORSTAR CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**MAY IT PLEASE THE COURT:**

### SUMMARY

Defendant Torstar Corporation argues Plaintiff should not be allowed to amend his complaint as it would be futile. Plaintiff's proposed amended complaint contains coherent claims upon which relief can be granted. It also cures certain deficiencies in the pleading of the previous as well as asserts new claims related to the defendants' continuing habit and practice of submitting misrepresented takedown notices including instances that have occurred after the original complaint was filed with this Court. Additionally for the reasons set forth herein Torstar Corporation is an indispensable party to this litigation that must be joined per Fed. Rule Civ. Proc. 19.

## FACTS

Defendants Charles Leary, Vaughn Perret and Daniel Abel's d/b/a Trout Point Lodge Limited of Nova Scotia use of libel suits in Nova Scotia Canada in an attempt to silence journalism in the public interest surrounding a political corruption scandal in Jefferson Parish Louisiana and their participation in what United States Attorney would later describe as a bribery scheme involving disgraced self-admitted felon former Jefferson Parish President Aaron Broussard has been well established. One of the many tactics used by Broussard and his unindicted coconspirators involved sending misrepresented DMCA Takedown notices temporarily forcing the removal of constitutionally protected journalism in the public interest. Leary, Perret and Abel d/b/a Trout Point Lodge Ltd. solicited and were joined in their campaign of libel terrorism by gullible elements of the U.S. and Canadian media including Torstar Corporation and the National Geographic Society, who also submitted misrepresented DMCA Takedown notices at Leary, Perret and Abel's behest and who both would later assign their copyright interests in the disputed material to Leary, Perret and Abel to help them "gin-up" a cause of action in Canada related to the misrepresented takedown notices where none had previously existed. These Defendants must be called to account for their roles in assisting a United States Criminal Enterprise misuse of misrepresented United States legal processes in a foreign court in furtherance of the cover up of domestic criminal activity.

## LAW AND ARGUMENT

Torstar contends the proposed Second Amended Complaint is futile. However the facts as alleged in the proposed Second Amended Complaint clearly state viable claims. With respect to Torstar, Plaintiff, as publisher of Slabbed New Media, LLC simply "inline linked"[1] a

---

[1] Inline linking (also called hotlinking, piggy-backing, direct linking) is the use of a linked object, in this case an image, on one site, in this instance Torstar Corporation by a web page belonging to a second site in this case the

2

photograph contained in a Torstar publication which promoted the first libel default judgment obtained by Defendants Leary, Perret and Abel, d/b/a Trout Point Lodge against instant Plaintiff in Nova Scotia Canada. Torstar now denies it has had any role in the submission of Takedown notices sent by the Trout Point Criminal conspirators but the after the fact assignment of their copyright interests to the "news story" containing the image by Torstar to the Trout Point Criminal Unindicted Co-conspirators, an allegation Torstar did not deny in its opposition, was was done specifically to enable Leary, Perret and Abel, d/b/a Trout Point Lodge to file a lawsuit related to their previously submitted Takedown Notices sent under United States law in Nova Scotia Canada. This raisees questions of fact only this Court can resolve. For instance, to the extent it is undisputed that Slabbed New Media, LLC inline linked the Torstar photo before the Torstar assignment of Copyright to the Trout Point defendants creates a question of fact as to Slabbed New Media's and Publisher Handshoe's fair use of the photo in the conduct of journalism in the public interest at the first Takedown Notice was sent.[2] Torstar presents itself in an infantilized position maintaining they had no part in the Trout Point scheme of tortious DMCA misrepresentations while the facts show they actively assisted Trout Point in manufacturing a lawsuit in Canada, which they subsequently reported on while pretending to be a disinterested third party conducting journalism rather than a well-coordinated smear campaign on behalf of a United States criminal enterprise.

Succinctly stated, Torstar made an affirmative choice to join what they now describe as a "feud" by their own actions, first by participating in a smear campaign in the face of

---

website belonging to Slabbed New Media. Therefore the Slabbed Interactive Website is said to have an inline link to the Torstar Corporation website where the picture is hosted.

