IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                              DEFENDANTS

**REPLY OF DEFENDANT TORSTAR CORPORATION IN FURTHER SUPPORT OF ITS [34] MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Torstar Corporation ("Torstar") respectfully submits this Reply in Further Support of its [34] Motion to Dismiss Plaintiff's First Amended Complaint for Damages, Declaratory and Injunctive Relief ("Complaint").

As established in Torstar's [35] Memorandum, Torstar has no place in this lawsuit. Plaintiff is a Mississippi resident who owns Slabbed New Media, LLC and publishes an online weblog. *See* Compl., at ¶¶2, 31. And this lawsuit concerns a series of Digital Millennium Copyright Act takedown notices a third party and co-defendant sent to Plaintiff Handshoe's website internet provider in California after Plaintiff posted a photograph alleged to infringe the co-defendant's copyright.

Torstar Corporation is a Canadian company; its subsidiary operates an online news site titled *The Toronto Star* in Canada. *Id.* at ¶9. Torstar did not issue the takedown notices, did not authorize the takedown notices, and had nothing to do with the takedown notices other than the

fact that the image Plaintiff Handshoe posted was linked to one of Torstar's news stories about a Canadian court decision.

Torstar is entitled to dismissal because the Court lacks personal jurisdiction over it as a nonresident Canadian company whose only allegedly culpable conduct was publishing and maintaining an article and photo on the Internet about a Canadian Court's decision.  In the alternative, if this Court has jurisdiction, Torstar is entitled to dismissal because Plaintiff's Complaint fails to state a claim against Torstar on which relief can be granted.

Plaintiff's opposition fails to provide any clarity as to why Torstar should remain in this suit.  And Plaintiff's failure is for good reason because this feud is truly between Plaintiff and two men, Charles Leary and Vaughn Perret, who allegedly own Trout Point Lodge Limited in Canada.

This is the second frivolous suit Plaintiff Handshoe has filed against Torstar. This Court dismissed the first one without prejudice for lack of personal jurisdiction without reaching the alternate grounds for dismissal.  On this motion, the Court should reach both grounds, dismiss with prejudice, and stop Plaintiff's abuse of the judicial system.

**A. The Court should dismiss this case for lack of personal jurisdiction over Torstar.**

Torstar does not have any continuous and systematic contacts with Mississippi that would support the exercise of general jurisdiction in this case. *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014).

As to specific jurisdiction, this Court has already decided that it lacks personal jurisdiction over Torstar for articles published on *The Toronto Star*'s website that primarily concern Canadian-court decisions and for a targeted audience of Canadian readers.  *See* Exhibit 'C' to Motion to Dismiss.  Specifically, this Court found that the publication of an article on

Torstar's newspaper or website based on a Canadian court decision that mentioned a party living in Mississippi was insufficient to establish specific jurisdiction under the precedents of the Fifth Circuit and the U.S. Supreme Court. Plaintiff did not appeal dismissal of his first suit against Torstar.

While Plaintiff's Complaint is confusing as to the allegations against Torstar, it is crystal clear that Torstar did not aim any activity at Mississippi and this Court lacks personal jurisdiction over Torstar. Indeed, if the initial publication of an article does not qualify as being action directed toward Mississippi, then certainly the mere maintenance of an article and photo on the newspaper's website is not such an activity. Nor can the Plaintiff create such an activity by his own voluntary act of "inline linking" a photo from Torstar's website in Canada to his web blog.

As to the series of takedown notices, Torstar did not send any takedown notice or authorize any person to do so on its behalf. Torstar Decl. at ¶6, Exhibit 'D' to Motion to Dismiss. The takedown notices—on their faces—are from Co-Defendants, not Torstar. And Plaintiff does not allege that Torstar filed or sent any takedown notice directly. Instead, he alleges a conspiracy theory as to Torstar's involvement and claims Torstar "actively assisted Trout Point in manufacturing a lawsuit in Canada based upon those misrepresented Takedown Notices." Pl.'s Opp. at p. 3. But these are mere allegations masked as "facts," and Plaintiff cannot show that Torstar purposefully directed any activity towards him or any Mississippi resident. Thus, this Court lacks personal jurisdiction over Torstar.

### B. In the alternative, the Complaint fails to state a claim against Torstar upon which relief can be granted.

Should the Court decide that it has personal jurisdiction over Torstar, Plaintiff's Complaint fails to state a claim against Torstar upon which relief can be granted.

