IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS HANDSHOE | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:15CV382-HSO-JCG |
| | § | |
| | § | |
| VAUGHN PERRET, *et al.* | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE NATIONAL GEOGRAPHIC SOCIETY'S [14] MOTION TO DISMISS; GRANTING PLAINTIFF'S [29] MOTION FOR LEAVE TO AMEND COMPLAINT; AND DENYING WITHOUT PREJUDICE TORSTAR CORPORATION'S [34] MOTION TO DISMISS

BEFORE THE COURT are the following Motions:  (1) a Motion to Dismiss [14] filed by Defendant National Geographic Society; (2) a Motion for Leave to File Second Amended Complaint [29] filed by pro se Plaintiff Douglas Handshoe; and (3) a Motion to Dismiss [34] filed by Defendant Torstar Corporation.  After due consideration of the Motions, the related pleadings, the record, and relevant legal authority, the Court finds that Plaintiff Douglas Handshoe's Motion [29] for Leave to File Second Amended Complaint should be granted, and that National Geographic Society's and Torstar Corporation's Motions to Dismiss [14], [34] should be denied without prejudice.  Plaintiff shall file his Second Amended Complaint on or before **June 17, 2016**.  Plaintiff must serve all Defendants who have not appeared in this action with new summonses and his Second Amended Complaint,

in the manner required by Federal Rule of Civil Procedure 4, and must file the proper proofs of service with the Clerk of Court, all by **September 15, 2016**.

## I. BACKGROUND

Pro se Plaintiff Douglas Handshoe ("Plaintiff" or "Handshoe") is "sole owner and publisher of Slabbed New Media, LLC, the owner of the website located at www.slabbed.org." 2d Am. Compl. [30-1] at 11. Plaintiff has been embroiled in litigation for a number of years with some of the Defendants in this case in courts throughout the United States and Canada. In one such action, Trout Point Lodge Ltd. ("Trout Point"), Charles Leary ("Leary"), and Vaughn Perret ("Perret") (collectively, the "Trout Point Defendants") commenced a lawsuit in the Supreme Court of Nova Scotia, naming Plaintiff as the sole defendant. *See* Am. Notice of Appl. in Ct. [1-2] at 2-7. On February 26, 2014, the Supreme Court of Nova Scotia entered Orders [9-1], [9-2], which directed Plaintiff to pay each of the Trout Point Defendants damages for copyright infringement and defamation. Order [9-1] at 2; Order [9-2] at 2-3. Plaintiff maintains that the Trout Point Defendants have "attempt[ed] to suppress truthful reporting on matters in the public court record involving a massive political corruption scandal, resulting criminal investigation, conviction and incarceration of former Jefferson Parish President Aaron Broussard." 2d Am. Compl. [30-1] at 3.

According to Plaintiff, Defendants have submitted "takedown notices"

pursuant to 17 U.S.C. § 512[1] "in an attempt to force Plaintiff, as Publisher and agent for Slabbed New Media, LLC to take down constitutionally protected free speech in the form of journalistic posts to the Slabbed New Media LLC website . . . ." *Id.* at 6. Plaintiff maintains that these takedown notices were "aimed at Plaintiff Handshoe as Publisher of Slabbed New Media, LLC and ultimately in his personal capacity and Plaintiff's media company in their domiciliary in Mississippi." *Id.*

---

[1] Section 512 was enacted as part of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et seq.* The United States Court of Appeals for the Ninth Circuit has described takedown notifications as follows:

> Section 512(c) permits service providers, e.g., YouTube or Google, to avoid copyright infringement liability for storing users' content if—among other requirements—the service provider "expeditiously" removes or disables access to the content after receiving notification from a copyright holder that the content is infringing. 17 U.S.C. § 512(c) . . . . The procedures outlined in § 512(c) are referred to as the DMCA's "takedown procedures."

