IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                                    **PLAINTIFF**

v.                                                         CIVIL ACTION NO. 1:15cv382-HSO-JCG

**VAUGHN PERRET, CHARLES
LEARY & DANIEL ABEL, D/B/A
TROUT POINT LODGE LTD OF
NOVA SCOTIA & IN THEIR
INDIVIDUAL CAPACITIES,
PROGRESS MEDIA GROUP
LIMITED, MARILYN SMULDERS,
TORSTAR CORPORATION,
NATIONAL GEOGRAPHIC
SOCIETY INC., & THE ASHOKA
FOUNDATION**                                                                          **DEFENDANTS**

## NATIONAL GEOGRAPHIC SOCIETY'S MOTION TO DISMISS

Defendant National Geographic Society ("NGS") respectfully requests that the Court dismiss the Second Amended Complaint filed by Douglas Handshoe pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and 12(b)(6).

As explained in the accompanying memorandum, which is incorporated herein by reference, the Second Amended Complaint should be dismissed for at least three independent reasons. The Second Amended Complaint is first subject to dismissal under Fed. R. Civ. P. 12(b)(1) because, by Plaintiff's own admission, he does not have standing to bring a claim against NGS, having suffered no injury or been personally accused of violating any copyright. It is also subject to dismissal under Fed. R. Civ. P. 12(b)(6) as a shotgun pleading that fails to give fair notice to NGS as to what allegations are being made against it individually. Finally, the handful of specific allegations regarding NGS that can be gleaned from the Second Amended

Complaint are patently insufficient under Fed. R. Civ. P. 9(b) and 12(b)(6) to support Plaintiff's claims for numerous reasons, including the following:

- The Second Amended Complaint fails to adequately plead at least three essential elements of a claim under 17 U.S.C. § 512(f), requiring the dismissal of Count 5;

- Plaintiff's purported civil fraud claim under Count 10 and conspiracy claim under Count 11 are both preempted by the Federal Copyright Act, and to the extent that they are brought against NGS, also fail to adequately plead multiple elements of the relevant causes of actions; and

- There is no actual case or controversy to support Plaintiff's request for a declaratory judgment and, consequently, this Court lacks subject matter jurisdiction over Count 12.

Because the Second Amended Complaint is deficient as a matter of law in both its form and content, NGS's Motion to Dismiss should be granted. Given that Plaintiff has already attempted—and failed—three times to state a claim, such dismissal should be with prejudice.

Respectfully submitted,

DATED: June 30, 2016

/s/ Jonathan P. Dyal
Jonathan P. Dyal (MS Bar No. 99146)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Phone: (228) 864-9900
Facsimile: (228) 864-8221
jdyal@balch.com

Lisa R. Bonanno (admitted *pro hac vice*)
Ellen S. Kennedy (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Phone: (202) 637-6591
Facsimile: (202) 637-5910
lisa.bonanno@hoganlovells.com
ellen.kennedy@hoganlovells.com

*Attorneys for Defendant National Geographic Society*

## CERTIFICATE OF SERVICE

    I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record who have registered with the ECF system.

    This the 30th day of June, 2016.

                                                          /s/ *Jonathan P. Dyal*