IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                   PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES
LEARY & DANIEL ABEL, D/B/A
TROUT POINT LODGE LTD OF
NOVA SCOTIA & IN THEIR
INDIVIDUAL CAPACITIES,
PROGRESS MEDIA GROUP
LIMITED, MARILYN SMULDERS,
TORSTAR CORPORATION,
NATIONAL GEOGRAPHIC
SOCIETY INC., XYZ FOUNDATION
& JOHN DOES 1-50                                                                 DEFENDANTS

REPLY IN SUPPORT OF
NATIONAL GEOGRAPHIC SOCIETY'S MOTION TO DISMISS

>                Jonathan P. Dyal (MS Bar No. 99146)
>                BALCH & BINGHAM LLP
>                1310 Twenty Fifth Avenue
>                Gulfport, MS 39501
>                Phone: (228) 864-9900
>                Facsimile: (228) 864-8221
>                jdyal@balch.com
>
>                Lisa R. Bonanno (admitted *pro hac vice*)
>                Ellen S. Kennedy (admitted *pro hac vice*)
>                HOGAN LOVELLS US LLP
>                555 Thirteenth Street, N.W.
>                Washington, DC 20004
>                Phone: (202) 637-6591
>                Facsimile: (202) 637-5910
>                lisa.bonanno@hoganlovells.com
>                ellen.kennedy@hoganlovells.com

DATED: July 28, 2016

*Attorneys for Defendant National Geographic Society*

Plaintiff's Opposition to National Geographic Society's ("NGS") Motion to Dismiss is a mishmash of non sequiturs, pointless, unpled alleged facts,[1] and irrelevant legal arguments that do nothing to address, much less rebut, the grounds for dismissal identified by NGS in its Memorandum of Law in Support of its Motion To Dismiss.  *Cf.* D.E. 48; D.E. 53.  Indeed, if anything, the new exhibits illustrate the fundamental flaws in his claims by confirming, among other things, that no takedown notice was ever sent to Plaintiff and that NGS was not involved in any Canadian litigation.[2]  As for the law, Plaintiff's main focus is on the fair use doctrine, which has nothing to do with the legal grounds for dismissal that NGS identified.  In the few instances where he does confront NGS's arguments, Plaintiff's contentions are either unsupported by allegations in the Complaint or contradicted by the exhibits to that Complaint.

***Plaintiff Does Not Meaningfully Address Standing.***  Plaintiff does not dispute that the January 2013 Takedown Notice on which his claims are premised was not addressed to him and had no connection to him in his personal capacity.  See D.E. 53 at 12.  However, he nevertheless claims that the "Notices were directed at him in his personal capacity" because Defendant Leary filed a "civil suit . . . against Plaintiff in his personal capacity" in Nova Scotia.  Id. at 10.  Even if this argument had some logical or legal foundation—which it does not—Plaintiff plainly cannot

---

[1] Although Plaintiff has amended his Complaint twice, Plaintiff's opposition includes numerous new factual allegations, including an affidavit that attaches 4 exhibits, that appear nowhere in his Second Amended Complaint. Plaintiff's attempt to add new factual allegations in a response to a Motion to Dismiss is improper, but even if it were not, the new allegations are irrelevant because they do not support any of the Complaint's 13 Counts, and generally relate to Plaintiff's Canadian litigation with the Trout Point Defendants rather than to NGS.  See Cevallos v. Silva, 541 F. App'x 390, 393-94 (5th Cir. 2013) ("Even if [the] Response stated a claim for relief . . . the complaint must contain either direct allegations on every material point necessary to sustain recovery or contain allegations from which an inference may be fairly drawn that evidence will be introduced at trial.").

[2] In addition, the attachments show that, in 2011, an NGS image that was the subject of an earlier takedown notice was *replaced by* an image from the Ashoka Foundation, which NGS assumes is the source of Plaintiff's confusion on this point.  See D.E. 53-2, p. 4 (September 13, 2011 e-mail to Ashoka from Trout Point advising Ashoka that "National Geographic has had their copyrighted photo removed (see below).  That photo has now been replaced by the blog owner with the photo of Vaughn Perret and I that is Ashoka's copyrighted material.").

establish standing to sue *NGS* simply because its notice was allegedly used by *other defendants* in their Canadian lawsuits against Plaintiff.

Plaintiff also claims that he has standing because he could have been liable for infringement under 47 U.S.C. § 230.  Id. at 12.  But even if that were an accurate statement of the law, it would be irrelevant.  The Takedown Notice did not reference 47 U.S.C. § 230 and did not accuse Plaintiff of copyright infringement as "publisher" of the Slabbed website.  See January 2013 Takedown Notice Compl. Ex. 2 at pages 15–17 [D.E. 1].  Plaintiff's assertions that "there is no evidence on the face of [the January 2013 Takedown Notice] . . . that [it was] . . . ever directed to or at Slabbed New Media, LLC" and that it "was not directed to any specific legal entity," see id. at 11-12, are simply not true.[3]  Even if true, it would simply prove NGS's point.  If the Notice was not directed to any entity, and Plaintiff has disclaimed any connection to the posting in a personal capacity, see Compl. ¶ 126, there is *nothing* to support a conclusion that Plaintiff has suffered "an injury in fact" or is asserting "his . . . own legal rights and interests" as required for standing to exist.  See D.E. 48 at 5-6 (citing cases).  This defect is fatal to all of Plaintiff's claims against NGS and, therefore, requires dismissal.

