**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DOUGLAS HANDSHOE**

**v.**                                                    **CIVIL ACTION NO. 1:15cv382-HSO-JCG**

**VAUGHN PERRET, et al.**

**MEMORANDUM OF LAW IN SUPPORT OF**
**ASHOKA'S MOTION TO DISMISS**

Douglas J. Gunn (MS Bar No. 5068)
WATKINS & EAGER PLLC
400 East Capitol Street
Jackson, MS 39201
Phone: (601) 965-1900
Facsimile: (601) 965-1901

*Attorney for Ashoka* (incorrectly named
herein as "The Ashoka Foundation")

DATED: August 4, 2016

# TABLE OF CONTENTS

Page

INTRODUCTION ………………………………………………………………..1

FACTUAL BACKGROUND ……………………………………………………... 2

STANDARD OF REVIEW ……………………………………………………... 3

ARGUMENT …………………………………………………………………..... 5

I.     ALL CAUSES OF ACTION FAIL AS TO ASHOKA BECAUSE THERE ARE
NO VIABLE ALLEGATIONS IN THE SECOND AMENDED COMPLAINT AS TO
ASHOKA'S CONDUCT …………………………………………………... 5

II.    THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM
UNDER SECTION 512(f) AGAINST ASHOKA …………………………….... 6

        A.    Plaintiff Fails to Allege that Ashoka Made Any
Misrepresentation ……………………………………………. 6

        B.    Ashoka Adopts the Arguments Made in National Geographic
Society's Motion to Dismiss and Supporting Memorandum
of Law …………………………………………………………... 8

## TABLE OF AUTHORITIES

CASES:                                                                          Page(s)

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ……………………………………………………. 3, 4

*Bass v. Hirschbach Motor Lines, Inc.*,
    2014 WL 5107594 (S.D. Miss. Oct. 10, 2014) ………………………………….. 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ……………………………………………………. 3, 4

*Bosarge v. Miss. Bureau of Narcotics*,
    796 F.3d 435 (5th Cir. 2015) …………………………………………… 4

*Braswell v. Jackson County, Mississippi*,
    2016 WL 3649976 (S. D. Miss, Jan. 21, 2016) …………………………………… 3

*Del Castillo v. PMI Holdings N. Am. Inc.*,
    2015 WL 3833447 (S.D. Tex. June 22, 2015) ………………………………... 4

*Goley v. Elwood Staffing, Inc.*,
    2016 WL 3648287 (S.D. Miss. July 1, 2016) ………………………………... 4

*King-White v. Humble Indep. Sch. Dist.*,
    803 F.3d 754 (5th Cir. 2015) …………………………………………… 4

*Meek v. Gold Coast Skydivers, Inc.*,
    2016 WL 81812 (S.D. Miss. Jan. 7, 2016) …………………………………….4

*Morris v. PLIVA, Inc.*,
    713 F.3d 774 (5th Cir. 2013) …………………………………………… 4

*Rossi v. Motion Picture Ass'n of Am. Inc.*,
    391 F.3d 1000 (9th Cir. 2004) ………………………………………….. 7

*Semegen v. Weidner*,
    780 F.2d 727 (9th Cir. 1985) …………………………………………… 5

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) …………………………………………… 5

*Walker v. Williamson*,
    131 F. Supp. 3d 580 (S.D. Miss. 2015) ………………………………………… 5

*Ware v. U.S. Bank Nat'l Ass'n*,
    2013 WL 6805153 (S.D. Miss. Dec. 20, 2013) …………………………………. 4

**STATUTES:**                                                   **Page(s)**

Digital Millennium Copyright Act of 1998 ("DMCA"),
    codified as amended at 17 U.S.C. § 512 …………………………………………. *passim*

Fed. R. Civ. P. 9(b) …………………………………………………………………….. 5

Fed. R. Civ. P. 12(b)(6) …………………………………………………… 1, 3, 4, 5, 8

Defendant Ashoka ("Ashoka") [1], by and through undersigned counsel, submits this Memorandum of Law in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

