IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                              PLAINTIFF

VS.                                                              CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                                              DEFENDANTS

### DEFENDANT TORSTAR CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

Defendant Torstar Corporation ("Torstar"), by and through its attorneys, moves to dismiss Plaintiff's Second Amended Complaint for Damages, Declaratory and Injunctive Relief ("SAC" or "Complaint") under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) because the SAC fails to state a claim upon which relief can be granted. Alternatively, Torstar moves for summary judgment under Fed. R. Civ. P. 56 because there is no genuine dispute as to any material fact. In support of this Motion, Torstar states:

1. Plaintiff is a Mississippi resident who owns Slabbed New Media, LLC and publishes an online weblog at www.slabbed.org in Mississippi. *See* SAC, at ¶¶2, 31.

2. Torstar Corporation is a Canadian company; its subsidiary operates an online news site titled *The Toronto Star* in Canada. *Id.* at ¶9.

3. Plaintiff's Complaint primarily concerns a series of Digital Millennium Copyright

Act ("DMCA") takedown notices for alleged copyright infringements.

4. The Digital Millennium Copyright Act, (DMCA), entitled the "Online Copyright Infringement Liability Limitation Act," permits service providers who maintain websites to avoid copyright infringement liability for storing users' content if, among other requirements, a service provider removes or disables the content after receiving notification from a copyright holder that the content is infringing. *See* 17 U.S.C. §512(c).

5. As to Torstar, Plaintiff attempts to allege that it "conspired" to send a December 31, 2012 takedown notice. But the takedown notice, on its face, states that it was submitted by Charles Leary of Trout Point Lodge—a co-defendant in this action.

6. Plaintiff additionally alleges that Torstar was involved with a January 18, 2016 takedown notice that related to the subject of the December 31, 2012 takedown notice.

7. Torstar did not author the takedown notices, and it did not authorize any person or entity to send any takedown notices on its behalf.

8. Torstar's only connection to this case stems from the fact that the photograph claimed to be protected by Canadian copyright was published at one point in *The Toronto Star* and is maintained, without controversy, on its website.

9. Plaintiff's SAC should be dismissed because the Plaintiff lacks standing to bring this action against Torstar.

10. In the alternative, Plaintiff's SAC should be dismissed because it fails to state any claim upon which relief can be granted as to Torstar.

11. In the further alternative, summary judgment is appropriate as to Plaintiff's claims against Torstar as there is no genuine dispute as to any material fact.

12. In support of this Motion, Torstar relies upon the pleadings in this action, its

concurrently filed Memorandum of Law and the following exhibits:

    Exhibit A:    The December 31, 2012 takedown notice;

    Exhibit B:    The January 3, 2013 counter-notification;

    Exhibit C:    The January 25, 2016 counter-notification; and

    Exhibit D:    Declaration of Kathy English on behalf of Torstar Corporation;

**WHEREFORE**, Torstar prays that the Court will dismiss Plaintiff's SAC for failure to state a claim upon which relief can be granted or, alternatively, grant summary judgment as to Plaintiff's claims against Torstar as there is no genuine dispute as to any material fact. Torstar also requests any further, general or specific relief as may be deemed appropriate.

Respectfully submitted, this 29th day of August, 2016.

                                TORSTAR CORPORATION

                                By: *s/Robert C. Galloway*
                                ROBERT C. GALLOWAY, MB #4388
                                LUTHER T. MUNFORD, MB #3653
                                META C. DANZEY, MB #103251

                                ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW LLP
1300 Twenty-Fifth Avenue, Suite 204 (39501)
Post Office Drawer 4248
Gulfport, Mississippi 39502
Telephone: (228) 864-1170
Facsimile: (228) 868-1531
E-mail: bob.galloway@butlersnow.com
E-mail: meta.danzey@butlersnow.com

BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste. 1400
Ridgeland, Mississippi 39157
Telephone: (601) 948-5711
Facsimile: (601) 985-4500
E-mail: luther.munford@butlersnow.com

## **CERTIFICATE OF SERVICE**

I, Robert C. Galloway, one of the attorneys for Torstar Corporation, hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

So certified, this 29th day of August, 2016.

                                              *s/Robert C. Galloway*
                                              ROBERT C. GALLOWAY

32514281v1