# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DOUGLAS HANDSHOE**

**v.**                                           **CIVIL ACTION NO. 1:15cv382-HSO-JCG**

**VAUGHN PERRET, et al.**

## REPLY IN SUPPORT OF
## ASHOKA'S MOTION TO DISMISS

                                              Douglas J. Gunn (MS Bar No. 5068)
                                              WATKINS & EAGER PLLC
                                              400 East Capitol Street
                                              Jackson, MS 39201
                                              Phone: (601) 965-1900
                                              Facsimile: (601) 965-1901
                                              dgunn@watkinseager.com

                                              *Attorney for Ashoka* (incorrectly named
                                              herein as "The Ashoka Foundation")

DATED: August 29, 2016

In his lengthy Memorandum of Law in Opposition to National Geographic Society's Motion to Dismiss (Dkt. 60) (the "Opposition"),[1] accompanied by exhibits and legal briefing, Plaintiff Douglas Handshoe seems to be trying to amend his pleading by a brief in opposition. Wholly improper, this is the sort of brief that invites a motion to strike. Ignorance of the rules of pleading by an unrepresented party is no excuse. Plaintiff's harassment of Ashoka, which has had to engage outside counsel to respond and deal with plainly frivolous pleadings and briefing should end now. This Court should dismiss the Second Amended Complaint, with prejudice, as to Ashoka under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The legal claims against Ashoka cannot be substantiated as a matter of law.

I.  **PLAINTIFF MAY NOT, IN EFFECT, AMEND HIS COMPLAINT THROUGH NEW ALLEGATIONS MADE IN BRIEFS.**

Plaintiff cannot deny that his Second Amended Complaint contains no actionable allegations against Ashoka. Instead, in his opposition briefing, Plaintiff attempts to skirt the Federal Rules of Civil Procedure and Fifth Circuit law by briefing new facts against Ashoka, found nowhere in his pleading. As Plaintiff himself acknowledges, it is axiomatic that a Complaint cannot be amended by the brief in opposition to a motion to dismiss: "[A] court may not look beyond the pleadings." Plaintiff's Opp. at 8 (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)). Plaintiff cannot now introduce new facts – in an opposition brief – in an attempt to salvage his claims against Ashoka. Because the Second Amended Complaint

---

[1]  Somewhat confusingly, Docket Numbers 53 and 60 are both styled "Memorandum of Law in Opposition to National Geographic Society's Motion to Dismiss." *See* Dkt. 53 & 60. The second of these two briefs, Docket Number 60, contains arguments and new factual allegations concerning both Ashoka and National Geographic Society. Thus, although Docket Number 60 is styled "Memorandum of Law in Opposition to National Geographic Society's Motion to Dismiss," Ashoka interprets it as a memorandum of law in opposition to both Ashoka's and NGS's motions to dismiss. The clerk's docket annotation on 8/26/16 attempts to clear up some of the confusion created by Plaintiff's erroneous title.

was devoid of factual allegations to support any of Plaintiff's alleged causes of action against Ashoka, the Second Amended Complaint fails to state a claim against Ashoka. As such, this Court should grant Ashoka's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Among the allegations found nowhere in the Second Amended Complaint and appearing for the first time in Plaintiff's opposition briefing are the following:[2]

- Ashoka and National Geographic Society ("NGS") operated a "joint venture/common law partnership."[3] P.'s Opp. Dkt. 60 at 2, 4, 13.

- "The involvement of Ashoka began on September 7 and 8th, 2011 upon the receipt by the Ashoka Foundation of an email from Defendant Charles Leary." P.'s Opp. Dkt. 60 at 2, 9.

- On September 23, 2011, Defendant Leary sent an email to Ng of Ashoka regarding Slabbed's use of a photograph of Defendants Leary and Vaughn Perret. P.'s Opp. Dkt. 60 at 3.

- "On Wednesday, September 28, 2011 Johnathan Ng of Ashoka authorized the first of what would become several takedown notices sent by National Geographic-Ashoka . . . ." P.'s Opp. Dkt. 60 at 3.

---

[2] Ashoka notes that none of these new allegations would be actionable even if they had been included in the Second Amended Complaint.

