**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DOUGLAS HANDSHOE**                                                                 **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 1:15cv382HSO-JCG**

**VAUGHN PERRET,** *et al*.                                                          **DEFENDANTS**

---

**MOTION OF VAUGHN PERRET AND CHARLES LEARY TO DISMISS THE**
**SECOND AMENDED COMPLAINT, and in the alternative, MOTION TO**
**STRIKE or FOR MORE DEFINITE STATEMENT**

---

Defendants Vaughn Perret ("Perret") and Charles Leary ("Leary") respectfully request that the Court dismiss the Second Amended Complaint ("complaint").[1]  Alternatively, these Defendants request that the complaint be stricken in whole or in part, or that the Plaintiff be required to amend for a more definite statement of the claims he seeks to bring before the Court.  These alternative motions rely upon Fed. R. Civ. P. 8(a through d), 9(a)(2) and (b), 12(b)(1, 6, and 7), 12(e), 12(f)(2), and 17(a), the constituent doctrines of *res judicata* and standing; the realization that Perret and Leary are not state actors, and those motions and memoranda in which Perret and Leary herein join.

As further set forth in the memorandum in support of this motion (supplementing the joined motions and memoranda), there are a number of infirmities in the complaint sufficient to warrant dismissal, or in the absence of that relief, to be stricken in whole or part, and Handshoe thereafter be required to be plead with requisite, material specificity the factual allegations and claims for relief sought reasonably calculated so that a defendant could fairly be expected to frame an answer without undue burden, harassment or expense.

---

[1]  Use of "complaint" throughout the motion is intended to refer to the Second Amended Complaint together with the Exhibits adopted by reference to it having been exhibited to previous versions of the complaint.

The complaint violates nearly all of the tenets of Fed. R. Civ. P. 8(a)(1) requires a short and plain statement of the grounds for the court's jurisdiction. The first sentence of paragraph 12 of the complaint suffices to the Rule's purpose. Paragraph 13 is nothing more than a combination of spurious, conclusory, and self-evidencing statements not relevant to jurisdiction. The first sentence of paragraph 14 suffices while the remainder of the paragraph is objectionable.

Rule 8(a)(2) required Handshoe to constrain himself to "a short and plain statement of the claim showing the pleader is entitled to relief . . ."   Yet, the putative factual allegations are, with extraordinarily limited exception, little more than scandalous and immaterial accusations, briefs on points of law, and conclusory, self-serving statements without relationship to the putative claims. The overall nature of the complaint makes it unduly burdensome if not a practical impossibility for these defendants to "state in short and plain terms [their] defenses to each claim" and "admit or deny the allegations asserted against [them]." *See,* Fed. R. Civ. P. 8(b)(1)(A, B).  Compliance with Rule 8(c)(1) is, given the "shotgun" nature of the complaint, including the tacit re-litigation of issues spanning a host of other lawsuits in this Court and other courts is made unduly burdensome and expensive in light of Plaintiff's failure to comply with Rule 8.

It is plain on the face of the complaint that the Plaintiff lacks any capacity or authority to bring the claims for which judgment is demanded. Likewise, the Plaintiff is not a real party in interest as required by Rule 17(a)(1) nor a recognized exception.

Finally, Plaintiff does not have standing to bring claims for which judgment is demanded. These infirmities deprive this Court of subject matter jurisdiction.

In view of the foregoing, the complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  Further, the complaint fails in many respects to state a cause of action upon which relief could be granted, and should be dismissed pursuant to Rule 12(b)(6).

Counts One through Nine allege damage in the nature of harm to "Plaintiff's free speech rights". Count Ten alleges a scheme to defraud Plaintiff of his First Amendment rights. Count Eleven alleges a conspiracy to do so. Each of those counts fail on their face to state a cause of action upon which relief can be granted, and the Constitution does not guarantee those rights from interference by private individuals in any case.

In the event that the Court does not dismiss the complaint, these Defendants move that the complaint be stricken in its entirety. As is eloquently stated in L.U. Civ. R. 5.2(a), "information and data that formerly were available only by a review of the court's physical case files will be available to the world, openly, publicly, and near-instantaneously."[2]  At a minimum and in the alternative, the Court should order Handshoe to make a more definite statement of his claims against each Defendant, briefly and plainly alleging only those things material and necessary to those claims, and thus excising the vast majority of this complaint.

In addition to the foregoing enumerated grounds, Perret and Leary join in, adopt, and incorporate by reference the following insofar as they are applicable to all of the claims against them, to specifically include the claims arising under counts One through Thirteen of the complaint:

| Docket #: | Document Name: |
|---|---|
| 48 | Memorandum in Support of Motion to Dismiss by National Geographic |
| 54 | Reply to Response to Motion re #48 by National Geographic's |
| 55 | Motion to Dismiss by Ashoka |
| 56 | Memorandum in Support re #55 by Ashoka |
| 66 | [Reply to] Response to #55 by Ashoka |

---

[2] Directed primarily to "personal and sensitive" information as delineated in the rule, it is nonetheless true that the several pages of the complaint doubtless with purpose make scandalous and harassing allegations (incidentally, as to these defendants, which are not true) and subjecting them to further harassment by the Plaintiff's efforts to use this Court's docket as a forum where he may post his vitriol with imagined impunity.

Page 3 of 4

Respectfully submitted, September 30, 2016.

_____/s/ Jason B. Purvis_____
Jason P. Purvis (MS Bar No. 100873)
PURVIS & CO, PLLC
14110 Airport Rd, Suite A
Gulfport, MS 39503
Telephone: 228-206-7174
jpurvis@purviscolaw.com

*Attorneys for Vaughn Perret and Charles Leary*

### CERTIFICATE OF SERVICE

I, Jason B. Purvis, an attorney for VAUGHN PERRET and CHARLES LEARY, hereby
certify that, on this day, I electronically filed the foregoing pleading or other paper with the Clerk of
the Court via the Mississippi Electronic Courts system which provides service on all counsel of
record.  Persons not participating in MEC have been served by other means as indicated below for
each (if any):

          None

So certified on this, this the 30th day of September, 2016.

_____/s/ Jason B. Purvis_____