**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DOUGLAS HANDSHOE**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:15cv382HSO-JCG**

**VAUGHN PERRET,** *et al.*                                              **DEFENDANTS**

---

**MEMORANDUM IN SUPPORT OF MOTION OF VAUGHN PERRET AND
CHARLES LEARY TO DISMISS THE SECOND AMENDED
COMPLAINT and in the alternative, MOTION TO STRIKE
or FOR MORE DEFINITE STATEMENT**

---

Defendants Vaughn Perret ("Perret") and Charles Leary ("Leary") ground the relief sought in their motion to dismiss (secondarily, to strike in whole or part, or for more definite statement) on the following:

**Introduction**

In the interest of judicial economy, and in view of their well-stated memoranda, Perret and Leary here adopt the main of the relevant statements of factual background provided by the responding Co-Defendants (## 48, 56, 65) with respect to the Second Amended Complaint.[1]  It must be noted, though, that Perret and Leary are, and have long been, among the dearest objects of the Plaintiff's abuse.

To perhaps better explain the genesis of this and the many other suits spanning the state and federal courts of Mississippi and Louisiana, as well as the courts of Nova Scotia (undeserving of Plaintiff's derision), certain roles must be re-cast.  From what may well have been the bad deeds of other, unrelated persons came a well spring of starkly tenuous, unsupportable, and ultimately false and unfair insinuations of wrongdoing by, among the many others, Perret and Leary.  They rightfully

---

[1] Hereinafter, for brevity and simplicity, "the complaint."

took exception.  Like others with the seeming misfortune to attract the Plaintiff's ire,[2] they took action that, by all appearances, spawned – bitterly ironic in view of the complaint before this Court – a smear campaign and repeated, strategic, and harassing legal actions (read "libel terrorism") by the Plaintiff of the kind he unabashedly accuses them.

The foregoing statements are not, as some may be tempted at first blush to assume, responsive dispersions.  They are necessary to draw the Court's attention to the elemental nature of the complaint at issue, the most recent part of "the latest chapter in a long-running feud orchestrated by the Plaintiff…," (# 65 at p. 2), and the injustice that requiring these Defendants to respond to it would allow to be perpetrated.

Also necessary to the Court's understanding, it is respectfully contended, is to note that, while the Plaintiff seems to have cherry-picked the Civil Cover Sheet (# 1-1), identifying just two related cases in this Court, viz., 1:12-cv-00090 and 1:14-cv-00159, there are many others: 1:12-cv-00038, 1:13-cv-00251, 1:13-cv-00254, 1:14-cv-00241, and 1:16-cv-00007.[3]  Further, in addition to the successful actions brought by Perret and Leary in Canada, yet other actions have been brought in the state courts of Mississippi and Louisiana.  While the relationship that Handshoe draws to the two cases he chose to list is not apparent, the relationship of this litigation to all of the foregoing is material; not only because the collection of the Plaintiff's assertions throughout follow a familiar theme that illuminate his underlying purpose woven through the burgeoning, rambling, and ultimately unsound complaint now before the Court, but perhaps from the standpoint of the potential *res judicata* effect of them on Plaintiff's putative claims in this case.

---

[2] *See*, Yount v. Handshoe, 171 So.3d 381 (2015), a case in which the Plaintiff is alleged to have accessed the divorce file of a man that had served process on him and posted an explicit drawing by the man's 13-year old son on Plaintiff's website, for the purpose (as alleged) of harassing the man.
[3] There's also a previous case against Torstar, 1:15-cv-00113.

And a more sinister purpose may be at work in the complaint. The Plaintiff makes much of "public court records," and the information freely available in them. The litany of immaterial, defamatory accusations in the complaint should not be allowed to provide for the Plaintiff the coveted forum that exists beyond liability for his words and actions. To do so would flaunt this Court's own admonition that "information and data that formerly were available only by a review of the court's physical case files will be available to the world, openly, publicly, and near-instantaneously." L.U. Civ. R. 5.2(a).

### Facts Arguably Relevant to this Action

There are a very limited number of the factual allegations to be gleaned from the "bewildering complexity"[4] of the complaint that may said to bear on the claims attempted by the complaint. They are those involving the takedown notices identified by the Plaintiff:

The Takedown Notice of December 13, 2012

The Takedown Notice of December 14, 2012

The Takedown Notice of December 31, 2012

The Takedown Notice of January 7, 2013

The Takedown Notice of February 15, 2014

The Takedown Notice of February 18, 2014

The Takedown Notice of April 1, 2014

Assuming for this point alone that the complaint were not fatal for its failures to state causes of action, the factual allegations material to the Takedown Notices are the matters to which the Plaintiff should be limited in his pleadings. To hold otherwise, respectfully, will create an unwieldy proliferation of continued excesses by the Plaintiff and the attendant expense of defending against them.

---

[4] Torstar's memorandum, # 65 at p. 1.

## Argument

*Basic Rules of Pleading*

Fed.R.Civ.P. 1 provides for the rules to be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.  Rule 8 frames for litigants the most basic and practical aspects of pleading in keeping with the spirit of Rule 1.  Rule 12 provides the Court an avenue to address pleadings that fail to heed the admonition.

The Second Amended Complaint fails the most basic tenets of Rule 8(a)(1) and (2).  Those splendid failures makes it virtually impossible, and certainly both unwise and shamefully burdensome, for these Defendants to plead in defense consistent with their obligations under Rule 8(b).

