IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 17 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| DOUGLAS HANDSHOE ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:15cv382-HSO-JCG |
| ) | |
| VAUGHN PERRET, CHARLES LEARY & ) | |
| DANIEL ABEL, D/B/A/ TROUT ) | |
| POINT LODGE LTD OF NOVA SCOTIA ) | |
| & IN THEIR INDIVIIDUAL CAPACITIES ) | |
| PROGRESS MEDIA GROUP LIMITED, ) | |
| MARILYN SMULDERS, TORSTAR ) | |
| CORPORATION, NATIONAL ) | |
| GEOGRAPHIC SOCIETY INC., & THE ) | |
| ASHOKA FOUNDATION ) | |
| ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO VAUGHN PERRET AND CHARLES LEARY'S MOTION TO DISMISS

**COMES NOW INTO COURT**, Plaintiff Douglas Handshoe, in his individual capacity and as Publisher of Slabbed New Media, LLC and submits this Memorandum of Law in Opposition to Vaughn Perret and Charles Leary's Motion to Dismiss [ECF #75]. In support thereof he respectfully submits the following:

### INTRODUCTION

The salient facts and background are stated in Plaintiff's response to National Geographic's Motion to Dismiss at ECF #53 and his response to Ashoka's Motion to Dismiss at ECF #60, which he expressly incorporates into this Opposition to Dismissal.

Not surprisingly, Defendants Perret and Leary now attempt to recast themselves as the innocent victims of Plaintiff's ire. However, a plain read of the posts published by Plaintiff detailing Perret's and Leary's use of the Canadian courts to suppress public inquiry into their roles assisting Aaron Broussard with his bribery scheme as well as money laundering the fruits

1

of the ill-gotten bribes shows the journalistic accounts relied in large part on court filings and affidavits submitted by Perret and Leary themselves, a self-serving and constantly changing story where the Defendants claimed in sworn affidavits that a Louisiana Media Company over the air broadcast in January 2010 damaged their lucrative business relationship with a Louisiana Domiciled LLC called Nova Scotia Enterprises[1] which they claimed owned River Bend Lodge to the defendant's third Nova Scotia Defamation lawsuit against instant Plaintiff before this court in SPEECH Act claims where they now admit that Nova Scotia Enterprises, LLC never owned anything of value in Nova Scotia.[2] The only consistency in the Defendant's ever changing story lies in its inconsistency. Their attempt to now recast themselves as innocent victims will not survive even the most basic scrutiny.

## LAW AND ARGUMENT

## STANDARDS FOR DISMISSAL

Defendant's Leary and Perret do not cite a single case to support their Motion to Dismiss. Notably they omitted the Takedown Notices they sent in January, 2016, during the pendency of this litigation[3], from their Motion to Dismiss along with any discussion of the dismissal of SPEECH Act count.[4]. Plaintiff can only assume the Defendants do not dispute these are viable Causes of Action which this Court has jurisdiction to adjudicate.

A claim must be dismissed, pursuant to Rule 12(b)(1), "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party seeking to invoke the court's subject

---

[1] *Trout Point Lodge et al v Louisiana Media Company LLC* filed in Yarmouth Nova Scotia
[2] The defining event between these two civil actions filed in 2010 and 2013 respectively is the United States Attorney for the Eastern District of Louisiana revealing that Nova Scotia Enterprises LLC was a Broussard bribery scheme.
[3] Second Amended Complaint Count 9
[4] Second Amended Complaint Count 13

matter jurisdiction has the burden of establishing that such jurisdiction exists. *Hartford Ins. Group v. LouCon Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

Rule 12(b)(6) motions are disfavored in the law, and a court will rarely encounter circumstances that justify granting them. *Mahone v. Addicks Utility District of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). A court may dismiss a claim only when it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations found in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A motion to dismiss should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him or her to relief. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). The claimant is not required to set out in detail the facts upon which the claim is based. Rather, the Rules require that the claim simply give the defendant "fair notice." *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination*, 507 U.S. 163, 168 (1993). Further, a court may not look beyond the pleadings. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The court must accept as true the allegations in the complaint, and must view the allegations in the light most favorable to the plaintiff. Id. The allegations in the claim need only give the defendants fair notice of the nature of the claim and the grounds on which it rests. See *Mahone*, 836 F.2d at 926. The Rules also dictate that the pleadings be liberally construed "as to do substantial justice." Id.

