IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                    PLAINTIFF

v.                                                       CIVIL ACTION No. 1:15-cv-382-HSO-JCG

VAUGHN PERRET, et al                                                              DEFENDANTS

## ORDER TO SHOW CAUSE WHY DEFENDANT DANIEL ABEL SHOULD NOT BE DISMISSED

This cause is before the Court *sua sponte*. Plaintiff Douglas Handshoe filed his Second Amended Complaint (ECF No. 44) on June 17, 2016. On September 15, 2016, he filed a Motion for Extension of Time to Serve Process (ECF No. 69), in which Plaintiff sought an extension of ninety (90) days to serve the Second Amended Complaint upon Defendant Daniel Abel. The undersigned found that the extension requested by Plaintiff was excessive because Plaintiff provided no evidence to support his insinuation that Mr. Abel was evading service of process, and granted Plaintiff an extension of twenty (20) days in which to complete service of process with regard to Mr. Abel.[1] (ECF No. 74, at 2). Further, the undersigned warned Plaintiff, "No further extensions for service of process would be granted absent a showing of extraordinary circumstances." *Id.* Plaintiff's deadline to properly serve Mr. Abel with the Second Amended Complaint and file proof of such service was October 18, 2016. To date, no proof of service has been filed for Mr. Abel.

Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the

---
[1] It should also be noted that Plaintiff filed this lawsuit on November 16, 2015, and that Plaintiff successfully served Defendant Abel with both the Original Complaint and the First Amended Complaint on February 26, 2016 (ECF No. 39).

> plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). Plaintiff has not timely served Mr. Abel despite having been previously granted an extension of time to do so. Defendant Daniel Abel must therefore be dismissed without prejudice unless Plaintiff can show good cause for the failure to timely serve Mr. Abel. *Id.*

Accordingly, **IT IS HEREBY ORDERED** that on or before December 22, 2016, Plaintiff shall file a response showing cause why Defendant Daniel Abel should not be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for Plaintiff's failure to timely serve Defendant Abel. Plaintiff is warned that if he does not file a timely response to the Court's order, his claims against Defendant Abel may be dismissed without prejudice and without further notice to Plaintiff.

**SO ORDERED**, this the 14th day of December, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE