# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

DEC 15 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE )
)
)
v. )  CIVIL ACTION NO. 1:15cv382-HSO-JCG
)
VAUGHN PERRET, CHARLES LEARY & )
DANIEL ABEL, D/B/A/ TROUT )
POINT LODGE LTD OF NOVA SCOTIA )
& IN THEIR INDIVIIDUAL CAPACITIES )
PROGRESS MEDIA GROUP LIMITED, )
MARILYN SMULDERS & ASHOKA )
)
)

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
## TO FILE AMENDED COMPLAINT

**MAY IT PLEASE THE COURT:**

This Memorandum in Support of Motion for Leave to File Amended Complaint is respectfully submitted by Plaintiff, Douglas Handshoe.

### LAW AND ARGUMENT

Pursuant to Federal Rules of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a) "permit[s] liberal amendment to facilitate determination of claims on the merits,"[1] imposing serious restrictions on the judge's discretion to deny the motion. Absent a strong, declared reason for the denial, a reviewing court will hold the denial of a Rule 15(a) motion to be an abuse of discretion.[2]

Federal Rules of Civil Procedure 20(a)(2) provides that multiple defendants be joined in one action as defendants if:

---

[1] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (Former 5th Cir. Nov. 1981)
[2] Foman v. Davis, 371 U.S. 178, 182 (1962)

*(A) any right to relief is asserted against them jointly, severally, or in the*

*alternative with respect to or arising out of the same transaction, occurrence, or series of*

*transactions or occurrences; and*

*(B) any question of law or fact common to all defendants will arise in the action.*

Plaintiff now concedes the common law torts related to conspiracy are likely preempted by the Copyright Act. Therefore, in order to streamline this matter all of the allegations are now completely contained within the Copyright Act and the SPEECH Act.

Copyright misuse "forbids the use of the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office".[3] The purpose of the misuse doctrine is to prevent copyright holders "from leveraging their limited monopoly to allow them control of areas outside the monopoly".[4]

Copyright Misuse is a recognized defense[5] in cases where infringement has been alleged. In this instant matter the Defendants sent multiple Takedown Notices under United States law before forum shopping those notices involving United States copyrights to Canada where the infringement torts were combined by the Defendants in a Defamation Action, the resulting component judgments of which are before this Court. This kind of mixing of common law torts with claims of infringement is specifically preempted under section 301 of the Copyright Act. The defense of misuse can be properly alleged in a declaratory action.

---

[3] *Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 977–79 (4th Cir.1990)*

[4] *Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1157 (9th Cir.2011)*

[5] *Alcatel USA, Inc. v. DGI Technologies, Inc., 166 F.3d 772 (5th Cir.1999)*

The existing Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings as the fact set is common to each one of them. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this matter. Consistent with the liberal standard that applies to motions to amend under Rules 15(a)(2), the Court should therefore grant Plaintiff's motion.

The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed third amended complaint. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits.

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, by the new facts alleged by the Plaintiff in the proposed amendment, since the Defendants have first-hand knowledge of the roles that they played in the facts at issue. Additionally, the case remains at an early stage with a mutually agreed stay of discovery in place[6] thus there will be little additional cost to the existing defendant in connection with the new claim. Plaintiff does not anticipate that any additional amendments will be necessary.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible. Where the proposed amendment is not clearly futile, denying leave to amend on this ground is not proper.

---

[6] See also the December 1, 2016 text only order staying proceedings by Magistrate Garguilo pursuant to Local Uniform Civil Rule 16(b)(3)(B),

Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed second amended complaint, which is attached as Exhibit 1 to this Memorandum. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend and join additional parties.

## CONCLUSION

For the reasons identified above, Plaintiff respectfully requests that the Honorable Court grant Plaintiff's motion for leave to file the proposed amended complaint. .

Respectfully submitted this 15th day of December 2016,

_____

Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com

4

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on December 15, 2016 the foregoing was sent

for electronically filing by me via the Clerk of the Court using the ECF system which sent

notification to all counsel of record upon filing by the Clerk.


Respectfully submitted this 15th day of December, 2016,



Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com