# EXHIBIT 3

CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA

CASE NO. 2013-5029           SECTION                    DIVISION: I

DANIEL G. ABEL
VERSUS
DOUGLAS K. HANDSHOE, ET AL.

FILED: _____
                                    DEPUTY CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RESPONSE TO MR. TRUITT'S MOTION TO RE-SET BOND
FOR COSTS AND NOTICE THAT THIS SAME MATTER
DENIED BY THE TRIAL COURT, WAS APPEALED BY MR. TRUITT
AND THAT BOTH THE FOURTH CIRCUIT COURT OF APPEAL AND
THE LOUISIANA SUPREME COURT RULED AGAINST
MR. TRUITT'S REQUEST FOR A BOND FOR COSTS
ON 22 OCTOBER 2014 AND 13 FEBRUARY 2015**

**May It Please the Court:**

It is important for the Court to recall that It has ruled on this matter and that Mr. Truitt has appealed this matter to the Louisiana Fourth Circuit Court of Appeal and the Louisiana Supreme Court; both Courts have unanimously denied his request for a bond for costs. The Fourth Circuit Court of Appeal denied Mr. Truitt's writ with specific language noting Its denial of the bond for costs issues on 22 October 2014. The Louisiana Supreme Court unanimously denied Mr. Truitt writ on the bond issue on 13 February 2016. Ms. Gill-Jefferson was not counsel of record for Mr. Truitt at the time.

It is also important to note that Ms. Gill-Jefferson has not provided this Court with a memorandum of law and an affidavit from Mr. Truitt which is required for a bond for costs. The Court should understand why Ms. Gill-Jefferson and Mr. Truitt have a right to request a bond for costs on matters which this Court has already vacated and which all upper Courts have confirmed.

**MR. ABEL RE-URGES ALL FACTS AND LAW IN HIS OPPOSITION AND AFFIDAVIT
ALREADY IN THE RECORD OF THIS COURT AND IN THE RECORD OF THE FOURTH CIRCUIT
AND IN THE RECORD OF THE LOUISIANA SUPREME COURT WHICH RULED IN HIS FAVOR**

Abel filed an opposition to Mr. Truitt's original bond for costs and an affidavit in support of the facts and evidence supporting his opposition. Those are in the record of this case and are still pertinent to the motion to re-set this matter.

Mr. Abel re-urges all facts and law set forth in his original opposition and his affidavit which

Page 1 of 3

was filed in this Court, filed with the Fourth Circuit, and filed with the Louisiana Supreme Court. Each of the upper Courts confirmed the Trial Court's vacating and denying Mr. Truitt's request for a bond of costs. So, why is Mr. Truitt now requesting a bond for costs at this time?

### MR. TRUITT IS ATTEMPTING TO PREVENT ART. 971 FEE AND COSTS JUDGMENTS IN THIS COURT AND IN THE FIFTH CIRCUIT WHICH HAS ENTERED SUCH JUDGMENTS AGAINST HIM

It is an attempt to circumvent the fees owed to Mr. Abel as the prevailing party in his art. 971 motion in this case [which fees are mandatary by Louisiana law] and because of related rulings against Mr. Truitt and Mr. Handshoe in the 24th JDC and the Louisiana Fifth Circuit Court of Appeal which have sui sponte awarded fees against Mr. Truitt and Mr. Handshoe; both fees are to paid by Mr. Truitt and Mr. Handshoe personally.

The federal courts in Mississippi have dismissed the cases Mr. Handshoe filed against Mr. Abel noting his misrepresentation in the pleadings. The federal bankruptcy court in Mississippi has been put on notice of the fraudulent filing of a bankruptcy notice in this case which never contained Slabbed.org or Slabbed New Media, LLC [the parties that filed for bankruptcy] as defendants.

### IMPORTANT TO KNOW WHAT MR. TRUITT TOLD MS. GILL-JEFFERSON?

Ms. Gill-Jefferson was not counsel of record for Mr. Truitt when he brought the motion for a bond for costs, or when the Trial Court denied that motion, or when Mr. Truitt took writs on that ruling to the Fourth Circuit Court of Appeal and to the Louisiana Supreme Court. It is important to know what Mr. Truitt has told his attorney about the bond for costs matter and its being decided by the Trial Court and all upper Courts, against Mr. Truitt.

Since Ms. Gill-Jefferson has signed the pleading to re-set the hearing—under art. 863 as required by the civil code—and she has stated that the Trial Court never ruled on the matter, it is important to know where that conclusion came from. As the file has volumes of pleadings it is presumed that Ms. Gill-Jefferson did not review the file in the Clerk's office and that the conclusion that the bond for costs matter had never been heard, came from Mr. Truitt. Not only has the matter been heard, but heard by all three Courts and decided by each Court against Mr. Truitt.

### CONCLUSION AND REQUEST FOR SANCTIONS & COSTS

The request for a re-hearing on a bond for costs, is an attempt to circumvent the fees owed to Mr. Abel as the prevailing party in his art. 971 motion in this case [which fees are mandatary by Louisiana law] and because of related rulings against Mr. Truitt and Mr. Handshoe

in the 24th JDC and the Louisiana Fifth Circuit Court of Appeal which have sui sponte awarded fees against Mr. Truitt and Mr. Handshoe; both fees are to paid by Mr. Truitt and Mr. Handshoe personally. The Trial Court in Jefferson Parish found that Mr. Truitt and Mr. Handshoe acted in convert doing all things involving slabbed.org and their defamation and cyber-stalking of certain individuals including in the Jefferson Parish case, a minor child.

It is important to recall that Mr. Abel was told by the Court that no hearing on his fee matter was set for November, and therefore there was no need to appear. No one but Ms. Gill-Jefferson appeared. Mr. Abel's fee motion was dismissed without prejudice although he was told that it was not set for hearing.

For the reasons re-urged in Mr. Abel's original oppositions and motion to vacate and his affidavit and as this matter has been ruled upon by the Trial Court, the Fourth Circuit Court of Appeal and the Louisiana Supreme Court, the hearing should not go forward and if argued, it should be denied once again as it was in 2014 and by the Louisiana Supreme Court in 2015.

As this motion to re-set the bond hearing is a misrepresentation of facts Mr. Abel should be awarded all costs and sanctions available under Louisiana law and related hereto.

### JURAT

| | |
|---|---|
| Respectfully Submitted, | E-Served All on 24 February 2016. |
| /s/ Daniel G. Abel | /s/ Daniel G. Abel |

Daniel G. Abel
2421 Clearview Parkway
Legal Department - Suite 106
Metairie, LA 70001
Telephone: 504.284.8521
Facsimile: 888.577.8814
danielpatrickegan@gmail.com

*Nota Bene*: This Re-urged Opposition and Notice is filed on 24 February 2016, because Mr. Abel was waiting and expecting a memorandum and affidavit from Mr. Truitt to be filed in support of this motion to re-set the bond for costs hearing—as required by the civil code—to which Mr. Abel would have responded. As no such has been filed Mr. Abel can only re-urge all facts and law which he provided to the Trial Court, the Fourth Circuit and the Louisiana Supreme Court when each of these Courts denied Mr. Truitt's prior requests.