IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS HANDSHOE | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:15CV382-HSO-JCG |
| | § | |
| | § | |
| VAUGHN PERRET, *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S [82] MOTION FOR LEAVE TO FILE THIRD
AMENDED COMPLAINT; AND DENYING WITHOUT PREJUDICE
ASHOKA FOUNDATION'S [55] MOTION TO DISMISS AND VAUGHN
PERRET AND CHARLES LEARY'S [75] MOTION TO DISMISS**

BEFORE THE COURT are the following Motions:  (1) a Motion [55] to

Dismiss filed by Defendant Ashoka Foundation; (2) a Motion [75] to Dismiss and, in

the Alternative, Motion to Strike or for More Definite Statement, filed by

Defendants Vaughan Perret and Charles Leary; and (3) a Motion [82] for Leave to

File Third Amended Complaint filed by pro se Plaintiff Douglas Handshoe.  After

due consideration of the Motions, the related pleadings, the record, and relevant

legal authority, the Court finds that Plaintiff's Motion [82] for Leave to File Third

Amended Complaint should be granted, and that Ashoka Foundation's Motion [55]

and Vaughn Perret and Charles Leary's Motion [75] should each be denied without

prejudice.

Plaintiff shall file his Third Amended Complaint on or before **January 27,**

**2017**.  Plaintiff must serve all Defendants who have not appeared in this action

with new summonses and his Third Amended Complaint, in the manner required

by Federal Rule of Civil Procedure 4, and must file the proper proofs of service with the Clerk of Court, all by **April 27, 2017**.

## I. BACKGROUND

Pro se Plaintiff Douglas Handshoe ("Plaintiff" or "Handshoe") is "sole owner and publisher of Slabbed New Media, LLC, the owner of the website located at www.slabbed.org." 2d Am. Compl. [44] at 10. According to Plaintiff, Defendants have submitted "takedown notices" pursuant to 17 U.S.C. § 512 "in an attempt to force Plaintiff, as Publisher and agent for Slabbed New Media, LLC to take down constitutionally protected free speech in the form of journalistic posts to the Slabbed New Media LLC website . . . ." *Id.* at 5. Plaintiff maintains that these takedown notices were "aimed at Plaintiff Handshoe as Publisher of Slabbed New Media, LLC and ultimately in his personal capacity and Plaintiff's media company in their domiciliary in Mississippi." *Id.*

Plaintiff filed a pro se Civil Complaint for Damages, Declaratory and Injunctive Relief [1] in this Court on November 16, 2015, followed by a First Amended Complaint for Damages, Declaratory and Injunctive Relief [9] on December 8, 2015. On February 10, 2016, Plaintiff filed a Motion [29] for Leave to File Second Amended Complaint. The Court granted Plaintiff's Motion [29] and directed Plaintiff to file his Second Amended Complaint [29] by June 17, 2016. Order [43] at 7.

The Court further ordered Plaintiff to "serve all Defendants who have not appeared in this action with new summonses and his Second Amended Complaint,

in the manner required by Federal Rule of Civil Procedure 4, and . . . file the proper proofs of service with the Clerk of Court, all by **September 15, 2016**." *Id.* at 7-8 (emphasis in original).

Plaintiff filed his Second Amended Complaint for Damages, Declaratory and Injunctive Relief [44] on June 17, 2016. The Second Amended Complaint [44] names as Defendants Vaughn Perret, Charles Leary, and Daniel Abel, doing business as Trout Point Lodge Ltd. of Nova Scotia and in their individual capacities; Progress Media Group Limited; Marilyn Smulders; Torstar Corporation; National Geographic Society; and Ashoka Foundation, and advances claims of misrepresentation pursuant to 17 U.S.C. § 512(f), 2d Am. Compl. [44] at 32-48, and claims for fraud, civil conspiracy, and declaratory relief, *id.* at 48-53.

Defendant Ashoka Foundation filed its Motion [55] to Dismiss on August 4, 2016, and Defendants Vaughn Perret and Charles Leary filed their Motion [75] to Dismiss, and in the Alternative, Motion to Strike or for More Definite Statement, on September 30, 2016. On September 15, 2016, Plaintiff filed a Motion [69] for Extension of Time to Serve Process upon Defendant Daniel Abel, alleging that Abel was evading service of process. The Magistrate Judge granted Plaintiff until October 18, 2016, to properly serve Abel and file proof of such service. Order [74] at 2.

On December 14, 2016, the Magistrate Judge entered an Order [81] to Show Cause Why Defendant Daniel Abel Should Not be Dismissed. Plaintiff filed a Motion for Leave to File Third Amended Complaint [82] the next day, attaching a

-3-

proposed Third Amended Complaint [83-1] as an exhibit to his Memorandum [83].

