# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DOUGLAS HANDSHOE**

**v.**  **CIVIL ACTION NO. 1:15cv382-HSO-JCG**

**VAUGHN PERRET, et al.**

## MEMORANDUM OF LAW IN SUPPORT OF
## ASHOKA'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

        Douglas J. Gunn (MS Bar No. 5068)
        WATKINS & EAGER PLLC
        400 East Capitol Street
        Jackson, MS 39201
        Phone: (601) 965-1900
        Facsimile: (601) 965-1901

        *Attorney for Ashoka*

DATED:  February 9, 2017

US-DOCS\80577467.1

## TABLE OF CONTENTS

Page

INTRODUCTION ……………………………………………………………………………..1

FACTUAL BACKGROUND …………………………………………………………………….2

STANDARD OF REVIEW ……………………………………………………………………4

ARGUMENT ………………………………………………………………………….......5

I.      THE THIRD AMENDED COMPLAINT FAILS TO STATE A CLAIM
UNDER SECTION 512(f) AGAINST ASHOKA …………………………….......5

        A.    Plaintiff Fails to Allege that the September 2011 Takedown Notice
Contained Misrepresentations Under Section 512(f)……………………6

        B.    Any Section 512(f) Claim With Respect to the September 2011
Takedown Notice is Time-Barred Under the Copyright Act's
Statute of Limitations………………………………………………7

        C.    Plaintiff Fails to Allege that Ashoka Made Any Misrepresentations
In Connection With the December 2012 and February 2014
Takedown Notices……………………………………………………8

## TABLE OF AUTHORITIES

**CASES:**                                                                                                          Page(s)

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ……………………………………………………………..4, 5

*Bass v. Hirschbach Motor Lines, Inc.*,
    2014 WL 5107594 (S.D. Miss. Oct. 10, 2014) ……………………………………….5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ……………………………………………………………..4, 5

*Bosarge v. Miss. Bureau of Narcotics*,
    796 F.3d 435 (5th Cir. 2015) …………………………………………………….4

*Braswell v. Jackson County, Mississippi*,
    2016 WL 3649976 (S. D. Miss, Jan. 21, 2016) …………………………………….4, 5

*Del Castillo v. PMI Holdings N. Am. Inc.*,
    2015 WL 3833447 (S.D. Tex. June 22, 2015) ……………………………………...5

*Goley v. Elwood Staffing, Inc.*,
    2016 WL 3648287 (S.D. Miss. July 1, 2016) ……………………………………….5

*Handshoe v. Abel*,
    2016 2016 WL 110519 (S.D. Miss. Jan. 8, 2016) …………………………………….7

*King-White v. Humble Indep. Sch. Dist.*,
    803 F.3d 754 (5th Cir. 2015) …………………………………………………….4

*Makedwde Pub. Co. v. Johnson*,
    37 F.3d 180 (5th Cir. 1994) ……………………………………………………...7

*Meek v. Gold Coast Skydivers, Inc.*,
    2016 WL 81812 (S.D. Miss. Jan. 7, 2016) ………………………………………….5

*Morris v. PLIVA, Inc.*,
    713 F.3d 774 (5th Cir. 2013) ……………………………………………………5, 9

*Rossi v. Motion Picture Ass'n of Am. Inc.*,
    391 F.3d 1000 (9th Cir. 2004) …………………………………………………...8, 9

*Ware v. U.S. Bank Nat'l Ass'n*,
    2013 WL 6805153 (S.D. Miss. Dec. 20, 2013) …………………………………….5

**S**TATUTES**:** **Page(s)**

Digital Millennium Copyright Act of 1998 ("DMCA"),
    codified as amended at 17 U.S.C. § 512 ……………………………………. *passim*

Fed. R. Civ. P. 12(b)(6) ……………………………………………………………………1, 4, 9

Defendant Ashoka ("Ashoka"), by and through undersigned counsel, submits this Memorandum of Law in Support of its Motion to Dismiss Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

This is the latest chapter in Plaintiff's legal battles with Defendants Charles Leary, Vaughn Perret, and Daniel Abel, doing business as Trout Point Lodge Limited of Nova Scotia (collectively, the "Trout Point Lodge Parties") in connection with a series of blog posts about a political scandal in Louisiana. In early 2010, Plaintiff began blogging extensively about a political corruption scandal in Jefferson Parish, Louisiana, involving a politician named Aaron Broussard. In his blog posts, Plaintiff attempted to connect the Trout Point Lodge Parties to the scandal. In response, the Trout Point Lodge Parties brought suit against Plaintiff in Canada for defamation. This merely added fuel to Plaintiff's fire, and Plaintiff brought a number of his own lawsuits against these parties and others, adding to a litigious morass in which this matter is just one of at least five lawsuits. Ashoka – a global 501(c)(3) organization that identifies and invests in leading social entrepreneurs – simply has no legally cognizable connection to Plaintiff or his long-running legal and political battles with the Trout Point Lodge Parties.

