IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     SLABBED NEW MEDIA, LLC            CHAPTER 11
         Debtor                                            CASE NO. 15-50963-KMS

### ANSWER AND OBJECT TO UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS

COMES NOW Slabbed New Media, LLC (the "Debtor"), and files this its *Answer and Objection to Untied States Trustee's Motion to Convert or Dismiss* (the "Motion")[DK #61], and in support thereof, would show unto the Court the following, to-wit:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. The allegations, inferences and conclusions contained in Paragraph 8 are denied.
9. Debtor admits its Schedule speaks for itself.
10. The allegations, inferences and conclusions contained in Paragraph 10 are denied, although Debtor admits it has no "direct" employees other than Mr. Handshoe.
11. Admitted.
12. Admitted.
13. Debtor admits the noted code section speaks for itself.
14. Debtor admits the noted code section speaks for itself.


EXHIBIT E

15. The allegations, inferences and conclusions contained in Paragraph 15 are denied.

Last Unnumbered Paragraph

Debtor denies the relief demanded within the Last Unnumbered Paragraph or any relief or to other relief in the premises.

## AFFIRMATIVE DEFENSES

1. By the time this Motion is brought on for hearing, the Debtor will have filed its Plan and Disclosure Statement. Debtor believes its Plan of Reorganization will by viable and will return significant distributions to creditors and to equity.

2. In large part, this is a "litigation Chapter 11" case in that litigation by and against the Debtor, as well as by and against Mr. Handshoe precipitated the filing of the Petition herein.

3. One of the alleged creditors of the Debtor has engaged in numerous litigation against the Debtor, Mr. Handshoe and practically all of the lawyers for the Debtor or Mr. Handshoe in pre petition (and in post petition) litigation and activity, some of which violates the automatic stay of 11 U.S.C. § 362.

4. Because of this individual's propensity for initiating litigation against the Debtor's (and Mr. Handshoe's) lawyers, it has been difficult for the Debtor or Mr. Handshoe to secure local counsel in Louisiana (where some of this litigation is pending). A great deal of the litigation initiated by this individual is in a pro se capacity, so potential counsel to the Debtor and Mr. Handshoe are aware that there are no ethical bounds which would limit practicing lawyers to only pursue litigation that has some merit. Unless and until the Debtor can secure local counsel in Louisiana, a great deal of the litigation the Debtor needs to engage in, and to defend, is at a standstill.

5. Debtor has sought, and obtained, an extension of time within which to remove causes

of actions of this Court until such time as the extension motion is brought on for hearing so the right to remove litigation, assuming Debtor can secure Louisiana counsel, remains as an open and viable route for the Debtor to take to enforce its rights, collect claims and pursue meritorious litigation.

6. For those reasons, Debtor has not, as of the filing of this Answer and Objection, filed a Disclosure Statement and Plan of Reorganization. However, Debtor recently obtained a proposal from Louisiana counsel to serve as local counsel to the Debtor so that the Debtor can remove state court litigation and is now in a position to file a meaningful Disclosure Statement and Plan of Reorganization which will, again, be filed and be prosecuted prior to the time this motion is brought on for hearing. In the meantime, Debtor will file, and prosecute, an application to employ special counsel and to provide for funding of that endeavor.

7. For the above and foregoing reasons, the Motion should be denied pending the active prosecution, and approval, of a meaningful Disclosure Statement and Plan of Reorganization in this case.

8. Other grounds to be assigned upon

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing hereof this Honorable Court will enter its Order denying the Motion or at least abating the Motion to "accompanying" the Debtor's forthcoming Disclosure Statement and Plan of Reorganization. The Debtor prays for general relief.

This, the ___ day of April, 2016.

Respectfully submitted,

SLABBED NEW MEDIA, LLC

By Its Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: /s/ Craig M. Geno
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
jnichols@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Slabbed New Media\Pleadings\Ans & Obj to USTs Mot to Convert 4-1-16.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via Notice of Electronic Filing, a true and correct copy of the above and foregoing instrument to:

Christopher J. Steiskal, Esq.
Office of the United States Trustee
christopher.steiskal@usdoj.gov

This, the 4th day of April, 2016.

/s/ Craig M. Geno
Craig M. Geno

-4-