IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DOUGLAS HANDSHOE                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES,
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA                                         DEFENDANTS

---

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS PERRET & LEARY'S MOTION
TO DISMISS THIRD AMENDED COMPLAINT**

---


Jason B. Purvis (MS Bar No. 100873)
PURVIS & CO. PLLC
14110 Airport Rd, Ste A
PO Box 2307
Gulfport MS 39505
Telephone: 228-206-7174
jpurvis@purviscolaw.com

*Attorney for Defendants
Vaughn Perret and Charles Leary*


Date:  February 15, 2017

# TABLE OF CONTENTS

PROCEDURAL HISTORY.................................................................................................5

FACTUAL HISTORY .....................................................................................................5

STANDARD OF REVIEW...............................................................................................7

ARGUMENT.................................................................................................................9

   I.     PLAINTIFF LACKS STANDING TO BRING THIS ACTION AGAINST DEFENDANTS
        LEARY AND PERRETT.............................................................................................9

   II.    THE THIRD AMENDED COMPLAINT FAILS TO STATE A VIABLE CAUSE OF ACTION
        AGAINST PERRETT AND LEARY AS INDIVIDUALS. ....................................................11

     A.   The takedown notices were issued by, or on behalf of, a non-party, Trout Point Lodge, Ltd. ...11

     B.   State law claims are preempted and are due to be dismissed.......................................................12

     C.   The Statute of Limitations bars claims asserted in Count I-Count V .........................................14

   III.   TROUT POINT LODGE, LTD.'S CANADIAN COPYRIGHT ESTABLISHES A GOOD
        FAITH BASIS FOR THE ISSUANCE OF THE TAKEDOWN NOTICES.........................14

   IV.   DEFENDANTS ARE NOT STATE ACTORS .............................................................16

   V.    DISMISSAL OF COUNTS IS DUE BECAUSE HANDSHOE DOES NOT ALLEGE THE
        ELEMENTS NECESSARY TO SUPPORT CAUSATION....................................................16

   VI.   DISMISSAL OF COUNTS VI-VIII IS DUE BECAUSE, IN ADDITION TO LACKING
        STANDING, THE PLAINTIFF HAS FAILED TO PLEAD THE ELEMENTS
        NECESSARY TO SUPPORT A VIABLE CAUSE OF ACTION. .........................................17

   VII.  COUNTS IX AND X DO NOT STATE A CAUSE OF ACTION. ...........................................21

   V.    PLAINTIFF HAS NOT STATED A CAUSE OF ACTION BY INVOKING THE SPEECH
        ACT OF 2010. .......................................................................................................24

CONCLUSION..............................................................................................................26

# TABLE OF AUTHORITIES

## Statutes

17 U.S.C. § 301(a)........................................................................................................13
17 U.S.C. § 512.......................................................................................................passim
17 U.S.C.A. § 507(b)....................................................................................................14
17 U.S.C.A. §501..........................................................................................................13
9(b) ...............................................................................................................................5
F.R.C.P. 12(b)(1) .....................................................................................................5, 9
F.R.C.P. 8....................................................................................................................13
Fed. R. Civ. P. 65. .......................................................................................................24
Federal Rule of Civil Procedure 12(b)(6) ...............................................................5, 7
LaCCP Art. 971.............................................................................................................6

## Cases

).  *Mississippi Laundry Servs., LLC v. Evans*, No. 1:16CV64-HSO-JCG, 2017 WL 27974, at *2 (S.D. Miss. Jan. 3, 2017) ................................................................................................................25
*American Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 926 (2d Cir.1994) .................18
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...........................................................7, 8
*Bass v. Hirschbach Motor Lines, Inc.*, 2014 WL 5107594 .............................................8
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ..................................................8
*Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) ...................8
Braswell v. Jackson County, Mississippi, No. 1:13cv451-HSO-RHW, 2016 WL 3649976, at *3 (S.D. Miss. Jan. 21, 2016) .....................................................................................................7
*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 114 S. Ct. 1164, 127 L. Ed. 2D 500 (1994) .............18
*Carell v. Shubert Organization, Inc.*, 104 F. Supp. 2d 236 (S.D.N.Y. 2000) ..................15
*Collins*, 224 F.3d at 498 ..............................................................................................8
*Comer v. Murphy Oil USA, Inc.*,839 F. Supp. 2d 849, 858 (S.D. Miss. 2012)....................9
*Daboub v. Gibbons*, 42 F.3d 285, 288-89 (5th Cir.1995) .............................................13
*Frink America v. Champion Road Machinery*, 961 F. Supp. 398 (N.D.N.Y. 1997) .............15
*Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ..........................................25
*Gamboa v. Grace Paint Company, Inc.*, Civil Action No. 3: 10-cv-416-DPJ-FKB (S.D. Miss. Mar. 7, 2012) ........24
*Hastey v. Bush*, 100 F. App'x 319, 319 (5th Cir. 2004)..................................................9
*Hearn v. Autumn Woods Office Park Prop. Owners Ass'n*, 757 So. 2d 155, 163 (Miss. 1999)...............25
*Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 n.1 (5th Cir. 1995) ...........................13
*Hudgens v. NLRB*, 424 U.S. 507, 513, 96 S.Ct. 1029, 1033, 47 L.Ed.2d 196 (1976). .......................16
*Hurley v. Irish-American Gay Group of Boston*, ___ U.S. ___, ___, 115 S.Ct. 2338, 2344, 132 L.Ed.2d 487 (1995) ...............16
*Illinois Cent. R. Co. v. Cain*, 434 F. Supp. 2d 415, 419 (S.D. Miss. 2006) .......................22, 23
*In re Cassidy*, 892 F.2d 637, 641 (7th Cir.), *cert. denied*, 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990) .......21
*In re K.M.A., Inc.*, 652 F.2d 399 (5th Cir. 1981)........................................................11
*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007)................................8
*In re: Slabbed New Media, LLC*, U.S. Brptcy Court, So. District, MS, Cause #15-50963-KMS.....................6
*London Film Productions v. Intercontinental Comm.*, 580 F. Supp. 47 (S.D.N.Y. 1984)...............15

*Magee v. Griffin*, 345 So.2d 1027, 1032 (Miss.1977)..................................................................25

*Murray v. British 90*90 Broadcasting Corp.*, 906 F. Supp 8585 (S.D.N.Y. 1995), aff'd, 81 F. 3d 287 (1996) ........15

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir.2000)......................................22

*Papadopoulos v. Douglas*, 268 F.3d 1063, (5th Cir. 2001)......................................................26

*Rossi v. Motion Picture Ass'n of Am., Inc,*, 391 F.3d 1000 (9th Cir.2004) ...............................19

