# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

DOUGLAS HANDSHOE )
)
)
v. )    CIVIL ACTION NO. 1:15cv382-HSO-JCG
)
VAUGHN PERRET, CHARLES LEARY & )
DANIEL ABEL, D/B/A/ TROUT )
POINT LODGE LTD OF NOVA SCOTIA )
& IN THEIR INDIVIIDUAL CAPACITIES )
PROGRESS MEDIA GROUP LIMITED, )
MARILYN SMULDERS & ASHOKA )
)

## MEMORANDUM IN SUPPORT OF SLABBED NEW MEDIA, L. L. C.'S
## MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, Slabbed New Media, L. L. C. (Slabbed)

filed a Motion to Intervene as a Plaintiff in the above captioned matter and in support thereof

would respectfully show the Court as follows.

## INTRODUCTION

Slabbed New Media, L. L. C. (Slabbed) is a limited liability company organized under

the laws of the State of Mississippi with its registered office within this judicial district.  Slabbed

owns an interactive website located at the URI www.slabbed.org.  The website contains

intellectual property in the form of blog posts, some of which has been subject to numerous

defamation lawsuits in Canada via the practice of libel tourism by the Defendants.  Slabbed New

Media L. L. C. has never been named as a defendant in any of these Canadian civil actions over

content largely centered on public interest news events that occurred in the greater New Orleans

Metropolitan area.

1

This subject matter of the lawsuit Slabbed New Media seeks to join involves numerous DMCA Takedown notices sent by the Defendants over content contained on the Slabbed website.  DMCA Takedown notices were also sent by the Defendants involving content that was created by Slabbed New Media in the form of a parody video along with parodies created by third parties that were published to the Slabbed website with the express permission of the owner/creator of those creative works. A parody is a self-evident non-infringing fair use.

These misrepresented DMCA Takedown Notices were used by the Defendants as evidence of copyright infringement in a Canadian civil action for Defamation against the owner/publisher of Slabbed New Media, L.L.C. Each of the DMCA Takedown Notice were successfully counter notified by the managing member/publisher, acting as agent for Slabbed New Media, L. L. C. with no further legal action taken by the Defendants in the United States of America against Slabbed New Media involving these Takedown notices.

Additionally, the Defendants in this lawsuit colluded to use the monopoly granted by the United States Copyright laws to attack and attempt to silence the journalism in the public interest contained on the Slabbed New Media, L.L.C. website, a misuse of monopoly granted by United States copyright law.  Slabbed New Media seeks to clarify each party's rights in the form of Declaratory relief that the parodies and journalism in the public interest posted to the Slabbed website are a non-infringing fair use and that to the extent the Defendants owned any of the enforceable elements of their copyright they misused them by substantively engaging United States Copyright Law before forum shopping this dispute to Canada in civil actions  for Defamation to which Slabbed New Media, L. L. C. was never named as a party.

Slabbed New Media, L. L. C. will suffer direct harm if the misrepresented Takedown Notices that were used in the Canadian Defamation civil actions to which Slabbed was not a

party forces the removal of intellectual property owned by Slabbed New Media, L. L. C.

including parodies and public interest journalism. Additionally, the numerous misrepresented

Takedown notices have caused economic harm to Slabbed New Media, L. L. C.

## INTERVENTION OF RIGHT

Federal Rule of Civil Procedure 24(a) provides for intervention as a matter of right

when:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest
> that is related to the property or transaction that forms the basis of the controversy
> in the case into which she seeks to intervene; (3) the disposition of that case may
> impair or impede the potential intervener's ability to protect her interest; and (4)
> the existing parties do not adequately represent the potential intervener's interest.

*Doe v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001). The movant bears the burden of

establishing its right to intervene. Rule 24 is to be liberally construed." *Texas v. United States*,

805 F.3d 653, 656 (5th Cir. 2015) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th

Cir. 1996)). "Federal courts should allow intervention when no one would be hurt and the greater

justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Slabbed New

Media, L. L. C. meets each of the four requirements of Rule 24(a) requirements and, therefore, is

entitled to intervene in this matter.

