# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| DOUGLAS HANDSHOE | ) </br> ) </br> ) |
| v. | )    CIVIL ACTION NO. 1:15cv382-HSO-JCG </br> ) |
| VAUGHN PERRET, CHARLES LEARY & DANIEL ABEL, D/B/A/ TROUT POINT LODGE LTD OF NOVA SCOTIA & IN THEIR INDIVIIDUAL CAPACITIES PROGRESS MEDIA GROUP LIMITED, MARILYN SMULDERS & ASHOKA | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## SLABBED NEW MEDIA, L. L. C.'S MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, Slabbed New Media, L. L. C. (Slabbed) files this Motion to Intervene as a Plaintiff in the above captioned matter and would respectfully show the Court as follows:

Federal Rule of Civil Procedure 24(a)(2) provides that parties are allowed to intervene provided that party, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Alternatively, Federal Rule of Civil Procedure 24(b)(1)(B) provides that a party may intervene when that party, "has a claim or defense that shares with the main action a common question of law or fact."

Proposed Plaintiff in Intervention Slabbed New Media, L. L. C. respectfully avers there are amble grounds for this Court to allow Slabbed to intervene under either rule. These matters

1

are discussed more fully in the accompanying Memorandum of Law in support thereof, to which the proposed Complaint in Intervention is attached as Exhibit 1.

WHEREFORE, proposed Plaintiff in Intervention Slabbed New Media, L. L. C. prays the Court grants this Motion to Intervene in this matter.

Respectfully submitted this 17th day of February, 2017,

/s/G. Gerald Cruthird
G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney at Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com

## CERTIFICATE OF SERVICE

I, G. Gerald Cruthird, Attorney for Slabbed New Media, LLC, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk and via U. S. Mail upon any non-ECF participants at their address of record.

So certified, this 17th day of February, 2017,


/s/G. Gerald Cruthird
G. GERALD CRUTHIRD
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| DOUGLAS HANDSHOE AND SLABBED NEW MEDIA, L. L. C. | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:15cv382-HSO-JCG ) |
| VAUGHN PERRET, CHARLES LEARY & DANIEL ABEL, D/B/A/ TROUT POINT LODGE LTD OF NOVA SCOTIA & IN THEIR INDIVIIDUAL CAPACITIES PROGRESS MEDIA GROUP LIMITED, MARILYN SMULDERS & ASHOKA | ) ) ) ) ) ) ) ) |

**COMPLAINT IN INTERVENTION OF SLABBED NEW MEDIA, L. L. C.**

NOW COMES Intervenor, Slabbed New Media, L. L. C. (Slabbed New Media), and files this its Complaint in Intervention seeking to intervene in the above captioned matter, and would respectfully show the Court as follows.:

## INTRODUCTION

1. Slabbed New Media, L. L. C. is a Limited Liability Company formed under the laws of the State of Mississippi whose principle business activity is dissemination of journalism in the public interest focused on topics salient to the States of Mississippi and Louisiana. The principal asset of Slabbed New Media is an interactive website located at www.slabbed.org.

2. This lawsuit is about the misuse of the United States copyright laws via submission of misrepresented Takedown Notices issued under authority contained in Title 17, Section 512(f) of the United States code section as one of many tactics in a campaign of libel terrorism and related Canadian smear campaigns directed towards the owner/publisher of the Slabbed New Media website, who acted at all times as agent for Slabbed New Media, L. L. C. Additionally, the Defendants infringed on certain registered United States Copyrights



1

owned by Slabbed New Media, L. L. C. in ongoing attempts to suppress truthful reporting on matters in the public court record involving a massive political corruption scandal, resulting criminal investigation, conviction and incarceration of former Jefferson Parish President Aaron Broussard.

3. Because publications belonging to Slabbed New Media have been subject to multiple DMCA Takedown Notices and certain of Slabbed New Media's copyrights have been infringed Slabbed New Media intervenes in this lawsuit to ensure that its intellectual property rights are fully protected under the law. These Defendants all either made knowing material misrepresentations in numerous submissions of DMCA takedown notices which claimed copyright infringement or wholly failed to discharge their affirmative duties under the United States Copyright Laws misusing their copyright interests as well as actively infringing Slabbed New Media's copyrights. These Defendants must be held responsible for the harm they have caused the Plaintiffs in acts of retaliation against it and the Publisher over publications owned by Slabbed New Media. L.L.C.

