**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DOUGLAS HANDSHOE**

**v.**                                   **CIVIL ACTION NO. 1:15cv382-HSO-JCG**

**VAUGHN PERRET, et al.**

**MEMORANDUM OF LAW IN SUPPORT OF ASHOKA'S OPPOSITION TO**
**SLABBED NEW MEDIA, L.L.C.'S MOTION TO INTERVENE**

Douglas J. Gunn (MS Bar No. 5068)
WATKINS & EAGER PLLC
400 East Capitol Street
Jackson, MS 39201
Phone: (601) 965-1900
Facsimile: (601) 965-1901

*Attorneys for Ashoka*

DATED:  March 3, 2017

## TABLE OF CONTENTS

Page

INTRODUCTION ……………………………………………………………1

FACTUAL BACKGROUND ………………………………………………2

ARGUMENT …………………………………………………………....3


I.      SLABBED NEW MEDIA, L.L.C. SHOULD NOT BE ALLOWED
TO INTERVENE IN THIS MATTER …………………………......................3

        A.     SNM Should Not Be Allowed to Intervene as of Right
Pursuant to Federal Rule of Civil Procedure 24(a)(2)…………………4

            1.     SNM's Motion to Intervene is Untimely ……………………..4

            2.     SNM's Interests Are Already Well-Represented by
Plaintiff Handshoe ………………………………………5

        B.     SNM Should Not Be Allowed to Intervene Pursuant to Federal
Rule of Civil Procedure 24(b) Because Intervention Will Unduly
Prejudice or Delay the Adjudication of Ashoka's Rights ……………6

Defendant Ashoka ("Ashoka"), by and through undersigned counsel, submits this Memorandum of Law in Support of Ashoka's Opposition to Slabbed New Media, L.L.C.'s Motion to Intervene.

## INTRODUCTION

More than fifteen months after Plaintiff Douglas Handshoe filed his original Complaint, Slabbed New Media, L.L.C. ("SNM") now seeks to intervene in the present litigation. SNM's Motion to Intervene should be denied because it is untimely, because Plaintiff Handshoe adequately represents SNM's interests in the litigation, and because SNM's intervention would unduly delay the adjudication of Ashoka's rights in the matter.

Additionally, SNM's Motion to Intervene, its proposed Complaint in Intervention, and its Memorandum of Law in Support of its Motion to Intervene (collectively, the "SNM Motion") all make clear that Ashoka plays no role in the ongoing dispute between Plaintiff Handshoe and Defendants Vaughn Perret, Charles Leary, and Daniel Abel, doing business as Trout Point Lodge Limited of Nova Scotia (collectively, the "Trout Point Lodge Parties"). Tellingly, the SNM Motion does not mention Ashoka **at all** beyond identifying it as a defendant in the matter. Ashoka simply lacks any cognizable connection to the ongoing dispute between Plaintiff and the Trout Point Lodge Parties. Because SNM's intervention would expand and drag out Plaintiff's dispute with the Trout Point Lodge Parties, the intervention would function to unduly prejudice and delay the adjudication of Ashoka's rights in this matter. As such, SNM's Motion to Intervene should be denied.

1

## FACTUAL BACKGROUND

Plaintiff Douglas Handshoe owns Slabbed New Media, L.L.C. ("SNM"), which publishes an online blog called "Slabbed". 3d Am. Compl. ¶ 1. In his Third Amended Complaint, Plaintiff asserts that Defendants Vaughn Perret, Charles Leary, and Daniel Abel, doing business as Trout Point Lodge Limited of Nova Scotia (collectively, the "Trout Point Lodge Parties"), engaged in a "campaign of libel terrorism and related Canadian smear campaigns" against Plaintiff as a result of his blogging activities on Slabbed. *Id.* Slabbed reported on "a massive political corruption scandal, resulting criminal investigation, conviction and incarceration of former Jefferson Parish President Aaron Broussard." *Id.* Slabbed reported that this scandal involved Defendants Perret, Leary, and Abel, doing business as Trout Point Lodge, in an alleged bribery and money laundering scheme. *Id.*

