IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS & ASHOKA                                          DEFENDANTS

---

**MEMORANUM BRIEF IN SUPPORT
OF RESPONSE IN OPPOSITION
TO MOTION TO INVERNE**

---

Jason B. Purvis (MS Bar No. 100873)
PURVIS & CO. PLLC
14110 Airport Rd, Ste A
PO Box 2307
Gulfport MS 39505
Telephone: 228-206-7174
jpurvis@purviscolaw.com

*Attorney for Defendants
Vaughn Perret and Charles Leary*

Date:  March 3, 2017

1

# Table of Contents

PROCEDURAL POSTURE.................................................................................................4

FACTUAL BACKGROUND.............................................................................................5

STANDARD OF REVIEW...............................................................................................9

ARGUMENT.....................................................................................................................10

   I   THE UNDERLYING SUIT IS DUE TO BE DISMISSED FOR LACK OF STANDING
     10

   II   SLABBED NEW MEDIA, LLC CANNOT ESTABLISH A RIGHT TO INTERVENE
   UNDER F.R.C.P. 24 ....................................................................................................13

     A. The Intervention is Untimely.........................................................................14

     B.  Slabbed cannot state a viable interest in the subject matter of this litigation. .........................19

     C.   The claims alleged by Slabbed will ultimately fail for the same reasons asserted in Leary and Perret's Motion to Dismiss and Memorandum Brief in support thereof.......................................20

CONCLUSION..................................................................................................................21

# TABLE OF AUTHORITIES

**Cases**

*Alt v. USEPA*, 758 F.3d 588 (4th Cir. 2014) ...................................................................18

*Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829 (11th Cir. 1990)........................20

*Diamond v. Charles*, 476 U.S. 54, 106 S. Ct. 1697, 90 L. Ed. 2D 48 (1986) ...........................11

*Ericsson Inc. v. INTERDIGITAL COMMUNS.*, 418 F.3d 1217 (Fed. Cir. 2005) ...................................19

*Evans Newton Inc. v. Chicago Sys. Software*, 793 F.2d 889, 897 (7th Cir.), cert. denied, 479 U.S. 949, 107 S.Ct. 434, 93 L.Ed.2d 383 (1986) ...................................................................20

*Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 732 (D.C. Cir. 2003) ...................................10

*Gladstone, Realtors v. Village of Bellwood*, 441 U. S. 91, 99 (1979).........................................11

*Hodel*, 821 F.2d at 539...................................................................18

*I.C.C. v. Southern Ry. Co.*, 380 F.Supp. 386, 394-95 (M.D.Ga.1974), aff'd in relevant part, 543 F.2d 534 (5th Cir.1976)...................................................................12

*Kendrick v. Kendrick*, 16 F.2d 744, 745 (5th Cir. 1926), cert. denied, 273 U.S. 758, 47 S.Ct. 472, 71 L.Ed. 877 (1927) ...................................................................12

*Mattice v. Meyer*, 353 F.2d 316 (8th Cir. 1965)...................................................................13

*McClune v. Shamah*, 593 F.2d 482 (3rd Cir 1979) ...................................................5, 12, 20

*Moten v. Bricklayers, Masons, & Plasterers, Intern. Union of Am.*, 543 F.2d 224, 228 (D.C.Cir.1976).........18

*Nat'l Ass'n for Advancement of Colored People v. N.Y.*, 413 U.S. 345, 365–66, 93 S. Ct. 2591, 2602–03, 37 L. Ed. 2d 648 (1973) ...................................................................14

*Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006) ...................................................................12

*Pa. Prison Soc'y v. Cortes*, No. 97-1731, 2009 WL 1653543, at *14 (E.D. Pa. June 11, 2009)...................13

*Ruiz v. Estelle*, 161 F.3d 814 (5th Cir.1998)...................................................................11

*San Juan County v. United States*, 420 F.3d 1197, 1205 (10th Cir. 2005) ...................................10

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994).................................................13, 15, 16, 17

*Simmons v. I.C.C.*, 716 F.2d 40, 46 (D.C.Cir.1983)...................................................................12

*Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016) ...................................................9

*Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977) .............................................13, 15, 18

*Truvillion v. King's Daughters Hospital*, 614 F.2d 520 (5th Cir. 1980)........................................11

*United States ex rel. Texas Portland Cement Co. v. McCord*, 233 U.S. 157, 163-64, 34 S.Ct. 550, 553, 58 L.Ed. 893 (1914) ...................................................................13

*United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 848 F.3d 366 (5th Cir. 2017)............................16

*United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983)...........................................18

*US FOR USE & BEN. OF CANION v. Randall & Blake*, 817 F.2d 1188 (5th Cir. 1987) ...................19

*Valley Forge Christian College*, 454 U. S., at 472.........................................................11

*Viesti Associates, Inc. v. Mcgraw-Hill Global Education Holdings, LLC*, Civil Action No. 12-CV-00668-WYD-DW (D. Colo. July 30, 2014)...................................................................13

*Yount v. Handshoe*, 171 So. 3d 381 (La. Ct. App. 2015) .........................................................7

**Statutes**

17 U.S.C. § 102 ...................................................................18

17 U.S.C. § 411 ...................................................................18

17 U.S.C. § 412 ...................................................................20

17 U.S.C. § 512 .............................................................................6, 19

28 U.S.C. § 1291...................................................................9

Fed. R. Civ. P. 24 .............................................................................5, 14, 21

L.U.Civ. R7(b)(4)...................................................................4

La CCP Art 971...................................................................7

COME NOW Defendants **Vaughn Perret** and **Charles Leary**, by and through their counsel, Purvis & Co. PLLC, file this their Memorandum Brief in Support of Response in Opposition to the Motion to Intervene filed by Slabbed New Media, L.L.C., and would show that the Motion is not well taken and should be denied as discussed herein.

