IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 06 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE )
)
v. ) CIVIL ACTION NO. 1:15cv382-HSO-JCG
)
VAUGHN PERRET, CHARLES LEARY & )
DANIEL ABEL, D/B/A/ TROUT )
POINT LODGE LTD OF NOVA SCOTIA )
& IN THEIR INDIVIIDUAL CAPACITIES )
PROGRESS MEDIA GROUP LIMITED, )
MARILYN SMULDERS, & ASHOKA )
)

**MEMORANDUM OF LAW IN OPPOSITION TO ASHOKA'S MOTION TO DISMISS**

**COMES NOW INTO COURT**, Plaintiff Douglas Handshoe, in his individual capacity and as Publisher of Slabbed New Media, LLC and submits this Memorandum of Law in Opposition to Ashoka's Motion to Dismiss [ECF #94]. In support thereof he respectfully submits the following:

**INTRODUCTION**

The salient facts and background are stated in detail in Plaintiff's Third Amended Complaint. Plaintiff owns a Media Company for which he acts as Publisher. The Defendants, enraged that the Plaintiff's Media Company uncovered their participation in financial transactions assisting a Louisiana domiciled Limited Liability Company's conduct of an illegal bribery and money laundering scheme involving former Jefferson Parish President Aaron Broussard, have conducted a defamation jihad against Plaintiff and several of his former attorneys. Third parties such as Ashoka were duped into assisting the attempted cover-up by Charles Leary and Vaughn Perret by authorizing the submission of certain of the misrepresented takedown notices involving the same content in a coordinated campaign of copyright trolling the Slabbed New Media

1

website, intellectual property that is owned by Slabbed New Media, LLC, which the Defendants deliberately disregarded in later Canadian litigation. Slabbed New Media now seeks the Court's permission to join this litigation.

## LAW AND ARGUMENT

## STANDARDS FOR DISMISSAL

Rule 12(b)(6) motions are disfavored in the law, and a court will rarely encounter circumstances that justify granting them. *Mahone v. Addicks Utility District of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). A court may dismiss a claim only when it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations found in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A motion to dismiss should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him or her to relief. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). The claimant is not required to set out in detail the facts upon which the claim is based. Rather, the Rules require that the claim simply give the defendant "fair notice." *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination*, 507 U.S. 163, 168 (1993). Further, a court may not look beyond the pleadings. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The court must accept as true the allegations in the complaint, and must view the allegations in the light most favorable to the plaintiff. Id. The allegations in the claim need only give the defendants fair notice of the nature of the claim and the grounds on which it rests. See *Mahone*, 836 F.2d at 926. The Rules also dictate that the pleadings be liberally construed "as to do substantial justice." Id.

# REASONS FOR DENYING THE MOTION

## I. PLAINTIFF IS NOT SEEKING RELIEF FOR THE MISREPRESENTED SEPTEMBER 2011 TAKEDOWN NOTICE SENT BY ASHOKA

Ashoka spends seven of the eight pages of discussion in its Memorandum in support of its motion addressing a misrepresented DMCA Takedown Notice they admit to sending in September 2011, the resulting email chain finding its way into evidence in all three of the Canadian defamation suits filed by the Trout Point Criminal conspirators against Plaintiff in his personal capacity. However, Plaintiff recognized that notice was outside the applicable statute of limitations when this matter was commenced and thus did not include it as an actionable count in this matter.

## II. ASHOKA DID AUTHORIZE THE SUBMISSION OF AT LEAST TWO MISREPRESENTED TAKEDOWN NOTICES IN DECEMBER 2012

Ashoka's argument that Plaintiff fails to state a claim for which relief can be obtained because, "The Third Amended Complaint lacks any allegation that Ashoka had any connection or involvement with, or awareness of, the takedown notices filed by the Trout Point Lodge Parties on December 13, 2012, December 14, 2012, and February 15, 2014. See 3d Am. Compl. ¶¶ 41–44; 67"

However, *Lenz v. Universal Music Corp.*, 801 F.3d 1126 (2015) requires that rightsholders must consider whether a use is a lawful fair use before issuing a takedown notice holding that fair use is not just a carve-out of the copyright system but a right on the same level of those described in the rest of the statute. *Lenz* also held that a victim of takedown abuse can vindicate their rights even if the victim cannot show actual monetary loss.

Ashoka disregards *Lenz* in favor of *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004–05 (9th Cir. 2004) quoting that "In § 512(f), Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's notification is a knowing misrepresentation." However, the decision in Lenz is entirely consistent with *Rossi* by determining that failure of a copyright holder to consider fair use constitutes a "knowing misrepresentation":

> We must first determine whether 17 U.S.C. § 512(c)(3)(A)(v) requires copyright holders to consider whether the potentially infringing material is a fair use of a copyright under 17 U.S.C. § 107 before issuing a takedown notification. Section 512(c)(3)(A)(v) requires a takedown notification to include a "statement that the complaining party has a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law." The parties dispute whether fair use is an authorization under the law as contemplated by the statute — which is so far as we know an issue of first impression in any circuit across the nation. "Canons of statutory construction dictate that if the language of a statute is clear, we look no further than that language in determining the statute's meaning.... A court looks to legislative history only if the statute is unclear." *United States v. Lewis*, 67 F.3d 225, 228-29 (9th Cir.1995) (citations omitted). We agree with the district court and hold that the statute unambiguously contemplates fair use as a use authorized by the law.
>
> Fair use is not just excused by the law, **it is wholly authorized by the law**. (Emphasis added)

*Lenz v. Universal Music Corp.*, 801 F.3d 1126, 1132 (2015), As Amended 2016

The Court in *Lenz* specifically reconciled their findings to *Rossi*:

> Universal faces liability if it knowingly misrepresented in the takedown notification that it had formed a good faith belief the video was not authorized by the law, i.e., did not constitute fair use.

*Id* at 1134.

Paragraphs 41 through 44 and 67 of the First Amended Complaint allege that Ashoka, as copyright holder authorized the submission of at last 2 takedown notices thus the requirement it consider fair use applies it as well as the parties they authorized to submit the takedown notices.

Ashoka does not dispute those allegations, thus Plaintiff has alleged a set of facts for which the possibility of relief reasonably exists. For that reason, Ashoka's Motion to Dismiss must be denied.

## CONCLUSION

For all the foregoing reasons, the Third Amended Complaint should not be dismissed with respect to the Defendant Ashoka.

Respectfully submitted this 6th day of March, 2017,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on March 6, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

Respectfully submitted this 6th day of March, 2017,

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com