# EXHIBIT E

**Form 5.07**

2013              No. 411345

Supreme Court of Nova Scotia

Between:

    Trout Point Lodge, Vaughn Perret, and Charles Leary      Applicant(s)

and

    Douglas K. Handshoe      Respondent(s)

Amended Notice of Application in Court

To: Douglas K. Handshoe

**The applicant requests an order against you**
The applicant is applying to the court for an order

declaring the infringement of their copyright by the Respondent, a permanent injunction, delivery or destruction of all infringing materials, and damages, including statutory damages, pursuant to ss. 2, 2.2, 3, 5, 6, 13(1), 14.1, 14.2, 27, 28.1, 28.2, 34(1)-(3), 34.1, 35, 38, and 53 of the Copyright Act, R.S.C. 1985, c. C-42 as amended. This Application has been amended with permission of a judge.

The applicant started this application by filing this notice on the date certified by the prothonotary.

**Grounds for the order**
The applicant is applying for the order on the following grounds:

1. Applicant Trout Point Lodge, Limited, is a Nova Scotia Limited Company resident in Kemptville, Yarmouth County, Nova Scotia.
2. Applicants Vaughn Perret and Charles Leary are the Managing Directors of Trout Point Lodge. Both are residents of Canada.
3. Respondent Doug K. Handshoe is a blogger and resident of Bay St. Louis, Mississippi. He is the sole proprietor of Slabbed New Media.
4. New Dream Network, LLC is a California company resident in Brea, California. It operates DreamHost, which provides domain registration and web site hosting services, including to Respondent Handshoe.
5. DreamHost does business with persons and entities in Nova Scotia, Canada. DreamHost is the host of slabbed.org.
6. The Applicants say that the Respondent is liable for copyright infringement.
7. Handshoe targets a Nova Scotia audience, uses Nova Scotia source material, and publishes on Nova Scotia topics.
8. Handshoe uses his web site as a commercial enterprise.
9. Respondent was found liable for defamation and other causes of action by the Nova Scotia Supreme Court (NSSC) in February, 2012; he is in public violation of 2 NSSC injunctions and has continued his campaign of defamation against Applicants. The copyrighted photographs at issue here were published in the context of that defamation campaign, juxtaposed with defamatory words about the Applicants.
10. This court has proper jurisdiction under the Copyright Act 41.24.

11. On or around November 4, 2011 the Respondent caused to be published on the web site slabbed.org an image of Trout Point Lodge that is the creative product of Vaughn Perret and the intellectual property of Trout Point Lodge, Limited. The image was taken from a web page where it is clearly stated on each page: "All Rights Reserved © 2008-2013 by Trout Point Lodge, Limited. All photographs are the original creative product of Vaughn Perret & Charles Leary unless otherwise noted." The image was stored at: http://www.canticumhotels.com/sitebuildercontent/sitebuilderpictures/IMG_8454a.jpg and was transmitted to that location (uploaded) from Nova Scotia. The image was also provided by Trout Point Lodge to travel & travel agency web sites, with permission, to market the Lodge as a resort destination. The image has great commercial value.

12. The image was published by the Respondent at the url http://www.slabbed.org/2012/01/29/hell-likely-be-remembered-here-for-being-a-part-of-the-gang-that-made-the-times-picayune-eat-its-own-big-toe/, and http://www.slabbed.org/tag/daquila-volk-mullins-contreras among numerous other places and instances of online publication that the Applicants will prove at the hearing of this application. Respondent also took the image, without permission or authorization, from travel web sites such as Expedia.com.

13. Vaughn Perret is the author of the work in question. He was at all relevant times a resident of Canada. He has moral rights in the image under the Copyright Act.

14. On or around November 21, 2011, the Respondent caused to be published on the web site slabbed.org an image that is the intellectual property of Charles Leary and was formerly the intellectual property of the Ashoka Foundation of Washington, D.C. There were numerous instances of infringing publication of this image by the Defendants, which the Applicants will prove at the hearing.

15. The Applicants have uploaded this copyrighted image to the Internet from Nova Scotia.

16. On information and belief, the author of the work in question was at all relevant times a citizen and resident of the United States of America.

17. The United States of America is a "treaty country" for purposes of the Canada Copyright Act.

18. In December, 2012, the Ashoka Foundation in writing assigned to the Applicant Charles Leary its rights generally, including the right of action, to the intellectual property in the work published by the Defendant in accordance with the Copyright Act 13.4 and 13.6. The agreement stated that the works are the "exclusive intellectual property" of the Applicant, and under the Copyright Act, the Applicant is therefore the "owner" of the works.

19. In December, 2012 and at other times, the Respondent published an image at slabbed.org that is the intellectual property of Trout Point Lodge, Limited. From Nova Scotia, the Applicants provided this image to the Toronto Star newspaper. With Applicants' permission, the Star subsequently published the image at its web site: http://www.thestar.com/news/canada/article/1125508--mississippi-blogger-must-pay-a-gay-couple-425-000-in-damages-nova-scotia-court-orders

20. There were multiple instances of infringing publication of this image by Respondent.

21. The original photograph was taken by Trout Point Lodge employee Kara Crowell in the performance of her job and is the intellectual property of Trout Point Lodge. Kara Crowell was at all times a resident of Nova Scotia.

