# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS HANDSHOE | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:15cv382-HSO-JCG |
| | ) |
| VAUGHN PERRET, CHARLES LEARY & | ) |
| DANIEL ABEL, D/B/A/ TROUT | ) |
| POINT LODGE LTD OF NOVA SCOTIA | ) |
| & IN THEIR INDIVIIDUAL CAPACITIES | ) |
| PROGRESS MEDIA GROUP LIMITED, | ) |
| MARILYN SMULDERS, & ASHOKA | ) |
| | ) |

**MEMORANDUM OF LAW IN REPLY TO ASHOKA'S RESPONSE IN OPPOSITION TO SLABBED NEW MEDIA L. L. C.'s MOTION TO INTERVENE**

**COMES NOW INTO COURT**, Slabbed New Media, L. L. C. (herein after Slabbed New Media) via the undersigned counsel and submits this Rebuttal of Ashoka's Opposition to Slabbed New Media's Motion to Intervene. In support of this rebuttal, the following is respectfully submitted:

## FACTUAL BACKGROUND

This Court is well aware of the allegations, facts pleaded and procedural status of this matter. Slabbed New Media owns an interactive website called Slabbed.  The Defendants, enraged that the Slabbed uncovered their participation in financial transactions assisting a Louisiana domiciled Limited Liability Company's conduct of an illegal bribery and money laundering scheme involving former Jefferson Parish President Aaron Broussard, have conducted a coordinated campaign of filing meritless defamation actions against the Plaintiff, the Intervenor and several of the Plaintiff's former attorneys.  The Defendants have also submitted numerous misrepresented takedown notices, involving the same content, that was published by the Plaintiff

1

to the Slabbed New Media interactive website in his capacity as Publisher of Slabbed New Media, L. L. C. The Defendants purposely disregarded the owner of the interactive website in their various Canadian defamation actions instead asserting their torts of defamation and copyright infringement against the owner of Slabbed New Media in his personal capacity.

## LAW AND ARGUMENT

### REASONS FOR GRANTING THE MOTION TO INTERVENE

*Slabbed New Media meets the requirements to Intervene under both Rule 24(a) and it is within the discretion of the court to allow intervention under Rule 24(b).*

Slabbed New Media's motion is timely. In *Swoboda v Manders* No. 16-30074 (5th Circuit 2016), Swoboda argued against the intervention of a third party maintaining the case had been pending for more than 625 days at the Time the Motion to Intervene was filed and that to allow a third party to intervene would only further delay the discovery process. The Fifth Circuit rejected that argument quoting an earlier ruling finding it has "rejected the notion that the date on which the would-be intervenor became aware of the pendency of the action should be used to determine whether it acted promptly,"[1] Here Ashoka argues Slabbed New Media is untimely in seeking to intervene suggesting the date which this action was filed as determinative of timeliness, an argument the Fifth Circuit has expressly rejected in favor of analysis that centers on whether "the would-be intervenor acted when it became aware that its interests would no longer be protected by the original parties."[2] The Fifth Circuit explained a four part test in *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir.1977) to determine whether a Motion to Intervene is timely:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene;
> (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or

---

[1] *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)
[2] *Id.*

reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

Adding additional contextual analysis, the court in *Stallworth* explained:

"The analysis is contextual; absolute measures of timeliness should be ignored. *Id*. at 266 (citation omitted). The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. *McDonald v. E.J. Lavino Co*., 430 F.2d 1065, 1074 (5th Cir.1970) (citation omitted). Federal courts should allow intervention "where no one would be hurt and greater justice could be attained." *Id*.

The record of this action indicates that Ashoka was added as a Defendant on June 17, 2016 and was served the complaint on June 23, 2016. While Ashoka complains in a general sense about the fifteen months that have passed since the filing of the original complaint Ashoka's actual involvement in this litigation spans only eight months thus the date that Slabbed New Media had knowledge of a possible interest in the claims against Ashoka would date to June 17, 2016 rather than the date the complaint was originally filed.

There is simply no prejudice to Ashoka in allowing Slabbed New Media to Intervene. Slabbed New Media incorporated the existing allegations as its own, adding one count of Copyright Infringement that is not applicable to Ashoka. Ashoka's codefendants have filed a Motion to Dismiss that in part asserts jurisdictional defects in the Plaintiff's Third Amended Complaint as it relates to the section 512(f) counts. Since that jurisdictional challenge seeks dismissal due to standing, a favorable ruling for the Trout Point defendants would also be applicable to Ashoka.

