IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**

v.                                                            CIVIL ACTION NO. 1:15cv382-HSO-JCG

**VAUGHN PERRET, et al.**

### REPLY IN SUPPORT OF ASHOKA'S MOTION TO DISMISS

Plaintiff's complaint against Ashoka has always suffered from fatal pleading (and factual) defects that have not been cured through this third amendment. Indeed, in a notable concession in his Opposition Brief, Plaintiff admits the only contact Ashoka had with this needlessly complicated feud occurred far outside the statute of limitations. The time to release Ashoka, a global non-profit with no cognizable connection to the matters in issue, has come.

**The Copyright Act allows misrepresentation claims under 17 U.S.C. § 512(f) only against parties who file takedown notices containing misrepresentations, not third parties who were tangentially connected to the notices.**

A misrepresentation contained in a takedown notice issued pursuant to the Digital Millennium Copyright Act ("DMCA") is an essential element of a claim for misrepresentation under 17 U.S.C. § 512(f). In his Opposition to Ashoka's Motion to Dismiss, Plaintiff Douglas Handshoe both admits that any claim with regard to the September 2011 takedown notice issued by Ashoka is time-barred and agrees that Ashoka never filed any other takedown notices with Plaintiff's web host. *See* Mem. of Law in Opp. to Ashoka's Mot. to Dismiss ("P.'s Opp.") at 3–5. As a result, nothing remains of his allegations against Ashoka. Plaintiff does not and cannot dispute that he has not timely alleged that Ashoka made a misrepresentation contained in a DMCA takedown notice in violation of § 512(f). Thus, Plaintiff has failed to state a claim as to

1

Ashoka, and Ashoka's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted.

In his Third Amended Complaint, Plaintiff failed to allege sufficient facts to state a plausible claim for relief as to Ashoka. In order to survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the plaintiff includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In order to sufficiently plead a § 512(f) misrepresentation claim as to Ashoka, Plaintiff must allege that Ashoka knowingly materially misrepresented in a takedown notice that Plaintiff infringed on Ashoka's copyright and that P was injured as a result. *See* 17 U.S.C. § 512(f).

Here, Plaintiff admits that any § 512(f) claim as to the September 2011 takedown notice filed by Ashoka is time-barred by the Copyright Act's statute of limitations. P.'s Opp. at 3. Plaintiff also admits that Ashoka <u>did not file</u> any of the other takedown notices (i.e., itself make any other misrepresentations) at issue. P.'s Opp. at 3. Indeed, Plaintiff admits that these takedown notices were filed by Defendant Leary. P.'s Opp. at 3; 3d Am. Compl. ¶¶ 41, 43, 67. Although Plaintiff alleges that Ashoka "authorized" two takedown notices filed by Leary, *see* P.'s Opp. at 5 ("Ashoka, as copyright holder authorized the submission of at last [sic] 2 takedown notices"), Plaintiff does not allege any facts showing how or when Ashoka purportedly "authorized" these takedown notices. Moreover, despite asserting that Ashoka was the "copyright holder" for the image at issue in the notices filed by Leary, Plaintiff seemingly forgets that he also alleges in his Third Amended Complaint that Ashoka assigned its copyright in this image to Defendants Leary and Perret. 3d Am. Compl. ¶ 58. Plaintiff cannot pick and choose

from among his pleading and briefing to suit his purposes.  He is bound by his own allegations in a pleading, which he was required to reasonably investigate and plead in good faith.  In any event nowhere in the Third Amended Complaint is there an allegation that Ashoka filed a takedown notice containing a misrepresentation within the statute of limitations, as is required by § 512(f).

Plaintiff has not identified any legal authority that would support an allegation that Ashoka can be held liable for misrepresentation under § 512(f) with respect to the takedown notices filed by Defendant Leary – i.e., when <u>Ashoka did not file</u> the takedown notices at issue.  Nor could he – no court has found that a third party can be held liable under § 512(f) for a misrepresentation contained in a takedown notice filed by another party.[1]  As Ashoka explained in its Motion to Dismiss, in order for a party to be liable for misrepresentation under § 512(f), <u>that party must have issued a takedown notice</u> containing an alleged misrepresentation.  *See, e.g.*, *Ouelette v. Viacom*, 2011 WL 1882780, at *7 (D. Mont. Mar. 31, 2011) (holding that plaintiff failed to state a claim under § 512(f) when plaintiff "[did] not allege . . . that any Defendant made a misrepresentation <u>in a takedown notice</u> issued pursuant to the DMCA" but rather alleged

