IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 21 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE )
)
v. ) CIVIL ACTION NO. 1:15cv382-HSO-JCG
)
VAUGHN PERRET, CHARLES LEARY & )
DANIEL ABEL, D/B/A/ TROUT )
POINT LODGE LTD OF NOVA SCOTIA )
& IN THEIR INDIVIIDUAL CAPACITIES )
PROGRESS MEDIA GROUP LIMITED, )
MARILYN SMULDERS, & ASHOKA )
)

## MEMORANDUM OF LAW IN OPPOSITION TO VAUGHN PERRET AND CHARLES LEARY'S MOTION TO STRIKE

**COMES NOW INTO COURT**, Plaintiff Douglas Handshoe, in his individual capacity and as Publisher of Slabbed New Media, LLC and submits this Memorandum of Law in Opposition to Vaughn Perret and Charles Leary's Motion to Strike [ECF #118].

### INTRODUCTION

Defendants Perret and Leary requested the Court, "strike the Plaintiff's Response in Opposition to Vaughn Perret and Charles Leary's Motion to Dismiss [#111] filed by Douglas Handshoe pursuant to Fed. R. Civ. P. 7(b)(4)."

There being no Fed. R. Civ. P. 7(b)(4) that the Pro Se Plaintiff can discern in the Federal Rules of Civil Procedure, he surmises from the remainder of the Defendant's Motion which was filed without supporting memorandum that the Defendants seek to Strike Plaintiff's filing under L.U.Civ.R.7(b)(4).

The Court should deny the Defendants' Motion to Strike for many reasons including the fact the Defendants made no argument they were prejudiced in any way by Plaintiff's actions.

1

## LAW AND ARGUMENT

Motions to strike are disfavored in the Fifth Circuit and infrequently granted. See *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Augustus v. Bd. of Public Instruc. of Escambia Cnty., Fl.*, 306 F.2d 862, 868 (5th Cir. 1962); *Fed. Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993).

This disfavor derives in part because Motions to Strike are often sought by the movant as a dilatory tactic. In this instant action the Defendants' filed a Motion to Strike rather than a rebuttal to the Plaintiff's arguments on this issue made in his Opposition to the Defendant's 12(b)(6) Motion, which originally raised the issue.[1]

Additionally, a motion to strike should not be granted unless the moving party demonstrates that it would be prejudiced otherwise. See *Global ADR, Inc. v. City of Hammond*, No. 03-457, 2003 WL 21146696, *1 (E.D. La. May 15, 2003) (denying plaintiff's motion to strike because the pleadings made a legitimate dispute and plaintiffs made no showing of prejudice). The Defendants made no arguments in their Motion to Strike that the Plaintiff's alleged late filing prejudiced them in any way.

That said Plaintiff has learned the Federal Rules of Civil Procedure were updated in December, 2016 and the mere participation in the ECF system no longer results in the three extra days given electronic case filing participants. However, as Plaintiff is proceeding in this matter Pro Se and unable to fully participate in the filing case documents using the ECF system and instead must either 1) Mail or 2) Hand deliver required responses to the Clerk of Court that his consent to receive Court Documents electronically is "other means consented to" within the

---

[1] The Defendant's reference a filing by potential intervenor Slabbed New Media L.L.C. as their reasons for seeking to Strike Plaintiff's Response in Opposition and Exhibits. Slabbed New Media L.L.C. is represented by Counsel, not the Plaintiff.

meaning of Rule 5(b)(2)(F).[2] This reasonable interpretation of Rule 5(b)(2)(F) results from Rule 6(d)'s predicate that a "party may or must act" within the specified time frame and the only action a Pro Se party can take in filing documents with the Clerk involves either 1) Leaving the filing with the Clerk's office or 2) Mailing the filing to the Clerk thus the consent to receive documents electronically despite not being able to file documents with the court electronically constitutes "other means consented to" within the meaning of Fed. R. Civ. P. 5(b)(2)(F) thus the time to act is extended by three days.[3]

Alternatively, should this Court find otherwise that the Plaintiff's Response in Opposition was not timely filed, Plaintiff respectfully submits the failure to act is due to "excusable neglect" pursuant to Fed. R. Civ. P. 6(b)(1)(B).

