IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                     PLAINTIFF

VS.                                             CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS & ASHOKA                          DEFENDANTS

## REBUTTAL TO PLAINTIFF'S RESPONSE TO MOTION TO STRIKE

COME NOW Defendants **Vaughn Perret** and **Charles Leary**, by and through their counsel, Purvis & Co. PLLC, and file this Memorandum in Support their Rebuttal to plaintiff's Response to their Motion to Strike. For the reasons stated herein, as well as in their Motion to Strike and Motion to Dismiss, defendant's Motion is due to be granted.

### Background

Plaintiff is the sole proprietor of Slabbed New Media, LLC (Slabbed). Slabbed is represented by counsel (who is also Plaintiff's personal attorney in other related cases), and it has filed a motion to intervene which has been opposed by the defendants. Plaintiff filed his 3rd Amended Complaint on January 26, 2017. After extension of time to file responsive pleadings was grated, Perret and Leary timely filed their Motion to Dismiss February 15, 2017. The Plaintiff concedes that the fourteen-day time period in which he could have responded to the Motion to Dismiss expired on March 1, 2017.

Looking back at the filing chain, the prejudice to the defendants created by the plaintiff becomes evident. Ashoka filed its motion to dismiss plaintiff's 3rd amended Complaint on 2-9-17.

On 2-15-17 Perret and Leary filed their Motion to Dismiss plaintiff's 3rd amended Complaint.  On 2-17-17, Slabbed New Media filed its Motion to Intervene.  The responses to Slabbed's Motion to Intervene were thus due to the court on March 3, 2017.  On 2-23-17 Handshoe requested an extension until March 6, 2017 to time respond to Ashoka's Motion to Dismiss.  Such request for an extension was filed within the filing requirements without the addition of 3 days per plaintiff's argument.  Handshoe never sought an extension to respond to Perret and Leary's Motion to Dismiss likely because he recognized the merits of the defendants' arguments in support of dismissal.[1]

On 3-3-2017 Perret and Leary filed their Response in Opposition to Slabbed's Motion to Intervene.  On 3-6-17, outside of the allowed time and without filing a motion for leave to file a response out of time, plaintiff filed a response in opposition to Perret and Leary's motion to dismiss likely because he recognized the merits of the defendant's arguments against intervention.[2]  To the extent that Slabbed's proposed Intervention became doubtful after Plaintiff read the oppositions, he proceeded to file out of time.

## Discussion

Plaintiff opposes the Defendants' motion to strike. However, Plaintiff's brief refers to inapposite case law, all of which relates to motions to strike pleadings. This is not a motion to strike Plaintiff's pleadings.  This is a motion to strike a reply as being out of time under Local Rule 7 and FRCP 6, with no permission or consent to file the reply out of time when it was filed with the court days after the deadline.

---

[1] It appears that plaintiff confesses defendants' Motion to Dismiss in the Second Sentence, of the first paragraph of page 3 of his memorandum when he states, "The Third Amended Complaint conclusively establishes that the plaintiff has not personally suffered a particularized injury...."

[2] Slabbed's Response to Ashoka's Opposition to the Motion to Intervene (Dkt 115) states that slabbed asserts "claims for Copyright Infringement that only Slabbed New Media has standing to bring" which affirms the bases alleged for dismissal of the 3rd Amended Complaint.

Plaintiff's opposition brief demonstrates he has great familiarity with FRCP 6. He blames a change in the Federal Rules in December, 2016, for his misinterpretation of the rules. However, the changes to the Rule were approved and published well in advance of their effective date, and the plaintiff complied with the new rule after its implementation until he realized the merits of defendants Motions. Rule 6 applies to "any local rule" and thus applies to Local Rule 7.

FRCP 6(b)(1)(B) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time [...] on motion made after the time has expired if the party failed to act because of excusable neglect." The Plaintiff has not even yet filed a motion for leave to file his response out of time and he did not request such relief in his Opposition to the Motion to Strike[3].

