IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES,
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA                                           DEFENDANTS

**DEFENDANTS PERRET & LEARY'S MEMORANDUM IN SUPPORT OF THEIR REPLY TO PLAINTIFFS RESPONSE TO THEIR MOTION TO DISMISS**

**I. PLAINTIFF'S COMPLAINT IS A SHOT-GUN PLEADING AND DOES NOT MEET THE MINIMUM PLEADING REQURIEMENTS OF *TWOMBLY*.**

Ultimately, the court's task in considering a Motion to Dismiss "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." (citations omitted) *Davenport v. HansaWorld USA, Inc.*, 23 F. Supp. 3d 679, 685 (S.D. Miss. 2014). Mr. Handshoe asks this Court to grant him relief because Slabbed New Media, LLC took four photographs that were not its intellectual property and the defendants objected. Plaintiff began attacking Leary and Perret through his blog[1] by making embarrassing statements against the defendants, rising to the level of "fighting words" under Mississippi law, and Leary, Perret and Trout Point Lodge, Ltd. brought action in court against him. Handshoe appeared in the Canadian action, then conceded their position after not appearing for trial. Plaintiff's 3rd Amended Complaint makes allegations legal conclusions which arise out of infringements committed by Slabbed New Media, LLC. The 3rd Amended Complaint fails to state a viable claim against Leary and Perret.

---

[1] Please see 1:12-cv-00090-LG-JMR, Doc 35, p. 3-4.

Handshoe seems to base his claims upon certain, but yet not identified, Canadian Judgments, the effects of which he appears to be attempting to avoid. Confusingly, he argues that Perret and Leary were awarded damages in the Canadian proceeding "for Copyright infringement and defamation" as basis for his claims, but then asserts that "their Canadian order is essentially worthless."[2] At no point does he allege that Leary and Perret are attempting to have a defamation judgment recognized or enforced in the United States. Regardless, plaintiff has not adequately pleaded a claim and controversy nor has he pleaded a viable cause of action which will pass the muster of pleading requirements set forth in *Iqbal*, *Twombly*, and their progeny in the Fifth Circuit.

Plaintiff did not respond in opposition to the argument that the 3rd Amended Complaint was due to be dismissed as a "shotgun pleading" which violates Fed. R. Civ. P. 8 because it fails "to provide fair notice of the nature of Plaintiff['s] claims" against Perret and Leary, and instead indiscriminately lumps Perret together with Leary, yet unserved defendant Daniel Abel, Ashoka, non-defendant Trout Point Lodge, and at times "all defendants" including Marilyn Smulders and Progress Media[3]. Plaintiff's "fail[ure] to distinguish between the actions of named defendants," opting almost exclusively to make broad allegations against multiple defendants, rather than distinguishing between the actions of the separate Defendants, deprives Leary and Perret[4] of fair notice of the specific claims against them.[5] The 3rd Amended Complaint further deprives Perret and Leary of fair notice by incorporating the allegations of all "preceding paragraphs of th[e] Complaint," into each of the 3rd Amended Complaint's Counts, thereby creating a "'situation

---

[2] Either it is an adjudication, or it is not. In any event, it is not clear from the pleadings what is position is on these judgments.

[3] See *Sahlein v. Red Oak Capital, Inc.*, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014) (citation omitted); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 & n. 14 (11th Cir.2015) (describing "shotgun pleading" as a "sin" consisting of "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions").

[4] Although not well posited in his Response, Handshoe fails to contest the assertion that defendant Vaughn Perret had nothing to do with the allegations of his complaint, and instead attempt to allege a new theory of liability, which again, is insufficiently pleaded such that all claims alleged against Perret are due to be dismissed.

[5] *Please see Sahlein* at *3 (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).

where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.'" *Id.* The inclusion of "'irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired'" makes this 3rd Amended Complaint "subject to dismissal under Rule 12(b)(6)." *Id* at *3–4.

Attempting to excuse the defects in the pleadings, plaintiff relies upon inapplicable and outdated case law in his discussion of the standard for a court to apply in considering a motion to dismiss under Rule 12(b)(6) rather than *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 556 U.S. 662, 173 L. Ed. 2D 868 (2009), *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 550 U.S. 544, 167 L. Ed. 2D 929 (2007), and their Fifth Circuit progeny. As the *Iqbal* opinion explained, the decision in *Twombly* "was based on [the] interpretation and application of Rule 8," which "in turn governs the pleading standard 'in all civil actions and proceedings in the United States district courts.'" Stated differently: "*Twombly* expounded the [federal] pleading standard for 'all civil actions....'" The *Iqbal* opinion also reiterated that the federal pleading standard is the Rule 12(b)(6)-type analysis, observing that one of the "[t]wo working principles [that] underlie our decision in *Twombly*" is that "only a complaint that states a plausible claim for relief [under Rule 8] survives a motion to dismiss [under Rule 12(b)(6)] …."[6]

