IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                    PLAINTIFF

VS.                                                      CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES,
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA                                                DEFENDANTS

**DEFENDANTS PERRET & LEARY'S MEMORANDUM IN SUPPORT OF THEIR RESPONSE TO PLAINTIFF'S MOTION TO ISSUE SUMMONS**

**INTRODUCTION**

After four versions of his complaint, Plaintiff now asserts there is a defendant, a limited company, which was not previously named and summoned. In the Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint, Plaintiff sued, among others, three individuals—Defendants Abel, Leary, and Perret—each one "doing business as" Trout Point Lodge. As known by the plaintiff and asserted in the Motions filed by the defendants, Abel, Perret, and Leary do not "do business as" the limited company Trout Point Lodge, which is its own juridical person. Plaintiff has not stated a legal basis to support the addition of a new defendant, and under no circumstances does alleging[1] "confusion" provide good cause to grant the relief requested.

**RELEVANT PROCEDURAL NOTES**

On December 15, 2016, Plaintiff filed a Motion for Leave to File Amended Complaint (Dkt 82), supporting Memorandum (Dkt 83), and his proposed Amended Complaint (Dkt 83-1). None

---

[1] By his own pleadings, Plaintiff has devoted years of his life to using his blog and the legal process to harass the defendants, the fruit of an unhealthy obsession.

of these pleadings (and proposed pleadings) sought leave to add Trout Point Lodge, Ltd. as a party to this action. Furthermore, none of the pleadings advised the court of any issue related to serving this yet unnamed defendant. By order dated January 20, 2017, the Court ordered: "Plaintiff must serve all Defendants who have not appeared in this action with new summonses and his Third Amended Complaint, in the manner required by Federal Rule of Civil Procedure 4, and must file the proper proofs of service with the Clerk of Court, all by April 27, 2017." On January 26, 2017 plaintiff filed his 3rd Amended Complaint. He also sought the issuance of three Summons: a summons to "Daniel Abel doing business as Trout Point Lodge Ltd and Individually" (Dkt.91) a summons to Progress Media Group, and a summons to Marilyn Smulders. At no point does the record reflect Trout Point Lodge, Ltd. being identified as defendant, nor does the record reflect a summons having been sought to be issued by the plaintiff to Trout Point Lodge, Ltd. Plaintiff is seeking to file a Fourth Amended Complaint. Defendants would show that the proposed intervention by Slabbed New Media (Dkt 101), an LLC solely owned, managed, and controlled by Handshoe, is, likewise, an effort to Amend the Third Amended Complaint in this case. This case is due to be dismissed.

**ARGUMENT**

The Court instructed in its January 20, 2017, Order (Dckt 89) "that should [the plaintiff] fail to properly serve any Defendant, and/or fail to file proper notice of said service by April 27, 2017, any unserved Defendant or Defendants may be dismissed without prejudice without further notice." Plaintiff cites no authority to support his assertion that he is now entitled to add an additional defendant. Plaintiff is attempting to posture a Fourth Amended Complaint by requesting that the Court compel its clerk to issue a summons to non-defendant Trout Point Lodge, Ltd. (TPLL) and for more time to serve TPLL.

**PLAINTIFF IS SEEKING TO FILE A FOURTH AMENDED COMPLAINT**

Plaintiffs motions (Dkt. 129, 130 and 131), in effect, confess the arguments supporting dismissal presented by defendants Perret and Leary, namely 1) The shot-gun pleading is too vague to state a claim upon which relief can be granted; 2) The plaintiff has failed to state a valid, viable cause of action against Perret and Leary pursuant to *Twombly* and *Iqbal*, and 3) defendants Leary and Perret are not, and have never been, proper defendants before this Court based upon the allegations of the Complaints filed herein.  Moreover, assuming the plaintiff could muster sufficient facts which could be pleaded in good faith to make allegations sufficiently definite to support a valid cause of action against the defendants after years of litigation, why would the plaintiff fail to join what would be a known, necessary, and indispensable party?  Either the plaintiff does not have knowledge of sufficient facts to support a valid or claim, or he is on a campaign to harass, annoy and vex the defendants via the legal process.  The motions prove that plaintiff is seeking to file a Fourth Amended Complaint; however, the plaintiff has not moved the court for leave to file a fourth amended complaint and this case is due to be dismissed.

