SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 11 2017
ARTHUR JOHNSTON
BY ________ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

DOUGLAS HANDSHOE

v. CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY & DANIEL ABEL, D/B/A/ TROUT POINT LODGE LTD OF NOVA SCOTIA & IN THEIR INDIVIDUAL CAPACITIES PROGRESS MEDIA GROUP LIMITED, MARILYN SMULDERS & ASHOKA

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS PERRET & LEARY'S RESPONSE TO PLAINTIFF'S MOTION FOR COURT AUTHORIZATION TO ISSUE SUMMONS AND COMPLAINT TO TROUT POINT LODGE, LIMITED OF NOVA SCOTIA**

Plaintiff Douglas Handshoe respectfully submits this memorandums in support of his reply to Defendants Perret & Leary's opposition to Plaintiff's Motion for Court Authorization to Issue Summons and Complaint to Trout Point Lodge, Limited of Nova Scotia.

**BACKGROUND**

The procedural background in this matter is contained in the order of this Court dated January 20, 2017 (ECF 89) which granted Plaintiff's request to Amend his Complaint for Damages as well as Defendants' Perret and Leary's memorandum in support of their opposition to Plaintiff's motion. (ECF 134).

Due to the confusion over the styling of this matter the Clerk would not issue a summons to Trout Point Lodge, Limited.

**LAW AND ARGUMENT**

Plaintiff has carefully considered the Defendant's arguments that his Motion could be construed by this Court as a Motion for Leave to Amend. Defendant Trout Point Lodge Limited is clearly listed as a defendant in the Third Amended Complaint with the issue being confusion as to the civil action's styling. Plaintiff was unaware at the time of filing that his Motion to Authorize Summons could be construed as a Motion to Amend, as he proposed not a single change to the body of the Third Amended Complaint, which clearly lists Trout Point Lodge, Limited as a Defendant.

As is stated in the Third Amended Complaint Trout Point Lodge Ltd is a Canadian Limited company with its registered office at 189 Trout Point Road, East Kemptville, NS B5A 5X9, Canada. At the time the court entered its order allowing Plaintiff to file the Third Amended Complaint, the Lodge, its registered office and its accompanying cabins, which are located on a gated, private road was closed for the winter season and it remains closed until May 13, 2017.[1] Trout Point Lodge, Limited is a Canadian Limited Company with its registered office in Nova Scotia, Canada thus it is not subject to the time limits for service of a summons contained in Federal Civil Procedure Rule 4(m).

For the aforementioned reasons of the private access road to the registered office of Trout Point Lodge, Limited being gated, closed and posted with no trespassing signs, not to open until May 13, 2017 gave him good cause to request not only that the summons be issued but that time

[1] See Gillespie Affidavit attached to the Reply this Memorandum accompanies.

per this court's previous order be extended to allow for service of the Court authorized summons once the Lodge opened for the 2017 summer season.[2]

Plaintiff is not seeking to add or change any of the allegations contained in the Third Amended Complaint thus he views his Motion as nothing more than asking the Court to authorize the Clerk to issue the summons to Defendant Trout Point Lodge, Limited[3]. To the extent the Court could take Plaintiff's Motion to Authorize the Clerk to issue Summons as a Motion for Leave to Amend, Plaintiff, after consulting Federal Civil Procedure Rule 15 finds that such an amendment appears to comport to the requirements of Rule 15(c)(1)(C)(i) and (ii) should the Court construe Plaintiff's Motion as a Motion for Leave to Amend.

Plaintiff firmly rejects the notion that he is somehow gaming the system by his failure to successfully serve the Third Amended complaint upon Daniel Abel, who has to date successfully evaded service of process of both the Second and Third amended complaints. Defendants Leary and Perret simply did not demonstrate any prejudice by having all the parties to this matter successfully served their summons as the allegations contained in the Third Amended complaint have not changed by a single word. And while Perret and Leary complain in a general sense about the cost of litigation they remain silent on their own numerous deliberate acts evading service of process including spending months hiding behind a gate, such deliberate acts causing Plaintiff considerable expense.

[2] The closed gated road is also the reason for the time elapsed between the filing of the original and first amended complaints and the Leary-Perret returns of same, which were not served until May 20, 2016 and May 17, 2016 respectively. (See ECF Nos. 49 and 50).

[3] The Clerk's office has conducted itself with the utmost of courtesy and professionalism in its dealings with the Plaintiff. Plaintiff seeks neither to blame the Clerk nor does he cast aspersions at the Court as is suggested by the Defendants

Finally, the Defendants' opposition spent considerable verbiage rehashing their 12(b) motion. Plaintiff not only contends that this Court has jurisdiction over the Defendants' and their tortious behavior in the United States but also that his claims are viable against Leary and Perret, even if Trout Point Lodge, Limited were not a party to this action.

For all the reasons listed above, Plaintiff prays this Court find his Motion to Authorize Summons for Trout Point Lodge, Limited to have merit and to allow the clerk to issue the summons. Alternatively, should this Court find Rule 15 applies as suggested by the Defendants, allow a technical correction to the case styling so that a summons can be issued to Trout Point Lodge, Limited,

Respectfully submitted this 10th day of May, 2017,

Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

**CERTIFICATE OF SERVICE**

I, Douglas Handshoe, hereby certify that on May 10, 2017, the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

Respectfully submitted this 10th day of May, 2017,

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com