**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

DOUGLAS HANDSHOE                                                                         PLAINTIFF

v.                                                          CIVIL ACTION No. 1:15-cv-382-HSO-JCG

VAUGHN PERRET, et al                                                                  DEFENDANTS

## ORDER

BEFORE THE COURT are two motions filed by Plaintiff Douglas Handshoe: a motion styled "Motion for Court Authorization to Issue Summons and Complaint to Trout Point Lodge, Limited of Nova Scotia" (ECF No. 129) and a Motion for Extension of Time to Serve Summons on Defendant Trout Point Lodge, Ltd. (ECF No. 130). Defendants Charles Leary and Vaughn Perret filed Responses in Opposition (ECF No. 132); (ECF No. 133) and an accompanying Memorandum (ECF No. 134). Plaintiff then filed a Reply (ECF No. 135) and Memorandum (ECF No. 136). Having considered the submissions of the parties, the record as a whole, and relevant law, the Court determines that Plaintiff's Motion for Court Authorization to Issue Summons and Complaint (ECF No. 129) should be GRANTED and that Plaintiff's Motion for Extension of Time to Serve Summons on Defendant Trout Point Lodge, Ltd. (ECF No. 130) should be GRANTED IN PART and DENIED IN PART.

On January 20, 2017, District Judge Sul Ozerden granted Plaintiff's Motion for Leave to File Third Amended Complaint. *See* (ECF No. 89). Judge Ozerden's Order gave Plaintiff until April 27, 2017 to properly serve "all Defendants who have not appeared in this action with new summonses and his Third Amended Complaint" and file proofs of such service. (ECF No. 89, at 7). Judge Ozerden further warned Plaintiff

that "should he fail to properly serve any Defendant, and/or fail to file proper notice of said service by April 27, 2017, any unserved Defendant or Defendants may be dismissed without prejudice and without further notice to Plaintiff, unless he is able to show good cause for such failure." *Id.* (citing Fed. R. Civ. P. 4(m)).

On January 26, 2017, Plaintiff filed his Third Amended Complaint (ECF No. 90). Summons were issued as to Daniel Abel, Progress Media Group Limited of Nova Scotia, and Marilyn Smulders the same day. (ECF No. 91). In Plaintiff's Motion for Court Authorization, Plaintiff maintains that "due to confusion over the styling of this civil action, the Clerk of Court declined to issue a summons to Trout Point Lodge, Limited." (ECF No. 129, at 1). Plaintiff "prays the Court would authorize the Clerk of Court to issue a summons to Trout Point Lodge, Limited" and states that "no party will be prejudiced by the granting of the relief requested, which is not sought for delay or improper purpose but so that justice may be accorded to the parties." *Id.*

Plaintiff also requests a related six-week extension of time to serve Trout Point Lodge, Ltd. in his Motion for Extension of Time to Serve Summons. (ECF No. 130). He asserts that even if summons had been issued for Trout Point Lodge Ltd., Trout Point Lodge Ltd. could not have been served by the April 27, 2017 deadline because "the entire Trout Point development was closed for the winter season until May 13, 2017." (ECF No. 131, at 1-2).

Defendants Charles Leary and Vaughn Perret respond, asserting that "Plaintiff has not stated a legal basis to support the addition of a new defendant, and under no circumstances does alleging 'confusion' provide good cause to grant the relief requested." (ECF No. 134, at 1). Further, Defendants argue that "[a]t no point does the

record reflect Trout Point Lodge, Ltd. being identified as Defendant, nor does the record reflect a summons having been sought to be issued by the plaintiff to Trout Point Lodge, Ltd." *Id.* at 2. Defendants state that, through these Motions, "Plaintiff is seeking to file a Fourth Amended Complaint," and Defendants would be prejudiced by Plaintiff being granted such relief. *Id.*

Plaintiff's Third Amended Complaint did not identify Trout Point Lodge, Ltd. as a defendant in the caption, and the Complaint's allegations most frequently refer to Trout Point Lodge, Ltd. as the name by which defendants Vaughn Perret, Charles Leary, and Daniel Abel were "doing business." However, page three of the Third Amended Complaint clearly identifies Trout Point Lodge, Ltd. as a defendant party. (ECF No. 90, at 3).

Without any evidence to the contrary, the Court will take Plaintiff at his word when he states that the Clerk would not issue summons to Trout Point Lodge, Ltd. Although Plaintiff has not provided any explanation as to why he did not take action sooner to rectify the situation, the Court nonetheless finds that these circumstances constitute good cause for Plaintiff's failure to comply with the April 27, 2017 deadline ordered by Judge Ozerden. The Clerk of Court will be ordered to add Trout Point Lodge, Ltd. to the docket as a defendant and Plaintiff will be granted leave to seek issuance of summons for Trout Point Lodge, Ltd. Plaintiff will be granted four weeks from the date of this Order, or until June 2, 2017, to (1) serve Trout Point Lodge, Ltd. in compliance with Federal Rule of Civil Procedure 4 and (2) file proof of such service with the Court.

Notwithstanding the Court's determination that Plaintiff has demonstrated good cause for the instant failure to timely serve Trout Point Lodge, Ltd., the Court is aware

3

that this law suit is now nearly eighteen months old and has yet to move past initial pleadings – Plaintiff filed this law suit on November 16, 2015. Plaintiff is therefore warned that should he fail to properly serve Trout Point Lodge, Ltd., and/or fail to file proper notice of said service by June 2, 2017, Trout Point Lodge, Ltd. may be dismissed without prejudice and without further notice to Plaintiff, unless he is able to show good cause for such failure.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Court Authorization to Issue Summons and Complaint (ECF No. 129) is **GRANTED** and that Plaintiff's Motion for Extension of Time to Serve Summons on Defendant Trout Point Lodge, Ltd. (ECF No. 130) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall add Trout Point Lodge, Ltd. to the docket as a defendant.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to seek issuance of summons for Trout Point Lodge, Ltd. Plaintiff's deadline to serve Trout Point Lodge, Ltd. and file proof of such service is **June 2, 2017.** Plaintiff is warned that should he fail to properly serve Trout Point Lodge, Ltd., and/or fail to file proper notice of said service by June 2, 2017, Trout Point Lodge, Ltd. may be dismissed without prejudice and without further notice to Plaintiff, unless he is able to show good cause for such failure.

**SO ORDERED AND ADJUDGED**, this the 11th day of May, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE