IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUN 02 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE )
)
v. ) CIVIL ACTION NO. 1:15cv382-HSO-JCG
)
VAUGHN PERRET, CHARLES LEARY & )
DANIEL ABEL, D/B/A/ TROUT )
POINT LODGE LTD OF NOVA SCOTIA )
& IN THEIR INDIVIDUAL CAPACITIES )
PROGRESS MEDIA GROUP LIMITED, )
MARILYN SMULDERS & ASHOKA )
)

**MEMORANDUM IN SUPPORT OF MOTION FOR AUTHORIZATION OF SUBSTITUTED OR ALTERNATIVE SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT TROUT POINT LODGE, LIMITED OF NOVA SCOTIA.**

Plaintiff Douglas Handshoe respectfully submits this memorandum in support of his Motion for Authorization of Substituted or Alternative Service of Summons and Complaint on Defendant Trout Point Lodge, Limited of Nova Scotia.

### BACKGROUND

The procedural background in this matter is contained in the orders of this Court dated January 20, 2017 (ECF 89) and May 11, 2017 (ECF 137), which granted Plaintiff's request to Amend his Complaint for Damages and which authorized the Clerk to issue the Trout Point Summons which also required Plaintiff to return the executed summons on June 2, 2017.

As is stated in the Third Amended Complaint Trout Point Lodge Ltd is a Canadian Limited company with its registered office at 189 Trout Point Road, East Kemptville, NS B5A 5X9, Canada. At the time the court entered its order allowing Plaintiff to file the Third Amended

1

Complaint, the Lodge, its registered office and its accompanying cabins, which are located on a gated, private road, was closed for the winter season and it remained closed until May 13, 2017.[1]

Plaintiff has been advised by his Nova Scotia Barrister Wayne S. Rideout, Esq, who engaged Garnet Horton, a Nova Scotia Provincial Civil Constable to serve the summons to Trout Point Lodge, Ltd. on Plaintiff's behalf that Trout Point Road remains gated and posted despite the Defendants' advertisements that the Lodge is now open for business to the public. Mr. Rideout's Affidavit sent to Plaintiff today via email along with Attachments A through D is shown at Exhibit 1 to the accompanying Motion for An Extension of Time.[2]

The Defendants' actions constitute a continuing pattern of behavior where they have actively evaded the service of the summons in this matter. The previous returns submitted on Defendants Leary and Perret at ECF Numbers 49 and 50 details the efforts two process servers made on two separate trips to the Lodge to affect service on Leary and Perret, despite both being present at the Lodge the entire time. Constable Horton, at ECF Numbers 58 and 59, detailed Leary and Perret refusing service on July 29, 2016 at the Lodge and were it not for him catching them at the local grocery store, service of the second amended complaint may still not have been accomplished by this date.

Further, since the Defendants were certainly aware of this Court's order dated May 11, 2017 which established the June 2, 2017 return date, Defendant Trout Point Lodge, Ltd., via its Registered Agent/Instant Defendant Charles Leary is most certainly deliberately evading service of process in order to defeat the Court's June 2, 2017 deadline for the filing of the return.[3]

---

[1] Please see Gillespie Affidavit at ECF 135-2 and Trout Point Lodge website printout at ECF 130-1.

[2] Plaintiff anticipates the arrival of Mr. Rideout's original affidavit via postal courier by Wednesday June 7, 2017.

[3] To the extent the Third Amended Complaint details the same allegations against Defendants Leary, Perret and Trout Point Lodge, Limited it is highly likely the Defendants' Limited Company will be represented by the same Counsel currently enrolled on their behalf.

## LAW AND ARGUMENT

In this instant matter three different Nova Scotia Provincial Civil Constables have sworn returns which detailed a variety of ways the Defendants have tried to evade Service of the Writ of Summons and copy of the related Complaint in this matter. Additionally, the Affidavit of Wayne S. Rideout, Esq. attached to the Motion accompanying Plaintiff's Motion for An Extension of Time makes clear the futility of the most recent attempts to serve the Summons and Complaint upon Trout Point Lodge, Limited due to the deliberate actions of the Defendants as they continue to hide behind a gate and No Trespassing Signs in order to prevent the service of the summons in this matter.

Certain methods of Substituted or Alternate service are allowed by the Civil Procedure Rules in both the State of Mississippi and the Province of Nova Scotia Canada. Further, in Mississippi service of process on a business whose store front has been abandoned or is not staffed by posting to the front entrance is expressly authorized by statute in certain circumstances and well as in the common law[4]. Service by publication is expressly authorized by Mississippi Civil Procedure Rule 4(c)(4).

The continuing actions of the Defendants evading service is expressly addressed in the Nova Scotia Civil Procedure Rule 31.10.[5] Rule 31.10 provides that "A judge may order a substituted method of notification if the judge is satisfied that the party cannot be located, the party is evading service, or justice requires a substituted method for another reason." Rule 31.10(3) provides examples of "evidence that may establish that an order for substitute

---

[4] *Ramsey v. Barbaro*, 12 Sm. & M. (Miss.) 113

[5] The Nova Scotia Court rules are published at the Nova Scotia Supreme Court website and can be found at http://courts.ns.ca/Civil_Procedure_Rules/CPRs_in_html/Rule_31.htm#Rule31.10

notification is to be granted on the basis that the party is evading service" including the following:

- evidence of places the party is likely to be found, such as a place of residence or work, and efforts to locate the party;
- evidence the party is likely at a place when service is attempted;
- attempts to effect service at the party's likely place of residence, place of work, or otherwise;
- efforts to identify persons in communication with the party;
- attempts to communicate with acquaintances to arrange personal service.

The Barrister Rideout Affidavit accompanying the Motion for Extension of Time provides compelling evidence that would favor substituted service under the laws of the Province of Nova Scotia. Such posting of the summons and complaint to the front gate of the Lodge, accompanying by mail of the "originating document" and the Court's Order authorizing same comports to methods of due process that have basis in the law in both Nova Scotia and Mississippi. Further, Defendants Leary and Perret, the manager/owners of Trout Point Lodge, Limited cannot claim ignorance of the Court's action as they are receiving notice of each filing in this matter in their personal capacities via Counsel.

Alternatively, should this Court not authorize service by posting to the gate at Trout Point Road in accordance with the Nova Scotia Civil Procedure Rules and Mississippi common law, Plaintiff respectfully requests the Court's permission to effect Service by Publication in accordance with Mississippi Civil Procedure Rule 4(c)(4).

4

Respectfully submitted this 2nd day of June, 2017,

_____

Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on June 2, 2017, the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

Respectfully submitted this 2nd day of June, 2017,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com