IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                              DEFENDANTS

**DEFENDANTS VAUGHN PERRET AND CHARLES LEARY'S
MEMORANDUM BRIEF IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME**

**INTRODUCTION**

Despite the Court's generous treatment of the *pro se* plaintiff, Douglas K. Handshoe, allowing him to file four versions of his complaint, add a new defendant, and granting him a four-week extension of time to serve his newly added defendant, the plaintiff now seeks additional relief, beyond the Rules, by moving for a second extension of time to serve the same newly added defendant, Trout Point Lodge, Ltd, without having shown good cause. In support of Vaughn Perret and Charles Leary's instant motion, filed contemporaneously with this memorandum brief, defendants incorporate by reference their Response in Opposition to Motion to Issue Summons [132], their original Response in Opposition to Motion for an Extension of Time [133], and their Memorandum filed in support of their Response in Opposition to Plaintiff's Motion to Issue Summons [134].

## RELEVANT PROCEDURAL NOTES

On April 27, 2017, plaintiff, Douglas K. Handshoe, filed his Motion for Court Authorization to Issue Summons and Complaint to Trout Point Lodge, Limited of Nova Scotia [129] and his Motion for an Extension of Time to Serve Summons on Defendant Trout Point Lodge, Ltd [130]. On May 8, 2017, defendants, Vaughn Perret and Charles Leary, filed their Response in Opposition to Motion to Issue Summons [132] and their Response in Opposition to Motion for an Extension of Time to Serve Summons on Defendant Trout Point Lodge, Ltd [133]. On May 11, 2017, "[h]aving considered the submissions of the parties, the record as a whole, and the relevant law,"[1] the Court granted plaintiff's motion to serve Trout Point Lodge, Ltd, and granted in part and denied in part[2] plaintiff's motion for an extension of time to serve Trout Point Lodge, Ltd.[3]

In its May 11, 2017, Order, the Court referenced Judge Ozerden's January 20, 2017, Order granting Plaintiff's Motion for Leave to File Third Amended Complaint,[4] which gave the Plaintiff until April 27, 2017, to properly serve all Defendants.[5] In his Order, Judge Ozerden specifically warned the plaintiff that "fail[ure] to properly serve any Defendant, and/or fail[ure] to file proper notice of said service by April 27, 2017, any unserved Defendant or Defendants may be dismissed without prejudice without further notice to Plaintiff, unless he is able to show good cause for such failure."[6]

Despite Judge Ozerden's Order and the ample time given to the plaintiff to serve Trout Point Lodge, Ltd., based upon Plaintiff's allegation that the Clerk would not issue summons to Trout Point Lodge, the Court determined that the Plaintiff had good cause for his failure to timely

---

[1] *See* Order [137].
[2] Service was due by January 11, 2017 at the latest and was not completed.
[3] The Court refused to give Handshoe the six-week extension requested in his motion, granting him only four weeks to serve the newly added defendant.
[4] *See* Order [89].
[5] *See* Order [89] at page 7.
[6] *Id.* (citing Fed. R. Civ. P. 4(m)).

serve Trout Point Lodge.[7] On that basis, the Court granted Handshoe four weeks from the date of the Order, or until June 2, 2017, to serve Trout Point Lodge, Ltd., and file proof of such service.[8] Again, the Court warned Handshoe that "should he fail to properly serve Trout Point Lodge, Ltd., and/or fail to file proper notice of said service by June 2, 2017, Trout Point Lodge, Ltd. May be dismissed without prejudice and without further notice to Plaintiff, unless he is able to show good cause for such failure."[9]

On June 2, 2017, having failed to properly serve Trout Point Lodge, Ltd, and/or file proper notice of said service, Plaintiff, Douglas K. Handshoe, filed his second Motion for an Extension of Time to Serve Summons on Defendant Trout Point Lodge, Ltd. [139] and a Motion for Authorization of Substituted or Alternative Services of Summons and Complaint on Defendant Trout Point Lodge, Limited of Nova Scotia [141]. In both of his motions, plaintiff alleges without any basis in fact, let alone admissible evidence, that Defendant Trout Point Lodge, Ltd., "is most certainly deliberately evading service of process in order to defeat the Court's June 2, 2017 deadline for filing of the return."[10]  Defendants Vaughn Perret and Charles Leary would show that, in addition to the Plaintiff's failure to properly serve Trout Point Lodge, the Plaintiff has failed to show good cause for his failure to abide by the Court's prior orders.

