# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

DOUGLAS HANDSHOE                                  PLAINTIFF

VS.                                  CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                          DEFENDANTS

---

## DEFENDANTS VAUGHN PERRET AND CHARLES LEARY RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR AUTHORIZATION OF SUBSTITUTED OR ALTERNATIVE SERVICE OF SUMMONS AND COMPLAINT [141]

---

As discussed in the response and memorandum in opposition to Plaintiff's motion for extension of time to serve defendant, the Plaintiff has not demonstrated good cause shown for his failure to serve the new defendant, Trout Point Lodge, Ltd. Without addressing again those facts and law, suffice it to say that without making an evidentiary showing[1] that the proposed defendant, Trout Point Lodge, Ltd. is purposefully evading process, plaintiff has not asserted a viable right to serve the defendant via substituted or alternate process because his assertions are unsupported in law and such relief should therefore, be denied. As a preliminary matter, plaintiff seems to suggest that no time limit exists within which he must serve the defendant. This is not the case. The Fifth Circuit has expressly adopted the view of the Seventh Circuit and First Circuit holding, ""[M]ost

---

[1] The Plaintiff attached as exhibits documents which contain hearsay, or hearsay within hearsay, which fail to factually establish by clear and convincing evidence that proposed defendant is evading process; rather, the documents demonstrate the plaintiff has been dilatory and his process server lurks in the parking lots of grocery stores.

courts faced with a challenge to the timeliness of foreign service have applied a 'flexible due diligence' standard to determine whether the delay should be excused." *Lozano v. Bosdet*, 693 F.3d 485, 488–89 (5th Cir. 2012).  In the present action, Plaintiff has not exercised due diligence.

A.      **Plaintiff has not demonstrated authorized means of service will not be effective.**

Plaintiff has done nothing, other than making conclusory allegations, to show that "statutorily authorized means of service will not be effective." *Jimena v. UBS Ag Bank,* No. CV-F-07-367 OWW/SKO (E.D. Cal. June 10, 2010).  While not controlling authority, these questions were observed by the District Court in the Western District of Oklahoma:

> The plaintiffs' burden in proving that [defendant] intentionally evaded service of process is not a light one. See *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir. 1987) (holding that "the party on whose behalf service is made has the burden of establishing its validity when challenged"). While courts have often held that intentional evasion by a defendant will be sufficient to perfect the service, see *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 945-46 (10th Cir.1987), the plaintiff must establish "clear and convincing evidence of evasion on the part of the defendant" in order to avoid the typical service requirements. See *Mid-Continent Wood Products*, 936 F.2d at 303. Moreover, proof of evasion of service cannot be inferred alone from "repeated, though faulty attempts at service." *Id.*

*Habyarimana v. Kagame*, 821 F. Supp. 2d 1244 (W.D. Okla. 2011).  Just as faced by the *Kagame* court, Plaintiff Handshoe (or his agents) did not speak with nor come within close physical proximity of defendant; did not present evidence that anyone on [defendant's] staff informed him of the attempted service; failed to show that [his] process servers ever came in close proximity to the defendant; and there is no indication that [defendant] ever saw or heard plaintiff attempting service. Plaintiff has not established grounds for relief.

The only matter firmly admitted by the plaintiff is that his (along with his agents') dilatory conduct squandered three of the four weeks of additional service time granted by this Court.  All the while, memories fade, evidence erodes, fees are incurred, and this Court's admonitions are dismissed by the plaintiff.  There is no good cause shown for the grant of relief requested.  Moreover,

"Because 'district courts need to be able to control their dockets,' Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012).  Leary and Perret would show that based upon the Court's prior admonitions to plaintiff, the continued dilatoriness which appears stubborn and willful, if not reckless, may rise to the level of contumacious conduct.

**B.      Plaintiff's request does not comport with the requirements of The Hague Convention**

Plaintiff must follow the mandates of The Hague Service Convention.  He has not done so, which is sufficient basis to deny his motions. Plaintiff was obliged to effect personal service by the deadline issued by this Court, and he failed to do so.  Neither The Hague Convention, the federal common law, nor the internal law of Nova Scotia allow either posting of the summons or service by publication when the Recognized Agent's address is known.

