IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                    PLAINTIFF

v.                                        CIVIL ACTION No. 1:15-cv-382-HSO-JCG

VAUGHN PERRET, et al                                              DEFENDANTS

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE SUMMONS ON DEFENDANT TROUT POINT LODGE, LTD. (ECF NO. 139) AND DENYING PLAINTIFF'S MOTION FOR AUTHORIZATION OF ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT TROUT POINT LODGE, LTD. (ECF NO. 141)**

BEFORE THE COURT are two motions filed by Plaintiff Douglas Handshoe: a Motion for an Extension of Time to Serve Summons on Defendant Trout Point Lodge, Ltd. (ECF No. 139) and a Motion for Authorization of Alternative Service of Process on Defendant Trout Point Lodge, Ltd. (ECF No. 141). Defendants Charles Leary and Vaughn Perret filed Responses in Opposition. (ECF No. 143); (ECF No. 145). Having considered the submissions of the parties, the record as a whole, and relevant law, the Court determines that Plaintiff's Motion for an Extension of Time to Serve Summons on Defendant Trout Point Lodge, Ltd. (ECF No. 139) should be GRANTED and that Plaintiff's Motion for Authorization of Alternative Service of Process on Defendant Trout Point Lodge, Ltd. (ECF No. 141) should be DENIED.

On May 11, 2017, the Court granted Plaintiff leave to add Trout Point Lodge, Ltd. as a defendant, as well as four weeks to serve Trout Point Lodge. *See* (ECF No. 137). Plaintiff maintained that the Clerk of Court had refused to add Trout Point Lodge as a defendant, despite Trout Point Lodge having been identified in Plaintiff's

Third Amended Complaint (ECF No. 90). Because (1) the Court determined that the Third Amended Complaint adequately identified Trout Point Lodge as a defendant and (2) the Court was left to take Plaintiff at his word that (a) he requested to have the Clerk add Trout Point Loge as a defendant but (b) this request was denied, the Court granted Plaintiff's Motion.

However, the Court noted the lack of urgency with which Plaintiff had acted to remedy this apparent issue: Plaintiff filed his Third Amended Complaint on January 26, 2017, but he did not move to add Trout Point Lodge until April 27, 2017, which was the deadline District Judge Ozerden had set for Plaintiff to properly serve "all Defendants who have not appeared in this action with new summonses and his Third Amended Complaint" and file proofs of such service. (ECF No. 89, at 7). Moreover, the Court emphasized that "this lawsuit is now nearly eighteen months old and has yet to move past initial pleadings." (ECF No. 137, at 3-4). Accordingly, Plaintiff was only given four of the six weeks he requested in which to serve newly-added-defendant Trout Point Lodge. *Id.* at 4.

Plaintiff now seeks a three-week extension in order to properly serve Defendant Trout Point Lodge, Ltd. and file proofs of such service. *See* (ECF No. 139). He also seeks the Court's permission to effect service upon Trout Point Lodge, Ltd. "by posting to the gate at Trout Point Road in accordance with the Nova Scotia Civil Procedure Rules and Mississippi common law," or, alternatively, "to effect Service by Publication in accordance with Mississippi Civil Procedure Rule 4(c)(4)." (ECF No. 142, at 4). The Court will address each request in turn.

Pursuant to Federal Rule of Civil Procedure 4(h)(2), service upon a foreign corporation not present within any judicial district in the United states may be accomplished "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>   (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>   (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>     (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>     (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>     (C) unless prohibited by the foreign country's law, by:
>       (i) delivering a copy of the summons and of the complaint to the individual personally; or
>       (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>   (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Unlike Rule 4(m), neither Rule 4(h) nor Rule 4(f) provides a for a fixed period of time in which service of process must be accomplished. Nonetheless, the Fifth Circuit instructs "that when subpart (f) applies, a district court is not 'left helpless

3

when it wants to move a case along.'" *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) (citation omitted). Indeed, "district courts need to be able to control their dockets." *Id.* (quoting *Nylok Corp v. Fastener World Inc.,* 396 F.3d 805, 807 (7th Cir. 2005)). A Plaintiff must accordingly demonstrate "reasonable diligence in attempting service" under Rule 4(f), for which "[g]ood faith and reasonable dispatch are the proper yardsticks." *Id.* (citation omitted); *see also Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 423 (5th Cir. 2014) ("Although we have counseled flexibility in determining whether a plaintiff has timely served a foreign defendant, we have by no means dispensed with the requirement [of timely service].") (citing *Lozano*, 693 F.3d at 489).

