IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS HANDSHOE** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | | **Civil No. 1:15CV382-HSO-JCG** |
| § | | |
| § | | |
| **VAUGHN PERRET,** *et al.* § | | **DEFENDANTS** |

## ORDER STRIKING PRO SE [153], [160] MOTIONS TO QUASH SERVICE OF PROCESS AND NOTATION OF DEFAULT AND RELATED [154], [161] MEMORANDA

THIS MATTER COMES BEFORE THE COURT sua sponte for consideration of the Motions [153], [160], to Quash Service of Process and Notation of Default filed by pro se Defendant Charles Leary and former Defendant Vaughn Perret, on behalf of their company Defendant Trout Point Lodge, Ltd., on September 18 and 19, 2017. For the reasons that follow, the Court will strike these Motions [153], [160] and the related Memoranda [154], [161].

I. BACKGROUND

According to the record, Plaintiff Douglas Handshoe ("Plaintiff") caused Defendant Trout Point Lodge, Ltd., to be served with process on June 22, 2017, in Nova Scotia, Canada. Proof of Service [148] at 1-2. Defendant Charles Leary and former Defendant Vaughn Perret have now filed pro se Motions [153], [160] to

Quash Service of Process and Notation of Default,[1] and supporting Memoranda [154], [161].

While Leary and Perret have signed the documents in their own names, appearing pro se, *see* Mots. [153], [160] at 2; Mem. [154], [161] at 12, it is clear that these documents are filed on behalf of their company Defendant Trout Point Lodge, Ltd.  These Motions [153], [160], challenge service of process upon Trout Point Lodge, Ltd.  In unrelated Memoranda [152], [159], filed on the same dates as the Motions [153], [160], Leary and Perret explain that Trout Point Lodge, Ltd. is "[a] Nova Scotia limited company, like a U.S. limited liability company, [which] is a separate juridical entity and must be sued separately like a corporation."  Mem. [152], [159] at 2 n.1.

## II.  DISCUSSION

It is well-settled that business associations must be represented by a licensed attorney in order to appear in federal court.  *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Precision Builders, Inc. v. Olympic Grp., LLC*, 642 F. App'x 395, 397 (5th Cir. 2016); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004).  Trout Point Lodge, Ltd. may not continue in this Court with Defendant Leary and/or former Defendant Perret signing pleadings and other legal filings on its behalf, as Trout Point Lodge, Ltd. may not proceed pro se.  *See id.*  The Court will strike the improper "pro se" filings [153], [154], [160], [161] made on

---

[1] As of entry of this Order, the Clerk of Court has not entered any default as to Trout Point Lodge, Ltd.

behalf of Trout Point Lodge, Ltd.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the pro se Motions [153], [160] to Quash Service of Process and Notation of Default, and supporting Memoranda [154], [161], filed on behalf of Defendant Trout Point Lodge, Ltd. are **STRICKEN** from the record.

**SO ORDERED AND ADJUDGED**, this the 21st day of September, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE