**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

SEP 28 2017

ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE

v.                                        CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

**MEMORANDUM IN SUPPORT OF RESPONSE TO VAUGHN PERRET
AND CHARLES LEARY'S MOTION FOR JUDICIAL NOTICE AND TO
LIMIT VALUE OF PLAINTIFFS ACTION**

Plaintiff Douglas Handshoe respectfully submits this Memorandum in

Support of his Response to the Motion for Judicial Notice and To Limit Value of

Plaintiffs Action filed by Vaughn Perret and Charles Leary.

## BACKGROUND

The Defendants have filed a largely incomprehensible motion that centers on

their complaining about perceived mistreatment at the hands of the Plaintiff in

various and sundry Mississippi Court actions which have little in common with

this instant matter beyond the parties. The Defendants complain about a removed

state court action which was remanded and then amended to include civil

racketeering counts. The Defendants further complain to this court about Judge

1

Chris Schmidt quashing their ill-advised Writ of Execution on July 24, 2017, without disclosing to the Court the meltdown they experienced after Judge Schmidt temporarily stayed the Defendant's Writ on July 5, 2017 such meltdown including the Defendants calling and berating Judge Schmidt's court clerk on July 5, 2017 via telephone demanding to know exactly why he issued the stay in that case[1]. Finally, the Defendants failed to disclose to this Court that Trout Point Lodge, Limited is in active Civil Contempt of Court while they hide in rural Nova Scotia evading service of Judge Guirola's Show Cause Orders on why they too should not be held in Civil Contempt.

Now Perret and Leary represent to the Court that the Plaintiff has somehow admitted in State Court that this instant matter is not worth $180,000 or more, but rather a fraction of $10,000 and thus now seek to limit Plaintiff's potential future monetary recovery from this civil action to $2,500.

Had the Defendants actually attended the State Court hearing on July 24, 2017, where their ill-advised Writ of Execution was quashed, instead of hiding in rural Nova Scotia evading service of Judge Guirola's Show Cause Orders, they would have understood that while the value of a Chose-in-Action is related to the amount of damages being asked for in the underlying civil action, these are two

---

[1] The Defendants were represented by Counsel at the time in that litigation. The fact that the Defendants' Writ of Execution targeted exempt property was self-evident, had they bothered to educate themselves on Mississippi's collection statutes before issuing the Writ. The Judge's Order Staying Execution was thus self explanatory.

completely different and distinct values where the value of the personal property (i.e. the Chose-in-Action) is normally a fraction of the ultimate amount recovered in the underlying action.

## LAW AND ARGUMENT

To the extent the Mississippi Courts have defined a Chose-In-Action as personal property[2], it logically follows that its value for claiming exemption under Mississippi law would be relevant. While the valuation of a Chose-In-Action for purposes of exemption and execution has not been litigated in Mississippi State Court, there is ample case law at the Federal level which illustrates these basic valuation concepts.

For example, *Estate of Ethlyn Davis, Deceased, Don M. Davis, Executor v. Commissioner*, 65 T.C.M. 2365 (1993), a case where the, "primary issue concerns the value, for estate tax purposes, of the cause of action against Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch)" is instructive.

Valuation of any property can only be based on facts that are reasonably known at the date of valuation. The Federal Tax Court has adopted the general rule that "subsequent events are not considered in fixing fair market value, except to the extent that they were reasonably foreseeable at the date of valuation." *Estate of Gilford v. Commissioner*, 88 T.C. 38, 52 (1987).

---

[2] *Maranatha Faith Center, Inc. v. Colonial Trust Co.* 904 So. 2d 1004, 1007 (Miss. 2004). The Court Concluded that a Chose-In-Action, "may be treated the same as other personal property", for purposes of execution.

Plaintiff correctly valued his Chose-In-Actions at under $10,000 for exemption purposes under Mississippi law. This was a reasonable conclusion as both cases remain at an early stage of litigation with the ultimate amount of damage recovery very much uncertain. Those factors alone strongly suggest the value of the underlying personal property would be a tiny fraction of the amount of recovery sought. In *Davis v. Commissioner* referenced above, the Court, in a case where the final judgment amount of $2,100,000 was known, discounted the value of the underlying Chose-In-Action to $323,232 at the decedent's date of death for estate tax purposes.[3]

Instant Plaintiff must certainly have convinced the Defendants of the merits of the legal arguments he made via counsel in Mississippi State Court as they now approach this Court trying to salvage the thrashing they received before Judge Schmidt, albeit by misrepresenting those proceedings and conflating the damages that are being sought in this matter with the value of the underlying Chose-In-Action in the State Court Action.

---

[3] The Court in *Davis* specifically noted that the amount of recovery subsequent to the date of death does not control the value of the underlying cause of action citing *American National Bank & Trust Co. v. Commissioner* [79-1 USTC ¶ 13,294], 594 F.2d 1141, 1144-1145 (7th Cir. 1979); *Estate of Biagioni v. Commissioner* [Dec. 38,426(M)], T.C. Memo. 1981-660. These concepts of valuation easily transfer to the Mississippi State Courts for purposes of Exemption and Execution.

For all these reasons, this Court should deny Defendant's Motion as unsupported.

Respectfully submitted this 27th day of September, 2017,

Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on September 27, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on September 27, 2017, I mailed the foregoing to Charles Leary at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 27th day of September, 2017,


_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com