

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                        CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY SEPTEMBER 19, 2017 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

This Court recently decided various Rule 12 Motions including an issue of first impression – namely, the interpretation of the United States SPEECH Act codified at 28 U.S.C. §4101 et seq. The issue of first impression is the Court's interpretation of section §4104 which this Court has now ruled confers the right to sustain a declaratory cause of action for a party to which a foreign defamation judgment has been entered only if an attempt has been made to domesticate or enroll the foreign defamation judgment in the United States. (*See* Doc. No. 157, pages 28 and 29). Plaintiff Douglas Handshoe respectfully requests certification under 28 U.S.C. § 1292(b).

## REASONS FOR CERTIFICATION

Courts possess authority to certify an interlocutory order for appellate review if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation.[1] Because all of Section 1292(b)'s requirements are satisfied in this case, Plaintiff Handshoe requests permission to seek an appeal of the dismissal of Count 11 from this Court's September 19, 2017 order.

Plaintiff acknowledges there are some Fifth Circuit cases which characterize 1292(b) certifications as only being appropriate in "exceptional cases."[2] An earlier Fifth Circuit case, however, eschews such a rigid approach.[3]. In *Hadjipateras v. Pacifica, S.A.*, it was explained that "each application [of certification] is to be looked at in the light of the underlying purpose reflected in the statute."[4]

Because *Hadjipateras* is the earliest Fifth Circuit decision on this matter, Plaintiff submits it is the controlling Fifth Circuit precedent.[5] And there can be no doubt that the Fifth Circuit has continued to favorably rely on *Hadjipateras*. For

---

[1] 28 U.S.C. §1292(b)

[2] *Ainsworth v. Cargotec USA, Inc.*, 2011 WL 6291812, *3 (S.D. Miss. 2011) (quoting *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).

[3] *Hadjipateras v. Pacifica, S.A.*, 290 F.2d 697, 702 (5th Cir. 1961)

[4] *Id*

[5] *GlobeRanger Corp. v. Software AG United States of America, Inc.*, 836 F.3d 477, 497 (5th Cir. 2016) (explaining "under our rule of orderliness, the earlier case controls").

2

example, in *Martin v. Haliburton*, 618 F.3d 476, 488 (5th Cir. 2010) the court quoting *Hadjipateras'* acknowledgement that "[Section 1292(b) was enacted] to give the appellate machinery . . . a considerable flexibility . . . so that within reasonable limits disadvantages of piecemeal and final judgment appeals might both be avoided").

Plaintiff respectfully submits this is an "exceptional case" in any event. It involves a never-before-interpreted statutory provision that has the potential to impact civil litigants across the country. The statute states:[6]

> (a) Cause of Action.—
> (1) In general.—
> Any United States person against whom a foreign judgment is entered on the basis of the content of any writing, utterance, or other speech by that person that has been published, may bring an action in district court, under section 2201(a), for a declaration that the foreign judgment is repugnant to the Constitution or laws of the United States. For the purposes of this paragraph, a judgment is repugnant to the Constitution or laws of the United States if it would not be enforceable under section 4102(a), (b), or (c).
>
> (2) Burden of establishing unenforceability of judgment.—
> The party bringing an action under paragraph (1) shall bear the burden of establishing that the foreign judgment would not be enforceable under section 4102(a), (b), or (c).

This question is clearly appropriate for immediate appeal under § 1292(b): it is purely a legal question involving the construction of a federal statute, and thus does not depend upon the development of any facts in this case; there is no case

---

[6] 28 U.S.C. §4104

3

law developed in this area and this question would be one of "first impression". There are substantial grounds for disagreeing with the Court's resolution of the issue and an immediate appeal from the order will materially advance the ultimate termination of this litigation.

## Controlling Question of Law

This Court's interpretation of 28 U.S.C. §4101 et seq. resulted in an order in favor of Defendants Leary, Perret and Trout Point Lodge, Limited on SPEECH Act claim (Doc. No. 157). In past decisions, the Mississippi Southern Division Courts have acknowledged that "the meaning of a statutory . . . provision . . . that dictates the outcome [of a case] as a matter of law" constitutes a controlling question of law for purposes of Section 1292(b).[7] The dismissal of Count 11 thus constitutes a "controlling question of law" for purposes of Section 1292(b).

## Substantial Ground for Difference of Opinion

No other court has interpreted 28 U.S.C. §4104. That fact can be gleaned from the Plaintiff's inability to direct this Court to a case directly on point to whether §4104 specifically confers a Declaratory cause of action under 28 U.S.C. §4101 et seq. and from this Court's statutory interpretation that enforcement of the foreign defamation judgment must occur in order for a litigant to have standing to

---

[7] *McLaurin v. United States*, 2008 WL 782487, *2 (S.D. Miss. 2008) (brackets added) (quoting *Ahrenholz v. Bd. of Trustees of University of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)); see also *U.S. v. Chaparral Steel Co.*, 873 F.2d 1450 (Fed. Cir. 1989) (explaining that "[t]he question of the proper interpretation of [a] provision contained in 19 U.S.C. 1677(7)(c)(iv) constitutes a controlling question of law").

bring a cause of action under the statute.[8] The "substantial ground for difference of opinion" standard is satisfied when, as here, a case presents "novel and difficult questions of first impression"[9]

When this Court has granted certification on previous occasions, it has explained that the central question is whether reasonable jurists could debate how the issue presented should be resolved.[10] Sometimes, as in *Ainsworth*, the standard is satisfied because different district courts within the circuit have reached different outcomes. But intra-circuit conflicts are not the only way the standard can be met. District courts in both the Southern and Northern Districts of Mississippi have held that reasonable jurists might disagree over "true" issues of first impression – that is, issues which no other court has ever decided.[11]

The Fifth Circuit has long endorsed this approach. In *Adkinson v. International Harvester Co.*, 975 F.2d 208, 211 (5th Cir. 1992), for example, the district court *sua sponte* certified an issue of first impression involving Mississippi state law. The Fifth Circuit accepted jurisdiction and ultimately made an *Erie*

---

[8] *Marlow, L.L.C. v. BellSouth Telecomm., Inc.*, 686 F.3d 303 (5th Cir. 2012) (explaining that "only when [a statute] is unclear will 'canons of statutory interpretation' be brought to bear").

[9] *Cazorla v. Koch Foods of Mississippi, LLC*, 2015 WL 3970606, *3 (S.D. Miss. 2015) (quoted authorities omitted) (granting certification).

[10] *Ainsworth v. Cargotec USA, Inc.*, 2011 WL 6291812, *4 (S.D. Miss. 2011).

[11] *Travelers Property Cas. Co. of America v. Federated Rural Elec. Ins. Exchange*, 2009 WL 2900027, *8 (S.D. Miss. 2009) ("Substantial ground for disagreement exists as most of the questions are issues of first impression under Mississippi law."). Also see *Delta and Pine Land Co. v. Peoples Gin Co.*, 546 F.Supp. 939, 944 (N.D. Miss. 1982) (granting certification because "the pertinent provisions of the Plant Variety Protection Act do not appear to have been elsewhere construed").

determination different from the one made by the district court. *Id.* at 218. *Adkinson* underscores that reasonable jurists often disagree on issues of first impression under Mississippi law.[12]

The overarching issue of first impression here involves exactly at what point standing is conferred for a litigant to seek relief under the SPEECH Act. This overarching issue necessarily results in a subset of thorny issues that are both "novel and difficult,"[13] including the following:

- One such issue is whether the statutory language is ambiguous or unambiguous. Plaintiff respectfully submits that the statute is not ambiguous and clearly gives litigants several differing pathways to access the federal court under its provisions, but this Court's order implicitly found the statute to be ambiguous and interpreted it to find that enforcement of the foreign judgment must be sought in order for a party to have standing to invoke its provisions. That distinction is critical because a court may not resort to canons of statutory interpretation unless the statutory language is ambiguous.[14] Statutory

---

[12] Decisions from other jurisdictions appear to use the same methodology. In *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, 2011 WL 1044864, *3 (E.D. Penn. 2011) the judge, citing *Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F.Supp.2d 540, 545 (D. Del. 2004) explained in his order that "the absence of controlling law on a particular issue can constitute 'substantial grounds'").

[13] *Cazorla v. Koch Foods of Mississippi, LLC*, 2015 WL 3970606, *3 (S.D. Miss. 2015)

[14] *Lutz Homes, Inc. v. Weston*, 19 So.3d 60, 62 (Miss. 2009) (explaining that "[t]his Court resorts to the canons of statutory interpretation only where a statute is ambiguous");

6

phrases are not ambiguous just because, as here, a statute does not expressly define the phrase "against whom a foreign judgment is entered". Instead such phrases must be interpreted in accordance with their "common and ordinary acceptation and meaning."[15]. "The task of statutory interpretation begins and, if possible, ends with the language of the statute." *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 486 (5th Cir. 2013).[16]

- A second such issue is how this Court's requirement that Plaintiff show "that any Defendant has sought to enforce this judgment in the United States." squares with the statute's express granting of the right to seek declaratory relief by "Any United States person against whom a foreign judgment is entered"[17]

Each of these subsets of issues highlight that reasonable observers can disagree on the meaning of a statute and that interpreting a statute is difficult and tedious work. Ultimately, like in *Ainsworth*, Plaintiff appreciates that this Court likely "believes that [its] previous analysis is correct[.]"[18] As in *Ainsworth*,

---

[15] *Steel Dynamics Columbus, LLC v. Altech Env't USA Corp.*, 2017 WL 1209937, *8 (N.D. Miss. 2017) (quoting *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1028 (Miss. 2011))

[16] See also *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) which found that "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there."

[17] *Wilson v. State*, 194 So.3d 855, 868 (Miss. 2016) (explaining that the "Court has no business amending or disregarding statutes").

[18] *Ainsworth v. Cargotec USA, Inc.*, 2011 WL 6291812 at *4 (S.D. Miss. 2011).

7

however, "the Fifth Circuit Court of Appeals has not weighed in on the issue[.]"[19] Because reasonable jurists could debate how 28 U.S.C. §4104 should be interpreted, this case presents a "substantial ground for difference of opinion."

<u>Materially Advance the Litigation</u>

This case remains at a very early stage. A Rule 16 Telephonic case management conference is scheduled for October 30, 2017, the parties must prepare and submit proposed case management order and confidential memorandum in advance of the telephonic case management conference. No trial date has been set at this time. The Plaintiff does not request a stay of these proceedings as the legal issues involved in the remaining counts are virtually identical and distinct from those in Count 11 of the Third Amended Complaint the dismissal of which Plaintiff seeks certification.

Certification under § 1292(b) is most appropriate for those cases where an intermediate appeal will avoid protracted litigation.[20] In evaluating whether the appeal would materially advance the litigation, some district courts in the Fifth Circuit examine whether an immediate appeal would "(1) eliminate the need for trial, (2) eliminate complex issues so as to simply the trial, or (3) eliminate issues

---

[19] *Id.*

[20] *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996)

to make discovery easier and less costly."[21] Plaintiff respectfully submits the SPEECH Act count involves pure questions of law surrounding jurisdiction and whether or not a foreign defamation judgment would have been rendered in the United States by a United States Court applying domestic defamation law to the foreign complaint. Little discovery will be needed and the count is ripe for adjudication via Motion for Summary Judgment. A resolution of this issue of first impression would most certainly speed the litigation to its conclusion. Giving the Fifth Circuit the opportunity to address now, not later, whether those seeking Declaratory relief under the SPEECH Act must wait until the foreign judgment is enrolled before invoking the law will allow the Circuit to settle the law on this important issue.

It is important to note that other Courts have examined the relative burdens on both the parties and the judicial system, by allowing the interlocutory appeal. The Plaintiff will most certainly appeal the dismissal of Count 11 at the conclusion of the litigation resulting in at least another year elapsed minimum before it is resolved. Immediate appeal will allow the Court to resolve the Copyright Counts as well as resolve the issue of standing for purposes of bring an action under Section 4104 in a way that will conserve scare judicial resources with little prejudice to Plaintiff and Defendants Leary, Perret and Trout Point Lodge, Limited.

---

[21] *Coates v. Brazoria Cty. Tex.,* 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013).

## Conclusion

Each Section 1292(b) factor is met in this case. There is a substantial basis for disagreement on a controlling question of law, such that interlocutory review would materially advance this litigation. Plaintiff respectfully submits that he should be allowed to ask the Fifth Circuit to consider this appeal on an interlocutory basis.

For all these reasons, this Court should grant Plaintiff's Motion to Certify its September 19, 2017 Order for interlocutory review.

Respectfully submitted this 28th day of September, 2017,

_____
Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on September 28, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on September 28, 2017, I mailed the foregoing to Charles Leary and Vaughn Perret at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

I, Douglas Handshoe, hereby certify that on September 28, 2017, I mailed the foregoing to Trout Point Lodge, Limited at 189 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 28th day of September, 2017,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com