

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                PLAINTIFF

VS.                CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50           DEFENDANTS

---

**DEFENDANT CHARLES LEARY'S REBUTTAL TO DEFENDANT'S REPLY:
MOTION FOR JUDICIAL NOTICE AND TO LIMIT VALUE OF PLAINTIFF'S ACTION
BASED ON FRESH ADMISSION, WAIVER OR ESTOPPEL**

---

MAY IT PLEASE THE COURT:

  Mr. Handshoe fails to address or rebut factual and legal issues raised in Defendant Leary's motion. The fact that Handshoe has waived, or should be estopped from claiming in excess of a fraction of $10,000 in damages in this case thus remain unrefuted.

  Handshoe focuses solely on the issue of the valuation of a chose-in-action, citing inapposite tax court cases. As is his usual practice, Plaintiff also makes irrelevant and/or scandalous accusations.

  The issue here is Plaintiff being held responsible—through waiver or estoppel, principles of good faith, and the values underlying Fed.R.Civ.P. 11--for his signed and sworn representations to courts, including this Court, regarding the value he personally had previously represented as the value of damages in this proceeding, not any value for tax purposes.[1] A perhaps deeper issue is a pattern of

---

[1] "Judicial estoppel is applied to the calculated assertion of divergent sworn positions. *See Johnson Service Co. v. TransAmerica Insurance Co.*, 485 F.2d 164, 174 (5th Cir.1973). The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleadings." *American Nat. Bank v. Federal Dep. Ins. Corp.*, 710 F.2d 1528 (11th

1

Mr. Handshoe making tactical representations to various judges to suit his particular temporal and tactical needs. He has demonstrated that he plays fast and loose with the judicial machinery alongside a lack of any tendency for veracity.

As evidenced by his motion to the state court at issue here (ECF 159, 3), Handshoe addressed the value not only of two chose-in-actions, but also the value of his two limited liability companies, giving an aggregate value of less than ten thousand dollars to all four proprietary assets *combined* when addressing the state court. Yet at the same time, Mr. Handshoe was seeking in excess of $180,000 in damages this case, which was one of the chose-in-actions referred to in his motion to Hancock County Circuit Court. Defendant relied on his pleading of damages.

In addition, Handshoe argues in his reply brief that he "properly valued his chose-in-actions at under $10,000" in yet this valuation, represented in signed submissions to the Mississippi state court, included not only the value of this case, but also the value of his accounting practice PLLC, his Slabbed New Media LLC, and his state court RICO lawsuit where he claims over $2,400,000 in damages.

On September 28, 2017, Defendant received the transcript of the deposition of Mr. Handshoe that took place at Hancock County Circuit Court on August 14, 2017. In this sworn testimony, Handshoe has stated that in 2015 his PLLC paid him over $60,000, paid all expenses of maintaining and improving the property he now claims as his homestead, and that there "was a pretty good sized income in the CPA practice" that year. (Handshoe states his 2016 tax returns were "on extension" as of August 14, 2017). Please see Exhibit "A". In 2015, the PLLC also paid one employee around $43,000

---

Cir. 1983). ""[T]he Supreme Court has refused to establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel...." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir.2011) (en banc) (internal quotation marks omitted); *see also* Wright & Miller, Preclusion of Inconsistent Positions—Judicial Estoppel, 18B Fed. Prac. & Proc. Juris. § 4477 (2d ed.2015) ("[Courts focus on] whether allowing a party to take seemingly inconsistent positions in separate actions would enable the party to gain an unfair advantage, or to impose an unfair disadvantage on its new adversary."); 18 James Wm. Moore et al., Moore's Federal Practice § 134.31 at 73 (3d ed.2011)" ("[The doctrine] should be applied flexibly, with an intent to achieve substantial justice."). *US ex rel. Long v. GSDMIdea City, LLC*, 798 F.3d 265 (5th Cir. 2015). Likewise, "claims of damages far in excess of the injuries [...] suffered are not entirely irrelevant to determining whether [...] litigation was vexatious." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007).

or $44,000 in salary, according to Handshoe. Notably, that long-term employee also found the PLLC to be valuable enough to buy a 30% equity stake in it in late 2016, according to Handshoe's testimony. (Exhibit "A"). In yet, Handshoe swore to Hancock County Circuit Court the value of the PLLC was a mere fraction of $10,000.00.

Handshoe also testified and provided evidence that Slabbed New Media, LLC, is the owner of a $48,000 judgment debt, which is the attorney's fee award judgment ordered by this Court in case 12-cv-90 in December, 2013 (12-cv-90, ECF 56). That judgment debt was originally owned by Plaintiff Handshoe personally. Handshoe transferred the entirety of the debt to Slabbed New Media, LLC in January, 2015 (see exhibit to deposition transcript) and was indemnified in that amount.[2] In addition, Handshoe testified that the value of the Slabbed web site owned by Slabbed New Media was $4500.00.

As already indicated in Defendant's original brief, after removal from this Court, Handshoe amended his lawsuit against Aaron Broussard et. al. to claim damages of over $2 million.

Handshoe also testified that as he was engaged in this case and others in this court, he was taking steps for "asset protection." It is common ground that Defendant Leary, former Defendant Perret, and Trout Point Lodge have had a $180,000 money judgment against Handshoe since February

---

2 Remarkably, Plaintiff filed a motion with this Court in case 12-cv-90 on August 17, 2016, seeking compulsory process, an order that Leary and his fellow plaintiffs appear for a judgment debtor examination in Gulfport. Handshoe (mis)represented to this Court in the signed motion that "Mover is the judgment creditor of debtors" (12-cv-90, ECF 77, page 1). Leary and his fellow plaintiffs received no notice of the motion. At that time, according to Handshoe's testimony, Slabbed New Media owned the debt. Handshoe was also simultaneously representing to Judge Samson in the U.S. Bankruptcy Court for this district that the same judgment debt belonged to Slabbed New Media, LLC as an asset in bankruptcy; an automatic stay was in place. "When a debtor files for bankruptcy protection, an automatic stay is imposed against, *inter alia,* "any act to obtain possession of property of the estate.""*In re Duplitronics, Inc.*, 183 B.R. 1010 (Bankr. N.D. Ill. 1995). See also *In re Slabbed New Media, LLC*, 557 B.R. 911 (Bankr. S.D. Miss. 2016). Handshoe then used Leary's non-appearance for the judgment debtor examination to impugn Leary's character and prejudice other court's against him in signed pleadings, including in the Hancock County Circuit Court case executing on the Canadian judgment for copyright infringement. In that case a filing made by Mr. Handshoe via his attorney Gerald Cruthird on November 28, 2016, which was passed onto Leary on November 29, 2016, Handshoe told the Circuit Court that Leary and his fellow plaintiffs "are soon to be subject to Contempt of Court for their failure to appear as ordered" by this court (Exhibit "B" "Defendant's Motion to Strike Affidavit of Charles Leary"). This has gone to the extent of Handshoe using the contempt powers of this court as an (illegally obtained) coercive tool to defeat Leary and his fellow plaintiffs' efforts at execution on their valid judgment, an argument Handshoe now parrots to this Court in this case. "The use of a motion for contempt as a negotiating tool, or to threaten and intimidate [...] constitutes an abuse of the process of this court which cannot be tolerated." *MTR PHOTOSOUND v. Gourdine*, 126 Misc. 2d 495, 482 N.Y.S.2d 993 (Sup. Ct. 1984).

14, 2014.

Defendant also suggests that the difference between over $180,000, as represented to this court to gain an advantage, and a fraction of $10,000, as represented to the state court to avoid execution on a judgment, is so ludicrous as to defy reason.

Defendant Leary again prays that this court find Mr. Handshoe has waived or should be estopped from claiming more than $2500 in damages in this case, or a lesser amount the court finds just given the circumstances. Defendant also prays for any other relief the court finds just.

RESPECTFULLY SUBMITTED THIS 5TH DAY OF OCTOBER, 2017

Charles L. Leary
appearing *pro se*

140 Trout Point Road
E. Kemptville, Nova Scotia B5A 5X9
Tel. 902-482-8360
Fax. 800-980-0713
foodvacation@gmail.com