IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| VAUGHN PERRET | ) | |
| CHARLES LEARY | ) | PLAINTIFFS |
| TROUT POINT LODGE, LTD, A Nova | ) | |
| Scotia Limited Company | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-0458 |
| | ) | |
| DOUGLAS HANDSHOE | ) | DEFENDANT |

**DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF CHARLES LEARY DATED AUGUST 12, 2015 SUBMITTED IN SUPPORT PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS SUPPLEMENTAL MOTION TO STRIKE FOREIGN JUDGMENT**

**NOW INTO COURT** through undersigned Counsel comes Douglas Handshoe under Mississippi Rule of Civil Procedure 12(f) and files this Motion to Strike Affidavit of Charles Leary dated August 12, 2015 and states as follows:

### BACKGROUND

Rule 12(f) provides that "upon motion made by a party within thirty days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The issue to be decided being whether the allegation is prejudicial to the adverse party.[1]

Plaintiff's Response in Opposition to Defendant's Supplemental Motion to Strike Foreign Judgment alleges that Defendant attempts to "mislead this Court"[2] further alleging that the Defendant filed motions with the Canadian Court outside of his limited appearance to challenge the jurisdiction of the Canadian Court, which was never heard after Plaintiffs Amended their Application in Court for Copyright Infringement to a Civil Action for Defamation and lists on Page 6 of their opposition a litany of filings which Plaintiff's purport to be outside of Defendant's

FILED
NOV 28 2016
KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY _____ D.C.

---

[1] Advisory committee notes on Rule 12(f)
[2] Page 5, paragraph 1

1

EXHIBIT B

jurisdictional challenge.[3] However it is the Plaintiffs that attempt to mislead this Honorable Court by misrepresenting these legal filings, which relate to collateral challenges that Plaintiffs made to Defendant's attempt to get a simple hearing before the Canadian court to determine the issue of whether the Canadian Courts had jurisdiction to hear complaints over US Copyrights that were all previously subjected to Takedown Notices clearly sent under United States Law.[4] After Defendant ultimately defeated Plaintiffs' attempts to prevent a hearing on his jurisdictional challenge[5] they moved to amend their Application in Court (Nova Scotia Civil Procedure Rule 5) to an action under Nova Scotia Civil Procedure Rule 4 to include numerous Defamation counts Plaintiffs claimed were factually inseparable from their earlier claims of Copyright Infringement. Further, in an order dated July 22, 2013[6] the Nova Scotia court states, "Therefore, the issue of striking portions of that is deferred until it is determined whether this Court has **jurisdiction**".[7] Today, Plaintiffs attempt to frame Defendant's reply brief to their Canadian Motion to Strike the Affidavit supporting Defendant's first jurisdictional challenge dated May 17, 2013 as an action outside of his limited appearance before the Canadian Court. This is nothing more than fanciful spin not supported by the

---

[3] Notably, Plaintiff's Affidavit does not exhibit the Notice of Contest which Plaintiffs allege is a "general defense/denial of all issues" instead referring to a letter from the Nova Scotia courts dated April 22, 2013 referencing a 12(b)(2) Motion (Jurisdictional challenge under US Law) the Canadian Courts refused to hear despite the fact the subject matter was clearly United States DMCA Takedown Notices. Defendant attaches his file copy of the May 17, 2013 pleading as Exhibit 1 in the accompanying affidavit. Defendant will produce a court stamped copy of same for the hearing on this Motion.
[4] See also, memorandum of Justice Muise dated June 20, 2013 attached as Exhibit 2
[5] See the revised Motion to Dismiss under Rule 5.10 dated July 22, 2013 at Exhibit 3, which relied only on the glaring inconsistencies in Plaintiff's Amended Application in Court and their own self-contradictory affidavits concerning United States Copyright matters thus settling the matter of his appearance before the Canadian Courts as well as their Motions to Strike the Affidavit supporting the Jurisdictional challenge dated May 17, 2013.
[6] Original order of the Canadian Court dated July 22, 2013 attached as Exhibit 4 in the accompanying Affidavit in Support of this Motion to Strike.
[7] See also, original order of the Canadian Court dated August 6, 2013 for the order converting the "Application in Court" to an "action" at Exhibit 5 to the accompanying Affidavit in Support of this Motion to Strike. The related Amended Statement of Claim for Defamation dated September 30, 2013 was previously furnished to this Honorable Court via affidavit dated September 5, 2016 as Exhibit 4.

court record and any inferences drawn by Plaintiffs from their reference to the first Rule 5.10 jurisdictional challenge is hearsay, not supported by the Leary affidavit and must be struck.[8]

Finally, Plaintiffs' attached as an exhibit, an incomplete Nova Scotia Civil Procedure Rule 13 Notice of Motion, which was rejected by the Prothonotary and returned to the Defendant, at Plaintiff's insistence, as further evidence Defendant availed himself of the Nova Scotia Court's jurisdiction. However, a look at the complete court filing chain[9] indicates that not only was the Rule 13 Motion returned to Defendant, Plaintiff Leary, in written communications to the Nova Scotia Court Prothonotary then agreed with Defendant's assertion that he defaulted in the Nova Scotia Rule 4 Civil Action based upon the September 30, 2013 Amended Statement of Claim, which was attached to Defendant's Affidavit in Support of his Motion to Strike Foreign Judgment at Exhibit 4. Further and most important, Plaintiff Charles Leary gratuitously pointed out to the Nova Scotia Court that a jurisdictional challenge to the Amended Statement of Claim for Defamation was never filed or scheduled by the Nova Scotia Courts (thus preserving the issue for this Honorable Court).

It is worth noting that it was the actions of the Plaintiffs in Canada that prevented the Canadian Court from making a jurisdictional determination to the original and Amended "Applications in Court" as well as the Rule 13 Motion filed November 26, 2013, which was returned to Defendant by the Prothonotary at Plaintiffs' insistence. Their attempts to project their own actions onto the Defendant are revealed as nothing more than a house of cards in light of the actual court record.

Finally and conclusively, while the nonresident Plaintiffs attempt to gain comity for their Copyright Judgment with this Honorable Court, they refuse to discharge their legal responsibilities to the Honorable United States District Court for the Southern District of Mississippi and are soon to be subject to Contempt of Court for their failure to appear as ordered by the Judge Louis Guirola.

---

[8] Plaintiff's response, Page 5, second paragraph.
[9] Attached to the Accompanying Affidavit in Support of this Motion as Exhibit 6

The Plaintiffs' attempt to selectively obtain the benefit of the Mississippi Courts while roundly ignoring their responsibilities to those same Courts is both glaring and contemptuous.[10]

## PRAYER FOR RELIEF

Therefore the Defendant prays this Court compel Charles Leary to appear before it to be cross-examined on his Affidavit dated August 12, 2015 pursuant to the Mississippi Rules of Evidence and that after a hearing on this Motion to Strike and consideration of the actual Canadian Court Record, order the Leary Affidavit dated August 12, 2015 struck from the record as redundant, immaterial and impertinent.

Respectfully submitted this 28th day of November, 2016,

G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
Mississippi Bar No. 7920

---

[10] Minute Entry of the Plaintiffs failure to appear for their Judgment Debtor Examination is attached to the Accompanying Affidavit as Exhibit 7

4

## CERTIFICATE OF SERVICE

I, G. Gerald Cruthird, do hereby certify that I have sent a true and correct copy of the foregoing Finding of Facts and Opinion to Strike Foreign Judgment to the following via US mail:

Jason B. Purvis, Esq.
Purvis & Co., PLLC
14110 Airport Road, Suite A
Gulfport, MS 39503
Telephone: (228) 206-7174
*Attorney for Plaintiffs*

Respectfully submitted this 28th day of November, 2016,

_____
G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
Mississippi Bar No. 7920