```
http://www.youtube.com/yt/copyright/copyright-complaint.html        Go    JAN   MAR      ⓘ ✕
360 captures                                                          ◀ 13 ▶           f  y
24 Jan 2013 – 12 Aug 2017                                           2013       201 ▼ About this capture
```

About   Press   Copyright   Safety   Creators   Advertise   Developers   Help

**COPYRIGHT CENTER**

**Tools for content owners**

**Copyright infringement notifications**

Counter-notifications

Retractions

Content ID disputes

**Copyright troubleshooting**

Determine what happened to your video

Copyright Strike Basics

How Content ID Works

Features requiring good copyright standing

Check your Account Status

**Copyright education**

What is copyright?

What is fair use?

Creative commons

Copyright FAQ

## Copyright Infringement Notification Basics

If you believe your copyright-protected work was posted on YouTube without authorization, you may submit a copyright infringement notification. These requests should only be submitted by the copyright owner or an agent authorized to act on the owner's behalf.

**The fastest and easiest way to notify YouTube of alleged copyright infringement is via our webform:**

> **Submit a copyright complaint**

If you choose to request removal of content by submitting an infringement notification, please remember that you are initiating a legal process. **Do not make false claims.** Misuse of this process may result in the suspension of your account or other legal consequences.

If you are a company and own exclusive rights to a large amount of content that requires regular online rights administration, you may want to apply for access to YouTube's Content ID system or to our Content Verification Program.

We will also accept free-form copyright infringement notifications, submitted by email, fax and mail.

 Language: English

About   Press   Copyright   Creators   Advertise   Developers   Help

Terms   Policy and Safety   Privacy   Try something new!

Ex. A

2017-09-29, 5:10 pm

Copyright Infringement Notification - YouTube

https://www.youtube.com/copyright_complaint_form

CA

Search

17

## Copyright Infringement Notification

**What is the issue?**

- ○ Inappropriate content (Nudity, violence, etc.)
- ○ I appear in this video without permission
- ○ Abuse/Harassment (Someone is attacking me)
- ○ Privacy (Someone is using my image)
- ○ Trademark infringement (Someone is using my trademark)
- ◉ Copyright infringement (Someone copied my creation)
- ○ Other legal issue (including the circumvention of technological measures, such as providing keygens or serial numbers)

**Copyright infringement - Who is affected?**

- ○ I am!
- ◉ My company, organization, or client
- ○ Another copyright owner

**Videos to be removed**

- URL of allegedly infringing video to be removed:

Describe the work allegedly infringed:
- Please select one:

[+ Add another video]

To submit a copyright infringement notification, please complete the following required fields.

**Tell us about yourself**

- Copyright Owner Name (Company Name):
The copyright owner name will be published on YouTube in place of disabled content. This will become part of the public record of your request, along with your description(s) of the work(s) allegedly infringed. All other information, including your full legal name and email address, are part of the full takedown notice, which may be provided to the uploader.

- Your Title or Job Position (What is your authority to make this complaint?):

Primary Email Address: *foodvacation@gmail.com*

Secondary Email Address:

We may email you about your takedown request if additional information is required. You may wish to provide an alternative email address where we can reach you, for example, if you don't frequently check the email address associated with your account.

- Your Full Legal Name (A first and a last name, not a company name):

- Street Address:

- City:

- State/Province:        - ZIP/Postal Code:

- Country:
  Canada

- Phone:        Fax:

By checking the following boxes, I, in good faith, state that:

- ☐ I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
- ☐ I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
- ☐ This notification is accurate.
- ☐ I acknowledge that there may be adverse legal consequences for making false or bad faith allegations of copyright infringement by using this process.
- ☐ I understand that abuse of this tool will result in termination of my YouTube account.

Typing your full name in this box will act as your digital signature.
-

[Submit Complaint]

Copyright Infringement Notification - YouTube                    https://www.youtube.com/copyright_complaint_form

| Language: English ▼ | Content location: Canada ▼ | Restricted Mode: Off ▼ | History | Help |

About   Press   Copyright   Creators   Advertise   Developers   +YouTube

Terms   Privacy   Policy & Safety   Send feedback   Test new features

2017-09-29, 5:19 pm

 **Gmail**

**Foodvacation Canada <foodvacation@gmail.com>**

## Re: [0-8275000002866] New YouTube Copyright Complaint Submission

**YouTube** <copyright@youtube.com>                                Tue, Feb 18, 2014 at 7:44 PM
To: foodvacation@gmail.com



Hi foodvacation@gmail.com,

Thank you for your notification. It appears you have made a claim on behalf of a corporation, but have not written from a corporate email address. In order to prevent fraud, we need to ask you for more information.

Please help us verify that you are affiliated with the corporate entity listed as the copyright owner in your notice. For example, you may forward this message to your corporate email address and then re-forward to copyright@youtube.com, preserving the ticket number in the subject line. Alternatively, you may wish to provide a publicly listed telephone number for your company on which we may contact you directly. If neither of these options is applicable to you, please provide an explanation.

Please understand that the content will remain live on the site until we have received this verification and that abuse of the copyright notification process will result in the termination of your YouTube account. Under DMCA Section 512(f), any person who knowingly materially misrepresents that material or activity is infringing may be liable for damages.

- The YouTube Team
Here is the information you filled in:
Copyright Owner Name (Company Name if applicable): Trout Point Lodge, Limited
Your Full Legal Name (Aliases, usernames or initials not accepted): Charles Leary
Your Title or Job Position (What is your authority to make this complaint?): Director
Address:
189 Trout Point Road
East Kemptville, Nova Scotia B5A5X9
CA
Username: foodvacation@gmail.com
Email Address: foodvacation@gmail.com
Phone: 902-761-2142
URL of allegedly infringing video to be removed: http://www.youtube.com/watch?v=M_pc4bjaLno
Describe the work allegedly infringed: My company, organisation or client's artwork
* Title of artwork: Charles Leary & Vaughn Perret with dog
* Type of artwork: Photo
* Where does the content appear? Time stamps: 2:34 to 2:39
Country where copyright applies: CA

*Ex. B*

Case 1:15-cv-00382-HSO-JCG  Document 171-1  Filed 10/10/17  Page 5 of 33

I, in good faith, state that:
* I am the owner or an agent authorised to act on behalf of the owner of an exclusive right that has allegedly been infringed.
* I have a good faith belief that the use of the material in the manner reported by complaint is not authorised by the copyright owner, its agent or the law; and
* This notification is accurate.
* I acknowledge that there may be adverse legal consequences for making false or bad-faith allegations of copyright infringement by using this process.
* I understand that abuse of this tool will result in termination of my YouTube account.
Authorised Signature: Charles Leary

Help centre • Email options • Report spam

©2014 YouTube, LLC 901 Cherry Ave, San Bruno, CA 94066



**Foodvacation Canada <foodvacation@gmail.com>**

## Re: [1-9100000004085] New Copyright Counter-Notification

**copyright@youtube.com** <copyright@youtube.com>                    Wed, Aug 6, 2014 at 2:45 PM
To: foodvacation Canada <foodvacation@gmail.com>

Hello,

This content has been blocked and is no longer viewable in Canada. It remains live in all other locations
unless restricted by the uploader.

Regards,

The YouTube Copyright Team

[Quoted text hidden]
  [Quoted text hidden]
  --

Ex. C

SLABBED NEW MEDIA, LLC

The
Alternative
New Media
for the Gulf
South

**VIA EMAIL to copyright@amazon.com**

January 25, 2016

Amazon Web Services, Copyright Agent
Amazon.com Legal Department
410 Terry Avenue North
Seattle, WA 98109-5210

RE:     AMW Notice #17352696474
        Instance Id: i-02c4a7c7
        IP Address: 54.200.139.248
        DMCA Counter notification for mistaken removal

Dear Sir or Madam:

Please find attached to this letter a list of material removed pursuant to 17 U.S.C. Section 512. This material was removed or disabled in error as a result of misidentification of the material as infringing. I declare that this is true and accurate under penalty of perjury under the laws of the United States of America.

For the purposes of this matter, I consent to the jurisdiction of the Federal District Court for the judicial district in which I reside which is the United States District Court for the Southern District of Mississippi, Southern Division. I also consent to service of process by the person providing notification under Section 512(c)(1)(C) or that person's agent for any action brought in that jurisdiction related to this 17 U.S.C. Sec. 512(g)(3) counter notification.

However, by this letter, I do not waive any other rights, including the ability to pursue a legal action against Charles Leary and Torstar Corp. for the wrongful removal or disabling of access to this material.

Having complied with the requirements of Section 512(g)(3), I will replace the blocked or removed material and cease disabling access to it on February 9, 2016 unless I am notified Mr. Leary, Mr. Perret or Torstar Corp files an action under 17 U.S.C. Section 512 in the US District Court for the Southern District of Mississippi. I will confirm for you when the material in question has been restored.

I appreciate your prompt attention to this matter. If you have any questions about this notice, please do not hesitate to contact me.

Sincerely,

Douglas Handshoe
Slabbed New Media, LLC
Post Office Box 788
Wiggins, MS 39577
(601) 928-5380

Ex. D

**AWS DMCA Notice #17352696474**
**DMCA COUNTER NOTIFICATION FOR MISTAKEN REMOVAL**
**LIST OF MATERIAL REMOVED FROM SLABBED NEW MEDIA WEBSITE UNTIL FEBRUARY 9, 2016**

Files:
http://slabbed.org/wp-content/uploads/2012/01/trout-point-lodge.jpg

Posts which contain an inline link to a Torstar Corp. image, on whose behalf Leary swore he was acting:

http://slabbed.org/2012/12/04/wash-rinse-repeat-aaron-broussards-former-property-managers-in-canada-again-sue-slabbed-for-defamation-in-nova-scotia/

Please note the following items listed as infringing on the Slabbed New Media website by Leary have never appeared on the website as follows:

http://slabbed.org/wp-content/uploads/2012/01/trout-point-lodge-350x198.jpg%2C

http://slabbed.org/wp-content/uploads/2012/01/trout-point-lodge-300x199.jpg%2C

Ex. E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, ASHOKA, XYZ
FOUNDATION & JOHN DOES 1-50                                        DEFENDANTS


**ANSWER, DEFENSES, AND COUNTERCLAIMS OF CHARLES LEARY IN ANSWER TO
DOUGLAS HANDSHOE'S THIRD AMENDED COMPLAINT FOR DAMAGES,
DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Charles L. Leary ("Leary"), appearing *pro se*, responds to Plaintiff's Third Amended

Complaint for Damages, Declaratory and Injunctive Relief ("Complaint"), as follows, and also

counterclaims against Douglas Handshoe ("Handshoe") as follows. As all remaining counts against

Leary except for Count 5 have been dismissed, Defendant and Plaintiff by Counterclaim Leary will

only address facts and allegations Handshoe claims are relevant to Count 5.


**Answer & Defence**

**General Answers & Denials**

1. Defendant and Plaintiff by Counterclaim Leary denies any involvement in libel terrorism or any

   attempt to suppress reporting on any matter of public interest, including an alleged "massive

1

political corruption scandal" involving the former President of Jefferson Parish. Leary denies being an "unindicted criminal co-conspirator" in any criminal activity or any conspiracy as claimed by Handshoe. Leary says such allegations are irrelevant to any causes of action claimed by Handshoe and that these inflammatory allegations were placed in the Third Amended Complaint and all previous complaints to embarrass and prejudice the Defendants, including prominently Leary.

2.  Leary denies Handshoe is a journalist, journalistic editor or publisher, or is engaged in any legitimate journalistic endeavor with respect to Leary and his business interests.

3.  On the contrary, two appellate courts in Louisiana have found Handshoe's blog Slabbed to have been engaged in related blogging activities that are not on matters of public interest, including blogging about a now-dismissed defendant in this case and Leary's former civil process server Chris Yount. This included Handshoe having published and distributed private information and a pornographic drawing from Yount's family court files as "clickbait" on the internet in a manner that defamed or invaded the privacy of others, according to the Louisiana court, a decision Handshoe did not appeal.

4.  Handshoe has also been found by this Court to have engaged in an "internet campaign" to damage Leary and his business, after Advance Publications caused the takedown of his web site in April, 2011, when a DMCA notice was filed by that third party with his web host, which event related to Handshoe's alleged infringing use of copyrighted material belonging to Advance Publications's newspaper the *Times-Picayune* on his blog Slabbed. This enraged Handshoe, who has been on his campaign to damage ever since.

5.  Leary denies being an intellectual property expert, a lawyer, or to having used a lawyer to

submit notices of copyright infringement under the Digital Millennium Copyright Act

("DMCA"), as claimed by Handshoe.

6.  Charles Leary denies being domiciled at Trout Point Lodge, 189 Trout Point Road, but admits

to being a United States citizen living in Nova Scotia, Canada. Charles Leary is an author,

former asst. professor of history at Tulane University who received his doctorate from Cornell

University, and currently a managing director of Trout Point Lodge, Limited.

7.  Leary denies to "doing business as" Trout Point Lodge, and to the extent that any of Handshoe's

allegations or causes of action in this case rely on Leary "doing business as" Trout Point Lodge

those allegations have no legal foundation.

8.  Heretofore, the Plaintiff has published his allegations, including his false and unsubstantiated

allegations of criminal conduct, contained in the original Complaint in this case to third parties

outside the context of this legal proceeding, and heretofore this Court has found Handshoe has

published material on his blog about Leary that is mean spirited, sexist, and homophobic, and

the United States Court of Appeals for the Fifth Circuit has described anti-homosexual

statements published by Handshoe as grotesque, this indicates his personal animus against

Leary, who is gay, and other persons whom he also claimed were homosexuals, whom he has

publicly described collectively as "cockroaches." Such statements and unsubstantiated criminal

allegations on the public record of this District Court, and published via a press release and on

the Internet, bespeak both a general and a specific animus and malice on the part of Plaintiff

Handshoe based on irreal and irrational thoughts, beliefs, and biases.

**Specific Answers, Defences, and Affirmative Defences**

9.  In serving Leary, including Leary d/b/a/ Trout Point Lodge, the Plaintiff has not complied with

the process requirements of the treaty law extant between the Commonwealth of Canada and

3

the United States of America, more particularly *The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*. All process which Plaintiff attempted in Nova Scotia was not authorized and was invalid.

10. The allegations in paragraph 67 of the 3rd Amended Complaint are denied. Defendant Leary, acting as a director and officer of Trout Point Lodge, Limited, used a uniform YouTube webform made available by YouTube for use internationally, including in Canada, to complain of copyright infringement violating Canadian law, specifically the Canadian *Copyright Act*, which is territorial in nature. The webform was not identified by YouTube as a notification under 17 U.S.C. 512 nor did it refer to American law (see Exhibit "A" webform).

11. The submission to YouTube on February 15, 2014, did not include any attachments such as a Canadian injunction. This is denied. (Exhibit "B" email from YouTube).

12. Leary specifically indicated on the webform that the jurisdiction involved was Canada. In addition, the infringement notice did not "claim ownership of a parody created and owned by Slabbed New Media" as claimed by Plaintiff. Leary denies claiming ownership of the video in any DMCA notice.

13. The notice identified precisely, using time measures in units of seconds, where in the video the infringing copyrighted work(s) appeared and did not refer to the entire video. That is "time stamps: 2:34 to 2:39," 5 seconds (Exhibit "B"). This was identification of the material that was claimed to be infringing and that was to be removed or access to which was to be disabled, in conformity with 17 U.S.C. 512 (c)(3), and if the entire video was removed that was not the fault of Leary but of YouTube or Handshoe himself. Handshoe has sued the wrong parties.

14. The notice was submitted one day after Nova Scotia Supreme Court found the defendants

4

Leary, Perret, and Trout Point Lodge possessed valid copyright in the creative works used and published without permission by the Plaintiff in the commercial video he posted to YouTube. This formed a basis for Leary's good faith belief that Handshoe was infringing.

15. The allegations in paragraph 68 of the Third Amended Complaint are denied. YouTube did not rely on the uniform webform notice or any DMCA notice, but rather relied on subsequent communication with Leary and Trout Point Lodge as well as Canadian law in deciding what to do with the video.

16. To the extent that Handshoe has claimed he disabled the YouTube video, as stated in the Third Amended Complaint at paragraph 145, Leary says this is not actionable under 17 U.S.C. § 512. Under that statute a § 512(f) plaintiff's damages must be proximately caused by the misrepresentation to the service provider and the service provider's reliance on the misrepresentation. The statute is unambiguous in only entitling an alleged infringer to damages caused "as the result of the service provider ... removing or disabling access to the material...." 17 U.S.C. § 512(c).

17. Leary also denies any removal of the video under United States law or jurisdiction. According to YouTube's response involving Handshoe's deceitful counter notification, access to the YouTube video was not disabled in the United States, but only in Canada (see Exhibit "C").

18. Handshoe's claim is not allowed under the principle of extraterritoriality, and the territorial nature of copyright law.

19. The allegations in Count 5 of the 3rd Amended Complaint are denied. In particular, the video created by Plaintiff infringed copyrights in creative works (photographs) not belonging to Plaintiff and which he had no permission to use.

5

20. Leary denies that any use of the copyrighted material by Handshoe constituted fair use.
Plaintiff's use was commercial, for the benefit and profit of Slabbed New Media, LLC. The
video used the entirety of the creative work. Plaintiff was not parodying the work being
infringed, and it is the law of the United States under *Campbell v. Acuff-Rose Music, Inc.,* 510
U.S. 569, 577, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994) that fair use parody must have a
transformative effect on the original work. Handshoe did not transform the infringed work at
all. If the video itself constitutes a parody, which is denied, then the parody was of third
persons, not of the original creative work.

21. Defendant Leary, acting solely as director and officer of Trout Point Lodge, Limited, had a
subjective, good faith belief that the use of the material by Plaintiff constituted copyright
infringement at the moment he filled out the uniform YouTube webform and sent it to YouTube
from Canada. This good faith belief included reliance on a judicial decision of Nova Scotia
Supreme Court and Leary's belief the video was commercial and did not transform the original
work in any way, shape, or form.

22. Leary denies that either Leary or Trout Point Lodge knowingly misrepresented that the material
commercially used in its entirety in the video created by Plaintiff violated copyright or United
States copyright laws. Foreign works are protected under United States copyright laws. 17
U.S.C. § 411; *Berne Convention for the Protection of Literary and Artistic Works; Berne
Convention Implementation Act* of 1988.

23. The allegations in paragraph 145 of the Third Amended Complaint are denied. United States
courts have never found the permanent injunction from Nova Scotia Supreme Court
unenforceable as that issue has never been before United States courts. In addition, the
injunction was never supplied to YouTube on February 15, 2014, as claimed by Handshoe. The

6

Defendant also denies that Plaintiff suffered any damages as a result of Leary filling out the uniform international YouTube webform. In addition, neither Defendant Leary nor the entity he was acting for is a state actor and therefore cannot violate Plaintiff's First Amendment rights.

24. Plaintiff Handshoe states contradictory facts in the Third Amended Complaint, and thus fails to state a claim on which relief can be granted. It cannot be simultaneously true that YouTube required Plaintiff to disable access to the video and that YouTube disabled the posts containing the media identified in the notice. In addition it cannot be simultaneously true that United States courts had found a Nova Scotia Supreme Court injunction unenforceable as stated in paragraph 145 of the Third Amended Complaint and that "Trout Point does not seek to enforce the injunction" as stated in paragraph 62, quoting the decision of the U.S. Court of Appeals for the Fifth Circuit.

25. The United States Court of Appeals has now so ruled in No. 13-60002 that this District Court may take judicial notice of this Plaintiff's website's content and of juridical filings by Plaintiff in this and other jurisdictions in the context of proceedings upon, inter alia, the First Defense. Plaintiff is estopped to deny the contents of any of same.

26. Plaintiff has sustained no cognizable or non-cognizable direct loss or injury to himself.

27. No such "injury" as Handshoe alleged is cognizable in the context Plaintiff has alleged.

28. Any alleged injury or loss which the Plaintiff claims he has sustained from having to respond to a copyright infringement notice falls within the ambit of the doctrine of *de minimus non curat lex*.

29. Plaintiff has failed to mitigate, or avoid entirely, any alleged direct loss or injury he has claimed conclusorily.

7

30. The injuries and damages, if any, sustained by Plaintiff resulted in whole or in part from his own culpable conduct, intentional acts, contributory or comparative negligence, assumption of risk and want of care. Accordingly, any damages recovered should be reduced and/or barred in accordance with the applicable law.

31. Defendant avers that this action was filed *pro se* and filed in violation of Fed. R. Civ. P. 11 and that it is also violative of the Mississippi Litigation Accountability Act. Moreover, the filing and the maintenance of this civil action was intended to vex the Defendant and Plaintiff's actions since the filing of it unlawfully multiplied these proceedings.

32. Leary asserts the provisions of all applicable statutory caps on damages of any sort, including compensatory, punitive, non-economic or exemplary damages, under applicable regulations and/or laws.

33. The Complaint fails to plead a claim or claims with requisite specificity against Leary.

34. Leary reserves the right to amend his Answer and Defenses to assert additional defenses, cross-claims, counterclaims and other claims and defenses as deemed appropriate.

35. In response to Plaintiff's "Prayer for Relief," Leary denies that Plaintiff is entitled to any recovery or any form of relief.

**COUNTERCLAIMS OF CHARLES LEARY AGAINST DOUGLAS HANDSHOE**

**Facts Underlying Abuse of Process, Fraud, Fraud on the Court, Malicious Prosecution, and Intentional Misrepresentation or Deceit**

1. The following chronological facts are relevant to fraud, malicious prosecution, and abuse of process:

2. During 2013, Handshoe made general appearances in case no. 411345 in the Supreme Court of

8

Nova Scotia, originally filed as an Application in Court for copyright infringement in January of that year.

3. On May 17, 2013, Handshoe filed suit in defamation in Hancock County Circuit Court cause no. 13-0175 against Michael Coyle, a Nova Scotia attorney and legal commentator who had published legal commentary on a judicial decision, Trout Point Lodge Ltd. v. Handshoe, 2012 NSSC 245. Handshoe subsequently had Coyle noted in default.

4. After Handshoe tried to file a motion with the Canadian court in case 411345 using the Federal Rules of Civil Procedure of the United States district courts, in April, 2013, that court instructed Handshoe to file a proper motion under the *Nova Scotia Civil Procedure Rules* by an extended deadline of May 24, 2013.

5. On May 21, 2013, Handshoe filed suit in Hancock County Circuit Court cause number 13-0186, against Leary, Vaughn Perret, Daniel Abel, Aaron Broussard, Chris Yount, Trout Point Lodge, and Nova Scotia Enterprises, LLC. That case was then removed by all defendants to the U.S. District Court for the Southern District of Mississippi. Handshoe had Broussard noted in default.

6. In affidavits filed in U.S. district court one month after removal of the case, Handshoe stated that his damages totaled $25,000. (No. 1: 13CV251-LG-JMR, ECF Nos. 19-1, 20-1, 24-1). In his brief concerning subject matter jurisdiction, Handshoe itemized those damages and specifically stated that the damages he sought at the time of removal totaled $25,000. He also submitted an affidavit in which he specifically disavowed his right to recover any damages in excess of $74,999.99 in that lawsuit.

7. On September 23, 2013, that case was remanded by this court to state court based on

9

Handshoe's representations and sworn evidence.

8.  On November 26, 2013, Handshoe filed a motion for summary judgment with Nova Scotia
    Supreme Court.

9.  On December 11, 2013, the United States District Court for the Southern District of Mississippi
    in case no. 1:2012-cv-00090 granted Handshoe's motion for attorney's fees under the SPEECH
    Act, awarding Handshoe $48,000 to be paid by Leary, Vaughn Perret, and Trout Point Lodge,
    Limited. Handshoe never made that judgment executory in any jurisdiction.

10. On February 14, 2014, Nova Scotia Supreme Court awarded damages of $180,000 for copyright
    infringement and $210,000 for defamation against Handshoe in favor of Leary, Vaughn Perret,
    and Trout Point Lodge. In February, Handshoe learned the Plaintiffs in that case were seeking
    to enroll the copyright infringement judgment in Mississippi.

11. On March 5, 2014, Handshoe transferred ownership in the $48,000 attorney's fee judgment debt
    to his Louisiana attorney Jack "Bobby" Truitt, who had appeared in the case *pro hac vice*. The
    transfer was done by instrument notarized in Mississippi and subsequently relied upon by Truitt
    in court pleadings in Louisiana.

12. On April 10, 2014, Handshoe filed suit in this court against Daniel Abel and Chris Yount.
    Yount was the civil process server used by Leary to serve Handshoe with civil process. Case
    no1:14-cv-00159-KS-MTP.

13. On October 8, 2014, Handshoe filed with this court a motion for writ of garnishment in case
    1:2012-cv-00090 and falsely represented to the court that he, not Truitt, owned the $48,000
    attorney's fee judgment.

14. On October 9, 2014, Handshoe purportedly emailed Truitt to purportedly "rescind" the previous

transfer of the debt to Truitt with no indication of valuable consideration.

15. On October 31, 2014, Handshoe filed an amended complaint in cause no. 13-0186 in Hancock
County Circuit Court, against Leary, Daniel Abel, Vaughn Perret, Trout Point Lodge, Limited,
Chris Yount, Aaron Broussard, and Nova Scotia Enterprises, L.L.C., and caused process to
issue, in which he claimed damages of $2,451,000.00. This contradicted his representations and
sworn promises to this court regarding the amount in controversy, as reported in *Handshoe v.
Broussard*, Cause No. 1: 13CV251-LG-JMR (S.D. Miss. Sept. 23, 2013).

16. On January 6, 2015, Handshoe executed an Assignment of Rights & Claims in which he
conveyed and transferred the entirety of the $48,000 attorney's fees judgment debt to Slabbed
New Media, LLC.

17. On February 13, 2015 Handshoe filed a defamation suit in Hancock County Circuit Court
agains the Halifax Chronicle-Herald newspaper, case no. 15-0062, over an article the
newspaper had published about the judicial decision Trout Point Lodge Ltd. v. Handshoe, 2014
NSSC 62. That case was removed to this court, case 1:15-cv-00106-LG-RHW and resolved out
of court.

18. On February 23, 2015, Handshoe filed a defamation suit in Hancock County Circuit Court, case
no. 15-0072, against the *Toronto Star* newspaper and journalist Peter Edwards, who had
published about the judicial decision Trout Point Lodge Ltd. v. Handshoe, 2014 NSSC 62. That
case was removed to this court, Case 1:15-cv-00113-KS-RHW, and ultimately dismissed.

19. On March 13, 2015, Handshoe filed an amended complaint naming not only Abel and Yount,
but also attorney and law clinic director Ramona Fernandez, law student Janey Lamar, and the
Stuart Smith Law Clinic of Loyola University of New Orleans in this court, case no1:14-cv-

11

00159-KS-MTP.

20. On June 16, 2015, Louisiana Court of Appeals for the Fifth Circuit denied Handshoe's motion for a rehearing of its decision *Yount v. Handshoe*, 171 So.3d 381, 387 (La.App. 5 Cir. 2015), which obligated Handshoe to pay mandatory attorney's fees under the Louisiana anti-SLAPP statute. That same day, via counsel Handshoe placed Slabbed New Media, LLC, a company of which he was the managing member, into Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Southern District of Mississippi. Handshoe signed and filed papers stating that the same $48,000 attorney's fee judgment debt was owned by Slabbed New Media, LLC, and was subject to the bankruptcy court's jurisdiction. An automatic stay issued and process was issued to Leary, Vaughn Perret, and Trout Point Lodge as purported judgment creditors.

21. Nearly simultaneously, Handshoe caused Slabbed New Media, LLC to file a reconventional demand in Louisiana's 24th Judicial District Court, Yount v Handshoe, case no. 736-680, stating that it had indemnified Handshoe for the $48,000 in attorney's fees, and that it owned the judgment debt, which it somehow claimed a right to recovery in that lawsuit involving Chris Yount.

22. On November 13, 2015, Hancock County Circuit Court dismissed *without prejudice* Leary, Vaughn Perret, and Trout Point Lodge's first enrolment of the Canadian Order for money damages for copyright infringement against Handshoe.

23. On November 16, 2015, Handshoe initiated the instant action, causing process to issue. On November 20, 2015, Handshoe issued a press release about this action and sent it along with a copy of the original Complaint in this case to, on information and belief, hundreds of persons, including mainstream media outlets in the United States and Canada. The press release and

12

complaint were actually published publicly on the "Jackson Jambalaya" web site in Mississippi as well as at URL http://documents.tips/documents/slabbed-press-release.html as late as July 16, 2016.

24. On January 6, 2016, Handshoe filed an amended complaint and caused process to issue in the U.S. District Court for the Southern District of Mississippi case no 1:14-cv-00159-KS-MTP Handshoe v. Abel. A summons was issued for Leary and Vaughn Perret. That amended complaint was dismissed *sua sponte* by the court.

25. On August 17, 2016, Defendant by counterclaim Handshoe and his attorney Jack "Bobby" Truitt filed a motion with the United States District Court for the Southern District of Mississippi in case no. 1:2012-cv-00090 without giving notice to the Plaintiffs in that case, including Leary, of the motion. Truitt appeared *pro hac vice* and yet the motion was not signed by any supervising attorney. Attorney of record for Leary and Trout Point Lodge, M. Judith Barnett told Leary in writing that she never received any notices or process in that case. The motion commenced a post-judgment supplementary proceeding in which process issued. This was during the pendency of the Slabbed bankruptcy. Handshoe filed the motion for the judgment debtor examination in his personal name, but did not inform the court of the transfer of the debt to Slabbed New Media, the bankruptcy proceeding, any indemnification, and the automatic stay. Failure to disclose a material fact may constitute a knowing misrepresentation.

26. Handshoe's motion was for an order scheduling a judgment debtor examination in Gulfport, Mississippi, for the Plaintiffs in that case, including Leary. The lack of notice to the Plaintiffs, including Leary, was intentional. At that time, Leary was on the docket of that case as *pro se* with his Canadian address on file. Handshoe and his attorney knew how to contact Leary and were in communication with him by telephone and email at that time regarding an appeal filed

13

July 22, 2016, in that case with the United States Court of Appeals for the Fifth Circuit.

27. Despite the fact that no notice was given to Leary and his fellow Plaintiff Perret, who were on the docket as *pro se*, Defendant by counterclaim Handshoe through his attorney Truitt filed a false certificate of service for that motion. This was fraud or intentional misrepresentation that injured Leary.

28. After the start of the supplementary proceeding in aid of execution of which Leary and his fellow plaintiffs had no authorized or proper notice, Leary communicated with the court to inform the court of what had occurred and copied that correspondence to Handshoe. The court responded to tell Leary how to order a transcript of the judgment debtor examination hearing.

29. On January 5, 2017, in Mississippi state court, Leary and his fellow plaintiffs prevailed over Handshoe's objections to the second enrolment and execution on the judgment of Nova Scotia Supreme Court against him for copyright infringement in Hancock County Circuit Court cause number 15-0458. All the time, Handshoe has continued to commercially publish the photographs belonging to Leary, Perret, and Trout Point Lodge in violation of United States and Canadian copyright law.

30. On May 15, 2017, Handshoe was personally served with a state court writ of execution relating to the copyright infringement judgment.

31. On May 16, 2017, Handshoe filed a motion in case 12-cv-90 for contempt and for a show cause order as to why the plaintiffs should not be held in contempt based on Leary and his fellow plaintiffs not appearing for the fraudulently-obtained judgment debtor examination in 2016.

32. Handshoe caused process to issue related to the show cause order.

33. On July 28, 2017, Handshoe filed a motion for a writ of execution in this court in case 12-cv-90

14

based on the $48,000 attorney's fee judgment, however Handshoe was no longer the judgment creditor.

34. On August 14, 2017, Handshoe was deposed. In that deposition Handshoe admitted to being indemnified for the $48,000 in attorney's fees and that Slabbed New Media, LLC had owned the judgment debt since January 6, 2015, up to the day of the deposition.

**Malicious Prosecution**

35. Handshoe filed four (4) complaints in this case, and it was at his insistence that Slabbed New Media filed a motion to intervene in this case. Slabbed and Handshoe share the same legal counsel. Plaintiff is a member or manager of, and operates, Slabbed. Handshoe has known or reasonably should have known of his lack of true interest in this case since the takedown notices were sent, or certainly by the date the original Complaint was filed on November 16, 2015.

36. Handshoe's motivation was malicious in that he had no foundation for bringing the action in his personal name, as evidenced by the Slabbed intervention, the fact that he never had standing, and his futile amendments over one year and a half, which damaged Leary substantially. His true purpose in the institution of this judicial proceeding, and the motion to intervene, was to coerce and inflict injury and embarrassment, and to vex Leary and his fellow defendants. Leary incurred tens of thousands of dollars in attorney's fees and legal costs. Handshoe had no probable cause to bring the lawsuit, as stated above.

37. Leary prevailed on all counts in this case save Count Five. Each of these counts was an instance of malicious prosecution by Handshoe.

**Fraud Including Fraud Upon the Court**

38. The fraudulent transfers of the $48,000 attorney's fee judgment debt caused injury to Leary,

15

including the costs of appearing in the bankruptcy proceeding when in fact Leary was not a judgment creditor of Slabbed New Media, LLC and the costs associated with extricating himself from the improperly obtained show cause order and the prior compulsory process, including attorney's fees and legal costs. Handshoe fraudulently represented to this court that he was still the judgment creditor when he knew that he was not the judgment creditor anymore, and had in fact been indemnified.

39. Leary acted to his detriment and incurred liability as a result of Handshoe's misrepresentations. Handshoe made false representations of material facts with knowledge of their falsity for the purpose of inducing the plaintiff and the court to act thereon. Leary and the court relied upon Handshoe's representations as true and acted upon them to Leary's damage. This included false certificates of service and acts of fraudulent omission in intentionally not informing this court of the true ownership of the $48,000 judgment debt and the bankruptcy.

40. There were instances of fraud in the bankruptcy court, in this court in case no. 1: 13-CV-251, and case no 1:12-cv-90.

**Abuse of Process**

41. Plaintiff, Defendant by Counterclaim, Douglas K. Handshoe used process issued in the State of Mississippi to coerce Defendant, Plaintiff by Counterclaim Leary to cease his legitimate efforts to sue Handshoe for defamation and copyright infringement. Handshoe subsequently used such process for the improper and collateral purpose of blackmailing or coercing Leary into stopping his enrollment and execution upon a copyright infringement judgment of Nova Scotia Supreme Court rendered on February 14, 2014. Finally, Handshoe used the process that issued to delay Leary's enforcement efforts regarding the Canadian copyright infringement judgment so that he

16

could illegally transfer assets out of Leary's reach, which was not an intended purpose of the process that issued.

42. In particular, Handshoe caused process to issue in a way that was an abuse of process in the following ongoing cases: (a) Handshoe v. Broussard, et. al. (Hancock County Circuit Court); (b) Trout Point Lodge, et. al. v. Handshoe (U.S. District Court for the Southern District of Mississippi); (c) In re: Slabbed New Media, LLC (U.S Bankruptcy Court); and (d) the instant case, including its various amendments. Being subject to these lawsuits Leary suffered damage not only from the initial complaint but from the cumulative costs of defense and the reputational harm caused by the unresolved claims as well as the issuance of additional process, such as order(s) to show cause and orders mandating compulsory process.

43. Handshoe published the original complaint in this case along with a purported press release on the same day he filed the original complaint. Such publication was unprivileged. The complaint and press release were sent to hundreds of persons on Handshoe's email list, including in Mississippi and in Nova Scotia, with the intent of impugning Leary's reputation and character. This was not the intended purpose when process was issued in this case.

44. Handshoe fraudulently obtained and used the post-judgment discovery process and the use of contempt powers in a way not contemplated by law. The use of a motion for contempt as a negotiating tool, or to threaten and intimidate, constitutes an abuse of the process of this court which should not be tolerated.

45. Handshoe's various Mississippi lawsuits against Torstar, parent of the *Toronto Star*, the Halifax *Chronicle-Herald*, the National Geographic Society, Progress Media, Marilyn Smulders, Michael Coyle, Ashoka, and Chris Yount were designed to cause injury to organizations and

17

*Chronicle-Herald*, the National Geographic Society, Progress Media, Marilyn Smulders, Michael Coyle, Ashoka, and Chris Yount were designed to cause injury to organizations and persons with whom Leary had established and favourable relationships. The issuance of process in these lawsuits did cause injury to Leary by ruining his relationship to those entities and persons—many of whom had published very positively about Leary and his business—before such process issued.

**Misrepresentation under 17 USC 512(f)**

46. Handshoe filed DMCA counter notifications in which he swore under penalty of perjury that he had a good faith belief that his use of Leary's copyrighted images did not constitute copyright infringement.

47. Handshoe did so with YouTube and he did so with AWS (Amazon Web Services) after Nova Scotia Supreme Court found him liable for copyright infringement, and finding Leary and his fellow Plaintiffs owned the copyright in the images that were the subject of the DMCA counter notifications. (Exhibits "D" and "E").

48. Handshoe knew when he took and published the works not belonging to him that he was infringing copyright in foreign works.

49. The works about which Handshoe issued counter notifications were registered with the Intellectual Property Office in Canada. He had no good faith belief they belonged to him or that he could put them on the commercial web site Slabbed. He knew that any notices of infringement served on his web hosts and any subsequent removals of the infringing works were not done in error when he served the counter notifications on his web hosts.

50. Leary was damaged in having to research and respond the counter notifications, and in having

18

inexpensive, extra-judicial means of resolving copyright disputes.

**Copyright Infringement**

51. Leary is the owner of the United States rights, including the right to action, of the foreign copyrighted photographic works at the heart of this case. That is: (a) a photograph of Charles Leary and Vaughn Perret at the Geotourism Summit of the National Geographic Society once used in an article published by Ashoka about Leary and Perret as social entrepreneurs; (b) a photograph of Trout Point Lodge taken by Vaughn Perret and used extensively to promote Leary's business interests; (c) a photograph of Leary and Perret with their dog used with permission by the *Toronto Star* in an article about their legal victory against Handshoe in 2012; and (d) a photograph of Leary, Perret, and Daniel Abel taken by Marilyn Smulders and used in a positive business article by Progress Magazine, and subsequently used to promote Leary's business interests. All four works are registered with the Intellectual Property Office in Canada. They do not belong to Handshoe.

52. Handshoe created illegal copies of those photographs and caused the photographs to be published on the Slabbed commercial web site in violation of copyright.

53. Leary seeks an order that Handshoe immediately remove the photographs from publication, that he destroy all copies of the works, and that he be enjoined from possessing or publishing the works in the future.

**Tortious Interference with Contractual Relations and with Business Relations, Harassment**

54. In apparent efforts to locate Leary and Vaughn Perret not only to serve them with process but also to intimidate them, Defendant by Counterclaim Handshoe engaged a person purportedly located in British Columbia, Canada, to falsely claim interest in purchasing Trout Point Lodge.

19

55. These falsehoods, which Leary relied upon, caused Leary to loose business opportunities and interfered with Leary's contractual relations with other persons interested in purchasing Trout Point Lodge. This included the fraudulent engagement in a contract of purchase and sale with Handshoe's agent. The value of the lost or fraudulent contract is $2,750,000 Canadian dollars, which loss Leary has tried to mitigate.

56. Acting on information provided by the person in British Columbia, Handshoe caused a person whose name was purportedly "Bob Watson" to check into Trout Point Lodge, disrupt normal business operations, and impugn Leary in the eyes of Trout Point Lodge employees.

**Prayer for Relief**

57. NOW, HAVING ANSWERED, Leary prays that Plaintiff's Third Amended Complaint be dismissed on its merits with prejudice and with all costs and fees assessed against Plaintiff Handshoe, together with such other relief as the Court may deem just and proper.

58. IN ADDITION, Leary prays for the following relief for his counterclaims: damages for abuse of process, malicious prosecution, fraud, tortious interference & harassment; relief under the Copyright Act, including an injunction ordering Handshoe to immediately cease publication of any and all of Leary's copyrighted photographs as well as damages and attorney's fees for misrepresentation under the DMCA; that the show cause order and compulsory process issued in case 12-cv-90 be declared void due to Handshoe's fraud on the court; and for any and all other relief the court deems just.

This the 29th day of September, 2017.

Respectfully submitted,
DEFENDANT (PLAINTIFF BY COUNTERCLAIM)
DR. CHARLES L. LEARY

appearing pro se

Charles L. Leary
140 Trout Point Road
E. Kemptville, Nova Scotia B5A 5X9 CANADA
Telephone 902-482-8360
Fax 800-980-0713
foodvacation@gmail.com

## CERTIFICATE OF SERVICE

I, Charles Leary, defendant and plaintiff by counterclaim, hereby certify that I have this date filed the foregoing with the Clerk of the Court via postal channels, and that the ECF system will send notification of such filing to the following:

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
*Pro Se* **Plaintiff**

So certified, this 29th day of September, 2017.

Charles L. Leary

22

http://www.youtube.com/yt/copyright/copyright-complaint.html    Go

**360 captures**
24 Jan 2013 – 12 Aug 2017

JAN   MAR
◀ 13 ▶
2013   201 ▾ About this capture

About  Press   Copyright   Safety   Creators   Advertise   Developers   Help

**COPYRIGHT CENTER**

**Tools for content owners**

Copyright infringement
notifications

Counter-notifications

Retractions

Content ID disputes

**Copyright troubleshooting**

Determine what happened to your
video

Copyright Strike Basics

How Content ID Works

Features requiring good copyright
standing

Check your Account Status

**Copyright education**

What is copyright?

What is fair use?

Creative commons

Copyright FAQ

# Copyright Infringement Notification Basics

If you believe your copyright-protected work was posted on YouTube without authorization, you may submit a
copyright infringement notification. These requests should only be submitted by the copyright owner or an agent
authorized to act on the owner's behalf.

**The fastest and easiest way to notify YouTube of alleged copyright infringement is via our webform:**

> Submit a copyright complaint

If you choose to request removal of content by submitting an infringement notification, please remember that you are
initiating a legal process. **Do not make false claims.** Misuse of this process may result in the suspension of your
account or other legal consequences.

If you are a company and own exclusive rights to a large amount of content that requires regular online rights
administration, you may want to apply for access to YouTube's Content ID system or to our Content Verification
Program.

We will also accept free-form copyright infringement notifications, submitted by email, fax and mail.

 Language: English

About   Press   Copyright   Creators   Advertise   Developers   Help

Terms   Policy and Safety   Privacy   Try something new!

Ex. A

CA          [Search]                                                    17  ⊕

## Copyright Infringement Notification

**What is the issue?**

○ Inappropriate content (Nudity, violence, etc.)
○ I appear in this video without permission
○ Abuse/Harassment (Someone is attacking me)
○ Privacy (Someone is using my image)
○ Trademark infringement (Someone is using my trademark)
● Copyright infringement (Someone copied my creation)
○ Other legal issue (including the circumvention of technological measures, such as providing keygens or serial numbers)

---

**Copyright infringement - Who is affected?**

○ I am!
● My company, organization, or client
○ Another copyright owner

---

**Videos to be removed**

• URL of allegedly infringing video to be removed:

[                                                    ]

Describe the work allegedly infringed:

• Please select one: [                                        ▾]

[+ Add another video]

---

To submit a copyright infringement notification, please complete the following required fields.

**Tell us about yourself**

• Copyright Owner Name (Company Name):
The copyright owner name will be published on YouTube in place of disabled content. This will become part of the public record of your request, along with your description(s) of the work(s) allegedly infringed. All other information, including your full legal name and email address, are part of the full takedown notice, which may be provided to the uploader.

[                                                    ]

• Your Title or Job Position (What is your authority to make this complaint?):

[                                                    ]

Primary Email Address: *foodvacation@gmail.com*

Secondary Email Address:

[                                                    ]

We may email you about your takedown request if additional information is required. You may wish to provide an alternative email address where we can reach you, for example, if you don't frequently check the email address associated with your account.

• Your Full Legal Name (A first and a last name, not a company name):

[                                                    ]

• Street Address:

[                                                    ]

[                                                    ]

• City:

[                                                    ]

• State/Province:          • ZIP/Postal Code:

[                    ]          [                    ]

• Country:
[ Canada                                            ▾]

• Phone:                    Fax:

[                    ]          [                    ]

---

By checking the following boxes, I, in good faith, state that:

• ☐ I am the owner, or an agent authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
• ☐ I have a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and
• ☐ This notification is accurate.
• ☐ I acknowledge that there may be adverse legal consequences for making false or bad faith allegations of copyright infringement by using this process.
• ☐ I understand that abuse of this tool will result in termination of my YouTube account.

Typing your full name in this box will act as your digital signature.

• [                                                    ]

[Submit Complaint]

Case 1:15-cv-00382-HSO-JCG   Document 171-1   Filed 10/10/17   Page 33 of 33

https://www.youtube.com/copyright_complaint_form

Language: English ▼     Content location: Canada ▼     Restricted Mode: Off ▼     History     Help

About   Press   Copyright   Creators   Advertise   Developers   +YouTube

Terms   Privacy   Policy & Safety   Send feedback   Test new features

2017-09-29, 5:19 pm