

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

DOUGLAS HANDSHOE                                                  PLAINTIFF

VS.                                                 CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                         DEFENDANTS

---

## DEFENDANT CHARLES LEARY'S REPLY TO DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL

---

Defendant (Plaintiff by counterclaim) Leary opposes Plaintiff (Defendant by counterclaim) Handshoe's motion to certify this Court's dismissal of Count 11 of the Third Amended Statement of Claim for appellate review.

In his brief, Handshoe makes conclusory statements that "all of Section 1292(b)'s requirements are satisfied in this case." However, Handshoe fails to address or distinguish *Orix Credit All., Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000), a case on ripeness cited by this Court in Its reasoned decision on motions to dismiss.

28 U.S.C. § 4104 exists within the context of other federal statutes, most basically 28 U.S. Code § 2201 addressed in Orix, *supra.*

A fundamental issue unaddressed by Handshoe is threshold subject-matter jurisdiction.

The ripeness requirement originates from Article III of the United States Constitution, which provides that federal courts have jurisdiction over "cases" or "controversies." U.S. Const. art. III, § 2; *see Choice Inc.,* 691 F.3d at 714-15. "[R]ipeness . . . determine[s] *when* . . . litigation may occur. Specifically, the ripeness doctrine seeks to separate matters that are premature for

review because the injury is speculative and may never occur, from those cases that are appropriate for federal court action." *Roark & Hardee LP v. City of Austin,* 522 F.3d 533, 544 n.12 (5th Cir. 2008) (second alteration and first omission in original) (quoting ERWIN CHEMERINSKEY, FEDERAL JURISDICTION § 2.4.1. (5th ed. 2007) (emphasis added)). "The ripeness doctrine's `basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Choice Inc.,* 691 F.3d at 715 (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967)). *TOTAL Gas & Power North America, Inc. v. FERC*, 859 F.3d 325 (5th Cir. 2017).

In addition, Leary disagrees that all necessary elements for certifying an interlocutory appeal exist, and the Plaintiff's motion exists in large part because Handshoe fails to appreciate the basis for this Court's decision.

First, substantial ground for difference of opinion "does not exist merely because there is a dearth of cases," *White v. Nix,* 43 F.3d 374, 378 (8th Cir. 1994). Much more importantly, the issue of ripeness for a declaratory judgment does not provide substantial ground for a difference of opinion; it is established federal law. Any scant case law on the SPEECH Act is immaterial. In addition, an appeal on this issue would not materially advance the ultimate termination of the litigation, and in fact it will delay it. If the district court in this case lack jurisdiction due to a lack of ripeness, so too will the U.S. Court of Appeals.

For the above reasons, this Court should deny Handshoe's motion.

Respectfully submitted this 10th day of October, 2017.

Charles L. Leary
appearing *pro se*

140 Trout Point Road
E. Kemptville, NS B5A 5X9
tel 902-482-8360
Fax 800-980-0713
foodvacation@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on *October 10* , 2017, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

Charles L. Leary