IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 20 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE

v.  CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### REBUTTAL OF DEFENDANT LEARY'S REPLY TO MOTION TO CERTIFY SEPTEMBER 19, 2017 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Plaintiff Douglas Handshoe respectfully submits this rebuttal to defendant Leary's reply (ECF # 173) to Plaintiff's Motion to Certify (ECF #167) and will show that the Plaintiff's Motion should be well taken and granted.

Defendant Leary contends that the Court should not grant plaintiff's Motion to Certify because the plaintiff did not address *Orix Credit Alliance, Inc. V. Wolfe*, 212 F.3d 891, which the Court cited in its opinion dismissing Count 11 of the Third Amended Complaint.

As is more fully explained in the contemporaneously filed Memorandum in Support of this Rebuttal, Plaintiff did not address *Orix* as it is inapplicable to the

1

reason Plaintiff seeks 28 U.S.C. § 1292(b) certification. 28 U.S.C. § 4104 specifically makes an issue ripe and confers the right to sue to "Any United States person against whom a foreign judgment is entered on the basis of the content of any writing, utterance, or other speech by that person that has been published, may bring an action in district court, under section 2201(a), for a declaration that the foreign judgment is repugnant to the Constitution or laws of the United States". This case is ripe for adjudication. Plaintiff concedes that an action brought under § 4104 is somewhat unique among declaratory judgment actions as it involves an 'ex-post determination of rights' rather than an 'ex-ant determination of rights' typically found in declaratory judgment actions that are addressed in cases such as *Orix*.

    This Court's analysis of the statute related to Count 11both began and ended with 28 U.S.C. § 4102 which are the removal provisions of the statute. Plaintiff respectfully submits that § 4102 does not apply to this instant matter as he clearly sought relief under § 4104[1].

    This Court noted that the Canadian Supreme Court entered its opinion and judgments including a defamation judgment on February 14, 2014 finding that, "Plaintiff has not shown that any Defendant has sought to enforce this judgment in the United States. Plaintiff's request is therefore premature."

---

[1] Count 11 of the Third Amended Complaint (ECF #90) was captioned "DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 4101, ET SEQ., (SPEECH ACT of 2010)" of which Section 4104 is clearly a part.

To be clear, the Court's analysis would have been correct had the SPEECH Act not contained § 4104, but to the extent the Court's analysis both began and ended with the § 4102 removal provisions, Plaintiff respectfully submits he can only conclude the Court either committed a manifest error or interpreted § 4014 as not being applicable to this Civil Action. Plaintiff respectfully submits the Third Amended Complaint adequately pleaded that Plaintiff is 1) A United States Citizen, 2) Against whom a foreign defamation judgement was entered which 3) under § 4104 confers both ripeness and standing to seek declaratory relief per a plain read of the statute.

Plaintiff seeks 1292(b) Certification because the process is expressly authorized by both Statute and Rule (with accompanying time limits). Plaintiff did not seek the Court's reconsideration of the September 19, 2017 Order as no such mechanism exists under the Federal Rules and such motions are widely seen as disfavored. Federal Courts, however, do possess broad discretion to correct errors should it identify such. Plaintiff seeks to protect what he perceives as his right under a plain read of the statute to litigate this matter.

These matters are more fully explained in the contemporaneously filed Memorandum in Support of this Rebuttal.

Respectfully submitted this 20th day of October, 2017,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on October 20, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on September 28, 2017, I mailed the foregoing to Charles Leary and Vaughn Perret at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 20th day of October, 2017,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com