IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.                              CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF REBUTTAL OF DEFENDANT LEARY'S REPLY TO MOTION TO CERTIFY SEPTEMBER 19, 2017 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

This Court recently decided an issue of first impression – namely, the interpretation of the United States SPEECH Act codified at 28 U.S.C. §4101 et seq. The issue of first impression is the Court's interpretation of section §4104 which this Court has now ruled confers the right to sustain a declaratory cause of action for a party to which a foreign defamation judgment has been entered only if an attempt has been made to domesticate or enroll the foreign defamation judgment in the United States. (*See* Doc. No. 157, pages 28 and 29). Plaintiff Douglas Handshoe requested certification under 28 U.S.C. § 1292(b) on September 28, 2017. Defendant Leary filed his reply on October 13, 2017. Plaintiff in turn files this Memorandum in Support of his Rebuttal of Leary's reply.

1

## DEFENDANTS RELIANCE ON *ORIX V WOLFE* IS MISPLACED

Declaratory Judgments can cause unique challenges to the application of the Ripeness Doctrine and the test developed by the Supreme Court in *Abbott Laboratories v. Gardner*, 387 U.S. 136 to determine whether it is ripe for adjudication. In general, a claim is "ripe" when the facts of the case have matured into an existing substantial controversy warranting judicial intervention. The requirement that a claim be ripe for judicial review is an issue of subject matter jurisdiction very closely related to the "standing" requirement. Unlike this matter, the question of ripeness in declaratory actions often arises in cases where the harm asserted by the plaintiff has not yet occurred. A matter is typically considered ripe if it presents a purely legal issue, or if further development of the facts will not render the issue more concrete.

In this instance the harm asserted by the Plaintiff under 28 U.S.C. § 4104 occurred upon the entry of the foreign defamation judgment in Canada which then presents a pure legal issue of its enforceability in the United States. Under a plain read of the statute the issue became ripe (involving a pure question of law) once the foreign judgment was entered. Notably there is no requirement in § 4104 that any further action be taken by the party which obtained the foreign defamation judgment such as actually enrolling the judgment in the United States for the issue to become more concrete. However, it is worth noting that § 4102 does provide a

2

means to remove such cases to Federal Court should a party which obtained a foreign defamation judgment choose to seek its recognition, in addition to the right to seek declaratory relief under § 4104. The statute is very clear there are multiple pathways for a litigant to seek relief under its provisions including differing burden of proof requirements depending on whether § 4102 or § 4104 is utilized in the declaratory action. In its opinion of September 19, 2017, the Court singularly focused on the special removal provisions found in § 4102. In that context, the issue of Ripeness was thus misplaced as was the Court's reliance on *Orix* as it is not analogous to this instant matter.

One case that is analogous was cited by the Court in Orix is *State of R.I. v. Narragansett Indian Tribe* 19 F.3d 685,692, 693 (1994). In finding the lower Court's abused its discretion the First Circuit elucidated the *Abbott Laboratories* test:

> The linchpin of ripeness under the Declaratory Judgment Act, as in all Article III cases, is adverseness. In a declaratory judgment action adverseness must be appraised in a practical, commonsense way. Thus, satisfying the adverseness requirement demands that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941), citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-42, 57 S.Ct. 461, 463-65, 81 L.Ed. 617 (1937). This requirement should not be applied woodenly. Most litigation has idiosyncratic features, and the adverseness criterion invites careful calibration on a case-by-case

basis. The line is often difficult to draw. While a declaratory judgment should not be granted "in speculative situations," *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962), a litigant "does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending that is enough." *Pacific Gas & Elec. Co. v. State Energy Resources Conserv. & Dev't Comm'n*, 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983) (citation omitted).

One sound way of gauging adverseness is to evaluate the nature of the relief requested. The controversy must be such that it admits of "specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life*, 300 U.S. at 240-41, 57 S.Ct. at 464. Some courts call this measure of adverseness "conclusivity" and treat it as a separate requirement. See, e.g., *Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 421-23 (3d Cir.1992).

The instant matter before the Court is not speculative because, "a foreign judgment" has been "entered on the basis of the content of any writing, utterance, or other speech by that person that has been published…" and the granting of relief would serve a useful purpose as expressly defined by the statute.

The Court in *Rhode Island* above defined the second prong of the inquiry in hardship to the parties as, "whether granting relief would serve a useful purpose, or, put another way, whether the sought-after declaration would be of practical assistance in setting the underlying controversy to rest. See *Step-Saver*, 912 F.2d at 647."[1]

---

[1] State of R.I. v. Narragansett Indian Tribe 19 F.3d 685, 693 (1st Circuit 1994)

The statute itself describes the useful purpose that would be served:[2]

In enacting the statute, Congress found that "by seeking out foreign jurisdictions that do not provide the full extent of free-speech protections to authors and publishers that are available in the United States" and by suing United States authors or publishers in those foreign jurisdictions, some persons were "obstructing" the free expression rights of domestic authors and publishers and "chilling" domestic citizens' First Amendment interest in "receiving information on matters of importance."

## Conclusion

This case is ripe for adjudication. Each Section 1292(b) factor is met in this case. There is a substantial basis for disagreement on a controlling question of law, such that interlocutory review would materially advance this litigation. Plaintiff respectfully submits that he should be allowed to ask the Fifth Circuit to consider this appeal.

For all these reasons, this Court should grant Plaintiff's Motion to Certify its September 19, 2017 Order for interlocutory review.

Respectfully submitted this 20th day of October, 2017,

_____
Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

---

[2] Trout Point Lodge, Ltd. v. Handshoe, 729 F.3d 481, 487 (5th Cir. 2013)

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on October 20, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on October 20, 2017, I mailed the foregoing to Charles Leary and Vaughn Perret at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 20th day of October, 2017,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com