

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                           CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

This Memorandum in Support of Motion to Strike is respectfully submitted by Plaintiff Douglas Handshoe seeking that immaterial, impertinent and scandalous material contained in Defendant's Rebuttal Re: Motion for Judicial Notice (ECF #170, 170-1& 170-2) be struck from the official, online Court record.

## LAW AND ARGUMENT

This Honorable Court should strike Defendant's Rebuttal Re: Motion for Judicial Notice because of its pervasive immaterial, impertinent and scandalous material. Rule 12(f) provides, in pertinent part, that "[u]pon motion made by a party . . . the court may order stricken from any pleading any . . . scandalous matter." Fed. R. Civ. P. 12(f); see 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 465 (2004) ("'Scandalous' matter is that which

1

improperly casts a derogatory light on someone, most typically on a party to the action.") (footnote omitted); 2 Moore's Federal Practice § 12.37[3] at 12-97 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (footnote omitted). In this instance the Defendant Leary disclosed proprietary salary information involving nonparties to this litigation.

Additionally, Defendant Leary's Rebuttal misrepresents and generally complains of other active litigation before not only this Honorable Court and certain State Court proceedings that are properly addressed in those forums, rather than this Copyright matter.[1]

While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations." 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 466-67 (2004). "As for matters challenged as "redundant, immaterial, impertinent, or scandalous matter," a district court should not strike challenged party allegations or

---

[1] On October 26, 2017 Defendant Leary was found to be in Contempt of Court for willfully ignoring several Show Cause Orders in a matter before Chief Judge Guirola styled Trout Point Lodge et al v Handshoe 1:12cv90 -LG-JMR ECF No. 106

pleadings simply because they "offend the sensibilities" of the objecting party.[2]. Such matters should be stricken, rather, only where they possess "no possible relation to the controversy."[3]

The striking of offensive material is particularly appropriate when the offensive material is not responsive to any argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. See, e.g., *Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"); see also *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003) (striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that Plaintiff and his counsel "bought off" and paid "hush money" to prospective witnesses); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "Plaintiffs are '[l]ike vultures feeding on the dead'"); *Nault's Automobile Sales, Inc. v. American Honda Motor Co.*, 148 F.R.D. 25, 29-34 (D.N.H. 1993) (noting that "[w]ith each passing week the pleadings assumed a more hostile and accusatory tone" and striking scandalous assertions).

---

[2] *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (citing *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005))

[3] *Id.* (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)) (internal alterations omitted).

In this instance not only does the instant Defendant flagrantly misrepresent arguments made by Plaintiff via Counsel in these other matters BY conclusory alleging that Plaintiff "valued" two registered LLCs for the state court. This assertion is blatantly false[4] and predicated the Defendant's disclosure of financial information about these two LLC including the proprietary salary information of third parties that have no involvement in this action and which has no relevance to this matter. Such redundant, immaterial, impertinent scandalous content involving nonparties to this matter pervades the entire rebuttal.

It is clear from the above, Defendant Leary's disregard for civility in his pleading filed with this Court saturates the entire pleading, and were the Court simply to order the deletion of offensive statements and Exhibits, Leary's Rebuttal Re: Motion for Judicial Notice would more resemble Swiss cheese than a legal document. Moreover, it is the responsibility of the Defendant, to file pleadings that conform to this Honorable Court's rules; it is not the responsibility of Plaintiff to seek relief to sanitize Defendant's pleadings after they have become part of the public record.

---

[4] Instant Plaintiff's Arguments regarding the LLC's in Stone County Circuit Court centered on the fact such business entities are completely exempt from execution as a matter of Mississippi law per MS Code § 79-29-705(3) (2017). "The entry of a charging order is the exclusive remedy by which a judgment creditor of a judgment debtor or its assignee may satisfy a judgment out of the judgment debtor's financial interest."

## **CONCLUSION**

Defendant's Rebuttal Re: Motion for Judicial Notice (ECF #170, 170-1& 170-2) constitutes an inappropriate attempt to abuse the Court's process to attack Plaintiff and other third parties via a pleading that contains material and accusations that are unnecessary to a decision on the matter in question. Plaintiff respectfully requests Defendant's Rebuttal Re: Motion for Judicial Notice (ECF #170, 170-1& 170-2) be struck from the record.

Respectfully submitted this 27th day of October, 2017,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on October 27, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on October 27, 2017, I mailed the foregoing to Charles Leary at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 27th day of October, 2017,

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com