IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.                                   CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### PLAINTIFF'S REPLY TO DEFENDANT LEARY'S MOTION FOR JUDGMENT ON THE PLEADING OR IN THE ALTERNATIVE SUMMARY JUDGMENT

Plaintiff Douglas Handshoe respectfully submits this reply to defendant Leary's "Pro Se Motion to for Judgment on the Pleading or in the Alternative Summary Judgment (ECF # 175) and he will show that the Defendant's Motion should be denied.

The Motion should be denied because pleadings are not closed thus the requirements to make such a Motion under Rule 12(c) have not been satisfied.[1] However, even if this Court were to find otherwise it has already found that, "As for Leary, liberally construing Plaintiff's pro se Third Amended Complaint as a

---

[1] Defendant Leary purportedly submitted his answer along with Counterclaims on October 10, 2017. He (purportedly) filed the 12(c) Motion on October 16, 2017 despite the fact that the counterclaims. Reopened pleadings.

1

whole and assuming all well-pleaded facts are true, and assuming there was a takedown by YouTube under § 512(f), Count 5 contains sufficient factual matter to state a plausible claim for misrepresentation against Leary under 17 U.S.C. § 512(f)." The burden of proof in deciding a Motion under Rule 12(c) is therefore identical to the burden used by the Court to previously decide that Count 5 was viable.[2]

Additionally, should this Court construe the Motion filed by the Defendant as a Motion for Summary Judgment it too fails and should be denied as it is premature due to the fact discovery has not been conducted, the Defendant self contradicts his own version of the facts and fails to recognize there are several disputed material facts.

These matters are more fully explained in the contemporaneously filed Memorandum in Support of this Reply.

                                  Respectfully submitted this 30th day of October, 2017,

                                  _____
                                  Plaintiff
                                  Douglas Handshoe
                                  Post Office Box 788
                                  110 Hall Street
                                  Wiggins, MS 39577
                                  (601) 928-5380
                                  earning04@gmail.com

---

[2] See ECF No. 157 Pages 12 and 13 which cited *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009),

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on October 30, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on October 30, 2017, I mailed the foregoing to Charles Leary at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 30th day of October, 2017,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com