IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.  CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT LEARY'S MOTION FOR JUDGMENT ON THE PLEADING OR IN THE ALTERNATIVE SUMMARY JUDGMENT**

Defendant Charles Leary[1] recently submitted a "Motion to for Judgment on the Pleading or in the alternative for Summary Judgment" that should be denied for serval reasons including:

1. Pleadings are not closed as Leary submitted Counter Claims on October 10, 2017, 6 days before he filed the Motion for Judgment on the Pleadings thus pleadings are not closed as is required by rule.

2. This Court, using the exact standard of review in its ruling on various 12(b)(6) motions has already ruled that Count 5 was viable.

---

[1] This assumes that Leary submitted this pleading rather than having it ghostwritten and signed by a third party in the metro New Orleans area.

1

3. Leary's statement of facts, should this Court construe the Motion as a Motion for Summary Judgment is self-contradicted.

4. A Motion for Summary Judgment is premature as no discovery has been conducted, some of which is needed to resolve disputed facts.

**Pleadings Are Not Closed Thus the Motion for Judgment on the Pleadings is Premature**

Federal Civil Procedure Rule 12(c) states:

Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

Defendant Leary filed Counter Claims on October 10, 2017 thus pleadings are still open.

**This Court Has Previously Found Count 5 To Be Viable Using the Exact Standard That Would Be Used to Decide the 12(c) Motion Filed by Leary**

On February 15, 2017, Defendants Perret and Leary filed a Motion to Dismiss [96] pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6). Perret and Leary took the position that the Third Amended Complaint should be dismissed under Rule 12(b)(1) because Plaintiff lacks standing to bring his claims, and alternatively on grounds that dismissal is warranted under Rule 12(b)(6). This Court granted the Motion to Dismiss all claims against Perret but found that Count 5, "As for Leary, liberally construing Plaintiff's pro se Third Amended Complaint as a whole and assuming all well-pleaded facts are true, and

assuming there was a takedown by YouTube under § 512(f),9 Count 5 contains sufficient factual matter to state a plausible claim for misrepresentation against Leary under 17 U.S.C. §512(f). Count 5 will proceed as to Leary and Trout Point Lodge, which has not yet appeared in this action."

In his Motion for Judgment on the Pleadings, Leary recycles arguments he made via counsel at ECF No. 96 and 97which maintained that they were acting in Canada in support of a Canadian judgment. These claims are completely contradicted by YouTube's own terms of service (See ECF 111-8, page 4) which clearly refer to the United States' Digital Millennium Copyright Act as the mechanism which YouTube employs to resolve takedown claims. In fact, takedown notices sent to other interactive service providers in close date proximity to the YouTube mention the 2014 Canadian judgment as well as the fact the takedown notices were being sent under the U.S. Digital Millennium Copyright Act. For instance, at ECF No. 96-11, Page 7 contains a Leary authored takedown notice dated February 17, 2014 to Dreamhost, LLC, which mentioned both the Canadian Judgment and its enforcement via takedown notice sent per 17 U.S.C. §512.

Notably, Leary now claims he was engaging YouTube Canada involving an issue involving content displayed in the United States which by treaty is governed exclusively by United States Copyright Act.

## Leary's statement of facts, should this Court construe the Motion as a Motion for Summary Judgment is Self-Contradicted.

Leary admits that Slabbed New Media, L.L.C. obtained the photo whose use in the parody video at controversy was taken from the Toronto Star website. Leary admits in his affidavit that the photo came from a Toronto Star story. This Torstar picture was first used by Slabbed New Media in a December 2012 post and then in the May 6, 2013 parody, for which Slabbed New Media has registered copyrights which rightfully credits the owner, Torstar Corporation for the photo. Leary's subsequent July, 2013 registration of the photo, which was done well after it was first used by Torstar and Slabbed New Media is arguably fraudulent, as the owner of the creative work is Torstar Corporation, which never sanctioned Leary to send any takedown notices regarding its content (*See ECF No.* 64-4).

Amazingly Leary admits on page 6 of his memorandum (ECF No. 176) that the Torstar picture appeared for only five seconds in a video which runs over 3 minutes and 13 seconds while he cities a case involving non-de minimis fair use on page four of the same memorandum. He conflates the fact that Slabbed New Media, the registered owner of the video, is a commercial venture without reconciling how its use on YouTube by the Plaintiff in his personal capacity constituted a "commercial use" where either Slabbed New Media, LLC or the Plaintiff profited from the use of the disputed material. Finally, Leary continues to conflate the actions of Slabbed New Media, LLC against whom no Canadian

4

judgment has ever been rendered and which owns the parody video with those of the Plaintiff in his personal capacity, who simply published Slabbed New Media's copyrighted property to his YouTube account using the creative commons license that is prominently displayed on the right sidebar of the website, a license that specifically forbids the commercial use of material owned by Slabbed New Media, LLC.  Simply put, Leary purposely sued the wrong party in Canada and now expects that action to absolve him from having to comply with the United States law he purposely engaged in trying to have a third party's creative property removed from the internet.

    At the end of the day Leary manages to highlight a myriad of disputed facts in his memorandum, such as whether the video constitutes a transformative use as a parody (he apparently denies it is one), whether or not it was ever used for a commercial purpose, whether the use of the photograph for five seconds constitutes a de minimis use, whether Leary was acting under Canadian law as he claims, in spite of the clearly written YouTube terms of service stating the DMCA was the applicable mechanism for filing copyright complaints  and other takedown notices that he sent in the same time period to other service providers which explicitly invoked the United States law. The "facts" posited by Leary are the very definition of material facts in dispute.

## This Motion for Summary Judgment Is Premature as No Discovery Has Been Conducted, Some of Which Is Needed to Resolve Disputed Facts.

Leary couches the DMCA takedown process involving YouTube as taking place over a period of a few days in February, 2014. However, Plaintiff is in possession of emails from YouTube dated July 14, 2014, August 6, 2014 and August 6, 2014 which will further develop the fact pattern of Leary engaging the takedown provisions contained in section 512, Plaintiff successfully counter notifying the February Takedown Notice, YouTube's restoration of the disputed material and Leary submitting a February 2012 injunction the 5th Circuit Court of appeals specifically found it does not comport to the most basic notions of prior restraint found in United States law. Further, the Plaintiff certainly have their communications with YouTube from the July – August time period including the communication dated August 6, 2014 when they sent their 2012 Canadian Judgment and Injunction to YouTube. The Court should note these communications from Leary and Trout Point Lodge were not filed in support of his 12(b)(3) Motion.

Finally, and most telling is the fact that Leary acting for Trout Point Lodge, Ltd. sought a remedy only available in the United States in the removal of the material by the Interactive Service provider. There are no such takedown provisions in the Canadian Copyright Act.

6

## Conclusion

Pleadings are not closed thus Leary is premature in filing such 12(b)(3) Motion. Additionally Leary recycles arguments from his 12(b)(6) motion regarding Count 5 this Court has already ruled is viable. There are a myriad of disputed facts and the lack of any discovery indicates all of the facts subject to dispute are not known at this time. For all these reasons, this Court should deny Leary's "Motion to for Judgement on the Pleading".

Respectfully submitted this 30th day of October, 2017,

_____

Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on October 30, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on October 30, 2017, I mailed the foregoing to Charles Leary at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 30th day of October, 2017,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com