IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                      PLAINTIFF

VS.                      CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, ASHOKA, XYZ
FOUNDATION & JOHN DOES 1-50                      DEFENDANTS



**CHARLES LEARY'S OPPOSITION TO HANDSHOE'S
MOTION TO STRIKE (ECF180)**

      Defendant (plaintiff by counterclaim) Leary opposes Plaintiff (defendant by counterclaim) Handshoe's Motion to Strike (ECF 180).

      First, the rebuttal and deposition transcript contain no redundant, immaterial, impertinent, or scandalous material. Such an assertion from Mr. Handshoe, whose Third Amended Complaint is replete with unsubstantiated scandalous material, is the height of hypocrisy. The deposition transcript was presented in good faith by the *pro se* defendant to inform the Court regarding the value of Handshoe's claims on an original motion filed before this Court's decision dismissing multiple counts of the Third Amended Complaint (ECF 157). In fact, salary information for Handshoe's PLLC is pertinent to Handshoe's conflicting statements to this Court and the state court regarding the value of his claims in this proceeding, which Handshoe still values at over $180,000 to this court, but well under $10,000 to the state court. Such evidence is pertinent to Leary's original argument relating to waiver and/or estoppel.

> But even though the disputed pleadings were not related to the grounds upon which the district court granted summary judgment, they were not immaterial or impertinent to the controversy itself. *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir.1962) (holding "that the action of striking a pleading should be sparingly used by the courts" and that "motion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy") (quoting *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)).

*US v. Coney*, 689 F.3d 365 (5th Cir. 2012).

Second, the rebuttal brief and exhibit are not pleadings; Fed.R.Civ.P. 7(a) and Fed.R.Civ.P. 12(f). "*Cf.* 5C Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE § 1380 & n. 8.5 (3d ed. 2012) ("Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f).")" Coney, id, at fn. 5. The overwhelming weight of case law agrees.

> He also argues that the district court erred in denying his motion to strike Watley's affidavit in support of summary judgment. But motions to strike are only appropriately addressed towards matters contained in the pleadings; here, the affidavit was submitted as part of the motion for summary judgment, which is not a pleading. See Fed.R.Civ.P. 7(a), 12(f).

*Polite v. DOUGHERTY COUNTY SCHOOL SYSTEM*, No. 07-14108 (11th Cir. Aug. 11, 2008).

Mr. Handshoe has therefore not stated a basis under the Federal Rules on which the relief he seeks in his Motion to Strike can be granted.

> A motion to strike is governed by Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) provides that "the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added). Rule 7(a) of the Federal Rules of Civil Procedure provides that a "pleading" is only a "complaint," "answer," "reply to a counterclaim," "answer to a cross-claim," "third-party complaint," "third-party answer," "reply to an answer," or "reply to a third-party answer."
>
> The terms of Rules 12(f) and 7(a) make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike" and that "[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.37[2] (3d ed.2006). *See also Burns v. Lawther,* 53 F.3d 1237, 1241 (11th Cir.1995) (per curiam) (only the items listed in Rule 7(a) constitute pleadings); *Lawhorn v. Atl. Refining Co.,* 299 F.2d 353, 357 (5th Cir.1962) (a motion to dismiss is not a pleading); 2 Moore, *supra,* § 7.02[1][b], at 7-7 ("A motion in any form cannot stand as a pleading.").
>
> From Rules 12(f) and 7(a), it follows perforce that a response in opposition to a motion to dismiss is not a "pleading." Accordingly, the court will deny the county's motion to strike and will not strike the exhibits from Jeter's response. *See Lowery v. Hoffman,* 188 F.R.D. 651, 653 (M.D.Ala.1999) (Thompson, J.) ("as an initial matter, the motion to strike must be denied as to all non-pleadings").

*Jeter v. Montgomery County*, 480 F. Supp. 2d 1293 (M.D. Ala. 2007) (footnote removed)

Also: *Ysais v. NEW MEXICO, JUDICIAL STANDARD COM'N*, 616 F. Supp. 2d 1176 (D.N.M. 2009) and cases cited therein; *ILA SS CLERKS LOCAL 1624 v. VA INTERN. TERMINALS*, 904 F. Supp. 500 (E.D. Va. 1995), and cases cited therein.

For the above reasons, Mr. Handshoe's Motion to Strike should be denied, and Dr. Leary prays for any other relief the Court finds reasonable given the circumstances.

This the 13th day of November, 2017.

Respectfully submitted,
DEFENDANT (PLAINTIFF BY COUNTERCLAIM)
DR. CHARLES L. LEARY

*[signature]*

appearing pro se

Charles L. Leary
140 Trout Point Road
E. Kemptville, Nova Scotia B5A 5X9 CANADA
Telephone 902-482-8360
Fax 800-980-0713
foodvacation@gmail.com

CERTIFICATE OF SERVICE

I, Charles Leary, defendant and plaintiff by counterclaim, hereby certify that I have this date filed the foregoing with the Clerk of the Court via postal channels, and that the ECF system will send notification of such filing to the following:

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
**Pro Se Plaintiff**

So certified, this 13TH day of November, 2017.

Charles L. Leary