# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 16 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE

v.                                      CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MOTION FOR SANCTIONS PURSUANT TO FRCP 11

Out of an abundance of caution, Plaintiff Douglas Handshoe immediately moves, pursuant to Rule 11 of the Federal Rules of Civil Procedure, to strike as the only available sanction, the following Pleadings and Motions purportedly filed and signed by Mr. Leary:

- Defendant Charles Leary's Rebuttal to Defendant's Reply: Motion for Judicial Notice and to Limit Value of Plaintiff's Action Based on Fresh Admission, Waiver or Estoppel (ECF No 170)
- Answer, Defenses, and Counterclaims of Charles Leary in Answer to Douglas Handshoe's Third Amended Complaint for Damages, Declaratory and Injunctive Relief (ECF No. 171)
- Certificate of Service (ECF No. 172)
- Defendant Charles Leary's Reply to Defendant's Motion to Certify for Interlocutory Appeal (ECF No. 173)
- Defendant Charles Leary's Pro Se Motion to For Judgment on the Pleading or in the Alternative Summary Judgment (ECF No. 175)

- Defendant Leary's Brief on His Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment (ECF No. 176)
- Charles Leary's First Amended Counterclaim as well as Answer & Defenses to Douglas Handshoe's Third Amended Complaint for Damages, Declaratory and Injunctive Relief (ECF No. 179)
- Charles Leary's Rebuttal to Defendant's Reply to Motion for Judgment on The Pleadings or In the Alternative Summary Judgment (ECF No. 186)

Plaintiff seeks this relief based upon the fact there exists compelling evidence that the above pleadings and motions are, at the minimum being signed by a party other than Defendant Charles Leary. Upon first-hand knowledge and belief, Plaintiff submits that it is probable these motions and pleadings are being both ghostwritten and signed by Daniel Abel, a suspended attorney that is Mr. Leary's Louisiana based business partner.

In support of this Motion, the Plaintiff engaged a Forensic Document Examiner as expert to analyze both the cursive and printed writings and signatures on certain of the above filings, all submitted to this Court via U. S. mail from various locations in Louisiana. Mr. Leary resides in East Kemptville Nova Scotia where he helps manage Trout Point Lodge, Limited of Nova Scotia. The expert, Ms. Adele Thonn, examined the original signatures on documents sworn by Leary in person in Canada and Abel's signature in Louisiana Court filings to compare with those recently submitted to this Court from various points in the state of Louisiana bearing Leary's name and what purports to be his signature.

The following is an example of Mr. Leary's handwritten signature taken from an affidavit which he swore in person in Canada[1]:

*[signature: Charles L. Leary]*

The following is an example of the signature which appears on pleadings submitted to this Court, purportedly by Mr. Leary, mailed primarily from the New Orleans Louisiana metropolitan area[2]:

So certified, this 29th day of September, 2017.

*[signature]*
Charles L. Leary

The practice of a third-party ghostwriting and signing a Pro Se litigant's pleadings and motions violates Federal Rule of Civil Procedure 11 as well as the Mississippi Rules of Professional Conduct. In Mississippi, the preparation of motions and pleadings such as those listed on pages one and two of this Motion have "been held to constitute the practice of law."[3]

---

[1] Affidavit of Charles Leary dated June 13, 2011, Nova Scotia Supreme Court case styled *Trout Point et al v Louisiana Media Company, LLC* (YAR NO. 328248). Plaintiff has numerous examples of the Canadian Leary signature.

[2] ECF No. 171 from this instant matter

[3] *Lanier v. Futch (In re Futch)*, No. 09-00144-NPO, 2011 WL 1884187

While pro se litigants undoubtedly have the right to represent themselves in civil actions, they do not have the right to representation by an unlicensed lay person practicing law[4] or in this case a lawyer suspended for "Threat of Harm to the Public".

Further under Rule 11(b), "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" and that "it is not being presented for any improper purpose…".

As is more fully explained in Ms. Thonn's report it is probable the signatures on the pleading contained at ECF No. 179 was not made by Defendant Charles Leary. Additionally, Ms. Thonn found indications that Daniel Abel, Mr. Leary's business partner, had handwritten certain information on the envelope used to submit the Leary's pleadings as well as a document filed with this Court.

To the extent Defendant Leary's signature appears to be forged, he does not meet the requirement for the submission of a "pleading, written motion, and other paper" under Rule 11(a) and accordingly the only remedy available to the Court would be to strike Leary's deficient pleadings, written motion, and other papers filed with this Court.

---

[4] *Guajardo v. Luna*, 432 F.2d 1324 (5th Cir. 1970)

4

Attached is the original written report, curriculum vitae and worksheets of Ms. Adele Thonn, Forensic Document Examiner. Plaintiff respectfully submits her report is admissible for this Court's consideration under Federal Rules of Evidence 702. Also attached as Exhibits are the ECF copies of the envelopes which contained the Leary filings and other papers that have been submitted to the Clerk of Court. Plaintiff requests a hearing and stands ready to produce Ms. Thonn for the Court should a *Daubert* or other hearing be called by the Court.

These reasons are more fully explained detailed in the contemporaneously filed memorandum in support of this Motion. Plaintiff prays this Court orders above mentioned documents struck from the Court record and for any additional sanctions that the Court may determine in its sound discretion.

Respectfully submitted this 16th day of November, 2017,

_____
Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on November 16, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on November 16, 2017, I mailed the foregoing to Charles Leary at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 16th day of November, 2017,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com