**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**



DOUGLAS HANDSHOE

v.                                    CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FRCP 11

This Memorandum in Support of Motion for Sanctions under Federal Rule of Civil Procedure 11 is respectfully submitted by Plaintiff Douglas Handshoe seeking that Defendant Charles Leary's Pleadings, Motions and Other Papers be struck from the official Court record.

### BACKGROUND

Plaintiff has been involved in no less than seven civil actions spanning two countries and two states over the past five years with Charles Leary and his business partners Daniel Abel and Vaughn Perret. During that time the Plaintiff has collected a large number of original legal documents signed by the litigants, some of which are in the form of sworn affidavits where Defendant Leary and his business partners appeared in person and made oath.

1

Beginning with the first Motion filed by Leary pro se in this action, Plaintiff noticed what appeared to be major differences between Leary's verified signature in Canadian Court pleadings, motions and affidavits and those being submitted using Leary's name, mailed to this Court Clerk from various points in the New Orleans and Baton Rouge Metropolitan areas. Mr. Leary is a resident of East Kemptville, Nova Scotia. Plaintiff also noticed what appeared to be the distinctive handwriting of Mr. Leary's business partner Daniel G. Abel on certain of Leary's Motions and the envelopes that were used to mail Leary's Motions, Pleadings and Other Papers to the Court Clerk.

While the Plaintiff has received basic training in forensic handwriting analysis and procedural techniques, such training was geared to provide skills in the field of auditing under Generally Accepted Auditing Standards rather than qualification as forensic document examiner. Plaintiff therefore retained a Forensic Document Examiner, Ms. Adele Thonn, to analyze the handwriting samples and render an opinion.  Ms. Thonn found it "**Probable** that the writer of the known *Charles L. Leary* signatures **Did Not** sign the Questioned documents." Ms. Thonn also found "**Indications** that *Daniel G. Abel* may be the writer of the Questioned "OCTOBER" on Q2."[1]

---

[1] See Ms. Thonn's report dated November 10, 2017 attached as an Exhibit to the Motion accompanying this Memorandum.

Additionally, Ms. Thonn found that the known Leary signatures were executed "at a swift speed, with a rightward slant" while the questioned signatures "are written at a normal to swift speed, with a vertical slant". Ms. Thonn further found that Mr. Abel's known handwriting was executed "at a normal speed, with a vertical slant".

Ms. Thonn's forensic analysis, coupled with the undisputed point of origins of Mr. Leary's pro se pleadings being mailed to the Court Clerk from the New Orleans metropolitan area[2] while bearing a Canadian return address leads to the very reasonable conclusion that Mr. Leary's business partner Daniel Abel is ghostwriting and signing Charles Leary's names to the pro se pleadings, motions and other papers submitted to the Court in Mr. Leary's name.

## LAW AND ARGUMENT

There is a threshold question that must be addressed by this Court is the admissibility of Ms. Thonn's report and her qualifications as an expert in the area of Forensic Document Examination. Plaintiff respectfully submits this Court should determine that Ms. Thonn is an expert in her field. As a result, the Court may use her report to aid in resolving any disputed facts involving Leary's signature, which the Plaintiff avers at the minimum is being forged by a third party

---

[2] See ECF 159-4 attached as an Exhibit to the Motion accompanying this memorandum as the lone exception to Leary's mailings to the Court from NOLA metro bearing a Nova Scotia return address. The return Federal Express shipping address is "Charles Leary, 2421 Clearview Parkway, Metairie LA 70001" such address being that of the Super 8 Motel, such also being Daniel Abel's address. Court mail relating to the filing at that address was returned as being undeliverable at ECF No. 169 as attached as an Exhibit to the Motion accompanying this memorandum.

before Leary's pleadings, motions and other papers are submitted to the Court Clerk.

The U.S. Supreme Court has held in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L.Ed.2d 469, 113 S. Ct. 2786 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 143 L.Ed.2d 238, 119 S. Ct. 1167 (1999), that the trial court must act as a gatekeeper and determine, at the outset, whether a purported expert is qualified to express a reliable opinion based on sufficient facts or data and the application of accepted methodologies. These cases indicate that a trial court should apply a two-step inquiry. A court should first determine whether the expert's testimony reflects "scientific, technical, or other specialized knowledge." That is, the court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. Second, the court should ensure that the proposed expert testimony is relevant and will aid the trier of fact. *Id.*

In performing this gate-keeping responsibility, trial courts may consider whether a theory or technique can be or has been tested; whether it has been subjected to peer review and publication; whether there is a high known or potential rate of error; whether there are standards controlling the technique's operation; and whether the theory or technique enjoys general acceptance within a

4

relevant scientific community. In this way, a trial judge is given discretion to consider these "Daubert factors" in determining how and in what manner to make reliability determinations for potential expert witnesses.

Most courts agree that the field of forensic document examination is premised on the assumption that no two persons' handwriting is exactly alike. The field assumes that each person has a unique handwriting pattern that allows the person to be identified through a comparison of proper handwriting specimens. Analysts subjectively assess the qualities and quantities of characteristics such as pen lifts, shading, pressure and letter forms. All acknowledge that this is not an exact science and that different experts can reach different conclusions.

Mississippi case law is replete with examples of the reports of forensic document examiners testimony and reports being admitted as evidence. In *Spectrum Oil, LLC v West, et al*, 34 So. 3d 1213 (MS Ct. App. 2010) the trial Court questioned findings of the forensic document expert in order to completely understand his findings, which the Court then used to decide the underlying issues involving a deed circa 1908 that was disputed in that matter.

That Courts in Mississippi accept the reports and testimony of a Forensic Document Examiner is not unusual as the individuality of handwriting has been successfully proven through consideration of the five Daubert factors in Courtrooms across the United States.

5

In an article titled *"Individuality of Handwriting"* in the Journal of Forensic Sciences, Dr. Sargur N. Srihari presented research which found that based on the consideration of only eight characteristics, a computer algorithm, which used the standards promulgated by Scientific Working Group for Forensic Document Examination, identified each of the 1,500 writers in the study with a 98% confidence level. Dr. Srihari also found that when considering more than eight characteristics, the research suggested that the confidence level would approach 100% (*Srihari*, 2002).[3]

The fact that Forensic Document Examiners (FDEs) use scientific standards to perform their work which are both peer reviewed and generally accepted is significant to Courts using their reports and testimony to resolve legal disputes. Research by Dr. Moshe Kam supports the proficiency of FDEs:

- *Proficiency of Professional Document Examiners in Writer Identification* (*Kam et al.*, 1994). In this study, FDEs performed better than college graduates who were non-experts.

- *Writer Identification by Professional Document Examiners* (*Kam et al.*, 1997). IN this study it was found that Laymen were six times more likely than FDEs to incorrectly identify questioned writing.

---

[3] These computer algorithms are used by major law enforcement agencies such as the Federal Bureau of Investigation.

- *Signature Authentication by Forensic Document Examiners* (*Kam et al.*, 2001). In this study, FDEs had a 0.49% error rate compared to a 6.47% error rate for laymen.

- *Writer Identification Using Hand Printed and Non-Hand Printed Questioned Documents* (*Kam and Lin*, 2003). Laymen incorrectly identified hand printed documents at a 40.45% rate, while FDEs incorrectly identified hand printing at a 9.3% rate.

In this instant matter Ms. Thonn's credentials are presented via Curriculum Vitae attached to her report. She is an associate member of the National Association of Document Examiners and uses established techniques in her work. Her work product has been admitted as evidence in five different state Courts in and around the greater New Orleans Metropolitan area and she is very active in her profession. Ms. Thonn and her report on this matter clearly meet each of the *Daubert* factors.

Should this Court agree with Plaintiff that Ms. Thonn's report can be used under Federal Rule of Evidence 702, it's conclusions are very troubling. The practice of a third-party ghostwriting and signing a Pro Se litigant's pleadings and motions violates Federal Rule of Civil Procedure 11as well as the Mississippi Rules of Professional Conduct. In Mississippi, the preparation of motions and

pleadings such as those listed on pages one and two of this Motion have "been held to constitute the practice of law."[4]

There is no constitutional guarantee that non-attorneys may represent other people in litigation. There is a narrow exception to this conclusion: a jail-house lawyer may help fellow prisoners file initial papers in habeas corpus actions when the state has failed to provide alternative aid to such prisoners in seeking post-conviction relief. *See Johnson v. Avery*, 1969, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718. "It is axiomatic that an individual may proceed pro se in civil actions in federal court, see 28 U.S.C. § 1654, but it is equally certain that those not licensed to practice law may not represent the legal interests of others" *Rodgers v. Police* 819 F.3d 205 (5th Cir. 2016) quoting *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir.1978). "An ordered society has a valid interest in limiting legal representation to licensed attorneys." *Guajardo v. Luna* 432 F.2d 1324, 1325 (5th Cir. 1970).

Further, by not signing his own pleadings, motions and other papers Leary attempts to escape making the required representations under Rule 11(b) that the items he presents to the Court are, "not being presented for any improper purpose,

---

[4] *Lanier v. Futch* (In re Futch), No. 09-00144-NPO, 2011 WL 1884187

such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."[5]

## CONCLUSION

Substantial evidence exists that Defendant Charles Leary is using a third party to sign and ghostwrite, the pro se pleadings, motions and other papers being filed with the Court in this matter.

Plaintiff respectfully requests the Court, after holding appropriate proceedings under the Federal Rules of Civil Procedure, strike Defendant Leary's pro se filed pleadings, motions and other papers from the record due to the fact he did not sign them.

Respectfully submitted this 16th day of November, 2017,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

---

[5] Federal Rules of Civil Procedure 11(b).

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on November 16, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on November 16, 2017, I mailed the foregoing to Charles Leary at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 16th day of November, 2017,


_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com