## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 22 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE

v.                                        CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## REBUTTAL OF DEFENDANT LEARY'S OPPOSITION TO MOTION TO STRIKE (ECF 180)

Plaintiff Douglas Handshoe respectfully submits this rebuttal to defendant

Leary's reply (ECF # 189) to Plaintiff's Motion to Strike (ECF #180) and will

show that the Plaintiff's Motion should be well taken and granted.

Defendant Leary contends that the Court should not grant plaintiff's Motion to

Strike under Rule 12(f) because the objectionable material does not constitute a

pleading within the meaning of Rule 12.

As is more fully explained in the contemporaneously filed Memorandum in

Support of this Rebuttal, Leary's filings including his opposition that is the subject

of this rebuttal violates Rule 11 as it is "probable" a third party, more likely than

1

not suspended lawyer Daniel Abel, is ghostwriting and signing Leary's name to his filings with this Court as is detailed at ECF Nos. 191 and 192.

However, Federal Courts have the inherent power to control their dockets. These inherent powers are mechanisms for "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." See *Chambers v Nasco, Inc.*, 501 U.S. at 43

Instant Plaintiff is a Pro Se litigant in this instant matter which allows the Court to more broadly construe sought after relief. In fact, in *Handshoe v Abel*, this Court struck scandalous court filings despite the scandalous document not being pleading within the strict meaning of Rule 12.[1]

Attached to this Motion is the following Exhibit:

Email from Charles Leary dated November 7, 2017 which illustrates Leary's habit and practice of targeting of Plaintiff's lawyers (Cruthird, Truitt, Rideout), business partner, spouse and other parties including a process server, none of whom have any connection to this instant Copyright matter.

---

[1] See MSSD Case No. 1:14-cv-00159-KS-MTP Document 14 Filed 08/11/14, Order granting Motion to Strike.

2

These matters are more fully explained in the contemporaneously filed

Memorandum in Support of this Rebuttal.

Respectfully submitted this 22nd day of November, 2017,


Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on November 22, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on November 22, 2017 I mailed the foregoing to Charles Leary and Vaughn Perret at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 22nd day of November, 2017,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com