IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                    CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

**MEMORANDUM IN SUPPORT OF REBUTTAL OF DEFENDANT
LEARY'S OPPOSITION TO MOTION TO STRIKE (ECF 180)**

Defendant Charles Leary presents a falsehood to this Court as a predicate to introducing third party proprietary salary and other immaterial and impertinent information to this Court in an inappropriate attempt to abuse the Court's process to attack certain entities and individuals personally, in this instance entities and persons that are not parties to this matter. Then falsehood involves a State Court proceeding where Leary claimed, but produced no evidence for this Court that instant Plaintiff had somehow valued the damages he sought in this action. Upon that blatant lie, Leary then disclosed proprietary third-party salary information he obtained in the State Court proceeding to this Court all while claiming good faith.

What this case is about is Leary submitting misrepresented takedown notices to certain interactive service providers in a vain attempt to collaterally attack a

1

judgment rendered against him by this court in the case *Trout Point Lodge et al v Handshoe*, a civil action in which Leary is an active contemnor for willfully ignoring show cause orders. That case itself represented a vain attempt to cover up Leary's involvement in a bribery and money laundering scheme that he and his business partners Vaughn Perret and Daniel Abel engaged in with the former President of the Parish of Jefferson, Aaron Broussard that Slabbed New Media exposed in its coverage of the implosion of the Broussard administration.

The increasingly desperate tactics of Leary and his business partners have finally crossed the proverbial Rubicon, exposing themselves and their lawyers in the State Court action to legal liability.  Instant Plaintiff endeavors to mitigate the damages to his PLLC as well as clear this Court's docket of impertinent and immaterial filings which have abused the processes of this Court to attack third parties such as Plaintiff's business partner.

## LAW AND ARGUMENT

Plaintiff's arguments to strike centered on case law surrounding Rule 12 Motions but also the inherent power of the Court to police its dockets as a mechanism for "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." See *Chambers v Nasco, Inc.*, 501 U.S. at 43. Defendant Leary would deny the Court such a mechanism on a purely procedural basis.

2

As is illustrated at Exhibit 1 to the Motion accompanying this Memorandum, Leary expresses the intent to drag third parties into this Copyright case such as Plaintiff's lawyer Gerald Cruthird who represents Plaintiff in *Trout Point et al v Handshoe*, the case where Leary is an active contemnor. Cruthird was never involved in the bankruptcy matter involving Slabbed New Media LLC yet Leary lists both he and Jack E. Bobby Truitt, plaintiff's other lawyer in *Trout Point et al v Handshoe* as witnesses to his nonsensically plead 362(a) violation counterclaim.[1] While the purpose of this memorandum is not to precipitate a discovery squabble as Plaintiff seriously doubts Leary has the gumption to either harass Cruthird or Truitt or show up for his own deposition in this matter, it does illustrate the form of abuse of the Court's processes Leary attempts by dragging third parties whose participation in the instant matter was never pleaded and who demonstrably have no connection to this copyright matter. In the materials Plaintiff seeks to have this Court strike, Leary devoted significant portions to discussing the salary of Plaintiff's business partner, a matter which has no connection whatsoever to Leary's main, demonstrably false argument, that instant Plaintiff somehow valued his damages for this action in State Court.

## CONCLUSION

Defendant's Rebuttal Re: Motion for Judicial Notice (ECF #170, 170-1 & 170-2) constitutes an inappropriate attempt to abuse the Court's process to attack

---
[1] Slabbed New Media, LLC was represented in the bankruptcy matter by Craig Geno, Esq.

Plaintiff and other third parties via a pleading that contains material and accusations that are unnecessary to a decision on the matter in question. Plaintiff respectfully requests Defendant's Rebuttal Re: Motion for Judicial Notice (ECF #170, 170-1& 170-2) be struck from the record.

          Respectfully submitted this 22nd day of November, 2017,

_____

Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com


## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on November 22, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on November 22, 2017, I mailed the foregoing to Charles Leary at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 22nd day of November, 2017,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com