

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                             PLAINTIFF

VS.                                            CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, ASHOKA, XYZ
FOUNDATION & JOHN DOES 1-50                                  DEFENDANTS

**PLAINTIFF BY COUNTERCLAIM LEARY'S OPPOSITION TO DEFENDANT BY COUNTERCLAIM HANDSHOE MOTION FOR SANCTIONS (ECF 191)**

Charles Leary opposes Mr. Handshoe's motion for sanctions, which is truly a motion for summary dismissal filed two days after a first Motion to Dismiss. Defendant by counterclaim Mr. Handshoe has filed a motion for sanctions under Rule 11; cf. Fed.R.Civ.P. 11(c)(2). He did so without required notice under Rule 11, and in the alternative Rule 26 and Rule 37, and has provided no evidence to support his motion.

Handshoe has filed a letter from an unqualified expert; *PEARSON-HEFFNER v. United States*, Civil Action No. 2: 02CV549-VPM (M.D. Ala. Oct. 30, 2006) ("the court cannot consider Dr. Islam's testimony on the standard of care because he did not testify as an expert. The plaintiff never advised the court of the defendant that she intended to offer Dr. Islam as an expert, she never qualified him as an expert, and none of the testimony elicited from him justifies that conclusion."). Mr. Handshoe has made allegations about Leary's pleadings in an unprecedented and procedurally faulty attempt to do away with all of Leary's claims. His motion is procedurally barred.

1

> Fed.R.Civ.P. 11(c)(2) states:
>
> A *motion for sanctions* must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but *it must not be filed or be presented to the court* if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected *within 21 days after service* or within another time the court sets.

Mr. Handshoe's motion for sanctions under Rule 11 should be denied; he did not provide the mandatory 21-day safe harbor of that Rule. Handshoe's motion is procedurally barred, and having himself recently been subject to such a Rule 11 motion, Handshoe knew of this requirement when he filed his improper motion in this case.

> Rule 11(c) provides for a "safe harbor" provision that requires a party to serve a motion for sanctions on the opposing party twenty-one (21) days before filing it with the Court. Yount's Motion for Sanctions [84], filed on January 12, 2016, references actions taken by Plaintiff on January 6, 2016, just six days prior to the filing of the motion. It is therefore apparent that Yount could not have possibly served the motion on Plaintiff the twenty-one (21) days before filing it with the Court, as required by Rule 11(c). His Motion for Sanctions [84], then, is procedurally barred and must be denied.

*Handshoe v. Abel*, Civil Action No. 1: 14-CV-159-KS-MTP (S.D. Miss. Feb. 8, 2016).

Notably, Handshoe's "expert" states that she only received materials from Handshoe on November 3, 2017, making it plain that Handshoe could not have provided the 21-day safe harbor to Leary before filing the instant motion.

Even were the court to accept Handshoe's conclusory allegations and the submitted letter as "evidence" Fed.R.Civ.P. 26(2)(a) requires "*[i]n addition* to the disclosures required by Rule 26(a)(1), a party *must* disclose to the other parties the identity of any witness . . ." In addition, "parties must supplement these disclosures when required under Rule 26(e)." Rule 37(c)(1) states:

> *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), *the party is not allowed to use that information or witness* to supply <u>evidence on a motion</u>, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

2

> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Mr. Handshoe's has never informed Dr. Leary of his expert. Quite the opposite, he withdrew his assertion made in his draft Rule 26 order presented to the court regarding an expert witness, and he never supplemented that disclosure.

His Rule 11 sanctions motion came a couple of days after he filed a Motion to Dismiss that made no mention of Handshoe's current arguments, both of which would have the same result were they to be successful. Handshoe's tactics are replete with the elements of surprise the Federal Rules of Civil Procedure are designed to eliminate from civil litigation and run counter to Fed.R.Civ.P. 1.

In addition, Handshoe never informed Leary or the court about the existence, identity, and purpose, of his "expert witness." Mr. Handshoe apparently believes in "trial by ambush." He clearly knew of the expert when he provided his draft case management order two weeks before the case management conference. In fact he then told Magistrate Judge Gargiulo on October 26, 2017, that he would not be using any expert witness, as reflected in the resulting Rule 26 Order from Magistrate Gargiulo. He also failed to update that intention.

> [P]ursuant to Rule 26(e)(1), a party is subject to "a continuing duty to make a seasonable supplementation to its original answers to any question asking for the identity of an expert witness expected to be called at trial, the subject matter on which the expert will testify and the substance of his testimony." *Hancock v. Hobbs,* 967 F.2d 462, 468 (11th Cir.1992). The defendants indicate that Reese "never amended his initial disclosures to disclose to all parties his purported expert witness and said expert's written report."

*Reese v. Herbert,* 527 F.3d 1253 (11th Cir. 2008).

"[T]he expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. S. Co.,* 390 F.3d 695, 728 (11th Cir.2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457-58, 126 S.Ct. 1195, 1197-98, 163 L.Ed.2d 1053 (2006) (citing

3

*Sherrod,* 223 F.3d at 613)." Reese, id.

Handshoe provided no reason or justification for his failure to make disclosure, and *since his motion seeks to erase all of Leary's claims, it is not harmless.*

In addition, the "expert report" submitted by Handshoe is complete hearsay and does not comply with Federal Rule of Evidence 702. The materials examined by the expert are unfit for their purpose. *US v. Garza,* 448 F.3d 294 (5th Cir. 2006). Numerous district courts have found handwriting analysis inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), that is "methodology fundamentally unreliable and critically flawed in so many respects." *Almeciga v. Center for Investigative Reporting*, 185 F. Supp. 3d 401 (S.D.N.Y. 2016); *US v. Saelee,* 162 F. Supp. 2d 1097 (D. Alaska 2001).

For all of the above reasons, Mr. Handshoe's motion for sanctions must be denied.

This the 30TH day of November, 2017.

Respectfully submitted,
DEFENDANT (PLAINTIFF BY COUNTERCLAIM)
DR. CHARLES L. LEARY

*/s/ Charles L. Leary*
appearing pro se

Charles L. Leary
140 Trout Point Road
E. Kemptville, Nova Scotia B5A 5X9 CANADA
Telephone 902-482-8360
Fax 800-980-0713
foodvacation@gmail.com

4

## CERTIFICATE OF SERVICE

I, Charles Leary, defendant and plaintiff by counterclaim, hereby certify that I have this date filed the foregoing with the Clerk of the Court via postal channels, and that the ECF system will send notification of such filing to the following:

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
**Pro Se Plaintiff**

So certified, this 30th day of November, 2017.

Charles L. Leary