# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.                                    CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF REBUTTAL OF DEFENDANT LEARY'S OPPOSITION TO MOTION TO DISMISS (ECF 196)

Defendant Charles Leary presents more falsehoods to this Court as a predicate to defending his Counterclaims against their certain dismissal due to his lack of standing and other major procedural defects identified by the Plaintiff in his Motion to Dismiss. He again conflates his actions with those he previously admitted to this Court were done on behalf of Trout Point Lodge, Limited, a party that has defaulted in this matter. He also intentionally conflates the actions of the Plaintiff in his personal capacity with those of his media company Slabbed New Media, LLC. Leary clearly exists in some weird alternative legal landscape where he falsely claims to be a judgment creditor of the Plaintiff and takes no responsibility for his willfully ignoring the Show Cause orders of Judge Louis

1

Guirola instead claiming attempts to collect the judgment against him constitute an abuse of process.

What this case is about is Leary and Trout Point Lodge Ltd submitting misrepresented takedown notices to certain interactive service providers in a vain attempt to cover up Leary's involvement in a bribery and money laundering scheme that he and his business partners Vaughn Perret and Daniel Abel engaged in with the former President of the Parish of Jefferson, Aaron Broussard that Slabbed New Media exposed in its coverage of the implosion of the Broussard administration.

What this case is not is about the Chapter 11 Bankruptcy of Slabbed New Media, LLC, a nonparty to this civil action or the Show Cause orders issued by Judge Guirola which Leary has willfully ignored. Worse, Leary attempts to relitigate matters which he previously brought against Plaintiff personally in Canada.

## STANDARD OF REVIEW

For a Rule 12(b)(1) motion this Court elucidated at *ECF No.* 157 that the "trial court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

2

This Court quoting *Crane v. Johnson*, 783 F.3d 244, 250 (5th Cir. 2015) "[T]he jurisdictional issue of standing is a legal question," and "[t]he party invoking federal jurisdiction bears the burden of establishing standing." *Id.*"

For a Rule 12(b)(6) motion, the "Plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "Pleadings are demanded which are more than unadorned, "the-defendant-unlawfully-harmed-me accusation[s]"" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a plaintiff's right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007). "To be "facially plausible" the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 679. If the plaintiff's facts pled only permit an inference of the mere possibility of misconduct, no right to relief is shown.

To determine whether Counterclaims are Permissive or Compulsory, a counterclaim will be found to be compulsory when a "logical relationship" exists between the claim and the counterclaim. *Incas & Monterey Printing & Packaging, Ltd. v. M/V Sang Jin*, 747 F.2d 958, 964 (5th Cir. 1984).

In assessing whether a logical relationship exists, the Fifth Circuit has developed a four factor test in which the court asks: "(1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res

3

judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim." *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir.1992). If the court answers any of the four questions in the affirmative, then the claim is compulsory. *Underwriters at Interest on Cover Note JHB92M10482079 v. Nautronix, Ltd.*, 79 F.3d 480, 483 n.2 (5th Cir. 1996). The focus of this approach centers on whether the claim and the counterclaim share an "aggregate of operative facts, " drawing on a similarity of facts and legal issues. See 3 Moore's Federal Practice § 13.10[1][b] (citing *McDaniel v. Anheuser-Busch*, Inc., 987 F.2d 298, 303-04 (5th Cir.1993)).

## LAW AND ARGUMENT

Plaintiff posited nine different reasons spanning three Federal Civil Procedure Rules why Leary's counterclaims are due to be dismissed. In his opposition Leary focuses on trying to bootstrap this Court's jurisdiction by contending his counterclaims are compulsory despite the fact he lacks standing to assert any claims under 17 U.S.C. § 512(f) and is precluded from attempting to re-litigate causes of action he already asserted in Canada.

Standing "is a jurisdictional question which must be resolved as a preliminary matter . . . by motion under F.R.C.P. 12(b)(1) or on the court's own

4

motion." *Xerox Corp. v. Genmoora Corp.*, 888 F. 2d 345, 350 (5th Cir. 1989). In order to satisfy the Constitutional standing requirement of Article III, a [counter] plaintiff must adequately allege "an injury in fact . . . that is fairly traceable to the challenged conduct of the defendant." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); see also, *Hastey v. Bush*, 100 F. App'x 319, 319 (5th Cir. 2004)(plaintiff must allege "an 'injury in fact' that is concrete and particularized and actual or imminent'")(citation omitted); *Comer v. Murphy Oil USA, Inc.*, 839 F. Supp. 2d 849, 858 (S.D. Miss. 2012)(plaintiff must have "suffered an injury in fact" which is "concrete and particularized . . . and actual and imminent" and "a causal connection must exist between the injury complained of the and the defendant's conduct"), aff'd 718 F.3d. 460 (5th Cr. 2013). A particularized injury is one which "must affect the plaintiff in a personal and individual way," rather than an injury to another person or entity. *Spokeo*, 136 S. Ct. at 1548. A counter plaintiff may only assert "his or her own legal rights and interests rather than the legal rights and interests of third parties." *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009).

      Leary has not established, and cannot establish as a matter of law, that he can carry his burden of establishing standing to bring the claims alleged in his First Amended Counterclaims. Leary, as the party invoking federal jurisdiction, must establish standing by "alleg[ing] facts demonstrating" both a particularized injury

5

in fact that is personal and fairly traceable to the actions of Handshoe in his personal capacity (based upon the allegations in the Complaint), and that he is asserting his own legal rights and interests and not the legal rights or interest of third parties such as Trout Point Lodge, Limited. The First Amended Counterclaims conclusively establishes that the Leary has not personally suffered a particularized injury that is fairly traceable to any actionable conduct of Handshoe acting in his individual capacity. Leary is attempting to prosecute claims of Trout Point Lodge, Limited, a party in default, rather than his own claims by Leary's own admission.

The question then becomes which story Leary would have the Court now believe, that in sending the various takedown notices he was acting exclusively on behalf of Trout Point Lodge, Limited. (*See* ECF 97, Page 11, Heading, "The takedown notices were issued by, or on behalf of, a non-party, Trout Point Lodge, Ltd.") under Canadian law (*See* ECF 97, Page 14, Under Heading III, "Plaintiff's Third Amended Complaint fails to state a claim because the notices provided by Trout Point were made pursuant to Canadian law." or the one Leary is now telling the Court via his Counterclaims that he owned the United States rights to the images in question and was ostensibly acting on his own behalf in asserting Counterclaims related to the takedown notices he previously argued was send exclusively by Trout Point Lodge, Limited. Simply put Leary either told this Court

6

bald-faced lies his previous motions to dismiss or now seeks to change his story to attempt to assert claims that are not his.

Similarly, Leary seeks to assert torts against Plaintiff Handshoe personally involving the actions of nonparty Slabbed New Media, LLC, specifically alleging frauds involving the Slabbed New Media, LLC's bankruptcy and supposedly violating a bankruptcy stay for attempting to collect a validly assigned judgment against Leary that he conclusory contends is fraudulent. Leaving aside the fact that Leary attempted to pursue collection of his Canadian judgment in Circuit Court before it was auctioned off on the steps of the Stone County Courthouse on October 30, 2017, such being the proper venue for this matter, he does not plead how the assignment was fraudulent. And for all of Leary's meaningless sound and fury directed at Judge Guirola's conduct on the SPEECH Act case, notably his show cause orders directing Leary to appear, Leary outright attempts to mislead the Court maintaining he experienced a "lack of notice" in a proceeding which he was clearly represented by Counsel. Simply put Leary had a chance to take his complaints to the proper courtroom but instead attempts to hijack a copyright case to collaterally attack the Judgment against him as well as the related contempt orders by recycling arguments he previously made in a Motion for Discipline he filed against instant Plaintiff's attorneys in the SPEECH Act matter.

Leary contends that the fact he lied in his Amended Counterclaims about not receiving notice of Judge Guirola's Show Cause Orders is somehow sufficient to sustain his cause of action against a Motion to Dismiss under Rule 12(b)(6).[1] This argument is clearly without merit. "A (complaint) may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." (citations omitted). *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 99-100 (5th Cir. 1974). Conclusory allegations and unwarranted deductions of fact are not admitted as true, *Ward v. Hudnell*, 5 Cir. 1966, 366 F.2d 247, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citations omitted) *Associated Builders, Inc.* at 100 (5th Cir. 1974). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th

---

[1] See ECF 196, page 7, 4th paragraph, "Handshoe argues that Leary had proper notice of orders and motions in case 12-CV-90, but the FAC pleads precisely the opposite: he had no notice."

8

Cir. 2014)[2] Leary had notice of all the proceedings against him as judgment debtor and his attempts to bootstrap fraud and abuse of process torts to such an obvious lie cannot stand upon cursory scrutiny.

Assuming arguendo this Court were to find that Leary did have standing to assert the counterclaims of Trout Point Lodge, Limited it is clear there is no subject matter jurisdiction available for the Court to hear the various state common law tort claims including those related to fraud as these are not compulsory counterclaims.

The four part analysis used by Courts in the Fifth Circuit includes"(1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim." *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir.1992). If any of the four questions in the affirmative, then the claim is compulsory. *Underwriters at Interest on Cover Note JHB92M10482079 v.*

---

[2] See also *Collins*, 224 F.3d at 498; see *Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 293–94 (5th Cir.2008) (considering exhibits attached to an opposition because "[n]o party questions the authenticity of these two documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss"); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) ( "But because the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss.") (citing *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004)).

9

*Nautronix, Ltd.*, 79 F.3d 480, 483 n.2 (5th Cir. 1996). The focus of this approach centers on whether the claim and the counterclaim share an "aggregate of operative facts, " drawing on a similarity of facts and legal issues.

In arguing that the state common law causes of action are not preempted under the United States Copyright Act Leary posited for the Court, "Leary is not suing Handshoe both for misrepresentation and abuse of process, malicious prosecution, and fraud, for acts of sending misrepresented counternotifications. For example, acts of causing abusive process to issue from Mississippi federal and state courts are based on completely distinct facts." He then self contradicts his previous statement, "Leary's injuries stem from two distinct heads of damages arising out of a common nucleus of facts."[3]

While it is nonsensical to contend that "completely distinct facts" can somehow arise from a "common nucleus of facts" Leary unwittingly explains why his state tort Counterclaims are not compulsory as they do not arise from, or have any connection to the misrepresentation claims made by the Plaintiff. The facts and legal issues are not the same, Leary's state court counterclaims involve collections efforts in the SPEECH Act case and Mississippi State Court proceedings that have noting to do with Leary serially sending misrepresented Takedown notices to Slabbed New Media's webhosts nor would his failure to assert them in a forum

---

[3] See ECF 196, Page 12, 2nd Paragraph

devoid of jurisdiction preclude him from asserting them in state court.[4] Additionally the evidence required to resolve the misrepresentation claims would differ substantially from that of Leary's state common law torts and there is no logical relationship between Leary's state common law claims and the Copyright claims that are the subject of the civil action "are based on completely distinct facts" per Leary's own memorandum to Plaintiff's motion to dismiss. The Court lacks jurisdiction to hear these claims and they are due to be dismissed.

Notably in the section of Leary's opposition styled "Limitations argument" Leary again intentionally conflates Slabbed New Media, LLC with Plaintiff in his personal capacity. Beginning on page 14 all the Court need do is substitute "Slabbed New Media, LLC" for "Handshoe" to highlight the absurdity of Leary's arguments. Worth noting is neither Expedia or Torstar ever sent takedown notices over their copyrighted works used in Slabbed New Media publications and Smulders/Progress Media have defaulted in this matter admitting the allegations Plaintiff made against them in the process. The fact is by Leary's own admissions in his motion to dismiss at ECF 97, he is asserting Trout Point Lodge's causes of action – either that or he perjured himself in that motion, contradicting the takedown notices which were clearly sent by Trout Point Lodge. An important point to consider is that Plaintiff previously exhibited Slabbed New Media, LLC's copyright registration of the YouTube video while Leary intentionally conflates its

---

[4] Leary will have a chance at that, whether he realizes it or not at this juncture.

ownership on Page 16 when he claims, "Handshoe illegally claimed the U.S. copyright in the photograph at issue here and that registration misrepresented facts to the copyright office." Such misstatements of fact and outright lies pervade Leary's pro se filings with this Court.

Along those lines Leary spends several pages of verbiage trying to explain his justification for accusing Plaintiff of violating a bankruptcy stay when he assisted with collection efforts of the judgment assigned to Slabbed New Media, LLC claiming that efforts to convert the judgment to cash to pay attorney fees somehow diminished the bankruptcy estate. Instant Plaintiff was not taking anything from Slabbed New Media, LLC as Leary conclusory alleges conflating the fact that Slabbed New Media, LLC was the debtor in possession, not a creditor of the bankruptcy estate as Leary nonsensically asserts. Simply put Leary does not coherently allege any of the basic elements of a 11 U.S.C. §362 claim.

This Court has previously ruled that Plaintiff lacked standing to assert 512(f) claims belonging to Slabbed New Media, LLC yet Leary argues that he should be held vicariously liable for the actions of Slabbed New Media, LLC, which Leary nonsensically describes as "a sole-proprietorship limited liability company". Despite the fact the YouTube video in question was created and owned by Slabbed New Media, LLC, Leary argues Plaintiff in his personal capacity is "the personal creator of the YouTube Video", again an intentional misrepresentation on his part.

In this matter, Leary would purport to sue the owner of the LLC and ignore the principle actor in an attempt to pierce the corporate shield of Slabbed New Media, LLC. This is clearly precluded by Miss. Code. Ann. § 79-29-311(2) which specifies the LLC is the proper defendant. While Plaintiff will not engage in speculation if he could be sued alongside his LLC by Leary in these circumstances, it is worth noting that Slabbed New Media, LLC did attempt to intervene in this matter and that was opposed by Leary. It is unclear how Leary would purport to obtain discovery from such a nonparty, which are central to his copyright and other counterclaims and which he opposed intervening in this matter.

Leary is clearly issue and claims precluded from reasserting copyright infringement claims against the Plaintiff in his personal capacity as he has already sued Plaintiff for this matter in Canada. "For a prior judgment to bar an action on the basis of res judicata, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases.... This Court has recognized that the principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action." *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir.1983). This is clearly the case here as the parties are identical, the Canadian

Court had jurisdiction over the Canadian Copyright Act, a final judgment has been issued and the same cause of action for Copyright Infringement is asserted in both.

Finally, Leary did not rebut Plaintiff's assertion in the motion to dismiss that he failed to plead essential elements of a claim under section 512(f) or the multiple elements involved in his state common law causes of action.

## CONCLUSION

At the end of the day Charles Leary is stuck in a quagmire of his own creation. All of Leary's counter claims are due to be dismissed and in the unlikely event any should survive they will be auctioned off by the Honorable Stone County Sheriff Mike Farmer on the steps of the Stone County Mississippi Courthouse along with Leary's "newly found" United States Copyrights.

Respectfully submitted this 6th day of December, 2017,

Douglas Handshoe, Plaintiff
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on December 6, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on December 6, 2017, I mailed the foregoing to Charles Leary at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 6th day of December, 2017,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com