IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.                                CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## REBUTTAL OF DEFENDANT/COUNTERCLAIMANT LEARY'S OPPOSITION (ECF 197) TO PLAINTIFF'S MOTION FOR SANCTIONS (ECF 191)

Plaintiff Douglas Handshoe respectfully submits this rebuttal of Defendant / Counterclaimant Leary's opposition (ECF # 197) to Plaintiff's Motion to for Sanctions Dismiss (ECF #191) and will show that the Plaintiff's Motion should be well taken, a Daubert hearing be called in this matter to qualify Plaintiff's Forensic Document Examiner as an expert and upon consideration of the evidence strike Defendant/Counterclaimant Leary's forged signature pleadings from the record in this case.

Defendant Leary, via what Plaintiff would contend is another pleading containing Leary's forged signature, makes two procedural arguments, one fact

1

based argument and one legal based argument in his opposition to the Motion to Sanctions. These arguments are summarized below:

- The Rule 11 Motion lacks the safe harbor notice contained in Rule 11(c)
- The existence of the expert was not disclosed to Leary in a timely manner pursuant to Rules 26(2)(a) and 26(e).
- Plaintiff's Forensic Document Examiner is an "unqualified expert".
- The Forensic Document Examiner's report is complete hearsay.

In the Memorandum accompanying this rebuttal Plaintiff will show the above arguments have no basis in either fact, civil procedure and law. For example, Forensic Document Examiner Adele Thonn's curriculum vitae was attached to her report, which clearly indicated she has been recognized as an expert in her scientific field in no less than five different Louisiana Judicial District Courts in and around the New Orleans Metropolitan area.

Additionally, the Motion for Sanctions was made pursuant to Rule 11, more specifically Rule 11(a), which states in part, "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.". Motion made under this rule do not carry the Notice Requirement required for such Motions made under Rule 11(b). Plaintiff contends Rule 11(a) is applicable as a pleading that contains a forged signature would not comport to the most basic requirements of Rule 11(a), which requires that, "Every pleading, written motion, and other paper must be signed by at least one attorney

2

of record in the attorney's name—**or by a party personally if the party is unrepresented**." (Emphasis added).

Finally, Plaintiff was well within his time limits for the disclosure of expert testimony per Rule 26(2)(d) in the event the Court would find Rule 26 applies here. Plaintiff began the search for a Forensic Document Examiner on October 27, 2017 and did not engage Ms. Thonn's services until the next week. Contrary to Leary's assertion that Plaintiff withheld information from he and the Court quite the opposite is true, once Plaintiff realized the fraud Leary was attempting to perpetrate upon the Court, he acted expeditiously in taking the steps necessary to properly bring it to the Court's attention as soon as such was possible.

Here Defendant Leary would have the court ignore his forged signatures on pleadings, motions and other papers that a non-party signed and filed on his behalf on procedural grounds, presupposing that Plaintiff's expert is not qualified to render an opinion in this matter. Notably, Leary did not deny the veracity of the conclusions of Ms. Thonn's report[1].

---

[1] When faced with a similar situation involving an attorney forging another's electronic signature on a pleading in Nevada, the Court referred the matter to the local United States Attorney for possible criminal prosecution. *In re Smith*, 426 B.R. 783 (Bankr. D. Nev. 2011)

3

These matters are more fully discussed in the accompanying Memorandum contemporaneously filed with this rebuttal.

        Respectfully submitted this 8th day of December, 2017,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on December 8, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on December 8, 2017 I mailed the foregoing to Charles Leary and Vaughn Perret at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 8th day of December, 2017,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com