IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.   CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF REBUTTAL OF DEFENDANT/COUNTERCLAIMANT LEARY'S OPPOSITION (ECF 197) TO PLAINTIFF'S MOTION FOR SANCTIONS (ECF 191)

Defendant Charles Leary makes two procedural arguments, one fact based argument and one legal based argument in his opposition to the Motion to Sanctions. These arguments are summarized below:

- The Rule 11 Motion lacks the safe harbor notice contained in Rule 11(c)
- The existence of the expert was not disclosed to Leary in a timely manner pursuant to Rules 26(2)(a) and 26(e).
- Plaintiff's Forensic Document Examiner is an "unqualified expert".
- The Forensic Document Examiner's report is complete hearsay.

Plaintiff rebuts each in turn.

Plaintiff's Motion for Sanctions was made pursuant to Rule 11, more specifically Rule 11(a), which states, "(a) Signature. Every pleading, written

1

motion, and other paper **must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.** (Emphasis added) Additionally, Rule 11(a) requires, "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.". Motions made under Rule 11(a) do not carry the Notice Requirement required for such Motions made under Rule 11(b). Plaintiff contends Rule 11(a) is applicable here as a pleading that contains a forged signature would not comport to its most basic requirements of Rule 11(a).

Similarly, Defendant Leary's contention that Plaintiff's Forensic Document Examiner was not timely disclosed to him under Rule 26(2)(a) is without merit. Assuming *arguendo* that Rule 26 applies to this situation, Plaintiff contends that he was well within the time limits established by Rule 26(2)(d), which sets deadlines for disclosure of experts, "(i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Again, assuming Rule 26 applies here Plaintiff was well within the time frames specified by both subparts (i) and (ii) as he began the search for a Forensic Document Examiner on October 27, 2017 officially engaging Ms. Thonn's services on November 1, 2017. Ms. Thonn received the documents on November 3, 2017 and

2

rendered her report thereon on November 10, 2017. After receiving Ms. Thonn's original report on November 13, 2017 Plaintiff filed the Rule 11 Motion three days later on November 16, 2017, completing the entire process in 16 days from the time Ms. Thonn's services were engaged and 20 days from the time that Plaintiff identified the very high likelihood the signatures on Leary's pleadings, motions and other papers filed with this Court were forged. Leary's arguments about not being timely notified of Ms. Thonn's involvement in this matter are therefore baseless.

Forensic Document Examiner Adele Thonn's curriculum vitae was attached to her report, which clearly indicated she has been recognized as an expert in her scientific field in no less than five different Louisiana Judicial District Courts in and around the New Orleans Metropolitan area including the New Orleans Civil District Court and the 24th Judicial District Court in Jefferson Parish. Simply put Ms. Thonn is absolutely qualified as an expert in her field and she used established scientific methods in her analysis that Courts in Mississippi have accepted for over 20 years.

Finally, Leary would brand the materials used by Ms. Thonn in her analysis including Leary original signatures on affidavits where he personally appeared before the Canadian Prothonotary as "hearsay" and "unfit for their purpose" without explaining how his original signatures would be unfit for comparison to

those contained on pleading filed with this Court that originate from New Orleans, Louisiana, a locale that is over 2,000 from Mr. Leary's permanent residence in Nova Scotia. The determination of the probative value of Ms. Thonn's work is for the Court to determine and while Plaintiff could provide several more examples of such expert testimony being deemed inadmissible to supplement those the Defendant cited, each determination was made on a case by case basis including in cases such as *Spectrum Oil, LLC v West, et al*, 34 So. 3d 1213 (MS Ct. App. 2010), where the Court both allowed as evidence and placed great reliance upon the report of a Forensic Document Examiner. Such is the purpose of the Daubert process.

Plaintiff respectfully submits that Ms. Thonn, whose work has been admitted in five different Louisiana Judicial District Courts in and around the New Orleans Metropolitan area and who came highly recommended to Plaintiff is imminently qualified and he is confident the Court will agree with this assessment.

## CONCLUSION

Substantial evidence exists that Defendant Charles Leary is using a third party to sign and ghostwrite, the pro se pleadings, motions and other papers being filed with the Court in this matter.

Plaintiff respectfully requests the Court, after holding appropriate proceedings under the Federal Rules of Civil Procedure, strike Defendant Leary's

pro se filed pleadings, motions and other papers from the record due to the fact the signatures are not his.

          Respectfully submitted this 8th day of December, 2017,

          _____

          Douglas Handshoe, Plaintiff
          Post Office Box 788
          110 Hall Street
          Wiggins, MS 39577
          (601) 928-5380
          earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on December 8, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all ECF participants of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on December 8, 2017, I mailed the foregoing to Charles Leary at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 8th day of December, 2017,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com