IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                                     CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF RESPONSE TO DEFENDANT/COUNTERCLAIMANT LEARY'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 202)

This Memorandum in Support of Plaintiff's Response to defendant / counterclaimant Charles Leary's Motion for Partial Summary Judgment (ECF #202) is respectfully submitted by Plaintiff Douglas Handshoe.

### RECENT PROCEDURAL BACKGROUND

This case is at a relatively early stage with discovery still in its earliest phase. On September 19, 2017 this Court ruled on several 12(b) Motions related to the Third Amended Complaint (ECF No. 157). Defendant Leary submitted his answer to the surviving counts and Counterclaims on October 10, 2017 (ECF No. 171). Leary amended his Counterclaims on October 23, 2017 (ECF No. 179). Plaintiff / Counter defendant filed a Motion to Dismiss the Counterclaims under

1

Federal Civil Procedure Rules 9 and 12 on November 13, 2017 (ECF No. 187) and the issues raised therein were fully briefed by the parties. Now Leary approaches the Court for a partial summary judgment claiming there are no material disputes of fact.

## LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 56, summary judgment may only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014). The Court "must view the evidence and draw reasonable inferences in the light most favorable to the nonmoving party." *Id.*[1]

Here, the legal issues to be decided are not close enough where instant Plaintiff will need the extra benefit of the doubt mandated by the Fifth Circuit in deciding Rule 56 motions as Leary's "irrefutable facts" are based in fantasy rather than the record while his interpretations of the law best described as infantilized. Worse, Leary can't keep his story straight about how a bankruptcy stay that works for the exclusive benefit of the debtor, in this instance Slabbed New Media, LLC somehow caused him damages that he blames on the instant Plaintiff / Counterdefendant.

---

[1] See also, *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205–06 (5th Cir. 2007)

2

Leary's claim that the Section 362 stay involving the voluntary Chapter 11 bankruptcy of Slabbed New Media, LLC somehow precluded the institution of collection procedures against him, Vaughn Perret and Trout Point Lodge, Limited for the attorney fee judgment against them has no foundation in the law as the stay works to benefit only to party/debtor-in-possession that instituted the bankruptcy action. In his "Motion" in support of his Motion for Partial Summary Judgment Leary conflates his status as a non-bankrupt judgment debtor with that of debtor-in-possession Slabbed New Media, LLC as well as conflating Plaintiff's actions taken in his personal capacity with those as the managing member of Slabbed New Media, LLC. Plaintiff never hid the fact the judgment he obtained against the absconding contemnors was assigned to Slabbed New Media, LLC despite Leary's fanciful claims to the contrary.[2]

Worse, Leary can't even keep his story straight as to the source of his damages. In his first amended counterclaims, Leary describes his damages as[3]:

> Leary suffered actual damages including damage to his entrepreneurial goodwill, sleeping problems, anxiety, and physical symptoms of stress as well as actual costs, tremendous lost time, and attorneys' fees. Leary prays for actual damages and attorney's fees. Leary also requests punitive damages

---

[2] See Exhibit at ECF No. 187-2.

[3] See ECF No 179, Page 16.

in an amount to be determined by the trier of fact for Handshoe's egregious conduct.[4]

In his Motion for Summary Judgement Leary now claims:

As a direct and proximate result of Mr. Handshoe's JDE motion filed while the bankruptcy stay was in place, Leary and Mr. Perret are apparently being held in contempt, which has caused Leary significant and concrete emotional distress as well as costs (Leary declaration) and sanctions. Trout Point Lodge, which is owned by Leary and Perret and is their primary source of income, has apparently also been held in contempt…

Leary's arguments, ever shifting to suit a particular moment as they are, remain imbecilic in their construct. Leary, Trout Point Lodge and Vaughn Perret were afforded every opportunity to appear before Judge Guirola in accordance with the Show Cause Orders and they willfully ignored Judge Guirola's Court Orders. The time for the contemnors to appeal Judge Guirola's Contempt Orders has expired. Vaughn Perret, a lawyer licensed by the State of New York, should know that it is the litigant's responsibility to know all the Court Rules including those that deal with pretending to be a pro se litigant when such litigant has Counsel enrolled in the case.[5] Trout Point Lodge, Limited was properly noticed of all the proceedings before Judge Guirola as were Leary and Perret via their Counsel. What they now attempt before this Court only serves to belittle Judge Guirola

---

[4] Leary now claims in his Motion for Partial Summary Judgment he was a Pro Se litigant in case number 12cv90 so it is unclear on what basis he ever sought Attorney Fees as damages.

[5] In this instant matter Leary and Perret claimed local lawyer Bob Wolford abandoned this case. Perhaps they should have referred to ECF No. 68 in this instant matter for guidance on how to handle such a situation before choosing to willfully ignore Judge Guirola's Show Cause Orders.

while infantilizing their own egregious conduct. Leary and company are contemnors due to their own outrageous conduct and now rightfully suffer the consequences for their actions.

As to Leary's copyright infringement counts for which he seeks summary judgment his Motion appears to re-argue his opposition to Plaintiff's Motion to Dismiss, couched in the form of a Summary Judgement Motion including the frivolous argument that the copyright claim he is issue and claim precluded from re-litigating is a compulsory counterclaim to a 512(f) claim which is clearly not the case. Leary wrote[6]:

> The copyright infringement claims made here by Leary are compulsory counterclaims given that Handshoe has claimed misrepresentation under the Copyright Act regarding infringement notices 17 U.S.C. section 512 and sought a declaration of non-infringement. "[E]very court that has discussed the issue has recognized that an infringement counterclaim is compulsory in an action for declaration of non-infringement." *Vivid Technologies, Inc. v. American Science*, 200 F.3d 795 (Fed. Cir. 2000)"

The problem with Leary's reasoning is that the declaratory counts Plaintiff sought were dismissed by the Court as not being ripe for adjudication. Leary now purports to assert infringement as a compulsory counterclaim based on a count in the Third Amended Complaint this Court dismissed, thus destroying his own arguments as to the claim being compulsory.

---

[6] See ECF No. 203, Page 27

In any event as a matter of law Leary has not established, and cannot establish, that he can carry his burden of establishing standing to bring the claims alleged in his First Amended Counterclaims. Leary, as the party invoking federal jurisdiction, must establish standing by "alleg[ing] facts demonstrating" both a particularized injury in fact that is personal and fairly traceable to the actions of Handshoe in his personal capacity (based upon the allegations in the Complaint), and that he is asserting his own legal rights and interests and not the legal rights or interest of third parties such as Trout Point Lodge, Limited. The First Amended Counterclaims conclusively establishes that the Leary has not personally suffered a particularized injury that is fairly traceable to any actionable conduct of Handshoe acting in his individual capacity. Leary is also attempting to prosecute claims of Trout Point Lodge, Limited, a party in default, rather than his own claims by Leary's own admission.

The question then becomes which story Leary would have the Court now believe, that in sending the various takedown notices enforcing the purported Canadian Copyrights of Trout Point Lodge, Limited that he was acting exclusively on behalf of Trout Point Lodge, Limited. (*See* ECF 97, Page 11, Heading, "The takedown notices were issued by, or on behalf of, a non-party, Trout Point Lodge, Ltd.") under Canadian law (*See* ECF 97, Page 14, Under Heading III, "Plaintiff's Third Amended Complaint fails to state a claim because the notices provided by

Trout Point were made pursuant to Canadian law." or the one Leary is now telling the Court via his Counterclaims that he owned the United States rights to the images in question and, despite successfully enrolling a Canadian copyright infringement judgment covering all the images at controversy in the Circuit Court of Stone County that he is somehow not barred by the doctrine of Res Judicata from again asserting the same infringement claims against instant Plaintiff in the United States.

Similarly Leary's Counterclaims are deficient as a matter of law because he failed to plead with any sort of specificity any theory of recovery under his claim of vicarious liability that he now claims to seek.

Vicarious liability requires two elements: (1) the right and ability to supervise or control the infringing activity; and (2) a direct financial benefit from that activity.

Plaintiff submits that "undisputed facts", such as whether any activity on the Slabbed New Media website constitutes an infringing activity with respect to the images in question are very much in dispute as no such finding has ever been issued by any Court against the owner of the website Leary that blames Plaintiff personally. Leary did not plead with any sort specificity how the Plaintiff derived a "direct financial benefit" from the activity he conclusory alleges as infringing beyond saying the Slabbed website is a commercial venture. He also failed to plead

7

in his first amended Counterclaims how Slabbed New Media, LLC, a nonparty to this action derived a financial benefit from posting Leary's photograph alongside news stories detailing the bribery and money laundering scheme he participated in with his business partners Daniel Abel, Vaughn Perret and Aaron Broussard.

    Further, Leary's contention that Plaintiff has admitted to copyright infringement in filings with this Court is without merit as Plaintiff has yet to file an answer to Leary's conclusory allegations. In fact, the opposite is true as the Third Amended Complaint specifically alleges that all the creative works at controversy are presented under the Fair Use section of the Copyright Act thus the "undisputed facts" as posited by Leary are drastically different than those plead by the Plaintiff in the Third Amended Complaint.

    Finally, Leary has yet to plead how the use of Copyrighted materials belonging to the Torstar and Slabbed New Media, LLC could have infringed on any of his purported copyrights because in order for there to be vicarious liability against Plaintiff in his personal capacity there has to be a finding of infringement against the owner of the website, who is not a party to this action. These are examples of a myriad of material facts that are very much in dispute and would include material facts that have yet to surface as discovery is at its earliest stages. For instance, the Slabbed New Media, LLC posts on December 4, 2012, one of which Leary complains so bitterly, is the registered copyrighted property of

Slabbed New Media, LLC bearing registration no. TX 8-363-272, dated March 8, 2017 from the United States Copyright Office. Torstar Corp's photo of Leary and Perret with their dog in a post on that day was properly credited to Torstar Corp. in the Slabbed New Media copyright application and is not covered under the registration as that work belongs to Torstar. In essence, Leary is attempting to prosecute claims of Torstar Corp and Slabbed New Media against the instant Plaintiff in his personally capacity. That particular copyright registration is an example of a fact that is ripe for discovery as it appears here for the first time to illustrate the point. It is also a reason Leary's Motion under Rule 56 is premature. However, what it is abundantly clear is that Leary does not possess any copyrightable interests in Torstar Corp's creative works and he lacks standing to assert intellectual property claims that belong to Slabbed New Media and/or Torstar.[7]

In summary, for Leary to prevail on this Motion, he would have the Court overlook the major procedural problems with his counterclaims such as a lack of standing, failure to state a coherent claim for which this court could grant relief along with being time barred and precluded via the doctrine of *Res Judicata* from reasserting copyright claims that Leary, his company and business partner litigated to a conclusion in Canada and then resolve a myriad of disputed facts in Leary's

---

[7] Torstar has made it clear in filings in this instant matter that they never gave Leary permission to send Takedown Notices over their creative works nor have they ever sent such notices regarding Slabbed New Media LLC's fair use of their photograph in the December 4, 2012 post.

favor. Such disputed material facts include the December 4, 2012 Slabbed New Media, LLC post that Leary claims infringed on his supposed US Copyrights, that are actually the registered intellectual property of third parties such as Slabbed New Media, LLC and Torstar Corp. Leary lacks standing to assert claims related to intellectual property that belongs to third parties and in attempting to do so, he has now infringed on those parties registered intellectual property rights.

## CONCLUSION

This Court should find Leary's Motion for Summary Judgment to be without merit and deny it as unsupported.

Respectfully submitted this 27th day of December, 2017,

_____
Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on December 27, 2017 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on December 27, 2017, I mailed the foregoing to Charles Leary at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 27th day of December, 2017,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com