# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN -4 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE

v.                                              CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## NOTICE OF DEPOSITION WITH
## REQUESTS FOR PRODUCTION OF DOCUMENTS

To:     Charles Leary
        140 Trout Point Road
        E. Kemptville, NS B5A 5X9 Canada

PLEASE TAKE NOTICE that the Plaintiff Douglas Handshoe, will take the deposition of Defendant, Charles L. Leary pursuant to Federal Rule of Civil Procedure 30 before a Court reporter authorized to administer oaths commencing at 9:00 a.m. on February 6, 2018 at the Stone County Courthouse, 1st Floor Conference Room, 323 East Cavers Avenue, Wiggins, Mississippi 39577 and continuing until such time as the deposition is completed. In addition, Pursuant to Federal Rules of Civil Procedure 26, 30, and 34 you are requested to produce for inspection and copying documents identified below as follows.

1

## **REQUEST FOR PRODUCTION**

I. DEFINITIONS

(A) The term "document(s)" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise) of all written, printed, typed, recorded, or graphic matter, however produced or reproduced, in your actual or constructive possession, custody or control, including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible, from which information can be obtained or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes, diaries, papers, letters, communications, telegrams, e-mails, messages of any kind, minutes of meetings, stenographic, typewritten electronic or handwritten notes, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, leaflets, exhibits, maps, surveys, sketches, microfilm, Xerox, or any other tangible things which constitute or contain matters within the scope of Federal Rule of Evidence 1001. The term "document(s)" also includes, but is not limited to, any electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files on said media, and any

electronic file fragments (files that have been deleted and partially overwritten with new data).

(B) The term "communication" means all communications, electronic or conventional, written or otherwise, which includes, but is not limited to, communications effected through the mediums described in the preceding definition for "Document(s)."

(C) The term "involve," and/or "involving" or variations thereof, shall have the broadest possible meaning, and includes, but is not limited to, including, using, engaging, employing, applying, or to require as an accompaniment.

(D) The term "pertaining to," "related to," or variations thereof, mean commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, and should be construed in the broadest sense of the term.

(E) The term "consulted with" shall have the broadest possible meaning, and includes, but is not limited to, discussed with, spoke with, conferred with sought advice from and/or asked, by any method of communication, orally or in writing.

(F) The term "property" includes, but is not limited to the following items presently or formerly owned by or titled in your name: (I) furniture; (2) fixtures; (3) equipment; (4)books and records (hard copy and/or electronic) including but not limited to, loan files/loan documentation, receivable ledgers, payment ledgers,

3

original promissory notes, mortgages or deeds of trust, employee information, bank account records; (5) computers (including laptops, servers and drives); (6) e-mails, faxes and other forms of electronic data; (7) cash and/or cash equivalents, including all payments (electronic, in-kind, or paid by check, wire transfer, money order, or other payment medium) on loans presently or formerly belonging to Trout Point Lodge, Limited and/or Charles L. Leary; (9) real property; (10) personal property, whether tangible or intangible, including cash, cash accounts, investment accounts, stock or bond accounts or the like; and/or (11) any assets whatsoever owned by Charles L. Leary or owned by any Associated Entities or used in operations of any of the Associated Entities.

(G) The term "Associated Entities" refers to the following entities:

(1) Canticum Hotels Group;

(2) La Ferme d'Acadie;

(3) Billy Hills Trails Society;

(4) Public Works, L.L.C.

(5) Nova Scotia Enterprises, L.L.C.;

(6) Trout Point Lodge, Limited;

(7) Cerro Coyote S.A.;

(8) PRAKA-Nova Scotia, L.L.C.;

(9) Kempt Wilderness Lodge Services;

4

## II. REQUEST FOR PRODUCTION

Please Produce:

1. A schedule showing all sales by photograph by Charles Leary or any Associated Entity of the following photographic images:

    a. Photograph of Charles Leary and Vaughn Perret at the Geotourism Summit of the National Geographic Society used in an article published by Ashoka about Leary and Perret.
    b. Photograph of Trout Point Lodge taken by Vaughn Perret given to Expedia.
    c. Photograph of Leary and Perret with their dog given to the Toronto Star.
    d. Photograph of Leary, Perret, and Daniel Abel taken by Marilyn Smulders.

2. All financial statements and tax returns from 2009 to present for Charles L. Leary and the Associated Entities showing the sales of the above described intellectual property.

3. All bank statements on every account held in the name of or on behalf of Charles L. Leary or any Associated Entities, from 2009 to the present showing the sales of the above described intellectual property.

4. All documents related to correspondence between or among you, any Associated Entities, any family members or third parties related to the creation of each photograph listed in item 1. a, b, c or d above.

5. All documents related to correspondence between or among you, any associated entity, any family member or third parties related to

Takedown Notices sent by you or any associated entity related to each photograph listed in item 1. a, b, c or d above.

6. All documents related to correspondence between or among you, any Associated Entities, any family members or third parties related to the transfer of ownership or assignment of rights of each photograph listed in item 1. a, b, c or d above to you or any associated entity.

7. A copy of all registration certificates obtained by you or any Associated Entity from the United States Copyright Office.

8. A schedule showing the exact date of the first publication of each photograph listed above showing the owner of the photograph at the time of publication.

9. A schedule showing the author(s) of each photograph at the time of first publication.

10. All correspondence between or among you, any Associated Entities, any family members or third parties and other documents which demonstrate the consideration of fair use at the time the takedown notices were sent.

You are invited to attend and participate.

                         Respectfully submitted this 4th day of January, 2018,

_____

Plaintiff  
Douglas Handshoe  
Post Office Box 788  
110 Hall Street  
Wiggins, MS 39577  
(601) 928-5380  
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on January 4, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on January 4, 2018 I mailed, using international registered mail, the foregoing to Charles Leary at his address of record at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 4th day of January, 2018,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com