IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.  CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL APPEARANCE, TESTIMONY AND PRODUCTION OF DOCUMENTS OF DEFENDANT / COUNTERCLAIMANT CHARLES LEARY

This Memorandum in Support of Motion to Compel Appearance, Testimony and Production of Documents of Defendant/Counterclaimant Charles Leary is respectfully submitted by Plaintiff Douglas Handshoe. Plaintiff moves for an order requiring that Defendant Counterclaimant Charles Leary appear, produce documents and give testimony at a deposition.

### Background

On December 22, 2017 Plaintiff emailed Mr. Leary attempting to confer with him to set a mutually agreeable date to conduct depositions. Plaintiff gave Mr. Leary until December 27, 2017 to respond. Leary failed to reply by December 27, 2017.

On January 4, 2018, after Mr. Leary failed to respond to Plaintiff's email of December 22, 2017, Plaintiff filed with the Court a Notice of Deposition with request for Production of Documents (ECF No. 206)[1] which set February 6, 2018 as the date he would take Mr. Leary's deposition as well as inspect and copy the documents requested in accordance with Federal Civil Procedure Rules. Mr. Leary's copy of this Court filing was mailed on January 4, 2018 via international registered mail, signature receipt, tracking number RA172893478US to his address then on file with the Court at 140 Trout Point Road, E. Kemptville, NS Canada BA5 5X9. On January 18, 2018 delivery was attempted by the Canadian postal authorities. Mr. Leary finally retrieved this mail on February 2, 2018 per United States postal tracking, which is attached as Exhibit 2 to the Motion accompanying this Memorandum.

Waiting until January 12, 2018 to reply to Plaintiff's email of December 22, 2017, Mr. Leary claimed that Plaintiff was being unreasonable and disagreed that a deposition was "necessary under FRCP 26(b)(1)". On the same date Plaintiff replied to Leary, advising him that since he failed to timely respond to the email of December 22, 2017, that his deposition was set for February 6, 2018 at the Stone County Courthouse. In his reply to Plaintiff's email response, Leary again claimed that he could not agree a deposition was necessary and that he would file a Motion

---

[1] Attached as Exhibit 4 to the Motion which accompanies this Memorandum.

to Quash. Plaintiff again replied advising Leary that taking his deposition was absolutely necessary to the further this matter towards a resolution. The entire email chain is attached as Exhibit 1 to the Motion accompanying this Memorandum.

On February 6, 2018 Mr. Leary failed to appear for his deposition despite being properly served the Notice of Deposition and Request for Production of Documents per Rule 5(b)(2)(C) on January 4, 2018 via international registered mail. Mr. Leary was also advised of the deposition date on January 12, 2018 via email to which he subsequently replied, thus he cannot claim ignorance of the scheduled proceedings, as is his history, habit and custom.

On February 8, 2018 Plaintiff again attempted to confer with Mr. Leary via email to set a date for his deposition and production of documents. Mr. Leary again failed to timely respond. This email communication is attached as Exhibit 3 to the Motion accompanying this Memorandum.

Plaintiff notes that Mr. Leary is currently an active Contemnor of this Court, for his willful failure to attend proceedings ordered by Judge Guirola in Civil Action Number 1:12cv90, thus his documented history of disrespecting this Court's processes is self-evident.

## An Order Compelling Mr. Leary's Appearance, Testimony and Production of Documents is Appropriate

Plaintiff seeks an order requiring Mr. Leary to appear, testify and produce documents at his deposition, in order to ensure that the deposition and production takes place promptly, without Mr. Leary engaging in further efforts to unduly delay or avoid it.

Mr. Leary couches his refusal to appear as uneconomical in light of the one surviving Section 512(f) Count Plaintiff is pursuing against him[2]. However this argument is disingenuous as Mr. Leary fails to recognize the myriad of Counterclaims he has asserted, voluntarily, against the Plaintiff for which discovery is also needed. In essence, Leary unilaterally makes himself unavailable to provide oral testimony about his Counterclaims as well as the surviving 512(f) Count.

Further, Mr. Leary's refusal to produce the documents requested by Plaintiff proves this discovery dispute is far more about stonewalling and delay than a genuine dispute over an issue of law.

Rule 37(d) provides, in pertinent part:

> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>
>> (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after

---

[2] Mr. Leary's email communications were silent on his reasons for refusing to Produce the Requested Documents.

4

> being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>
> (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

An order compelling Mr. Leary to appear for a deposition and to produce the requested documents is appropriate and just. The only reason cited by Mr. Leary for his refusal to be deposed completely ignores his own Counterclaims. Further the sole ground relied upon by Mr. Leary is an insupportable justification for his refusal to appear and give testimony or produce documents where he essentially exempts himself from all deposition and other discovery obligations. Therefore, Plaintiffs' Motion for to Compel should be granted and Charles Leary should be ordered to appear for his deposition and produce documents.

## **Conclusion**

Plaintiff respectfully moves this Court to compel Mr. Leary's testimony and production of documents at the Stone County Courthouse's first floor conference room on a date set by the Court and for sanctions in the form of assessment of Plaintiff's costs associated with the failed deposition that Mr. Leary purposely choose to not attend.

Respectfully submitted this 12th day of February, 2018,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## GOOD FAITH CERTIFICATE

I certify that I have conferred and attempted to confer in good faith to resolve the issues in question and that it is necessary to file the Motion to Compel Appearance and Testimony of Defendant/Counterclaimant Charles Leary.

I further certify that I anticipate this Motion will be opposed by Mr. Leary. Further, I agree that replies and rebuttals to the motion will be submitted to the magistrate judge in accordance with the time limitations stated in L.U.Civ.P. 7(b)(4).

Respectfully submitted this 12th day of February, 2018,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on February 12, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on February 12, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 12th day of February, 2018,

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com