IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE
PLAINTIFF

VS.   CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, ASHOKA, XYZ
FOUNDATION & JOHN DOES 1-50
DEFENDANTS

## CHARLES LEARY'S BRIEF IN OPPOSITION TO
## DOUGLAS HANDSHOE'S MOTION TO COMPEL DEPOSITION

Charles Leary opposes Douglas Handshoe's motion to compel a deposition and requests sanctions because Mr. Handshoe has not acted in good faith before filing this motion. First, Leary was never served with Handshoe's Notice of Deposition because it was intentionally not mailed to Leary's last known address and thus, as was reasonably predictable, Leary never received it. "[M]ailing of the notice to an address it knew from its own documents to be invalid, does not satisfy the notice requirement of Rule 5." *New York Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996).

Handshoe ignored Leary's correct address in a seemingly blatant attempt to have Handshoe's requests for admission admitted by Leary by default. (cf. Exhib. "D" to Leary Decl.)

This Court must not compel a deposition for a failure to appear when the party to be deposed was never noticed of the deposition. Indeed, upon having the lack of notice drawn to his attention, instead of properly serving Leary with notice, Handshoe has now instead filed a motion to compel, wasting this Court's and party Leary's time and resources.

1

Second, Leary attempted in good faith to confer with Handshoe about (a) the necessity of a deposition given the expense and distances involved; (b) the availability of other options to a deposition in person; and (c) the situs of the deposition, which Handshoe has unilaterally insisted will be in Wiggins, Mississippi. Mr. Handshoe was unwilling to discuss such matters or make alternative proposals.

Third, the apparent topics of Handshoe's proposed deposition are irrelevant to the instant legal dispute and are an attempt to use the Court's judicial authority to pursue a conspiracy theory. Overall, Handshoe ignores that Rule 26(c) empowers courts to shield deponents "from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

## HANDSHOE FAILED TO PROPERLY EFFECT SERVICE UNDER RULE 5(B) AND RULE 30

Leary has never received any notice of a deposition, any request for admissions, any interrogatories, or any requests for production from Mr. Handshoe (Cf. Leary declaration). In addition, what Mr. Handshoe purports to be service of any of these documents was improper and ineffective.

On November 28, 2017, Leary proactively proposed to Mr. Handshoe that service of discovery and notices occur by electronic means, i.e. by email. Mr. Handshoe did not agree and insisted on service by international post (cf. Leary declaration). Thus, any problems with service by international mail—rather than electronic means (which would have been in accord with FRCP 1)--is due to Mr. Handshoe's own insistence on service by international mail.

Then, on December 8, 2017, Leary informed Mr. Handshoe of a change of his Canadian postal address. Mr. Handshoe immediately *confirmed* receipt of the change of address and expressed purported concern that Leary might not receive timely notice of a recent filing by Handshoe (cf. Leary declaration).

2

The change of address was filed with the court on December 14, 2017.

Leary has since then received mail from the court but nothing from Mr. Handshoe. (For example, on February 4, 2018, Leary received mail from the court apparently sent from Mississippi on January 22, approximately 13 days later).

On or around December 15, Leary came down with the flu, which illness lasted about 4 weeks.   On December 22, 2017, at the commencement of the holiday period, Mr. Handshoe emailed Leary regarding deposition dates. He gave few date options, and only one location.

On January 12, Leary responded to Mr. Handshoe and told him that he had been ill and was outside of North America. Leary told Mr. Handshoe that under Rule 26, he did not believe being deposed in Mississippi was reasonable, given the expense involved and alternative means of discovery being available. Leary informed Handshoe that his proposed dates were not possible due to prior commitments.

It is common ground that under Rule 5, service by mail occurs when the documents being served are mailed. However, when service is challenged the burden shifts. In addition, Handshoe's certificate of service states that *after* receiving notice of Leary's change of address he sent the notice of deposition (as well as presumably other discovery requests) to 140 Trout Point Road in Nova Scotia and not to 308 5th Ave E in British Columbia, Leary's "last-known address." The distance involved between the two addresses is approximately 5900 kilometers. Discussing Rule 5 service by mail, the U.S. Court of Appeals for the First Circuit has found:

> [T]he burden of showing that service was made is on the moving party. *Daley v. ALIA,* 105 F.R.D. 87 (E.D.N.Y.1985); *Mroz v. Dravo Corp.,* 293 F.Supp. 499 (W.D.Pa.1968), *aff'd,* 429 F.2d 1156 (3d Cir.1970). Given the important consequences that flow from the service of pleadings and other papers, courts have required the "strictest and most exacting compliance" with Rule 5(b) when service is made by mail. *Timmons v. United States,* 194 F.2d 357, 360 (4th Cir.), *cert. denied,* 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952).

3

*Rivera v. M/T FOSSARINA*, 840 F.2d 152 (1st Cir. 1988).

Not only can Mr. Handshoe not carry his burden of proving Leary was properly served, he has admitted in his certificate of service that he sent documents to an incorrect address. Leary has never been served, and for this reason alone Mr. Handshoe's motion to compel should be denied. "[T]he court will not order Plaintiff to attend and/or provide dates of availability for a deposition in the absence of a properly issued Notice of the Deposition as detailed by Rule 30 (b)(1)." *Byrd v. CASTLEPOINT FLORIDA INSURANCE COMPANY*, Civil Action No. 15-634-BAJ-RLB (M.D. La. Apr. 18, 2016); *Alston v. EVEREST NATIONAL INSURANCE COMPANY*, Civil Action No. 16-283-JWD-EWD (M.D. La. Nov. 23, 2016); *TEACHERS INSURANCE COMPANY v. FULMER, LEROY, ALBEE & BAUMANN, PLC*, No. 6: 13-cv-1533-Orl-40TBS (M.D. Fla. Oct. 10, 2014).

In addition, unless agreed to, service of notice of a deposition by email is not acceptable. Mr. Handshoe's Notice—never received by Leary—also "fails to state [. . .] the method by which the deposition will be recorded" as required by Fed. R. Civ. P. 30(b)(3)(A); *Burket v. Lippitt*, Civil Action No. 05-72110 (E.D. Mich. Mar. 14, 2008); *Ahmed v. Ringler*, No. 2: 13-cv-1050 MCE DAD P (E.D. Cal. Oct. 1, 2015).

## HANDSHOE DID NOT TRY IN GOOD FAITH TO RESOLVE THE ISSUE OF DEPOSITION LOCATION

Second, although Mr. Handshoe pays lip service to purportedly trying to consult with Leary about depositions, in fact he has been completely unilateral in his insistence on his chosen date and his chosen location for deposing Leary. For example, Handshoe unilaterally gave Leary five calendar days during the Christmas holiday to agree to one of Handshoe's dates, with the only proposition being a deposition in Wiggins, Mississippi.

Handshoe refused to consider other, less costly and burdensome options. He has also not responded when Leary brought up the topic's of a reciprocal deposition of Mr. Handshoe.

Federal Rules of Civil Procedure 30 and 45 govern depositions and how to compel appearance, including the appearance of a party. "[T]he Court cannot order Defendants to arrange

4

for Plaintiff to take their depositions. On the other hand, Plaintiff does not require the Court's permission to take Defendants' depositions." *Calloway v. Kelley*, No. 1: 11-cv-01090-LJO-SAB (PC) (E.D. Cal. Dec. 12, 2014). Rule 45 states:

> (c) Place of Compliance.
>
> > (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition <u>only as follows:</u>
> >
> > > (A) <u>within 100 miles of where the person resides, is employed, or regularly transacts business in person; or</u>
> > >
> > > (B) <u>within the state where the person resides, is employed, or regularly transacts business in person, if the person</u>
> > >
> > > > (i) <u>is a party</u> or a party's officer; or
> > > >
> > > > (ii) <u>is commanded to attend a trial and would not incur substantial expense.</u>

Federal Rule of Civil Procedure 30(b)(1) provides, "[a] party who wants to depose a person by oral questions ... must state the time and place of the deposition." FED. R. CIV. P. 30(b)(1). Generally, this means that the examining party may unilaterally choose a deposition's location. CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2112 at 523 (3d ed. 2010); *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005).

However, the examining party's discretion to choose a location is limited. Rule 26(c) empowers courts to shield deponents "from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). In addition, in line with Rule 45, there "is a general presumption that natural-person defendants should be deposed in the district of his or her residence." *Fausto v. Credigy Serv. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008) (citation omitted).

5

Leary was first and foremost a defendant in this litigation, and only filed *compulsory* counterclaims after all but one of Plaintiff Handshoe's causes of action were dismissed. Thus, since "it is the plaintiff who chooses the forum and not the defendant," the plaintiff who commenced the action is generally required to bear any reasonable burdens of inconvenience that the action presents regarding place of deposition. Cf. *GMA Accessories, Inc. v. UNICOLORS, INC.*, No. 16-CV-3072 (JGK)(RLE) (S.D.N.Y. Aug. 11, 2016), citing *Gulf Union Ins. Co. of Saudi Arabia v. M/V LACERTA*, 1992 WL 51532, at *5 (S.D.N.Y. Mar. 9, 1992).

> the Court may require Defendant's deposition to take place near her residence or place of employment to protect her from undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1); *see also In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) ("[B]ecause a non-resident defendant ordinarily has no say in selecting a forum, an individual defendant's preference for a situs for his or her deposition near his or her place of residence—as opposed to the judicial district in which the action is being litigated—is typically respected. Accordingly, courts have held that defendant-deponents located outside the forum district's subpoena power should ordinarily be deposed near their place of residence absent `exceptional or unusual circumstances.'"); *Grey v. Cont'l Mktg. Assocs., Inc.*, 315 F. Supp. 826, 832 (N.D. Ga. 1970) ("Although the federal rules do not prevent plaintiff's designating any place he chooses for the taking of a defendant's deposition, the cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection the objection should be sustained absent some unusual circumstance to justify putting the defendant to such inconvenience.").

*Baker v. EPHION*, Civil Action No. 15-838-BAJ-RLB (M.D. La. Aug. 31, 2017).

The Court must give even greater weight to such consideration in the case of a foreign party.

> American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests. When it is necessary to seek evidence abroad, however, the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses. For example, the additional cost of transportation of documents or witnesses to or from foreign locations may increase the danger that discovery may be sought for the improper purpose of motivating settlement, rather than finding relevant and probative evidence. Objections to "abusive" discovery that foreign litigants advance should therefore receive the most careful consideration.

*Societe Nat. Ind. Aero. v. US Dist. Court*, 482 U.S. 522, 107 S. Ct. 2542, 96 L. Ed. 2D 461 (1987).

Indeed, courts generally apply the presumption that a non-resident party's deposition will be

6

held where he or she resides or works "where the defendant resides outside the forum." *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) at 392-93. *See, e.g., Snow Becker Krauss, P.C. v. Proyectos E Instalaciones De Desalacion, S.A.*, No. 92 CIV 2644, 1992 WL 395598, at * 3 (S.D.N.Y. Dec. 11, 1992); *Gulf Union Ins. Co. v. M/V Lacerta*, No. 91 Civ. 2814, 1992 WL 51532, at * 5 (Mar. 9, 1992); *Brown v. Van Nostrand Reinhold*, No. 89 CIV 7309, 1990 WL 129183, at * 2 (S.D.N.Y. Aug. 30, 1990); *Citizens Capital Corporation v. RMI Refinery*, No. 83 Civ. 9273, 1987 WL 7939, at *1 (S.D.N.Y. Mar. 13, 1987).

Finally, Mr. Handshoe alleges the Notice of Deposition was delivered on February 2, 2018 in Nova Scotia, Canada, for a deposition he scheduled to take place on February 6, 2018 in Mississippi. This is not reasonable.

## HANDSHOE'S NOTICE OF DEPOSITION IS BASED ON A WILD CONSPIRACY THEORY AND HAS NO BASIS IN THE INSTANT COMPLAINTS

Defendant Leary will not at this juncture address the totality of Mr. Handshoe's requests for production, as the Notice of the deposition was never served. However, on its face, Mr. Handshoe's Notice of Deposition refers to "associated entities" and requests production of documents at the deposition from these "associated entities" by Leary. However, these "entities" have no connection to the instant litigation except through Mr. Handshoe's homophobic conspiracy theory(ies) as published in his blog Slabbed.

Handshoe has not demonstrated how these "associated entities" are related to the litigation, except for perhaps Trout Point Lodge, Limited. However, Trout Point Lodge is a party that Mr. Handshoe has sought to default.

Mr. Handshoe's Notice is also impossible to comply with because it makes no sense. He requests "all sales by photograph by Charles Leary." There is no allegation anywhere that Charles Leary has sold any photographs. He then asks for "financial statements and tax returns" as well as "bank statements" not only of Leary, but also the "associated entities" based on the (false) presumption that "bank statements," "financial statements and tax returns" would "show the sales"

7

of photographs.

> Income tax returns are highly sensitive documents; courts are reluctant to order their routine disclosure as a part of discovery. *SEC v. Cymaticolor,* 106 F.R.D. 545, 547 (S.D.N.Y.1985) (disclosure of tax returns for purposes of discovery ordinarily demands that the requesting party demonstrate relevancy and compelling need). Not only are the taxpayer's privacy concerns at stake, but unanticipated disclosure also threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system. *Commodity Futures Trading Commission v. Collins,* 997 F.2d 1230, 1233 (7th Cir.1993).

*Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397 (5th Cir. 1993).

Mr. Handshoe's remaining claim in this action relates to alleged misrepresentation in a copyright infringement notice relating to *one single photograph*, and not to sales or profits of the single photograph identified in the notice. Likewise, in his counterclaims, Dr. Leary does not seek damages for copyright infringement, or loss of sales, but rather only injunctive relief. There is no relevance to these requests, in particular relating to other photographs not identified in the infringement notice.

Other than Trout Point Lodge, there is no allegation anywhere in this litigation that the "associated entities" own the intellectual property rights in the photographs at issue here.

FOR ALL THE ABOVE REASONS, AND BASED ON EVIDENCE, Charles Leary therefore requests that Mr. Handshoe's motion be denied and that he be sanctioned as per the Court's existing discovery order, or that the Court take whatever further steps would be in the interests of justice.

Respectfully Submitted this 26th day of February, 2018.

Charles L. Leary

8

308 5th Ave E, Vancouver, BC, V5T 1H4

Canada
foodvacation@gmail.com

Form 2(b) (ND/SD Miss. Dec. 2011)

## CERTIFICATE OF SERVICE

I, Charles Leary, defendant and plaintiff by counterclaim, hereby certify that I have this date filed the foregoing with the Clerk of the Court via postal channels, and that the ECF system will send notification of such filing to the following:

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
**Pro Se Plaintiff/Defendant by counterclaim**

So certified, this 26 day of January, 2018. February

Charles L. Leary