Gmail                    Foodvacation Canada <foodvacation@gmail.com>

## response to requests
2 messages

---

**foodvacation Canada** <foodvacation@gmail.com>      Sun, Feb 18, 2018 at 12:35 PM
To: Douglas Handshoe <earning04@gmail.com>

Mr. Handshoe:

Requests for production, interrogatories, and requests for admission were served on you on January 12, 2018, by post as you required.

Under FRCP 5, I accomplished service by "mailing it to the person's last known address—in which event service is complete upon mailing."

You had 30 days to respond. As of today, February 18, I have received no responses to the interrogatories, requests for production, and requests for admission, whatsoever.

Please advise as to what actions you have taken to provide the required discovery.

Sincerely,

Charles Leary

---

**Douglas Handshoe** <earning04@gmail.com>      Mon, Feb 19, 2018 at 6:31 PM
To: foodvacation Canada <foodvacation@gmail.com>

Hi Mr. Leary:

Using the same rule 5 I submitted responses to you on February 8, 2018. Postal tracking indicates the mailing cleared customs on February 17. 2018.

 I'll add you never returned your request for admissions answers and under Rule have now deemed to admitted that first set of admissions. 

Doug Handshoe

Slabbed New Media LLC

Post Office Box 788

Wiggins, MS 39577-0788

Phone: (601) 928-5380

www.slabbed.org

*Exhibit "D"*
*5 pages*

**From:** foodvacation Canada [mailto:foodvacation@gmail.com]
**Sent:** Sunday, February 18, 2018 10:36 AM
**To:** Douglas Handshoe <earning04@gmail.com>
**Subject:** response to requests

[Quoted text hidden]



Foodvacation Canada <foodvacation@gmail.com>

# Discovery Issue | 15cv382 Handshoe v Perret et al
2 messages

**Douglas Handshoe** <earning04@gmail.com>	Tue, Feb 6, 2018 at 12:45 PM
To: gargiulo_chambers@mssd.uscourts.gov
Cc: foodvacation Canada <foodvacation@gmail.com>

Good morning Magistrate Gargiulo:


Mr. Leary failed to appear for his deposition this morning, which was noticed on January 4, 2018:


1. I attempted to confer with Mr. Leary in December 22, 2017 on this issue via email sending him a range of dates and asking for a response within 5 days. Mr. Leary ignored that communication. Nonetheless I waited until January 4, 2018 to set a date in hopes Mr. Leary would cooperate.
2. On January 12, 2018 Mr. Leary emailed me saying I was unreasonable in expecting him to confer with me over the holidays and that it was his opinion that he would not sit for a deposition. He wrote, "Regarding your single cause of action against me under section 512(f), the burden or expense of the proposed discovery outweighs its likely benefit in this case. I live outside of the United States, far from Mississippi and I am currently working outside of North America." I note that Mr. Leary's court filings are being mailed to the court from New Orleans Louisiana, including his discovery request to me of January 18, 2018. On its face such would bely the fact that Mr. Leary is either actually here in the United States or is using a third party to litigate this case from that location. In any event Mr. Leary has filed several counter claims against me that would also have been subject matter for his deposition, a fact he ignored in his communications to me. He is also certain aware that a deposition had been set.
3. This is not the first case Mr. Leary has failed to appear as he is an active contemnor for failing to appear before Judge Guirola for the various show cause orders he issued in case 12cv90.
4. In refusing to appear he also did not comply with the Request for Production. I'll also note that Mr. Leary has refused to retrieve his certified registered mail in Canada including the mailing which had the discovery material enclosed filed on January 4, 2018.
5. I incurred costs today paying for a Court Reporter for Mr. Leary's deposition.


I would like to stress this dispute is not about scheduling, as Mr. Leary has firmly indicated he will not appear for a deposition in this matter under any circumstances.


I am unsure what issues can be mediated by Your Honor but in accordance with the case management order I bring this to your attention first before filing a Motion to Compel Mr. Leary's cooperation in the discovery process, so that the facts of this case can be properly developed.


I thank you for your assistance with this matter.


Doug

Doug Handshoe

Slabbed New Media LLC

Post Office Box 788

Wiggins, MS 39577-0788

Phone: (228) 284-0004

Fax: (601) 928-5129

www.slabbed.org

---

**foodvacation Canada** <foodvacation@gmail.com>	Tue, Feb 6, 2018 at 3:02 PM
To: Douglas Handshoe <earning04@gmail.com>
Cc: gargiulo_chambers@mssd.uscourts.gov

Dear Judge Gargiulo:

I trust you are having a good day. Happy New Year.

I cannot agree with Mr. Handshoe's assertions in his email of today's date. I have never been served with any notice of deposition or any other discovery requests in this litigation. I have also never received any discovery materials from Mr. Handshoe, including as initial disclosures. In his "disclosure," he referred to email communication with YouTube in his possession, but has not provided it to me. He has provided no initial disclosures whatsoever relating to my claims against him. I am waiting for his timely responses to requests for admission, interrogatories, and requests for production mailed to him by registered mail in January.

On November 28, 2017, I proposed to Mr. Handshoe that service of discovery and notices occur by electronic means, i.e. by email. Mr. Handshoe did not agree and insisted on service by post.

On December 8, 2017, I informed Mr. Handshoe of a change of my postal address. Mr. Handshoe immediately confirmed receipt of the change of address to:
308 5th Ave E
Vancouver, BC
V5T 1H4
Canada

I have since then received mail from the court but nothing from Mr. Handshoe. (For example, on February 4 I received mail from the court apparently sent from Mississippi on January 22, approximately 13 days later).

On or around December 15, I came down with the flu, which illness lasted about 4 weeks.

On December 22, 2017, at the commencement of the holiday period, Mr. Handshoe emailed me regarding proposed deposition dates.

I did not review that email until January 10, 2018. On January 12, I responded to Mr. Handshoe and told him that I had been ill and was working outside of North America. I told Mr. Handshoe that under Rule 26(b)(1), I did not believe my being deposed in Mississippi was reasonable, given the expense involved and alternative means of discovery being available. I informed him that his proposed dates were not possible for me as I

would still be outside North America working. Notably, Mr. Handshoe has one remaining cause of action under 17 U.S.C. 512(f).

Mr. Handshoe wrote back on January 12 telling me that without hearing back from me he had already set a deposition for February 6, 2018, in Stone County, Mississippi and that I was somehow too late in responding to him (although he had set no deadline for responding in his email). He wrote: "A five day response time to set your deposition was very reasonable, you should not have ignored the communication as I set your deposition for February 6, 2018 at the Stone County Courthouse. If you do not show up I will file a Motion to Compel and will seek sanctions."

I waited to be served with notice, so that I could file an objection, but have never received anything whatsoever. I have in fact paid for all mail received to be scanned and sent to me. Again, I have received correspondence from the court, but nothing from Mr. Handshoe. The first email I have received from Mr. Handshoe since January 12 was today.

Mr. Handshoe has not consulted in any reasonable fashion regarding discovery, and is putting words into my mouth. He also has a history of purportedly serving notices in Canada that in reality I never see and that do not comport with the civil procedure rules or treaty. I have filed declarations in the record regarding such instances.

Unlike Mr. Handshoe, I do not expect Your Honor to necessarily get involved in this discovery issue between parties, but feel compelled to provide a response to Mr. Handshoe. I cannot let Mr. Handshoe misrepresent facts--either by commission or ommission--to the Court. Given the lack of actual dialogue in this process, I fear that motions will probably be necessary should I ever actually receive discovery requests and notices. As I have already informed Mr. Handshoe, I will also be filing a motion to amend the complaint based on fresh facts that have occurred since my First Amended Complaint was filed.

Sincerely,

Charles L. Leary

[Quoted text hidden]