# EXHIBIT 19

SLABBED NEW MEDIA, LLC

The
Alternative
New Media
for the Gulf
South

**VIA UNITED STATES POSTAL SERVICE INTERNATIONAL REGISTERED MAIL #: RA 172 893 478 US**

January 4, 2018

Mr. Charles Leary
140 Trout Point Road
E. Kemptville, NS B5A 5X9 Canada

RE:     Handshoe v Perret et al
        United States District Court Civil Action Number 15cv382

Dear Mr. Leary:

Enclosed herewith find Notice of Deposition with Request for Production of Documents and Requests for Admissions in the above captioned matter.

Please let me know if you have any questions.

Sincerely,

Douglas Handshoe
Post Office Box 788
Wiggins, MS 39577
Phone: (601) 928-5380

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                          CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## PLAINTIFF'S REQUEST FOR ADMISSION OF FACTS

Douglas Handshoe, submits the following Requests for Admissions to
Defendant Charles Leary pursuant to Federal Rules of Civil Procedure Rule 36.

### INSTRUCTIONS

If Charles Leary (hereafter the Defendant) fails to respond or object to any
request within 30 days of the service of the Requests, the matter shall be deemed
admitted under Rule 36.

As is more fully set out in Rule 36(a), the Defendant must admit or deny
each request, and, where necessary, specify the parts of each request to which it
objects or cannot in good faith admit or deny. If the Defendant objects to only part
of a Request, it must admit or deny the remainder of the Request. In the event that

1

the Defendant objects to or denies any Request or portion of a Request, the Defendant must state the reasons for its objection or denial.

These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by Federal Rules of Civil Procedure Rule 26(e).

Each Request solicits all information obtainable by Defendant Charles Leary from Defendant's attorneys, investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

## DEFINITIONS

1. The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

2. The term "document" means and includes without limitation all correspondence, memoranda, certificates, notes, books, manuals, pamphlets, brochures, advertisements, books of account, balance sheets, financial statements, profit and loss statements, working papers, schedules, diaries, calendars, logs, time records, equipment records, microfilms, transcripts, recordings, tapes, telexes, telegrams, files, proposals, bids, offers, contracts, agreements, change orders, worksheets, drawings, blue prints, designs,

specifications, time cards, compilations, graphs, charts, bills, statements, invoices, receipts, bills of lading, shipping records, confirmations, applications, purchase orders, checks, checkbooks and other checking records, photographs, formulae, prescriptions, studies, projections, reports, computer programs, information contained in computer banks, tapes, cards, printouts and drafts to the extent they differ from the originals, and all other records and papers of any nature whatsoever.

3. Any reference to a specifically named person, corporation or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts. The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trusts, estates, firms and any other entity.

4. As used herein, "Plaintiff" means, unless otherwise indicated, Douglas Handshoe.

5. As used herein, "Defendant", shall be deemed to include Charles Leary, as well as their agents, attorneys, representatives or any other person acting on their behalf or on behalf of any one of them.

3

## FIRST SET OF ADMISSIONS

**First Set of Admissions, Request 1**. Admit that on or about January-February 2012, you voluntarily gave a photograph taken by Cara Crowell to the Toronto Star for use in a story about litigation filed in Canada against Plaintiff and that you abandoned your copyright interest in the photograph to the Toronto Star.

**First Set of Admissions, Request 2**. Admit that on or about August-September, 2006, you allowed Marilyn Smulders to photograph you, Vaughn Perret and Daniel Abel for a promotional story about the Lodge and that you took no action for six years to obtain rights in the photograph after first publication.

**First Set of Admissions, Request 3**. Admit that you voluntarily allowed yourself to be photographed and/or furnished a photograph of Charles Leary and Vaughn Perret at the Geotourism Summit of the National Geographic Society that used in a promotional published by Ashoka in 2010.

**First Set of Admissions, Request 4**. Admit that you voluntarily submitted a photograph of Trout Point Lodge taken by Vaughn Perret to Expedia for use on Expedia's copyrighted website.

**First Set of Admissions, Request 5**. Admit that you did not consider the following fair use factors on or about February 14 and 15, 2014 before sending the takedown notice under17 U.S.C. Section 512 regarding the YouTube video uploaded by the Plaintiff at http://youtube.com/watch?v=M_pc4bjaLno which contained a five

4

second frame of the Toronto Star photograph of Leary, Perret and Ugly Dog and a

five second frame of a photograph of you, Vaughn Perret and Daniel Abel taken by

Marilyn Smulders in the last 6 months of 2006:

1. The purpose and character of the use of the Toronto Star photograph of Leary, Perret and Ugly Dog and the photograph of you, Vaughn Perret and Daniel Abel taken by Marilyn Smulders, including whether the use was of a commercial nature or is for nonprofit educational purposes;

2. The nature of the Toronto Star photograph of Leary, Perret and Ugly Dog and photograph of you, Vaughn Perret and Daniel Abel taken by Marilyn Smulders;

3. The amount and substantiality of the portion used in relation to the of the Toronto Star photograph of Leary, Perret and Ugly Dog and photograph of you, Vaughn Perret and Daniel Abel taken by Marilyn Smulders used in promotional news stories about you as a whole;

4. The effect of the use upon your potential market for or value of the Toronto Star photograph of Leary, Perret and Ugly Dog and the photograph of you, Vaughn Perret and Daniel Abel taken by Marilyn Smulders; and

5. The Toronto Star photograph of Leary, Perret and Ugly Dog and the photograph of you, Vaughn Perret and Daniel Abel taken by Marilyn Smulders creative work was never marketed for sale by you or any affiliated

entity nor was any revenue ever derived by Leary or his affiliated entities from the sale of these creative works.

**First Set of Admissions, Request 6**. Admit that until the time of their respective disbarments and permanent suspensions from the practice of law that Aaron Broussard and Daniel Abel consistuted the legal department of Trout Point Lodge, Limited.

**First Set of Admissions, Request 7**. Admit that from 2004 to 2010 you assisted former Jefferson Parish President Aaron Broussard with a corrupt bribery scheme involving Louisiana businessmen as detailed in the United States criminal prosecution styled United States of America versus Aaron Broussard.

**First Set of Admissions, Request 8**. Admit that from 2004 to 2010 you engaged in a money laundering scheme with Aaron Broussard which used Broussard's rental real estate at the Trout Point Lodge subdivision to convert bribes to rental income.

**First Set of Admissions, Request 9**. Admit that you sued the New Orleans Times Picayune for defamation in Canada in 2010 via a practice known as "libel tourism" in order to silence journalistic inquiry into the Aaron Broussard corruption scandal.

**First Set of Admissions, Request 10**. Admit that you sued Plaintiff for defamation in Canada in 2011 and 2012 via a practice known as "libel tourism" in order to silence journalistic inquiry into the Aaron Broussard corruption scandal.

6

Respectfully submitted this 4th day of January, 2018,

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

7

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on January 4, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on January 4, 2018 I mailed, using international registered mail, the foregoing to Charles Leary at his address of record at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada.

Respectfully submitted this 4th day of January, 2018,


Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

8