IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS HANDSHOE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:15CV382-HSO-JCG** |
| | § | |
| | § | |
| **VAUGHN PERRET,** *et al.* | § | **DEFENDANTS** |

<u>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
CHARLES LEARY'S [151], [158] MOTIONS FOR JUDICIAL NOTICE AND
TO LIMIT VALUE OF PLAINTIFF'S ACTION BASED ON FRESH
ADMISSION, WAIVER; DENYING PLAINTIFF'S [180] MOTION TO STRIKE;
AND DIRECTING CLERK OF COURT TO SEAL FROM PUBLIC ACCESS
IN CM/ECF DEFENDANT CHARLES LEARY'S [170] REBUTTAL
AND SUPPORTING [170-1], [170-2] EXHIBITS**</u>

BEFORE THE COURT are two Motions [151], [158] for Judicial Notice and

to Limit Value of Plaintiff's Action Based on Fresh Admission, Waiver filed by

Defendant Charles Leary,[1] and a Motion [180] to Strike filed by Plaintiff Douglas

Handshoe.  Leary's Motions [151], [158] appear to be substantively identical except

that the second Motion [158] included exhibits that the first did not.  Handshoe's

Motion [180] asks the Court to strike Leary's Rebuttal [170] and accompanying

exhibits filed in support of Leary's Motions [151], [158].  All three Motions [151],

[158], [180] are fully briefed.  After due consideration of the Motions, the related

pleadings, the record, and relevant legal authority, the Court finds that all three of

these Motions [151], [158], [180] should be denied.  However, due to privacy

---

[1]  The Motions [151], [158] were also filed by Defendant Vaughn Perret, but Perret
has been dismissed from the case.

concerns regarding some of the items included in Leary's Rebuttal [170] and supporting exhibits [170-1], [170-2], the Court will direct the Clerk of Court to seal those documents from public access in CM/ECF.

## I. BACKGROUND

From what the Court can discern from reviewing filings in this case and in another case in this Court, *Perret v. Handshoe*, No. 1:16cv7-LG-RHW (S.D. Miss. Jan. 7, 2016) (the "Enforcement Action"), in 2013 Defendants Trout Point Lodge, Ltd. ("Trout Point"), Charles Leary ("Leary"), and Vaughn Perret ("Perret") apparently instituted litigation in the Supreme Court of Nova Scotia, Canada, against Plaintiff Douglas Handshoe ("Handshoe") in that court's case number 411345.  The Nova Scotia Supreme Court ultimately entered two separate, what have been referred to as "component," judgments.  *See* Order [9-1] at 2; Order [9-2] at 2-3.  One judgment involved a defamation claim, *see* Order [9-2] at 2-3 (the "Defamation Judgment"), while the other, which was the subject of the Enforcement Action, dealt with a copyright infringement claim, Order [9-1] at 2 (the "Copyright Judgment"); *see also* Enforcement Action, Order [8] at 7 (explaining that enforcement was sought on the Copyright Judgment, not the Defamation Judgment).

Trout Point, Leary, and Perret apparently registered the foreign Copyright Judgment in the Circuit Court of Hancock County, Mississippi, on or about December 9, 2015.  *See* Enforcement Action, Notice [1-1] at 1-4.  Trout Point then sought execution on Handshoe's personal property on May 11, 2017, in the Circuit

-2-

Court of Stone County, Mississippi.  *See* Request for Execution [159-2] at 1 (signed by counsel for Trout Point).  Also on May 11, 2017, the Circuit Court of Stone County, Mississippi, issued a Writ of Execution for personal property, which included all of Handshoe's interest in this lawsuit.  Writ [159-3] at 5.

On May 17, 2017, Handshoe, through counsel, filed a Motion to Quash Writ of Execution in the Stone County Circuit Court and represented that Handshoe

> would show that all personal property owned by [Handshoe], including the two choses in action described in their writ of execution, have a total aggregate value of under $10,000 and therefore [Handshoe] claims that such property is exempt under Mississippi law.

Mot. [159-3] at 2.  According to Handshoe, the Circuit Court judge quashed the Writ of Execution on July 24, 2017, *see* Mem. in Supp. of Resp. [166] at 2, but the parties have not pointed to where the state court's ruling might be found in the record before this Court.

In this case, Defendant Leary has now filed two Motions [151], [158] for Judicial Notice and to Limit Value of Plaintiff's Action Based on Fresh Admission, Waiver.  Leary argues that, based upon Handshoe's representation to the Stone County Circuit Court, Handshoe should be deemed to have waived damages in excess of $2,500.00 in this case, or should be estopped from claiming damages above that amount.  *See* Mem. in Supp. of Mot. [152] at 5; Rebuttal [170] at 1, 4.  Leary appears to raise arguments sounding in equitable and judicial estoppel.  *See* Mem. in Supp. of Mot. [152] at 3-5; Rebuttal [170] at 1, 4.

Handshoe counters that, while the value of his interest in the present case for judgment-execution purposes is related to the amount of damages sought in this

case, "these are two completely different and distinct values where the value of the personal property (i.e. the Chose-in-Action) is normally a fraction of the ultimate amount recovered in the underlying action." Mem. in Supp. of Resp. [166] at 2-3. Handshoe relies upon authority from the United States Tax Court to argue that valuation of a chose in action is based upon facts reasonably known at the date of valuation and that, based upon this case being at an early stage of litigation at the time, the value of the personal property "would be a tiny fraction of the amount of recovery sought." *Id.* at 4 (citing *Davis v.* C.I.R., 65 T.C.M. (CCH) 2365 (T.C. 1993); *Estate of Gilford v. C.I.R.*, 88 T.C. 38, 52 (1987)). According to Handshoe, Leary improperly conflates the damages sought in this matter with the valuation of the underlying chose in action in state court. *Id.* at 4.[2]

Leary filed a Rebuttal [170] in support of his Motions [151], [158], and attached as supporting exhibits the deposition taken at Plaintiff's judgment debtor examination [170-1] on August 14, 2017, along with exhibits to the deposition and a motion to strike [170-2] filed by Plaintiff's counsel in a separate action in state court. Handshoe has filed a Motion [180] to Strike the Rebuttal [170] and these accompanying exhibits [170-1], [170-2], asserting that the documents contain

---

[2] Leary did not raise waiver or estoppel as affirmative defenses in his Answer [171] or First Amended Counterclaim and Answer [179]. *See* Fed. R. Civ. P. 8(c)(1). "A defendant who fails to raise an affirmative defense in its responsive pleading forfeits that defense unless the defendant raises the issue at a pragmatically sufficient time and the plaintiff is not prejudiced in its ability to respond." *NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 259 (5th Cir. 2017) (quotation omitted). Handshoe has not argued that Leary forfeited these affirmative defenses, and there is no indication that Handshoe was prejudiced in his ability to respond. Therefore, the Court will consider Leary's Motions on their merits.

redundant, immaterial, impertinent, or scandalous matter involving non-parties

which should be stricken pursuant to Federal Rule of Civil Procedure 12(f).  *See*

Mot. [180] at 1; Mem. in Supp. of Mot. [181] at 1-4.  Leary responds that striking

the documents under Rule 12(f) if not warranted because they contain no

redundant, immaterial, impertinent, or scandalous matter, and they are not

"pleadings" within the meaning of the Rule.  *See* Resp. [189] at 1-3.[3]

## II.  DISCUSSION

### A.    Handshoe's Motion [180] to Strike will be denied.

Federal Rule of Civil Procedure 12(f) provides that

> [t]he court may strike from a pleading an insufficient defense or any
> redundant, immaterial, impertinent, or scandalous matter.  The court
> may act:
> (1)    on its own; or
> (2)    on motion made by a party either before responding to the
>        pleading or, if a response is not allowed, within 21 days
>        after being served with the pleading.

Fed. R. Civ. P. 12(f).  The action of striking a pleading is a "drastic remedy" that

should be sparingly used only when required for the purposes of justice.  *Augustus*

*v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)

---

[3]  In Handshoe's Rebuttal [194] in support of his Motion [180] to Strike, he raises a new argument that Leary's Rebuttal [170] violates Rule 11 because it is "'probable' a third party, more likely than not suspended lawyer Daniel Abel, is ghostwriting and signing Leary's name to his filings with this Court as is detailed at ECF Nos. 191 and 192." Rebuttal [194] at 1-2.  The Court will not consider this argument in resolving Handshoe's Motion [180] to Strike because Handshoe raised it for the first time in his Rebuttal. Handshoe has filed a separate Motion [191] for Sanctions under Rule 11 addressing this issue, and the Court will consider Handshoe's arguments in resolving that Motion [191]. Even if the Court ultimately grants Handshoe's separate Motion [191] for Sanctions and strikes the Rebuttal [170], the result here would not change.  Regardless of whether the Court considers Leary's Rebuttal [170], his Motions [151], [158] should be denied.

(quotation omitted).

In this case, the parties disagree as to whether the documents sought to be stricken constitute "pleadings" within the meaning of Rule 12(f).  However, the Court need not resolve this issue.[4]  Assuming that the documents at issue in this case are pleadings, Handshoe has not shown that Leary's Rebuttal or attached exhibits should be stricken from the record under Rule 12(f).  *See* Fed. R. Civ. P. 12(f).

Handshoe complains about Leary's alleged flagrant misrepresentations as to Handshoe's counsel's valuations in state court of two limited liability companies and about Leary's disclosure of financial information about the two companies, including proprietary salary information of third parties.  *See* Mem. in Supp. of Mot. [181] at 4.  This information relates to Leary's Motions [151], [158] for Judicial Notice and to Limit Value of Plaintiff's Action Based on Fresh Admission, Waiver, and Leary's argument that Handshoe has taken inconsistent positions before the state court and this Court.  Handshoe has not sought to strike Leary's Motions [151], [158], or supporting briefs [152], [159], and the documents are arguably pertinent and material to these Motions.  Nor does the Court find that the documents are redundant or contain scandalous matter based upon the current

---

[4]  *See United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (declining to decide issue, but recognizing authority exists that Rule 12(f) motions may only be directed towards "pleadings" as defined in Rule 7(a), such that motions, briefs, affidavits, and other documents outside of the pleadings are not subject to Rule 12(f)) (citing 5C Charles Alan Wright *et al.*, FEDERAL PRACTICE & PROCEDURE 1380 & n. 8.5 (3d ed. 2012)).

record.[5]  Handshoe has not shown that Leary's Rebuttal or attached exhibits are redundant, immaterial, impertinent, or scandalous matter that should be stricken from the record pursuant to Rule 12(f), and the Motion [180] to Strike will be denied.  For the reasons that follow, however, the Court will direct the Clerk of Court to restrict access to the relevant documents.

Local Uniform Civil Rule 79(b) permits the Court to enter an order sealing a document sua sponte or upon a request to seal.  L.U. Civ. R. 79(b).  Federal Rule of Civil Procedure 5.2(e) provides that for good cause, "a court may by order in a case . . . limit or prohibit a nonparty's remote electronic access to a document filed with the court."  Fed. R. Civ. P. 5.2(e).

Handshoe has raised concerns about proprietary information reflected in the documents, including financial information pertaining to his two limited liability companies.  The Court also notes that at least one exhibit contains unredacted personal identifiers, including Handshoe's full birth date on a copy of his driver's license.  *See* Fed. R. Civ. P. 5.2(a)(2) (providing that a filing that contains an individual's birth date may only include the year of the individual's birth).  The Court finds that there is good cause to prohibit a nonparty's remote electronic access to these documents, *see* Fed. R. Civ. P. 5.2(e), and there are clear and compelling reasons to seal them only from public access in CM/ECF, *see* L.U. Civ. R.

---

[5]  *See United States v. Coney*, 689 F.3d 365, 379-80 (5th Cir. 2012) (holding that pleadings are not scandalous when they are directly relevant to the controversy at issue and are minimally supported in the record, even if they might offend the sensibilities of a litigant or her attorneys).

79(b).  This Order is narrowly tailored to serve those reasons.  The Court will direct the Clerk of Court to seal Leary's Rebuttal [170] and supporting exhibits [170-1], [170-2] from public access only.

B.      Leary's Motions [151], [158] will be denied.

        1.      Waiver

        "[W]aiver is the intentional relinquishment or abandonment of a known right."  *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 n.1 (2017) (quotation omitted).  Leary has not shown that Handshoe had an actual intent to voluntarily relinquish his right to recover damages in excess of $2,500.00 in this case.  Leary's request to find waiver is not well taken and will be denied.

        2.      Equitable Estoppel

        "Equitable estoppel is founded on detrimental reliance on the representations of the other party."  *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993).  Equitable estoppel generally applies only when a defendant "'makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it,' and the person does, in fact, reasonably rely."  *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 321 (5th Cir. 2017) (quoting *Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 59 (1984)).

        Leary complains that he made decisions regarding continued legal representation and cost, the potential of making an offer of judgment, and settlement based upon the $180,000.00 prayed for in Handshoe's Complaint in this case.  *See* Mem. in Supp. of Mot. [152] at 3.  Leary appears to argue that the prayer

for relief in this case was the pertinent alleged misrepresentation of fact made by Handshoe. *See id.* It is unclear how the prayer for relief could constitute a misrepresentation of fact when every indication is that Handshoe still seeks to recover these compensatory damages. *See* 3d Am. Compl. [90] at 52. Leary's equitable estoppel argument is not well taken.

Even if Leary is asserting that the valuation Handshoe raised in state court as to the chose in action was the alleged misrepresentation, this would not change the result. Leary has not shown that Handshoe intended Leary to rely upon the valuation set forth in his Motion to Quash Writ of Execution [159-3] filed in state court, nor does the record support a finding that Leary actually reasonably relied on this valuation.

      3.    <u>Judicial Estoppel</u>

Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. *ASARCO, L.L.C. v. Montana Res., Inc.*, 858 F.3d 949, 958 (5th Cir. 2017). The purpose of judicial estoppel is to protect the integrity of the courts, not to protect the litigants. *Id.* "Judicial estoppel is an equitable doctrine concerned with 'judicial acceptance of an inconsistent position in a later proceeding [that] would create the perception that either the first or the second court was misled.'" *Aldous v. Darwin Nat'l Assurance Co.*, 851 F.3d 473, 480 (5th Cir. 2017) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 170 (2010)).

In deciding whether to apply judicial estoppel, courts look to the following factors: "(1) the party against whom judicial estoppel is sought has asserted a legal

position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *In Matter of Galaz,* 841 F.3d 316, 326 (5th Cir. 2016) (quoting *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011)).  The United States Court of Appeals for the Fifth Circuit has cautioned that these elements are not inflexible or exhaustive, and "numerous considerations may inform the doctrine's application in specific factual contexts." *Id.* (quoting *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012)).

Handshoe maintains that he did not take inconsistent legal positions before the state court and this Court.  The Court need not resolve this issue because, assuming without deciding that Handshoe did take inconsistent positions in both courts, Leary has not shown that the state court accepted Handshoe's valuation of this chose in action.  Even if the state court quashed the Writ of Execution, as Handshoe states in his Memorandum [166], the reason the state court reached its decision is unclear from the current record.  Leary has not shown that judicial estoppel applies.

### III.  <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Handshoe's Motion [180] and Leary's Motions [151], [158] are not well taken and will be denied.  The Court will direct the Clerk to seal from public access only Leary's Rebuttal [170] and supporting exhibits [170-1], [170-2] due to privacy concerns, in accordance with Local Uniform Civil Rule 79(e)(3)(B)(2).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [180] to Strike filed by Plaintiff Douglas Handshoe is **DENIED**, and the Clerk of Court is directed to **SEAL**, only from public access in CM/ECF, Defendant Charles Leary's Rebuttal [170] and attached exhibits [170-1], [170-2].

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motions [151], [158] for Judicial Notice and to Limit Value of Plaintiff's Action Based on Fresh Admission, Waiver filed by Defendant Charles Leary are both **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 17th day of April, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE