## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS HANDSHOE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:15CV382-HSO-JCG** |
| | § | |
| | § | |
| **VAUGHN PERRET,** *et al.* | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S [167] MOTION TO CERTIFY SEPTEMBER 19, 2017, [157] ORDER

BEFORE THE COURT is Plaintiff Douglas Handshoe's Motion [167] to Certify for interlocutory review the Court's September 19, 2017, Order [157]. This Motion is fully briefed.[1] After due consideration of the Motion, the related pleadings, the record, and relevant legal authority, the Court finds that Plaintiff's Motion [167] should be denied.

### I. BACKGROUND

In the Third Amended Complaint [90], which is the operative pleading in this case, Plaintiff Douglas Handshoe ("Plaintiff" or "Handshoe") raises a myriad of claims against Defendants Vaughn Perret ("Perret"), Charles Leary ("Leary"), Daniel Abel ("Abel"),[2] Trout Point Lodge Ltd. ("Trout Point Lodge"), Progress Media

---

[1] Plaintiff has filed a Motion [191] for Sanctions asking the Court to strike certain of Defendant Charles Leary's filings, including Leary's Response [173] to the current Motion [167]. Even if the Court ultimately grants Plaintiff's Motion [191] for Sanctions and strikes Leary's Response [173] the result here would not change. Even without a Response in opposition, the Court finds that Plaintiff's Motion [167] to Certify is not well taken, and it will be denied.

[2] Plaintiff's claims against Abel were dismissed without prejudice on September 19, 2017, pursuant to Federal Rule of Civil Procedure 4(m). *See* Order [156] at 4.

Group Limited of Nova Scotia ("Progress Media"), Marilyn Smulders ("Smulders"), and Ashoka.  Plaintiff has also sought certain declarations, including under the Securing the Protection of our Enduring and Established Constitutional Heritage Act, 28 U.S.C. § 4101, *et seq.* ("SPEECH Act") that

> as a matter of law each and every component judgment rendered in the case styled, *Trout Point Lodge et al. v. Douglas Handshoe*, Nova Scotia Supreme Court No. 41135 is REPUGNANT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA and unenforceable in the United States of America.

3d Am. Compl. [90] at 52.

Defendant Ashoka filed a Motion to Dismiss [94] the Third Amended Complaint, as did Perret and Leary [96].  On September 19, 2017, the Court granted Ashoka's Motion [94] and granted in part and denied in part Perret and Leary's Motion [96].  The Court dismissed all of Plaintiff's claims except for his misrepresentation claims pursuant to 17 U.S.C. § 512(f) against Progress Media and Smulders contained in Count 3 of the Third Amended Complaint, and similar claims against Leary and Trout Point Lodge in Count 5.  Order [157] at 36-37.

Plaintiff has now filed a Motion [167] to Certify the Court's Order [157] for interlocutory review pursuant to 28 U.S.C. § 1292(b).  *See* Mem. [168] at 1, 10. Plaintiff specifically seeks review of the Court's conclusion that his request for declaratory relief against Perret, Leary, and Trout Point Lodge in Count 11 was premature and that there was no justiciable controversy at that time.  *See* Mot. [167] at 2; *see also* Order [157] at 26-29.  Leary, the only remaining Defendant in the case who has entered an appearance, opposes Plaintiff's Motion [167].  *See* Resp.

[173] at 1-2.

## II.  <u>DISCUSSION</u>

A.  <u>Plaintiff's request to certify the Court's Order [157] for interlocutory appeal should be denied.</u>

28 U.S.C. § 1292(b) provides in relevant part that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

"The moving party bears the burden of demonstrating that interlocutory appeal is appropriate." *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009).  Interlocutory appeal under 28 U.S.C. § 1292(b) is a "narrow exception" to the final judgment rule, *In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014), and "is available only in limited circumstances," *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 288 (5th Cir. 2015).  Such an appeal is "exceptional," *Clark-Dietz & Assocs.-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983), and "does not lie simply to determine the correctness of a judgment," *id*.

Plaintiff has not shown that an interlocutory appeal is appropriate in this case.  Even if the other requirements of 28 U.S.C. § 1292(b) were met, an immediate appeal from the Court's Order [157] as to Count 11 would not materially advance the ultimate termination of this litigation.  Plaintiff's request to certify the Court's

Order [157] for interlocutory appeal is not well taken and will be denied.

B.      Any request to reconsider the Court's Order [157] will be denied.

Plaintiff is proceeding pro se in this case.  Liberally construing his Motion [167], he also appears to seek reconsideration of the Court's Order [157] with respect to its dismissal of Count 11.  To the extent Plaintiff seeks reconsideration, this request will be denied.

1.      The Canadian Judgments

Count 11 of the Third Amended Complaint [90] asked the Court to declare repugnant to the United States Constitution and unenforceable "each and every component judgment rendered in the case styled, *Trout Point Lodge et al. v. Douglas Handshoe*, Nova Scotia Supreme Court No. 41135 . . . ."  3d Am. Compl. [90] at 52.  Handshoe repeatedly refers to that Canadian litigation as a "defamation action."  *Id.* at 51-52.

In its previous Order [157], the Court noted that very little about this purported judgment, which was apparently entered in the Nova Scotia Supreme Court No. 411345, could be ascertained from the Third Amended Complaint itself.  *See* Order [157] at 28.  From what the Court can discern from reviewing filings in this case and in another case in this Court, *Perret v. Handshoe*, No. 1:16cv7-LG-RHW (S.D. Miss. Jan. 7, 2016) (the "Enforcement Action"), in 2013 Trout Point Lodge, Leary, and Perret instituted litigation in the Supreme Court of Nova Scotia, Canada, against Handshoe in that court's case number 411345.  The Nova Scotia Supreme Court later entered two separate, what have been referred to as

-4-

"component," judgments.  *See* Order [9-1] at 2; Order [9-2] at 2-3.

One judgment involved a defamation claim, *see* Order [9-2] at 2-3 (the "Defamation Judgment"), while the other, which was the subject of the Enforcement Action, dealt with a copyright infringement claim, *see* Order [9-1] at 2 (the "Copyright Judgment").  It appears from the record in this Court that Trout Point Lodge, Leary, and Perret have attempted to execute on the February 26, 2014, Canadian Copyright Judgment, but not the Defamation Judgment.  *See* Enforcement Action, Order [8] at 7 (explaining that enforcement was sought on the Copyright Judgment, not the Defamation Judgment).[3]

    2.    <u>The Copyright Judgment</u>

While it was not completely clear from the parties' original briefing on the Motions to Dismiss, nor from Plaintiff's Third Amended Complaint, it appears that Count 11 sought a declaration that both the Copyright and the Defamation Judgments are repugnant to the United States Constitution and thus unenforceable.  For the first time in his current Motion, Plaintiff now cites 28 U.S.C. § 4104 in support of the declaratory judgment claim in Count 11.  *See* Mot.

---

[3]   The Third Amended Complaint [90] also refers to another case in this Court.  *See* 3d Am. Compl. [90] at 51.  Handshoe appears to refer to an older case involving Trout Point Lodge, Leary, and Perret's attempt to enforce a different Canadian defamation judgment.  *See Trout Point Lodge Ltd. v. Handshoe,* No. 1:12CV90-LG-JMR, 2012 WL 12884834, at *1 (S.D. Miss. Dec. 19, 2012), *aff'd*, 729 F.3d 481 (5th Cir. 2013).  In that case, the Court granted Handshoe summary judgment because Trout Point Lodge, Leary, and Perret could not meet their burden under the SPEECH Act in order to enforce a foreign defamation judgment.  *Id.* at *7.  The Fifth Circuit subsequently held that the judgment was unrecognizable and unenforceable under the SPEECH Act and affirmed.  *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 496 (5th Cir. 2013).  The Defamation Judgment at issue in this case postdates the Fifth Circuit's opinion.

[167] at 2.  Section 4104 provides in relevant part that

> [a]ny United States person against whom a foreign judgment is entered on the basis of the content of any writing, utterance, or other speech by that person that has been published, may bring an action in district court, under section 2201(a), for a declaration that the foreign judgment is repugnant to the Constitution or laws of the United States.  For the purposes of this paragraph, a judgment is repugnant to the Constitution or laws of the United States if it would not be enforceable under section 4102(a), (b), or (c).

28 U.S.C. § 4104(a)(1).[4]

As this Court determined in the earlier Enforcement Action, copyright infringement does not fall within the purview of the SPEECH Act.  *See* Enforcement Action, Order [8] at 6.  The copyright claim asserted in the Canadian case did not sound in defamation.  Therefore, even if this claim were in fact ripe, as Plaintiff suggests, he has still not stated a claim in Count 11 upon which relief may be granted with respect to the Copyright Judgment.  The Court properly dismissed the declaratory judgment claim in Count 11 as to the Copyright Judgment.

  3.    The Defamation Judgment

In seeking a declaration that the Defamation Judgment is unenforceable under the SPEECH Act, Plaintiff appears to rely upon First Amendment considerations under 28 U.S.C. § 4102(a)(1) in an effort to show that the Defamation Judgment is repugnant to the United States Constitution.  *See* 3d Am.

---

[4] Section 4102 concerns recognition and enforcement of foreign defamation judgments.  *See* 28 U.S.C. § 4102.  Subsection (a) involves First Amendment considerations, while subsection (b) encompasses jurisdictional considerations.  *See id.*  Subsection (c) relates to defamation judgments against providers of interactive computer services, which is inapplicable here.

Compl. [90] at 51.  Plaintiff argues that the Court erred in finding that this claim was not ripe.  The Court is not persuaded by Plaintiff's argument.

In determining whether a declaratory judgment action should proceed, a district court must first consider whether the declaratory action is justiciable.  *Sasol N. Am., Inc. v. GTLPetrol, L.L.C.*, 682 F. App'x 312, 314 (5th Cir. 2017).  The pertinent question is "whether the facts alleged, under the circumstances, demonstrate that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Id.* at 314-15 (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).  "[A] declaratory judgment action, like any other action, must be ripe in order to be justiciable."  *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).

The ripeness doctrine is drawn both from the limitations on judicial power contained in Article III of the Constitution and from prudential considerations for refusing to exercise federal jurisdiction.  *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008) (citing *Reno v. Catholic Social Servs., Inc.*, 509 U.S. 43, 57 n. 18 (1993)).  The United States Supreme Court has held that "ripeness is peculiarly a question of timing . . . ."  *Blanchette v. Connecticut Gen. Ins. Corps.*, 419 U.S. 102, 140 (1974).  "[T]he Supreme Court has 'repeatedly held that an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation.'"  *Sasol N. Am., Inc.*, 682 F. App'x at 314 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013)).

As the Court has previously held, Plaintiff's request in Count 11 for declaratory relief under the SPEECH Act presupposes that Trout Point Lodge, Leary, or Perret will seek to enforce the February 26, 2014, Defamation Judgment against him here in the United States.  *See* 28 U.S.C. §§ 4102, 4104.  Under Mississippi law, actions founded on foreign judgments against Mississippi residents must be commenced within three years of rendition of the judgment.  *See* Miss. Code § 15-1-45.  Over four years have elapsed since the Canadian court entered the Defamation Judgment.  Because no justiciable controversy exists at this time, the Court properly concluded that the relief sought in Count 11 is not ripe and therefore not justiciable.  Any request for reconsideration of the Court's prior Order [157] is not well taken and will be denied.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Plaintiff's Motion [167] to Certify will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Douglas Handshoe's Motion [167] to Certify for interlocutory review the Court's September 19, 2017, Order [157] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 17th day of April, 2018.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE