## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS HANDSHOE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:15CV382-HSO-JCG** |
| | § | |
| | § | |
| **VAUGHN PERRET**, *et al.* | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S [191] MOTION FOR SANCTIONS

BEFORE THE COURT is Plaintiff Douglas Handshoe's Motion [191] for Sanctions.  This Motion is fully briefed.  After due consideration of the Motion, the related pleadings, the record, and relevant legal authority, the Court finds that Plaintiff's Motion [191] should be granted, and that certain of Defendant Charles Leary's filings [170], [171], [172], [173], [175], [176], [179], [186] in this case should be stricken.  Because some of the documents stricken include Leary's Answer, Defenses, and Counterclaims [171], and his First Amended Counterclaim As Well As Answer & Defenses [179], Leary will be given until **May 17, 2018**, to file an Answer to Plaintiff Douglas Handshoe's Third Amended Complaint [179] with Counterclaims, provided that no new counterclaims will be permitted.[1]

## I. BACKGROUND

Defendant Charles Leary ("Leary"), who lives in Canada and was originally

---

[1] In other words, Leary will not be permitted to add any new counterclaims beyond those that were contained in his stricken First Amended Counterclaim [179].

represented in this case by local counsel, is now proceeding pro se.  *See* Sept. 21, 2017, Text Order (granting Motion to Withdraw).  Plaintiff Douglas Handshoe ("Plaintiff" or "Handshoe") has filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(a), asking the Court to strike certain pleadings that he believes were ghostwritten for Leary by a disbarred Louisiana attorney and former Defendant Daniel Abel, who allegedly forged Leary's signature and mailed the documents from Louisiana to the Clerk of Court for filing.

The filings Plaintiff seeks to strike were filed by Leary or on Leary's behalf and include:  (1) Rebuttal [170] filed in support of Leary's Motion [151] for Judicial Notice; (2) Answer, Defenses, and Counterclaims [171]; (3) Certificate of Service [172]; (4) Reply [173] in opposition to Plaintiff's Motion [167] to Certify; (5) Motion [175] for Judgment on the Pleadings or in the Alternative Summary Judgment; (6) Brief [176] in support of Leary's Motion [175]; (7) First Amended Counterclaim As Well As Answer & Defenses [179]; and (8) Rebuttal [186] in support of Leary's Motion [175].  Plaintiff posits that to the extent Leary's signatures on these documents are forged they do not meet the signature requirement of Rule 11(a) and should be stricken.  *See* Mot. for Sanctions [191] at 4.

In support of Plaintiff's position that these documents were ghostwritten and signed by a disbarred attorney in Louisiana, rather than by Leary himself, Plaintiff points out that many were mailed from Louisiana, rather than from Canada where

Leary resides.  *See* Envelope [170-3] at 1 (mailed from zip code 70118);[2] Envelope [171-6] at 1 (mailed from zip code 70118); Envelope [172-1] (appears to be postmarked in Baton Rouge, Louisiana, over United States postage stamps); Envelope [173-1] at 1 (appears to be postmarked in New Orleans, Louisiana, over United States postage stamps); Envelope [175-8] at 1 (mailed from zip code 70118); Envelope [176-3] at 1 (mailed from zip code 70118); Envelope [179-1] at 1 (mailed from zip code 70118); Envelope [186-6] at 1 (mailed with United States postage stamps).  Plaintiff also contrasts the signatures on these documents with a signature taken from a known handwriting sample of Leary's.  *See* Mot. for Sanctions [191] at 3.[3]

Plaintiff engaged a forensic document examiner as an expert to examine the cursive and printed writings and signatures on some of these filings.  *Id.* at 2.  In her report [191-1], the expert opines that it is probable that the writer of the known Leary signatures did not sign the questioned documents, and that Abel may be the writer of the word "October" in the date of Leary's Certificate of Service attached to his First Amended Counterclaim As Well As Answer & Defenses [179].

---

[2]  According to the United States Postal Service's website, 70118 is a zip code in New Orleans, Louisiana.  *See* https://tools.usps.com/go/ZipLookupResultsAction!input.action?resultMode=2&companyName=&address1=&address2=&city=&state=Select&urbanCode=&postalCode=70118&zip= (last accessed Mar. 12, 2018).

[3]  The Court also notes that the envelope [197-1] containing Leary's Response [197] to the present Motion [191] was mailed to the Clerk from New Orleans, Louisiana.  *See* Envelope [197-1] at 1 (bearing postmark from New Orleans, Louisiana 70118, over United States postage stamps).

Leary responds that Plaintiff failed to give the required notice under Rule 11 or to disclose the expert witness in violation of Rules 26 and 37. Leary's Resp. [197] at 1-4. Leary also argues that the handwriting expert is unqualified and her methodology unreliable, such that her opinions are inadmissable under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and its progeny. *Id.* at 1, 4. Leary maintains that the report constitutes inadmissible hearsay. *Id.* at 4. Leary, however, does not dispute the allegations in Plaintiff's Motion that Abel was the ghostwriter of these documents and that Abel forged Leary's signature.

## II. DISCUSSION

### A.    Relevant Legal Authority

#### 1.    Signature Requirement

Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*

The Fifth Circuit has explained that the purpose of Rule 11(a)'s requirement that an unrepresented party sign his pleadings is "to make certain that those named as parties in an action in which there was no lawyer actually had assented to the filing of the action on their behalf." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (quoting 5A Wright & Miller, Federal Practice and Procedure: Civil

2d § 1334 at 54–55).  According to the Fifth Circuit, when the unsigned pleading or other paper is tendered to the clerk by the pro se party himself, the purposes of Rule 11(a) may be sufficiently fulfilled if the pro se party with reasonable promptness thereafter signs and refiles the document.  *Id.*  "But, where the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."  *Id.*  Where a notice of appeal was signed by a nonlawyer on his own behalf and on behalf of another, the Fifth Circuit has held that the notice effects an appeal only as to the signer.  *Id.*

While pro se litigants have the right to represent themselves, *see* 28 U.S.C. § 1654, "they do not have the right to representation by an unlicensed lay person practicing law," *In re Futch*, No. 09-01841-NPO, 2011 WL 1884187, at *3 (Bankr. S.D. Miss. May 18, 2011) (citing *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970)).

> There is no constitutional guarantee that non-attorneys may represent other people in litigation.  There is a narrow exception to this conclusion: a jail-house lawyer may help fellow prisoners file initial papers in habeas corpus actions when the state has failed to provide alternative aid to such prisoners in seeking post-conviction relief.

*Guajardo*, 432 F.2d at 1324 (citing *Johnson v. Avery*, 393 U.S. 483, 483 (1969)).

Rule 11(b) provides that, by submitting a pleading, written motion, or other paper to a court, an attorney or unrepresented party is making certain representations to the court.  *See* Fed. R. Civ. P. 11(b).  If a court determines that

Rule 11(b) has been violated, it may impose certain sanctions.  *See* Fed. R. Civ. P. 11(c)(1).  Rule 11(c)(2), known as the "safe harbor" provision, requires that a party serve a motion for sanctions based upon conduct alleging a violation of Rule 11(b) on the opposing party at least 21 days before the motion is filed with the court.  Fed. R. Civ. P. 11(c)(2); *see also, generally, Martin v. Bravenec*, 627 F. App'x 310, 313 (5th Cir. 2015).

    2.    <u>Expert Testimony</u>

With respect to expert testimony, Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to properly disclose the identity of expert witnesses it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.  Fed. R. Civ. P. 26(a)(2)(A).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

Federal Rule of Evidence 702 provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)    the testimony is based on sufficient facts or data;
> (c)    the testimony is the product of reliable principles and methods; and
> (d)    the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also, generally, Daubert*, 509 U.S. at 588-95.

B.    Analysis

Leary contends that Plaintiff failed to comply with the Rule 11(c)(2) safe harbor before filing his Motion for Sanctions [191].  The Court is not persuaded by this argument, as Plaintiff has not alleged a violation of Rule 11(b), and does not seek sanctions under Rule 11(c).  Instead, Plaintiff essentially argues that Leary did not sign the documents under Rule 11(a), making them "unsigned paper[s]," such that the Court should strike them under the same rule.  Leary has not shown that the safe harbor provision applies under these circumstances.  As for Leary's challenge to the handwriting expert proffered by Plaintiff in support of his Motion, the Court need not resolve Leary's objections to the expert's report because the result would not change even if the Court disregards the report.

Plaintiff has directed the Court to evidence that constitutes indicia of the existence of Leary's forged signatures on papers filed on his behalf.  This evidence includes easily discernible differences between Leary's signatures on different papers and those on the ones at issue, coupled with the fact that the envelopes containing these pleadings were mailed to the Clerk of Court from Louisiana, rather than from Canada, where Leary resides.  There has been no indication that Leary was even in Louisiana at the time these filings were made.[4]  Finally, Leary has not

---

[4]  While not the subject of Plaintiff's Motion [191], the Court notes that some of Leary's filings were sent to the Clerk of Court via FedEx Express in an envelope with a return address as follows:

CHARLES LEARY
2421 CLEARVIEW PKWY
METAIRIE, LA 70001

made any attempt to factually dispute Plaintiff's allegations.  Based upon the current record, the only conclusion the Court can reasonably draw is that the filings in question were not signed personally by Leary as an unrepresented party, in violation of Rule 11(a).

Leary has not attempted to promptly correct this omission since it was raised by Plaintiff in his Motion, *see* Fed. R. Civ. P. 11(a), nor has he submitted substitute documents to the Clerk bearing his genuine signature, even though Leary has been placed on notice that the authenticity of his signatures has been questioned and he was given the opportunity to explain any discrepancies in his Response.  The Court can only conclude that the documents violate Rule 11(a) and should be stricken.  *See id.*

Moreover, there is no indication that whomever drafted or signed these filings was an attorney licensed to practice before this Court, and no such person has entered an appearance in this case.  "[W]here the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."  *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998).

Because some of the documents to be stricken include Leary's Answer,

---

UNITED STATES  US

Envelope [158-1] at 1; Envelope [159-4] at 1; Envelope [160-1] at 1; Envelope [161-2] at 1. The Court notes that this is the same street address used in the summonses [20], [45], [91] issued to Abel.  *See* Summons [20] at 1; Summons [45] at 3; Summons [91] at 1.

Defenses, and Counterclaims [171] and his First Amended Counterclaim As Well As Answer & Defenses [179], Leary will be given until **May 17, 2018**, to file an Answer to Plaintiff's Third Amended Complaint [179], one that is prepared and personally signed by Leary, if he intends to proceed pro se, or by a licensed attorney who has made an appearance in this case if Leary intends to engage counsel.  Leary is cautioned that all pleadings, motions, and papers he files in the future shall be prepared and personally signed by him or by a licensed attorney of record.  Failure to comply with this directive will be deemed contumacious conduct and may result in Leary's filings being stricken, or may result in more severe sanctions, including entry of default judgment or dismissal of any counterclaim pursuant to Federal Rule of Civil Procedure 41(b).

### III.  <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Plaintiff's Motion [191] for Sanctions will be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Douglas Handshoe's Motion [191] for Sanctions is **GRANTED**, and Defendant Charles Leary's filings [170], [171], [172], [173], [175], [176], [179], [186] are **STRICKEN**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Charles Leary shall file any Answer to Plaintiff Douglas Handshoe's Third Amended Complaint [179] with Counterclaims, provided that no new counterclaims will be

permitted, by **May 17, 2018**, and any such Answer must be prepared and personally signed by Leary, if he intends to proceed pro se, or by a licensed attorney who has made an appearance in this case if Leary intends to engage counsel.

**Defendant Charles Leary is cautioned that all pleadings, motions, and papers filed by him shall be prepared and personally signed by him or by a licensed attorney of record.  Leary is further cautioned that any failure to comply with this directive will be deemed contumacious conduct and may result in Leary's filings being stricken, or may result in more severe sanctions, including entry of default judgment or dismissal of any counterclaim.**

**SO ORDERED AND ADJUDGED**, this the 17th day of April, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE