IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                              PLAINTIFF

VS.                                                        CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, ASHOKA, XYZ
FOUNDATION & JOHN DOES 1-50                                         DEFENDANTS



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 27 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

---

## DEFENDANT LEARY'S OPPOSITION TO DOUGLAS HANDSHOE'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 218)

Charles Leary opposes Plaintiff Douglas Handshoe's Motion for Partial Summary Judgment on Count 5 of the Third Amended Complaint ("TAC"). Leary has already filed a Motion for Judgment on the Pleadings and Partial Summary Judgment on the same count, however this Motion has been stricken. Leary therefore has re-filed the bulk of his previous Motion anew as one for Summary Judgment. Leary hereby incorporates that motion and its supporting material in this Opposition to Handshoe's motion.

"In situations involving cross-motions for summary judgment and upon finding no genuine issues of material fact, this court regularly reverses grants of summary judgment and enters judgment for the opposite party." *Vela v. City of Houston*, 276 F.3d 659, 671 (5th Cir.2001).

Handshoe's motion must fail for several reasons. First, if infringement actually was occurring when Leary notified YouTube of what he believed was infringing activity, there was no violation of 17 U.S.C. 512(f). In his brief and in the TAC, Handshoe admits to publishing "a photo of Leary and Perret" for five seconds in a YouTube video he created for his commercial web site.[1] It is unrefuted that

---
1 The fact that slabbed.org was operated as a commercial enterprise is attested to by documents filed in the Chapter 11

1

the entire work was copied. In fact, Handshoe judicially admits the copying and distribution in support of his motion (ECF 219-3 and 219-5, showing identical photographs in the YouTube video and on the *Toronto Star* web site) as well as in the TAC.[2] Handshoe infringed the photograph's copyright on Slabbed as well. At paragraphs 52-54 of the TAC, Handshoe admits to publishing the photograph of Leary and Perret with their dog on Slabbed as of December 31, 2012 and to republishing it anew on Slabbed sometime in January, 2013, admitting "the images were restored" to the web site at that time. At paragraphs 66-68 of the TAC, Handshoe admits that the YouTube video at issue here contained "the media identified" in a copyright infringement notice sent to YouTube by Leary on February 15, 2014; that is the photograph of Leary & Perret with their dog. In fact, the YouTube video was in active publication on Handshoe's personal YouTube channel for the intended purpose of its republication on the commercial Slabbed web site, as admitted by Handshoe. Thus there was commercial distribution of the entire work in the YouTube video on February 15, 2014.

"Whether an infringement is *de minimis* is determined by the amount taken without authorization from the infringed work, and not by the characteristics of the infringing work." *Woods v. Universal City Studios, Inc., 920 F.Supp. 62 (S.D.N.Y.1996)*. In his brief, Handshoe is confused about the *de minimis* argument, and his own case law bears this out. "[A] use is de minimis only if the average audience would not recognize the appropriation." *Newton v. Diamond*, 388 F.3d 1189 (9th Cir. 2004). As Leary's declaration and Handshoe's declaration demonstrate, an audience would recognize the photo of Leary and Perret with dog in the video as being the same original work that is copyrighted. This is not a piece of music, where notes or refrains but not the entire work can be copied; this is a photograph. *Parker v. Dufresne*, 781 F. Supp. 2d 379 (W.D. La. 2011) does not say otherwise, and in

---

bankruptcy proceeding for Slabbed New Media initiated by Mr. Handshoe in the U.S. Bankruptcy Court for the Southern District of Mississippi. *In re Slabbed New Media, LLC*, 557 B.R. 911 (Bankr. S.D. Miss. 2016).

2 A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding. *White v. Arco/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir.1983); *see Mull v. Ford Motor Co.*, 368 F.2d 713, 715 (2d Cir.1966). Indeed, a district court may properly disregarded affidavits seeking to controvert a party's own pleading. *Bellefonte Re Insurance Company v. Argonaut Insurance Company*, 757 F.2d 523, 528-29 (2d Cir. 1985). See also: *JPMorgan Chase Bank, NA v. THE CHELSIE CORPORATION*, No. 1: 12-cv-352 (W.D. Mich. June 11, 2013) and cases cited therein.

2

fact emphasizes that it is the amount taken without authorization from the infringed work that governs this issue. Notably Handshoe's cases do not include infringement of *photograph* cases such as *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224 (11th Cir. 2010), where the Court of Appeals found: "in cases such as this, where substantial similarity is undisputed by the parties, non-infringement may be determined as a matter of law on a motion for summary judgment." See also *Agence France Presse v. Morel*, 934 F. Supp. 2d 547 (S.D.N.Y. 2013).

> In the instant case, actual copying of [Plaintiff's] photographs is undisputed. Defendant-appellees distributed and published digital copies, which were indistinguishable from [Plaintiff's] original photographs. As such, *substantial similarity is not at issue*.

Roaring Toyz, *supra*, (emphasis added).

In his brief, Handshoe also admits to having personally obtained the photograph from the web site of the *Toronto Star* newspaper, which is copyrighted, and whose Terms of Service do not allow unauthorzed copying or downloading of third party material like the photograph at issue here (ECF 219-4). As already argued in Leary's stricken and re-filed summary judgment motion, Handshoe has admitted to creating the video and uploading it to his personal YouTube account purportedly on behalf of the commercial web publishing activities of his LLC, Slabbed New Media. He has also admitted to violating the Star newspaper's terms of service regarding downloading of material from the web site without permission.

The photo at issue is a copyrighted creative work entitled "Charles L. Leary & Vaughan J. Perret with dog" registered with the Canadian Intellectual Property Office, with registration number 1106087. A copyrighted foreign work is protected under the United States *Copyright Act* without registration in the United States, 17 U.S.C. § 411; *THE FOOTBALL ASS'N PREMIER LEAGUE v. YouTube, Inc.*, 633 F. Supp. 2d 159 (S.D.N.Y. 2009) ("Section 411(a) of the Act, which requires preregistration or registration before any copyright infringement suit may be brought, is limited to U.S. works, stating "no civil action for infringement of the copyright in any *United States work* shall be

instituted until preregistration or registration of the copyright claim has been made", 17 U.S.C. § 411(a) (emphasis added), and thus allows suits to be brought upon foreign works without registration of them . . ."). Nonetheless, this photograph is registered as copyrighted in Canada, creating a presumption in favor of copyright existing under U.S. jurisprudence (cf. *Roaring Toyz*, supra). The owner of the copyrighted image is registered as Trout Point Lodge, Limited. Handshoe did not have permission to copy or distribute the work, and has thus admitted to copyright infringement. He did not own the work or have permission to use it; he copied and distributed the work. There was therefore no violation of 17 U.S.C.. 512(f) by Leary.

Handshoe refers to publishing the YouTube video pursuant to a Creative Commons License—something he published on the Slabbed blog.[3] However (a) this is irrelevant to infringement of the photograph's copyright and (b) Handshoe did not take the video from the Slabbed web site, instead he uploaded it to his YouTube channel so it could then be published as embedded in the Slabbed web site using WordPress software. Officers of companies who knowingly infringe copyright purportedly on behalf of the company are jointly and severally liable for infringement. *Fermata Intern. Melodies v. Champions Golf Club*, 712 F. Supp. 1257 (S.D. Tex. 1989). In addition, Handshoe argues that he has now registered the YouTube video with the Copyright Office. This fact is irrelevant to the validity of copyright in the photograph and would in fact involve making false statements to the Copyright Office that all contents of the video were the intellectual property of the registrant. Remarkably, on January 31, 2017, when Handshoe, on behalf of Slabbed New Media, registered copyright with the U.S. Copyright Office in the YouTube video, he claimed copyright in "all other cinematographic material, audiovisual material, text" contained in the video, including the photo of Leary & Perret with their dog, with only the exception of "preexisting music."[4] In its registration process, the Copyright Office asks

---

3  As far as Leary can determine, the "Creative Commons" license statement was not on the page where the video was published in May, 2013. Cf. Leary declaration.
4  As a public record, this Court may take judicial notice of the copyright registration found at https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=2&ti=1,2&Search%5FArg=Slabbed&Search%5FCode=NALL&CNT=25&PID=hlQPhZ52J7fF3xc4qtjYPHHU6OZa&SEQ=20180424074959&SID=1

4

for a mandatory listing of all authors of all components of the work. Seemingly, such registration of the video including the photograph belonging to Trout Point Lodge, Limited, and authored by Kara Crowell would violate 17 U.S.C. Section 506 (c) and/or (e). Indeed, Mr. Handshoe had to submit the following certification to the Copyright Office:

> The Application must be certified by the author, copyright claimant, or owner of exclusive right(s), or by the authorized agent of any of the preceding.
>
> **17 USC 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided by section 409, or in any written statement filed with the application, shall be fined not more than $2500.**
>
> \* **I certify** that I am the author, copyright claimant, or owner of exclusive rights, or the authorized agent of the author, copyright claimant, or owner of exclusive rights of this work and that the information given in this application is correct to the best of my knowledge.

Mr. Handshoe appears to argue that because the photograph at issue was widely distributed on the Internet, including on the *Toronto Star* web site, that it somehow became available to him to copy and distribute without violating copyright. Mr. Handshoe should know better. "[A] copyrighted work does not lose its copyright protection simply because it is easily available to the public." *Handshoe v. Abel*, Civil Action No. 1: 14-CV-159-KS-MTP (S.D. Miss. Jan. 8, 2016), citing *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 537 (5th Cir. 1994).

> Under Plaintiff [Handshoe]'s theory, Abel is liable under this section because the minor child held no copyright in the drawing. This, however, is a plain misunderstanding of copyright law. Plaintiff admits that the minor child was the author of the drawing. (Amended Complaint [27] at ¶ 14.) By that fact alone, the minor child possesses a copyright in the drawing under 17 U.S.C. § 102(a)(5). Plaintiff does not allege in his complaint that his use of the drawing was authorized by either the copyright owner or law, and asserts only that a copyright does not exist. As the Court must find that a copyright does exist, Plaintiff has failed to plead a misrepresentation under § 512(f).

*Handshoe v. Abel*, Civil Action No. 1: 14-CV-159-KS-MTP (S.D. Miss. Dec. 16, 2015).

Mr. Handshoe alleges Kara Crowell owned the copyright, however Kara Crowell was an employee of Trout Point Lodge and took the photograph for the company, which was always the original owner of the copyright. In both Canada and the United States, if an individual creates a work

during the course of his or her employment under a typical employment relationship, the work is considered a work made for hire, and the employer is considered the author and copyright owner of that work, not the employee. As a foreign work, the photograph enjoys copyright protection in the United States, both under the Copyright Act and under treaties and international agreements with Canada.

Copyright subsists in the work whether or not it was registered; copyright adheres as soon as the original creative work is created; cf. Handshoe v. Abel, supra.

Second, it remains unrefuted that Leary did not send a DMCA notice, but rather used a YouTube web form to notify YouTube of the presence of the infringing work in the video. The web form was filled out in Canada, and Leary was acting as an officer of Trout Point Lodge, Limited, a distinct juridical entity. This is not actionable under the DMCA. Cf. Leary's Motion for Partial Summary Judgment and supporting declaration.

Third, Handshoe uses Leary's alleged failure to respond to Requests for Admission as an evidentiary basis for stating that Leary did not consider Fair Use before filling out YouTube's copyright infringement webform. However, as already argued and evidenced in opposition to Handshoe's Motion to Compel (ECF 217), Leary was never properly served with the Requests for Admission. In fact, Leary has still never seen them. In the relevant Certificate of Service, Handshoe admits to having sent the Requests for Admission to Leary's old Nova Scotia mailing address and not to the British Columbia address Handshoe had on file at the time as the correct address. "[M]ailing of the notice to an address it knew from its own documents to be invalid, does not satisfy the notice requirement of Rule 5." *New York Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996).

Since Leary was never served with the Requests for Admission, the failure to respond cannot be used as an evidentiary basis for summary judgment. Remarkably, Handshoe has never sought to properly serve the Requests for Admission since being put on notice Leary never received the requests. As already argued in Leary's Motion for Partial Summary Judgment, it is also far from established that

6

the U.S. Court of Appeals for the Fifth Circuit accepts the U.S. Court of Appeals for the Ninth Circuit's view that Fair Use must be considered before sending a DMCA infringement notice to a service provider. In this Circuit, Fair Use is an affirmative defence, not a right.

Fourth, Handshoe does not allege or prove any damages in his Motion for Partial Summary Judgment. Damages are an essential component of the cause of action. *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678 (D. Md. 2011). To succeed a 512(f) claim plaintiff must "adequately allege the amount of damages he has suffered as a direct result of his web host relying on any misrepresentation" *Handshoe v. Abel*, Civil Action No. 1: 14-CV-159-KS-MTP (S.D. Miss. Dec. 16, 2015).

Fifth, in what is becoming a pattern of (intentional?) non-service, Leary was also never served with Notice of this Motion for Partial Summary Judgment. Instead, Leary received a second copy of Handshoe's responses to Leary's Requests for Admission, production requests, and interrogatories. "[C]ourts have required strict compliance with Rule 5's procedure for effecting service of pleadings and papers other than the initial complaint." *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310 (S.D. Tex. 1994). Cf. Leary declaration and copy of email from mail service, eSnail.ca. As service was defective, the Motion for Partial Summary Judgment should be quashed on that basis alone.

Finally, the declaration of Mr. Handshoe submitted as the sole evidentiary basis for his Motion does not sufficiently establish the provenance, authenticity or veracity of the exhibits to the affidavit and does not offer the Court any other evidence, which might include personal declarations. He states that he has "examined" the exhibits are they "true and correct" however by law such an unsworn declaration requires the following statement: "I declare under penalty of perjury that the foregoing is true and correct. ( 28 U.S.C. 1746)." Mr. Handshoe himself provides no affidavit testimony. Without evidence, a summary judgment motion must fail.

For all the above reasons, this Court should deny Handshoe's Motion for Partial Summary

7

Judgment and grant Leary's Motion for Partial Summary Judgment. Leary also requests any further relief, including costs, that the Court finds just.

Submitted April 29th, 2015

*[signature]*

Charles L. Leary

foodvacation@gmail.com

FORM 2(b) (ND/SD MISS. DEC. 2011)

## CERTIFICATE OF SERVICE

I, Charles Leary, defendant and plaintiff by counterclaim, hereby certify that I have this date filed the foregoing with the Clerk of the Court via postal channels, and that the ECF system will send notification of such filing to the following:

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
Pro Se **Plaintiff/Defendant by counterclaim**

So certified, this 24th day of ~~January~~ April, 2018.

Charles L. Leary