U.S. District Court for the Southern District of Mississippi, Case 1:15-cv-00382-HSO-JCG

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 27 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

### Declaration of Charles L. Leary
### In Support of His Motion for Partial Summary Judgment and His Opposition to Douglas Handshoe's Motion for Partial Summary Judgment

1. I am Charles L. Leary, a United States citizen currently domiciled in Nova Scotia, Canada.
2. I received my M.A. and Ph.D. degrees from Cornell University. I was a director of Trout Point Lodge, Limited, and was formerly the Secretary of Trout Point Lodge, Limited, including during 2013 and 2014.
3. I have never received Douglas Handshoe's Motion for Partial Summary Judgment, apparently filed March 26, 2018 with the Court. Instead on April 10, 2018, I received a second copy of Mr. Handshoe's responses to my discovery requests, which I originally received scans of from my mail processor on April 5, 2018. See attached emails from eSnail.ca (Exhibit "A"). Again, no motion, brief, or other supporting materials have been served on me by post or other means.
4. I also never received any Requests for Admission from Mr. Handshoe, which were apparently sent to my old mailing address of 140 Trout Point Road in Nova Scotia after I informed Mr. Handshoe of my new mailing address in British Columbia. I have already relayed evidence of this to the Court.
5. In 2013, Vaughn Perret, Trout Point Lodge, and I filed a lawsuit for copyright infringement against Douglas Handshoe in Nova Scotia Supreme Court. As Mr. Handshoe continued to publish false and injurious words about us while he was participating in the court proceeding, we later amended the lawsuit to include counts of defamation. During the court proceeding, Handshoe published allegations about us that included false criminal allegations.
6. Mr. Handshoe participated in quite a few conferences and motion hearings by telephone, after getting permission from the court. To my best recollection, after being told by the Nova Scotia court that he would have to be cross-examined on an affidavit he had filed, and after the defamation claims were added, Mr. Handshoe withdrew the affidavit, never participated in discovery, and filed a Demand for Notice in that proceeding, indicating he chose not to further defend but would be noticed on every event in the proceeding. He later filed a summary judgment motion, which was rejected by the Prothonotary for failing to follow a judge's instructions to be civil in pleadings.
7. In December, 2013, there was an evidentiary hearing on damages over two days at the Halifax Law Courts. Mr. Handshoe received timely notice of the hearing but did not attend. At that hearing, as part of sworn testimony, I played a Slabbed New Media YouTube video for Justice Kevin Coady.
8. On February 14, 2014, Nova Scotia Supreme Court rendered its decision in that case number 411345. Justice Coady's office simultaneously sent the decision to me and to Mr. Handshoe that day. The court found that Trout Point Lodge, Limited, owned copyright in a photograph depicting Vaughn Perret and I with our dog standing in front of Trout Point Lodge. I had registered the copyright in that photograph with Canada's Intellectual Property Office in 2013. Exhibit "B". The court also found Mr. Handshoe had infringed the copyright in that photograph.
9. Mr. Handshoe created the YouTube video I had shown in court and I believe he dowladed the photo from the Toronto Star web site, which is against the Terms of Service of that web site. I am aware that Mr. Handshoe is the sole owner and publisher of Slabbed New Media. That video

used the entirety of the photograph of Mr. Perret and I with our dog. That photograph had previously been published by the *Toronto Star*, with permission, and was published on the *Star's* web site, as part of an article about Mr. Handshoe's legal defeat in Nova Scotia Supreme Court in 2012.

10. While in East Kemptville, having received the decision of Justice Coady that Handshoe was infringing our copyrights the day before, on February 15, 2014, I did a Google search of YouTube's copyright page. There I found a page of instructions and then a fillable form for submitting a copyright complaint. Exhibit "C". The form did not identify that it was a form specified by the law of any specific country, and in fact required that I choose what country the copyright was in. I located and played the Slabbed New Media YouTube video from Nova Scotia. I saw the Trout Point Lodge photo being used in the video. The form said: "If you believe your copyright-protected work was posted on YouTube without authorization, you may submit a copyright infringement notification." I clicked on the button for "submit a copyright complaint." I chose Canada as the country of the copyright in issue. I was acting solely as an officer of Trout Point Lodge in submitting the form.

11. I had previously researched copyright law in both the United States and Canada. That is because I represented myself and Trout Point Lodge *pro se* in the Nova Scotia Supreme Court proceeding. I had a good faith belief Handshoe was responsible for copyright infringement, which is why I filed suit against him for copyright infringement. Mr. Handshoe appeared in that proceeding and defended.

12. As the company's former officer, I am aware that Mr. Handshoe had no permission whatsoever from Trout Point Lodge to use, reproduce, or publish the photograph of Mr. Perret and me with our dog. That picture was taken by a Trout Point Lodge employee Kara Crowell in the normal course of her employment with the Lodge. The photograph was always the intellectual property of Trout Point Lodge, Limited.

13. I took into consideration my layman's understanding of fair use and fair dealing when I filled out the YouTube form on February 15. In particular I remember being aware that if the use is commercial, fair use is highly unlikely. I thought the use was commercial, and so did the Supreme Court of Nova Scotia. I also remember reading cases where the use of the entirety of a creative work made it not fair use or fair dealing. For those reasons, I did not think and still do not think the YouTube video encompassed fair use of the photograph. Handshoe used all of the photograph in the video, and it was clearly visible in the video for a sustained period of time.

14. I also took into account that day that Handshoe had appeared in the Nova Scotia court case, but then just dropped out and never defended against the charges of copyright infringement, even though Canadian law has affirmative defences known as fair dealing. I believed these were very similar to fair use defences in United States law. The fact that Handshoe actually chose not to defend and to use these affirmative defenses made me think he knew he was infringing, including when he posted the YouTube video but also on the Slabbed web site.

15. In addition, I certainly remember knowing on February 15 that we now had a final judgment for copyright infringement against Handshoe. This gave me a very strong good faith belief that the use of the photograph was infringing Trout Point Lodge's copyright when I filled out and sent the YouTube form.

16. In no way did I ask YouTube that the video be removed or disabled by filling out and sending the form. The form referred to "removal of content" and not removal of a whole video. There was no way to attach documents to the form. In addition, the YouTube form asked exactly when, by time stamps, the infringing photograph appeared. I filled in the appropriate times. In good faith I thought the infringing material would be removed, not the whole video.

17. I then received an email from YouTube asking me for more information. I forwarded that email to the Trout Point Lodge email account, but I have no record that I can find of what happened

immediately after that. Mr. Handshoe says that I sent YouTube a copy of an earlier court order from Nova Scotia Supreme Court enjoining Handshoe from publishing about me or Trout Point Lodge. That is very possible.
18. I know that the YouTube video is now disabled in Canada, but not in other countries. When I am in Canada, the video cannot be viewed on the Douglas Handshoe YouTube channel. See exhibit "D". When I travel to other countries, I can access the video.
19. I also know that in corresponding about a DMCA counter notification Handshoe sent to YouTube on or around July 14, 2014, YouTube told me on August 6, 2014 that the video was blocked in Canada only. YouTube said: "This content has been blocked and is no longer viewable in Canada. It remains live in all other locations unless restricted by the uploader." In that counter notification Handshoe swore "under penalty of perjury, that I have a good-faith belief that the material was removed due to a mistake or misidentification of the material to be removed or disabled." Exhibit "E".
20. I did not intend on February 15, 2014, in filling out the YouTube form to invoke the Digital Millennium Copyright Act. I was in Canada complaining to YouTube about Canadian copyright after having received a judgment from a Canadian court of competent jurisdiction over copyright matters. It was not obvious to me, and in fact it was unapparent, that YouTube was having me fill out a DMCA notice. I believed YouTube would act under their own policies and Canadian law because I indicated Canada was the territory of jurisdiction. I believe that is what YouTube did by blocking the video in Canada.
21. I find it highly hypocritical that Mr. Handshoe has placed a copyright notification on the Slabbed web site, in yet feels free to take the intellectual property of others and us it in a commercial manner without permission, as well as to file counter notifications declaring that a removal of a third party's copyrighted material was in error. See Exhibit "F", the Slabbed home page. As far as I can determine, on May 6, 2013, the Slabbed web site did not have a Creative Commons License published. See Exhibit "G," archive.org capture of publications made on slabbed.org on May 6, 2013, with no Creative Commons License notice. I do not remember any mention of Creative Commons appearing on the slabbed blog until later in time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _April 24, 2018_ (date).

_____
Charles L. Leary (signature)