IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.                                  CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### MEMORANDUM IN SUPPORT OF REBUTTAL OF DEFENDANT LEARY'S OPPOSITION (ECF 224) TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 218)

Plaintiff Douglas Handshoe respectfully submits this memorandum in support of his rebuttal of Defendant Charles Leary's opposition (ECF # 224) to Plaintiff's Motion for Partial Summary Judgment (ECF #218) and will show that the Plaintiff's Motion should be well taken and granted.

Defendant Leary posits a bewildering array of arguments in his opposition including purposely conflating the owner of the Slabbed website with instant Plaintiff, maintaining that he was not engaging United States law when Leary's own evidentiary submissions from YouTube specifically mention the United States law under which he was acting (*See* ECF #219-14 for such an example) and

1

attempting to mislead the Court by arguing his March 27, 2016 Archive.org screen capture of the May 6, 2013 Slabbed website did not contain a Creative Commons License Notice when such is clearly discernable in Leary's own declaration in support of his opposition (*See* ECF 228-7, page 3 of 4). Plaintiff respectfully submits that Defendant Leary's opposition is riddled with such fundamental contradiction and error.

    Additionally, the Court should disregard Leary's Opposition because it was filed out of time, despite the fact Mr. Leary obtained an unopposed 14-day extension of time from the Court to properly file it. Here Leary, has accused Plaintiff in emails to the Court of not mailing Leary's copy of pleadings to a British Columbia, Canada based drop box, which then sends Mr. Leary the pleadings at his undisclosed location in Europe[1]. Plaintiff denies Leary's assertion that the Motion for Partial Summary Judgment was not mailed to him by Plaintiff. I respectfully submit that Mr. Leary, who has a history, habit and custom of baselessly claiming he was not properly noticed of United States District Court proceedings such as in matter 2012-cv-0090, where is he an active contemnor, is simply engaging in dilatory tactics in an attempt to delay the outcome of this matter.

---

[1] Mr. Leary's opposition does not contain and address or telephone number.

However, assuming *arguendo* that the Motion for Partial Summary Judgment was lost in the mail or mishandled by Mr. Leary's mail service[2] he has suffered no prejudice. He demonstrably knew of the pending Motion for Partial Summary Judgment on April 10, 2018 when he emailed chambers attempting to file a motion for an extension of time to respond. The Court, once Leary properly filed his Motion for an Extension of Time, gave him until April 26, 2018 to file his opposition to the Motion for Partial Summary Judgment. Mr. Leary's opposition still did not reach the Court Clerk for filing until April 27, 2018.

The Court should disregard Mr. Leary's Opposition because it does not comply with the basic requirements for a court filed document contained in L.U. Civ. R. 11, which requires, "All documents filed and signed by a party not represented by an attorney must contain the party's name, **address, telephone number**, fax number, and e-mail address."

Upon knowledge and belief, Plaintiff respectfully submits Mr. Leary is not including this information on his publicly available Court filings because he is evading several unpaid creditors of Trout Point Lodge in Canada, as well as to provide a ready-made excuse for his serial complaint that he was not properly (or

---

[2] Leary refuses to sign up for electronic notice where he would receive instantaneous notice and free access to case filings in favor of using a snail mail service located in British Columbia Canada which then forwards him copies of the pleadings via email. To the extent mail takes a minimum of 10-12 days to travel cross border from Mississippi to British Columbia, Leary, by his own choice, deprives himself of time to respond to the various motions filed in this matter. Leary claims he tires of incurring PACER charges. Plaintiff respectfully submits he tires of having to use expensive tracking features to prove Leary was mailed his pleadings due to his history, habit and custom of claiming a lack of service or notice. Plaintiff contends Leary complains of this filing precisely because he mailed it without such tracking features.

timely) noticed of Court proceedings here in the United States by concealing his true location.

However, should this Court in its discretion choose to overlook those two procedural flaws in Mr. Leary's opposition, it should still grant Plaintiff's Motion for Partial Summary Judgment.

Leary claims on page two of his Opposition that "Handshoe judicially admits the copying and distribution" when precisely the opposite is true as Plaintiff demonstrated that Leary could not prove the copying elements of Copyright Infringement. Leary does not rebut Plaintiff's arguments as to why he could never prove the Copying element of Copyright Infringement beyond misstating Plaintiff's arguments and conflating the owner of the website and creative work with instant Plaintiff.

With regard to the Toronto Star's creative work Leary attempts to argue that he somehow has an ownership interest in it and he contends that Plaintiff admits he violated the Toronto Star's terms of service, another falsehood. The record before the Court is clear, Torstar NEVER authorized Mr. Leary to send a DMCA Takedown notice involving its creative works nor did they ever object to the display of their intellectual property on the Slabbed New Media website. Mr. Leary's after the fact (and arguably fraudulent) Canadian Copyright registration does not change the Toronto Star's exclusive ownership of their creative works.

4

The fact remains that the Toronto Star photograph of Leary, Perret and Ugly Dog was widely distributed on the internet but such has nothing to do with Slabbed New Media's fair use of the photograph in a public interest news story. Mr. Leary's straw man arguments do hold up to the least bit of critical scrutiny.

Leary amazingly argues that the Slabbed New Media creative commons license was not displayed on the Slabbed New Media website in May 2013, another demonstrably false assertion that is contradicted by Mr. Leary's own evidentiary submission as detailed earlier in this Memorandum.

Most notably in his opposition is that Leary does not deny his failure to consider fair use before sending the DMCA Takedown notice involving the noncommercially displayed creative work that is owned by Slabbed New Media, LLC that is also registered in the United States Copyright office. Mr. Leary never owned the creative video work at controversy nor did Leary ever sue the rightful owner, Slabbed New Media, LLC, for Copyright Infringement in Canada. Therefore Mr. Leary's Canadian judgment, which has since been auctioned off on the steps of the Stone County Courthouse, is worthless to any analysis of his violation of United States law by submitting a misrepresented DCMA Takedown Notice to YouTube.

Finally, Mr. Leary claims Plaintiff sent discovery material to the wrong address but this argument also fails. Attached as Exhibit 1 to the Motion Accompanying

5

this Memorandum is a Leary email of December 8, 2017 advising Plaintiff he is changing his address with the Court. However, in a filing that has now been struck by this Court, on December 14, 2017 Mr. Leary used his "old" address at 140 Trout Point Road in direct contradiction to his email to Plaintiff on December 8, 2017[3]. In fact, the Court did not change Mr. Leary's address until January 8, 2018, 4-days after the discovery material was properly sent to Mr. Leary's address at 140 Trout Point Road[4]. United States postal tracking indicates the material was signed for and delivered on February 2, 2018[5]. Mr. Leary has made no effort to respond or return the Requests for Admissions and under the Rules of Civil Procedure is deemed to have admitted them.

It is important to note that Leary never denied his failure to consider fair use before sending the DMCA Takedown notice in his opposition. Rather his argument seems to focus on the incorrect assertion that Plaintiff did not send the requests for admissions to the correct address then on file with the Court thus he is not deemed to have admitted he did not consider fair use before sending the Takedown Notices. However, as explained above, Leary's contention he never received the Discovery materials does not hold up to the most cursory scrutiny.

Finally, Mr. Leary advises the Court to disregard the evidentiary submission in the form of the Declaration which accompanied the Motion for Partial Summary

---

[3] Exhibit 2 to the Motion accompanying this Memorandum.
[4] Exhibit 3 to the Motion accompanying this Memorandum.
[5] Exhibit 4 to the Motion accompanying this Memorandum.

Judgment claiming Plaintiff did not use the correct language contained in 28 U.S.C. 1746. However, this argument is also without merit. On page 1 of the declaration (See ECF 219-1) it states (Emphasis added):

> **Under penalty of perjury I, Douglas Handshoe, swear and affirm the following…**

On page 2 the following language closes the declaration:

> **I swear and affirm I have examined the Exhibit 1 through 20 and they are true and correct in all respects**

Contrary to Leary's assertion, Section 1746 only requires the declaration be "in substantially the following form…" Plaintiff respectfully submits the Declaration at ECF 219-1 includes all of the required language.

## CONCLUSION

The Court should find Plaintiff's Motion for Partial Summary Judgment to have merit and to GRANT it with respect to Court 5 and to award nominal, actual and punitive damages to Plaintiff in an amount to be determined.

Respectfully submitted this 4th day of May, 2018,

_____
Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

7

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on May 4, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on May 4, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 4th day of May, 2018,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com