IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.  CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### RESPONSE IN OPPOSITION TO DEFENDANT LEARY'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 225)

Plaintiff Douglas Handshoe respectfully submits this response in opposition to Defendant Charles Leary's Motion for Partial Summary Judgment (ECF #225) and he will show that Mr. Leary's Motion should be denied.

On its face Mr. Leary's Motion appears to be an out of time sur-reply to Plaintiff's Motion for Partial Summary Judgment (ECF #218) as Mr. Leary has filed his Motion well past the March 26, 2018 dispositive Motion deadline specified in the Case Management order (ECF #184). The Court should disregard Mr. Leary's Motion for this reason alone.[1]

---

[1] The Court struck Mr. Leary's previous Summary Judgment Motions since they were signed and submitted by Mr. Leary's business partner in New Orleans Louisiana, after Mr. Leary failed to sign the documents as his own after

1

Defendant Leary posits a bewildering array of arguments in his opposition such as purposely conflating the owner of the Slabbed website with instant Plaintiff, maintaining he was not engaging United States law when Leary's own evidentiary submissions of emails to him from YouTube specifically mention the United States law under which he was acting (*See* ECF #219-14, Page 2 of 3, for such an example) and YouTube's terms of service specifically mention the applicable United States law which underpins this civil action (See ECF #111-8, Page 4 of 6).

Mr. Leary attempts to mislead the Court by arguing Plaintiff is somehow subject to the jurisdiction of the Canadian Courts and Canadian law involving creative content created in the United States that is owned by a United States Domiciled Limited Liability Company with no connection whatsoever to Canada, that was uploaded from Mississippi to YouTube's servers in California using United States domiciled internet service providers. This creative content is also registered in the United States Copyright Office. Mr. Leary not only self contradicts his contention that he was acting under Canadian law the twisted logic he uses stretches the limits of credulity.[2]

---

being put on notice of the deficiency. Mr. Leary's own dilatory conduct in this matter precipitates his out of time filings thus the Court would be well within its discretion to disregard them for being filed out of time.

[2] See also, ECF 219.14, page 3 of 3, which shows Mr. Leary directing email to YouTube, LLC, 901 Cherry Ave, San Bruno California 94066.

2

The maze of broken logic self-manifests when Mr. Leary argues on Page 12, paragraph number 5 of his Motion that the DMCA Notice he sent to YouTube somehow did not affect YouTube's decision making to gain the safe harbor under the DMCA by taking down Slabbed New Media LLC's creative work, he astonishingly argues in paragraph 6 that he only asked that access somehow be disabled to "5 seconds" of the video thus he is somehow not responsible for YouTube taking down the entire video to gain the safe harbor under United States law.

Mr. Leary disingenuously contends that a Canadian Injunction the Fifth Circuit Court of Appeals wrote does not comport to basic protections against prior restraint of free speech is somehow fair game for submission for enforcement in the United States in support of his DMCA Takedown notices is completely devoid of merit. Not only did the Fifth Circuit Court of Appeals correctly dissect Leary's injunction[3], Leary and his business partners are estopped from ever seeking its enforcement. Leary's later submission of this injunction to YouTube exhibits a clear disrespect for the processes of United States legal system in general and the Fifth Circuit Court of appeals in particular.[4]

---

[3] That Court found that, "Trout Point does not seek to enforce the injunction in this action. Rightly so, as the injunction does not comport with even the most basic protections against prior restraints on speech in the United States. See Neb. Press Ass'n v. Stuart, 427 U.S. 539, 559 (1976) (explaining the heavy presumption that a prior restraint on speech is unconstitutional).

[4] Mr. Leary is also an active Contemnor for purposely disregarding United States District Court Orders.

Most notably in his Motion, Mr. Leary does not deny his failure to consider fair use before sending the DMCA Takedown notice involving the noncommercially displayed creative work that is owned by Slabbed New Media, LLC, instead claiming safe harbor behind a Canadian Judgment, unenrolled at the time, that is not germane to the applicable United States law as their Canadian judgment was not obtained against the owner of the creative work, Slabbed New Media, LLC, such entity purposely disregarded by Leary in his various Canadian Court actions.

Not only is Leary's contention that the five second inclusion of a photo that is the copyrighted property of the Toronto Star violates his copyright nonsensical on its face, it is unsupported by United States case law. Mr. Leary, who is the disgraced Aaron Broussard's unindicted coconspirator, is nothing more than a thin skinned copyright troll stuck in a quagmire of his own creation.

These matters are more fully discussed in the accompanying Memorandum that is contemporaneously filed with this rebuttal.

Respectfully submitted this 11th day of May, 2018,

_____
Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on May 11, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on May 11, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 11th day of May, 2018,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com