IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE                                            PLAINTIFF

VS.                                            CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                 DEFENDANTS

## DEFENDANT LEARY'S BRIEF SUPPORTING HIS MOTION TO QUASH HANDSHOE'S REQUESTS FOR ADMISSIONS (208, 216), REQUEST FOR PRODUCTION (207), AND NOTICE OF DEPOSITION (206)

Plaintiff Douglas Handshoe alleges that he sent two sets of Requests for Admissions, one Request for Production, and one Notice of Deposition to Defendant Charles Leary.

Charles Leary has testified that as of today's date he has never received any of the above documents. "Testimony of non-receipt, standing alone, would be sufficient to support a finding of non-receipt; such testimony is therefore sufficient to rebut the presumption of receipt." *In re Yoder*, 758 F.2d 1114, 1119 (6th Cir.1985). Like the Sixth Circuit, the U.S. Court of Appeals for the Fifth Circuit has adopted the "bursting bubble" theory relating to presumptions.

> Under the Thayer or "bursting bubble" theory of presumptions, the *only* effect of a presumption is to shift the burden of producing evidence with regard to the presumed fact. If the party against whom the presumption operates produces evidence challenging the presumed fact, the presumption simply disappears from the case.

*Pennzoil Co. v. FERC*, 789 F.2d 1128 (5th Cir. 1986).

The documents referred to in ECF 208, 207, & 206 were sent to an address Handshoe knew *not* to be Leary's designated postal address for purposes of this case. The last Request for Admissions (216)

1

was also never received.

Leary therefore respectfully requests that the Court quash these discovery requests. Leary has already put Mr. Handshoe on notice that these items were never received, and he has done nothing to prove receipt by Leary. In the case of the two Requests for Admissions, he has not provided proof of mailing, let alone receipt. Leary has waited until now to file this motion to see if Mr. Handshoe, once on notice, would provide any evidence to respond to Leary's rebuttal of the presumption that mail was actually received. Handshoe now admits that he uses "expensive tracking features to prove Leary was mailed his pleadings." (ECF 230 at fn 2). However, Handshoe uniformly fails to provide any evidence of receipt by Leary. In fact, Leary has received no discovery requests.

Leary questions if Mr. Handshoe actually mailed the discovery documents. "Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." *Nunley v. City of Los Angeles*, 52 F.3d 792 (9th Cir. 1995); *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932).

> Normally it is assumed that a mailed document is received three days after its mailing. *See, e.g., Baldwin County Welcome Center v. Brown*, 466 U.S. at 148 n. 1, 104 S.Ct. at 1724 n. 1 (citing Fed.R.Civ.P. 6(e) ("Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.")).

Sherlock v. Montefiore Med. Ctr., 84 F. 3d 522, 525 (2d Cir. 1996)

However, "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive. *See, e.g., Smith v. Local Union 28 Sheet Metal Workers*, 877 F.Supp. 165, 172 (S.D.N.Y.1995) (determining date of receipt on basis of testimonial evidence), *aff'd mem.*, ___ F.3d ___, 1996 WL 53650 (2d Cir. Feb. 8, 1996)." Id.

Leary has rebutted the presumptions with evidence. "[A] presumption disappears ("bursts")

2

once rebutted, and the question underlying the presumption must then be decided upon the evidence presented." *In re Wm. B. Wilson Mfg. Co.*, 59 B.R. 535 (Bankr. W.D. Tex. 1986).[1] First, Leary has rebutted the presumption that the discovery documents were received by him at his designated address and, second, he has also rebutted the presumption that it only took three (3) days for mail to reach him at his designated address in Canada. Third, in at least one instance, Handshoe has failed to come forward with evidence, even when it is available to him, such as a Return Receipt he paid for.[2] When a party facing an evidentiary challenge does not come forward with evidence in his possession, the Court must take this into consideration.

Notably, aside from the Notice of Deposition, Mr. Handshoe's has thus far provided no evidence that he actually mailed the other discovery documents or when they were allegedly received. Mr. Handshoe provides some evidence that his notice of deposition was received by some unknown person in Canada on February 2, 2018—however it is glaringly obvious he provides no evidence his other discovery documents were ever received, when, or by whom.

In his rebuttal (ECF 230) Handshoe claims his Notice of Deposition was received in Nova Scotia, Canada—the incorrect address-- on February 2, 2018. Handshoe paid for tracking and a required signature upon delivery. The product used was "Registered Mail Return Receipt" (cf. exhibit to Leary declaration), notably something Mr Handshoe omitted from his own submissions to the Court.[3] Despite paying for Return Receipt, the online proof of delivery provided by Handshoe does not say who allegedly received the mail. The Return Receipt paid for by Handshoe is not provided in

---

[1] On the bursting bubble and Federal Rule of Evidence 301, see *AC Aukerman Co. v. RL Chaides Const. Co.*, 960 F.2d 1020 (Fed. Cir. 1992).

[2] Handshoe argues that Leary put 140 Trout Point Road as his return address on an envelope (ECF 229-2), however this was an inadvertent use of a pre-typed envelope and Leary had previously informed Handshoe that his postal address had changed, but his residential address remained the same (ECF 229-1). As already indicated on the record, Handshoe told Leary he would start to use his new postal address when he was informed of the change.

[3] When tracking the mail online at the U.S. Postal Service web site, two informational windows appear: "Tracking History" and "Product Information." Handshoe did not provide the Court with the "Product Information" page for this tracking number, which shows the product was "First-Class Package International Service" with the "Features" of "Registered Mail" and "Return Receipt." Notably, First-Class is not the most rapid service available. The mail took about 1 month to allegedly be delivered to an unknown person in Nova Scotia.

3

evidence. Leary has also provided evidence from Canada Post—the entity in charge of delivering the mail-- showing that the mail was never entered into the Canada Post system and that Leary was not in Canada in February, 2018 (ECF 217-1). The deposition was unilaterally scheduled by Handshoe in Wiggins, Mississippi, for the morning of February 6, 2018. This was not a court-ordered deposition and there had been no agreement as to the necessity of the deposition, the time, or the place (ECF 217).[4]

There is also actually a pattern of Leary not receiving items purportedly mailed by Handshoe that all relate to his winning his dispositive motion. This is true of the Motion for Partial Summary Judgment (ECF 218). Handshoe says he mailed the Notice of Motion to Leary, but it was never received. See Leary declaration. Handshoe now basis this dispositive motion on deemed admissions due to Leary's alleged failure to respond to the discovery allegedly received by mail (but actually never received). Notably, Leary regularly receives all mail sent by the court at his British Columbia address, and it is only items allegedly mailed by Mr. Handshoe that never arrive.

For the above reasons, Leary respectfully moves this Court to quash the discovery documents purportedly sent to Leary, but for which there is no evidence of receipt and the presumption for which has been rebutted.

To allow a dispositive motion to go forward based on deemed admissions under these circumstances would be an injustice.

Respectfully submitted this 8th day of May, 2018.

Charles L. Leary, PhD
pro se

---

4  Notably, Handshoe did not file a rebuttal to Leary's opposition.

4

308 5th Ave E
Vancouver, BC V5T 1H4
Canada

(902) 482-8360
foodvacation@gmail.com