**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**



DOUGLAS HANDSHOE                                                      PLAINTIFF

VS.                                                    CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
    FOUNDATION & JOHN DOES 1-50                       DEFENDANTS

**DEFENDANT LEARY'S BRIEF ON HIS MOTION TO QUASH PLAINTIFF HANDSHOE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT OR IN THE ALTERNATIVE
FOR AN EXTENSION OF TIME
TO FILE HIS RESPONSE TO PLAINTIFF HANDSHOE'S MOTION
FOR PARTIAL SUMMARY JUDGMENT (ECF 225)**

Plaintiff Handshoe filed a motion for partial summary judgment with the Court on March 26, 2018.

Handshoe's Certificate of Service (ECF 218) states that he mailed notice of the motion to Leary in

British Columbia, Canada, on March 26, 2018.

However, as of this date, May 11, 2018, Leary has never received the dispositive motion by post

from Handshoe. Leary has already provided a declaration to this effect (ECF 228). Leary questions if

Mr. Handshoe actually mailed the motion. "Under the common law mailbox rule, proper and timely

mailing of a document raises a rebuttable presumption that it is received by the addressee." *Nunley v.*

*City of Los Angeles*, 52 F.3d 792 (9th Cir. 1995); *Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct.

417, 76 L.Ed. 861 (1932).

> Normally it is assumed that a mailed document is received three days after its mailing. *See, e.g.,*
> *Baldwin County Welcome Center v. Brown,* 466 U.S. at 148 n. 1, 104 S.Ct. at 1724 n. 1 (citing
> Fed.R.Civ.P. 6(e) ("Whenever a party has the right or is required to do some act or take some
> proceedings within a prescribed period after the service of a notice or other paper upon the party

1

and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.")).

Sherlock v. Montefiore Med. Ctr., 84 F. 3d 522, 525 (2d Cir. 1996)

However, "If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive. *See, e.g., Smith v. Local Union 28 Sheet Metal Workers,* 877 F.Supp. 165, 172 (S.D.N.Y.1995) (determining date of receipt on basis of testimonial evidence), *aff'd mem.,* ___ F.3d ___, 1996 WL 53650 (2d Cir. Feb. 8, 1996)." Id.

Leary has rebutted the presumptions with evidence. "[A] presumption disappears ("bursts") once rebutted, and the question underlying the presumption must then be decided upon the evidence presented." *In re Wm. B. Wilson Mfg. Co.,* 59 B.R. 535 (Bankr. W.D. Tex. 1986). First, Leary has rebutted the presumption that the notice was mailed and, second, he has also rebutted the presumption that it only took three (3) days for mail to reach him at his designated address in Canada.

Notably, Mr. Handshoe's rebuttal to Leary's opposition provides no evidence that he actually mailed the notice or when it was allegedly received. Mr. Handshoe provides some evidence that his *notice of deposition* was received by some unknown person in Canada on February 2, 2018—however it is glaringly obvious he provides no evidence his motion for partial summary judgment was ever received, when, or by whom.

There is also a pattern of Leary not receiving items purportedly mailed by Handshoe. This is also true of two sets of Request for Admissions (ECF 216 and 208) Handshoe says he mailed to Leary but were never received. See Leary declaration. Handshoe now basis his dispositive motion (of which Leary also received no notice under Rule 5) on deemed admissions due to Leary's alleged failure to respond to discovery received by mail. Notably, Leary regularly receives all mail sent by the court at his British Columbia address, and it is only items allegedly mailed by Mr. Handshoe that never arrive.

2

Mr. Handshoe has failed to support the presumption in his favor with any evidence, i.e. after the
previous
bubble of presumption burst with the filing of Leary's declaration. ccc
∧

> [T]he burden of showing that service was made is on the moving party. *Daley v. ALIA,* 105
> F.R.D. 87 (E.D.N.Y.1985); *Mroz v. Dravo Corp.,* 293 F.Supp. 499 (W.D.Pa.1968), *aff'd,* 429
> F.2d 1156 (3d Cir.1970). Given the important consequences that flow from the service of
> pleadings and other papers, courts have required the "strictest and most exacting compliance"
> with Rule 5(b) when service is made by mail. *Timmons v. United States,* 194 F.2d 357, 360 (4th
> Cir.), *cert. denied,* 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952).

*Rivera v. M/T FOSSARINA*, 840 F.2d 152 (1st Cir. 1988).

Instead, assuming that one day he would receive proper notice in the mail, Leary on his own

initiative and expense informed himself about Handshoe's motion and filed a response after requesting

additional time (ECF 223). The response was sent on April 24, 2018. The deadline was April 26, 2018.

That response was received one day after the court-ordered deadline for receiving the response; it

arrived via international express post (ECF 224-1). Leary mailed the response before the deadline, one

day (1) after the Court granted the motion for time on April 23, 2018 (text only order).

Due to the fact that Leary never received proper notice of the motion for partial summary

judgment under Rule 5, Leary respectfully requests that the Court quash the motion.

In the alternative, Leary moves the Court to extend the deadline for filing the response by one
(1) day.

> The Court may extend a party's time to file a document "on motion made after the time has
> expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The
> following factors are relevant to the determination of "excusable neglect": "(1) the possibility of
> prejudice to the other parties, (2) the length of the applicant's delay and its impact on the
> proceeding, (3) the reason for the delay and whether it was within the control of the movant,
> and (4) whether the movant has acted in good faith." *Salts v. Epps,* 676 F.3d 468, 475 (5th Cir.
> 2012).

*Anderson v. WELLS FARGO BANK, NA*, Civil Action No. 2: 15-CV-88-KS-MTP (S.D. Miss. Jan. 13,
2016).

Leary submits there is not prejudice to Mr. Handshoe given the one-day delay in a case in

which Mr. Handshoe has amended his complaint four times, excluding one time in which Handshoe

amended without the court's consent. The length of the delay was the minimum possible: one day. The

reasons for the delay include the unpredictability of international post delivery times, which was beyond the control of the Defendant. The mailed document could have arrived on the deadline or after the deadline. By email, Leary informed the Court and Mr. Handshoe that the response was on its way by express means *before* the deadline. Leary also only learned of the Court's order granting the extension of time one day before sending the response using the most rapid means available to him. And again, Leary has never received notice of the motion under Rule 5, and was unsure as to how to proceed, not knowing if constructive notice was sufficient. Leary believes it was not based on his review of the law above.

In sum, the motion for partial summary judgment must be quashed; in the alternative it is just and reasonable for this Court to grant Leary a 1-day extension to file his response opposing the motion.

Respectfully submitted this 11th day of May, 2018.

Charles L. Leary
pro se

foodvacation@gmail.com

(902) 482-8360

308 5th Ave E
Vancouver, BC
V5T 1H4
Canada

4