IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.  CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### RESPONSE IN OPPOSITION TO DEFENDANT LEARY'S MOTION TO QUASH DISCOVERY (ECF 234)

Plaintiff Douglas Handshoe respectfully submits this response in opposition to Defendant Charles Leary's Motion to Quash Discovery (ECF #234) and he will show that Mr. Leary's Motion should be denied.

On its face Mr. Leary's Motion appears to be an out of time sur-reply to Plaintiff's Rebuttal to Leary's Opposition to the Motion Partial Summary Judgment (ECF #229) as Mr. Leary has previously made these arguments (ECF #224), which was filed well past the March 12, 2018 discovery deadline specified

in the Case Management order (ECF #184). The Court should disregard Mr. Leary's Motion to Quash Discovery for this reason alone.[1]

Mr. Leary posits a bewildering array of arguments in his Motion to Quash, including questioning "if Mr. Handshoe actually mailed the discovery documents" despite the cover letter used to transmit the requested discovery being previously submitted to this court at ECF #219-20, such cover letter containing the actual tracking number used to mail the discovery to Mr. Leary's address of record. Leary's arguments now seem to center on the notion that Plaintiff did not mail the discovery material because he (Mr. Leary) says so. Mr. Leary's arguments are imbecilic in their construct.

In support of that assertion, Plaintiff respectfully submits as Exhibit 1 to this Motion, the United States Post Office Receipt, the Registered Mail receipt, along with the Customs Declaration associated with the January 4, 2018 mailing to Mr. Leary's address of record. Tracking information showing the delivery of the discovery information on February 2, 2018 has been previously submitted to this Court by both Plaintiff and the Defendant (See ECF #235-2).

---

[1] The Court struck several of Mr. Leary's previous court filings since they were signed and submitted by Mr. Leary's business partner in New Orleans Louisiana, after Mr. Leary failed to sign the documents as his own after being put on notice of the deficiency. Mr. Leary's own dilatory conduct in this matter precipitates this out of time filings, thus the Court would be well within its discretion to disregard it for being filed out of time.

Mr. Leary's attempts to avoid the repercussions for his refusal to return the Request for Admissions must fail. By Rule, he is deemed to have admitted each and every Request for Admission sent to him by the Plaintiff including that he did not consider any of the fair use factors before sending the Misrepresented Takedown Notice to YouTube.

These matters are more fully discussed in the accompanying Memorandum that is contemporaneously filed with this Opposition.

Respectfully submitted this 29th day of May, 2018,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on May 29, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on May 29, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 29th day of May, 2018,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com