IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.                                  CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

**MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO MR. LEARY'S MOTION TO QUASH DISCOVERY**

This Memorandum in Support of Response in Opposition to Mr. Leary's Motion to Quash Discovery is respectfully submitted by Plaintiff Douglas Handshoe.

Mr. Leary has filed this Motion to Quash Discovery well past the March 12, 2018 discovery deadline specified in the Case Management order (ECF #184). The Court should disregard Mr. Leary's Motion to Quash Discovery for this reason alone.

Mr. Leary creates new straw men for his various out of time challenges to the Discovery that Plaintiff sent to him at his address on file with the Court on January 4, 2018. Mr. Leary essentially contends that the Plaintiff should be a mind reader in discerning where to mail Court pleadings in this matter, setting up a game

1

of address whack-a-mole where he can claim a lack of notice to the proceedings, a claim he is now serially making before this Court. Worse, Mr. Leary's Motion appears to be an out of time sur-reply to Plaintiff's Rebuttal to Leary's Opposition to the Motion Partial Summary Judgment (ECF #229) and such represents a wasting of the Court's time having to wade through the same tired arguments which essentially center on Mr. Leary's inability to timely change his address of record with the Court Clerk. To the extent Mr. Leary recycles and adds to his previous arguments, Plaintiff will simply cut and paste from his previous rebuttals involving Mr. Leary's fanciful claims.

Previously exhibited at ECF #229-1 is the Leary email of December 8, 2017 advising Plaintiff he would be changing his address with the Court. However, in a filing that has now been struck by this Court, on December 14, 2017 Mr. Leary used his "old" address at 140 Trout Point Road in direct contradiction to his email to Plaintiff on December 8, 2017[1]. In fact, Mr. Leary did not change his address with the Court until January 8, 2018[2], 4-days after the discovery material was properly sent to Mr. Leary's address of record at 140 Trout Point Road. United States postal tracking indicates the material was signed for and delivered on February 2, 2018.[3] Mr. Leary has made no effort to respond or return the Requests

---

[1] See ECF #229-2
[2] See ECF #229-3
[3] See ECF #229-4 (Also note that delivery was attempted on January 18, 2018)

for Admissions and under the Rules of Civil Procedure is deemed to have admitted them. Mr. Leary has also refused to appear for his deposition.

Leary contends that Plaintiff "knew" he was not at 140 Trout Point Road on January 4, 2018 but he offers no evidence to indicate how the Plaintiff knew that fact. Plaintiff contends he was simply following Federal Civil Procedure Rule 5(2)(C), which gives very clear guidance on this subject (emphasis added):

> (2) Service in General. A paper is served under this rule by:
>     (A) handing it to the person;
>     (B) leaving it:
>         (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>         (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>     (C) **mailing it to the person's last known address—in which event service is complete upon mailing;**

Now Leary questions "if Mr. Handshoe actually mailed the discovery documents" despite the cover letter used to transmit the requested discovery being previously submitted to this court at ECF #219-20, such cover letter containing the actual tracking number used to mail the discovery to Mr. Leary's address of record. Leary's arguments now seem to center on the notion that Plaintiff did not mail the discovery material (in addition to mailing it to the wrong address) because he (Mr. Leary) says so. Mr. Leary's arguments are imbecilic in their construct.

In support of the assertion that Mr. Leary's arguments are imbecilic in their construct, Plaintiff respectfully submitted, as Exhibit 1 to the Opposition accompanying this Memorandum, a copy of the United States Post Office Receipt, the Registered Mail receipt, along with the Customs Declaration associated with the January 4, 2018 discovery mailing to Mr. Leary's address of record. Tracking information showing the ultimate delivery of the discovery information on February 2, 2018 has been previously submitted to this Court by both Plaintiff and the Defendant (See ECF #235-2 for such an example).

## Conclusion

For all the reasons stated above, Plaintiff respectfully requests this Court denies Mr. Leary's out of time Motion to Quash Discovery.

Respectfully submitted this 29th day of May, 2018,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on May 29, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on May 29, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 29th day of May, 2018,

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com