**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

MAY 30 2018

ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE

v.                                    CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

**RESPONSE IN OPPOSITION TO DEFENDANT LEARY'S MOTION TO
QUASH MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF #236)**

Plaintiff Douglas Handshoe respectfully submits this Response in Opposition to

Defendant Charles Leary's Motion to Quash Plaintiff's Motion for Partial

Summary Judgment (ECF # 236) and will show that Mr. Leary's Motion should be

denied.

Mr. Leary seeks to quash Plaintiff's Motion by claiming that he was never

served with the pleading, a common excuse that he uses when attempting to avoid

the consequences for his actions.[1] It is also an argument he has raised in his

opposition to the Motion for Partial Summary Judgment and he re-brings this

---

[1] For instance, see ECF #233 (Leary's late filed Answer and Counterclaims), Page 21, Paragraph 55, where Leary, who was represented by Counsel in case 12cv90, claims he was not noticed of proceedings. Leary is now an active Contemnor for willfully ignoring Judge Guirola's Show Cause Orders.

argument to the Court under the guise of a Motion to Quash.  Mr. Leary is a serial liar and evidently desperate thus the rehashing of this issue.

Leary has accused Plaintiff both in inappropriate emails to the Court's Chambers and in Court filings of not mailing his copy of the Motion for Partial Summary Judgment to his British Columbia, Canada based drop box, which then sends Mr. Leary the pleadings at his undisclosed location in Europe. Plaintiff denies Leary's assertion that the Motion for Partial Summary Judgment was not mailed to him by Plaintiff and posits that Leary is simply engaging in dilatory tactics in an attempt to delay the outcome of this matter.

Assuming *arguendo* that the Motion for Partial Summary Judgment was lost in the mail or mishandled by Mr. Leary's mail service[2] he has suffered no prejudice. Mr. Leary demonstrably knew of the pending Motion for Partial Summary Judgment on April 10, 2018 when he inappropriately emailed chambers attempting to file a motion for an extension of time to respond.[3] The Court, once Leary

---

[2] Leary refuses to sign up for electronic notice where he would receive instantaneous notice and free access to case filings in favor of using a snail mail service located in British Columbia Canada which then forwards him copies of the pleadings via email. To the extent mail takes a minimum of 10-12 days to travel cross border from Mississippi to British Columbia, Leary, by his own choice, deprives himself of time to respond to the various motions filed in this matter. Leary claims he tires of incurring PACER charges. Plaintiff respectfully submits he tires of having to use expensive tracking features to prove Leary was mailed his pleadings due to his history, habit and custom of claiming a lack of service or notice. Plaintiff contends Leary complains of this filing precisely because he mailed it without such tracking features.

[3] Plaintiff was not consulted by Leary prior to his April 10, 2018 email to Chambers asking for more time to respond. Plaintiff graciously offered to the Court that he had no objection to Mr. Leary obtaining an extension of time to file his response, despite the scurrilous allegations Leary made against Plaintiff which accused him of not mailing Mr. Leary's pleadings. Plaintiff will certainly not be inclined to show Mr. Leary any further quarter in the conduct of these proceedings.

2

properly filed his Motion for an Extension of Time, gave him until April 26, 2018 to file his opposition to the Motion for Partial Summary Judgment. Mr. Leary's opposition still did not reach the Court Clerk for filing until April 27, 2018. In any event per Rule 5, the Plaintiff discharged his responsibilities when he mailed Leary his copy of the pleading.[4]

In this instant matter this is not a case of a Defendant being deprived of notice as much as it is a Defendant purposely choosing a method of receiving Court filings using snail mail – one that involve distances of thousands of miles which guarantee ten to twelve-day delivery times at the minimum, and then complaining about being prejudiced by his own method of receiving Court filings. Just as in the other instances, Leary is playing the Boy who Cried Wolf by serially claiming a lack of notice of proceedings.  His complaints are without merit and should be disregarded.

---

[4] Federal Civil Procedure Rule 5(b)(2)(C)

These matters are more fully discussed in the accompanying Memorandum that is contemporaneously filed with this rebuttal.

Respectfully submitted this 30th day of May, 2018,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

4

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on May 30, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on May 30, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 30th day of May, 2018,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

5