IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | |
|---|---|
| DOUGLAS HANDSHOE | PLAINTIFF |
| VS. | CIVIL ACTION NO. 1:15cv382HSO-JCG |
| VAUGHN PERRET, CHARLES LEARY & DANIEL ABEL, D/B/A TROUT POINT LODGE LTD OF NOVA SCOTIA & IN THEIR INDIVIDUAL CAPACITIES PROGRESS MEDIA GROUP LIMITED, MARILYN SMULDERS, TORSTAR CORPORATION, NATIONAL GEOGRAPHIC SOCIETY, XYZ FOUNDATION & JOHN DOES 1-50 | DEFENDANTS |

**DEFENDANT LEARY'S BRIEF ON HIS MOTION CANCEL THE SETTLEMENT CONFERENCE OR IN THE ALTERNATIVE TO APPEAR BY TELECONFERENCE**

Dr. Leary respectfully seeks a cancellation of the Settlement Conference as non productive or in the alternative that he be allowed to appear by teleconference. The Case Management Order states: "If a party believes the scheduled settlement conference would not be productive and should be cancelled, the party is directed to inform the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference." The conference is scheduled for May 31, 2018.

On May 8, 2018, Defendant Leary wrote to Mr. Handshoe to let him know he was open to settlement of the dispute. He responded saying he was "happy to listen to any offer to settle." On May 9, Dr Leary then made specific proposals, which included settling the issue of all counterclaims and all disputes between the parties in a manner not involving monetary payments. Dr. Leary made specific non-monetary demands of Mr. Handshoe in his proposal.

On May 10, Mr. Handshoe replied, referred to the counterclaims as threats, and demanded

1

payment of large sums of money. None of the proposed terms—save confidentiality—was acceptable to Dr. Leary. Yet on May 15, Handshoe alleged to the Court by email that the settlement conference should go forward, and challenged Dr. Leary's *bona fides*. Dr. Leary respectfully points out that given the cost of his travel to Mississippi, the fact of appearing for a futile conference could reasonably be seen as tactical on the part of Mr. Handshoe. This is also not the first time Dr. Leary has—through previous counsel—made settlement proposals to Mr. Handshoe. Each time, since 2012, they have been uniformly rejected, and in one case in 2012 Mr. Handshoe published the contents of offers made in a settlement conference on his blog. In addition, in the recent May, 2018 communications, Mr. Handshoe did not budge from his previously articulated positions, including his proposed damage amount contained in the Third Amended Complaint plus hundreds of thousands of additional dollars.

In sum, in the spirit of Federal Rule of Civil Procedure 1 and in accordance with the Case Management Order, Dr. Leary's submits this motion. He initiated a settlement discussion with the Plaintiff. Dr. Leary started the conversation *before* filing counterclaims in the hope this step would not be necessary--something Dr. Leary communicated to the Plaintiff. Dr. Leary proposed settling all his claims in a non-monetary manner. Mr. Handshoe has one claim remaining under 17 U.S.C. 512(f), which permits nominal damages. OPINION CORP. v. ROCA LABS, INC., No. 8: 15-CV-811-17AEP (M.D. Fla. Nov. 17, 2016), citing Lenz v. Universal Music Corp., 815 F.3d 1145, 1151 (9th Cir. 2016). In yet he continues to claim for $180,000 plus more.

Given that Mr. Handshoe did not accept *any* of the Defendant's proposals (and referred to his position as "threats" and "worthless"), and Dr. Leary cannot accept any of Mr. Handshoe's mostly monetary proposals, the Defendant Leary remains convinced that settlement is futile, would be futile, and perhaps counterproductive. In addition, it is common ground that Dr. Leary lives in Canada and is currently working outside of North America. The cost of travel to appear personally in Mississippi would also be extremely high (CAN $3909.56 round trip on Delta for airfare to New Orleans alone)

2

given the prospect of actually reaching any settlement agreement. When Mr. Handshoe filed this lawsuit, he knew that it involved many foreign defendants including Dr. Leary.

Dr. Leary also notes that a defence has never been filed in this case, and in some ways the case remains at an early stage. It may not be the most productive time for settlement negotiations.

Cancellation of a Settlement Conference in a Case Management Order under Rule 16 is far from unprecedented. Courts look to see that the parties "have engaged in informal communications to gauge the respective settlement positions." and also take into consideration "the expense in time and resources necessary to meaningfully prepare for and attend the Settlement Conference." If the "case is unlikely to settle at this juncture" then "it would not be efficient or effective for the parties, counsel, or the Court to conduct a Settlement Conference at this time." Pyke v. ARCADIS, US INC., Dist. Court, ND California, Case No. C11-01279 CRB, (10/30/12). "[R]equiring either of the defendants to attend the conference would, under the present circumstances, would be an exercise in futility. And the law never requires an idle thing to be done. *Illinois v. ICC,* 722 F.2d 1341, 1348 (7th Cir.1983) (Posner, J.). See also *Cruz-Funez v. Gonzales,* 406 F.3d 1187, 1191 (10th Cir.2005)" *FIRST CLASSICS, INC. v. JACK LAKE PRODUCTIONS, INC.,* No. 17 C 1996 (N.D. Ill. June 1, 2017). Also: *CITIBANK, NA v. Dalessio,* No. 2: 09-cv-83-FtM-36DNF (M.D. Fla. Sept. 7, 2010); *Galvan v. Del Taco,* No. 2: 12-cv-01135-GMN-CWH (D. Nev. June 2, 2016). "[W]here the parties and attorneys are far-flung and substantial travel will be required by many people to attend the conference, it should be taken very seriously." *US v. US DIST. COURT FOR NORTHERN MARIANA IS.*, 694 F.3d 1051 (9th Cir. 2012).

Dr. Leary therefore respectfully requests that the settlement conference be cancelled as non-productive, as allowed by the Case Management Order. In the alternative, Dr. respectfully request that he be allowed to participate via teleconference should the conference actually be held. Appearance by telephone is commonly allowed. "The district court should, for example, consider whether a representative may be effectively available as needed during a settlement conference without physical

3

attendance. The relevant provision in the Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(5), refers expressly to a representative being "available by telephone," and Rule 16(c)(1) speaks of a representative being "reasonably available by other means." Participation in a settlement conference by telephone or teleconference may be a practical alternative." Northern Mariana, supra. Also: Galvan, supra; *Bonds v. PHILLIPS ELECTRONIC NORTH AMERICA*, No. 12-10371 (E.D. Mich. Mar. 26, 2014); *Lopez v. XTEL CONST. GROUP, LLC*, 796 F. Supp. 2d 693 (D. Md. 2011).

Respectfully submitted this 17th day of May, 2018.

Charles L. Leary
pro se


(902) 482-8360

308 5th Ave E
Vancouver, BC
V5T 1H4
Canada

4

## CERTIFICATE OF SERVICE

I hereby certify that, on ___May 17___, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary