# EXHIBIT 1

Case 1:15-cv-00382-HSO-JCG   Document 244-1   Filed 06/06/18   Page 2 of 11

Case 1:15-cv-00382-HSO-JCG   Document 187-1   Filed 11/13/17   Page 2 of 11
Case 1:16-cv-00007-LG-RHW   Document 4   Filed 01/20/16   Page 1 of 10

IN THE UNITED STATES DISTICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

VAUGHN PERRET
CHARLES LEARY
TROUT POINT LODGE, LIMITED                                      PLAINTIFFS

VS.                                       CIVIL ACTION NO.: 1:16-CV-00007-LG-RHW

DOUGLAS HANDSHOE                                                DEFENDANT

## MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

**COME NOW** the Plaintiffs, Vaughn Perret, Charles Leary, and Trout Point Lodge, Limited, by and through the undersigned counsel, and files this their *Memorandum Brief in Support of Plaintiffs' Motion to Remand* and would show unto the Court the following, to wit:

### Procedural History

1. The Plaintiffs obtained a judgment against the Defendant, Douglas Handshoe, in the Supreme Court of Nova Scotia on or about February 26, 2014 for copyright infringement under the Canada Copyright Act. Unlike the situation in the first litigation between Plaintiffs and Defendant in Nova Scotia, in this case Handshoe made a general appearance, including filing a Notice of Contest, and filed various motions advancing substantive legal arguments in his defense, which effectively nullified any jurisdictional arguments he improperly is attempting to rely upon here. In fact, after months of proceedings, Handshoe did not technically default, but, instead, he filed a Demand for Notice under Nova Scotia Civil Procedure Rules as a formal statement to the Court he did not intend to further defend. At this point, a judge of the Supreme Court determined he had previously defended. Handshoe next filed for summary judgment. He then failed to attend an evidentiary hearing on damages, of which he was given timely notice, and judgment was entered thereafter as the natural and unobstructed course of proceedings moved forward to conclusion. The Judgment was enrolled on June 2, 2014 in the Circuit Court of Hancock County, Mississippi.

2. The Defendant removed the matter on June 11, 2014 under the guise of 28 U.S.C. §§

Case 1:15-cv-00382-HSO-JCG   Document 244-1   Filed 06/06/18   Page 3 of 11

Case 1:15-cv-00382-HSO-JCG   Document 187-1   Filed 11/13/17   Page 3 of 11
Case 1:16-cv-00007-LG-RHW   Document 4   Filed 01/20/16   Page 2 of 10

1441 *et seq.* arguing that the suit involves a Federal question under 28 U.S.C. § 4103. However, the merits of the underlying case involved copyright claims and were fully litigated previously in Canada. There were no Federal questions to be raised or to be further litigated, procedurally or otherwise. A Motion to Remand was filed on July 11, 2014, and the action was remanded to the Circuit Court of Hancock County, Mississippi on November 24, 2014.

3.     However, that cause of action, cause number 14-0197 in the Circuit Court of Hancock County, was dismissed without prejudice by Order of Dismissal on November 13, 2015. The judgment was enrolled again in this cause of action on December 9, 2015. It is integral to this motion to point out that this is the second attempt of Defendant to remove this matter to Federal Court; however, nothing has changed with the underlying judgment which Plaintiffs seek to enforce. The only notable difference in this proceeding and the one before this Court earlier is that the underlying action was dismissed for a procedural defect, which has since been corrected.

## Argument

4.     Plaintiffs object to the Defendant's removal on jurisdictional and *res judicata* grounds. Plaintiffs also ask for costs and expenses including attorney's fees if the issue is remanded for a second time. Assessing whether a district court properly accepted such a Petition is properly part of a court's duty to assess it's own jurisdiction: "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties" *Howery v. Allstate Ins. Co.*, 243 F. 3d (5th Cir. 2001).

5.     This matter has been improperly removed, and Plaintiffs would assert that the removal is being done in a baseless manner and with ill intent. No substantive issues have changed since this Court last reviewed and remanded this situation in case number 1:14-cv-00241 other than a "without prejudice" dismissal for procedural defects not effecting the merits of the action in the least. This is a second removal of the same judgment on the same substantive grounds by the Defendant. It should be noted that subsequent removals to federal court of the same issue once already remanded are only

Case 1:15-cv-00382-HSO-JCG   Document 244-1   Filed 06/06/18   Page 4 of 11

Case 1:15-cv-00382-HSO-JCG   Document 187-1   Filed 11/13/17   Page 4 of 11
Case 1:16-cv-00007-LG-RHW   Document 4   Filed 01/20/16   Page 3 of 10

permissible by this Court on very limited grounds: "**As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal** *on the same ground.* The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather **the pleading or event that made the case removable.** *See O'Bryan v. Chandler,* 496 F.2d 403, 410 (10th Cir.), *cert. denied,* 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974) (emphasis added); *SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996).

6. Notably in *O'Bryan v. Chandler*, supra, the 10th Circuit was reviewing whether a "second petition to remove the state libel suit should have been granted pursuant to the second paragraph of 28 U.S.C. § 1446(b)" and was not considering appeal of a remand motion. "A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when **subsequent pleadings or events reveal a new and different ground for removal.**" *SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996) (emphasis added). There are no "new and different grounds for removal" in this case, and removal is improper.

7. Plaintiffs point out that Defendant has created a multiplicity of overlapping litigation in this jurisdiction over the past three years, most of which is already known to this Court. In addition, Handshoe's apparent pattern of copyright infringement on his blog was noted by the Court in 2012 when referring to how "the "Slabbed" blog was taken offline by the *Times-Picayune*'s corporate parent, Advance Publications, due to a notice of copyright infringement Advance Publications sent to Handshoe's web host in 2011 regarding a retracted article that mentioned Plaintiffs. See Case 1:12-cv-00090-LG-JMR, Document 35, Filed 12/19/12, Page 3. This district court has also very recently concluded, in another one of Handshoe's lawsuits, that he demonstrates "a plain misunderstanding of copyright law," including what constitutes a copyright and what is involved in infringement. See Case 1:14-cv-00159-KS-MTP, Document 76, Filed 12/16/15. Furthermore, this Court found Handshoe intentionally fails to comprehend that "a copyrighted work does not lose its copyright protection simply

Case 1:15-cv-00382-HSO-JCG   Document 244-1   Filed 06/06/18   Page 5 of 11

Case 1:15-cv-00382-HSO-JCG   Document 187-1   Filed 11/13/17   Page 5 of 11
Case 1:16-cv-00007-LG-RHW   Document 4   Filed 01/20/16   Page 4 of 10

because it is easily available to the public" and that Handshoe had "posted [a copyrighted] image without permission of the copyright owner or his agent." See Case 1:14-cv-00159-KS-MTP, Document 82, Filed 01/08/16. Finally, this Court correctly found in 2012 that Defendant was on "an internet campaign to damage Perret and Leary." See Case 1:12-cv-00090-LG-JMR, Document 35, Filed 12/19/12, Page 4. Plaintiffs submit that Handshoe has now shifted his campaign to the courts for improper motives, and that this second removal was done for the same purpose.

8. The reasons for immediate denial of the removal petition are obvious. The "pleading or event that made the case removable," has not changed one iota since the last time this Court remanded this case to state court in November, 2014. No facts have changed; the Canadian judgment remains exactly the same. The technical fault in the original enrolment of the judgement has been timely cured by the Plaintiffs in state court. Moreover, in examining the Notice of Removal Defendant filed January 7, 2016 and the Notice of Removal he filed June 11, 2014, there are no substantive differences, save that in the former, diversity jurisdiction is emphasized. Both petitions state the identical conclusory allegation that "Plaintiffs have alleged defamation via Internet by Defendant in securing rendition of foreign judgments" with the same footnote in support thereof. Additionally, allegations pertaining to "supplemental jurisdiction" were already dealt with by this court in 2014.

9. At the outset of his Notice of Removal, Defendant states he has removed this state law case only "pursuant to 28 U.S.C. 1441 et seq." Defendant has failed to plead any jurisdictional facts sufficient for removal on this basis, including the domicile or citizenship of the Plaintiffs or the jurisdictional amount, which is paramount. This includes the makeup and character of the Nova Scotia "limited company." The rule that citizenship must be **distinctly and affirmatively alleged** requires "strict adherence". *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (emphasis added). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. For diversity jurisdiction, the party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. "Failure to adequately allege the basis for diversity

4

Case 1:15-cv-00382-HSO-JCG   Document 244-1   Filed 06/06/18   Page 6 of 11

Case 1:15-cv-00382-HSO-JCG   Document 187-1   Filed 11/13/17   Page 6 of 11
Case 1:16-cv-00007-LG-RHW   Document 4   Filed 01/20/16   Page 5 of 10

jurisdiction mandates dismissal." *Howery v. Allstate Ins. Co.*, 243 F. 3d (5th Cir. 2001). It cannot be disputed that Defendant has not met his burden, and prior orders from this Court coupled with the Defendant's failure to set forth jurisdictional prerequisites under his burden of proof establish this fact.

10. In any event, it is undisputed that Plaintiffs Leary & Perret are stateless United States citizens. Both Perret and Leary are American citizens, but have resided in Canada since 1998. *See* Brief of Appellants at 5–6, *Trout Point Lodge*, 729 F.3d 481 (No. 13-60002), 2013 WL 7089060. Moreover, the pair has been without a United States residence since 2005. Federal diversity jurisdiction is thus destroyed. Jurisdiction cannot exist under Defendant's basis of 28 U.S.C. 1441. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989).

11. The Fifth Circuit has widely recognized this principal:

> For purposes of diversity jurisdiction, only the American nationality of a dual national is recognized. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2nd Cir.1991) *cert. denied*, 503 U.S. 1006, 112 S.Ct. 1763, 118 L.Ed.2d 425 (1992); *see also Sadat v. Mertes*, 615 F.2d 1176 (7th Cir.1980) ("only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)"). An American national, living abroad, cannot sue or be sued in federal court under diversity jurisdiction, 28 U.S.C. § 1332, unless that party is a citizen, i.e. domiciled, in a particular state of the United States. 1 J. Moore, Moore's Federal Practice § 0.74[4] (1996).

*Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996). The Plaintiffs do not rise to this threshold requirement.

12. The Defendant next asserts that Plaintiffs are "reasserting claims" previously before both the Nova Scotia courts and this Court, presumably in Case 1:12-cv-00090-LG-JMR, Document 35, Filed 12/19/12, in the United States District Court for the Southern District of Mississippi. Defendant's intention is unclear. However the Plaintiffs are not asserting or reasserting any claims; this issue has already been decided by the Canadian court and this Court, based on the same argument, in the final judgments rendered in 2014 and attached in support of Plaintiffs' enrolment pleadings. As noted by this Court in its previous decision on remand in Case 1:14-cv-00241-LG-JCG:

> The judgment at issue is a Canadian judgment reflected by an Order of the Supreme Court of Nova Scotia, which Plaintiffs attached to and incorporated by reference in the

5

Case 1:15-cv-00382-HSO-JCG   Document 244-1   Filed 06/06/18   Page 7 of 11

Case 1:15-cv-00382-HSO-JCG   Document 187-1   Filed 11/13/17   Page 7 of 11
Case 1:16-cv-00007-LG-RHW   Document 4   Filed 01/20/16   Page 6 of 10

> state court petition. The Order is certified as a true and correct copy "of the Order regarding damages for copyright infringement of Supreme Court Justice Kevin Coady . . . ." (Pet. 6, ECF No. 1-2). In the Order, Justice Coady states that damages are being awarded because the court is "satisfied that the Defendant Douglas K. Handshoe infringed all three plaintiffs [sic] copyright in photographic images throughout 2012 and 2013." (Id. At 7).

*See* Document 22, *Order Granting Motion to Remand*, Case 1:14-cv-00241-LG-JCG, In the United States District Court for the Southern District of Mississippi, Southern Division. Much guidance can be gleaned from this Court's *Order Granting Motion to Remand*, Case 1:14-cv-00241-LG-JCG.

13.   Notably, the Canadian judgement at issue in Case 1:12-cv-0090 was based on a complaint filed in Nova Scotia Supreme Court on September 1, 2011 that made no claims of copyright infringement. In addition, this Court has already decided the issue of removal jurisdiction of this self-same final copyright infringement judgment, already once removed to this Court based on the SPEECH Act, which Defendant is now asking this court to re-litigate. This is impermissible and constitutes *res judicata*. As The Supreme Court stated in *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S. Ct. 2099, 72 L. Ed. 2D 492 (1982):

> A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of *res judicata* apply to jurisdictional determinations — both subject matter and personal. See *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U. S. 371 (1940); *Stoll v. Gottlieb*, 305 U. S. 165 (1938).

14.   As already decided by this Court in November, 2014, this case is not about defamation; it concerns copyright infringement damages only: "Based on the clear and explicit language of the Canadian court Order incorporated by reference into the state court petition, the underlying judgment is for copyright infringement." *See* Document 22, *Order Granting Motion to Remand*, Case 1:14-cv-00241-LG-JCG, In the United States District Court for the Southern District of Mississippi, Southern Division. Removal based on the SPEECH Act is and always has been improper in this case; nothing has changed. "There is no indication that the judgment sought to be enforced encompasses any monetary damages awarded for defamation, and, thus, no basis for removal under the SPEECH Act."

6

Case 1:15-cv-00382-HSO-JCG   Document 244-1   Filed 06/06/18   Page 8 of 11

Case 1:15-cv-00382-HSO-JCG   Document 187-1   Filed 11/13/17   Page 8 of 11
Case 1:16-cv-00007-LG-RHW   Document 4   Filed 01/20/16   Page 7 of 10

*Id.* at p. 5.

15. Flying again in the face of this Court's previous decision, Handshoe now again argues that the Canadian court somehow improperly bifurcated its judgment. However, this Court has already addressed this very issue as well, making it also *res judicata*:

> Defendant claims that the Canadian court bifurcated the Canadian case into multiple component judgments in an effort to circumvent the SPEECH Act. Defendant's mere argument is insufficient to meet his burden to show that removal was proper. See *Simons v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999) ("'Removal . . . cannot be based simply upon conclusory . . . allegations.'") (citation omitted). Nonetheless, Plaintiffs are not seeking to enforce any defamation component judgment, but only the copyright infringement component judgment.

Case 1:14-cv-00241-LG-JCG, Document 22, p. 5.

16. There is no federal subject matter jurisdiction, as already decided by this very district court and judge. A district court's "order of remand is *res judicata* as to any further litigation of this subject matter in the federal court." "Nor does the fact that [defendant] has a right of removal divest the State court of jurisdiction, once that question has been determined against him and the case has been remanded to the State court. *United States v. Rice, 327 U.S. 742, 749, 66 S.Ct. 835, 90 L.Ed. 982 (1946); Metropolitan Casualty Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044 (1941).* See also, *O'Bryan v. Chandler,* 496 F.2d 403, 410 (10th Cir.), cert. denied, 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974).

17. Plaintiffs respectfully request costs and expenses if this case is remanded to state court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. The Court may order an award of costs and fees "when the removing party lacks an objectively reasonable basis for removal." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012) (citation and quotation marks omitted). Whether to award costs and fees is discretionary with the Court; there is no automatic entitlement to such an award. *Id.*

18. In this Court's Order Granting Motion to Remand, Case 1:14-cv-00241-LG-JCG

7

Case 1:15-cv-00382-HSO-JCG   Document 244-1   Filed 06/06/18   Page 9 of 11

Case 1:15-cv-00382-HSO-JCG   Document 187-1   Filed 11/13/17   Page 9 of 11
Case 1:16-cv-00007-LG-RHW   Document 4   Filed 01/20/16   Page 8 of 10

Document 22, the Court did not find costs and expenses warranted. Now, however, Defendant has filed a nearly identical petition for removal involving the self-same Canadian copyright judgment, and no facts have changed. Defendant is also now represented by counsel, Mr. Cruthird, who knows the full extent of the background to this case, and has represented Mr. Handshoe previously in multiple Courts in cases involving the Plaintiffs, including "Handshoe I" the first SPEECH Act case. Both Mr. Handshoe and Mr. Cruthird know that this issue has already once been remanded by this Court, and they also reasonably should have known there was no diversity jurisdiction. Costs and expenses are warranted in this case.

19. As a parenthetical note, it is not clear if removal under the SPECCH Act is warranted even at its most basic level. At paragraph 3 of Defendant's removal petition, Defendant's confused pleading claims that his removal is based on not only 28 U.S.C. 1441, but also the SPEECH Act, 28 U.S.C. 4103. Defendant still also specifically refers to "diverse parties" but fails to establish such required diversity in the petition. Notably, the SPEECH Act requires a certain diversity as well, which the Defendant also must have properly pleaded to effectuate proper removal. The SPEECH Act is not limited by Congress to application only in federal courts, which still have limited jurisdiction.

20. It is undisputed that enrolment of the Canadian judgment was done under the *Mississippi Code* and in line with the laws and rules of court available. The section "Uniform Enforcement of Foreign Judgments § 11-7-309 - Alternative rights of judgment creditor" states: "The right of a judgment creditor to bring an **action** to enforce his judgment instead of proceeding under this act remains unimpaired." Likewise 28 U.S.C. Sec. 4103, cited by Defendant, states

> In addition to removal allowed under section 1441, any **action** brought in a State domestic court to enforce a foreign judgment for defamation in which—
> (1) any plaintiff is a citizen of a State different from any defendant;
> (2) any plaintiff is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (3) any plaintiff is a citizen of a State and any

8

Case 1:15-cv-00382-HSO-JCG   Document 244-1   Filed 06/06/18   Page 10 of 11

Case 1:15-cv-00382-HSO-JCG   Document 187-1   Filed 11/13/17   Page 10 of 11
Case 1:16-cv-00007-LG-RHW   Document 4   Filed 01/20/16   Page 9 of 10

> defendant is a foreign state or citizen or subject of a foreign state,
>
> may be removed by any defendant to the district court of the United States for the district and division embracing the place where such action is pending without regard to the amount in controversy between the parties.

The Plaintiffs do not believe the Congress' use of the word "action" was unintended or imprecise. Mississippi Code § 11-7-309 existed, using the same language, at the time that the SPEECH Act was enacted by Congress.

> The task of statutory interpretation begins and, if possible, ends with the language of the statute. *In re Nowlin*, 576 F.3d 258, 261-62 (5th Cir.2009) (citing *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004)). When the language is plain, we "must enforce the statute's plain meaning, unless absurd." *Id.*

*Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481 (5th Cir. 2013).

21. The foreign judgment here was enrolled as part of Mississippi "practice and procedure in circuit courts," and not as an *action*. Therefore Sec. 4103 does not apply in this case. It is Mississippi's right under the Constitution to adjudicate this case of foreign judgment enrolment. In addition, again, Defendant has failed to plead any facts establishing the required removal jurisdiction under Sec. 4103, including the citizenship of any plaintiff. The Defendant's intention is to delay. There is no well-intentioned or legal basis other than delay for his second attempt at removal. In fact, Handshoe's Notice of Removal is completely silent on the specific basis for his lackluster proposition that diversity jurisdiction even exists. Nevertheless, Defendant has not established the required burden to proceed on diversity jurisdiction or federal question jurisdiction, and this cause should rightfully be remanded to the Circuit Court of Hancock County, Mississippi, with all Plaintiffs' costs, expenses, attorney fees and warranted damages being born by Defendant.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Vaughn Perret, Charles Leary, and Trout Point Lodge, Limited, prays that their *Motion to Remand* be granted, and this Court remand this back

9

Case 1:15-cv-00382-HSO-JCG   Document 244-1   Filed 06/06/18   Page 11 of 11

Case 1:15-cv-00382-HSO-JCG   Document 187-1   Filed 11/13/17   Page 11 of 11
Case 1:16-cv-00007-LG-RHW   Document 4   Filed 01/20/16   Page 10 of 10

to the Circuit Court of Hancock County, Mississippi, for further proceedings, with all Plaintiffs' costs, expenses, attorney fees and warranted damages being born by Defendant.

Respectfully submitted, this the 20th day of January, 2016.

>VAUGHN PERRET, CHARLES LEARY, TROUT POINT LODGE, LTD.
>
> By: s/Kenneth T. O'Cain
> Kenneth T. O'Cain, Esq.

OF COUNSEL:
Kenneth T. O'Cain (MSB#101124)
O'CAIN LAW FIRM, PLLC
567 Highway 51
Suite C
Ridgeland, MS 39157
Tel.: (601) 832-0990
Email: trey@ocainlaw.com

## CERTIFICATE OF SERVICE

I, Kenneth T. O'Cain, attorney for the Plaintiffs, Vaughn Perret, Charles Leary, and Trout Point Lodge, Ltd., do hereby certify that I have this date caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all attorneys of record.

This the 20th day of January, 2016.

> s/Kenneth T. O'Cain
> Kenneth T. O'Cain