IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE     PLAINTIFF

VS.     CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50     DEFENDANTS

### DEFENDANT LEARY'S REPLY TO PLAINTIFF HANDSHOE'S OPPOSITION TO HIS MOTIONS TO QUASH (ECF 234 & 236)

First, as of today's date, Defendant Leary has never been served with Mr. Handshoe's Opposition to his motions to quash.

Second, Plaintiff Handshoe opposes Defendant Leary's motion to quash (a) his motion for partial summary judgment and (b) his discovery requests and demands. Leary filed these motions because he never received the documents purportedly mailed by Handshoe, and/or they were intentionally sent to an address Handshoe knew to be incorrect.

In opposition, Mr. Handshoe has presented the Court with *no evidence* that his documents were actually delivered, which is required to rebut Leary's properly presented evidence that they were never received. In addition, using Handshoe's own tracking number presented in evidence by Handshoe, Leary has shown the Court that Handshoe used a service of the United States Postal Service that would identify *who* actually purportedly received mail sent to the incorrect address of 140 Trout Point Road in Nova Scotia. However, Mr. Handshoe has failed to present this evidence in his opposition. The presumption therefore must be that such evidence in his possession does not support his case and in

1

fact shows that Defendant Leary did not received the mail in question.

    Mr. Handshoe has (a) failed to properly serve Requests for Admission; (b) used Leary's failure to timely respond to the Requests for Admission (that he never received) to make them into deemed admissions; and (c) then used those admissions as an evidentiary basis for a Motion for Partial Summary Judgement that was also never properly served on Leary under Rule 5. No evidence has been filed to rebut Leary's well-established case. The fact that Leary has diligently used PACER to try to stay on top of Mr. Handshoe's filings that never reach him is no excuse for Mr. Handshoe's failure to follow Rule 5.

    Combined (a), (b), and (c) above amount to an egregious and heavy handed manipulation of the rules surrounding Request for Admission and service in an effort to summarily dispose of Count 5 of the TAC in Handshoe's favor.

    Dr. Leary respectfully requests whatever relief the Court finds just, including quashing the Motion for Summary Judgment and the discovery requests.

Respectfully submitted this 11th day of June, 2018.


Charles L. Leary
pro se

foodvacation@gmail.com

(902) 482-8360

308 5th Ave E
Vancouver, BC
V5T 1H4
Canada

## CERTIFICATE OF SERVICE

I hereby certify that, on June 12, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary