

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
      FOUNDATION & JOHN DOES 1-50                            DEFENDANTS

**DEFENDANT LEARY'S BRIEF ON HIS MOTION TO EXTEND DEADLINES
OF THE CASE MANAGEMENT ORDER**

This case involves *pro se* litigants on both sides. Pleadings have not closed. On October 31, 2017, this Honorable Court issued its case management order (ECF 184). It ordered that "Any parties that wish to file a notice of demand for jury trial must do so on or before November 7, 2017." It also ordered that "All dispositive motions and Daubert-type motions challenging another party's expert must be filed by March 26, 2018."

      This case has not proceeded in a straightforward fashion. Plaintiff Handshoe has amended his complaint three times, each time the motion to amend was opposed by all defendants. He is now prevented from amending a fourth time. Pleadings have never closed, but the discovery deadline has passed. Defendant Leary filed counterclaims in addition to a defence to Handshoe's single remaining count under 17 U.S.C. 512(f). Leary's defence and counterclaims were struck by the Court, Handshoe's motion to dismiss was denied as moot, and Leary re-filed a defence and counterclaims as allowed by the Court. Handshoe then filed a Motion for Partial Summary Judgment on the 512(f) count on March 26, 2018, but never gave proper notice to Leary of the Motion. Leary has sought to quash that mation

1

under Rule 5. Plaintiff Handshoe then recently filed a motion to dismiss contravening the Case Management Order and did not file a defence by the deadline. A Motion to Dismiss is a dispositive motion; *Retamal v. US CUST., BORDER PROT., HOMELAND SEC.*, 439 F.3d 1372 (Fed. Cir. 2006); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010). The Case Management Order has not been altered and sets a deadline of March 26, 2018, for all dispositive motions to be filed. Yet, Handshoe filed a Motion to Dismiss Leary's counterclaims, and not a defence, in June, 2018. After Handshoe's Motion for Partial Summary Judgment, Leary filed a Motion for Partial Summary Judgment on the same count, but after the March 26 deadline.

Given this context, Leary respectfully requests that the deadline for filing dispositive motions be extended to 45 days beyond the close of pleadings. The fact that both sides have filed dispositive motions after the deadline strongly suggests consensus among the parties that the deadline should be altered.

The Federal Rules of Civil Procedure make clear that dispositive motions can increase judicial efficiency and the goals of Rule 1. Both Parties are currently prevented from filing dispositive motions, in yet pleadings have not closed. And in a further contortion of the reasonable stages of a case anticipated in the Fed.R.Civ.P., discovery is closed. Handshoe has filed a motion under Fed.R.Civ.P. 12(b).

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997).

In addition, it may be premature for the Court to consider summary judgment motions until pleadings have closed. "*See, e.g.,* Fed.R.Civ.P. 56(c) (summary judgment motions to be decided, *inter alia,* in light of "the pleadings, depositions, answers to interrogatories, and admissions on file") . . ." *Jensen v. Frank*, 912 F.2d 517 (1st Cir. 1990); also *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) at 156

("Summary judgments may be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." Fed. Rule Civ. Proc. 56 (c)."). Finally, in another sign that the proper procedure and order of steps in this case has not been followed, the Case Management Order states that the jury trial demand decision had to be made by the parties in November, 2017, in yet pleadings had not (and have not) closed. The right to trial by jury is guaranteed by the United States Constitution and the Federal Rules of Civil Procedure. U.S. Const. Amend. VII; Fed. R. Civ. P. 38(a); see also Rise v. Barley, Snyder, Senft & Cohen LLC, No. 05-CV-01651, 2008 WL 859238 at*3 (E.D. Pa. Mar. 27, 2008). Rule 38(b)(1) dictates "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." For purposes of Rule 38(b), the term "last pleading" means the answer to a complaint or reply to a counterclaim or crossclaim that contests the issue and was last filed. Blue Mountain Env't Mgmt. Corp. v. Chico Enter., Inc., No. 01-460, 2006 WL 3053486 at*2 (W.D. Pa. October 25, 2006); Fed. R. Civ. P. 7(a); *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405 (5th Cir. 2002) at fn 27.

Given that pleadings have not closed, and given the unusual posture of this case given that pleadings have not closed, Defendant Leary respectfully requests the Court to grant a resetting of the deadline for filing dispositive motions in this case to 45 days after the close of pleadings.

Respectfully submitted this 11th day of June, 2018.

*[signature]*

Charles L. Leary
pro se

foodvacation@gmail.com

(902) 482-8360

308 5th Ave E
Vancouver, BC

3

V5T 1H4
Canada

## CERTIFICATE OF SERVICE

I hereby certify that, on ___June 12___, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary