IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
     FOUNDATION & JOHN DOES 1-50                                                    DEFENDANTS

**DEFENDANT LEARY'S BRIEF IN SUPPORT OF HIS MOTION
SEEKING TO FILE A MOTION FOR PARTIAL SUMMARY
JUDGMENT AND, IF GRANTED, TO SUPPLEMENT HIS BRIEF ON
PARTIAL SUMMARY JUDGMENT WITH FRESH JUDICIAL ADMISSIONS**

Defendant Leary mistakenly filed a Motion for Partial Summary Judgment after the deadline of March 26, 2018, as stated in a case management order (ECF 184). This was inadvertent and not intentional as Defendant had confused the meaning of dispositive and Daubert type motions in the case management order. As explained in Leary's brief supporting his motion to extend deadlines filed today, Leary believes that given the stage and posture of this case, dispositive motions should still be allowed by the Court. In addition, this court has in the past allowed such motions to be filed after case management deadlines in the case of *pro se* parties; *Boyd v. KLLM TRANSPORT SERVICES, INC.*, Civil Action No. 3: 07-cv-117-WHB-LRA (S.D. Miss. Oct. 9, 2008); *McFadden v. Prudential Ins. Co. of America*, 877 F. Supp. 2d 481 (S.D. Miss. 2012).

Leary therefore requests permission to file his Motion for Partial Summary Judgment (ECF 225) and says there is no prejudice to Mr. Handshoe, who has himself filed a dispositive motion after the deadline (ECF 244) and the case is in many ways at an early stage. Dr. Leary also notes that his

1

defence and counterclaims were struck by the Court *after* the deadline regarding dispositive motions, which denies Dr. Leary of any capacity to file dispositive motions in light of the actual operative pleadings. "*See, e.g.,* Fed.R.Civ.P. 56(c) (summary judgment motions to be decided, *inter alia,* in light of "the pleadings, depositions, answers to interrogatories, and admissions on file") . . ." *Jensen v. Frank*, 912 F.2d 517 (1st Cir. 1990); also *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) at 156 ("Summary judgments may be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." Fed. Rule Civ. Proc. 56 (c).").

Should this Honorable Court grant the motion seeking to file the Motion for Partial Summary Judgment, Dr. Leary draws the Court's attention to judicial admissions made by Mr. Handshoe on June 6, 2018, in his brief supporting his dispositive motion under Rule 12(b)(6) (ECF 244).[1] In particular, on pages 9-10 of his brief (ECF 245), Mr. Handshoe admits that Dr. Leary was acting solely in his capacity as an officer of Trout Point Lodge, Limited, when he sent a notice about copyright infringement to YouTube from Canada ("regarding the YouTube takedown notice [. . .] it is clear Leary was acting in his official capacity as Officer of Trout Point Lodge, Limited . . .). This is the basis for

---

[1] "Normally, factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983); see also *McCreary v. Richardson*, 738 F.3d 651, 659 n.5 (5th Cir. 2013). "Facts that are admitted in the pleadings `are no longer at issue.'" *Davis v. A.G. Edwards and Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (quoting *Ferguson v. Neighborhood Housing Services, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986)). Once a judicial admission is made in pleadings, plaintiffs cannot create a factual dispute by supplying an affidavit which contradicts that admission. *Id.* at 107-08. "Irrespective of which document contains the more accurate account, the [plaintiffs] are bound by the admissions in their pleadings, and thus no factual issue can be evoked by comparing their pleadings with [a plaintiff's] affidavit." *Id.* at 108. "A party therefore may not rebut a judicial admission made in its pleadings with new evidence or testimony," *Giddens v. Cmty. Educ.Ctrs., Inc.*, 540 F. App'x 381, 390 n.3 (5th Cir. 2013) (citing *Davis*, 823 F.3d at 107-08), and may not present new evidence which "inexplicably contradicts her previously sworn deposition testimony and her amended complaint" in order "to defeat summary judgment," *Franco v. City of Corpus Christi*, 254 F.3d 1081, 2001 WL 563927, at *3 n.1 (5th Cir. 2001) (citations omitted).

"To qualify as a judicial admission, the statement must be (1) made in a judicial proceeding; (2) contrary to a fact essential to the theory of recovery; (3) deliberate, clear, and unequivocal; (4) such that giving it conclusive effect meets with public policy; and (5) about a fact on which a judgment for the opposing party can be based." *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 n.2 (5th Cir. 2014) (quoting *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 329 (5th Cir. 2001)).

*Peairs v. Jackson County*, Civil Action No. 1: 13cv402-HSO-RHW (S.D. Miss. Sept. 25, 2015).

Count 5 of the Third Amended Complaint.

There is no indication Mr. Handshoe intended to or can pierce the corporate veil in this case. This Court has already accepted that Trout Point Lodge is a distinct juridical entity from Defendant Leary and that issue is *res judicata* (ECF 162; "business associations must be represented by a licensed attorney in order to appear in federal court.").

Before this Court could pierce the corporate veil, the plaintiff must have show that the factual circumstances are so extraordinary that "to do otherwise would `subvert the ends of justice.'" *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1046 (Miss.1989) (*quoting Johnson & Higgins of Mississippi, Inc. v. Commissioner of Insurance,* 321 So.2d 281, 284 (Miss. 1975)). The only situations which warrant piercing the corporate veil are situations in which a party has abused the corporate entity to perpetrate fraud and evade contractual and tort responsibility. *Hogan v. Mayor & Aldermen of Savannah,* 171 Ga.App. 671, 320 S.E.2d 555, 558 (1984). The present case does not present such a situation.

Therefore, Mr. Handshoe has judicially admitted in his Motion to Dismiss that Dr. Leary is not the responsible or liable party in this case. Dr. Leary should be dismissed as a defendant with prejudice based on this admission.

Respectfully submitted this 11th day of June, 2018.

Charles L. Leary
pro se

foodvacation@gmail.com

(902) 482-8360

308 5th Ave E
Vancouver, BC
V5T 1H4
Canada

## CERTIFICATE OF SERVICE

I hereby certify that, on Jun 12, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

/s/ Charles L. Leary
Charles L. Leary