

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

DOUGLAS HANDSHOE                                                    **PLAINTIFF**

VS.                                              CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ FOUNDATION
& JOHN DOES 1-50                                                   **DEFENDANTS**

**CHARLES LEARY'S BRIEF TO SUPPORT HIS**
**MOTION UNDER FEDERAL RULES OF CIVIL PROCEDURE 11, 26, AND 37**
**AND THE COURT'S INHERENT AUTHORITY**

Defendant Charles Leary moves under Rules 11, 26, and 37 of the Federal Rules of Civil Procedure,

and the Court's inherent authority, to sanction Plaintiff Douglas Handshoe for failing to reasonably

make initial disclosures and to participate in discovery under the spirit and letter of the law, for

repeatedly falsely representing that he had properly served Leary with discovery requests and motions,

and for failing to follow the letter and spirit of this Court's Case Management Order (ECF 184). Leary

is not at this time requesting that the Court compel Mr. Handshoe regarding discovery responses, as

Leary recognizes the discovery deadline has passed. Still, Leary believe Handshoe's conduct is

deserving of a response from the Court.

　　　Mr. Handshoe's recent conduct of not giving notice to Dr. Leary of filed documents is now a

pattern of vexatious conduct. In addition, in effect, Leary has gotten no discovery whatsoever from Mr.

Handshoe, who has in turn used evasive and questionable tactics in an attempt to gain a positive

1

disposition for himself on his remaining Count 5.

**FACTS**

      The following facts are supported by Dr. Leary's declarations filed in support of his previous motions relating to Mr. Handshoe's discovery practices. On October 11, 2017, in response to a communication regarding discovery, Handshoe emailed Leary and stated that he "disagree[d] that your counter claims will ultimately require *any* discovery" (emphasis added). Over the ensuing months, Mr. Handshoe would fulfill his promise not to provide any discovery. He also said: "The reason I did not disclose any electronically stored documents is the ones I had in my possession regarding count 5 were already exhibited. The YouTube Counter notification process was handled by webform, not email."

      On October 30, 2017, Leary sent Handshoe numerous pdf copies of relevant emails and also the scan of a copyright assignment document in pdf format--in other words, copies of electronic information. On the same day, Handshoe emailed Leary saying: "There will be *no discovery* on your counter claims as they will not survive a 12b motion" (emphasis added).

      On October 30, 2017, there was a case management conference with the Magistrate in which Handshoe agreed to provide copies of electronic information in pdf format.

      On October 31, 2017, the Court issued a Case Management Order. It states: "The parties will complete pre-discovery disclosures on or before November 8, 2017." The Order also states: "In the event [Electronically Stored Information] arises, *the parties will disclose via hard copy or .pdf format*" (emphasis added). The Order sets the deadline for completion of all discovery as March 12, 2018. Finally, the Order states:

> before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R. Civ.P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

On November 7, 2017, Leary emailed Handshoe pdf copies of additional electronically stored information, i.e. emails. On November 8, 2017, Handshoe emailed Leary with a list of emails, online Terms of Service, and court orders in his possession. He provided *no copies* of any documents, pdf files, or electronic information whatsoever.

> On November 28, 2017, Leary wrote to Handshoe:
>
> In order to facilitate discovery, which must be served under FRCP 5, I would suggest that we both consent to doing this via email.
> I propose that this consent apply only to service of discovery requests, not to motions, briefs, pleadings, etc.

Mr. Handshoe immediately replied: "I don't agree. Please send all discovery requests to the address I have on file with the Court."

On December 8, 2017, Leary wrote to Handshoe notifying him of a change of his address to 308 5th Ave E Vancouver, BC V5T 1H4. Mr. Handshoe replied the same day: "Received. I mailed pleadings to the court today which I will furnish you when they hit pacer on Monday so you will not be caught in a switch."

On December 14, 2017, Leary filed papers with the Court that included his new postal address.

On January 4, 2018, Mr. Handshoe allegedly sent Leary Interrogatories and Requests for Admission (ECF 208), however no Certificate of Service was included with the Notice of Service filed with the Court. He also allegedly sent a Notice take Leary's deposition, though no agreement on the date, time, and manner of any depositions had taken place. The Notice was mailed on January 3, 2018, but was signed with the date January 4, 2018 as the date Handshoe states he sent the Request for Admissions (ECF 208-1), i.e. it was posted one day before the signature date on the Notice, making the date false.

On January 8, 2018, the Court received a Certificate of Service dated January 4, 2018, certifying that Handshoe had used the following address for Leary: 140 Trout Point Road, E.

Kemptville, NS B5A 5X9 Canada. This was not the address on file with the Court or that Leary provided to Mr. Handshoe on December 8, 2017.

As of today's date, Leary has never received any discovery requests or notices of deposition from Mr. Handshoe.

On January 12, 2018, Leary served Handshoe with requests for production, interrogatories, and request for admissions via mail.

Handshoe allegedly scheduled a deposition of Leary for February 6, 2018 in the Stone County Courthouse, Wiggins, Mississippi, the notice of which was purportedly sent to Nova Scotia not British Columbia.

On February 8, Mr. Handshoe sent to Leary responses to discovery requests, which were scanned and provided to Leary by eSnail.ca on April 5, 2018, i.e. after the discovery deadline provided in the case management order.

On February 8, 2018, Mr. Handshoe also filed a Notice of Service of Requests for Admission with the Court, however no Request for Admission was ever received by Leary.

On February 12, 2018, a Motion to Compel was filed by Handshoe, relating to his desire to depose Leary, however there had been no prior telephonic conference with the judge to resolve discovery issues.

On February 18, 2018, Leary wrote to Handshoe: "As of today, February 18, I have received no responses to the interrogatories, requests for production, and requests for admission, whatsoever."

On the same day, Handshoe wrote to Leary:

I submitted responses to you on February 8, 2018. Postal tracking indicates the mailing cleared customs on February 17. 2018.

I'll add you never returned your request for admissions answers and under Rule have now deemed to admitted that first set of admissions.

On March 26, 2018, Handshoe filed a Motion for Partial Summary Judgment based, in large

4

part, on Leary's alleged deemed admissions to Requests for Admission intentionally sent to an incorrect address in January, a tactic obviously intending that Leary was incapable of responding to the request for admissions.

Leary never received any notice of the Motion for Partial Summary Judgment, and instead received a duplicate of Handshoe's discovery responses on April 10, 2018. eSnail.ca confirmed the receipt of duplicate documents (cf. Leary declaration supporting Opposition to Motion for Partial Summary Judgment).

Handshoe's responses to Leary's discovery requests include this general statement regarding requests for production: "The request for production did not specify a location to which the original documents and material sought is to be returned. Plaintiff had these documents available for your inspection at 9:00 a.m. on February 6, 2018 at the Stone County Courthouse. Out of an abundance of caution Plaintiff has retained these documents and they are available for your inspection and to copy (you must furnish your own copier)."

Beyond that, Handshoe repeatedly refers to his sole proprietorship LLC, Slabbed New Media, as being the sole actor and on that basis refused to be responsive to discovery requests.

With regards to notice under Fed.R.Civ.P. 5, Mr. Handshoe has decided notice to Dr. Leary is not always necessary. As of today, Dr. Leary has received no notice from Mr. Handshoe of the following documents:

- Motion to Dismiss (244) and Memorandum (245)

- 238-241, Oppositions to Motions and Memoranda

- 218 & 219, Motion for Partial Summary Judgment and Memorandum

- 212 & 213: Motion to Compel and Memorandum

5

## ARGUMENT

This Court ordered that ESI be "disclosed" either in pdf or hard copy format. The Court's order clearly anticipated provision of either actual PDF files or actual hard-copy printouts. Most of the evidence and discovery materials in this case regarding Internet and email publications is ESI. The Court specifically stated: "the parties will disclose via hard copy or .pdf format." The Court also ordered Rule 26 initial disclosures be completed by November 8, 2018.

> The parties' obligation to produce initial disclosures is mandatory unless the parties stipulate or are ordered by the Court to do otherwise. Fed.R.Civ.P. 26(a)(1)(A) ("a party *must* . . . provide to the other parties . . .) (emphasis added). Pursuant to Rule 37, if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(3)(A). If the motion to compel is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. *Merritt v. Int'l Brotherhood of Boilermakers,* 649 F.2d 1013, 1019 (5th Cir. 1981); Fed.R.Civ.P. 37(a)(5)(A).
>
> The fact that Defendant may have already provided some of the information required by Rule 26(a)(1)(A), does not absolve him of his duty to provide initial disclosures. *Oak Valley Investments, L.P. v. Southwick,* No. 2:06-CV-737 DB, 2007 WL 2084340, at *1 (D. Utah July 17, 2007). Generally, a *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Maloney v. State Farm Fire & Casualty, Co.,* No. 06-9183-MLCF-SS, 2008 WL 1850774, at * 2 (citing *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Id.* at *2 (citing *Birl,* 660 F.2d at 593).

*SOUTHERN UNITED STATES TRADE ASSOCIATION v. UNIDENTIFIED PARTIES*, Civil Action No. 10-1669 (E.D. La. Jan. 11, 2012).

Mr. Handshoe plays with the meaning of the verb "to disclose," however it is clear that in Its Case Management Order the Court ordered provision of electronic information to the other side either in hard copy or as pdf files, i.e. not simply "disclosing" the existence of discovery material but not actually providing it (which is what Handshoe did).

Handshoe has provided no hard copies or pdf format files of any material. As the Notes of

Advisory Committee on Rules—1993 Amendment state about Rule 26(a):

> The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request. Nor are parties precluded from using traditional discovery methods to obtain further information regarding these matters, as for example asking an expert during a deposition about testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B).

> A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives. The concepts of imposing a duty of disclosure were set forth in Brazil, *The Adversary Character of Civil Discovery: A Critique and Proposals for Change*, 31 *Vand. L. Rev.* 1348 (1978), and Schwarzer, *The Federal Rules, the Adversary Process, and Discovery Reform*, 50 *U. Pitt. L. Rev.* 703, 721–23 (1989).

> The rule is based upon the experience of district courts that have required disclosure of some of this information through local rules, court-approved standard interrogatories, and standing orders. Most have required pretrial disclosure of the kind of information described in Rule 26(a)(3). Many have required written reports from experts containing information like that specified in Rule 26(a)(2)(B). While far more limited, the experience of the few state and federal courts that have required pre-discovery exchange of core information such as is contemplated in Rule 26(a)(1) indicates that savings in time and expense can be achieved, particularly if the litigants meet and discuss the issues in the case as a predicate for this exchange and if a judge supports the process, as by using the results to guide further proceedings in the case. Courts in Canada and the United Kingdom have for many years required disclosure of certain information without awaiting a request from an adversary.

Dr. Leary provided copies of pdfs to Mr. Handshoe by email. Mr. Handshoe has used such material in support of his Motion for Partial Summary Judgment alongside the purported deemed admissions. Thus there is a complete imbalance in the discovery provided by Leary to Handshoe and visa versa.

As already discussed in Leary's Opposition to Handshoe Motion to Compel, the parties never reached agreement on deposition dates or places, so Mr. Handshoe unilaterally set Dr. Leary's deposition date and place (Wiggins, Mississippi) Mr. Handshoe did not notice Dr. Leary of the deposition. Then, Mr. Handshoe in his February 8 discovery responses states he provided materials responsive to Leary's requests for production on February 6 in Wiggins, Mississippi. Dr. Leary did not receive those discovery responses until ~~March~~ April 5, 2018. Mr. Handshoe's purported "disclosure" of documents and ESI on February 6 in Wiggins, which Dr. Leary did not know about, is hardly in accord

7

with the law on discovery or Rules 26-37.

*Mr. Handshoe has filed a Motion to Compel that directly conflicts with the Case Management Order because there was never a telephonic conference with a judge prior to his filing the motion. He violated the CMO again with his recent Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), filed after the dispositive motion deadline.*

In addition, Mr. Handshoe filed signed Certificates of Service that state he sent a Notice of Motion and also Requests for Admissions which Leary has sworn under penalty of perjury he never received. When a recipient of Rule 5 notice challenges the fact of proper notice, the burden shifts to the sending party. "[T]he burden of showing that service was made is on the moving party. *Daley v. ALIA,* 105 F.R.D. 87 (E.D.N.Y.1985); *Mroz v. Dravo Corp.,* 293 F.Supp. 499 (W.D.Pa.1968), *aff'd,* 429 F.2d 1156 (3d Cir.1970). Given the important consequences that flow from the service of pleadings and other papers, courts have required the "strictest and most exacting compliance" with Rule 5(b) when service is made by mail. *Timmons v. United States,* 194 F.2d 357, 360 (4th Cir.), *cert. denied,* 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952). *Rivera v. M/T FOSSARINA,* 840 F.2d 152 (1st Cir. 1988). "[T]he claimant must sustain the burden of proving receipt and it has been uniformly held that this fact may be proved as any other fact." United States v. RP McTeague Construction Corp., 264 F. Supp. 619 (E.D.N.Y. 1967). Also: NLRB v. Vapor Recovery Systems Company., 311 F.2d 782 (9th Cir. 1962).

> Service of papers under the Federal Rules also requires that the same papers and a certificate of service be filed with the court within a reasonable time after service. Fed. R. Civ. P. 5(d). <u>Improper service under the Federal Rules is also subject to sanctions, as where a party files a false certificate of service. See Fed. R. Civ. P. 11.</u>

PIPEFITTERS LOCAL 636 DEFINED PENSION BENEFIT FUND v. L & R SERVICES, INC., No. 06-CV-1 (E.D. Mich. June 20, 2007) (emphasis added)

> see also In re Bagdade, 334 F.3d 568, 570-72 (7th Cir. 2003) (sanctions of $1,000 imposed "in partial recompense of the expenses that his conduct has imposed on the judiciary" where appellant's attorney "filed a false certificate of service and failed to serve the brief on his

adversary until (in response to the adversary's demands) [the court of appeals] directed him to do so.").
Ivezaj v. Detroit Public Schools, No. 14-12286 (E.D. Mich. Dec. 24, 2015).

Mr. Handshoe argues that it is Dr. Leary's burden to receive notices electronically, however Mr. Handshoe refused to engage in discovery electronically, and it is Dr. Leary's right to stick with notice by other means. Handshoe has cited no law to support his assertion. Dr. Leary respectfully suggests it is Mr. Handshoe's burden to send notice via a method designed to ensure prompt delivery in Canada, as he knew Dr. Leary lived in Canada when he sued him.

Mr. Handshoe is basing a dispositive motion on deemed admissions to Requests for Admission never served on Leary, and has apparently in February sent a second set of Requests that—as of today's date-- were never received in Canada. The record of documents filed but never received by Dr. Leary is now a pattern. This is vexatious, whether under Rule 11, Section 1927, or the court's inherent authority. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991); see also Institute for Motivational Living, Inc. v. Doulous, No. 03-4177, 2004 WL 2241745, 110 Fed. Appx. 283 (3d Cir. 2004) (finding that "the District Court had inherent authority to impose [a] ... sanction" against a vexatious pro se litigant); Smartt v. First Union Nat'l Bank, 245 F. Supp. 2d 1229, 1235 (M.D. Fla. 2003) (holding that § 1927 sanctions may be levied against pro se litigants); also Phillips v. AUSTIN DIAGNOSTIC SURGERY CENTER, Cause No. AU-17-CV-940-SS (W.D. Tex. Mar. 1, 2018) (split on § 1927, but Rule 11 clearly available in pro se cases). In Volpert v. Ellis, (In re Volpert), 177 B.R. 81, 88-89 (Bankr. N.D. Ill. 1995), affirmed on appeal, a party's attorney repeatedly failed to give notice to the other side.

> In Volpert, the appellant repeatedly filed untimely responsive proceedings and repeatedly failed to give notice of pleadings to opposing counsel. Id. at 495. The court of appeals noted that the appellant did not dispute that, for six months, he unreasonably and vexatiously multiplied the proceedings before the bankruptcy court. Id. at 500. Even absent that concession, die [sic] bankruptcy court determined independently that the appellant's conduct in the case at bar "could only be described as an abuse of the judicial process." Id. (citing Volpert v. Ellis (In re Volpert), 177 B.R. at 91). The bankruptcy court found that the appellant "flagrantly] disregard[ed] ... the Federal Rules of Civil Procedure," ... "reflected] contempt for the law, the Court, and opposing

counsel," and . . . "bedeviled opposing counsel with studied misconduct obviously intended to harass him and avoid proper service upon him." *Id.* The court concluded that "the ability to prevent the type of behavior exhibited in this case is necessary if the bankruptcy courts are to carry out efficiently and effectively the duties assigned to them by Congress." *Id.*

*IN RE HORSFALL, No. 10-12596 (Bankr. W.D. Wis. Nov. 17, 2011).*

In communication involving the Magistrate in this case regarding the case management order, Leary gave Handshoe written notice of his intention to invoke Rule 11 on April 30, 2018, that is more than 21 days prior to the filing of this motion; cf. Fed.R.Civ.P. 11(c)(2). Mr. Handshoe has done nothing to remedy his false certificates of service or to show that discovery requests and demands as well as other documents were actually properly served under Rule 5.

Finally, the discovery responses actually received by Leary are evasive, incomplete, and fail to detail any reasons why Mr. Handshoe has not responded. "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Gondola v. USMD PPM, LLC*, 2016 WL 3031852, at *2 (N.D. Tex. May 27, 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Rule 37(a)(4) states: *"Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Mr. Handshoe has been evasive and incomplete in his responses to Dr. Leary's discovery requests. See Leary's combined interrogatories, request for admissions, and requests for production and Mr. Handshoe's responses dated February 8, 2018 (attached).

Sanctions are appropriate here. Not only has Mr. Handshoe not followed the Rules on discovery and not provided Dr Leary with any discovery, he has also violated the Case Management Order in at least two respects: (a) not providing Rule 26 disclosures as ordered and (b) filing a Motion to Compel

10

without having had a conference with the judge.

First, an order is not always a prerequisite to the imposition of sanctions. Courts have held that rule 37(b) sanctions can be imposed even without an existing order to compel. The Seventh Circuit explained,

> Although a motion to compel usually precedes the imposition of Rule 37(b) sanctions, a formal motion is not always necessary. In general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party.

*Tamari v. Bache & Co. (Lebanon) S.A.L.,* 729 F.2d 469, 472 (7th Cir.1984). *See also Properties*

*Int'l Ltd. v. Turner,* 706 F.2d 308, 310 (11th Cir.1983).

Second, although no order to compel had been granted here, Quarles did violate an order of the court. On August 3, 1988, the court had issued a docket control order requiring discovery completed by October 24, 1988. The order expressly warned, "Failure to comply with this order will result in sanctions pursuant to Fed.R.Civ.P. 16(f)." That rule specifically states that if a party fails to obey a schedule or pre-trial order, the judge may sanction the parties pursuant to rule 37(b); rule 37 sanctions include the entry of default judgment.

*McLeod, Alexander, Powel & Apffel, PC v. Quarles*, 894 F.2d 1482 (5th Cir. 1990).

Dr. Leary respectfully requests the relief that this Court deems just, which may include default

judgment on Count 5 and sanctions under Rule 11, Section 1927, and/or this Court's inherent authority.

Respectfully submitted this 1 day of June, 2018.

Charles L. Leary

11

## CERTIFICATE OF SERVICE

I hereby certify that, on _Jill_ , 2018, I caused a true and correct copy of the above

and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which

caused notice of such filing to be delivered to all counsel of record and parties requesting notice,

and by United States First Class Mail, postage prepaid, to the following non-ECF participants

having appeared in this action:

    [none]

_____
Charles L. Leary