

Foodvacation Canada <foodvacation@gmail.com>

---

## 15-cv-382 Case Management Order F.4

**foodvacation Canada** <foodvacation@gmail.com>  
To: gargiulo_chambers@mssd.uscourts.gov  
Cc: Douglas Handshoe <earning04@gmail.com>

Mon, Apr 30, 2018 at 2:26 PM

Dear Judge Gargiulo:

I am contemplating a discovery-related motion.

Under Your Case Management Order: "before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R. Civ.P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion."

I am therefore suggesting a telephonic conference may be in order.

Please find attached a draft brief on the issue, as well as copies of discovery requests and responses.

I am of course also cc'ing Mr. Handshoe on this email, which may implicate Federal Rule of Civil Procedure 11(c)(2).

Kind Regards,

Charles L. Leary

*[handwritten annotation: Exhibit "A" 14 pages]*

**3 attachments**

-  **Gargiulo_memo043018.pdf**  
  120K

-  **53bd8c19d9db33abe3d0c130c9e723a01522951994(1).pdf**  
  4270K

- **Leary V HANDSHOE - DISCOVERY REQUESTS.pdf**  
  79K

 **Gmail**

Foodvacation Canada <foodvacation@gmail.com>

---

## 15-cv-382 Case Management Order F.4

**Douglas Handshoe** <earning04@gmail.com>  Mon, Apr 30, 2018 at 3:09 PM
To: foodvacation Canada <foodvacation@gmail.com>, gargiulo_chambers@mssd.uscourts.gov

Good morning Judge Gargiulo:

I was unaware until this morning's email from Mr. Leary there was any discovery dispute between us beyond Mr. Leary refusing to attend his deposition and produce requested documents thus Mr. Leary's draft motion and email this morning is somewhat of a surprise to me. Mr. Leary has made a habit of attempting to file his Motions via email directly to chambers despite being advised as recently as last week by Judge Ozerden to follow proper procedure. Mr. Leary has not previously consulted with me on any discovery disputes otherwise.

In the interest of moving this matter to a resolution might I suggest we save both new discovery issues and the outstanding issues regarding, Mr. Leary's willful failure to appear for resolution at the upcoming Settlement Conference before your Honor on May 31. To the extent Mr. Leary has not yet filed his answer, I respectfully submit that attempting to resolve discovery matters at this point would not be the best use of the Court's valuable time.

Doug

Doug Handshoe

Slabbed New Media LLC

Post Office Box 788

Wiggins, MS 39577-0788

Phone: (601) 928-5380

**From:** foodvacation Canada < >
**Sent:** Monday, April 30, 2018 7:26 AM
**To:**
**Cc:** Douglas Handshoe < >
**Subject:** 15-cv-382 Case Management Order F.4

[Quoted text hidden]

*U.S. District Court for the Southern District of Mississippi*

*Case No. 15-CV-382*

*Handshoe v. Leary*

### *DRAFT:* CHARLES LEARY'S BRIEF TO SUPPORT HIS MOTION UNDER FEDERAL RULES OF CIVIL PROCEDURE 11, 26, AND 37

(Dr. Leary reserves the right to edit and augment this Brief should an actual motion be filed). Defendant Charles Leary moves under Rules 11, 26, and 37 of the Federal Rules of Civil Procedure to sanction Plaintiff Douglas Handshoe for failing to reasonably make initial disclosures and to participate in discovery under the spirit and letter of the law, for falsely representing that he had properly served Leary with discovery requests, and for failing to follow the letter and spirit of this Court's Case Management Order (ECF 184).

In effect Leary has gotten no discovery whatsoever from Mr. Handshoe, who has in turn used evasive and questionable tactics to attempt to gain a positive disposition for himself.

## FACTS

*(Evidence supporting the following facts exists in the record, including Declarations supporting Leary's Opposition to Handshoe's Motion to Compel and Leary's Opposition to Handshoe Motion for Partial Summary Judgment).*

On October 11, 2017, in response to a communication regarding discovery, Handshoe emailed Leary and stated that he "disagree[d] that your counter claims will ultimately require *any* discovery" (emphasis added). He also said: "The reason I did not disclose any electronically stored documents is the ones I had in my possession regarding count 5 were already exhibited. The YouTube Counter

1

notification process was handled by webform, not email."

On October 30, 2017, Leary sent Handshoe by email numerous pdf copies of relevant emails and also the scan of a copyright assignment document in pdf format. On the same day, Handshoe emailed Leary saying: "There will be *no discovery* on your counter claims as they will not survive a 12b motion" (emphasis added).

On October 30, 2017, there was a case management conference with the Magistrate in which Handshoe agreed to provide copies of electronic information in pdf format.

On October 31, 2017, the Court issued a Case Management Order. It states: "The parties will complete pre-discovery disclosures on or before November 8, 2017." The Order also states: "In the event [Electronically Stored Information] arises, *the parties will disclose via hard copy or .pdf format*" (emphasis added). The Order sets the deadline for completion of all discovery as March 12, 2018. Finally, the Order states:
> before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R. Civ.P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

On November 7, 2017, Leary emailed Handshoe pdf copies of additional electronically stored information, i.e. emails. On November 8, 2017, Handshoe emailed Leary with a list of emails, online Terms of Service, and court orders in his possession. He provided no copies of any documents, pdf

2

files, or electronic information whatsoever.

On November 28, 2017, Leary wrote to Handshoe:

> In order to facilitate discovery, which must be served under FRCP 5, I would suggest that we both consent to doing this via email.
>
> I propose that this consent apply only to service of discovery requests, not to motions, briefs, pleadings, etc.

Mr. Handshoe immediately replied: "I don't agree. Please send all discovery requests to the address I have on file with the Court."

On December 8, 2017, Leary wrote to Handshoe notifying him of a change of his address to 308 5th Ave E Vancouver, BC V5T 1H4. Mr. Handshoe replied the same day: "Received. I mailed pleadings to the court today which I will furnish you when they hit pacer on Monday so you will not be caught in a switch."

On December 14, 2017, Leary filed papers with the Court that included his new postal address.

On January 4, 2018, Mr. Handshoe allegedly sent Leary Interrogatories and Requests for Admission (ECF 208), however no Certificate of Service was included with the Notice of Service filed with the Court. He also allegedly sent a Notice take Leary's deposition, though no agreement on this had taken place. The Notice was mailed on January 3, 2018, but was signed with the date January 4, 2018 as the date Handshoe states he sent the Request for Admissions (ECF 208-1), i.e. it was posted one day before

3

the date on the Notice.

On January 8, 2018, the Court received a Certificate of Service dated January 4, 2018, certifying that Handshoe had used the following address for Leary: 140 Trout Point Road, E. Kemptville, NS B5A 5X9 Canada. This was not the address on file with the Court or that Leary provided to Mr. Handshoe on December 8, 2017.

As of today's date, Leary has never received any discovery requests or notices of deposition from Mr. Handshoe.

On January 12, 2018, Leary served Handshoe with requests for production, interrogatories, and request for admissions via mail.

Handshoe allegedly scheduled a deposition of Leary for February 6, 2018 in the Stone County Courthouse, Wiggins, Mississippi, the notice of which was purportedly sent to Nova Scotia not British Columbia.

On February 8, Mr. Handshoe sent to Leary responses to discovery requests, which were scanned and provided to Leary by eSnail.ca on April 5, 2018.

On February 8, 2018, Mr. Handshoe also filed a Notice of Service of Requests for Admission with the Court, however no Request for Admission was ever received by Leary.

On February 12, 2018, a Motion to Compel was filed by Handshoe, relating to his desire to depose

4

Leary, however there had been no prior telephonic conference with the judge to resolve discovery issues.

On February 18, 2018, Leary wrote to Handshoe: "As of today, February 18, I have received no responses to the interrogatories, requests for production, and requests for admission, whatsoever."

On the same day, Handshoe wrote to Leary:

> I submitted responses to you on February 8, 2018. Postal tracking indicates the mailing cleared customs on February 17. 2018.
>
> I'll add you never returned your request for admissions answers and under Rule have now deemed to admitted that first set of admissions.

On March 26, 2018, Handshoe filed a Motion for Partial Summary Judgment based, in large part, on Leary's alleged deemed admissions to Requests for Admission intentionally sent to an incorrect address in January, a tactic obviously intending that Leary was incapable of responding to the request for admissions.

Leary never received any notice of the Motion for Partial Summary Judgment, and instead received a duplicate of Handshoe's discovery responses on April 10, 2018. eSnail.ca confirmed the receipt of duplicate documents (cf. Leary declaration supporting Opposition to Motion for Partial Summary Judgment).

Handshoe's responses to Leary's discovery requests include this general statement regarding requests for production: "The request for production did not specify a location to which the original documents and material sought is to be returned. Plaintiff had these documents available for your inspection at 9:00 a.m. on February 6, 2018 at the Stone County Courthouse. Out of an abundance of caution

5

Plaintiff has retained these documents and they are available for your inspection and to copy (you must furnish your own copier)."

Beyond that, Handshoe repeatedly refers to his sole proprietorship LLC, Slabbed New Media, as being the sole actor and on that basis refused to be responsive to discovery requests.

**ARGUMENT**

This Court ordered that ESI be "disclosed" either in pdf or hard copy format. Most of the evidence and discovery materials in this case regarding Internet and email publications is ESI. The Court specifically stated: "the parties will disclose via hard copy or .pdf format." The Court also ordered Rule 26 initial disclosures be completed by November 8, 2018.

> The parties' obligation to produce initial disclosures is mandatory unless the parties stipulate or are ordered by the Court to do otherwise. Fed.R.Civ.P. 26(a)(1)(A) ("a party *must* . . . provide to the other parties . . .) (emphasis added). Pursuant to Rule 37, if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(3)(A). If the motion to compel is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. *Merritt v. Int'l Brotherhood of Boilermakers,* 649 F.2d 1013, 1019 (5th Cir. 1981); Fed.R.Civ.P. 37(a)(5)(A).
>
> The fact that Defendant may have already provided some of the information required by Rule 26(a)(1)(A), does not absolve him of his duty to provide initial disclosures. *Oak Valley Investments, L.P. v. Southwick,* No. 2:06-CV-737 DB, 2007 WL 2084340, at *1 (D. Utah July

6

17, 2007). Generally, a *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Maloney v. State Farm Fire & Casualty, Co.*, No. 06-9183-MLCF-SS, 2008 WL 1850774, at * 2 (citing *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Id.* at *2 (citing *Birl,* 660 F.2d at 593).

SOUTHERN UNITED STATES TRADE ASSOCIATION v. UNIDENTIFIED PARTIES, Civil Action No. 10-1669 (E.D. La. Jan. 11, 2012).

Mr. Handshoe plays with the meaning of the verb "to disclose," however it is clear that in Its Case Management Order the Court ordered provision of electronic information to the other side either in hard copy or as pdf files.

Handshoe has provided no hard copies or pdf format files of any material. As the Notes of Advisory Committee on Rules—1993 Amendment state about Rule 26(a):

> The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request. Nor are parties precluded from using traditional discovery methods to obtain further information regarding these matters, as for example asking an expert during a deposition about testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B).

> A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives. The concepts of imposing a duty of

7

disclosure were set forth in Brazil, *The Adversary Character of Civil Discovery: A Critique and Proposals for Change*, 31 *Vand. L. Rev.* 1348 (1978), and Schwarzer, *The Federal Rules, the Adversary Process, and Discovery Reform*, 50 *U. Pitt. L. Rev.* 703, 721–23 (1989).

The rule is based upon the experience of district courts that have required disclosure of some of this information through local rules, court-approved standard interrogatories, and standing orders. Most have required pretrial disclosure of the kind of information described in Rule 26(a)(3). Many have required written reports from experts containing information like that specified in Rule 26(a)(2)(B). While far more limited, the experience of the few state and federal courts that have required pre-discovery exchange of core information such as is contemplated in Rule 26(a)(1) indicates that savings in time and expense can be achieved, particularly if the litigants meet and discuss the issues in the case as a predicate for this exchange and if a judge supports the process, as by using the results to guide further proceedings in the case. Courts in Canada and the United Kingdom have for many years required disclosure of certain information without awaiting a request from an adversary.

Dr. Leary provided copies of pdfs to Mr. Handshoe by email. Mr. Handshoe has used such material in support of his Motion for Partial Summary Judgment alongside the purported deemed admissions.

As already discussed in Leary's Opposition to Handshoe Motion to Compel, the parties never reached agreement on deposition dates or places, so Mr. Handshoe unilaterally set Dr. Leary's deposition date and place (Wiggins, Mississippi) Mr. Handshoe did not notice Dr. Leary of the deposition. Then, Mr. Handshoe in his February 8 discovery responses states he provided materials responsive to Leary's requests for production on February 6 in Wiggins, Mississippi. Dr. Leary did not receive those discovery responses until March 5, 2018. Mr. Handshoe's purported "disclosure" of documents and ESI on February 6 in Wiggins, which Dr. Leary did not know about, is hardly in accord with the law on

8

discovery or Rules 26-37.

*Mr. Handshoe has filed a Motion to Compel that directly conflicts with the Case Management Order because there was never a telephonic conference with a judge prior to his filing the motion.*

In addition, Mr. Handshoe filed signed Certificates of Service that state he sent a Notice of Motion and also Requests for Admissions which Leary has sworn under penalty of perjury he never received. When a recipient of Rule 5 notice challenges the fact of proper notice, the burden shifts to the sending party. "[T]he burden of showing that service was made is on the moving party. *Daley v. ALIA,* 105 F.R.D. 87 (E.D.N.Y.1985); *Mroz v. Dravo Corp.,* 293 F.Supp. 499 (W.D.Pa.1968), *aff'd,* 429 F.2d 1156 (3d Cir.1970). Given the important consequences that flow from the service of pleadings and other papers, courts have required the "strictest and most exacting compliance" with Rule 5(b) when service is made by mail. *Timmons v. United States,* 194 F.2d 357, 360 (4th Cir.), *cert. denied,* 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952). *Rivera v. M/T FOSSARINA,* 840 F.2d 152 (1st Cir. 1988). "[T]he claimant must sustain the burden of proving receipt and it has been uniformly held that this fact may be proved as any other fact." United States v. RP McTeague Construction Corp., 264 F. Supp. 619 (E.D.N.Y. 1967). Also: NLRB v. Vapor Recovery Systems Company., 311 F.2d 782 (9th Cir. 1962).

> Service of papers under the Federal Rules also requires that the same papers and a certificate of service be filed with the court within a reasonable time after service. Fed. R. Civ. P. 5(d). Improper service under the Federal Rules is also subject to sanctions, as where a party files a false certificate of service. See Fed. R. Civ. P. 11.

PIPEFITTERS LOCAL 636 DEFINED PENSION BENEFIT FUND v. L & R SERVICES, INC., No. 06-CV-1 (E.D. Mich. June 20, 2007).

> see also In re Bagdade, 334 F.3d 568, 570-72 (7th Cir. 2003) (sanctions of $1,000 imposed "in

9

partial recompense of the expenses that his conduct has imposed on the judiciary" where appellant's attorney "filed a false certificate of service and failed to serve the brief on his adversary until (in response to the adversary's demands) [the court of appeals] directed him to do so.").

Ivezaj v. Detroit Public Schools, No. 14-12286 (E.D. Mich. Dec. 24, 2015).

Mr. Handshoe is basing a dispositive motion on deemed admissions to Requests for Admission never served on Leary, and has apparently in February sent a second set of Requests that—as of today's date-- were never received in Canada. He also filed Certificates of Service swearing that he was properly serving Leary when he was not.

Finally, the discovery responses actually received by Leary are evasive, incomplete, and fail to detail any reasons why Mr. Handshoe has not responded. "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Gondola v. USMD PPM, LLC*, 2016 WL 3031852, at *2 (N.D. Tex. May 27, 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

Ryle 37(a)(4) states: "*Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Mr. Handshoe has been evasive and incomplete in his responses to Dr. Leary's discovery requests. See Leary's combined interrogatories, request for admissions, and requests for production and Mr. Handshoe's responses dated February 8, 2018 (attached).

Sanctions are appropriate here. Not only has Mr. Handshoe not followed the Rule and not provided Dr Leary with any discovery, he has also violated the Case Management Order in at least two respects: (a) not providing Rule 26 disclosures as ordered and (b) filing a Motion to Compel without having had a

10

conference with the judge.

> First, an order is not always a prerequisite to the imposition of sanctions. Courts have held that rule 37(b) sanctions can be imposed even without an existing order to compel. The Seventh Circuit explained,
>
>> Although a motion to compel usually precedes the imposition of Rule 37(b) sanctions, a formal motion is not always necessary. In general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party.
>
> *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir.1984). *See also Properties Int'l Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir.1983).
>
> Second, although no order to compel had been granted here, Quarles did violate an order of the court. On August 3, 1988, the court had issued a docket control order requiring discovery completed by October 24, 1988. The order expressly warned, "Failure to comply with this order will result in sanctions pursuant to Fed.R.Civ.P. 16(f)." That rule specifically states that if a party fails to obey a schedule or pre-trial order, the judge may sanction the parties pursuant to rule 37(b); rule 37 sanctions include the entry of default judgment.

*McLeod, Alexander, Powel & Apffel, PC v. Quarles*, 894 F.2d 1482 (5th Cir. 1990).


Dr. Leary respectfully requests the relief that this Court deems just, which may include default judgment on Count 5.

11

Draft dated April 30, 2018

Charles L. Leary