[2] *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) deals with the exact subject of inline linking and copyright infringement. The Court, in ruling for the Defendants, distinguished the fact that neither Amazon nor Google, Inc. hosted the Perfect 10 images they inline linked from Perfect 10 what the Court found was a fair use of the copyrighted material that the court found was highly transformative.

overwhelming evidence to the contrary and then later by actively participating in the Trout Point scheme to file subsequent lawsuits in Canada containing allegations completely underpinned by Takedown notices issued pursuant to a United States law. Those DMCA takedown notices raise questions of United States law Torstar cannot now easily escape by claiming to be a Canadian company that was minding simply its own business.

It is worth noting that Torstar's assertion that it is not bound by the United States Digital Millennium is contradicted by its own "Terms & Conditions" found on its website at http://www.thestar.com/about/terms.html:

> The Toronto Star Properties, Services, and Paid Services and all content made available thereon ( "Content" ) are the property of the Toronto Star or its licensors and are protected, without limitation, pursuant to **Canadian and foreign copyright, trademark and other laws**.

Finally, Torstar now claims it had no role in the submission of the Takedown notice of December 31, 2012. However, the facts surrounding their original publication of the photo and story of February 2, 2012 are inherently essential to the proper adjudication of this matter under Fed. Rule Civ. Proc. 19.

From a factual standpoint in time, Plaintiff was contacted by Torstar employee Richard Brennan, the author of the creative work in late January, 2012 and was asked by Brennan to provide a picture of himself to the Star, which he declined, for the publication of February 2, 2012.  Torstar's after the fact assignment of the rights to this image to Leary, Perret and Abel d/b/a Trout Point Lodge, Ltd. in 2013 on its face indicates that Charles Leary and Vaughn Perret voluntarily submitted the photo in question when contacted by Brennan in late January, 2012 for the February 2, 2012 publication of the photo. This photo was taken by a third party that was credited in both the Star publication and the Slabbed New Media publication when it was inline linked in December, 2012 to the Slabbed New Media website. Given that the Trout Point

4

Defendants submitted the first DMCA Takedown Notice claiming ownership of the creative work in question on December 31, 2012, before the after the fact assignment to them by Torstar and while the creative work inline linked was ostensibly exclusively owned by Torstar Corporation creates questions of fact with respect to the underlying allegations of misrepresentations under 17 U.S.C. § 512 that cannot be resolved without Torstar Corporation's inclusion in the litigation. Torstar's rights under U.S. law are in part at issue in this matter due to the actions of the Trout Point Defendants engaging United States law well before their after the fact assignment of rights to Leary, Perret and Abel thus they are an indispensable party to this matter.

Conclusively, the proposed Second Amended Complaint, Paragraph 85 contains a new instance of a Takedown Notice being submitted on January 18, 2016 with respect to the inline linked Torstar photo. Torstar did not deny its participation in the submission of this Takedown Notice in its opposition to Plaintiff's Motion for Leave to Amend again creating questions of fact that are properly before this Court and that are clearly not futile.

## CONCLUSION

For the reasons identified above, Plaintiff respectfully requests that the Honorable Court grant Plaintiff's motion for leave to file the proposed amended complaint. .

Respectfully submitted this 11th day of March, 2016,

_____
Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on March 11, 2016 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, certify that on March 11, 2016 I have sent a true and correct copy of the foregoing to the following via United States Mail:

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Vaughn Perret
189 Trout Point Road
East Kemptville, NS B5A 5X9, Canada

Charles Leary
189 Trout Point Road
East Kemptville, NS B5A 5X9, Canada

Progress Media Group Ltd.
1202 - 1660 Hollis Street
Halifax, NS Canada B3J 1V7

Marilyn Smulders
5163 Duke Street
Halifax, NS, Canada B3J 3J6

Respectfully submitted this 11th day of March, 2016,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com