3

Although Plaintiff attempts to assert a claim for misrepresentation under 17 U.S.C. §512(f) against Torstar related to the December 31, 2012 takedown notice, that claim must fail because Torstar did not send the takedown notice.  Further, Torstar did not authorize any co-defendant or other person or entity to act on its behalf to send the December 31, 2012 takedown notice or any other takedown notice.   Torstar Decl. at ¶6, Exhibit 'D' to Motion to Dismiss.  Additionally, 17 U.S.C. §512(f) requires proof that Torstar knowingly and materially misrepresented that Plaintiff was infringing.  And Plaintiff's Complaint falls far short in this regard as it alleges that Torstar either "materially misrepresent[ed]" or "should have known…".  Compl. at ¶¶120, 122.

Plaintiff does not allege that Torstar did not sent the takedown notice.  Instead, Plaintiff alleges that the takedown notice was sent on Torstar's behalf or that Torstar "closely coordinated" a smear campaign against him, but those allegations are entirely speculative and, without more, are insufficient.  *See Powertrain Inc. v. Ma*, No. 1:11CV105, 2014 U.S. Dist. LEXIS 109731 at *29 (N.D. Miss. Aug. 8, 2014)("Speculation does not suffice to prevent a motion to dismiss.")  Torstar did not authorize any co-defendant or other person or entity to act on its behalf to send the December 31, 2012 takedown notice (or any other takedown notice).  Torstar Decl. at ¶6, Exhibit 'D' to Motion to Dismiss.  Accordingly, Plaintiff's misrepresentation claim must fail against Torstar.

Plaintiff's Complaint likewise fails to state a claim for civil conspiracy against Torstar as it does not plead the requisite elements.  *See Holloway v. Lamar Cty*, No. 2:15CV86, 2015 U.S. Dist. LEXIS 168119 at *9 (S.D. Miss. Dec. 16, 2015).  Plaintiff's Complaint only asserts conclusory allegations regarding a conspiracy, and Plaintiff's opposition similarly relies on

4

conclusory statements masquerading as "facts" that will not survive a Motion to Dismiss.[1] *See Norris v. Krystaltech Int'l, Inc.*, 133 F.Supp.2d 465, 469 (S.D. Miss. 2000)("[A] general allegation of conspiracy without a statement of facts constituting that conspiracy is only an allegation of a legal conclusion and is insufficient to state a cause of action.")(original citations omitted). Plaintiff's claim for civil conspiracy against Torstar should be dismissed.

Finally, Plaintiff's claim against Torstar for Declaratory Judgment should be dismissed because there is no actual controversy between them. *See Val-Com Acquisitions Trust v. Bank of Am.*, 436, F. App'x 302, 303 (5th Cir. 2011). Because Torstar did not send any takedown notice to Plaintiff or authorize any person or entity to do so on its behalf, there is no actual controversy between Plaintiff and Torstar for which declaratory relief is needed or can be granted. It follows, then, that Plaintiff's claim for Declaratory Judgment should be dismissed as to Torstar.

## I. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against Torstar should be dismissed with prejudice and the Court should grant such other relief as may be warranted.

Respectfully submitted, this 22nd day of March, 2016.

        TORSTAR CORPORATION

        By: *s/Robert C. Galloway*
        ROBERT C. GALLOWAY, MB #4388
        LUTHER T. MUNFORD, MB #3653
        META C. DANZEY, MB #103251

        ITS ATTORNEYS

---

[1] Plaintiff's Opposition largely relies on "facts" that are not supported by any sworn affidavit or other admissible evidence, and the Court should disregard those statements; *see e.g.* Pl.'s Opp. at pp. 2-5.

5

OF COUNSEL:

BUTLER SNOW LLP
1300 Twenty-Fifth Avenue, Suite 204 (39501)
Post Office Drawer 4248
Gulfport, Mississippi  39502
Telephone:  (228) 864-1170
Facsimile:   (228) 868-1531
E-mail: bob.galloway@butlersnow.com
E-mail: meta.danzey@butlersnow.com


BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, Mississippi 39157
Telephone:  (601) 948-5711
Facsimile:   (601) 985-4500
E-mail: luther.munford@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Robert C. Galloway, one of the attorneys for Torstar Corporation, hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following counsel for record:

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS  39577

*Pro Se* **Plaintiff**

Jonathan P. Dyal, Esq.
Balch & Bingham, LLP
P.O. Box 130
Gulfport, MS 39502

**Attorney for Defendant National Geographic Society**

So certified, this 22nd day of March, 2016.

>                                   *s/Robert C. Galloway*
>                                   ROBERT C. GALLOWAY

30367468v1