> To avoid liability for disabling or removing content, the service provider must notify the user of the takedown. *Id.* § 512(g)(1)–(2). The user then has the option of restoring the content by sending a counter-notification, which must include a statement of "good faith belief that the material was removed or disabled as a result of mistake or misidentification . . . ." *Id.* § 512(g)(3)(C). Upon receipt of a valid counter-notification, the service provider must inform the copyright holder of the counter-notification and restore the content within "not less than 10, nor more than 14, business days," unless the service provider receives notice that the copyright holder has filed a lawsuit against the user seeking to restrain the user's infringing behavior. *Id.* § 512(g)(2)(B)–(C). The procedures outlined in § 512(g) are referred to as the DMCA's "put-back procedures."

> If an entity abuses the DMCA, it may be subject to liability under § 512(f). That section provides: "Any person who knowingly materially misrepresents under this section—(1) that material or activity is infringing, or (2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages...." *Id.* § 512(f). Subsection (1) generally applies to copyright holders and subsection (2) generally applies to users.

*Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151 (9th Cir. 2015).

Plaintiff filed a pro se Civil Complaint for Damages, Declaratory and Injunctive Relief [1] in this Court on November 16, 2015, followed a First Amended Complaint for Damages, Declaratory and Injunctive Relief [9] on December 8, 2015, against Defendants Vaughn Perret, Charles Leary, and Daniel Abel, doing business as Trout Point Lodge Ltd. of Nova Scotia and in their individual capacities; Progress Media Group Limited; Marilyn Smulders; Torstar Corporation ("Torstar"); and National Geographic Society ("NGS" or "National Geographic"). The First Amended Complaint advances eight counts of misrepresentation pursuant to 17 U.S.C. § 512(f) related to eight takedown notices dated from December 13, 2012, to April 1, 2014, 1st Am. Compl. [9] at 30-40, and claims for civil conspiracy and declaratory relief, *id.* at 40-42.

On January 5, 2016, Defendant NGS filed a Motion to Dismiss [14] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On January 22, 2016, Plaintiff filed a Memorandum of Law [21] in opposition to the Motion to Dismiss, but simultaneously filed, without leave of Court, a Second Amended Complaint for Damages, Declaratory and Injunctive Relief [22]. On January 27, 2016, the Court struck Plaintiff's unauthorized Second Amended Complaint.

On February 10, 2016, Plaintiff filed a Motion for Leave to File Second Amended Complaint [29], attaching a proposed Second Amended Complaint [30-1] as an exhibit to his Memorandum [30]. The proposed Second Amended Complaint [30-1] includes nine counts of misrepresentation under 17 U.S.C. § 512(f) for takedown notices dated from December 13, 2012, to January 18, 2016, 2d Am.

Compl. [30-1] at 33-49, along with claims for fraud, civil conspiracy, and declaratory relief, *id.* at 49-54.

On March 1, 2016, Defendant Torstar filed a Motion to Dismiss [34] pursuant to Rule 12(b)(2).  Alternatively, Torstar maintains that the First Amended Complaint fails to state a claim against it pursuant to Rule 12(b)(6).

## II. DISCUSSION

A.  Plaintiff's Motion for Leave to File Second Amended Complaint [29] will be granted.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]he language of this rule evinces a bias in favor of granting leave to amend."  *Marucci Sports, LLC v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).  However, "a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal."  *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quotation omitted).

In light of Rule 15's liberal standard favoring amendments, Plaintiff's Motion [29] will be granted.  The Court cannot say at this time that Plaintiff's request to amend is futile as to all claims and all Defendants named in the Second Amended Complaint.  Plaintiff shall file his Second Amended Complaint with the Clerk of Court by **June 17, 2016**.  Plaintiff must serve all Defendants who have not appeared in this action with new summonses and his Second Amended Complaint,

in the manner required by Federal Rule of Civil Procedure 4, and must file the proper proofs of service with the Clerk of Court, all by **September 15, 2016**.

B.    NGS's Motion to Dismiss [14] should be denied without prejudice.

NGS seeks dismissal pursuant to Rule 12(b)(1) on grounds that Plaintiff as an individual lacks standing to bring a claim against NGS.  Alternatively, NGS asks the Court to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6) for failure to state a claim.  Because NGS's Motion was filed as to the First Amended Complaint and does not address all claims and allegations contained in the Second Amended Complaint, the Court will deny the Motion without prejudice, with leave to reassert after Plaintiff files his Second Amended Complaint.

C.    Torstar's Motion to Dismiss [34] should be denied without prejudice.

Torstar asks the Court to dismiss it pursuant to Rule 12(b)(2) on grounds that the Court lacks personal jurisdiction over it.[2]  Mot. [34] at 1.  Alternatively,

---

[2]  In support of its personal jurisdiction argument, Torstar maintains that it lacks sufficient contacts to support the exercise of general jurisdiction in this case, and that this Court has purportedly already determined that it lacks specific jurisdiction over Torstar for articles published on *The Toronto Star*'s website. Mem. [35] at 1, 9-11 (citing *Handshoe v. Torstar Corp.*, No. 1:15-cv-113-KS-RHW, 2015 U.S. Dist. LEXIS 163045, at *9-10 (S.D. Miss. Dec. 4, 2015)); Reply [42] at 2-3. This previous decision referenced by Torstar, however, involved only a single defamation claim. *Handshoe*, 2015 U.S. Dist. LEXIS 163045, at *1. The present case is arguably distinguishable because Plaintiff has asserted federal claims for misrepresentation under 17 U.S.C. § 512(f). *See Handshoe v. Yount*, No. 1:14-CV-159-KS-MTP, 2015 WL 7572344, at *5 (S.D. Miss. Nov. 24, 2015) (finding personal jurisdiction on § 512(f) misrepresentation claim where a takedown notice was sent to an out-of-state web host which was "expressly aimed" at and "calculated to result in harm in" Mississippi); *see also* Fed. R. Civ. P. 4(k)(2); *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F.3d 717, 721 (5th Cir. 1996) (holding that Rule 4(k)(2) applies to "all substantive federal law claims" and permits a court to exercise personal jurisdiction where a defendant who is not a resident of the United States has insufficient contacts with any single state, but has "sufficient contacts with the United States as a whole to satisfy due process concerns . . . .").

Torstar argues that the First Amended Complaint fails to state a claim against it upon which relief can be granted, pursuant to Rule 12(b)(6).[3] *Id.* at 1-2.

Torstar's Motion was filed in response to the First Amended Complaint, and does not address all of the claims contained in the Second Amended Complaint. The Court will therefore deny Torstar's Motion to Dismiss without prejudice, with leave to reassert the Motion as to the Second Amended Complaint.

### III. CONCLUSION

Given the standard under Rule 15, Plaintiff's Motion for Leave to File Second Amended Complaint [29] will be granted. NGS's and Torstar's Motions to Dismiss [14], [34] will be denied without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Douglas Handshoe's Motion for Leave to File Second Amended Complaint [29] is **GRANTED**, and Plaintiff shall file his Second Amended Complaint into the record of this case on or before **June 17, 2016**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Douglas Handshoe must serve all Defendants who have not appeared in this action with new

---

[3] In support of its request to dismiss pursuant to Rule 12(b)(6) with respect to Plaintiff's claims for misrepresentation under 17 U.S.C. § 512(f) and civil conspiracy, Torstar relies upon the Declaration of Torstar employee Bert Bruser [34-4]. Mem. [35] at 13-14; Reply [42] at 4. When resolving a motion to dismiss, "the district court is limited to the allegations set forth in the complaint." *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013) (citing *Kennedy v. Chase Manhattan Bank*, 369 F.3d 833, 839 (5th Cir. 2004); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). The Court therefore will not consider the Declaration supplied by Torstar in resolving Torstar's Rule 12(b)(6) Motion to Dismiss and need not convert the Motion to one for summary judgment under Rule 56. *See id.*; *see also* Fed. R. Civ. P. 12(d).

summonses and his Second Amended Complaint, in the manner required by Federal Rule of Civil Procedure 4, and must file the proper proofs of service with the Clerk of Court, all by **September 15, 2016**.  Plaintiff is warned that should he fail to properly serve any Defendant, and/or fail to file proper notice of said service by **September 15, 2016**, any unserved Defendant or Defendants may be dismissed without prejudice without further notice to Plaintiff, unless he is able to show good cause for such failure.  *See* Fed. R. Civ. P. 4(m).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, National Geographic Society's Motion to Dismiss [14] is **DENIED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** Torstar Corporation's Motions to Dismiss [34] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 7th day of June, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

-8-