***Plaintiff Ignores the Critical Defects in his Section 512(f) Claim.***  Plaintiff does not dispute that only an alleged "infringer" can state a claim under Section 512(f), but continues to assert that he has standing as an "infringer" even while maintaining his denial of any personal interest or involvement in the sending of the Takedown Notice.  See D.E. 53 at 10-11 (admissions that "Slabbed New Media LLC [is] the legal owner of the website," that the slabbed.org webpage directs that takedown notices should be directed to the presumed infringer,

---

[3]     In fact, as the exhibits to Plaintiff's Complaint demonstrate, the Takedown Notice was directed to Slabbed's internet service provider, *Dreamhost*, and references a photo posted on a website owned by *Slabbed*, which Plaintiff admits is the "legal owner of the website."  See January 2013 Takedown Notice Compl. Ex. 2 at pages 15–17 [D.E. 1]; D.E. 21 at 2.

"Slabbed New Media, LLC," and that the Takedown Notice was sent to "the slabbed.org webhosts").  This makes no sense.  Exhibits to Plaintiff's Complaint show that the Takedown Notice was not directed to, and did not mention, Plaintiff.  See January 2013 Takedown Notice Compl. Ex. 2 at pages 15–17 [D.E. 1].  This alone is enough to mandate the dismissal of his Section 512(f) claim.

But in addition, Plaintiff has also failed to adequately plead damages.  See D.E. 48 at 12-13.  Plaintiff cannot sustain a claim simply by alleging "a bare procedural violation, divorced from any concrete harm," Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016), and his argument that the DMCA is "akin to a statutorily created intentional tort," D.E. 53 at 14, wherein damages are sufficiently plead when a violation of the statute is plead, is simply incorrect given the Supreme Court's decision in Spokeo.  Plaintiff has not alleged any concrete damages and for this additional reason his Complaint must be dismissed.

***Plaintiff's Description of the Perceived "Conspiracy" Against Him and NGS's Alleged Fraud Do Nothing to Cure the Defects of those Claims***.  Plaintiff narrates a lengthy description of his concocted "conspiracy" involving the institution of litigation in Canada by certain of the other defendants in this action.  See D.E. 53 at 1-7.  But he acknowledges that the "tort" at the heart of the conspiracy and alleged fraud is the Takedown Notices and, as NGS has already explained, a conspiracy claim or civil fraud claim based on alleged violations of the Copyright Act is preempted.  See D.E. 48 at 13-15.

Moreover, because even Plaintiff must admit that NGS did not join the Canadian litigation, D.E. 53 at 14-15, the slender reed which Plaintiff contends satisfies the pleading requirement for an "agreement" to support a conspiracy is his bald assertion that NGS "assigned their rights in the Photographs to the Trout Point criminal conspirators precisely so they could

3

file suit in Canada." Id. This conclusory allegation is nowhere to be found in the Complaint, is contradicted by the exhibits to the Complaint[4] and, even if it could be given any weight,[5] would not satisfy the requirement that Plaintiff make specific allegations of an agreement "to commit an unlawful act" including "how, when and why" NGS would have entered into the supposed agreement. D.E. 48 at 17-18.

Likewise Plaintiff fails to advance any explanation for how his Second Amended Complaint satisfies the seven elements of a Civil Fraud claim that were inadequately plead. See D.E. 53 at 15-17. Plaintiff's conspiracy and fraud claims must be dismissed.

***Plaintiff's Opposition Concedes No Actual Case or Controversy.*** In its memorandum, NGS explained that for an "actual case or controversy" to exist, Plaintiff must allege something more than an assertion by NGS that it owns a copyright. See D.E. 48 at 18-19. Yet Plaintiff acknowledges that NGS has taken no action since filing the January 2013 Takedown Notice (directed towards Slabbed's webhost, not Plaintiff).[6] D.E. 53 at 6. This concession demonstrates that Plaintiff's request for declaratory relief does not involve an actual case or controversy and should be dismissed.

---

[4] See January 2013 Takedown Notice Compl. Ex. 2 at pages 15–17 [D.E. 1].

[5] Statements in briefs, not found in a complaint, cannot be used to controvert a motion to dismiss. See Fin. Acquisition Partners LP v. Blackwell**,** 440 F.3d 278, 291 (5th Cir. 2006) (finding that it was improper to present facts in an opposition to a motion to dismiss that were not in the Complaint).

[6] Throughout his Opposition, Plaintiff repeatedly refers to copyrights that were supposedly assigned by the Ashoka Foundation and muddles those with NGS's copyrighted photo. This has no bearing on the motion, but NGS notes for the record that the studio photograph of Charles Leary that was the subject of the January 2013 Takedown Notice was, and still remains, NGS's copyrighted material. Based on the exhibits to Plaintiff's Complaint, the supposedly "assigned" copyrights relate to photographs taken by the Ashoka Foundation, as evidenced by the different URL addresses noted in the takedown notices. See January 2013 Takedown Notice Compl. Ex. 2 at pages 12–17 [D.E. 1].

**CONCLUSION**

For all the forgoing reasons, Plaintiff's Second Amended Complaint should be dismissed with prejudice against Defendant NGS under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,

DATED: July 28, 2016

/s/ Jonathan P. Dyal
Jonathan P. Dyal (MS Bar No. 99146)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Phone: (228) 864-9900
Facsimile: (228) 864-8221
jdyal@balch.com

Lisa R. Bonanno (admitted *pro hac vice*)
Ellen S. Kennedy (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone: (202) 637-6591
Facsimile: (202) 637-5910
lisa.bonanno@hoganlovells.com
ellen.kennedy@hoganlovells.com

*Attorneys for Defendant National Geographic Society*

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record who have registered with the ECF system.

This the 28th day of July, 2016.

                                                /s/ Jonathan P. Dyal