A painstaking review of Plaintiff's scattershot, needlessly wordy Second Amended Complaint, identifies no acts, nor even any omissions of Ashoka, that could explain, much less support, a cause of action against Ashoka at this time. Nowhere in the Second Amended Complaint will the Court locate any alleged act or omission of Ashoka at all. To state a claim under 17 U.S.C. 512(f) against Ashoka, Plaintiff would have to allege some affirmative act relating to the copyrighted material. Here, the only alleged acts are the issuance (by Defendant Charles Leary and the National Geographic Society) of a set of takedown letters (most or all of which were seemingly issued outside the 3 year statute of limitations), which on its face was not sent nor even seemingly copied to Ashoka. Section 512(f) providers that a person who "materially misrepresents . . . (1) that material or activity is infringing" can be liable for any damages (none incurred by Plaintiff are alleged) incurred by the infringer or a copyright owner (Plaintiff is neither) who is injured by such misrepresentation. An affirmative act by the copyright owner in the form of a takedown notice for the image in question – is a necessary element of a § 512(f) claim, but is not alleged as to Ashoka. There must also be an allegation that the defendant in question had *actual knowledge* that it was making a misrepresentation of fact in a takedown notice under the copyright laws– here, Ashoka not only is not plausibly

---

[1] Plaintiff misnamed Defendant Ashoka in the Second Amended Complaint as "The Ashoka Foundation." No such entity exists, as public records would readily have confirmed to a reasonably diligent plaintiff. Ashoka's legal name is "Ashoka." Ashoka is a registered 501(c)(3) organization (in the District of Columbia) which promotes social innovators and entrepreneurs through a variety of programs in 89 different countries.

alleged to have made any representations at all, but is not even plausibly alleged to have knowledge of the various takedown letters identified in the Second Amended Complaint, much less knowledge as to falsity.

In short, because Ashoka is neither plausibly alleged to be a copyright owner who engaged in a misrepresentation in a takedown notice nor a user who allegedly engaged in a misrepresentation in a counter-notice, it should be dismissed with prejudice from this action.

## FACTUAL BACKGROUND

Plaintiff Douglas Handshoe owns Slabbed New Media, LLC, which publishes an online blog called Slabbed. 2d Am. Compl. ¶ 1. In his Second Amended Complaint, Plaintiff asserts that Defendants other than Ashoka – namely, Vaughn Perret, Charles Leary, and Daniel Abel, doing business as Trout Point Lodge Ltd Nova Scotia ("Trout Point Lodge") -- engaged in a "campaign of libel terrorism and related Canadian smear campaigns" against Plaintiff as a result of his blogging activities on Slabbed. *Id.* Slabbed reported on "a massive political corruption scandal, resulting criminal investigation, conviction and incarceration of former Jefferson Parish President Aaron Broussard." *Id.* Slabbed reported that this scandal involved Defendants Perret, Leary, and Abel, doing business as Trout Point Lodge, in an alleged bribery and money laundering scheme. *Id.* As a result of Slabbed's reporting, Plaintiff alleges that Defendants Leary, Perret, and Abel, doing business as Trout Point Lodge, issued a series of takedown notices under the Digital Millennium Copyright Act and instituted defamation litigation proceedings against Plaintiff in Canada. 2d Am. Compl. ¶¶ 14, 42, 44, 52–53, 61, 70.  Plaintiff alleges that National Geographic sent a takedown notice in January 2013 (seemingly outside the 3-year statute of limitations).  2d Am. Compl. ¶56.   The Second Amended Complaint fails to allege that Ashoka was involved in these events. Plaintiff does not allege that Ashoka filed any

2

DMCA takedown notices to Plaintiff or his service providers regarding images or other materials Plaintiff used on Slabbed. Plaintiff does not allege that Ashoka was a party to the Canadian defamation litigation. Instead, Plaintiff alleges only that, at some point in time, Ashoka owned a copyright in an image of Defendants Perret and Leary that was originally published on the Ashoka Changemakers website and was later used on Slabbed. 2d Am. Compl. ¶¶ 93 n.21, 103, 112.

Additionally, (apparently through lack of diligence in checking which images were the subject of which takedown notices), the pleading confuses the Ashoka Changemakers image with a different image owned by the National Geographic Society ("NGS"). *See* 2d Am. Compl. ¶¶ 42, 44, 56. Plaintiff alleges that Ashoka "purportedly owned" or "ostensibly owned" a screen-captured image of Defendant Leary taken from a Flickr account and used on Slabbed. 2d Am. Compl. ¶¶ 42, 44, 56. However, this is plainly on its face (and alleged elsewhere to be) a copyrighted work of NGS, and is not the image published (or even alleged to be published) on any Ashoka website.  Indeed, as the screen capture appears on Slabbed, the image itself displays NGS's copyright directly below the image. See 2d Am. Compl. ¶ 56 n.4 (citing to http://slabbed.org/2011/09/13/hey-everyone-make-certain-to-check-out-charles-learys-picture-on-flickr/). The pleading inexcusably conflates the NGS image with the (distinct) Ashoka Changemakers image throughout the Second Amended Complaint.

## STANDARD OF REVIEW

The applicable standard of review for a Rule 12(b)(6) motion to dismiss has recently been summarized by this court in *Braswell v. Jackson County, Mississippi* as follows:

> To survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (citation omitted). Mere labels and conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Iqbal*, 556 U.S. at 678) (alteration in original).

No. 1:13cv451-HSO-RHW, 2016 WL 3649976, at *3 (S.D. Miss. Jan. 21, 2016).

This Court has also noted that "'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.'" *Goley v. Elwood Staffing, Inc.*, No. 3:15cv277-DPJ-FKB, 2016 WL 3648287 (S.D. Miss. July 1, 2016) (quoting *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted)).

"'The fundamental question is whether the plaintiff states a claim on which relief may be granted.'" *Bass v. Hirschbach Motor Lines, Inc.*, No. 3:14cv360-TSL-JCG, 2014 WL 5107594 (S.D. Miss. Oct. 10, 2014) (quoting *Morris v. PLIVA, Inc.*, 713 F.3d 774, 776 (5th Cir. 2013)). In that regard, and with particular application to the collective nature of the claims made in this case, the Court in *Meek v. Gold Coast Skydivers, Inc.* noted:

> Defendants are separate legal entities for which the Court must determine whether a facially plausible claim exists. For primarily that reason, numerous cases from this and other courts have rejected such collective pleading. *See, e.g., Del Castillo v. PMI Holdings N. Am. Inc.*, No 4:14cv3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct."); *Ware v. U.S. Bank Nat. Ass'n*, No. 3:13CV387DPJ-FKB, 2013 WL 6805153, at *4 (S.D. Miss. Dec. 20, 2013) (dismissing claims without prejudice and noting that plaintiffs "should avoid lumping the defendants together and should instead separately allege the scope of any duties owed and conduct alleged to have breached those duties as to each defendant").

4

No. 2:15cv4-DPJ-FKB, 2016 WL 81812, at *4 (S.D. Miss. Jan 7, 2016).

In addition, with regard to the civil fraud claim (Count 10) in the Second Amended Complaint, Federal Rule of Civil Procedure 9(b) subjects fraud- and conspiracy-based claims to a heightened pleading standard, requiring the pleader to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This heightened standard applies when evaluating a Rule 12(b)(6) motion to dismiss. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Fraud allegations must be specific enough to give the defendant notice of the particular misconduct alleged to constitute the fraud so that the defendant may defend against the charge. *Id.* In general, allegations sounding in fraud must contain an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007). And, "though Rule 9(b) allows for intent to be pleaded 'generally,' it still must be pleaded with enough specificity to meet the requirements of Rule 8." *Walker v. Williamson*, 131 F. Supp. 3d 580, 596 (S.D. Miss. 2015) (citing *Iqbal,* 556 U.S. at 686–87 (2009)).

## ARGUMENT

### I.   ALL CAUSES OF ACTION FAIL AS TO ASHOKA BECAUSE THERE ARE NO VIABLE ALLEGATIONS IN THE SECOND AMENDED COMPLAINT AS TO ASHOKA'S CONDUCT.

The Second Amended Complaint is devoid of allegations as to Ashoka's conduct that would give rise to any of Plaintiff's alleged causes of action. Ashoka is alleged only to have owned, at some point in time, the copyright in an image used on Plaintiff's blog, Slabbed. *See* 2d Am. Compl. ¶¶ 93 n.21, 103, 112. None of the enumerated takedown notices were sent by Ashoka.  Copyright ownership, by itself, is not an act or omission that can support any of Plaintiff's causes of action.    As a result, all alleged causes of action fail as to Ashoka.  Ashoka

5

has been recklessly (mis)named and served in a dispute where it has no cognizable connection to theoretically actionable conduct.

## II.   THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 512(F) AGAINST ASHOKA.

The Second Amended Complaint should be dismissed with prejudice as to Ashoka because Plaintiff failed to allege that Ashoka made any misrepresentation in violation of § 512(f).

### A.   Plaintiff Fails to Allege that Ashoka Made Any "Misrepresentation."

Under Section 512 of the Digital Millennium Copyright Act, copyright owners can follow the notice provisions in § 512(c)(1) to issue a DMCA "takedown notice" in order to hold an infringer liable for online copyright infringement. 17 U.S.C. § 512(c)(1). The DMCA also provides a cause of action for improper use of the takedown notice process. Section 512(f) provides, in relevant part, that any person who knowingly materially misrepresents under Section 512 that material or activity is infringing shall be liable for damages, including costs and attorneys' fees, incurred by the alleged infringer. 17 U.S.C. § 512(f). To state a claim for misrepresentation under § 512(f), a plaintiff must allege that Defendants knowingly materially misrepresented that the challenged use of images infringed on Defendants' copyrights and that Plaintiff was injured as a result of such misrepresentations. *See id.*

Fundamentally, then, a § 512(f) claim requires a misrepresentation *in a takedown notice*. 17 U.S.C. § 512(f). Under § 512(f), such a misrepresentation takes the form of a DMCA takedown notice that improperly alleges copyright infringement. *See* 17 U.S.C. § 512(f). "In § 512(f), Congress included an expressly limited cause of action for *improper infringement notifications*, imposing liability only if the copyright owner's *notification* is a knowing

6

misrepresentation." *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004–05 (9th Cir. 2004) (emphasis added).

Nowhere, however, does the Second Amended Complaint allege that Ashoka made a misrepresentation, because Plaintiff does not allege that Ashoka submitted any takedown notice with respect to any copyrighted image. Indeed, Plaintiff fails to allege that Ashoka took any action whatsoever with respect to Slabbed, the corporate entity which is not a party to the complaint for reasons Plaintiff does not explain or justify. Plaintiff alleges only that Ashoka, at some undetermined period of time (impliedly this was four or more years ago, from the sequence of events sketched out in the complaint and external documents Plaintiff has filed in support of his lawsuit), owned the copyright in an image that Slabbed used in one or more of its posts. *See* 2d Am. Compl. ¶¶ 93 n.21, 103, 112. Copyright ownership, however, cannot by itself support a § 512(f) claim. *See* 17 U.S.C. § 512(f). Rather, misrepresentation under § 512(f) requires just that – the making of an affirmative statement that is knowingly false. *Id.*; *see also* H. Rep. 105-551 ("Defendants who make such a knowing misrepresentation are liable for any damages, including costs and attorneys'' fees, incurred by any of these parties as a result of the service provider's reliance upon the misrepresentation. This subsection is intended to deter knowingly false allegations to service providers in recognition that such misrepresentations are detrimental to rights holders, service providers, and Internet users.") Plaintiff failed to allege that Ashoka made knowingly false allegation to a service provider in a takedown letter, nor has he any plausible basis to allege that Ashoka acted without a good-faith belief, or even acted at all. As a result, the Second Amended Complaint should be dismissed with prejudice as to Ashoka.

**B.    Ashoka Adopts the Arguments Made in National Geographic Society's Motion to Dismiss and Supporting Memorandum of Law**

By way of additional argument, and in the interest of brevity, Ashoka joins in, adopts, and incorporates herein by reference, the arguments raised in the Motion to Dismiss by National Geographic Society, Inc. filed herein on June 30, 2016 at docket numbers (Document #47) and the accompanying Memorandum (Document #48), and Reply (Document #54).

**CONCLUSION**

For the foregoing reasons, Plaintiff's Second Amended Complaint should be dismissed with prejudice as to Defendant Ashoka under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

DATED: August 4, 2016

/s/ Douglas J. Gunn
Douglas J. Gunn (MS Bar No. 5068)
WATKINS & EAGER PLLC
400 East Capitol Street
Jackson, MS 39201
Phone: (601) 965-1900
Facsimile: (601) 965-1901

*Attorney for Ashoka*, incorrectly named herein as "The Ashoka Foundation"

8

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day electronically filed the

foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to

all counsel of record who have registered with the ECF system.

This is the 4th day of August, 2016.

/s/ Douglas J. Gunn