[3] Plaintiff appears to have invented this new fact from whole cloth; it is plainly false, as Ashoka and NGS are separate 501(c)(3) entities. Aside from the fact that there is no evidence for this statement, this bare allegation wholly fails to meet the pleading standard for conspiracy, which requires an agreement between the parties. These claims have been the subject of prior briefing by National Geographic Society (Dkt #48) which was adopted by Ashoka in its prior brief (Dkt. #56), and which remain the proper subject of dismissal by this Court.

2

- Ashoka submitted a takedown notice to Slabbed's webhost, Automattic, Inc., in September 2011. P.'s Opp. Dkt. 60 at 6.

- Ashoka submitted multiple takedown notices. P.'s Opp. Dkt. 60 at 3–4.

- Ashoka issued a "joint press release with the National Geographic Society" regarding the "Geotoursim [sic] . . . contest that was jointly sponsored by the Ashoka and National Geographic." P.'s Opp. Dkt. 60 at 4, 7.

- Ashoka and NGS jointly sent a takedown notice "by their agent Reagan Mathis on January 7, 2013." P.'s Opp. Dkt. 60 at 11.

- Ashoka and NGS jointly own the copyright in the image at issue in the January 7, 2013 takedown notice. P.'s Opp. Dkt. 60 at 12.

- Both Ashoka and NGS sent takedown notice to Slabbed's webhosts "because they were told to by Charles Leary." P.'s Opp. Dkt. 60 at 10.

- Ashoka "assigned their rights in [the] photos [at issue] to Leary and Perret." P.'s Opp. Dkt. 60 at 7.

- Ashoka participated with the "Trout Point Criminal Conspirators" and NGS in "defamation lawsuits emanating from Canada in January 2013." P.'s Opp. Dkt. 60 at 5.

It is well-settled law in the Fifth Circuit that in ruling on a motion to dismiss under Rule 12(b)(6), "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996); *accord Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice."); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.").

Following this long-standing precedent, this Court has refused to consider new factual allegations and documents included in a plaintiff's opposition to a motion to dismiss when such factual allegations or documents were not included in the plaintiff's complaint. *See, e.g.*, *Banks v. Hazlehurst City Schools*, No. 3:15cv355-DPJ-FKB, 2016 WL 2654369, at *3 (S.D. Miss. May 4, 2016) ("Here, the charge of discrimination included in Plaintiff's Response was neither referenced in nor attached to either the original Complaint or the FAC. Both the original and Amended Complaints reference the charges filed May 7, 2014 and August 11, 2014, not this new charge dated May 12, 2014. As such, it is not part of the pleadings and is not properly before the Court for consideration under Rule 12(b)(6)."); *Okeke v. Am. Express Co.*, No. 3:15cv455-DPJ-FKB, 2015 WL 7078784, at *2 (S.D. Miss. Nov. 13, 2015) ("The Court may not, however, consider the new facts, claims, and documents Plaintiff provided in opposition to the Motion to Dismiss.").

Notwithstanding this established Fifth Circuit law, Plaintiff's Opposition consists almost entirely of new factual allegations about Ashoka, as detailed on pp. 2-3 supra. Nowhere do these new facts appear in the Second Amended Complaint. *See generally* 2d Am. Compl. As such, the

Court should ignore these new factual allegations in ruling on Ashoka's Motion to Dismiss. *See Lovelace*, 78 F.3d at 1017.[4]

## II. THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST ASHOKA.

### A. The Second Amended Complaint Fails to Allege Any Conduct as to Ashoka that Would Give Rise to Plaintiff's Alleged Causes of Action.

As explained in Ashoka's Motion to Dismiss, the Second Amended Complaint contains no allegations as to Ashoka's conduct that would give rise to any of Plaintiff's alleged causes of action. *See* Mem. in Support of Ashoka's Mot. to Dismiss at 5–7. None of the takedown notices enumerated in the Second Amended Complaint were alleged to have been filed by Ashoka. Plaintiff simply failed to allege that Ashoka ever made a misrepresentation in violation of 17 U.S.C. § 512(f). Therefore, the Second Amended Complaint fails to state a claim against Ashoka and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### B. Any Amendment Of The Pleading To Add The "New" Allegations Against Ashoka Would Be Futile Because Such Claims Would Be Grossly Time-Barred; Therefore the Second Amended Complaint Should Be Dismissed With Prejudice.

Even if this Court could hypothetically consider a 2011 takedown letter (i.e., as described in the response to the motion to dismiss), a notice sent <u>six</u> years ago (of which Plaintiff had prompt knowledge) provide no basis on which to sue in June 2016.

---

[4] Additionally, Fifth Circuit law prohibits plaintiffs from raising new allegations in response to a motion to dismiss in an attempt to circumvent the rules for requesting leave to amend their complaint. *See, e.g.*, *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (refusing to treat claims raised by the plaintiff for the first time in response to a motion to dismiss as a request for leave to amend); *Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed. App'x 790, 796–97 (5th Cir. 2014) (same). Thus, this Court should not interpret the new allegations in Plaintiff's opposition briefing as an implied request for leave to amend his Second Amended Complaint.

Civil actions under Title 17 of the U.S. Code, including misrepresentation claims under § 512(f), must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A copyright claim accrues when a plaintiff is on notice that they have a potential claim. *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 341 (5th Cir. 1971). That is, a copyright claim accrues "when [the party] knew or had reason to know of the injury upon which the claim is based." *Jordan v. Sony BMG Music Entm't Inc.*, 354 Fed. App'x 942, 945 (5th Cir. 2009). Thus, the Fifth Circuit has explained that a plaintiff is time-barred from bringing copyright claims against a defendant when the plaintiff knows of alleged violations that occurred more than three years before filing suit. *See Jaso v. Coca Cola Co.*, 537 Fed. App'x 557, 560 (5th Cir. 2013) (stating that although the plaintiff first learned of alleged infringement in 1994, but did not file suit until 2010, plaintiff could sue for copyright infringement only for alleged violations occurring within 3 years of his filing suit, i.e., after 2007).

Plaintiff filed his Second Amended Complaint on June 17, 2016. Plaintiff never alleges—either in the Second Amended Complaint nor is it asserted in his opposition briefing—that Ashoka took any action on or after June 17, 2013, three years before he filed his Second Amended Complaint. *See generally* 2d Am. Compl.; P.'s Opp. Dkt. 60. As Ashoka has previously explained, the Second Amended Complaint is devoid of any allegations as to Ashoka's conduct that would give rise to any of Plaintiff's alleged causes of action. *See* Mem. in Support of Ashoka's Mot. to Dismiss, at 5–7. Even if the new facts in Plaintiff's Opposition Briefing were judicially cognizable, there are still no facts alleged as to Ashoka's conduct that occurred on or after June 17, 2013. Reading Plaintiff's Opposition briefing liberally, Plaintiff states that Ashoka exchanged emails with Charles Leary and submitted takedown notices in September 2011 and January 2013. *See* P.'s Opp. Dkt. 60 at 2–3, 6, 11. Importantly, Plaintiff

6

acknowledges in his Second Amended Complaint that he had immediate notice of both the September 2011 takedown notice, *see* 2d Am. Compl. ¶ 56 n.8 (citing to a Slabbed blog post in which Plaintiff wrote: "Well folks, what can I say except ol' Charlie [Leary] can't shut us up so he has been running around to the copy write [sic] police bitching about us, so I am temporarily using another photo on this post while I, WordPress and Raegan Mathis of National Geographic sort this out"), and the January 2013 takedown notice. *See* 2d Am. Compl. ¶58 (stating "Plaintiff . . . submitted a counter notification on January 8, 2013 to the National Geographic DMCA Takedown Notice and disabled the screen capture of the Flickr webpage").

Thus, even if this Court could consider the new allegations in Plaintiff's opposition briefing, they all occurred well outside the Copyright Act's three-year statute of limitations, Plaintiff was on notice well outside the three-year statute of limitations that these events had occurred, and Plaintiff failed to bring his claims within that three-year statutory period. *See* 17 U.S.C. § 507(b). As such, even if they had been adequately pled, all of Plaintiff's alleged claims against Ashoka would be barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, Plaintiff's Second Amended Complaint should be dismissed with prejudice as to Defendant Ashoka under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

DATED: August 29, 2016

/s/ Douglas J. Gunn
Douglas J. Gunn (MS Bar No. 5068)
WATKINS & EAGER PLLC
400 East Capitol Street
Jackson, MS 39201
Phone: (601) 965-1900
Facsimile: (601) 965-1901

*Attorney for Ashoka*, incorrectly named herein as "The Ashoka Foundation"

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record who have registered with the ECF system.

This is the 29th day of August, 2016.

/s/ Douglas J. Gunn