Possessed as these Defendants are of a number of potential affirmative defenses, including *res judicata*, limitations, and other of the defenses that, under Rule 8(c), must be affirmatively plead, nonetheless there is so much of questionable (intended) import and materiality in the morass of the factual allegations of the complaint that these Defendants cannot reasonably be expected to attempt to frame those affirmative defenses; doing so would be unduly burdensome, difficult, expensive, and demeaning.

Seemingly by design, the complaint utterly and completely ignores Rule 8(d)'s requirement that <u>each allegation be simple, concise, and direct</u>.  To require these Defendants to respond not only to the confusing and immaterial parts, but to the vitriol that peppers the complaint for no obviously better reason than to harass and annoy would be an injustice.

The jurisdictional allegations of the complaint are populated with scandalous and immaterial statements, all but a select few of the allegations said to be factual have any relationship to the claims

attempted to be forth, and it presents in all of its form a bleak valley through which no litigant should ever have to pass.

*The Claims – Standing and "Rules Standing"*

Perret and Leary have adopted the Standing argument of Co-Defendant National Geographic (# 48).  Beyond the jurisdictional parameters of Standing, Rules 9 and 17 are a form of "rules standing" that must be addressed.  Pursuant to Rules 9(b) and 17(a)(1), the complaint must be dismissed.

The complaint attempts to craft a story in which Handshoe the incorporeal being in the form of a detached publisher…or perhaps an educator…has a seemingly absolute and unfettered right to yell fire in whatever movie house he chooses while, in the same space and time yet somehow dimensionally different, Handshoe the Individual has no connection whatever to the published material.  That dissociation, as the story goes, still affords to Handshoe the Individual purchase from which to champion the cause of the unconnected publisher and the publication.  The laws of this world, however, do not recognize those fanciful distinctions.

An individual cannot, from the tall grass, spring forth with sword in hand to defend the rights of a separate, legally-cognizable entity; here being Slabbed New Media, LLC, and proclaiming himself "Handshoe the Publisher" does not mystically endow the Plaintiff with the ability.

The Plaintiff simply lacks the authority to bring this suit in his own name.  Moreover, Slabbed New Media, LLC is the real party in interest under the causes of action attempted by the Plaintiff.

*Impairment of First Amendment Right as Damage – Element Not Met*[5]

Counts One through Nine allege damage in the nature of harm to "Plaintiff's free speech rights". Count Ten alleges a scheme to defraud Plaintiff of his First Amendment rights. Count Eleven alleges a conspiracy to do so. Each of those counts fail on their face to state a cause of action upon which relief can be granted, the Constitution not providing for damages based on alleged interference with those rights by private individuals.

*Dismissal Under 12(b)(1) and 12(b)(6) is Appropriate*

Rule 12 provides the mechanism for dismissing the Complaint based upon the foregoing together with the motions of Co-Defendants as adopted herein and in Perret and Leary's motion. Beyond a lack of standing, patent still in the face of the bald attempt to assert rights but keep duties distant from the ambit of the Court, each of the of the claims for relief are elementally flawed. More, the claims for declaratory relief – actually nothing more than an attempt by the Plaintiff to get a hall pass for future questionable acts of claimed "speech" – are not ripe; nor is the party that must assert them before this Court.

*Motion to Strike or for More Definite Statement*

Should the Court not dismiss the complaint outright, it should be stricken, or in the alternatively, the Plaintiff ordered to provide a more definite statement, eliminating immaterial factual assertions, pleading materials facts and claims for relief with requisite specificity, and confining himself to brief and plain allegations related to those things material and necessary to those claims, and thus excising the vast majority of this complaint.

---

[5] These Defendants have adopted the motions and memoranda of Co-Defendants with respect to the claims arising under the DMCA, 17 U.S.C. § 512, as well as those arising under Civil Fraud, Civil Conspiracy, and Declaratory Judgment relief.

**Conclusion**

In all of its allegations, the complaint recklessly defames, insults, and accuses, it leans solely upon its own understanding – of history, of the law, of the thoughts of men it obviously despises. It carries to yet another forum a sordid – and false – tale. What it does not do in its many pages is comport in many respects with the Federal Rules of Civil Procedure or any lawful basis for recovery. It is respectfully contended that this complaint is not so much a burden to the wisdom of Solomon; rather it calls for the swift sword of Alexander to part this Gordian Knot.

Respectfully submitted, September 30, 2016.

_/s/ Jason B. Purvis_
Jason P. Purvis (MS Bar No. 100873)
PURVIS & CO, PLLC
14110 Airport Rd, Suite A
Gulfport, MS 39503
Telephone: 228-206-7174
jpurvis@purviscolaw.com

_Attorneys for Vaughn Perret and Charles Leary_

**<u>CERTIFICATE OF SERVICE</u>**

I, Jason B. Purvis, an attorney for VAUGHN PERRET and CHARLES LEARY, hereby certify that, on this day, I electronically filed the foregoing pleading or other paper with the Clerk of the Court via the Mississippi Electronic Courts system which provides service on all counsel of record.  Persons not participating in MEC have been served by other means as indicated below for each (if any):

   None

 So certified on this, this the 30th day of September, 2016.

          /s/*Jason B. Purvis*