## I. PLANITIFF HAS THE PROPER STANDING TO BRING THIS ACTION

The Defendant's argument that Plaintiff in his personal Capacity and as publisher of Slabbed New Media is not the "alleged infringer" is belied by their own emails as well as statements made to this Court and others as to the identity of the alleged infringer the various Canadian lawsuits and Take Down notices were directed. While Plaintiff whole heartedly agrees with the

3

defendants that, given the facts and circumstances of this matter, there is no way under the law that Plaintiff in his personal capacity could have infringed on any copyrights there is no doubt the Notices were directed at him in his personal capacity and as Publisher of Slabbed New Media. The initial email from Charles Leary to the Ashoka Foundation contained in Exhibit 1 to the Affidavit in Support of this Motion dated September 8, 2011[5] makes this abundantly clear:

> This photo-located at http://www.changemakers.com/es/stories/trout-point-lodge-makingchange-happen-place-place-has now, however, been republished by someone who is stalking, harassing, threatening, and defaming us. **We have filed a civil law suit in Nova Scotia against the owner/publisher of the blog slabbed.wordpress.com**

The owner of the blog at that time was clearly Slabbed New Media, LLC, but the related civil suit was purposely filed only against Plaintiff in his personal capacity and as Publisher with the legal owner of the website completely disregarded. Slabbed New Media LLC, the legal owner of the website, was disclosed on the face of every web page associated with the website clearly listing itself as the legal owner of the interactive website via a copyright disclosure, which stated[6]:

> Slabbed supports the Creative Commons
>
> Slabbed by Slabbed New Media LLC is licensed under a Creative Commons Attribution-ShareAlike 3.0 United States License. Permissions beyond the scope of this license may be available at www.slabbed.org/contact.

The websites contact page clearly listed the legal owner of the website. Had certain of the Defendants actually visited the website before sending takedown notices, they would have discovered a contact page which said:

---

[5] By that time Plaintiff's had filed and then amended its first Nova Scotia defemation lawsuit styled *Trout Point et al v. Doug K. Handshoe*, clearly aimed at Plaintiff in his personal capacity.

[6] Per web captures of the interactive website by Archive.org. Both the August 5, 2012 and the February 4, 2013 site captures contained the identical language as quoted. Plaintiff avers this same language has been continuously displayed on the website since January, 2012.

4

> Slabbed welcomes reader input. If you have a question or comment contact Slabbed New Media via email.
>
> DMCA Notices & other legal inquiries should be sent via email to Slabbed New Media LLC.
>
> US Mail:
> Slabbed New Media, LLC
> Post Office Box 788
> Wiggins, MS 39577-0788
>
> Courier service:
> Slabbed New Media LLC
> 110 Hall Street
> Wiggins, MS 39577

Finally, while the documentary evidence associated with the first round of Takedown Notices clearly indicates that National Geographic sent the Takedown Notices to the Slabbed.org webhosts simply because they were told to by Charles Leary, there is no evidence on the face of any of the takedown notices at issue that they were ever directed to or at Slabbed New Media, LLC as the alleged infringer. However, the incorporation of the United States Takedown notices into civil suits in Nova Scotia directed at Plaintiff in his personal capacity and as publisher of "slabbed.org", the website owned by Slabbed New Media, LLC with such fact openly disclosed in the Defendant's internal communications conclusively proves the alleged infringer within the meaning of Section 512(f) was Plaintiff as Publisher of the website owned by Slabbed New Media, LLC and in his personal capacity.

Finally, both Charles Leary and Vaughn Perret made it abundantly clear their complete disregard of the legal owner of the website on May 27, 2016 when they wrote the following:[7]

> Slabbed New Media is a sham business, a blogging hobby for its sole proprietor, who seeks to illegitimately wrap himself in court protection and limit liability for his intentional injurious acts.

---

[7] In Re: Slabbed New Media, LLC, Case Number 15-50963-KMS, ECF#92, Page 9

It is well settled that under Section 230 of the Communications Decency Act at 47 U.S.C. § 230 that publishers of "Interactive Computer Services" can be held liable for Copyright Infringement by specifically exempting the Copyright Act from the scope of the law.[8]

Plaintiff points to the fact that the Takedown Notices sent by the Defendants was not directed to any specific legal entity. However, Defendants own actions and correspondence clearly illustrate the alleged infringer within the meaning of Section 512(f) was Plaintiff as Publisher and in his personal capacity as owner of Slabbed New Media, LLC, which was completely disregarded in each of the derivative Canadian actions which sought to litigate United States Copyright matters.

In any event as Publisher, Plaintiff has absolute standing to sue on behalf of his acts as publisher and in this instance personally as the documentary evidence clearly indicates the takedown notices were directed at him exclusively in those capacities.

## PLAINTIFF HAS ADEQUATELY PLEAD HIS DAMAGES

Plaintiff has adequately pleaded his damages. "Section 512(f) provides for the recovery of "any damages, including costs and attorneys['] fees, incurred by the alleged infringer . . . who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing . . . ." 17 U.S.C. § 512(f)." Lenz v. Universal Music Corp. 815 F.3d 1145 (9th Cir. 2016) "We hold a plaintiff may seek recovery of nominal damages for an injury incurred as a result of a § 512(f) misrepresentation." Id.[9]

In this instant matter, the Defendants contend Plaintiff must show "concrete harm" to adequately plead his damages. The Court in Lenz, judging the very amended complaint from

---

[8] 47 U.S.C. § 230(e)(2)
[9] The fact that the Defendant's interrupted valuable business relationships that in turn damaged the value of Slabbed New Media, LLC is abundantly clear from the facts as plead in the Second Amended Complaint.

which Plaintiff heavily borrowed salient verbiage to style his allegations found the concept of damages under Section 512(f) to be far more encompassing than what the Defendants claim finding, "Section 512(k) provides a definition for "monetary relief" as "damages, costs, attorneys['] fees, and any other form of monetary payment." The term "monetary relief" appears in § 512(a), (b)(1), (c)(1), and (d), but is notably absent from § 512(f). As a result, the damages an alleged infringer may recover under § 512(f) from "any person" are broader than monetary relief. Id. "Because Congress specified the recovery of "any damages," we reject Universal's contention that Congress did not indicate its intent to depart from the common law presumption that a misrepresentation plaintiff must have suffered a monetary loss." Lenz may seek recovery of nominal damages due to an unquantifiable harm suffered as a result of Universal's actions. The DMCA is akin to a statutorily created intentional tort whereby an individual may recover nominal damages for a "knowingly material misrepresentation under this section" Id

## DEFENDANT'S MOTION TO STRIKE IS WITHOUT SUPPORT

Defendants Perret and Leary claim the Second Amended Complaint is deficient. Rule 8(a) requirement that "a short and plain statement of the claim showing that the pleader is entitled to relief" does not mandate page limits or define the term "short", rather, it "requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory"[10] The Defendant's tortious conduct literally spans several years thus it naturally follows the Complaint detailing it would be lengthy. In this instant matter, each of the elements necessary to sustain recovery has been well elucidated by the Plaintiff.

---

[10] *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001)

## CONCLUSION

For all the foregoing reasons, the Amended Complaint should not be dismissed with respect to the Defendant's Leary and Perret.

Respectfully submitted this 17th day of October, 2016,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on October 17, 2016 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

Respectfully submitted this 17th day of October, 2016,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com