The proposed Third Amended Complaint [83-1] names as Defendants Vaughn

Perret, Charles Leary, and Daniel Abel, doing business as Trout Point Lodge Ltd. of

Nova Scotia and in their individual capacities; Progress Media Group Limited;

Marilyn Smulders; and Ashoka.  The proposed pleading includes eight counts of

misrepresentation under 17 U.S.C. § 512(f), 3d Am. Compl. [83-1] at 34-48, along

with claims for declaratory relief, *id.* at 49-53.  On December 22, 2016, Plaintiff

filed a Response [84] to the Magistrate's Order to Show Cause and related

Affidavits and documents [85].

## II.  DISCUSSION

A.   Plaintiff's Motion [82] for Leave to File Third Amended Complaint will be
     granted.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should

freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The language

of this rule evinces a bias in favor of granting leave to amend, and a district court

must possess a substantial reason to deny a request."  *SGIC Strategic Glob. Inv.*

*Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016)

(quotation omitted).  According to the United States Court of Appeals for the Fifth

Circuit, "[a] district court should examine five considerations to determine whether

to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory

motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue

prejudice to the opposing party, and 5) futility of the amendment."  *Id.* (quotation

omitted).

In light of Rule 15's liberal standard favoring amendments and due to Plaintiff's pro se status, Plaintiff's Motion [82] will be granted.  The Court cannot say at this time that Plaintiff's request to amend is futile as to all claims and all Defendants named in the Third Amended Complaint.  Plaintiff shall file his Third Amended Complaint with the Clerk of Court by **January 27, 2017**.  Plaintiff must serve all Defendants who have not appeared in this action with new summonses and his Third Amended Complaint, in the manner required by Federal Rule of Civil Procedure 4, and must file the proper proofs of service with the Clerk of Court, all by **April 27, 2017**.

This is Plaintiff's Third Amended Complaint.  This case has been pending for over a year, and the Court has not yet been able to conduct a case management conference.  **Plaintiff is cautioned that the Court may not be grant him leave to file another amended pleading should he file such a request to do so.**

B.  Plaintiff is warned that should he fail to properly serve any Defendant, and/or fail to file proper notice of said service by April 27, 2017, any unserved Defendant or Defendants may be dismissed without prejudice without further notice.

Federal Rule of Civil Procedure 4(m) provides that

[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff must serve all Defendants who have not appeared in this action with new summonses and his Third Amended Complaint, in the manner required by Federal Rule of Civil Procedure 4, and must file the proper proofs of service with the Clerk of Court, all by **April 27, 2017**. **Plaintiff is warned that should he fail to properly serve any Defendant, and/or fail to file proper notice of said service by April 27, 2017, any unserved Defendant or Defendants may be dismissed without prejudice without further notice**.

C.   Ashoka's Motion [55] to Dismiss and Perret and Leary's Motion [75] to Dismiss and, in the Alternative, Motion to Strike or for More Definite Statement, should be denied without prejudice.

Because Ashoka's Motion [55] to Dismiss and Perret and Leary's Motion [75] to Dismiss were both filed as to the Second Amended Complaint [44] and do not address all claims and allegations contained in the Third Amended Complaint, the Court will deny these Motions without prejudice, with leave to reassert after Plaintiff files his Third Amended Complaint.

### III.   CONCLUSION

Given the standard under Rule 15, Plaintiff's Motion for Leave to File Third Amended Complaint [82] will be granted. Ashoka's Motion [55] to Dismiss and Perret and Leary's Motion [75] to Dismiss and, in the Alternative, Motion to Strike or for More Definite Statement, will both be denied without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Douglas Handshoe's Motion for Leave to File Third Amended Complaint [82] is **GRANTED**, and Plaintiff shall file his Third Amended Complaint into the record

on or before **January 27, 2017**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Douglas Handshoe must serve all Defendants who have not appeared in this action with new summonses and his Third Amended Complaint, in the manner required by Federal Rule of Civil Procedure 4, and must file the proper proofs of service with the Clerk of Court, all by **April 27, 2017**.  Plaintiff is warned that should he fail to properly serve any Defendant, and/or fail to file proper notice of said service by **April 27, 2017**, any unserved Defendant or Defendants may be dismissed without prejudice without further notice to Plaintiff, unless he is able to show good cause for such failure.  *See* Fed. R. Civ. P. 4(m).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [55] to Dismiss filed by Defendant Ashoka Foundation is **DENIED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [75] to Dismiss and, in the Alternative, Motion to Strike or for More Definite Statement, filed by Defendants Vaughan Perret and Charles Leary is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 20th day of January, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

-7-