Plaintiff's Third Amended Complaint is his fourth attempt to legally drag Ashoka – a disinterested and neutral bystander at best – to this fight. Ashoka's scant link involves a photograph that Plaintiff used without permission on his blog. This photograph, which depicts Leary and Perret, originally appeared on Ashoka's "Changemakers" website in a profile of Trout Point Lodge (as a participant in a Geotourism initiative run jointly with National Geographic's Center for Sustainable Destinations).

1

Plaintiff has – for a fourth time – failed to allege facts that support any cause of action against Ashoka, under the Copyright Act or otherwise.  Section 512(f) of the Copyright Act provides that a "person who knowingly materially misrepresents . . . that activity is infringing" can be liable for any damages incurred by the infringer.  Here, Plaintiff alleges that Ashoka violated § 512(f) in connection with four takedown notices filed with Plaintiff's web host demanding that the web host remove a photograph owned by Ashoka that Plaintiff used without permission on his blog.  However, Plaintiff fails to state a claim against Ashoka with respect to each of these four takedown notices.

- First, Plaintiff fails to allege that the 2011 takedown notice contained any misrepresentation at all in violation of § 512(f).
- Second, any claim arising from the alleged 2011 takedown notice is time-barred under the Copyright Act's three-year statute of limitations.
- Finally, with respect to three other takedown notices, Plaintiff never alleges (as he could not do so) that Ashoka had any factual or legal connection to these notices; Plaintiff thereby fails to allege that Ashoka made any representation or misrepresentation at all with respect to Plaintiff's infringing conduct.  As a result, Plaintiff fails to state a claim against Ashoka under § 512(f).

Because Plaintiff has failed – in his fourth attempt – to allege that Ashoka submitted a takedown notice containing material misrepresentations in violation of § 512(f), Ashoka should be dismissed with prejudice from this action.

**FACTUAL BACKGROUND**

Plaintiff Douglas Handshoe owns Slabbed New Media, LLC, which publishes an online blog called Slabbed. 3d Am. Compl. ¶ 1.  In his Third Amended Complaint, Plaintiff asserts that

2

Defendants Vaughn Perret, Charles Leary, and Daniel Abel, doing business as Trout Point Lodge Limited of Nova Scotia (collectively, the "Trout Point Lodge Parties"), engaged in a "campaign of libel terrorism and related Canadian smear campaigns" against Plaintiff as a result of his blogging activities on Slabbed. *Id.* Slabbed reported on "a massive political corruption scandal, resulting criminal investigation, conviction and incarceration of former Jefferson Parish President Aaron Broussard." *Id.* Slabbed reported that this scandal involved Defendants Perret, Leary, and Abel, doing business as Trout Point Lodge, in an alleged bribery and money laundering scheme. *Id.*

Ashoka is a non-profit organization that has pioneered the global field of social entrepreneurship. Its only connection to the legal disputes between the Trout Point Lodge Parties and Plaintiff (which have been ongoing since 2010) relates to Plaintiff's unauthorized use of a photograph of Defendants Leary and Perret on his blog in 2011. This photograph was originally published on Ashoka's Changemakers website in a profile of Trout Point Lodge as an example of geotourism and social entrepreneurship. Plaintiff used this photo without copyright permission on his blog in a series of posts regarding the Broussard political scandal.[1] Following receipt of a copyright complaint, on or about **September 28, 2011**, Ashoka issued a takedown notice under the Digital Millennium Copyright Act ("DMCA") with Automattic, Inc., the web host for Plaintiff's blog, requesting that Automattic remove the image from the blog. *See* 3d Am. Compl. ¶ 33. Subsequently, having no legal interest or stake in the matters in dispute between the Trout Point Lodge Parties and the Plaintiff, Ashoka abandoned its copyright interest,

---

[1] The photograph of Defendants Leary and Perret first appeared on Plaintiff's blog **on September 8, 2011**. *See* D. Handshoe, "Slabbed solves the mystery on the shores of the Tusket River in Nova Scotia as we reveal the Trout Point connection to the Jefferson Parish political Corruption Scandal," SLABBED, http://slabbed.org/2011/09/08/slabbed-solves-the-mystery-on-the-shores-of-the-tusket-river-in-nova-scotia-as-we-reveal-the-trout-point-connection-to-the-jefferson-parish-political-corruption-scandal/ (last accessed Feb. 6, 2017).

3

by assigning its rights in the photograph to Defendant Leary.  3d Am. Compl. ¶ 58.  Defendant Leary – who at this point had all rights to the photo of Leary and Perret – then issued a series of takedown notices to Plaintiff's web host with respect to the image.  Leary filed these takedown notices on December 13, 2012, December 14, 2012, and February 15, 2014 (the "December 2012 and February 2014 takedown notices").  3d Am. Compl. ¶¶ 41–44, 67.  Plaintiff pleads no facts or circumstances connecting Ashoka to these later notices, nor could he, as Ashoka's passing connection to the matter had long expired.

## STANDARD OF REVIEW

The applicable standard of review for a Rule 12(b)(6) motion to dismiss was summarized by this Court in *Braswell v. Jackson County, Mississippi* as follows:

> To survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).
>
> In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff.  *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (citation omitted).  Mere labels and conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Iqbal*, 556 U.S. at 678) (alteration in original).

No. 1:13cv451-HSO-RHW, 2016 WL 3649976, at *3 (S.D. Miss. Jan. 21, 2016).

This Court has also noted that "'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.'" *Goley v. Elwood Staffing, Inc.*, No. 3:15cv277-DPJ-FKB, 2016 WL 3648287, at *2 (S.D. Miss. July 1, 2016) (quoting *Iqbal*, 556 U.S. at 679

4

(internal quotation marks omitted)).

"'The fundamental question is whether the plaintiff states a claim on which relief may be granted.'" *Bass v. Hirschbach Motor Lines, Inc.*, No. 3:14cv360-TSL-JCG, 2014 WL 5107594, at *2 (S.D. Miss. Oct. 10, 2014) (quoting *Morris v. PLIVA, Inc.*, 713 F.3d 774, 776 (5th Cir. 2013)). In that regard, and with particular application to the collective nature of the claims made in this case, the Court in *Meek v. Gold Coast Skydivers, Inc.* noted:

> Defendants are separate legal entities for which the Court must determine whether a facially plausible claim exists. For primarily that reason, numerous cases from this and other courts have rejected such collective pleading. *See, e.g.*, *Del Castillo v. PMI Holdings N. Am. Inc.*, No 4:14cv3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct."); *Ware v. U.S. Bank Nat. Ass'n*, No. 3:13CV387DPJ-FKB, 2013 WL 6805153, at *4 (S.D. Miss. Dec. 20, 2013) (dismissing claims without prejudice and noting that plaintiffs "should avoid lumping the defendants together and should instead separately allege the scope of any duties owed and conduct alleged to have breached those duties as to each defendant").

No. 2:15cv4-DPJ-FKB, 2016 WL 81812, at *4 (S.D. Miss. Jan 7, 2016).

**ARGUMENT**

**I. THE THIRD AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER SECTION 512(F) AGAINST ASHOKA.**

In his Third Amended Complaint, Plaintiff again fails to state a claim against Ashoka for misrepresentation in violation of § 512(f). First, Plaintiff fails to allege that the September 2011 takedown notice filed by Ashoka contained any misrepresentations in violation of § 512(f). Second, any claim with respect to the September 2011 takedown notice is time-barred by the Copyright Act's three-year statute of limitations. Finally, Plaintiff fails to allege that Ashoka filed any additional takedown notices at all; thus, Plaintiff fails to allege that Ashoka made any misrepresentation in violation of § 512(f). As a result, the Third Amended Complaint should be dismissed with prejudice as to Ashoka.

5

A.  **Plaintiff Fails to Allege that the September 2011 Takedown Notice Contained Misrepresentations Under Section 512(f).**

Under Section 512 of the Digital Millennium Copyright Act, copyright owners can follow the notice provisions in § 512(c)(1) to issue a DMCA "takedown notice" in order to hold an infringer liable for online copyright infringement.  17 U.S.C. § 512(c)(1).  The DMCA also provides a cause of action for improper use of the takedown notice process.  Section 512(f) provides, in relevant part, that any person who knowingly materially misrepresents under Section 512 that material or activity is infringing shall be liable for damages, including costs and attorneys' fees, incurred by the alleged infringer.  17 U.S.C. § 512(f).  To state a claim for misrepresentation under § 512(f), a plaintiff must allege that Defendants knowingly materially misrepresented that the challenged use of images infringed on Defendants' copyrights and that Plaintiff was injured as a result of such misrepresentations.  *See id.*  Additionally, to survive a motion to dismiss, a plaintiff must allege that the defendant failed to consider in good faith the applicability of the fair use doctrine before issuing a takedown notice.  *Handshoe v. Abel*, 2016 WL 110519, at *3 (S.D. Miss. Jan. 8, 2016).

In his Third Amended Complaint, Plaintiff alleges that on or around September 28, 2011, Ashoka submitted a takedown notice with respect to the photograph of Leary and Perret. However, nowhere in the Third Amended Complaint does Plaintiff allege that the September 2011 takedown notice contained any misrepresentations in violation of § 512(f).  Nor does Plaintiff allege that Ashoka failed to consider in good faith the applicability of the fair use doctrine before issuing the September 2011 takedown notice.  The Third Amended Complaint is devoid of any allegations whatsoever with respect to the September 2011 takedown notice other than the bare fact that Ashoka filed the September 2011 takedown notice.  **The mere fact that**

*Ashoka filed a takedown notice cannot support a claim under § 512(f)*, and any such claim against Ashoka must fail.

> B.  **Any Section 512(f) Claim With Respect to the September 2011 Takedown Notice is Time-Barred Under the Copyright Act's Statute of Limitations.**

Additionally, any § 512(f) claim with respect to the September 2011 takedown notice is time-barred under the Copyright Act's statute of limitations.  Section 507(b) of the Copyright Act provides that civil actions under the Act must be "commenced *within three years* after the claim accrued."  17 U.S.C. § 507(b); *see also Makedwde Pub. Co. v. Johnson*, 37 F.3d 180, 182–83 (5th Cir. 1994) (holding that a defendant "is only liable for his acts of infringement committed within three years prior to [a plaintiff's] lawsuit" and dismissing claim against defendant when plaintiffs filed their lawsuit six years after their claim accrued).  In the Fifth Circuit, a copyright claim accrues "when [the party] knew or had *reason to know of <u>the injury upon which the claim is based</u>*."  *Pritchett v. Pound*, 473 F.3d 217, 220 (5th Cir. 2006).  Plaintiff's claim as to the September 2011 takedown notice therefore accrued on or around September 28, 2011, when the photograph was removed by Automattic, which hosted Plaintiff's blog.  Plaintiff admits that this takedown notice was introduced as evidence in a Canadian litigation filed by other Defendants in this matter in or around September 2011.  *See* 3d Am. Compl. ¶ 32–33.  Plaintiff admits that this Canadian litigation was actively litigated, that the September 2011 takedown notice "was featured in evidence in the Canadian defamation action" (*id.* ¶ 33), and that the image in question "was previously litigated in Nova Scotia Canada . . . in January 2012." 3d Am. Compl. ¶¶ 41, 43.  Despite having knowledge not only of the removal of the image, but specifically of the September 2011 takedown notice itself as early as January 2012, Plaintiff did not file even his original Complaint until November 16, 2015 – well after the three-year statute of limitations had run its course.  Thus, because Plaintiff filed his original

7

Complaint more than three years after any claim relating to the September 2011 takedown notice accrued, any and all such claims are time-barred under the Copyright Act's statute of limitations.

### C. Plaintiff Fails to Allege that Ashoka Made Any Misrepresentation In Connection With the December 2012 and February 2014 Takedown Notices.

As explained above, a misrepresentation under § 512(f) takes the form of a DMCA takedown notice that improperly alleges copyright infringement. *See* 17 U.S.C. § 512(f). Fundamentally, a § 512(f) claim requires a misrepresentation in a takedown notice. "In § 512(f), Congress included an expressly limited cause of action for *improper infringement notifications*, imposing liability only if the copyright owner's *notification* is a knowing misrepresentation." *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004–05 (9th Cir. 2004) (emphasis added).

The Third Amended Complaint lacks any allegation that Ashoka had any connection or involvement with, or awareness of, the takedown notices filed by the Trout Point Lodge Parties on December 13, 2012, December 14, 2012, and February 15, 2014. *See* 3d Am. Compl. ¶¶ 41–44; 67.. However, a claim for misrepresentation under § 512(f) requires the allegedly responsible actor to have made a misrepresentation in a takedown notice. *See* 17 U.S.C. § 512(f); *Rossi*, 391 F.3d at 1004–05. Because Plaintiff does not plead a cognizable connection between Ashoka and the later takedown notices, Plaintiff has not stated a claim under § 512(f).

The Third Amended Complaint simply fails to state a claim upon which relief can be granted. *See Morris*, 713 F.3d at 776. Plaintiff has – yet again – failed to state a claim against Ashoka and, as a result, Plaintiff's claims against Ashoka should be dismissed with prejudice.

8

## CONCLUSION

For the foregoing reasons, Plaintiff's Third Amended Complaint should be dismissed with prejudice as to Defendant Ashoka under Federal Rule of Civil Procedure 12(b)(6).

                                                     Respectfully submitted,

DATED: February 9, 2017                /s/ Douglas J. Gunn
                                                Douglas J. Gunn (MS Bar No. 5068)
                                                  WATKINS & EAGER PLLC
                                                  400 East Capitol Street
                                                  Jackson, MS 39201
                                                  Phone: (601) 965-1900
                                                  Facsimile: (601) 965-1901

                                                  *Attorney for Ashoka*

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record who have registered with the ECF system.

This is the 9th day of February, 2017.

/s/ Douglas J. Gunn