*Sablein v. Red Oak Capital, Inc.*, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014) .........................13

*Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F.Supp.2d 161, 165 (E.D. N .Y.1999) ........................26

*Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5ᵗʰ Cir. 1940)....................................11

*Southern Construction Co. v. Pickard,* 371 U.S. 57, 60-61, 83 S.Ct. 108, 110-11, 9 L.Ed.2d 31 (1962) ........21

*Spokeo, Inc. v. Robins,* -- U.S. --, 136 S.Ct. 1540, 1547 (2016)...............................................9

*St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5ᵗʰ Cir. 2009)...............................9

*Sugar Busters LLC v. Brennan*, 177 F.3d 258 (5th Cir. 1999) ................................................18

*Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) ..............................13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed. 2d 179 (2007)).......25

*United Parcel Service, Inc. v. Pennie*, 2004 WL 2064547, at *3 (N.D.Ill. Sep. 8, 2004) ......................22

*United States ex rel Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5ᵗʰ Cir. 2004);......................11

*Vivid Technologies, Inc. v. American Science,* 200 F. 3d 795 (Fed. Cir. 2000)...............................21

*Walch v. Adjutant General's Dep't of Tex.,* 533 F.3d 289, 293–94 (5th Cir.2008)...............................8

*Ward v. Hudnell*, 5 Cir. 1966, 366 F.2d 247 ...............................................................8

*Xerox Corp. v. Genmoora Corp.*, 888 F. 2d 345, 350 (5ᵗʰ Cir. 1989).........................................9

*Yount v. Handshoe*, 171 So. 3d 381 (La. Ct. App 2015)......................................................6

Defendants Charles Leary and Vaughn Perret, by and through their undersigned counsel of record, submit this Memorandum of Law in Support of their Motion to Dismiss Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6),).12(b)(1), and 9(b)

## PROCEDURAL HISTORY

Plaintiff Douglas Handshoe filed the present action on November 16, 2015.  Handshoe filed his Third Amended Complaint for Damages, Declaratory and Injunctive Relief on January 26, 2017. Douglas Handshoe brought this action in his personal capacity as an individual, and he sued Vaughn Perret and Charles Leary in their respective individual and personal capacities d/b/a Trout Point Lodge LTD of Nova Scotia.  This action is the latest in a series of litigation among these parties and others.[1]  The basis for plaintiff's claims are alleged violations of the Copyright Act, specifically 17 U.S.C.A. §512.

## FACTUAL HISTORY

Trout Point Lodge, Limited is a Nova Scotia, Canada Joint Stock Company which was formed December 14, 1998.[2]  The recognized (registered) agent for Trout Point Lodge, Ltd. is Charles Leary.[3]  Charles Leary is a Director and Secretary of the company, and Vaughn Perret is a Director and President of the company.  All actions taken by Leary and Perret as alleged in the Third Amended Complaint were taken on behalf of, and as officers and/or directors of Trout Point Lodge, Ltd.  Trout Point Lodge, Ltd. is not a party to this action.

Douglas Handshoe is the manager, employee, and sole member of Slabbed New Media, LLC which was formed on April 11, 2011.[4]  Slabbed's business is Internet Publishing and Broadcasting

---

[1] According to the Third Amended Complaint, the first action was filed on April 30, 2010 (¶25).  Plaintiff admits that he was put on Notice of the claims alleged in the action by May 6, 2011(¶31).
[2] See Exhibit "A," Company Profile, a public record, attached to the Motion to Dismiss.
[3] See Exhibit "B," Annual Statement, a public record, attached to the Motion to Dismiss.
[4] See Exhibit "C," Certificate of Formation and Annual Report, public records, attached to the Motion to Dismiss.

and Web Search Portals per the NAIS coding provided to the Secretary of State.  All rights to any potential recovery arising out of the present action belong to Slabbed New Media, LLC.[5]  Douglas Handshoe, as it relates to all times material to the claims alleged in the Third Amended Complaint, was an employee of Slabbed New Media.[6]  The allegations of the Third Amended Complaint are founded upon DMCA takedown notices being provided in relation to publications made by Slabbed New Media, LLC.  Handshoe has not described any publications other than those made by Slabbed New Media, LLC in the Third Amended Complaint.

On May 28, 2015, Handshoe lost on appeal to the Louisiana Court of Appeals for the Fifth Circuit regarding his anti-SLAPP motion (LaCCP Art. 971) in an internet defamation cas. LA CCP Art 971 mandates an award of attorney's fees to the prevailing party, and the appeals court so ordered. On June 16, 2015, Handshoe's motion for rehearing was denied; *Yount v. Handshoe,* 171 So. 3d 381 (La. Ct. App 2015). Thereafter, on June 16, 2015, Handshoe placed Slabbed New Media, LLC into Chapter 11 protection from the United States Bankruptcy Court for the Southern District of Mississippi.[7]  According to the representations made to the Bankruptcy Court, Plaintiff Handshoe brought the present action, "to gather the claims for a civil conspiracy."[8]  Ultimately, Slabbed New Media, LLC failed to meet its required burden of proof for confirmation to establish a plan of reorganization, and the debtor's case was dismissed on September 16, 2016.[9]

Defendants Leary and Perret would show that Plaintiff Handshoe alleges in his Third Amended Complaint that he had notice of three civil actions factually arising from claims of

---

[5] See Exhibit "D," Second Amended Disclosure Statement Dkt. 103 – *In re: Slabbed New Media, LLC,* U.S. Bankruptcy Court, So. District, MS, cause #15-50963-KMS, attached to the Motion to Dismiss.
[6] See Exhibit "E," 15-50963-KMS Dkt. 66, Answer and Object [sic] to United States Trustee's Motion to Convert or Dismiss, ¶10, attached to the Motion to Dismiss.
[7] See Exhibit "F," Petition for Bankruptcy, Dkt 1, attached to the Motion to Dismiss.
[8] See Exhibit "D," Second Amended Disclosure Statement, Dkt. 103, at page 7 of 10, attached to the Motion to Dismiss.
[9] See Exhibit "G," 15-50963-KMS- Memorandum Opinion and Order Denying Confirmation of Debtor's Plan for Reorganization and Dismissing Case, Dkt 130, attached to the Motion to Dismiss.

defamation and false light which were filed in Nova Scotia against him personally.[10]  Plaintiff further admits that by January, 2012, he had obtained "Pleadings, Affidavits and Motions" filed in a defamation suit against Louisiana Media Company, LLC.[11]  Handshoe goes on to admit that as of July 25, 2012, "Plaintiff was able to ascertain that he was entitled to due process notice to the hearings held in Yarmouth Nova Scotia."[12]  In fact, Douglas Handshoe personally appeared before the Supreme Court of Yarmouth Nova Scotia where he filed a Demand for Notice with the Court, he corresponded with Justice Muise of the Nova Scotia Supreme Court on June 6, 2013 seeking recusal of the Judge, he filed a reply to Applicant's Motion for Strike and for Summary Disposal on June 24, 2013, he filed a Motion to Quash Applicant's Request for Cross-Examination on June 26, 2013, he filed a Demand for Notice on October 21, 2013, and he filed a Motion for Summary Judgment on November 26, 2013.[13]

Handshoe admits in his Third Amended Complaint that he was sued by Daniel Abel on January 16, 2013, and subsequently on May 27, 2013 which suit, "replicated allegations from the first Trout Point Lodge Nova Scotia suit against Plaintiff brought in 2011.  (See 3rd Amended Complaint, ¶31).

## STANDARD OF REVIEW

This Court is well familiar with the applicable standard of review for a Rule 12(b)(6) motion to dismiss.[14]  "A complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face" in order to survive a Motion to Dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must include more than "labels and conclusions" or "formulaic recitation[s] of

---

[10] 3rd Amended Complaint, Dkt 90, ¶32.
[11] See Complaint at ¶35.
[12] See 3rd Amended Complaint at ¶37.
[13] See Exhibit "H," Order of the Circuit Court of Hancock County, Mississippi, filed January 5, 2017, attached to the Motion to Dismiss, at p.2, ¶4.
[14] *Braswell v. Jackson County, Mississippi*, No. 1:13cv451-HSO-RHW, 2016 WL 3649976, at *3 (S.D. Miss. Jan. 21, 2016).

the elements of a cause of action." *Id.* See also *Bass v. Hirschbach Motor Lines, Inc.*, 2014 WL 5107594, at *2 (S.D. Miss. Oct. 10, 2014) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.") (citations omitted). The plaintiff may not rely upon "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

"A (complaint) may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." (citations omitted). *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 99-100 (5th Cir. 1974). Conclusory allegations and unwarranted deductions of fact are not admitted as true, *Ward v. Hudnell*, 5 Cir. 1966, 366 F.2d 247, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citations omitted) *Associated Builders, Inc. at* 100 (5th Cir. 1974). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)[15]

---

[15] See also *Collins*, 224 F.3d at 498; *see Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 293–94 (5th Cir.2008) (considering exhibits attached to an opposition because "[n]o party questions the authenticity of these two documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss"); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) ("But because the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss.") (citing *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004)).

## ARGUMENT

I.  **PLAINTIFF LACKS STANDING TO BRING THIS ACTION AGAINST DEFENDANTS LEARY AND PERRETT**

Standing "is a jurisdictional question which must be resolved as a preliminary matter . . . by motion under F.R.C.P. 12(b)(1) or on the court's own motion." *Xerox Corp. v. Genmoora Corp.*, 888 F. 2d 345, 350 (5th Cir. 1989). In order to satisfy the Constitutional standing requirement of Article III, a plaintiff must adequately allege "an injury in fact . . . that is fairly traceable to the challenged conduct of the defendant." *Spokeo, Inc. v. Robins*, -- U.S. --, 136 S.Ct. 1540, 1547 (2016); see also, *Hastey v. Bush*, 100 F. App'x 319, 319 (5th Cir. 2004)(plaintiff must allege "an 'injury in fact' that is concrete and particularized and actual or imminent'")(citation omitted); *Comer v. Murphy Oil USA, Inc.*,839 F. Supp. 2d 849, 858 (S.D. Miss. 2012)(plaintiff must have "suffered an injury in fact" which is "concrete and particularized . . . and actual and imminent" and "a causal connection must exist between the injury complained of the and the defendant's conduct"), aff'd 718 F.3d. 460 (5th Cr. 2013). A particularized injury is one which "must affect the plaintiff in a personal and individual way," rather than an injury to another person or entity. *Spokeo*, 136 S. Ct. at 1548. A plaintiff may only assert "his or her own legal rights and interests rather than the legal rights and interests of third parties." *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009).

Plaintiff has not established, and cannot establish as a matter of law, that he can carry his burden of establishing standing to bring the claims alleged in his Third Amended Complaint. Plaintiff Handshoe, as the party invoking federal jurisdiction, must establish standing by "alleg[ing] facts demonstrating" both a particularized injury in fact that is personal and fairly traceable to the actions of Leary and Perrett in their personal capacity (based upon the allegations in the Complaint), and that he is asserting his own legal rights and interests and not the legal rights or interest of third parties. The Third Amended Complaint conclusively establishes that the plaintiff has not personally

suffered a particularized injury that is fairly traceable to any actionable conduct of Leary or Perrett acting in their individual capacity.  The Plaintiff is attempting to prosecute claims of Slabbed New Media, LLC rather than his own claims.

Plaintiff's Third Amended Complaint is rife with allegations not supported in fact or law which do nothing more than recite redundant, immaterial, impertinent, and scandalous statements which can only serve to harass, annoy, and vex defendants, or cast them in a false-light under the guise of pleadings[16].  What Plaintiff has actually established by his Third Amended Complaint is that "Slabbed New Media, LLC post[ed]"[17] the images which are the underlying basis of the subject of this action.  Further, plaintiff's allegations fail to establish that Slabbed New Media, LLC's web publishing rights were not terminated because Slabbed violated the terms and conditions of the hosting agreements.[18] Mr. Handshoe, as member/manager of the debtor Slabbed New Media, LLC, represented under penalty of perjury to the United States Bankruptcy Court, the claims for relief asserted in this action belong to Slabbed New Media, LLC.[19]

Plaintiff acknowledges, "Plaintiff in his personal capacity had no connection to the illustrative use of the photographs.[20]"  Plaintiff Handshoe cannot create standing in himself personally by purporting to bring this action "in his individual capacity and as publisher of Slabbed

---

[16] Examples include references to the "Trout Point Criminal Enterprise" ¶71; referring to the New Orleans Civil District Court as "a well-known cesspool of corruption" ¶73; casting the defendants as "unindicted criminal co-conspirators" ¶1; and the general, pervasive accusation of criminal conduct on the part of the defendants as Plaintiff has neither authority nor standing to prosecute matters of criminal law.

[17] Third Amended Complaint ¶'s 107, 108, 110, 112, 115, 118, 121, 124, 125, 126, 127, 129, 132, 133, 134, 135, 142, 143, 148, 149, 150, 151, 153, 157, 158, 159, 161, etc.

[18] Automattic, Inc.'s public Notice States that Slabbed's site was taken down for violation of the Terms of Service.  See Exhibit "I," Public Notice published by Automattic, attached to the Motion to Dismiss. See Also Exhibit "J," attached to the Motion to Dismiss, being the Terms and Conditions of Automattic which reserve unto Automattic the right to "terminate your access to all or any part of Services at any time, with or without cause, with or without notice, effective immediately."  Exhibits I and J are not offered as proof; rather, they are offered to show how plaintiff has insufficiently pleaded causation.

[19] See Exhibit "D," Second Amended Disclosure Statement – *In re: Slabbed New Media, LLC,* U.S. Bankruptcy Court, So. District, MS, Cause #15-50963-KMS, attached to the Motion to Dismiss.

[20] Third Amended Complaint Dkt 90, at p. 29, ¶94.

New Media, LLC." 3rd Am. Compl. at 1.  Handshoe asserts directly contradictory allegations in his Third Amended Complaint when he tells the Court that his appearance is as an individual and as publisher, but then goes on to describe alleged damage and injury to Slabbed New Media, LLC as a result of Trout Point Lodge, LTD issuing takedown notices against copyrighted images being improperly published by Slabbed New Media, LLC. This is the definition of "lack of standing."

This Court is not bound to rely upon allegations as true where the facts pleaded in the Third Amended Complaint contradict those allegations.[21]  Each of the DMCA takedown notices were filed on behalf of Trout Point Lodge, LTD.  Please see Composite Exhibit "K," takedown Notices referenced in the Complaint.  Because Slabbed New Media, LLC is a company with a separate and distinct legal identity from Plaintiff Handshoe, and further because "a fictional legal person can only be represented by licensed counsel,[22]" Plaintiff Handshoe may not bring claims on behalf of Slabbed New Media, LLC because he is not licensed counsel.  Plaintiff's Complaint is due to be dismissed for lack of standing.

## II. THE THIRD AMENDED COMPLAINT FAILS TO STATE A VIABLE CAUSE OF ACTION AGAINST PERRETT AND LEARY AS INDIVIDUALS.

### A. The takedown notices were issued by, or on behalf of, a non-party, Trout Point Lodge, Ltd.

Plaintiff Handshoe asserts in his Third Amended Complaint that Defendants Perret and Leary engaged in libel terrorism and related Canadian smear campaigns directed toward Plaintiff. He has not sued them for this course of action; rather, he has brought this case secondary to the Copyright Act and DMCA takedown notices.  He alleges that, "These defendants solicited and subsequently were joined in their campaign of libel terrorism and misuse of the United States

---

[21] Please see *United States ex rel Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004); *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940).
[22] *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981).

Copyright laws to suppress journalism."  Plaintiff alleges that Leary and Perrett made knowing material misrepresentations in DMCA takedown notices submitted to ISP's hosting Slabbed New Media, LLC's blogs, failed to discharge their duties under US Copyright Laws, and misused their copyright interests in submitting takedown notices.  As to Perret and Leary, he further seeks a declaratory Judgment per the SPEECH Act of 2010, and injunctive relief, styled as a request for declaratory judgment, prohibiting them from submitting further DMCA takedown notices, or filing further civil actions against Plaintiff, or Plaintiff's counsel, without first obtaining the permission of this Court.

According to the Third Amended Complaint, Trout Point Lodge, Ltd. issued[23] takedown notices on December 13, 2012[24], December 14, 2012[25], December 31, 2012[26], February 15, 2014[27], February 18, 2014[28], April 1, 2014[29], and January 15, 2016[30].  None of these takedown notices were issued by Perret.  The takedown notices issued by Leary facially state and were issued on behalf of Trout Point Lodge, Ltd[31].  Because neither Leary nor Perret issued any takedown notices in their individual capacity, Handshoe's claims are ripe to be dismissed as to Leary and Perret, individually and in any d/b/a capacity which is also individual.

**B.      State law claims are preempted and are due to be dismissed.**

Leary and Perrett would show that the Complaint is difficult to answer as it is a "shot-gun

---

[23] See composite exhibit "K," Take Down Notices referenced in the Third Amended Complaint, attached to the Motion to Dismiss.
[24] Third Amended Complaint, Dkt. 90, at page 33, ¶105.
[25] Third Amended Complaint, Dkt. 90, at page 35, ¶113, and at page 36, ¶122.
[26] Third Amended Complaint, Dkt. 90, at page 38, ¶130.
[27] Third Amended Complaint, Dkt. 90, at page 40, ¶138.
[28] Third Amended Complaint, Dkt. 90, at page 41, ¶146.
[29] Third Amended Complaint, Dkt. 90, at page 44, ¶154.
[30] Third Amended Complaint, Dkt. 90, at page 45, ¶162.
[31] The only exception to this bright line fact are the notices issued in December of 2012 which are not actionable as any right thereto accrued to Slabbed, and the statute of limitations has long since run on such claims, if any.

pleading" which does not fairly put the defendants on notice of the claims against them contrary to the provisions of F.R.C.P. 8.   See *Sahlein v. Red Oak Capital, Inc.*, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014).   Throughout his complaint, he conflates the actions of multiple persons, some not even parties to this action, and then ties off the allegations (whether they be for conspiracy, libel tourism, or otherwise) with a bald assertion of causation and a vague, meaningless declaration of having been damaged.   Although not well pleaded, Plaintiffs allegations sounding in state law tort claims (fraud and conspiracy) are preempted because the heart of each of the claims are founded in the filing of DMCA Takedown Notices secondary to the 17 U.S.C.A. §501, et seq., and specifically §512.

"The Copyright Act explicitly preempts state laws that regulate in the area of copyright, stating that 'all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title.'" *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) (quoting 17 U.S.C. § 301(a)); *see also Witty v. Delta Air Lines, Inc.,* 366 F.3d 380, 384 (5th Cir. 2004) ("Under the implied preemption doctrines of field preemption . . ., a state claim is preempted where 'Congressional intent to preempt is inferred from the existence of a pervasive regulatory scheme' . . ..")  (quoting *Hodges v. Delta Airlines, Inc.,* 44 F.3d 334, 335 n.1 (5th Cir. 1995).   Thus, the fragments of potential state law claims are preempted by the Copyright Act where the claim falls within the subject matter of copyright and protects a right that is equivalent to any of the exclusive rights or interests protected under the Copyright Act.  See, e.g., *Daboub v. Gibbons*, 42 F.3d 285, 288-89 (5th Cir.1995). Because the allegations made in the Third Amended Complaint which are outside of the scope of §512 are in fact founded upon alleged violations of §512, all claims arising from those allegations are preempted and due to be dismissed.

C.    **The Statute of Limitations bars claims asserted in Count I-Count V**

17 U.S.C.A. § 507(b) provides in part, "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  The Present action was filed on November 16, 2015.  Turning to the allegations of the Third Amended Complaint, all claims arising from any DMCA notices served prior to February 15, 2014 (Count I, Count II, Count III, Count IV, and Count V), the statute of limitations has run on such claims because Slabbed did not bring any claims before the expiration of the three-year statute of limitation.[32]  Because Slabbed was the publisher, and Slabbed did not timely bring any action, all such claims are barred and due for dismissal with prejudice.

## III.    TROUT POINT LODGE, LTD.'S CANADIAN COPYRIGHT ESTABLISHES A GOOD FAITH BASIS FOR THE ISSUANCE OF THE TAKEDOWN NOTICES.

Additionally and alternatively, Plaintiff's Third Amended Complaint fails to state a claim because the notices provided by Trout Point were made pursuant to Canadian law.

The Plaintiff alleges that Trout Point Lodge, Ltd., through its directors and officers, provided notice to Slabbed New Media, LLC's ISP's that they were asserting claims pursuant to the "CANADA COPYRIGHT ACT."[33]  At no point in the Third Amended Complaint does Plaintiff challenge the Canadian Copyrights owned and held by Trout Point Lodge, Ltd. or the defendants. Moreover, each of the notices about which plaintiff complains reference either Canadian law, the rulings of Canadian Courts or agreements made pursuant to Canadian legal actions.  The Third Amended Complaint actually establishes that Hon. Kevin Coady issued an opinion on February 14, 2014 "finding for the Trout Point Lodge . . . on all counts . . . copyright infringement which were

---

[32] Please see 17. U.S.C.A. §507(b).  "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."

[33] See Third Amended Complaint, p. 17, ¶52, emphasis in original. See also, Exhibit "K," the take down correspondence confirming the assertion of Canadian copyrights.

previously subjected to United States legal process in the DMCA."[34]  Thus, Plaintiff Handshoe has

actually pleaded the good-faith basis which support Trout Point Lodge, Ltd.'s assertion of its right

to protect is copyrighted materials.  Thus, his claims are subject to dismissal for failure to state a

claim.

Plaintiff admits that he was put on notice of the proceedings regarding Trout Point Lodge,

Ltd.'s Canadian Copyright claims, he entered an appearance in those proceedings, he filed motions

in those proceedings, and ultimately judgment was rendered enforcing Trout Point Lodge, Ltd.'s

copyrights in certain images, including those made basis of this action.[35]  Handshoe did not appeal

that ruling. Because a Court of competent jurisdiction determined that Trout Point Lodge, Ltd.

owned certain Canadian copyrights, and further because that Court issued a final judgment,

regardless of whether Plaintiff alleges Leary and Perret acted in their personal capacity or that Trout

Point Lodge, Ltd. issued the takedown notices, Defendants had a good faith belief in the validity and

enforceability of their foreign copyright.  Please see  *Murray v. British Broadcasting Corp.*, 906 F. Supp

8585 (S.D.N.Y. 1995), aff'd, 81 F. 3d 287 (1996);  *London Film Productions v. Intercontinental Comm.*, 580

F. Supp. 47 (S.D.N.Y. 1984); *Frink America v. Champion Road Machinery*, 961 F. Supp. 398 (N.D.N.Y.

1997); and *Carell v. Shubert Organization, Inc.*, 104 F. Supp. 2d 236 (S.D.N.Y. 2000).

Without waving their arguments that they are not proper parties and that Handshoe lacks

standing, Leary and Perret would show that Plaintiff Handshoe's assertions of misrepresentation

must fail because he has pleaded facts which unequivocally establish that Trout Point Lodge, Ltd.,

Leary, and Perret had obtained a judgment, or final order, as of February 14, 2014, establishing the

property rights vested in the defendants and/or their company.  Thus, Plaintiff's bald, conclusory

allegations of liability are not sufficient to survive the challenge of a Motion to Dismiss when he has

---

[34] Id. at p. 22, ¶65.
[35] See Exhibit "H," Order of the Circuit Court of Hancock County, Mississippi, attached to the Motion to Dismiss.

presented <u>facts which contradict his conclusory statements</u>.  Ultimately, the defendants had a good

faith belief in the validity of their actions to enforce and protect the intellectual property at issue,

and plaintiff's claims of misrepresentation must fail.

## IV.     DEFENDANTS ARE NOT STATE ACTORS

Plaintiff further fails to adequately plead the damages required by 17 USC 512(f) because he

repeatedly pleads that his damages include violation of this "free speech rights under the First

Amendment." None of the Defendants are state actors and cannot violate Plaintiff's First

Amendment rights. The First Amendment to the United States Constitution states that "Congress

shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or

abridging the freedom of speech, or of the press." The United States Supreme Court has recognized

that "the constitutional guarantee of free speech is a guarantee only against abridgment by

government, federal or state. *Hudgens v. NLRB*, 424 U.S. 507, 513, 96 S.Ct. 1029, 1033, 47 L.Ed.2d

196 (1976). The Supreme Court has also stated that "the guarantees of free speech ... guard only

against encroachment by the government and `erec[t] no shield against merely private conduct.'"

*Hurley v. Irish-American Gay Group of Boston*, 515 U.S. 557, 566, 115 S.Ct. 2338, 2344, 132 L.Ed.2d 487

(1995) (citation omitted).

## V.     DISMISSAL OF COUNTS IS DUE BECAUSE HANDSHOE DOES NOT
     ALLEGE THE ELEMENTS NECESSARY TO SUPPORT CAUSATION.

17 USC 512 was intended by Congress to provide a safe harbor to service providers.

Handshoe is not a service provider. The service provider must, upon becoming aware of potentially

infringing material on its service, act "expeditiously to remove, or disable access to, the material"

and upon receipt of a notice of infringement the service provider must "respond expeditiously to

remove, or disable access to, the material that is claimed to be infringing or to be the subject of

infringing activity." It is up to the service provider to establish the mechanisms to remove or disable access, not the alleged infringer—in this case, Plaintiff.

17 USC 512(f) addresses injury "as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing." In the 3rd Amended Complaint, Handshoe never pleads that the material hosted on New Dream Networks service was disabled by the service provider. The same is true for his allegations regarding Amazon Web Services (AWS) in 2016. Instead he claims that the service providers required him to do something as a result of an agreement between Plaintiff and the service provider. This does not meet the requirements of the plain language of the statute to state a claim for injury from misrepresentation. Notably, none of the Plaintiff's service providers are parties here.

Slabbed is not a party to this action. Handshoe, while lacking standing, has failed to plead that at all times material he (or Slabbed for that matter) complied with all of the terms and conditions of the various internet service providers and web hosts and that the services were terminated solely as a result of the actions of the Defendants and not for other violations of the terms and conditions. See Exhibit "I" and Exhibit "J" attached to the Motion to Dismiss.

## VI.     DISMISSAL OF COUNTS VI-VIII IS DUE BECAUSE, IN ADDITION TO LACKING STANDING, THE PLAINTIFF HAS FAILED TO PLEAD THE ELEMENTS NECESSARY TO SUPPORT A VIABLE CAUSE OF ACTION.

As it relates to Defendants Leary and Perret, the allegations supporting Count VI, paragraphs 147 – 153, fail to identify defendants Leary or Perret; rather, they reference only "defendants" in such a vague manner as to be meaningless.  That said, the referenced Notices are attached to the Motion as Exhibit "K."  The Notices were filed by Trout Point Lodge, Ltd. through its officer and director, Charles Leary.  In support of the Notice, Leary attached to the notice the Canadian judgment, 2014 NSSC 62.  As to Count VI, Handshoe admits he lacks standing because,

"Plaintiff Handshoe had no connection to those postings in his individual capacity.[36]"  The Court should dismiss the claims alleged in Count VI due to lack of standing, as well as lack of any factual basis, absent Plaintiff's conclusory allegations, to support any alleged claim of misrepresentation, as well as pleadings contradicted by the document referenced in the pleading.

Turning to Count VII, paragraphs 154 -161, Plaintiff argues that "Defendants had actual subjective knowledge of the contents of the Slabbed New Media, LLC posts," because the "photos are a form of self-evident non-infringing fair use.[37]"  Plaintiff goes on to allege that "Defendants should have known" that the Slabbed posting was non-infringing.  What Plaintiff Handshoe is actually arguing are his possible affirmative defenses to Trout Point Lodge, Ltd.'s claims of copyright.  "[F]air use is an affirmative defense" *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590, 114 S. Ct. 1164, 1177, 127 L. Ed. 2d 500 (1994); (*Sugar Busters LLC v. Brennan*, 177 F.3d 258, 271 (5th Cir. 1999). Fair use serves to excuse a use that is otherwise infringing.  Fair use does not create an affirmative right of use.  "Fair use serves as an affirmative defense to a claim of copyright infringement, and thus the party claiming that its secondary use of the original copyrighted work constitutes a fair use typically carries the burden of proof as to all issues in the dispute." *American Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 926 (2d Cir.1994) applying *Campbell*, supra.

Fair use is not applicable in the context of this suit, because Leary and Perret have not brought any claims against Plaintiff in this action for his improper use of their copyrighted material.

Rather, the issue as alleged by Plaintiff boils down to what is required of a Canadian copyright owner prior to filing a takedown notice.  The Ninth Circuit's decision of *Rossi v. Motion*

---

[36] Third Amended Complaint, p. 42, ¶148, last sentence.
[37] Third Amended Complaint, Docket 90, p. 44, ¶154-161.  It is curious that if the images are "self-evident non-infringing fair use" why the ISP/webhost could not determine such from this self-evidence.

*Picture Ass'n of Am., Inc.,* 391 F.3d 1000 (9th Cir. 2004) is illuminating.  In defining the limited cause

of action for improper infringement notifications, the Court observed:

> In § 512(f), Congress included an expressly limited cause of action for
> improper infringement notifications, imposing liability **only if the copyright
> owner's notification is a knowing misrepresentation.** A copyright owner
> cannot be liable simply because an unknowing mistake is made, even if the
> copyright owner acted unreasonably in making the mistake. Rather, there
> must be a demonstration of some actual knowledge of misrepresentation on
> the part of the copyright owner.

*Id.* at 1004-1005 [Emphasis added].  Based upon *Rossi*, Handshoe's allegations of "knew or should

have known" are insufficient to state a claim.  Furthermore, with a final judgment in hand

confirming Trout Point Lodge, Ltd. and Defendants' copyright interests, the actions in sending the

DMCA notice satisfy the subjective good faith standard of §512(c) as a matter of law.  *Id.*  Rather

than misrepresentation, Defendants stated facts which were confirmed by a Canadian Court.

The same arguments support dismissal for Count VIII, a count which addresses a takedown

notice submitted after the institution of this action.  Again, Handshoe admits these were "Slabbed

New Media, LLC posts," which establishes that plaintiff lacks standing to bring these claims.

Likewise, Plaintiff Handshoe was fully aware of Perret's, Leary's and Trout Point Lodge, Ltd.'s

rights in the Canadian copyrighted materials as demonstrated by his filing a Notice of Removal in

this Court in that certain action bearing Civil Action No. 1:16cv7LG-RHW.[38]  Based upon the

Canadian Judgment, Plaintiff Handshoe is not an alleged infringer; rather, he has been adjudicated

an infringer of copyrighted material.  Taking no appeal from this judgment, Handshoe has

acquiesced to its decision.

---

[38] Defendants would incorporate by reference the styled case Notice of Removal and accompanying exhibits, as well as
the Order Granting Remand, Dkt 8, which are attached to the Motion to Dismiss as Exhibits "L" and "M" to the
Motion to Dismiss.

Perhaps the real reason Mr. Handshoe can't plead a viable cause of action is because he's not being honest and faithful to his real purpose.  Mr. Handshoe admitted to the Bankruptcy Court that his purpose in filing the present action, which he filed in his capacity as publisher and asserted the 17 U.S.C. § 512, was to "gather the claims for civil conspiracy."[39]  In other words, Plaintiff Handshoe's stated purpose as filed in a Declaration Under Penalty of Perjury, was that he brought this suit to conduct and continue the witch hunt discussed at length in his many filings with this Court.  This is an improper use of the authority of this Court, and Plaintiff has not stated a claim to allow himself to "gather claims".

Defendants would suggest to the Court that Plaintiff Handshoe cannot show good cause as to why he would represent this ulterior motive for the issuance of process to the Bankruptcy Court other than for the truth that it is.  Alternatively, Plaintiff Handshoe has brought this action for an improper purpose, such as to harass, cause unnecessary delay and increase the cost of litigation to Leary and Perrett or to use this Court's docket as a forum to continue to cast the defendants in a false light.

Indeed plaintiff's multiple related lawsuits, namely:

1. *Trout Point Lodge Ltd. v. Handshoe*, No. 1:12CV90-LG-JMR, 2013 WL 6524650, at *1 (S.D. Miss. Dec. 11, 2013);

2. *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481 (5th Cir. 2013)

3. *Handshoe v. Broussard*, No. 1:13CV251-LG-JMR, 2013 WL 5335254, at *1 (S.D. Miss. Sept. 23, 2013);

4. *Handshoe v. Doe(s)*, No. 1:13CV254-HSO-RHW, 2013 WL 5946367, at *1 (S.D. Miss. Nov. 5, 2013);

5. *Handshoe v. Abel, et al.* No. 1:14-CV-159-KS-MTP, 2016 WL 498441, at *1 (S.D. Miss. Feb. 8, 2016);

6. *Yount v. Handshoe*, 14-919 (La. App. 5 Cir. 5/28/15), 171 So. 3d 381, reh'g denied (June 16, 2015);

---

[39] See Exhibit D, page 2 of 4, attached to the Motion to Dismiss

7. *In re Slabbed New Media*, LLC, 557 B.R. 911 (Bankr. S.D. Miss. 2016);

8. *Handshoe v. Perret,* et al., 1:15-cv-00382-HSO-JCG (S.D. Miss. 2015);

9. *Trout Point, et al. v. Handshoe*, 15-0458, Circuit Court of Hancock County, MS (enrollment of foreign judgment); and

10. *Trout Point, et al v. Handshoe*, 1:16-cv-7LG-RHW;

which may or may not meet the technical requirements of Rule 13(a) or judicial estoppel, raise a material issue related to the principles underlying avoiding "multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."  Judicial ire, including dismissal, may accrue "against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." *Southern Construction Co. v. Pickard,* 371 U.S. 57, 60-61, 83 S.Ct. 108, 110-11, 9 L.Ed.2d 31 (1962). Federal courts may act to preserve the integrity of judicial proceedings by protecting against litigants who "`play fast and loose with the courts.'" *In re Cassidy*, 892 F.2d 637, 641 (7th Cir.), cert. denied, 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990) (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir.1953)).

## VII.    COUNTS IX AND X DO NOT STATE A CAUSE OF ACTION.

As established herein, plaintiff Handshoe does not have standing to bring the alleged claims which all arise out of the filing of takedown notices regarding the intellectual property of Trout Point Lodge, Ltd. and the Defendants published by, and on a website owned by, Slabbed New Media, LLC.  At this phase in the pleadings, defendants Leary and Perret have not asserted any counter-claims against plaintiff Handshoe,[40] and Trout Point Lodge, Ltd. is not a party to this action. Therefore, no actual claim or controversy has been placed before this Court

---

[40] Defendants reserve their rights to bring counter-claims if the Complaint is not dismissed. *Vivid Technologies, Inc. v. American Science,* 200 F. 3d 795 (Fed. Cir. 2000).

"The purpose of the Declaratory Judgment Act is 'to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage had accrued.' (citations omitted); see also *United Parcel Service, Inc. v. Pennie*, 2004 WL 2064547, at *3 (N.D.Ill. Sep. 8, 2004) (holding that the Declaratory Judgment Act 'does not authorize a party to seek a determination of its adversary's rights and obligations and potential damages' but rather is to be used to "avoid accrual of avoidable damages to one not certain of his rights")" *Illinois Cent. R. Co. v. Cain*, 434 F. Supp. 2d 415, 419 (S.D. Miss. 2006).  "The Fifth Circuit has detailed the district court's responsibility when considering whether or not to entertain a declaratory judgment action:

> When considering a declaratory judgment action, a district court must engage in a three-step inquiry. First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action. See *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir.1989) .... Second, if it has jurisdiction, then the district court must resolve whether it has the "authority" to grant declaratory relief in the case presented. See *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir.1993) ("Prior to determining whether the district court abused its discretion by failing to review the merits of this case, this Court must first determine whether the district court had authority to grant a declaratory judgment here."). Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action. See *id.* at 778 **(recognizing a district court's vast discretion in the declaratory judgment context)**. We review the dismissal of a declaratory judgment action for abuse of discretion. See *Wilton v. Seven Falls Co.*, 41 F.3d 934, 935 (5th Cir.1994).

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir.2000)." *Illinois Cent. R. Co. v. Cain*, 434 F. Supp. 2d 415, 417 (S.D. Miss. 2006) [emphasis added].

As to the first prong, justiciability, there is no controversy among the parties:  Handshoe does not have standing and Trout Point Lodge, Ltd. is not a party to this action.  The statute of limitations has run on the vast majority of the alleged claims while the others are facially defective because they are mere recitations of formulaic conclusory allegations.  Leary and Perret would

further suggest to the Court that the invocation of Declaratory Relief, which purpose is to avoid the accrual of damages rather than seeking to establish damages, in this the Third Amended Complaint are contrary to the allegations of damages.  Issues of damages are insufficient to create actual controversy.  Specifically, Handshoe has pleaded that he suffered damages.  By requesting declaratory relief, Handshoe is really seeking some form of injunction at best.

Regarding the broad exercise of discretion, "the Fifth Circuit has mandated that the following factors be considered by the court when deciding the issue:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3) whether the plaintiff engaged in forum shopping in bringing the suit;

4) whether the possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5) whether the federal court is a convenient forum for the parties and witnesses; and

6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy

*Illinois Cent. R. Co. v. Cain*, 434 F. Supp. 2d 415, 420 (S.D. Miss. 2006).  Leary and Perret would show that while there are no pending state actions currently, every issue before this Court has been litigated to conclusion under Canadian copyright law or other laws.  Factor two leans toward the Court declining to take this case, because plaintiff has brought this action to avoid the impact of a fully litigated case between the parties.  The Plaintiff appears to be forum shopping, and while there will be no inequity due to precedence, there is no controversy between the parties as all issues have been resolved.  Rather, the Plaintiff does not like the resolution of the other cases mentioned herein.  This fact indicates the final factor, judicial economy, suggest dismissal is appropriate.  Rather than

creating judicial economy, allowing this case to proceed would only continue the multiplicity of litigation which should have been brought to an end by the Canadian Courts.

Based upon the forgoing, Plaintiff's claims for declaratory relief as stated in the Third Amended Complaint are due to be dismissed. To the extent that Plaintiff seeks injunctive relief styled as declaratory relief, Plaintiff has failed to plead any of the requisite facts, under oath, to establish any relief under Fed. R. Civ. P. 65.

## V.     PLAINTIFF HAS NOT STATED A CAUSE OF ACTION BY INVOKING THE SPEECH ACT OF 2010.

As this Court previously ruled in Mr. Handshoe's prior removal, "Notably, the SPEECH Act does not pertain to all foreign judgments. . . but uniquely focuses on defamation."[41]  Plaintiff has failed to allege any controversy involving claims of defamation and has failed to state a claim for which relief can be granted. In particular, under the SPEECH Act it is Plaintiff's burden to establish in the 3rd Amended Complaint either that (a) the law applied by the Canadian court did not afford him the same protections as he would have had in the United States, or (b) that he would not have been found liable for defamation in Mississippi over the same allegations. Given that this was not "a no-answer default judgment" but rather akin to either a "post answer default judgment" or a nihil dicit default judgment[42], where Plaintiff filed a Demand for Notice under the Nova Scotia Civil Procedure Rules, it is entirely plausible he would have been found liable for defamation in a Mississippi court, particularly given the multiple allegations of the falsity contained in the 1st Amended Statement of Claim (Exhibit XX to original Complaint). Cf. *Gamboa v. Grace Paint Company, Inc.*, Civil Action No. 3: 10-cv-416-DPJ-FKB (S.D. Miss. Mar. 7, 2012) on default

---

[41] See Exhibit "M" to the Motion to Dismiss.
[42] See generally, *Matter of Gober, 100 F.3d 1195, 1204 (5th Cir. 1996), abrogated on other grounds,* applying Texas law but discussing types of defaults.

defamation judgment. Furthermore, Count XI is an attempt to relitigate a final determination of this Court.[43]

Additionally and alternatively, defendants Leary and Perret would show the Courts of two Countries, two States, this Court, the Bankruptcy court for the Southern District of Mississippi, as well as the 5th Circuit Court of Appeals have each been populated with actions that all relate back to those facts stated in the first 32 pages of Plaintiff Handshoe's Third Amended Complaint. By his own assertion, those claims date back nearly a decade. It is within the discretion of this Court to take judicial notice of those matters of public record. "A court may consider matters of public record in resolving a motion to dismiss without converting the motion to one for summary judgment. See *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)"[44]

Just like the Federal Rule, Mississippi has adopted Rule 13 for the "purpose of . . . grant[ing] the court broad discretion to allow claims to be joined for the resolution of all controversies between the parties in one suit and to eliminate the inordinate expense occasioned by multiple litigation. See *M.R.C.P.* 13 cmt.; See also *Magee v. Griffin*, 345 So.2d 1027, 1032 (Miss.1977)." *Hearn v. Autumn Woods Office Park Prop. Owners Ass'n*, 757 So. 2d 155, 163 (Miss. 1999). When Trout Point Lodge, Ltd., Perret and Leary filed their pleadings to enroll their 2014 Canadian Judgment for copyright infringement, Handshoe was bound to assert any counter-claim (especially any counter-claim related to the SPEECH act) at that time. Both the record in Hancock County Action, as well as in the Notice of Removal filed in this Court, Handshoe did not file any counter-claims. Likewise, Handshoe did not pursue an appeal as to the enrollment of the Judgment nor the grant of Remand.

---

[43] See Exhibit "M" attached to the Motion to Dismiss.

[44] (courts may consider "matters of which a court may take judicial notice" when reviewing a motion to dismiss pursuant to Rule 12(b)(6)) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed. 2d 179 (2007)). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." (citations omitted). *Mississippi Laundry Servs., LLC v. Evans*, No. 1:16CV64-HSO-JCG, 2017 WL 27974, at *2 (S.D. Miss. Jan. 3, 2017)

If the Court were to take judicial notice of these actions among these parties, defendants, upon information and belief, would suggest to the Court that Rule 13(a) provides separate and additional grounds for the dismissal of Plaintiff Handshoe's claims.  Federal Rule of Civil Procedure 13(a) provides that pleadings "shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."  *Id.*  "A counterclaim which is compulsory but is not brought is thereafter barred [.]" (citations omitted) *Papadopoulos v. Douglas*, 268 F.3d 1063, (5th Cir. 2001).  "A failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim."; *Id.,* citing *Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F.Supp.2d 161, 165 (E.D. N .Y.1999).

Based purely upon the allegations of the Third Amended Complaint, combined with the pleadings and matter placed before this Court in that certain action referenced in the Hancock County proceeding and its subsequent Removal and Remand, defendants would show that in failing to bring a Rule 13(a). counter-claim in that proceeding, Handshoe is barred from bringing claims which "arise out of the same occurrences", occurrences which, according to the Third Amended Complaint, date back to 2010.

## CONCLUSION

The defendants would show that after 7 years of casting aspersions against the defendants, multiplicitous litigation, brought in multiple jurisdictions, and 4 versions of a Complaint in this present action, Plaintiff Handshoe has not stated a viable claim against defendants Leary and Perret. Rather than being artfully crafted, his Third Amended Complaint is the artful dodger.  The claims alleged are due to be dismissed because they are brought by Handshoe, individually, but Handshoe lacks standing to bring these claims as they belong to Slabbed New Media, LLC.  While Plaintiff did

not provide them to the Court, Trout Point's takedown notices cite Canada Copyrights as their

basis, and ultimately Trout Point, Perret and Leary prevailed to a terminal decision in the Courts of

Canada confirming their intellectual property rights and protecting their copyrights in the 2014

judgment into which Handshoe made an appearance.  Thus, their actions were founded in good-

faith.  Many of Plaintiffs claims for relief are barred by the statute of limitation, while the balance is

barred because Handshoe did not file compulsory counter-claims pursuant to Rule 13(a), including

his SPEECH Act claims.  Plaintiff has not minimally pleaded, much less adequately pleaded, for the

injunctive relief for which he has prayed.  Plaintiff's invocation of the discretionary authority of this

Court to grant declaratory relief likewise does not adequately state a claim for relief.  For all of the

foregoing reasons, defendants Leary and Perret move this Court to dismiss the claims alleged against

them in the Third Amended Complaint with prejudice.  The defendants pray for such other relief as

the Court deems appropriate in the premises.

RESPECTFULLY SUBMITTED, this the 15th day of February, 2017.

VAUGHN PERRET, DEFENDANT and
CHARLES LEARY, DEFENDANT

BY:  PURVIS & CO. PLLC


BY:  _____*/s/Jason B. Purvis*_____
           Jason B. Purvis, MSB # 100873

OF COUNSEL:

PURVIS & CO. PLLC
14110 Airport Rd, Ste A
PO Box 2307
Gulfport MS 39505
Telephone: 228-206-7174
jpurvis@purviscolaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Jason B. Purvis, an attorney for Defendants VAUGHN PERRET AND CHARLES LEARY, hereby certify that, on this day, I electronically filed the foregoing pleading or other paper with the Clerk of the Court via the CM/ECF electronic document filing system, which provides service on all counsel of record.  Persons not participating in ECF have been served by other means as indicated below for each (if any):

> None

So certified on this, this the 15th day of February, 2017.

*/s/Jason B. Purvis*

Jason B. Purvis

PURVIS & CO. PLLC
14110 Airport Rd, Ste A
PO Box 2307
Gulfport MS 39505
Telephone: 228-206-7174
jpurvis@purviscolaw.com