### This Motion is Timely

"Determining the timeliness of a motion to intervene entails consideration of four factors:

(1) The length of time during which the would-be intervenor actually knew or reasonably should

have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of

the prejudice that the existing parties to the litigation may suffer as a result of the would-be

intervenor's failure to apply for intervention as soon as it knew or reasonably should have known

of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer

3

if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

The instant litigation is still in its very earliest stages with no discovery conducted pursuant an order granting the parties joint motion to stay (ECF #28) and a Text Only Order staying proceeding dated December 1, 2016. Thus, the remaining parties in this matter will in no way be prejudiced by Slabbed joining this action. However, Intervenor Slabbed New Media, L.L.C. would suffer great prejudice should it's claims not be joined in this action as the transformative creative works in question that were subjected to numerous misrepresented Takedown Notices sent by the Defendants were in some instances both created and owned by Slabbed New Media, L. L. C. or displayed on the company owned website with the express permission of the creator/owner of the transformative works.

Finally, the Defendants history and habit of joining the original Plaintiff's counsel in subsequent frivolous defamation civil actions in both the United States and Canada has made it extraordinarily difficult for Slabbed New Media, L. L. C. to obtain legal counsel to pursue its claims. For all those reasons this Motion should be considered timely.

**Slabbed Asserts an Interest in the subject matter of this litigation.**

To demonstrate an interest, the applicant must have a direct, substantial, and legally protectable interest in the proceedings. *Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir. 2005). The interest may be a financial one, but it cannot be solely economic, and must instead involve some interest that substantive law recognizes as belonging to the movant. *See id.*

The numerous Misrepresented Takedown notices sent by the Defendants over creative works displayed on the Slabbed website that were forum shopped to Canada in a Defamation

action to which Slabbed New Media, L. L. C. was never a party which resulted in a finding of Copyright Infringement inherently impacts Slabbed's copyright interests in the intellectual property contained on the website, including a transformative parody which was created and is owned by Slabbed New Media, L. L. C. including the exclusive legal right, given to Slabbed to print, publish, perform, film, or record literary, artistic, or musical material, and to authorize others to do the same.

Such an interest is recognized by the substantive law. Slabbed New Media has a copyrightable interest in the creative works on its website. Slabbed New Media is a member of the Creative Commons which provides a mechanism to which sharing its creative works can be accomplished via its Creative Commons license, which permits a licensee to: 1. Copy and redistribute the material found on the Slabbed website in any medium or format provided the copying and redistribution of the material provides for appropriate credit. The licensee of the Slabbed New Media website may share the creative works in any reasonable manner, but not in any way that suggests the licensor endorses the licensee or the licensee's subsequent use. 2. The licensee **may not** use the creative works for commercial purposes. 3. Further, if the licensee remixes, transforms, or build upon the material, the licensee may not distribute the modified material.

Indeed, Slabbed New Media demonstrates its justiciable interest by the fact that the misrepresented Takedown Notices not only interfered with its ability to display its content, it also intends to assert an affirmative claim for copyright infringement over the non-authorized use of certain of the material created and owned by Slabbed New Media by the Defendants.

**An Adverse Judgment in this Case Will Impair Slabbed New Media's Ability to Protect its Interests Absent Intervention.**

A movant's ability to protect its interests is impaired if the stare decisis effects of an adverse judgment would impair the movant's interests. *Espy*, 18 F.3d at 1207. That is the case here. If this Court issues an adverse ruling on the 17 U.S.C. 512(f) misrepresentations brought by the publisher, Slabbed New Media, L. L. C. will be impaired protecting its copyright interests in the creative works on the Slabbed website.  Also, unless Slabbed New Media, L. L. C. is allowed to intervene, it will be unable to appeal this Court's judgment in the event of an adverse result on the publishers claims of misrepresentation under 512(f) and will be unable to assert this Court's judgment in the event the original Plaintiff prevails. Finally, the Defendants have disseminated a Canadian Injunction obtained in a previous Canadian Defamation case to which Slabbed New Media was not a party in support of certain DMCA Takedown Notices sent by them regarding content owned by Slabbed New Media, including a parody created and owned by Slabbed New Media as well as third party parodies published to the Slabbed New Media website with the express permission of the creator owner. In order to protect its ownership interest in the intellectual property posted to the Slabbed New Media website Slabbed New Media must be allowed to intervene.

**Slabbed New Media's Interests Are Not Adequately Represented by the Parties to the Suit.**

The final requirement for intervention as a matter of right is that the movant's interest must be inadequately represented by the existing parties to the suit. However, the movant's burden on this point is "minimal." *See id.* Slabbed New Media, L. L. C. need only show that representation "may be" inadequate. *Id.*

Slabbed New Media, L. L. C.'s interests are not adequately represented by the original Plaintiff because the Publisher lacks standing to assert certain claims that are only available to the owner of the intellectual property displayed on the interactive website.  For instance, the DMCA Takedown notice of February 18, 2014 involved a creative work created and owned by Slabbed New Media that was displayed on YouTube by the Publisher via his personal YouTube account pursuant to a nonexclusive creative commons license that is prominently displayed on the face of every page contained on the interactive website. The Instant Defendants asserted ownership of elements of the Slabbed New Media creative work that was displayed on YouTube pursuant to the creative commons license in a Canadian suit against the Publisher. Only Slabbed New Media can assert its ownership rights in the creative work due to the non-exclusive nature of the creative commons license and those interests cannot be represented by the original Plaintiff in this matter.

Moreover, the fact alone that Slabbed New Media, L. L. C. intends to assert its own claims related to the infringement by certain of the Defendants of its Registered Copyrights and for declaratory relief regarding Copyright Misuse and the use of a Canadian injunction the Defendants previously claimed they were not seeking enforcement in litigation against the original Plaintiff but for which the Defendants subsequently sought to apply to the Slabbed New Media website satisfies the inadequate-representation prong.

### Summary – Intervention of Right

Slabbed New Media, L. L. C. satisfies all the requirements to intervene as of right under Federal Rule of Civil Procedure 24( a)(2). Accordingly, Slabbed New Media, L. L. C. requests intervention as of right in this matter.

## PERMISSIVE INTERVENTION

Alternatively, Slabbed New Media, L. L. C. moves the Court to grant it permissive intervention. District courts are given broad discretion in granting motions to intervene under Federal Rule of Civil Procedure 24(b)(2). See *League of United Latin Am. Citizens v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989). Rule 24(b)(2) provides for permissive intervention when:

> (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

*Id.* at 189 n.2.

Each of these factors has been established in this case. As discussed above, this litigation is still in its very earliest stages with no discovery yet conducted. Thus, the remaining parties in this matter will in no way be prejudiced by Slabbed joining this action. Slabbed New Media shares questions of law and fact with Plaintiff Handshoe's action. Finally, rather than delay or prejudice the adjudication of this matter, the Slabbed New Media's participation in this litigation will assist in presenting a more complete analysis of the facts, because creative works owned by Slabbed New Media were equally impacted by the DMCA Takedown Notices submitted by the Defendants as the original Plaintiff. Additionally, only Slabbed New Media can assert claims related to the creative works it created and owns which were infringed upon by the Defendants.

Slabbed New Media satisfies all the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b). Accordingly, Slabbed New Media, L. L. C. requests that the Court grant it permission to intervene in this matter.

## CONCLUSION

Because Slabbed New Media, L. L. C. meets each of the applicable criteria under the federal rules for intervention, it asks that the Court grant this Motion to Intervene at this early stage of the litigation.

Therefore, Slabbed New Media, L. L. C. respectfully requests that this Court grant its request to intervene as a matter of right, or alternatively, grant its motion for permissive intervention, and for all such other and further relief to which Slabbed New Media, L. L. C. may show itself entitled.

Respectfully submitted this 30th day of January, 2017,


/s/G. Gerald Cruthird
G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney at Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, G. Gerald Cruthird, Attorney for Slabbed New Media, LLC, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk and via U. S. Mail upon any non-ECF participants at their address of record.

So Certified, this 30th day of January, 2017,


/s/G. Gerald Cruthird_____
G. GERALD CRUTHIRD
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com