4. Additionally, Intervenor seeks Declaratory Judgement against the Defendants including a judgment against Perret, Leary and Abel D/B/A Trout Point Lodge Limited and in their individual capacities regarding certain publications that have been the subject of numerous Canadian Defamation actions against third parties other than Slabbed New Media including a Canadian injunction obtained by Perret, Peary and Trout Point Lodge from that litigation that has been disseminated by the Defendants to certain of Slabbed New Media's web hosting providers by the Defendants who represented it as being applicable to Slabbed New Media as well as injunctive relief prohibiting the Defendants from submitting further

DMCA takedown notices regarding content on the Slabbed New Media website without first obtaining the permission of this Court.

## PARTIES

5. Intervenor Slabbed New Media is a Limited Liability Company organized under the laws of the State of Mississippi and is located in Wiggins, Stone County, Mississippi. Its registered office is located at 110 Hall Street, Wiggins, Mississippi.

6. Defendant Vaughn Perret is a person of age and a citizen, domiciliary of the Province of Nova Scotia Canada and who resides and is domiciled at Trout Point Lodge 189 Trout Point Rd, East Kemptville, NS B5A 5X9, Canada.

7. Defendant Charles Leary is a person of age and a citizen, domiciliary of the Province of Nova Scotia Canada and who resides and is domiciled at Trout Point Lodge 189 Trout Point Rd, East Kemptville, NS B5A 5X9, Canada.

8. Defendant Daniel G. "Danny" Abel is a person of age and a citizen, domiciliary of the State of Louisiana and who resides and is domiciled at the Super 8 Motel in Jefferson Parish Louisiana located at 2421 Clearview Parkway, Room 106, Metairie, LA 70001.

9. Defendant Trout Point Lodge Ltd. is a limited company formed under the laws of Nova Scotia, with registered offices located 189 Trout Point Rd, East Kemptville, NS B5A 5X9, Canada.

10. Defendant Progress Media Group Ltd. is a limited company formed under the laws of Nova Scotia, with registered offices located 1202 - 1660 Hollis Street, Halifax, NS Canada B3J 1V7.

11. Defendant Marilyn Smulders is a person of age and a citizen, domiciliary of the Province of Nova Scotia Canada and who resides in Bedford Nova Scotia and can be located for service of process at 5163 Duke Street, Halifax, Nova Scotia, Canada B3J 3J6.

12. Defendant, Ashoka is a not for profit corporation formed under the laws of the state of Virginia with registered offices located at 1700 North Moore Street, Suite 2000, Arlington, VA 22209.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to the federal questions statute, 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States. This Court may grant declaratory and related relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

14. Venue is proper in this district under 28 U.S.C. § 1391 because Slabbed New Media, L. L. C. is domiciled in this Judicial District.

## FACTUAL BACKGROUND

15. Intervenor Slabbed New Media adopts and incorporates the Factual Background contained in the Third Amended Complaint for Damages (ECF #90) submitted by Plaintiff Handshoe contained in paragraphs 10 through 97 of that document. Additional factual background is as follows:

## THE CREATIVE COMMONS LICENSE

16. Slabbed.org.is a public interest journalism interactive website with the contents of the website being the intellectual property of Slabbed New Media, L. L. C. The website is largely educational in nature and encourages the free exchange of ideas among its readers and commenters. The Creative Commons provides free, easy-to-use copyright licenses to make a simple and standardized way to give the public permission to share and use Slabbed New Media's creative work. This public license provides a standardized set of terms and conditions that creators and other rights holders may use to share their original works of authorship and other material subject to copyright and certain other rights

4

specified in the public license. Slabbed New Media makes its material available for sharing under a "Attribution-Noncommercial - No Derivatives 4.0 International Public License".

17. The Creative Commons Attribution-Noncommercial - No Derivatives 4.0 International Public License allows a user to copy and redistribute Slabbed New Media's creative works and material in any medium or format provided:

    - Appropriate credit is given to Slabbed New Media. Additionally, the subsequent user may share this material in any reasonable manner, but not in any way that suggests the Slabbed New Media endorses the subsequent use.
    - The material may not be used for commercial purposes without the written consent of Slabbed New Media and;
    - If the subsequent user remixes, transforms, or builds upon the shared material, the modified material may not be redistributed without the written consent of Slabbed New Media.

## THE TAKEDOWN NOTICES

18. At various points in time beginning in April 2011, the Defendants began a coordinated campaign of Copyright trolling the Slabbed New Media website by submitting numerous misrepresented takedown notices to Slabbed New Media's hosting providers under authority section of 17 U.S.C.A. § 512. Certain Slabbed New Media posts were subjected to multiple takedown notices concerning the same creative content repeatedly sent by the Defendants to Slabbed New Media's webhosts. The Defendants never pursued their claims of infringement in the United States Courts after forcing the takedown of works created by Slabbed New Media.

5

19. At the time the Defendants sent the mispresented takedown notices in certain instances they never considered whether or not the use of the creative works in question constituted fair use under 17 U.S.C.A. § 107. In other instances, the Defendants sent takedown notices involving creative works they did not create or have any copyrightable interest including a parody created and owned by Slabbed New Media, L. L. C. which was uploaded to YouTube by a third party pursuant to the Creative Commons license.

20. Slabbed New Media has learned that certain of the Defendants have violated the terms of the creative commons license by copying and disseminating content created and owned by Slabbed New Media for use in Canadian based Defamation lawsuits wherein the defendants claimed certain elements of ownership in the Canadian court proceedings they filed against third parties. The Defendants copied and disseminated the intellectual property for a commercial purpose without obtaining the permission of Slabbed New Media, L. L. C. in direct violation of the Creative Commons license.

## COUNTS 1 THROUGH 8
## MISREPRESENTED TAKEDOWN NOTICES PURSUANT TO 17 U.S.C.A. § 512(f)

21. Intervenor Slabbed New Media incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint in Intervention, paragraphs 10 through 97 and 105-169 of Third Amended Complaint for Damages and Injunctive Relief (ECF #90) submitted by Plaintiff Handshoe.

22. Slabbed New Media joins and specifically re-alleges Counts 1 through 8 contained in the Third Amended Complaint for Damages and Injunctive Relief at ECF Document Number 90.

23. Intervenor Slabbed New Media is entitled to damages for financial expenses associated with responding to the claims of infringement, nominal damages for damage to Slabbed New Media's first amendment rights together with reasonable attorney fees.

### COUNT 9
### [DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201, ET SEQ. (DECLARATORY JUDGMENT ACT) AND THE COPYRIGHT ACT (TITLE 17 OF THE U.S. CODE)] (MISUSE OF COPYRIGHT - 17 U.S.C. § 102(b))

24. Intervenor Slabbed New Media incorporates herein by reference the allegations contained in paragraphs 1 through 22 of this Complaint in Intervention and the allegations contained in paragraphs 1 through 97 and 170-178 of Third Amended Complaint for Damages and Injunctive Relief at ECF Document Number 90 submitted by Plaintiff Handshoe.

25. Slabbed New Media joins and specifically re-alleges Count 9 contained in the Third Amended Complaint for Damages and Injunctive Relief at ECF Document Number 90 submitted by Plaintiff Handshoe.

26. Intervenor is entitled to a declaration and judgment that to the extent Defendants own any valid copyright interests in the creative works subjected to the numerous takedown notices, Defendants have misused such copyrights rendering those Copyrights as unenforceable in the United States.

### COUNT 10
### [DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201, ET SEQ. (DECLARATORY JUDGMENT ACT) AND THE COPYRIGHT ACT (TITLE 17 OF THE U.S. CODE)]

27. Intervenor Slabbed New Media incorporates herein by reference the allegations contained in paragraphs 1 through 26 of this Complaint in Intervention and the allegations contained

in paragraphs 14 through 97 and 179-184 of Third Amended Complaint for Damages and Injunctive Relief at ECF Document Number 90 submitted by Plaintiff Handshoe.

28. Slabbed New Media joins and specifically re-alleges Count 10 contained in the Third Amended Complaint for Damages and Injunctive Relief at ECF Document Number 90 submitted by Plaintiff Handshoe.

29. Intervenor Slabbed New Media is entitled to declaratory judgment that the use of the photographs in question by Slabbed New Media, LLC is lawful under the fair use doctrine and does not infringe on any of the Defendants' copyrights.

## COUNT 11
## COPYRIGHT INFRINGEMENT

30. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Perret, Leary, Abel and Trout Point Lodge Ltd's copying and misappropriation of the intellectual property belonging to Slabbed New Media LLC bearing United States Copyright Office registration number PA0002019025 constitutes willful copyright infringement in violation of 17 U.S.C.A. § 501.

32. Slabbed New Media is entitled to injunctive relief under 17 U.S.C.A. § 502, Defendant's profits and Slabbed New Media's damages under 17 U.S.C.A. § 504(2), or alternatively statutory damages in an amount not less than $750 nor more than $150,000 under 17 U.S.C.A. § 504(c), along with all costs and attorney fees under 17 U.S.C.A. § 505.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Intervenor Slabbed New Media, L. L. C., demands the relief set forth in each of the counts herein, together with such other relief as the Court shall deem just and appropriate.

Respectfully submitted this 17th day of February, 2017.

/s/G. Gerald Cruthird
G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney at Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com

## CERTIFICATE OF SERVICE

I, G. Gerald Cruthird, Attorney for Slabbed New Media, LLC, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk and via U. S. Mail upon any non-ECF participants at their address of record.

So certified, this 17th day of February, 2017,


/s/G. Gerald Cruthird
G. GERALD CRUTHIRD
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com