Ashoka is a non-profit organization that has pioneered the global field of social entrepreneurship. Its only connection to the legal disputes between the Trout Point Lodge Parties and Plaintiff (which have been ongoing since 2010) relates to Plaintiff's unauthorized use of a photograph of Defendants Leary and Perret on his blog in 2011. This photograph was originally published on Ashoka's Changemakers website in a profile of Trout Point Lodge as an example of geotourism and social entrepreneurship. Plaintiff used this photo without copyright permission on his blog in a series of posts regarding the Broussard political scandal.[1] Following receipt of a copyright complaint, on or about **September 28, 2011**, Ashoka issued a takedown notice under the Digital Millennium Copyright Act ("DMCA") with Automattic, Inc., the web

---

[1] The photograph of Defendants Leary and Perret first appeared on Plaintiff's blog **on September 8, 2011**. *See* D. Handshoe, "Slabbed solves the mystery on the shores of the Tusket River in Nova Scotia as we reveal the Trout Point connection to the Jefferson Parish political Corruption Scandal," SLABBED, http://slabbed.org/2011/09/08/slabbed-solves-the-mystery-on-the-shores-of-the-tusket-river-in-nova-scotia-as-we-reveal-the-trout-point-connection-to-the-jefferson-parish-political-corruption-scandal/ (last accessed Feb. 6, 2017).

host for Plaintiff's blog, requesting that Automatic remove the image from the blog.  *See* 3d Am. Compl. ¶ 33.  Subsequently, having no legal interest or stake in the matters in dispute between the Trout Point Lodge Parties and the Plaintiff, Ashoka abandoned its copyright interest, by assigning its rights in the photograph to Defendant Leary.  3d Am. Compl. ¶ 58.  Defendant Leary – who at this point had all rights to the photo of Leary and Perret – then issued a series of takedown notices to Plaintiff's web host with respect to the image.  Leary filed these takedown notices on December 13, 2012, December 14, 2012, and February 15, 2014 (the "December 2012 and February 2014 takedown notices").  3d Am. Compl. ¶¶ 41–44, 67.  Plaintiff pleads no facts or circumstances connecting Ashoka to these later notices, nor could he, as Ashoka's passing connection to the matter had long expired.

Now, more than fifteen months after Plaintiff filed his original Complaint, SNM seeks to intervene in this litigation.  Additionally, the SNM Motion raises – for the first time – several new allegations against the Trout Point Lodge Parties that in no way involve Ashoka.  *See* Mem. ISO Slabbed New Media, L.L.C.'s Mot. to Intervene at 5, 7 (discussing new allegations of infringement of SNM's copyrights); *see also* SNM Mot. to Intervene, Exh. 1, ¶¶ 2–3, 16–17, 30–32 (discussing new allegations of copyright infringement).

## ARGUMENT

### I.   SLABBED NEW MEDIA, L.L.C. SHOULD NOT BE ALLOWED TO INTERVENE IN THIS MATTER.

SNM should not be allowed to intervene in this matter pursuant to either Federal Rule of Civil Procedure 24(a)(2) or Federal Rule of Civil Procedure 24(b).  First, intervention pursuant to Rule 24(a)(2) is improper because SNM's Motion is untimely and SNM's interests are already well-represented by Plaintiff in this litigation.  Second, intervention pursuant to Rule 24(b) is

improper because intervention will unduly prejudice and delay the adjudication of Ashoka's rights in this matter.  As a result, SNM's Motion to Intervene should be denied.

### A. SNM Should Not Be Allowed to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a)(2).

Under Rule 24(a)(2), a party may intervene as of right if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  To intervene pursuant to Rule 24(a)(2), each of four requirements must be met: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit."  *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1287 (5th Cir. 1987). Intervention pursuant to Rule 24(a)(2) is improper here because SNM's motion is untimely and because SNM's interests are already well-represented in this litigation by Plaintiff Handshoe.

#### 1. SNM's Motion to Intervene is Untimely.

In determining whether a motion to intervene is timely, courts in the Fifth Circuit analyze four factors: "(1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual

circumstances militating either for or against a determination that the application is timely." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

Almost a year and a half has passed since Plaintiff filed his original Complaint on November 16, 2015. SNM cannot reasonably be said not to have known about its interests in this litigation when it was filed in November 2015 because Plaintiff owns and operates SNM; effectively, for the purposes of determining when SNM knew about this litigation, Plaintiff and SNM are one and the same. In the Fifth Circuit, courts "equat[e] knowledge of an 'interest in the case' with knowledge of an interest which 'might be affected by' the outcome of the case." *Jones v. Caddo Parish Sch. Bd.*, 735 F.2d 923, 934 (5th Cir. 1984) (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264 (5th Cir. 1977)). Here, SNM must have known it had an interest which might be affected by the outcome of the case when it was filed in November 2015. Again, not only does Plaintiff own and operate SNM, but Plaintiff discussed SNM at length in his original Complaint (the original Complaint mentions SNM at least 88 times). There is no reasonable explanation for SNM's fifteen-month delay in seeking to intervene in this matter. Because SNM's Motion to Intervene is untimely, it should be denied.

### 2. SNM's Interests Are Already Well-Represented by Plaintiff Handshoe.

SNM's Motion to Intervene should be denied because SNM's interests are already well-represented by the existing Plaintiff in this case. Courts deny motions to intervene when the interests of the party seeking to intervene are already well-represented in the litigation. *See Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987). The Fifth Circuit holds "that when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Nat'l Collegiate Athletic Ass'n*,

806 F.2d 1285, 1288 (5th Cir. 1987). Here, Plaintiff, as owner of SNM, already represents SNM's interests in this litigation. Indeed, in his Third Amended Complaint, Plaintiff mentions SNM no fewer than 133 times. SNM and Plaintiff have the same ultimate objectives in this matter. Because Plaintiff Handshoe already represents SNM's interests in this litigation, SNM's Motion to Intervene should be denied.

> **B.    SNM Should Not Be Allowed to Intervene Pursuant to Federal Rule of Civil Procedure 24(b) Because Intervention Will Unduly Prejudice or Delay the Adjudication of Ashoka's Rights.**

Under Rule 24(b), the court may permit a party to intervene if it has a claim or defense that shares with the main action a common question of law or fact, taking into consideration whether the intervention will unduly prejudice or delay the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b). In the Fifth Circuit, a party is entitled to permissive intervention if "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989) (citations omitted).

First, as explained above, SNM should not be allowed to intervene in this matter pursuant to Rule 24(b) because its motion is untimely.

Second, SNM should not be allowed to intervene pursuant to Rule 24(b) because intervention will unduly prejudice or delay the adjudication of Ashoka's rights in this matter. As explained in Ashoka's Motion to Dismiss Third Amended Complaint, [Dkt. Nos. 94–95], Ashoka is simply not involved in the ongoing disputes between Plaintiff/SNM and the Trout Point Lodge Parties. Indeed, the SNM Motion confirms this – it fails to mention Ashoka in any way beyond identifying Ashoka as a defendant in the matter. Additionally, the SNM Motion raises – for the first time – several new allegations against the Trout Point Lodge Parties that in

6

no way involve Ashoka.  *See* Mem. ISO Slabbed New Media, L.L.C.'s Mot. to Intervene at 5, 7 (discussing new allegations of infringement of SNM's copyrights); *see also* SNM Mot. to Intervene, Exh. 1, ¶¶ 2–3, 16–17, 30–32 (discussing new allegations of copyright infringement).

Allowing SNM to intervene in this matter will allow Plaintiff to continue to draw out his battle with the Trout Point Lodge Parties – at Ashoka's expense.  The intervention will unduly prejudice and delay the adjudication of Ashoka's rights in this matter.  As a result, SNM's Motion to Intervene should be denied with prejudice.

## CONCLUSION

For the foregoing reasons, Slabbed New Media, L.L.C.'s Motion to Intervene should be denied.

Respectfully submitted,

DATED: March 3, 2017                         /s/ Douglas J. Gunn
                                             Douglas J. Gunn (MS Bar No. 5068)
                                             WATKINS & EAGER PLLC
                                             400 East Capitol Street
                                             Jackson, MS 39201
                                             Phone: (601) 965-1900
                                             Facsimile: (601) 965-1901

                                             *Attorneys for Ashoka*

7

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day electronically filed the

foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to

all counsel of record who have registered with the ECF system.

This is the 3rd day of March, 2017.

/s/ Douglas J. Gunn