## PROCEDURAL POSTURE

On January 26, 2017, plaintiff Douglas Handshoe filed his Third Amended Complaint for Damages, Declaratory and Injunctive Relief.  On February 15, 2017, defendants Perret and Leary timely filed their Motion to Dismiss Third Amended Complaint.  As of the filing of this Response to Motion to Intervene, plaintiff Douglas Handshoe has neither filed a Response to the Motion to Dismiss of Perret and Leary nor has he sought additional time to respond to said Motion.[1] Defendants would show that Handshoe requested additional time to respond to the Motion to Dismiss filed by co-defendant Ashoka and thus, has failed to indicate any opposition to Perret's and Leary's Motion to Dismiss.

After a few technical challenges, Slabbed New Media, LLC successfully filed its Motion to Intervene on or about February 17, 2017, more than 15 months after the filing of the original Complaint.  Slabbed baldly asserts that it is entitled to intervene pursuant to Fed. R. Civ. P. 24(a)(2) as well as Fed. R. Civ. P. 24(b)(1)(B).  Because defendants Perret and Leary are due to be dismissed from this action for the reasons stated in their Motion to Dismiss and Memorandum Brief in Support, Slabbed's Motion should be denied as to these defendants.  Additionally, and alternatively, Perret and Leary would show that Slabbed has not made a showing sufficient to justify intervention; therefore, the Motion to Intervene should be denied.

---

[1] L.U.Civ. R7(b)(4) provides that a "respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response."  The rule goes on to state, "Failure to timely submit the required motion documents may result in the denial of the motion."

Procedurally, this case is nearly identical to the facts of the 3rd Circuit's decision in *McClune v. Shamah*, 593 F.2d 482 (3rd Cir 1979).  In *McClune*, a Limited Partnership appealed from an Order of the United States District Court of the Western District of Pennsylvania denying the entity's motion to intervene in a suit brought by the limited partners.  Just like here, the *McClune* intervenor filed a motion to intervene to forestall the defendants' arguments that the plaintiff lacked standing to bring the underlying suit.  Defendants Leary and Perret posit that the present action is due to be dismissed, and Slabbed cannot cure Handshoe's lack of standing via the use of Fed. R. Civ. P. 24. *McClure* at 486.  Quixotically, Slabbed's motion, memorandum and proposed complaint in intervention support defendants' arguments for dismissal and affirm the primary basis for dismissal of plaintiff Handshoe's claims as stated in these defendants' Motion to Dismiss: namely, Douglas Handshoe does not have standing to bring this case and it is technically a "non-existent lawsuit" for the purposes of Slabbed's motion.

## FACTUAL BACKGROUND

Plaintiff and proposed Plaintiff-in-intervention, Handshoe's sole-proprietorship LLC, ("Plaintiffs") assert that defendants "misuse[d] United States Copyright laws to suppress journalism in the public interest." Plaintiffs make numerous allegations about their "free speech" rights and the First Amendment to the Constitution of the United States.

Plaintiffs admit, and have been adjudicated, to having published four photographic images belonging to third parties. Plaintiffs do not allege they had permission or license to publish the photographs, but rather purport that the infringing publications were covered instantaneously by multiple types of "fair use," and that therefore they can sue the owners of those works for "misrepresentation" in copyright infringement notices sent to Plaintiffs' service providers, and for declaratory relief, including prospective injunctive relief from further infringement notices being sent not to Plaintiffs, but to the LLC's service providers.

*Pro se* Plaintiff Douglas Handshoe ("Plaintiff" or "Handshoe") is "sole owner and publisher of Slabbed New Media, LLC, the owner of the website located at www.slabbed.org." Slabbed "reports information on various private and public individuals, entities, and events in the Gulf South region, including southeastern Louisiana and New Orleans." Slabbed posts sensational stories and images "published and distributed as clickbait to millions of people on the internet . . ." According to Plaintiff, all defendants have submitted "takedown notices" pursuant to 17 U.S.C. § 512 "in an attempt to force Plaintiff, as Publisher and agent for Slabbed New Media, LLC to take down Constitutionally protected free speech in the form of journalistic posts to the Slabbed New Media LLC website . . . ." Per Handshoe, "Plaintiff in his personal capacity had no connection to the [...] use of the photographs in question" (3rd Amended Complaint at paragraphs 93 & 94). It was "Slabbed New Media, LLC's use of the creative works" that was the subject of the DMCA infringement notices. Under 17 USC 512(f) it was always the "Slabbed New Media, LLC [blog] posts" that were at issue, not Handshoe's.

The four "creative works" at issue were the subject of a February 14, 2014, final judgment by Nova Scotia Supreme Court against Handshoe for copyright infringement under the Canadian Copyright Act. That decision awarded statutory damages for infringement in the amount of $180,000.00 CAN, and also found, based on two days of evidentiary hearings, that Leary, Perret, and Trout Point Lodge, Limited (a separate juridical entity) owned copyright in the four photographic works in question in this case, and found that they were infringed by Handshoe. Handshoe did make a general appearance in the Nova Scotia court prior to final judgment, including filing a summary judgment motion. Though on notice, he did not appear for the evidentiary hearing that took place on December 17 & 18, 2013, during which Leary & Perret showed the court a copy of a YouTube video purportedly belonging to Slabbed New Media, LLC. See Trout Point Lodge Ltd. v. Handshoe, 2014 NSSC 62 at paragraph 10.

Leary, Perret, and Trout Point filed a Petition to Enroll Foreign Judgment in Hancock County Circuit Court on June 2, 2014. Handshoe, individually represented by attorney Cruthird, Removed the June 2014 action to this Court citing the SPEECH Act.  This Court remanded it back to state court in November 2014. (See generally 1:14cv241-LG-JCG). On May 28, 2015, Handshoe lost on appeal to the Louisiana Court of Appeals for the Fifth Circuit regarding his anti-SLAPP motion (La. CCP Art. 971) in an internet defamation and pornography case.  La CCP Art 971 mandates an award of attorney's fees to the prevailing party and the appeals court so ordered. On June 16, 2015 Handshoe's motion for rehearing was denied; *Yount v. Handshoe*, 171 So. 3d 381 (La. Ct. App. 2015). On the same day, June 16, 2015, Handshoe placed Slabbed New Media, LLC into Chapter 11 protection from the United States Bankruptcy Court for the Southern District of Mississippi, citing a theory of indemnification between him and Slabbed New Media, LLC for his actions as the sole member and employee of Slabbed[2].  According to the representations made to the Bankruptcy Court, Plaintiff Handshoe brought the present action, "to gather the claims for a civil conspiracy."

On November 13, 2015, the state court dismissed the June 2014 action of Perret, Leary, and Trout Point without prejudice because Plaintiffs failed to provide an "affidavit with the names and last known addresses of the [judgment] creditor[s] and debtor[,]" as required by Mississippi law to enroll and enforce a foreign judgment (see 1:16-cv-00007-LG-RHW Perret et al v. Handshoe). Knowing Leary & Perret would re-enroll their final judgment against Handshoe, individually, Plaintiff then immediately filed the present *pro se* Civil Complaint for Damages, Declaratory and Injunctive Relief [3] in this Court on November 16, 2015, naming Leary & Perret as defendants.

---

[2] Slabbed New Media is "a business" with "business income"; *IN RE SLABBED NEW MEDIA, LLC*, No. 15-50963-KMS (Bankr. S.D. Miss. Sept. 16, 2016). The Bankruptcy Court also cited to *Yount v. Handshoe*, 171 So. 3d 381, 390 (La. Ct. App.) at fn. 7 "That court found that 'a pornographic drawing and evidence under seal from private divorce proceedings' were 'published and distributed as clickbait to millions of people on the internet in a manner that defame[d] or invade[d] the privacy of another.'"
[3] [Dkt 1] 1:15 cv 382 HSO-JCG, the instant action.

Subsequently, Handshoe followed with a First Amended Complaint for Damages, Declaratory and Injunctive Relief [9] on December 8, 2015.

Leary, Perret, and Trout Point Lodge again filed the same Canadian copyright order in the Circuit Court of Hancock County, Mississippi, in December, 2015, which Defendant again removed to this Court citing the SPEECH Act and diversity jurisdiction. That case was remanded by the Court on February 16, 2016 (1:16-cv-00007-LG-RHW Perret et al v. Handshoe). On January 6, 2016, Handshoe filed an amended complaint with this Court in case 1:14-cv-00159-KS-MTP Handshoe v. Abel, in which he added instant defendants as defendants in that case (Case 1:14-cv-00159-KS-MTP Document 80 Filed 01/06/16).  In that complaint, Handshoe repeated allegations and causes of action made in this case, including seeking declaratory relief under the Copyright Act, and alleging abuse of process and conspiracy.

Ultimately, in bankruptcy court, Slabbed New Media, LLC failed to meet its required burden of proof for confirmation to establish a plan of reorganization, and the debtor's case was dismissed on September 16, 2016.   On January 5, 2017, Hancock County Circuit Court denied Handshoe's motions seeking to permanently stay or strike the enrollment of the foreign judgment. Handshoe did not timely appeal.  On February 15, 2017, Leary and Perret filed a motion to dismiss, which, in part, alleged that Handshoe in his personal capacity has no standing in this case. That same argument challenging Handshoe's standing had previously been made by other defendants after each amendment to Handshoe's complaint.

On January 31, 2017, Slabbed New Media's copyright in the YouTube video that features Leary and Trout Point's copyrighted photographic works, subject to the 2014 Canadian court order, was registered with the U.S. Copyright Office (Exhibit "A" to Defendant's Response in Opposition to Motion to Intervene).  On February 9, 2017 Ashoka filed its motion to dismiss the 3rd Amended Complaint. On February 15, instant defendants filed their motion to dismiss, which again alleged

8

Handshoe had no standing over the copyright claims. Only thereafter, on February 17, 2017, did Slabbed file its motion to intervene.

Slabbed states in its proposed complaint that it has known of "copyright trolling" and alleged misrepresentations in copyright infringement notices filed about its blog post publications, as well as "collusion" by unspecified defendants, presumably including Leary & Perret, against it since April 2011 (paragraph 18). Slabbed did not file suit or seek to protect its alleged interests at any time until February 17, 2017.  Rather, in November 2015, Slabbed's sole proprietor and sole employee Douglas Handshoe filed his initial complaint asserting that he represented all of Slabbed's interests as "publisher," but that he had no personal involvement, a claim he has repeated in the 1st Amended, 2nd Amended, and 3rd Amended Complaints despite strenuous assertions in various motions to dismiss that he lacked standing in this case based on these assertions of no personal involvement.

## STANDARD OF REVIEW

Generally, the Court enjoys an abuse of discretion standard regarding the timeliness of intervention so long as the district court makes findings regarding its timeliness conclusions.[4]  While, "'[t]he denial of a motion to intervene of right is an appealable final order under 28 U.S.C. § 1291,' the appellate Court only has 'provisional jurisdiction' to review the denial of permissive intervention. (Citations). 'If the district court's denial of permissive intervention does not constitute an abuse of discretion, we must dismiss the appeal for lack of jurisdiction." *Id.  Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016).  Slabbed has not asserted "an unconditional right to intervene" granted by a federal statute; therefore, Slabbed's invocation of Rule 24(a) is based upon a claimed "interest relating to the property or transaction that is the subject of the action, and is so situated

---

[4] See Sommers v. Bank of American, N.A., 835 F.3d 509, 513 (5th Cir. 2016).

that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  *Id.*

## ARGUMENT

Slabbed's motion to intervene is due to be dismissed for two primary reasons, and additional supporting grounds.  The defendants would show that

## I      THE UNDERLYING SUIT IS DUE TO BE DISMISSED FOR LACK OF STANDING

On December 1, 2016, this Court issued a temporary stay in these proceedings due to defendants' challenge to subject-matter jurisdiction. Each and every defendant in this case, past and present, has challenged Handshoe's standing and thus the subject-matter jurisdiction of this Court. The consistent arguments of the defendants have been that Handshoe's own complaints fail to establish that the Plaintiff had standing to bring this action.  Additionally, the defendants have argued that there is no active controversy regarding Handshoe's requests for declaratory relief, which are actually defectively pleaded claims for injunctive relief.  Finally, Handshoe has failed to state the elements necessary for a cause of action under the SPEECH Act.

Because standing is a jurisdictional issue, it must be addressed before the Court can proceed with its intervention analysis. See *San Juan County v. United States*, 420 F.3d 1197, 1205 (10th Cir. 2005)("because standing implicates a court's jurisdiction, it requires the court itself to raise and address standing before reaching the merits of the case before it")(citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000)); *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 732 (D.C. Cir. 2003)(addressing standing prior to Rule 24(a)(2) factors because standing presents a jurisdictional question).[5]

---

[5] *State Farm Fire and Casualty Company v. Hood*, Civil Action No. 2: 07-cv-188 (DCB)(MTP) (S.D. Miss. Mar. 24, 2010).

Slabbed's Motion, Memorandum and proposed Complaint in Intervention actually assert facts consistent with, and in support of, the factual bases asserted by defendants in support of their arguments that present action is due to be dismissed because Handshoe cannot establish standing because he has not pleaded a cognizable, discrete, personal interest in the litigation. Slabbed adopts and incorporates by reference all of Handshoe's factual allegations, including that he personally had no part in allegedly infringing the four photographic works, i.e. the necessary claims contained in the allegedly intentionally misrepresented DMCA notices. Slabbed claims that it was the party injured and the party deserving of declaratory relief because its "Slabbed New Media posts" were the subject of the DMCA notices, and its rights are being affected by the alleged "collusion" of the defendants in serving notices on "Slabbed New Media's hosting providers." "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to `show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' *Gladstone, Realtors v. Village of Bellwood*, 441 U. S. 91, 99 (1979)'" *Valley Forge Christian College*, 454 U. S., at 472.

"The Courts of Appeals have reached varying conclusions as to whether a party seeking to intervene as of right must himself possess standing." *Diamond v. Charles*, 476 U.S. 54, 106 S. Ct. 1697, 90 L. Ed. 2D 48 (1986). However, in this Circuit, "[w]hether the right to intervene is permissive or unqualified cannot affect the application of this rule." *Truvillion v. King's Daughters Hospital*, 614 F.2d 520 (5th Cir. 1980).

> In *Ruiz v. Estelle*, 161 F.3d 814 (5th Cir.1998), we held "that Article III does not require intervenors to independently possess standing where the intervention is into a subsisting and continuing Article III case or controversy and the ultimate relief sought by the intervenors is also being sought **by at least one subsisting party with standing to do so.**" *Id.* at 830 (emphasis added). This approach is consistent with the outcomes in *Diamond v. Charles*, 476 U.S. 54, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) (holding that intervenor could not pursue an appeal without establishing his standing where the party on whose side he had intervened had decided not to appeal) and *Kendrick v. Kendrick*, 16 F.2d 744, 745 (5th Cir.1926) ("An existing suit within the court's jurisdiction is a prerequisite of an intervention.").

*Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006).  Consistent with the 5th Circuit's decisions

and directly on point is the U.S. Court of Appeals for the 3rd Circuit's finding in *McClune v. Shamah*,

593 F.2d 482, 486 (3d Cir. 1979):

> Cedar Bayou's motion for intervention was directed toward forestalling the defendants' argument that certain claims asserted by the plaintiffs belong to the partnership entity rather than its limited partners. But it is axiomatic that **"intervention will not be permitted to breathe life into a 'nonexistent' lawsuit."** *Fuller v. Volk*, 351 F.2d 323, 328 (3d Cir. 1965)(emphasis added). A motion for intervention under Rule **24 is not an appropriate device to cure a situation in which plaintiffs may have stated causes of action that they have no standing to litigate.** See *Interstate Commerce Commission v. Southern Railway Co.*, 380 F.Supp. 386, 394 (M.D.Ga. 1974)(emphasis added), Affirmed in relevant part, 543 F.2d 534 (5th Cir. 1976) ("it is elementary that jurisdictional defects in the original complaint cannot be remedied by the papers of intervenors, nor can authority to bring a suit be bestowed by intervenors on an original plaintiff where no such authority existed prior to intervention").

*McClune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979).  Slabbed's motion to intervene fails because it is

ultimately directed toward forestalling Leary & Perret's argument that claims asserted by Handshoe

belong to the LLC.  Such procedural maneuvers cannot cure the jurisdictional defects consistently

pleaded by Handshoe.

"The complaint of the [Plaintiff] must stand on its own with respect to the motion to

dismiss; it is elementary that jurisdictional defects in the original complaint cannot be remedied by

the papers of intervenors, nor can authority to bring a suit be bestowed by intervenors on an original

plaintiff where no such authority existed prior to intervention.  See, e. g., *Kendrick v. Kendrick*, 16 F.2d

744, 745 (5th Cir. 1926), cert. denied, 273 U.S. 758, 47 S.Ct. 472, 71 L.Ed. 877 (1927) ("An existing

suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary

proceeding in an already instituted suit.")"  *I.C.C. v. Southern Ry. Co.*, 380 F.Supp. 386, 394-95

(M.D.Ga.1974), aff'd in relevant part, 543 F.2d 534 (5th Cir.1976).[6]

---

[6] See Also:  *Simmons v. I.C.C.*, 716 F.2d 40, 46 (D.C.Cir.1983) (no intervention possible because neither original plaintiffs nor intervenors conferred subject-matter jurisdiction); *United States ex rel. Texas*

Slabbed states/admits that "the Publisher [Handshoe] lacks standing to assert certain claims that are only available to the owner of the intellectual property displayed on the interactive web site" slabbed.org (brief, page 7). Slabbed and Handshoe both admit in various places that all content on slabbed.org belongs to Slabbed New Media, LLC, not Handshoe personally, and that it is Slabbed's service providers that were affected by the DMCA notices. Handshoe has no standing to bring these claims or the declaratory claims based on related events.

On the threshold issue of standing, this proposed intervention must be denied pending this Court rules on the defendants' motions to dismiss and the issue of Handshoe's standing at the time of filing. "Courts should discourage premature intervention that wastes judicial resources." *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994). "[T]he protective step of seeking intervention will later prove to have been unnecessary, and the result will be needless prejudice to the existing parties and the would-be intervenor if his motion is granted, and purposeless appeals if his motion is denied. In either event, scarce judicial resources would be squandered, and the litigation costs of the parties would be increased." *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977).

## II     SLABBED NEW MEDIA, LLC CANNOT ESTABLISH A RIGHT TO INTERVENE UNDER F.R.C.P. 24

Defendants Perret and Leary would show that Slabbed New Media, L.L.C. intervention is neither permissible nor allowed as a matter of right, under Fed.R.Civ.P 24, for the following reasons:

---

*Portland Cement Co. v. McCord*, 233 U.S. 157, 163-64, 34 S.Ct. 550, 553, 58 L.Ed. 893 (1914) (no intervention possible because original plaintiffs sued prematurely and therefore had no federal cause of action. "The intervention could not cure this vice in the original suit." "As we read the certificate, the intervention was what it purported to be, an appearance in the original suit, already brought, and in our view must abide the fate of that suit."); *Mattice v. Meyer*, 353 F.2d 316 (8th Cir. 1965) ("Mattice lacked standing at law to maintain the proceeding as a formal action; absent the pendency of an action, there was no basis for intervention under Rule 24, F.R. Civ.P."); *Pa. Prison Soc'y v. Cortes*, No. 97-1731, 2009 WL 1653543, at *14 (E.D. Pa. June 11, 2009) ("The Court agrees with the general principal [sic] invoked by the Defendants that standing to bring an action cannot be achieved via intervention by parties that were not originally included in the litigation." (citation omitted)), rev'd and remanded on other grounds, 622 F.3d 215 (3d Cir. 2010); *Viesti Associates, Inc. v. Mcgraw-Hill Global Education Holdings, LLC*, Civil Action No. 12-CV-00668-WYD-DW (D. Colo. July 30, 2014), a copyright case, collecting cases.

(1)   Slabbed New Media, L.L.C.'s intervention is not timely under Fed. R. Civ. P
      24(a) or (b), and its intervention is made to vex, annoy, unduly delay, and
      prejudice the Defendants;

(2)   Slabbed New Media, L.L.C. cannot state a viable interest in the subject matter of
      this litigation; and,

(3)   The claims alleged by Slabbed will ultimately fail for the same reasons asserted in
      Leary and Perret's Motion to Dismiss and Memorandum Brief in support
      thereof.

## A. The Intervention is Untimely

Federal Rule of Civil Procedure 24(a) and (b) provide that, "[o]n timely motion," the court

must, or may, permit anyone to intervene…." Consequently, before the Court can permit a party to

intervene, the intervening party must timely file their motion to intervene.  The "timeliness" criterion

of Fed.R.Civ.P. 24, both (a) and (b), left undefined by the rule, has been interpreted to require

consideration of all the circumstances surrounding the intervention:

> "Intervention in a federal court suit is governed by Fed. Rule Civ. Proc. 24. Whether
> intervention be claimed of right or as permissive, it is at once apparent, from the
> initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'
> If it is untimely, intervention must be denied. Thus, the court where the action is
> pending must first be satisfied as to timeliness. Although the point to which the suit
> has progressed is one factor in the determination of timeliness, it is not solely
> dispositive. Timeliness is to be determined from all the circumstances. And it is to be
> determined by the court in the exercise of its sound discretion; unless that discretion
> is abused, the court's ruling will not be disturbed on review."

*Nat'l Ass'n for Advancement of Colored People v. N.Y.*, 413 U.S. 345, 365–66, 93 S. Ct. 2591, 2602–03, 37

L. Ed. 2d 648 (1973).

Slabbed New Media, L.L.C. did not timely seek intervention.  As mentioned above, this

action was commenced over fifteen (15) months ago by Douglas K. Handshoe, the sole owner,

publisher, and employee of Slabbed New Media, L.L.C.  He filed, "in his individual capacity and as

14

publisher of Slabbed New Media, LLC…," in attempt to receive a judgment and injunctive relief against the Defendants for alleged "misrepresentations pursuant to 17 U.S.C. § 512(f)."[7]  The misrepresentations alleged by the Plaintiff are the same "Misrepresented Takedown notices" which Slabbed now claims have "inherently impact[ed] Slabbed's copyright interests…."[8]

The Fifth Circuit has laid out four factors to be used in determining the timeliness of a motion to intervene:

> (1) The length of time during which **the would-be intervenor actually knew** or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the **extent of the prejudice that the existing parties** to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Stallworth v. Monsanto Co.,* 558 F.2d 257, 264–66 (5th Cir.1977) (citations omitted).

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).  These factors are intended to guard against prejudicing the original parties from a late-comer's failure to intervene sooner. *Id.*  In *Espy,* the Fifth Circuit found that the movant's intervention, which came several years after the original complaint was filed, was acceptable, as the "claims changed dramatically over the course of the lawsuit." *Id.* at 1206. The *Espy* court also reaffirmed its findings in *Stallworth*, 558 F.2d at 264, stating that "[a] better gauge of promptness is the speed with which the would-be intervenor acted when it became aware that its interests would no longer be protected by the original parties." *Id.*

Slabbed necessarily had notice of this civil action immediately upon its filing on November 16, 2015.  Slabbed further alleges that it was aware of the underlying facts alleged by Handshoe (and by Slabbed for that matter), as far back as September 28, 2011, when

---

[7] See Plaintiff's Third Amended Complaint, page 1.
[8] See Slabbed New Media, L.L.C.'s Memorandum in Support of Slabbed New Media, L.L.C.'s Motion to Intervene, pages 4-5.

Handshoe claims that a takedown notice was filed with "Automattic, Inc. then web host of the Slabbed New Media Interactive website..."[9] Slabbed was aware of (or should have been aware of) the purported impact on its alleged "copyright interests in the intellectual property contained on the website, including a transformative parody," as early as December 2013, when the Canadian court found that Handshoe had infringed upon the Defendants' copy rights.[10]

Despite Slabbed being aware of the claims brought by Handshoe[11], Slabbed dallied over fifteen (15) months before bringing its motion to intervene only after the defendants had expended tens of thousands of dollars in bringing multiple motions to dismiss Handshoe's flawed pleadings. According to Slabbed's Memorandum, Handshoe's many Complaints, and the Fifth Circuit's ruling in *Espy,* Slabbed should have intervened no later than November 16, 2015.  Neither the Motion nor the supporting Memorandum supply any averment of facts justifying the severe delay in action.

As it relates to prejudice, the defendants have incurred massive litigation expenses in responding to the four Complaints filed by Handshoe, all of which have been defective and subject to dismissal because Handshoe has lacked, and continues to lack standing, or alternatively, because he failed to state claims for which relief could be granted.  By appearing at this late hour, Slabbed's untimely "intervention" is nothing more than another attempt by the Plaintiff to cause undue delay, costs, expense, and prejudice to the Defendants.  Had Slabbed timely involved itself in this litigation, the defendants would not have been forced to expend their scant resources on the meritless pleading practice of the plaintiff and intervenor.  They have been severely prejudiced in multiple

---

[9] Plaintiff's Third Amended Complaint (document #90), ¶ 33.
[10] See Slabbed New Media, L.L.C.'s Memorandum in Support of Slabbed New Media, L.L.C.'s Motion to Intervene, pages 4-5.
[11] "[U]nder the common law, . . . '[k]nowledge of the proper corporate agent must be regarded, in legal effect, as the knowledge of the corporation.' See *Fletcher* § 787."  *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 848 F.3d 366 (5th Cir. 2017).

ways including the costs expended in defense.  Slabbed's intervention multiply if this litigation proceeds.

Turning to the third criteria, Slabbed asserts that its "interests are not adequately represented by the original Plaintiff because the Publisher lacks standing to assert claims that are only available to [Slabbed]."[12] Each of the Plaintiff's four (4) complaints admit that "Plaintiff in his personal capacity had no connection to the illustrative use of the photographs…" which prompted the Defendants' allegedly misrepresented takedown notices.[13]  In fact, the theme of the Plaintiff's various complaints is that he is bringing these claims on behalf Slabbed proving a lack of standing.  Indisputably, Slabbed knew from the Plaintiff's first filing that he did not possess standing to bring his claims, and, therefore, was not protecting Slabbed's interests. It was only after Plaintiff came to believe that he lacked legal standing that he attempted to breathe life into the dead husk of his Third Amended Complaint by suggesting the present intervention; however, as discussed above, Rule 24 Intervention is not the tool to cure the lack of jurisdiction underlying this action.  Thus, Slabbed is no more prejudiced by the denial of its Motion to Intervene because it is inevitable that underlying case will fail due to the plaintiff's lack of standing, and Slabbed has sat on its rights dating back to 2011.

The final element the Court should consider in the timeliness analysis is "the existence of unusual circumstances militating either for or against a determination that the application is timely."[14]  Defendants Leary and Perret would suggest although copyright protection attaches at the time of an author's creation of an original United States work susceptible to copyright under 17 U.S.C. § 102(a), an owner's cause of action for infringement of that copyright is unenforceable until

---

[12] See Slabbed New Media, L.L.C.'s Memorandum in Support of Slabbed New Media, L.L.C.'s Motion to Intervene, page 7.
[13] See Plaintiff's Complaint (document #1), ¶¶ 83 & 84; see Plaintiff's First Amended Complaint (document #9), ¶¶ 83 & 84; see Plaintiff's Second Amended Complaint (document #44), ¶¶ 89 & 90; and, see Plaintiff's Third Amended Complaint (document #90), ¶¶ 93 & 94.
[14] *Espy, supra*, at 1205 (5th Cir 1994).

compliance with the formalities of registration, including payment of fees and deposit of copies of the work, is shown. 17 U.S.C. § 411.  Handshoe, as sole employee of Slabbed only registered its copyright in the "motion picture" mentioned in the Complaint in January 2017.

As the Tenth Circuit has recognized, if a non-party has actual notice of the litigation implicating its interests and instead remains silent, as Slabbed has, as "a conscious tactical judgment," such delay is a bar to intervention, even intervention as a matter of right. *Hodel*, 821 F.2d at 539 (affirming untimeliness determination and approving district court's finding that the applicant's delay was "a conscious tactical judgment" based on a desire not "to be exposed to an open-ended series of legal costs"). Also see *Moten v. Bricklayers, Masons, & Plasterers, Intern. Union of Am.*, 543 F.2d 224, 228 (D.C.Cir.1976) (deeming motion to intervene untimely where decision not to seek earlier intervention was informed and tactical choice); *Alt v. USEPA*, 758 F.3d 588 (4th Cir. 2014) (finding that when proposed intervenor "was not at all unaware of what was transpiring in the district court," "had closely monitored the proceedings" in Plaintiff's lawsuit "and made a strategic decision not to" intervene, that is a factor in the timeliness decision. "Such deliberate forbearance understandably engenders little sympathy."); *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983) (holding that parties in privity with or situated similarly to the existing parties knew at an early stage that their rights could be adversely affected, but made an "ill-advised decision" not to intervene in timely fashion deciding instead to rely on an existing party to advance their interests).

Indeed, Fifth Circuit case law makes clear "the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case" is a material consideration; *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977). Slabbed is now, in mid-February 2017, arguing that it always should have been a plaintiff in this case, and in essence is arguing that it should have been the sole plaintiff with respect to all copyright-related counts. Indeed, this is far from the typical intervention case where the intervenor's interest in the case

18

become apparent at some point in the proceeding, and did not appear at its origin. As observed in *Ericsson Inc. v. INTERDIGITAL COMMUNS.*, 418 F.3d 1217 (Fed. Cir. 2005), applying Fifth Circuit law, "each of these [intervention] cases involved **"an existing suit within the court's jurisdiction"** in which a third party sought to intervene to assert an interest different from those of the parties" (emphasis added); here the interests are purportedly identical.

### B.  Slabbed cannot state a viable interest in the subject matter of this litigation.

Slabbed makes claims for the exact same alleged instances of misrepresentations under 17 USC 512(f) as Handshoe, based on the same factual allegations going back to 2011. "[T]he filing of the motion for intervention, and not the later approval of the motion and actual filing of the complaint, determines the commencement of the action for purposes of the statute of limitations." *US FOR USE & BEN. OF CANION v. Randall & Blake*, 817 F.2d 1188 (5th Cir. 1987).  All claims that accrued three years before February 17, 2017 have expired, as the statute of limitations under the Copyright Act is three years. This issue goes not so much to the futility of allowing the claim in intervention, but to the prejudice to the defendants that will result from having to seek to dismiss or to defend against causes of action that have clearly expired.

More importantly, a cause of action based on the alleged occurrence in December 2013 of copying and dissemination facially expired in December 2016. Handshoe/Slabbed does not allege when, who, how, or in precisely what circumstances the alleged infringement occurred; however, based on the record and Slabbed's allegations, the only possible "infringement" --which defendants do not admit-- would have been at that time.  Moreover, Slabbed prays for statutory damages for the alleged infringement, and pleads no other facts alleging actual damages. This claim for damages fails though, because Slabbed only registered its copyright on January 31, 2017.

The alleged infringement occurred before that date, specifically in Canadian court proceedings. "[T]he plaintiff copyright owner must have registered the copyright prior to the

infringement in order to obtain statutory damages. 17 U.S.C. § 412 (1982); *Evans Newton Inc. v. Chicago Sys. Software*, 793 F.2d 889, 897 (7th Cir.), cert. denied, 479 U.S. 949, 107 S.Ct. 434, 93 L.Ed.2d 383 (1986)." *Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829 (11th Cir. 1990). Slabbed cannot claim statutory damages and attorney's fees for any infringement occurring before January 31, 2017. Slabbed's claims for actual damages must also fail because it fails to state any facts establishing damages.

> **C.**    **The claims alleged by Slabbed will ultimately fail for the same reasons asserted in Leary and Perret's Motion to Dismiss and Memorandum Brief in support thereof.**

Slabbed's proposed Complaint in Intervention purports to adopt and reassert the claims alleged by Handshoe in his Third Amended Complaint.  Absent the arguments regarding standing, Leary and Perret would suggest to the Court that the various grounds and bases argued in favor of dismissal of the claims alleged by Handshoe would likewise support dismissal as to the claims of the proposed intervenor.[15]  As in *McClune v. Shamah*, 593 F.2d 482 (3d Cir. 1979), Slabbed's "argument is paradoxical." If Handshoe has standing to make his claims, then the interests of Slabbed are "adequately represented," and the Third Amended Complaint is due to be dismissed for the reasons stated in the defendants' filings.  If, on the other hand, Handshoe lacks standing to make those claims because (such that the grounds for dismissal would not apply), as Slabbed states in its brief, (Handshoe did not own or publish the intellectual property that was the subject of the DMCA notices in his personal capacity) then there was no jurisdiction over these claims when they were filed and they are due to be dismissed for the reasons stated in the defendants' filings.

The thrust of the entire 3rd Amended Complaint, as with the three prior complaints, is that Handshoe fully represents Slabbed New Media's interests. So, the unadorned allegations of the complaint would bar a Rule 24 (a) intervention on their face. "[T]o the extent that resolution of the

---

[15] Defendants incorporate those arguments herein by reference.

issues raised in [...] the plaintiff['s] complaint may affect the later resolution of claims belonging to [proposed intervenor], the complete identity of interest and legal representation between [proposed intervenor] and its [sole member] insures that the [intervenor]'s interests will be adequately represented by the existing part[y] to this lawsuit."[16]

As further discussed in the Memorandum supporting the Motion to Dismiss, there is no discrete allegation, or factual basis for that matter, regarding Vaughn Perret because Perret did not issue any DMCA takedown notices to anyone.

## CONCLUSION

Because Handshoe lacks standing to bring the claims alleged, the Third Amended Complaint is due to be dismissed.  Slabbed's untimely intervention, a last-ditch effort, should be denied because intervention cannot cure the defect of Handshoe's lack of standing.  Further, Slabbed's has not stated how its interests are not adequately represented, and ultimately, such claims would be futile for those reasons stated herein, in the Response in Opposition, in the Motion to Dismiss and its supporting memorandum brief.  Defendants Leary and Perret pray this Court would deny the Motion to Intervene and provide such other relief as the Court deems appropriate in the premises.

RESPECTFULLY SUBMITTED, this the 3rd day of March, 2017.

> VAUGHN PERRET, DEFENDANT and
> CHARLES LEARY, DEFENDANT
>
> BY:  PURVIS & CO. PLLC
>
> BY:  _____*/s/ Jason B. Purvis*_____
> Jason B. Purvis, MSB # 100873

OF COUNSEL:
Purvis & Co. PLLC
P.O. Box 2307
Gulfport, MS 39505
Tel:  (228) 206-7174
jpurvis@purviscolaw.com

---

[16] See Fed. R. Civ. P. 24.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on March 3, 2017, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

*/s/ Jason B. Purvis*
_____