22. Section 3 of the Copyright Act grants the Applicants the sole right as the owner of copyright to produce or reproduce the work or any substantial part thereof in any material form whatever.

23. In particular, the Applicants are the owners of the intellectual property rights to these three images.

24. The Respondent was previously aware that the Applicants owned the intellectual property rights to these images when he made publications using these images.

25. The Applicants notified DreamHost in writing that it was without permission or authority publishing material that was the intellectual property of the Applicants, and asked it to remove this specific material from Internet publication.

26. DreamHost in turn notified Respondent Handshoe and temporarily removed the infringing images from publication.

27. Respondent Handshoe then transmitted counter notifications to DreamHost in which he swore under the penalty of perjury that removing the images from publication was in error, and that he had permission or legal authority to use the images on slabbed.org.

28. The Respondent has not permanently removed the 3 specifically-identified works from worldwide publication on the Internet. The Respondent acted and continue to act in bad faith.

29. The images are published on the Internet in juxtaposition with defamatory words about the Applicants, in public violation of 2 NSSC injunctions.

30. The Respondent is in violation of provisions of the Canada Copyright Act, and has knowingly made extensive, worldwide, for-profit publication of works that by the Act only the Applicants had the right to publish. In addition, in multiple instances of secondary infringement, the Respondent is distributing the works to such an extent as to affect prejudicially the Applicants, and is by way of trade distributing, exposing and exhibiting the works in public, as well as possessing the works for the purpose of doing the things referred to above. The Applicants say that the Respondent knows or should have known that his distribution and possession of the works infringes copyright or would infringe copyright if it had been made in Canada by the person who made it.

31. The Respondent has infringed the Applicants' copyright, by virtue of having reproduced, or otherwise produced, all or a substantial part of the Applicants' photographs, or having otherwise authorized such acts, contrary to Sections 3 and 27 of the Copyright Act R.S.C. 1985, c. C-42, as amended, including without limitation by displaying the images on the website slabbed.org.

32. The Applicants seek a declaration of infringement of their copyright by the Defendants, a permanent injunction, delivery or destruction of all infringing articles and materials, and damages pursuant to ss. 2, 2.2, 3, 5, 6, 13(1), 14.1, 14.2, 27, 28.1, 28.2, 34(1)-(3), 34.1, 35, 38, and 53 of the Copyright Act, R.S.C. 1985, c. C-42 as amended.

**Witnesses for applicant**

The applicant expects to file affidavits from the following witnesses, dealing with the following subjects:

|  | *Name of Witness* | *Subject* |
|---|---|---|
|  | Vaughan J. Perret | moral rights; ownership of copyright |
|  | Charles L. Leary | ownership of copyright |
|  | Kara Crowell | authorship of photograph as employee of Lodge |

**Motion for directions and date**

At 11 a.m. on , May 2, 2013 , the applicant will appear before a judge at the Courthouse      164 Main Street, Yarmouth      , Nova Scotia to make a motion for an order giving directions and appointing a time, date, and place for the hearing. The judge may provide directions in your absence, if you or your counsel fail to attend.

**Affidavit on motion for directions**

The applicant files the affidavit of Charles L. Leary                                                   , sworn on January 21, 2013                as evidence on the motion for directions. A copy of the affidavit is delivered to you with this notice.

**You may participate**

You may file with the court a notice of contest, and any affidavit for the motion for directions, no more than fifteen days after this notice is delivered to you or you are otherwise notified of the application. Filing the notice of contest entitles you to notice of further steps in the application.

**Possible final order against you**

The court may grant a final order on the application without further notice to you if you fail to file a notice of contest, or if you or your counsel fail to appear at the time, date, and place for the motion for directions.

**Filing and delivering documents**
Any documents you file with the court must be filed at the office of the prothonotary

164 Main Street, Yarmouth Nova Scotia (telephone # 902-742-4142 ).

When you file a document you must immediately deliver a copy of it to the applicant and each other party entitled to notice, unless the document is part of an *ex parte* motion, the parties agree delivery is not required, or a judge orders it is not required.

**Contact information**
The applicant designates the following address:
P.O. Box 456
Kemptville, NS B0W 1Y0

Documents delivered to this address are considered received by the respondent on delivery.

Further contact information is available from the prothonotary.

**Signature**

Signed  February 8, 2013

                                                                          _____
                                                                                Signature of applicant
                                                                          Print name: Charles Leary & V. Perret

                                              [or]

                                                                          _____
                                                                                Signature of counsel
                                                                                      as counsel
                                              for

**Prothonotary's certificate**
I certify that this notice of application was filed with the court on    February 8th, 2013

                                                                          _____
                                                                                Prothonotary
                                                                                Elaine L. d'Entremont
                                                                                      Prothonotary