Conversely, at worst for Ashoka, should this court rule to allow Slabbed New Media to Intervene before ruling on the existing 12(b) motions, to the extent the Complaint in intervention

adopts the 512(f) counts plead by the Plaintiff, the prejudice to the existing Defendants is minimal as they can simply replead their Motion to Dismiss.

Special circumstances exist that mitigate both the fifteen-month delay since the original complaint was filed and the eight-month delay in seeking to Intervene against Ashoka. The Trout Point Defendants' documented history and habit of filing retaliatory suits against opposing counsel has made it extraordinarily difficult for Slabbed New Media to obtain counsel. Retaliatory lawsuits to which the Defendants filed against Jack E. "Bobby" Truitt, Esq. both in Nova Scotia Canada and Louisiana, their own lawyer Henry Laird in the New Orleans Civil District Courts to avoid paying their past due legal fees owed to Laird's firm related to his previous representation of their interests before this Court as well as Scott Sternberg Esq, Brodie Glenn, Esq, Paul Vance, Esq and the Baldwin Haspel Law Firm in New Orleans Civil District Court after Baldwin Haspel represented the Plaintiff in a Federal Court suit filed by Defendant Abel which asserted many of the same claims Leary and Perret had previously asserted in Canada as proof that engaging counsel has been extraordinarily difficult as the first question asked by a would-be lawyer in an introductory meeting is, "I assume if I litigate this case I too will be sued." Far from purposely delaying its entry into this matter Slabbed New Media is thankful to have finally obtained counsel as relatively quickly as it did.

While Plaintiff Handshoe could ostensibly represent and arguably represented Slabbed New Media's interests in the 512(f) action alone, it could not represent Slabbed New Media's interest in an infringement action as the Plaintiff is not the Copyright owner thus he truly lacks standing to bring infringement torts against the Trout Point defendants. Would-be intervenor Slabbed New Media's interests in the entirety of the transactions and events that comprise the subject matter of the litigation which began with the submission of misrepresented takedown notices

4

fundamentally diverged when the issues unique to being the "copyright owner" within the meaning of section 512(f) arose when it became clear that its intellectual property rights had been infringed by the Defendants and the Circuit Court allowed a Canadian Copyright judgment against Plaintiff to become executory.

Ashoka claims Plaintiff and would-be Intervenor's battle with the Trout Point defendants is being conducted at "Ashoka's expense" but fails to explain exactly how Ashoka is prejudiced other than citing what they claim would be a general delay in adjudicating **their** defense. While Slabbed New Media concedes that it will be seeking to bring additional counts of infringement against the Trout Point Defendants as its Copyright Registrations with the United States Copyright Office are perfected, those potential claims do not affect Ashoka. At worst, Ashoka will have to refile their 12(b)(6) motion but to the extent the nature of the allegations Slabbed New Media brings against Ashoka mirrors those brought by the Plaintiff little additional effort will be required for Ashoka to re-urge the Motion for Dismissal.

Slabbed New Media on the other hand, would be greatly prejudiced if it were not allowed to intervene in this matter in order to protect its Copyright Interests.

As previously discussed the Trout Point Defendants repeatedly filing retaliatory suits against Plaintiff's previous counsel has made it extraordinarily difficult for Slabbed New Media to obtain counsel to represent its interest in this matter.

Finally, as discussed in the Motion to Intervene Slabbed New Media meets the requirements set forth in *League of United Latin Am. Citizens v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989) for permissive intervention as this case is still at a very early stage procedurally with no discovery yet conducted, there is no dispute the claims made by the Intervenor share common

questions of law and facts with those of the other parties and any resulting prejudice to Ashoka would be minimal at worst.

## CONCLUSION

For the foregoing reasons, the Slabbed New Media, L.L.C. Motion to Intervene should be granted.

Respectfully submitted this 10th day of March, 2017,

s/G. Gerald Cruthird\_\_\_\_
G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney at Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com

**CERTIFICATE OF SERVICE**

I, G. Gerald Cruthird, Attorney for Slabbed New Media, LLC, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk and via U. S. Mail upon any non-ECF participants at their address of record.

So certified, this 10th day of March, 2017,


/s/G. Gerald Cruthird____
G. GERALD CRUTHIRD
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
picayunebarrister@cruthirdlaw.com