---

[1] Only three types of vicarious liability have developed in the copyright context, and none applies to misrepresentation claims under § 512(f).  These three variants are (1) contributory copyright infringement; (2) vicarious infringement; and (3) inducement liability.  First, to state a viable claim for contributory copyright infringement, a plaintiff must allege facts that, taken as true, establish that the defendant knew or had reason to know of the infringing activity and either induced, caused, or materially contributed to that infringing activity.  *Goldstein v. Metro. Regional Info. Sys., Inc.*, 2016 WL 4257457, at *4 (D. Md. Aug. 11, 2016) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019–20 (9th Cir. 2001)).  Second, to establish vicarious liability for copyright infringement, the plaintiff must show that the defendant (a) had the right and ability to supervise the infringing activity; and (b) had a direct financial interest in the infringing activity.  *Goldstein*, 2016 WL 4257457, at *5 (citing *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262–63 (9th Cir. 1996)).  Third, to establish inducement liability, a plaintiff must show that the defendant "has 'distribute[d] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement.'"  *Goldstein*, 2016 WL 4257457, at *6 (citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005)).  None of the three types of vicarious liability applies to misrepresentation claims under § 512(f).

that defendants "engaged in conduct 'outside of the DMCA' rules") (emphasis added); *see also Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1004–05 (9th Cir. 2004) (stating that § 512(f) is "an expressly limited cause of action for improper infringement notifications"). Because Plaintiff failed to allege that Ashoka issued a takedown notice containing an alleged misrepresentation, Plaintiff fails to state a claim as to Ashoka.

Finally, Plaintiff's discussion of *Lenz v. Universal Music Corp.*, 801 F.3d 1126 (9th Cir. 2015), *amended and superseded on denial of rehearing*, 815 F.3d 1145 (9th Cir. 2016) is misplaced and irrelevant. *Lenz* stands for the proposition that before filing a takedown notice, a party must first consider fair use. *See Lenz*, 815 F.3d at 1153. However, nowhere does *Lenz* state that a party can be held liable under § 512(f) when it never issued a takedown notice. *See id.* If a party did not file a takedown notice, it is irrelevant whether it considered fair use at any time.

### Plaintiff's bare allegation that Ashoka "authorized" takedown notices filed by Defendant Leary cannot survive *Iqbal*.

Although Plaintiff attempts rhetorically to link Ashoka to the takedown notices filed by Defendant Leary in December 2012 and February 2014, *see* P.'s Opp. at 3, as a pleading matter, Plaintiff has not and could not reasonably allege any facts showing that Ashoka in fact participated in any way in the filing of these (post-assignment) takedown notices. *See* 3d Am. Compl. ¶¶ 41, 43, 67. Plaintiff does not (and could not) allege any communications or contact between Ashoka and the Trout Point Lodge Parties with respect to the December 2012 and February 2014 takedown notices – much less any coordinated or concerted action with respect to these notices. Without more specific allegations supporting a claim of conspiracy, Plaintiff's Third Amended Complaint simply cannot survive *Iqbal*. "[T]he pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (emphasis added). Here, Plaintiff has not even filed a pleading with facts to reasonably support any inference that Ashoka had any connection with the images or issues in this matter after the assignment to the Trout Point Lodge Parties (which Plaintiff acknowledges occurs). Accordingly, Plaintiff's Third Amended Complaint fails to state a claim as to Ashoka, and Ashoka's Motion to Dismiss should be granted.

## CONCLUSION

For the foregoing reasons, Ashoka's Motion to Dismiss should be granted.

Respectfully submitted,

DATED: March 13, 2017

/s/ Douglas J. Gunn
Douglas J. Gunn (MS Bar No. 5068)
WATKINS & EAGER PLLC
400 East Capitol Street
Jackson, MS 39201
Phone: (601) 965-1900
Facsimile: (601) 965-1901

*Attorneys for Ashoka*

## CERTIFICATE OF SERVICE

     I, the undersigned counsel, do hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record who have registered with the ECF system.

     This is the 13th day of March, 2017.

                                                          /s/ Douglas J. Gunn