*Plaintiff acted within the time frame specified by Fed. R. Civ. P. 6(d)*

"On February 15, 2017, Defendants, Vaughn Perret and Charles Leary, filed their Motion to Dismiss Third Amended Complaint "with the Clerk of the Court via the CM/ECF electronic document filing system…." See Defendants' Motion to Dismiss [#96], page 4."[4]

The fourteen-day time frame to respond expired on March 1, 2017, however, since three extra days were added per Rule 6(d) the deadline to respond expired on Saturday, March 4, 2017, a day when the Clerk's office was closed thus the date the response was required to be filed was Monday March 6, 2017. The response was filed on that date per the Defendant's Motion to Strike.[5]

Per Plaintiff's interpretation of the applicable Federal Rules described above, Plaintiff acted timely in filing his response.

---

[2] This was unequivocally the case in any event prior to December 1, 2016.
[3] Fed .R. Civ. P. 5(b)(2)(C) and (D)
[4] Defendant's Motion to Strike ECF #118 at ¶ 1.
[5] Defendant's Motion to Strike ECF #118 at ¶ 3

3

*Alternatively, should the Court find otherwise the failure to act was Excusable Neglect*

In *Pioneer Inv. Services, Inc. v. Brunswick Assocs. Ltd. Partnership*, 113 S. Ct. 1489 (1993) the Supreme Court found that misconstruction of the rules is not necessarily an invalid excuse for "excusable neglect".

In *Pioneer*, the Supreme Court flexibly interpreted the excusable neglect standard of a Bankruptcy Rule, which allows a bankruptcy court to permit a late filing of proofs of claim if the movant's failure to comply with an earlier deadline was the result of excusable neglect, a concept found in several places in the various Federal Rules of Procedure. The Court rejected the argument that excusable neglect was limited to errors caused by circumstances beyond the late-filing party's control, concluding that the concept of neglect is "somewhat elastic" and may include "inadvertent delays." In determining whether a party's neglect is excusable, the Court emphasized the equitable nature of the inquiry, which takes into account the following circumstances:

> "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Each of the four factors in Pioneer favor the Plaintiff as there is no prejudice to the Defendants, who actually gained five full days to rebut Plaintiff's opposition to their 12(b)(6) Motion.[6] The length of the delay in 3 business days was minimal. While Plaintiff concedes the timing for submitting his opposition was under his control the Plaintiff acted in good faith at all times. An example of this good faith is found at ECF Number 104, where Plaintiff requested a "week's extension of additional time" with the calculation of that additional time, as consented to by Defendant Ashoka, predicated on the three extra days given by Rule 6(d).

---

[6] The Defendants chose not to submit a rebuttal.

4

Despite *Pioneer* being specific to Bankruptcy Court Rules the Fifth Circuit has applied it to determinations of excusable neglect across the Federal Court Rules including Rule 6. In an analogous case, *United States v. Evbuomwan* 36 F.3d 89 (5th Cir. 1994) defense counsel "had failed to timely file the notice of appeal due to his misinterpretation of Fed. R. App. P. 26(c) (three extra days to respond to papers served by mail)." The other *factors* weighed in the defendant's favor. The district court found the neglect excusable, and the Fifth Circuit affirmed, holding that the district court did not abuse its discretion under *Pioneer*.

In this case, Pro Se Defendant has consistently calculated his time to act within the Federal Rules, which changed during the pendency of the action. Despite the rule change and for the reasons articulated above Plaintiff construed the related rules to continue to grant him three additional days to respond. However, should this Court find otherwise, the fact there was no prejudice to the defendants, the length of the delay was minimal as was any impact of the delay on the court proceedings and the fact the Plaintiff has acted in good faith all mitigate in favor of a finding of excusable neglect and deny of the Defendant's Motion to Strike.

## CONCLUSION

For all the foregoing reasons, Defendants Leary and Perret's Motion to Strike should be denied.

Respectfully submitted this 20th day of March, 2017,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

5

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on March 21, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

Respectfully submitted this 21st day of March, 2017,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com