Plaintiff did not receive leave to file his reply after the March 1, 2017. Similarly, in this and related cases Plaintiff has been admonished to obey the Federal Rules of Civil Procedure and to not file documents consistent with the rules of procedure.[4] Plaintiff clearly knew a motion for extension of time to file was required, as he filed such a motion in relation to Ashoka's Motion to Dismiss. Plaintiff argues (incorrectly) that motions to strike based on Rule 6 are disfavored, yet Plaintiff himself filed a motion to strike in a related proceeding; see Handshoe v. Abel 1:14-cv-00159-KS-MTP, document 8. Handshoe has also sought denial of Defendants' entire current appeal in Court of Appeals for the Fifth Circuit Docket #: 16-60508 based on alleged failure to file by a deadline; see Handshoe Reply brief, filed November 21, 2016. Plaintiff's arguments in this regard ring hollow light of his history of pleading practice.

---

[3] See Dkt 119-120 for the absence of any request for such relief.
[4] See Order Striking 2nd Amended Complaint, Dkt 25; Order to Show Cause, Dkt 81; Order, DKT 89. In disregard of a Stay Order issued on December 1, 2016, plaintiff filed a Motion for Leave to file the 3rd Complaint without first requesting the stay be lifted.

Courts have construed *Lujan's* construction of Rule 6(b) to impose a strict requirement that litigants file formal motions for Rule 6(b) time-extensions when attempting to file in contravention of a scheduling order. See *Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C.Cir. 2005) ("In [*Lujan*], the Supreme Court noted the distinction between this provision and Rule 6(b)(1), which allows a court to grant an extension if a `request' is made before the time for filing expires. By contrast, the Court emphasized that post-deadline extensions may be granted only `for cause shown' and `upon motion.' Any post-deadline motion `must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond.'" (quoting *Lujan*, 497 U.S. at 896 n. 5, 110 S.Ct. 3177)); *Jones v. Cent. Bank*, 161 F.3d 311, 314 n. 2 (5th Cir.1998) ("[R]ule 6(b)(2) requires that, once a deadline has expired (as occurred in the instant case), leave to file late can be granted only `upon motion made.' The Supreme Court said so explicitly in construing rule 6(b) in [*Lujan*].... In other words, there is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect." *Drippe v. Tobelinski*, 604 F.3d 778 (3d Cir. 2010) [citing the dissent in *Jones*].

Indeed, *Lujan v. National Wildlife Federation*, 497 U. S. 871 (1990) spoke directly to Rule 6(b), which Plaintiff agrees controls here.

> First, any extension of a time limitation must be "for cause shown." Second, although extensions before expiration of the time period may be "with or without motion or notice," any post deadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." Thus, in order to receive the affidavits here, the District Court would have had to regard the very filing of the late document as the "motion made" to file it; it would have had to interpret "cause shown" to mean merely "cause," since respondent made no "showing" of cause at all; and finally, it would have had to find as a substantive matter that there was indeed "cause" for the late filing, and that the failure to file on time "was the result of excusable neglect."

*Id* at 896-897. Based on these existing facts, the Defendants' Motion to Strike is due to be granted.

Alternatively, Plaintiff goes on to argue there was "excusable neglect;" however, as stated above this analysis would mean there is "discretion to grant a post-deadline extension absent a motion and showing of excusable neglect," which is not the case. The plaintiff cites no authority to support the proposition that there is discretion in a situation such as the instant one. Plaintiff has also provided no evidence, by affidavit or otherwise, to show excusable neglect. "Once the original time period has expired, however, a motion must be filed by the party who failed to act, and the party must put forth evidence of excusable neglect" *Cox v. Colvin*, Civil No. 15-2102 , 2016 WL 1238251 (W.D. Ark. Mar. 29, 2016); "an undefined and contrived claim hardly constitutes evidence of excusable neglect." *In re Damon*, 40 B.R. 367 (Bankr. S.D.N.Y. 1984); "the district court was correct to require some additional evidence of excusable neglect or good cause" *Two-Way Media LLC v. AT & T, INC.*, 782 F.3d 1311, 1315 (Fed. Cir. 2015); A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988*)" Minor v. Gusman*, Civil Action No. 15-1423; 2016 WL 675704 (E.D. La. Feb. 17, 2016).

Although *pro se* litigants should be afforded latitude, see *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (*per curiam*), they "generally are required to inform themselves regarding procedural rules and to comply with them," *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir.1995). This is especially true in civil litigation. See *McNeil v. United States*, 508 U.S. 106, 113; S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (suggesting that procedural rules in ordinary civil litigation should not be "interpreted so as to excuse mistakes by those who proceed without counsel").[5]

---

[5] See also *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975) (proceeding *pro se* is not a license to disregard the relevant rules of procedural and substantive law); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[Procedural] rules apply to uncounseled litigants and must be enforced.")."A simple case of miscalculation" of a deadline generally is "not a sufficient reason to extend time" under the excusable neglect standard; *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir.2005).

Although Plaintiff appears in this case pro se, he has continuously had counsel in related cases, and has now engaged his longtime personal lawyer to represent his sole-proprietorship LLC, who has chosen to make legal arguments on Plaintiff's behalf regarding Rule 6 before its motion to intervene has been ruled upon. Plaintiff "concedes the timing for submitting his opposition was under his control."

Looking at excusable neglect, such is determined according to four factors: (i) prejudice to the opposing party; (ii) length of the delay; (iii) reason for the delay; and (iv) whether the delay was made in good faith. *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008). Of these, the third factor is "perhaps the most important single factor." *Inst. for Policy Studies v. U.S. Cent. Intelligence Agency*, 246 F.R.D. 380, 383 (D.D.C. 2007) (internal quotation marks and citations omitted) (finding no excusable neglect where other three factors favored the movant, but the third factor weighed against the movant); *Dimmit v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005) ("[A]mong the factors enumerated in *Pioneer*, by far the most critical is the asserted reason for the mistake."); also: *Kretchmer V. Eveden, Inc.*, Civil Action No. 3: 07-CV-1068-D (N.D. Tex. Sept. 3, 2009). Even if the other three factors favor a finding of excusable neglect, when the reason for the delay is "misinterpretation of the federal rules," such a finding is a "rare case indeed." *Midwest Emp'rs Cas. Co. v. Williams*, 161 F.3d 877, 880 (5th Cir. 1998) (quoting *Halicki*, 151 F.3d at 470) (internal quotation marks omitted).

The simple fact is Plaintiff bears the burden to establish excusable neglect, and he has failed to present any evidence of such. He essentially argues that he is *pro se* and that he misinterpreted the Rules, but also admits this does not amount to excusable neglect. Even were this court to take up Plaintiff's "excusable neglect" argument without his having satisfied the requirements of FRCP 6(b)(1)(B), there is no excusable neglect here, merely Plaintiff's conclusory assertion that he misunderstood the rules.

Mr. Handshoe's arguments that his service via mail or hand delivery to the court should extend his timeline to respond is not only in error; rather, it turns the purpose of the rule on its head as such means of service could potentially shorten the time available to defendants, who, represented by counsel, would not necessarily receive the benefit of immediate notification via the ECF system when Mr. Handshoe serves documents.[6] The argument that plaintiff's interpretation of the Rule is a "reasonable interpretation" must fail.[7] Since Mr. Handshoe has located the relevant rules, quick reference to the comments supporting the rule demonstrate that there is no basis in law or fact for this argument.[8]

As to prejudice, the defendants would show that both the basis for granting the Motion to Strike, as well as the existence of prejudice to the defendants, is manifest in the record of this case. The defendants would suggest that reviewing the record reveals that after December 1, 2016 Mr. Handshoe NEVER relied upon the additional three days[9] he now claims he is owed; rather, he filed all responsive pleadings within the time limits established by L.U. Civ. R. 7(b)(4) and F.R.C.P. 6. He never relied upon such time, that is, until he recognized that Slabbed's intervention would face substantial opposition and therein lies the prejudice.

What the plaintiff did (whether by intent or by accident) was to game the orderly system created by the Rules which by skewing the timing of the filing of his responses to Ashoka's motion to dismiss such that he could appreciate the arguments made against Slabbed's intervention before

---

[6] For example, the defendants would show Dkt 104-1 is a cover letter from Mr. Handshoe dated "February 22, 2017" which was post marked February 22, 2017 (Dkt 104-2) and was filed with the Clerk on February 23rd per the "Received" stamp on the exhibit.

[7] How many nights did attorneys, legal assistants and runners drive up to the FedEx or USPS plant to hurl briefs like discus wrapped in shipping paper and tape over the tops of chain-linked fences to the waiting hands of kind workers who were willing to take parcels moments after closing and stamp them so that counsel would not face dismissal or other sanction due to missing a deadline.

[8] "Eliminating Rule 5(b) subparagraph (2)(E) from the modes of service that allow 3 added days means that the 3 added days cannot be retained by consenting to service by electronic means. Consent to electronic service in registering for electronic case filing, for example, does not count as consent to service "by any other means" of delivery under subparagraph (F)." Comments, Fed. R. Civ. P. 6.

[9] Prior to the amendment taking effect, Handshoe regularly filed pleadings out of time.

taking a position to argue against the Motion to Dismiss. Such would explain why Slabbed's Memoranda in support of its intervention so heavily argue in favor of plaintiff's claims, rather than Slabbed's.[10]

The pleadings filed by Slabbed and Handshoe facially indicate that Mr. Handshoe did not seek additional time to respond to Perret and Leary's Motion to Dismiss because he would ultimately confess the justness and rightness of their dismissal from this action.[11] Leary and Perret have been prejudiced by plaintiff's circumvention of the Rules as it was only after plaintiff read the oppositions to Slabbed's motion to intervene that he decided he should resist the Motion to Dismiss filed by Leary and Perret.

## Conclusion

Plaintiff has not shown excusable neglect in failing to timely file a response to defendants Leary and Perret's Motion to Strike. Furthermore, plaintiff has not sought leave of the Court to allow his untimely filing. He has not established a legal basis to allow his out of time filing, and his out of time filing has caused actual prejudice to the defendants through circumvention of the orderly and systematic resolution of claims, the result of which is countermanding and untenable positions argued between Slabbed, a non-party at this point injecting argument, law and fact into this matter, and plaintiff who, as established in Leary and Perret's Motion to Dismiss and supporting documents, has failed to establish that he has a viable cause of action for which relief can be granted. Leary and Perret recognize that case law is scant interpreting the Rule when compared to the Cannon of stare decisis as to other Rules, the result is clear as is their prayer: plaintiff's response

---

[10] For example, while co-parties may file joinders from time to time, co-defendants do not generally support one another's briefing by arguing on their behalf, without consent. Here, plaintiff and proposed Intervenor are attempting to coordinate filings to take advantage of the defendants, and allow themselves multiple and excessive opportunities to drag out this case.
[11] See Ft. Nt. 1.

is due to be struck, and their motion to dismiss is due to be granted. They request such relief generally as the Court may deem appropriate in the premises.

RESPECTFULLY SUBMITTED, this the 28th day of March, 2017.

> VAUGHN PERRET, DEFENDANT
> and
> CHARLES LEARY, DEFENDANT
>
> BY:  PURVIS & CO. PLLC
>
> BY:  */s/Jason B. Purvis*
>       Jason B. Purvis, MSB # 100873

OF COUNSEL:

Purvis & Co. PLLC
P.O. Box 2307
Gulfport, MS 39505
Tel: (228) 206-7174
jpurvis@purviscolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 28 March 2017 I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

>  */s/ Jason B. Purvis*