Plaintiff pleads a sprawling personal experience, opinions, and conclusory allegations, but he does not state individualized acts and/or omissions which elucidate cognizable claims. For example, in his response brief: "Plaintiff points out that he properly brought . . . his claims in this instant action before the state court action.[7]" In fact, in his Notice of Removal[8] plaintiff alleged "the subject of the enforceability of the exact Canadian Judgment is currently before this Court" and he

---

[6] *IEVM v. United Energy Group, Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (footnotes removed)
[7] See Doc.112 at page 17, last paragraph. This is a reference to the removal of non-defamation judgment enrolled in Hancock County, MS, and exhibited in the Motion to Dismiss.
[8] *Please see* 1:16-cv-7 at ¶3, Doc 96-12 herein.

referenced the present action.  In finding the SPEECH Act was not implicated in the removal, and in remanding the case back to the Circuit Court of Hancock County, Judge Guirola found, "Plaintiffs [Leary, Perret and Trout Point Lodge, LTD] are not seeking to enforce any defamation component judgment, but only copyright infringement component judgment."[9]  Judge Guirola's Order went on to note that Handshoe "has not cited and the Court has not found any authority as part of the SPEECH Act or otherwise that would make a bifurcated judgment unenforceable."  To the extent that plaintiff Handshoe has brought these claims before this Court, defendants would show they have been conclusively ruled upon no claim is pleaded with vague conclusions.

## II.  PLAINTIFF DOES NOT ESTABLISH STANDING EXCEPTING ONLY A FACTUALLY UNSUPPORTED CLAIM OF PRIVATE CENSORSHIP.

Plaintiff spends most of his argument regarding standing in assertion that Leary and Perret are proper parties without the inclusion of Trout Point Lodge, Ltd.[10]  In his response to the motion to dismiss, Plaintiff alleges that he has standing because he suffered damages of censorship.[11]  The District Court for the Middle District of Florida recently restated the long-standing rule that First Amendment censorship claims do not lay against private actors:

> As an initial matter, the First Amendment prohibits Congress and the States from making any law abridging the freedom of speech. *United Bhd. of Carpenters & Joiners of Am. Local 610 v. Scott*, 463 U.S. 825, 831 (1983). As such, the First Amendment protects individuals against government action, not against wrongs by individuals or private entities. See id. at 831-32. Thus, even if the Court were to permit Johnson to amend the Operative Complaint, any attempt to assert a First Amendment claim against Defendants would be futile.

*Johnson V. New Destiny Christian Center Church, Inc.*, No. 6: 15-cv-1698-Orl-37GJK (M.D. Fla. Dec. 6, 2016).  Because Handshoe has not alleged the defendants were state actors (nor does he allege any state action), the sole damages which he alleges, censorship, are insufficient to

---

[9] Please see 1:16-cv-00007 p. 6-7, Doc 96-13 herein.
[10] It appears Handshoe confuses the pleading requirements of *Twombly* and its progeny with the unique nature of a "stateless entity" for jurisdictional purposes.
[11] See Doc 112, pg. 5, first full paragraph.

demonstrate a discrete, cognizable personal injury and thus standing. Likewise, the 3rd Amended Complaint does not allege a claim for which relief can be granted.

In his response, the plaintiff reveals for the first time what he truly believes are his damages: namely the Canadian "litigation that resulted in damages awards to all three [Leary, Perret, and Trout Point Lodge, Ltd, presumably] were clearly aimed at Plaintiff in his personal capacity and caused particularized injury to the Plaintiff…." As argued in the Motion to Dismiss, Handshoe has failed to state a cause of action for which relief can be granted because none of the allegations in his Third Amended Complaint would allow this Court to remedy the fact that Douglas Handshoe has been fully adjudicated a copyright infringer, libeler, slanderer, and defamer pursuant to Canadian law. Perhaps that's what he really wants the court to change, but he has not adequately pleaded a complaint to grant him such relief.[12] Thus, he has not alleged standing to bring the subject Complaint and it is due to be dismissed.

### III. PLAINTIFF DOES NOT ESTABLISH A VIABLE CLAIM UNDER 512(F)

Plaintiff admits in his 3rd Amended Complaint regarding "The Fair Use Doctrine", that "Plaintiff in his personal capacity had no connection to the illustrative use of the photographs in question"[13] Under the framework the Ninth Circuit set forth in *Lenz*, a 512(f) plaintiff faces a very high pleading burden in that he must plead sufficient facts (not conclusory allegations) to show that the person serving a DMCA notice *did not subjectively believe* that the material

---

[12] Perhaps like in *Johnson, supra*, Handshoe might have brought malicious prosecution claims in his individual capacity; however, he notes in his brief that he has abandoned and waived his state law claims and they are not before the Court; thus, the plaintiff has not alleged a sufficient, discrete individually injury.

[13] See Doc 90, p. 29, ¶93. In its Intervention efforts, Slabbed New Media states to this Court that even in publishing its video on YouTube, Handshoe was acting "in the course of his work as an agent for Slabbed New Media" in uploading to "his YouTube account" "a video belonging to Slabbed New Media." See Document 114 Filed 03/10/17, Page 2. Any alleged injury accrued to the LLC, not Plaintiff. On a publisher's acts being those of the artificial entity, *see Forum Publications, Inc. v. PT Publishers, Inc.*, 700 F. Supp. 236 (E.D. Pa. 1988), noting "Plaintiff alleges that Defendant Ludlow committed certain acts in both his individual capacity as well as in his capacity as publisher of P.T. Bulletin," and finding that a publisher's "actions [are] taken in this corporate capacity." Also: *Matthes v. Town of East Fishkill*, 785 F.2d 43, 45 (2d Cir. 1986), *Tucker v. American International Group, Inc.*, No. 3: 09-CV-1499 (CSH) (D. Conn. Jan. 28, 2015).

infringed. In addition, if fair use consideration procedures of any kind existed, Plaintiff cannot point to their inadequacy to show liability, and Plaintiff must plead that the defendants knew the use was fair under the Fair Use statute, but then misrepresented such subjective knowledge in the infringement notices.  At no point in pleadings regarding Fair Use (paragraphs 91-97) does plaintiff allege Leary or Perret knowingly misrepresented that they had formed a good faith belief the infringed materials did not constitute fair use.[14]

### IV SPEECH Act Claims Fail as A Matter of Law

The SPEECH Act does not prevent a person from obtaining a foreign defamation judgment in a foreign court; rather, it only prevents the recognition and enforcement of a foreign judgment for defamation unless one of two circumstances are met.[15]  The 3rd Amended Complaint does not allege Leary and Perret are attempting to enforce or enroll a foreign judgment for defamation.[16]   Just as there is no controversy per the SPEECH Act, because there is no allegation of enrollment of a defamation judgment, there is not a sufficient pleading to allege a declaratory action pursuant to §4104 which provides for a cause of action when, "[a]ny United States person against whom a foreign judgment is entered on the basis of the . . .judgment . . . would not be enforceable under section 4102 (a), (b), or (c)."[17]  The 3rd Amended Complaint simply is devoid of any allegations that Leary and Perret are attempting to enroll such a judgment subject to §4102.  Furthermore, assuming *arguendo* that plaintiff sought an additional amendment to cure these defects, his claim would fail because neither Handshoe (or even Slabbed New Media, LLC for that matter) could serve process sufficient to invoke the provisions of 28 U.S.C.A. 4104(b) which only authorizes service of process

---

[14] Please see *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir.), cert. denied, 137 S. Ct. 416, 196 L. Ed. 2d 293 (2016).
[15] 28 U.S.C.A. § 4102(a)(1).
[16] By its plain language, "Nothing in [Section 4102] shall be construed to--(1) affect the enforceability of any foreign judgment other than a foreign judgment for defamation."  28 U.S.C.A. § 4102(e)(1).
[17] 28 U.S.C.A. §4104.

in the judicial district where the case is brought or defendant found within the United States. 28 U.S.C.A. § 4104 (b)[18]. Thus, plaintiff has failed to state and perfect a cause of action for which relief can be granted, especially in light of his seeking a ruling relating to judgments other than for defamation.[19]

## CONCLUSION

Plaintiff's theories of recovery ultimately fail because he is attempting to use Copyright law and the First Amendment to avoid judgment obligations which are not actively before the Court[20] under facts which attempt to allege claims for conspiracy. Because he cannot utilize the courts to bring for his conspiracy theories, he has attempted to construe a claim under Copyright law for the stated purpose of "gathering a conspiracy."[21] That Handshoe blogs about private matters is irrefutable. Plaintiff attempts to create public issues and public figures out of his targets using his blog and litigation; however, "those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure."[22] Just as Handshoe cannot bootstrap his way into protection for his publishing activities, he cannot manipulate the legal system to confect a controversy where none exists other than of his own creation. There are no sufficient claims stated and the 3rd Amended Complaint is due to be dismissed.

RESPECTFULLY SUBMITTED, this the 11th day of April 2017.

                VAUGHN PERRET, DEFENDANT, and
                CHARLES LEARY, DEFENDANT

                BY:    PURVIS & CO. PLLC
                BY:    */s/Jason B. Purvis*
                        Jason B. Purvis, MSB # 100873

---

[18] Leary and Perret are not found in the United States.
[19] The 3rd amended Complaint is facially defective in that it fails to state on its face how service can be effected in the United States pursuant to the limits of §4104, what contacts defendants allegedly have the with forum, and what acts and/or omissions occurred in the subject venue.
[20] Plaintiff confesses he has brought no state law claims and Leary and Perret are not attempting to enter and enforce a foreign defamation judgment in the United States.
[21] See Doc 96-4.
[22] *Hutchinson v. Proxmire*, 443 U.S. 111, 99 S. Ct. 2675, 61 L. Ed. 2d 411 (1979)

OF COUNSEL:
PURVIS & CO. PLLC
14110 Airport Rd, Ste A
P.O. Box 2307
Gulfport, MS 39505
Tel:  (228) 206-7174
jpurvis@purviscolaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that, on **April 11, 2017**, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:   [none]

                                                     */s/ Jason B. Purvis*