"[A] motion for leave to amend should not be denied unless there is '**undue delay, bad faith** or dilatory motive on the part of the movant, **repeated failure to cure deficiencies** by amendments previously allowed [or] **undue prejudice to the opposing party** by virtue of allowance of the amendment, ...' *Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 386 (5th Cir. 2003) (**emphasis** added).  The defendants assert that the record is replete with proof of undue delay, bad faith and prejudice to the defendants.  Rather than stating a viable cause of action, plaintiff takes each motion filed by a defendant (including those other than Leary and Perret) and parrots a response which he thinks will keep this case ongoing so that the defendants continue to incur damages, all the while evidence and memories fade thus prejudicing the defendants at a minimum with the passage of time.

When considering a motion to amend, "[a] formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought. [citations]. '[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, cf. Fed.R.Civ.P. 7(b)- does not constitute a motion within the contemplation of Rule 15(a).' [Citations]." *Id.* at 387 (5th Cir. 2003). While this Court has a free exercise of discretion in allowing plaintiffs to amend their Complaints, "leave to amend properly may be denied when the party seeking leave **has repeatedly failed to cure deficiencies** by amendments previously allowed and when amendment would be futile." *Id* (**emphasis** added).

More than allowing the court to refuse plaintiff's attempt to amend his complaint, the Fifth Circuit has found affirmatively that, "[d]enial of a motion to amend is **warranted** for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." [Citations] *Rosenblatt v. United Way of Greater Houston,* 607 F.3d 413, 419 (5th Cir. 2010) (**emphasis** added). Just as in Rosenblatt, Handshoe has "urged the sufficiency of his complaint and did not seek leave to amend, despite awareness of its potential deficiencies." *Id.* Plaintiff, now having had the benefit of Defendants' motions to dismiss, and supporting pleadings, is either tacitly admitting the verity of defendants' Motion to Dismiss, or he is tacitly seeking to file a fifth complaint in this action. In any event, he has failed to so move the court, and dismissal of his Third Amended Complaint is warranted.

## PLAINTIFF CANNOT RELY UPON HIS PRO SE STATUS

"The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. [citations] One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a

lawyer. . .. Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure. [citations]." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Through his amendments, the plaintiff has abandoned his conspiracy allegations, yet he persists in basing this action upon a large, complex, international, criminally-motivated conspiracy to silence his blogging. Defendants would show that the plaintiff actively chose to not sue TPLL under this theory and consciously chose to use the trope of "doing business as" to help augment his conspiratorial fictions, which are now published on "The Blog of Pacer."

This much is clear: as recently as his Opposition to defendants' motion to dismiss, Plaintiff insisted to this Court that the personal defendants Abel, Leary, and Perret were each and all responsible for any alleged actions taken by Trout Point Lodge, Ltd. (i.e. that it was not a separate entity)[2]. In his opposition brief (Dkt. 112) Mr. Handshoe characterized as a false "claim" the argument that Leary and Perret were acting as officers of the distinct juridical entity Trout Point Lodge, Limited. Now, Plaintiff reverses himself in a last-ditch effort to join TPLL as a party in an effort to avoid dismissal. Yet, he has never pleaded distinct claims, sufficient to inform the defendants of any valid claims asserted much less claims sufficient to satisfy the requirements of *Twombly* and *Iqbal*, which state what TPLL (as opposed to any of the other defendants) allegedly did to support an action against it. The separate entity allegations of Plaintiff's 3rd Amended Complaint are indeterminate and inherently contradictory; and as previously argued the 3rd Amended Complaint should be dismissed under Rule 12(b)(6), since it clearly does not reveal a new defendant, TPLL.

"Doing business as" means a company or other person is using an assumed name. Black's Law Dictionary 403 (7th ed. 1999). If Defendant A "does business as" Defendant B, there is only one entity. Thus, Leary and Perret cannot each simultaneously be "doing business as" TPLL yet each

---

[2] While conceding no merit to the plaintiffs' claims, assuming arguendo that TPLL should be a party, i.e., that the factually allegations support claims against TPLL, then plaintiff's inclusion of claims against Leary and Perret is an unlawful (and not well pleaded) attempt hold members individually liable for the actions of a corporate entity.

be sued as a separate entity from TPLL for TPLL's alleged illegal acts. Mr. Handshoe has known at least since 2015, that he never sued Trout Point Lodge, Ltd in this case, and no summons ever issued to TPLL.

Mr. Handshoe would have the court order the issuance of a summons based upon the Third Amended Complaint for alleged acts done by TPLL and grant additional time to serve a new Defendant who was not named in the Third Amended Complaint.

Ultimately, plaintiff affirms why his complaint is due to be dismissed as a shot-gun pleading which is not meaningful and does not state a claim for which relief can be granted.

### PLAINTIFF ADMITS HIS THIRD AMENDED COMPLAINT IS A DEFICIENT PLEADING

As argued by Leary & Perret, the Third Amended Complaint fails to give fair notice to the existing defendants (and to TPLL for that matter, if it were a party) of what Plaintiff is alleging about each distinct defendant, and what cause of action accrues to what defendant. Plaintiff created total confusion with his Third Amended Complaint by conflating the acts of individuals with those of companies, by vaguely combining the acts of each individual defendant with that of other defendants, and by refusing to state with any demonstrable specificity the identity of the copyrighted photographs in terms of which defendant (or alleged or previous defendant) purportedly owns, or does not own, intellectual property rights in photographs referred to, for example, as the "National Geographic Society/Ashoka/Progress Media/Marilyn Smulders photos" (3rd Amended Complaint ¶148) which he simultaneously seems to allege were also owned by Charles Leary and/or Trout Point Lodge, and/or now possibly by Slabbed New Media, LLC as well under his particular theory of "fair use."

The Plaintiff himself appends to this record proof of his understanding of the relationship of TPPL in Exhibit E (Dkt.111-6) to his Response in Opposition (Dkt 111) to the Motion to Dismiss (Dkt. 96 and 97) filed by these defendants. The plaintiff doesn't really suffer confusion as to the

nature of the parties but rather is attempting to again Amend.  This Court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Foxx v. My Vintage Baby, Inc.*, 624 F. App'x 318 (5th Cir. 2015).  Moreover, "[w]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Walker v. Williamson*, 131 F. Supp. 3d 580, 594 (S.D. Miss. 2015).  Plaintiff, through his Complaints, responses and motions has "thrown a haystack at the court, expecting the court to find a needle therein." *Taitz v. Democrat Party of Mississippi*, No. 3:12-CV-280-HTW-LRA, 2015 WL 11017373, at *23 (S.D. Miss. Mar. 31, 2015).  Under no circumstances must this Court accept as true, in the context of a pending motion to dismiss, "[c]onclusory allegations and unwarranted deductions of fact . . . **especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint**." *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (**emphasis** added).  No facts have changed since 2015, or 2013 as it relates to plaintiff's narrative of conspiracy for that matter, and Plaintiff has known that TPLL is a limited company and not a d/b/a since the inception of this lawsuit.

At this last-minute, Plaintiff now blames this Court for his pleading failures, "the confusion" (ECF 131, page 1) over the non-issuance of a summons to Trout Point Lodge, Limited, in a case originally filed in November 2015. He asserts without evidence the conclusory allegation that the Honorable Clerk of this Court incorrectly or improperly failed to issue a summons to TPLL. The inherently contradictory iteration of paragraph 6 of the 3rd Amended Complaint[3] has remained the same in the original complaint and each of the amendments.  Plaintiff only now argues for more time, for more amendments, to again foist upon this Court, another haystack of vexing and

---

[3] "Defendant Trout Point Lodge Ltd. is a limited company formed under the laws of Nova Scotia, with registered offices located 189 Trout Point Rd, East Kemptville, NS B5A 5X9."

harassing litigation. The record is devoid of a request for a summons to be issued to Trout Point Lodge, Ltd.

### PLAINTIFFS ALLEGED CONFUSION IS ACTUAL PREJUDICE

Plaintiff's assertion of "no prejudice here" belies his misunderstanding of the force of judicial process and the inherent power and authority of this Court. He does not consider how the passage of time impacts the erosion of evidence, creates mootness, allows statutes of limitation to run, and the memories of witnesses to fade, all of which are occurring herein. He does not consider[4] the cost of litigation, and the unnecessary legal expense incurred because of his refusal to state his claim, honestly and forthrightly with this Court. He does not appreciate the prejudice to the system and parties created by an abuse of legal process. Ye he files away, alleging that he is clearing up the confusion he says was created by the Clerk when in reality, he is attempting to game this Court as just a bit-player in his fictional conspiracy. If plaintiff needs time to serve TPLL, why has he not sought time to serve Abel? Does he feel he is "gamed out" in that regard, such that he must begin a new game, which allows more time to pass, more evidence to erode.

Plaintiffs "are bound by the admissions in their pleadings." *Davis v. AG Edwards and Sons, Inc.*, 823 F.2d 105 (5th Cir. 1987). Plaintiff has tacitly, if not directly, confessed and admitted that defendants are absolutely correct in their motion to dismiss that the allegations of the Third Amended Complaint would have accrued to Trout Point Lodge, Ltd. and not Leary and Perret personally. In support of the motion to dismiss, there is no clearer evidence of the evils created by the "shotgun" nature of Plaintiff's pleading, and his failure to give Constitutionally-required notice. Plaintiffs Motions should be denied and the Third Amended Complaint dismissed, not amended to add a defendant.

---

[4] Or perhaps he does, as he has not denied it.

## DILATORY CONDUCT & CONCLUSORY ALLEGATIONS ABOUT SERVICE

Plaintiff has been unabashedly dilatory since he has had since November 2015, to properly name and serve TPLL.  In bad faith, he argues TPL's "registered office" was closed, however this is not the issue (nor is it true). His argument about the seasonality of Trout Point Lodge's hotel operations does not change the fact that under Rule 4, The Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 36, T.I.A.S. 6638 (Hague Convention), and Nova Scotia Civil Procedure Rule 33, Plaintiff has to personally serve the Recognized Agent of Trout Point Lodge, Limited.  The conclusory allegation that there is no mail service to Trout Point Lodge, Ltd. is also not only false, but also does nothing to alleviate his obligations under The Hague Convention. The Fifth Circuit has concluded that under Rule 4, service on foreign defendants by postal channels is not proper under the Convention; *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002).

## WHY PLAINTIFF'S CLAIMS MUST ULTIMATELY FAIL

Why was Trout Point Lodge, Ltd, not pursued and served as a defendant?  The Plaintiff knew claims against Trout Point Lodge, Ltd would ultimately be futile because Trout Point Lodge, Ltd. cannot be served outside of a judicial district of the United States of America under the SPEECH Act of 2010, which has a nationwide service of process provision. The SPEECH Act declaratory judgment cause of action "authorizes nationwide service of process, [. . .] it does not, by its very language, authorize service in a foreign country" *Soltex Polymer Corp. v. Fortex Indus., Inc.*, 590 F.Supp. 1453, 1460 (E.D.N.Y.1984); *LABORERS LOC. 17 HEALTH BENEF. FUND* v. Philip Morris, 26 F. Supp. 2d 593 (S.D.N.Y. 1998).  Having been presented with Motions to Dismiss which he recognizes are valid and provide multiple, reasonable and controlling reasons for the dismissal of his Third Amended Complaint, he throws up one last hail-Mary pass in the hope this Court won't already know that TPLL cannot be summoned under the fatally flawed Complaint.

## CONCLUSION

For all of the above reasons, Plaintiff's motions are due to be denied. For the all of the reasons stated in the defendants' motions to dismiss, the Third Amended Complaint is due to be dismissed with prejudice.

RESPECTFULLY SUBMITTED, this the 8th day of May 2017.

        VAUGHN PERRET, DEFENDANT, and
        CHARLES LEARY, DEFENDANT

        BY:    PURVIS & CO. PLLC
        BY:    */s/Jason B. Purvis*
                  Jason B. Purvis, MSB # 100873

OF COUNSEL:
PURVIS & CO. PLLC
14110 Airport Rd, Ste A
P.O. Box 2307
Gulfport, MS 39505
Tel: (228) 206-7174
jpurvis@purviscolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on **May 8, 2017**, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action: [none]

        */s/ Jason B. Purvis*