## ARGUMENT AND ANALYSIS

Plaintiff admits that "this Court in its sound discretion via order dated May 11, 2017 established a deadline for return of the Trout Point Lodge, Ltd summons on June 2, 2017."[11] Rather than file proper notice of service of said summons by June 2, 2017, the Plaintiff filed the instant

---

[7] *See* Order [129] at page 3.
[8] *See* Order [137] at page 4.
[9] *Id.* at page 4.
[10] *See* Plaintiff's Motion [139] at page 2; and, *see* Plaintiff's Motion [141] at page 2.
[11] See Plaintiff's Motion [139] at page 1.

Motion which necessitated Defendants, Vaughn Perret and Charles Leary's, filing of their Response in Opposition, filed contemporaneously with this memorandum brief.

In Handshoe's motion, he attempts to lay out several factors to show why he has not served the proposed defendant. Those factors are:

(1) That Trout Point Lodge's registered office is located on a gated, private road;[12]

(2) That Trout Point Lodge was closed for the winter season and did not reopen until May 13, 2017;[13] and,

(3) That the Nova Scotia Provincial Civil Constable, Garnet Horton, hired by Plaintiff's Nova Scotia Barrister, Wayne S. Rideout, was unable to effectuate service of process on Defendant Trout Point Lodge.[14]

Based on the foregoing factors, and the Plaintiff's own assertion that "since the Defendants were certainly aware of this Court's order dated May 11, 2017 which established the June 2, 2017 return date…," Handshoe concludes that Trout Point Lodge "is most certainly deliberately evading service of process…."[15]

## I.  NO EVIDENCE OF EVADING SERVICE

Handshoe relies almost exclusively on the affidavit of Wayne Rideout to support his motion and the claim contained therein —that Trout Point Lodge, Ltd., is deliberately evading service of process. Defendants, Perret and Leary, contend that this affidavit serves to establish only three facts: (1) that the Plaintiff did not diligently attempt to effect service of process waiting over a week after entry of this court's order before transmitting process to a server; (2) that nearly two weeks after the Court's order, Mr. Rideout engaged a process server; and, (3) that service of the summons was not

---

[12] *See* Plaintiff's Motion [139] at page 1.
[13] *Id.*
[14] *See* Plaintiff's Motion [139] at page 2; and, see Exhibit 1 to Plaintiff's Motion [139].
[15] *See* Plaintiff's Motion [139] at page 2.

accomplished by June 1, 2017 and the process server abandoned efforts to effect service process after attempting within a 3 day window.   Mr. Rideout's affidavit provides absolutely no evidence in support of the contention that Trout Point Lodge is actively evading service of process.

### (a) PLAINTIFF'S LACK OF DILIGENCE

On May 12, 2017, following the Court's Order, Summons in a Civil Action [138] were issued to Trout Point Lodge, Ltd. On May 19, 2017, seven (7) days after the Summons were issued, Mr. Handshoe delivered "the Summons in a Civil Action and Complaint and Return Summons for Service on Trout Point Lodge, Ltd. from Mr. Handshoe."[16]  Mr. Rideout goes on to state that on the same day he received the Summons and Complaint he forwarded them to "Mr. Garnet Horton, Bailiff Service, to affect service…" on Trout Point Lodge.[17]  On June 1, 2017, thirteen (13) days after Mr. Rideout received the Summons and one (1) day before the June 2, 2017 deadline set by Order of this Court, Trout Point Lodge had not been served, and Mr. Rideout — "having heard nothing back from Mr. Horton" — emailed Mr. Horton to inquire about the status of service.[18] The remaining portion of Mr. Rideout's is inadmissible hearsay, as he simply details the unsworn account of Mr. Horton's service "attempts" contained in Attachment "D" to Exhibit 1 [139-1].[19]

Mr. Rideout's statements fail to show how the Plaintiff diligently attempted to effect service of process on Trout Point Lodge.  First, the fact that the Summons did not arrive at Mr. Rideout's office until one week after they were issued to the Plaintiff leads to the reasonable inference that the Plaintiff did not use the most expeditious means of sending the summons to Canada. Second, for the thirteen (13) days following delivery of the Summons to the process server neither the Plaintiff

---

[16] See Exhibit 1 [139-1], at page 2, ¶2.
[17] See Exhibit 1 [139-1], at page 2, ¶3.
[18] See Exhibit 1 [139-1], at page 2, ¶4.
[19] *See* Exhibit 1 [139-1], pages 2-3, ¶¶5-7.

nor his agents attempted service.[20] Finally, and most damaging of all, is the fact that when someone did bother to check on the status of service on Trout Point Lodge, they did so just one (1) day before this Court's deadline. Taken together, these statements evidence a noticeable absence of diligence and a disregard for respect for the authority of this Court.

The plaintiffs' burden in proving that [defendant] intentionally evaded service of process is not a light one. See *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir. 1987) (holding that "the party on whose behalf service is made has the burden of establishing its validity when challenged"). While courts have often held that intentional evasion by a defendant will be sufficient to perfect the service, *see Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 945-46 (10th Cir.1987), the plaintiff must establish "clear and convincing evidence of evasion on the part of the defendant" in order to avoid the typical service requirements. *See Mid-Continent Wood Products*, 936 F.2d at 303. Moreover, proof of evasion of service cannot be inferred alone from "repeated, though faulty attempts at service." *Id. Habyarimana v. Kagame*, 821 F. Supp. 2d 1244 (W.D. Okla. 2011).

In this case, plaintiff has not shown by admissible evidence that defendant Trout Point is evading process; rather, Handshoe uses his motion to again slur defendants Perret and Leary rather than support his request for relief.

**(b) INSUFFICIENCY OF "ATTEMPTS" TO SERVE PROCESS**

While remainder of Mr. Rideout's affidavit (*See* Exhibit 1 [139-1], pages 2-3, ¶¶5-7) consists entirely of inadmissible hearsay and opinion, rather than facts based upon the affiant's own knowledge, the "attempts" to serve described therein merit attention as they utterly fail to show any conduct which would support the Plaintiff's claim that Trout Point Lodge, or its registered agent, actively evaded service. As stated above, on May 19, 2017, Mr. Rideout's office forwarded the

---

[20] A lack of diligence in attempting to effectuate timely service of process on Trout Point Lodge may also be shown by Mr. Rideout's May 19, 2017 letter to Mr. Horton, which makes no mention of the fast-approaching June 2, 2017 deadline or the urgency of effecting such service in a timely manner.

Summons and Complaint to Mr. Horton. Despite the aforementioned documents being sent to Mr. Horton on May 19th, Mr. Horton's first "attempt" at service did not occur until May 24th and consisted of two (2) hours spent at a "Superstore" he believed Mr. Leary to shop at.[21] It is astonishing that Mr. Horton first attempted to serve Trout Point Lodge's registered agent by sitting outside a "Superstore," rather than at its well-known place of business.

Rule 4 requires that "proof must be by the server's affidavit." Plaintiff has not submitted the server's affidavit, only that of his Nova Scotia attorney, who was not the server. A clear and convincing standard is applied to allegations of evasion of service *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244 (W.D. Okla. 2011); *Custard v. Allred*, Civil Action No. 12-cv-00063-REB-CBS (D. Colo. June 5, 2012); *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297 (7th Cir. 1991). Importantly, then, the information contained in the email from the process server is hearsay. A third-party email "statement is hearsay to the extent it is used to prove the truth of the matter asserted." *Jones v. UPS Ground Freight*, 683 F.3d 1283 (11th Cir. 2012). Email is "hearsay and speculation." *Clientron Corp. v. Devon IT, Inc.*, 154 F. Supp. 3d 132 (E.D. Pa. 2015). See also *Margetis v. Furgeson*, No. 4: 12-cv-753 (E.D. Tex. Sept. 29, 2015). In addition, the email itself contains further hearsay, such as "was told that he was not in", without identifying the source of the statement; "speaking with different people", and, "I also heard."

Contrary to Mr. Handshoe's conclusory allegation, there is no evidence, much less clear and convincing evidence, that Trout Point Lodge, Ltd. is evading service. This Court has no basis on which the Plaintiff's motions should be granted, and it is already the law of this case that Plaintiff's conclusory allegations regarding service attempts, even when the defendant being served is aware of

---

[21] *See* Exhibit 1 [139-1], pages 2-3, ¶5(b); and, *see* Exhibit 1 [139-1], page 8, Attachment "D".

the proceeding, do not amount to a finding of evasion of service (Magistrate's Order re: service on Daniel G. Abel).

Even if one were to take Mr. Handshoe's argument at face value, he clearly failed to follow the steps mandated by The Hague Service Convention to properly effect service. The process server sitting outside a supermarket for short periods of time on just two days is not a sufficient attempt at service. Making a phone call and leaving a message is not an effective attempt at personal service.

Furthermore, it is wholly unrealistic and patently false that a civil constable could not reach Trout Point Lodge's registered address due to a no trespassing sign. "A provincial civil constable may execute anywhere in the Province process of a civil nature including any notice, order, warrant, summons other than a notice, order, warrant, summons or other process required to be executed or served by a sheriff or a functionary appointed under another enactment or by another officer, person or body." Nova Scotia Police Services Act. R.S., c. 349, s. 4. [22] In fact, as Mr. Handshoe plainly states in his brief, this same process server entered TPL's primary place of business in 2016 and was not stopped by the same no trespassing sign. That the property was posted with a no trespassing sign is not the same thing as being closed or gated, despite Handshoe's conclusory allegations to the contrary. The process server did not say the gate was closed, only that the property was posted with a sign. If "No Trespassing" signs prevented law enforcement from serving writs, process and other documents, then no civil action would ever proceed. Plaintiff has done nothing, other than making conclusory allegations, to show that "statutorily authorized means of service will not be effective." *Jimena v. Ubs Ag Bank*, No. CV-F-07-367 OWW/SKO (E.D. Cal. June 10, 2010).

In *Kagame*, the Court outlined factors to consider in deciding there was no evasion of service, all of which are applicable here:

- Plaintiff or his agent "never spoke to or came within close physical proximity of" defendant;

---

[22] See Exhibit 1 attached to Response.

- Plaintiff "presented no evidence that anyone on [defendant's] staff informed him of the attempted service;

- defendant "does not admit that he avoided service";

- plaintiff "failed to show that [his] process servers ever came in close proximity to" defendant;

- plaintiff has not "shown that [he] ever spoke to" defendant;

- "there is no indication that [defendant] ever saw or heard" plaintiff attempting service;

- plaintiffs "[n]ever informed [defendant] that they were attempting service."

Plaintiff arguments that the Recognized Agent knows of the existence of this lawsuit also fail to provide a basis to demonstrate good cause. It is well recognized that a "defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Company*, 840 F.2d 303, 306 (5th Cir.1988); see also *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir.1982). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2D 448 (1999).

Plaintiff, as he has since 2015, continues to fail to abide by the Rules of Court, and flaunts the rulings of this Court, while using the docket as a means to attack defendants Perret and Leary. All the while, evidence is lost, memories fade, the plaintiff continues to change position, and the legal fees mount. Defendants Leary and Perret respectfully move this Court to bring this conduct to an end, to cease the abuse of process, and to deny Plaintiff's Motion for an Extension of Time, strike Plaintiff's Motion for Authorization of Substituted or Alternative Service of Summons and

Complaint [141] as moot, grant their Motion to Dismiss, and for such general relief as the Court deems appropriate in the premises.

RESPECTFULLY SUBMITTED, this the 16th day of June, 2017.

VAUGHN PERRET, DEFENDANT and
CHARLES LEARY, DEFENDANT

BY: PURVIS & CO. PLLC

BY: ___/s/Jason B. Purvis___
Jason B. Purvis, MSB # 100873

OF COUNSEL:
Purvis & Co. PLLC
P.O. Box 2307
Gulfport, MS 39505
Tel:  (228) 206-7174
jpurvis@purviscolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on **June 16, 2017**, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

___/s/ Jason B. Purvis___