Plaintiff has, since the inception of this lawsuit, failed to follow the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), [1969] 20 U. S. T. 361, T. I. A. S. No. 6638.  He now asks this court to allow substituted service. Indeed, Plaintiff makes no reference to the Convention in any of his filings with this Court. "By virtue of the Supremacy Clause, U. S. Const., Art. VI, the Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies."  If "the forum's internal law required transmittal of documents for service abroad" then "the Convention therefore provided the exclusive means of valid service." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 108 S. Ct. 2104, 100 L. Ed. 2D 722 (1988).

Under Rule 4(h)(2), service is authorized "at a place not within any judicial district of the United States" on a foreign business entity is in the manner prescribed by Rule 4(f) for individuals. As the United States and Canada are both signatories to The Hague Service Convention, in this

Circuit, service on a company in a foreign country pursuant to FED. R. CIV. P. 4(h) and (f) must conform to the requirements of The Hague Service Convention. "Federal Rule of Civil Procedure 4(f)(1) provides that use of Hague Convention procedures is 'mandatory if available at the place of service.'" *Gramercy Ins. Co. v. Kavanagh*, 3:10-cv-1254, 2011 U.S. Dist. Lexis 50003, at *2 (N.D. Tex. May 10, 2011) (citing 4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1134, at 311 (3d ed. 2002 & Supp. 2011))." *Rpost Holdings, INC. v. Kagan*, Civil Action No. 2: 11-cv-238-JRG (E.D. Tex. Jan. 23, 2012). "Service must be "in accordance with the requirements of The Hague Convention." *Kim v. FRANK MOHN A/S*, 909 F. Supp. 474 (S.D. Tex. 1995). *See also*: *Chanel, Inc. v. Zhibing*, 2010 U.S. Dist. LEXIS 25709, at *3 (W.D. Tenn. Mar. 17, 2010) (granting constructive service on foreign defendant ***only*** "[b]ecause the [Hague] Convention does not apply. . . "). [*emphasis* added].

The address of the Recognized Agent of TPL as well as of TPL itself is known. Therefore, The Hague Convention applies. *Rpost Holdings*, supra. "Certainly, if a defendant's name and address are known or may be obtained with reasonable diligence, service by publication will not satisfy the requirements of due process." *Mennonite Bd. of Missions*, 462 U.S. at 800, 103 S.Ct. At 2712." *SEC v. Tome*, 833 F.2d 1086, 1096 (2d Cir. 1987). Only if the address was unknown could constructive service be possible under the Hague Convention. *Progressive Southeastern Insurance Company v. J & P Transport*, No. 1: 11-cv-137 (N.D. Ind. July 8, 2011); *see also Opella v. Rullan*, No. 10-21134-CIV, 2011 WL 2600707, at *5 (S.D. Fla. June 29, 2011) (concluding that an address will be considered unknown only after the plaintiff has exercised reasonable diligence to discover address). Service therefore must be by an "internationally agreed means" permitted by Rule 4(f) and the Hague Convention. Indeed, "[b]ecause the transmission of documents to the party to be served is a necessary part of substituted service, The Hague Convention governs service of process on" a foreign defendant. *Fleming v. Yamaha Corp., USA*, 774 F. Supp. 992 (W.D. Va. 1991). See *Sheets v.*

*Yamaha Motors Corp.*, 891 F.2d 533 (5th Cir.1990) (where plaintiff attempted to sue foreign corporation pursuant to state long-arm statute by mailing the process to the defendant abroad, the Court stated, "this transmittal of documents abroad is precisely the type of service that triggers the application of Hague Convention procedures").

Plaintiff provides no authority to support his assertion that Canadian law permits substituted service as a general alternative, namely because is patently false that Nova Scotia law accepts substituted service as a general alternative to personal service, which actually is required by Nova Scotia law.  The Hague Service Convention provides for other methods of service. Article 19 permits service of process through other means to the extent that the internal law of a contracting State allows them. Article 15 also states that, when a defendant has not appeared, a court should not grant default judgment until the plaintiff has shown that a writ of summons "was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory" or "the document was actually delivered to the defendant or to his residence by another method provided for by this convention." *Id.*, Art. 15.  However, Plaintiff has cited no authority to support the contention that such service as requested is authorized.  See also, *Hazim v. Schiel & Denver Book Group*, Civil Action No. H-12-1286 (S.D. Tex. May 16, 2013). *See also* Fed.R.Civ.P. 4(f)(2) advisory committee notes (stating that under Rule 4(f)(2), "[s]ervice by methods that would violate foreign law is not generally authorized").

As noted in the seminal case of *Investors Group Trust Co. v. Ulan*, 1991 CanLII 4424 (NS SC), "Chief Justice Cowan reviewed the practice prior to June 15, 1978 of posting hand bills and referred to the elimination of this practice because hand bills serve no useful purpose and were merely left in place temporarily before being torn down or destroyed by the elements." The proposed substituted service requested by Plaintiff necessarily involves the transmission of judicial documents abroad to Canada. This case does not involve state law causes of action, so the state law service provisions

cited by Plaintiff are inapposite. FRCP 4 applies. It mandates that The Hague Service Convention applies because both the United States and Canada are signatories to the Convention. The U.S. Court of Appeals for the Fifth Circuit has found that service by postal channels under The Hague Convention is not allowed. Because plaintiff has not established via legal authority an avenue for relief, his motion is not well taken and should be denied.

C.     **Alternate Service is not authorized per Nationwide Service of Process**

As previously argued by Perret and Leary, Plaintiffs claims arising from the SPEECH ACT of 2010 cannot be alleged against Trout Point Lodge, Ltd. in this action because Trout Point Lodge, Ltd. can only be served outside of a judicial district of the United States of America. Service for Plaintiff's claims brought pursuant to 28 USCA §4101, *et seq.*, are limited by the provisions of Nationwide Service of Process:

> (b) **Nationwide service of process**. --Where an action under this section is brought in a district court of the United States, process may be served in the judicial district where the case is brought or any other judicial district of the United States where the defendant may be found, resides, has an agent, or transacts business.

28 U.S.C.A. § 4104. The concept of Nationwide Service of Process, arising from the RICO statutes, "does not provide for service in a foreign country." *Soltex Polymer Corp. v. Fortex Indus., Inc.*, 590 F. Supp. 1453, 1460 (E.D.N.Y. 1984). Trout Point Lodge, LTD. does not meet the service requirements stated plainly in the statute.

## CONCLUSION

The Plaintiff's Motion is not well taken and should be denied for the reasons stated in the Response in Opposition to Motion to Issue Summons [132]; their original Response in Opposition to Motion for an Extension of Time [133]; their Memorandum filed in support of their Response in Opposition to Plaintiff's Motion to Issue Summons [134]; and, for the reasons discussed in their Response in Opposition to Plaintiff's Motion for an Extension of Time [139], their memorandum

brief in support of their Response in Opposition to Plaintiff's Motion for an Extension of Time, and this memorandum brief in support.  Defendants Leary and Perret respectfully move this Court to deny Plaintiff's Motion for an Alternative or Substituted Service, grant Defendants' Motion to Dismiss, and for such general relief as the Court deems appropriate in the premises.

RESPECTFULLY SUBMITTED, this the 16th day of June, 2017.

>VAUGHN PERRET, DEFENDANT and
>CHARLES LEARY, DEFENDANT
>
>BY: PURVIS & CO. PLLC
>
>BY:   */s/Jason B. Purvis*
>Jason B. Purvis, MSB # 100873

OF COUNSEL:
Purvis & Co. PLLC
P.O. Box 2307
Gulfport, MS 39505
Tel:  (228) 206-7174
jpurvis@purviscolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on **June 16, 2017**, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

>    */s/ Jason B. Purvis*