With this guidance from the Fifth Circuit in mind, the Court emphasizes that this case needs to move forward. Plaintiff filed this lawsuit more than eighteen months ago, and he is still attempting to properly serve all named defendants. Although Plaintiff just recently sought to add Trout Point Lodge, Ltd. to the docket, his Third Amended Complaint identified Trout Point Lodge, Ltd. in the same manner as his prior Complaints.[1] *Compare* (ECF No. 90, at 1-3) *with* (ECF No. 44, at 1-4) *and* (ECF No. 1, at 1-4). The mistake Plaintiff sought to correct by recently calling the Clerk of Court to add Trout Point Lodge, Ltd. to the docket has been present since the inception of this litigation. This extraordinary delay, however unintentional, cannot be explained away by Plaintiff's *pro se* status or any other circumstances of the case. In an abundance of caution, Plaintiff will nonetheless be

---

[1] The parties neglected to highlight this important detail in briefing Plaintiff's prior Motions. *See* (ECF Nos. 129-136).

granted this one final extension of three weeks to properly serve Defendant Trout Point Lodge, Ltd. and file proofs of such service. No Further extensions to do so will be granted absent extraordinary circumstances.

Turning to Plaintiff's request for authorization to complete service of process by either posting to the gate at Trout Point Road or by publication, the Court denies this relief. Rule 4(f) instructs that a person located in a foreign country may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Only "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," may the parties contemplate some other method of service. *Id.* (f)(2). Therefore,

> Rule 4 of the Federal Rules of Civil Procedure effectively requires service on a foreign corporation that occurs outside any judicial district of the United States to be perfected in accordance with the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Convention), [1969] 20 U.S.T. 361, when the treaty applies and absent waiver or absent a provision of federal law to the contrary.

*W.J. Enterprises, Inc. of Jefferson v. Granwood Flooring, Ltd.*, No. CV 16-9492, 2016 WL 3746225, at *2 (E.D. La. July 13, 2016) (citing Fed. R. Civ. P. 4(f)(1)). Trout Point Lodge, Ltd. is alleged to be found in Nova Scotia, Canada. Both the United States and Canada are signatories to the Hague Convention. *See* Status Table, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and

Extrajudicial Documents in Civil or Commercial Matters, HCCH (last updated Apr. 26, 2017), https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. Thus, service of process should be effected pursuant to the Hague Convention absent waiver or a provision of federal law to the contrary.

To the extent that Plaintiff seeks to have the Court discretionarily invoke Rule 4(f)(3) to allow for service "by other means not prohibited by international agreement," the Court declines to do so. Plaintiff asserts that Trout Point Lodge, Ltd. is evading service of process because (1) "Trout Point Road remains gated and posted [with a no trespass sign] despite the Defendants' advertisements that the Lodge is now open for business to the public" and (2) Charles Leary – Trout Point Lodge, Ltd.'s registered agent and Defendant to the instant suit – was "certainly aware of this Court's order dated May 11, 2017 which established the June 2, 2017 return date." (ECF No. 142, at 2). The Court cannot find that these allegations alone support an inference that Trout Point Lodge, Ltd. is deliberately evading service of process. Accordingly, Plaintiff has not demonstrated that the circumstances, particularities and necessities of this case warrant alternative service. *See West v. Rieth*, No. CV 15-2512, 2016 WL 195945, at *1-2 (E.D. La. Jan. 15, 2016).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for an Extension of Time to Serve Summons on Defendant Trout Point Lodge, Ltd. (ECF No. 139) is **GRANTED** and that Plaintiff's Motion for Authorization of Alternative Service of Process on Defendant Trout Point Lodge, Ltd. (ECF No. 141) is **DENIED**.

Plaintiff is granted one final extension of three weeks from the date of this Order to properly serve Defendant Trout Point Lodge, Ltd. with Summons and a copy of the Third Amended Complaint and file proof of such service with the Clerk of Court. However, *no further extensions to serve will be granted absent extraordinary circumstances*.

      **SO ORDERED AND ADJUDGED**, this the 19th day of June, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE