IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE
PLAINTIFF/DEFENDANT BY COUNTERCLAIM

VS.                                        CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, ASHOKA, XYZ
FOUNDATION & JOHN DOES 1-50
DEFENDANTS
CHARLES LEARY, PLAINTIFF BY COUNTERCLAIM

*Exhibit "B"*
*30 pages*

**************************************************

REQUESTS FOR ADMISSIONS, INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS AND MATERIALS

TO:  **DOUGLAS K. HANDSHOE**
     DEFENDANT / PRO SE

DEAR DEFENDANT HANDSHOE:

PLEASE ANSWER THE REQUESTS FOR ADMISSION, INTERROGATORIES AND
REQUEST FOR PRODUCTION ACCORDING TO THE REQUIREMENTS OF THE
FEDERAL RULES OF CIVIL PROCEDURE 26 THROUGH 37.

**COMBINED REQUESTS FOR ADMISSIONS, INTERROGATORIES,
AND REQUEST FOR PRODUCTION OF DOCUMENTS AND MATERIALS**

**REQUEST FOR ADMISSION NO. 1**

        PLEASE ADMIT:

Neither you nor Slabbed New Media, LLC own the intellectual property rights in the photograph of Vaughn Perret and Charles Leary with their dog, published by the Toronto Star at the URL https://www.thestar.com/news/canada/2012/02/02/ns_court_orders_mississippi_blogger_to_pay_gay_couple_425000.html.

## INTERROGATORY NO. 1

PLEASE STATE OR PROVIDE:

In detail, the means by which you acquired a copy of the photograph identified in Request for Admission No. 1 above.

## REQUEST FOR PRODUCTION NO. 1

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

All copies of the photograph identified in Request for Admission No. 1 above including from all locations, including web hosting servers, where copies were stored from 2012 to the present day. Indicate with each copy where the copy is or was stored.

## REQUEST FOR ADMISSION NO. 2

PLEASE ADMIT:

You created the video published on YouTube at the URL https://www.youtube.com/watch?v=M_pc4bjaLno, including placing a copy of the photograph identified in Request for Admission No. 1 above in the video.

## INTERROGATORY NO. 2

PLEASE STATE OR PROVIDE:

The process by which you created and published the video identified in Request for Admission No. 2 above, including how you acquired all still images used in the video.

## REQUEST FOR PRODUCTION NO. 2

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

All records, documents, or evidence as to anything, including any legal document or agreement, granting you the right to copy, creative derivative works from, distribute, and/or publish the photograph identified in Request for Admission No. 1 and any still

images identified in Interrogatory No. 2 above.

## REQUEST FOR ADMISSION NO. 3

PLEASE ADMIT:

You have visited the Toronto Star web site and you have read the Terms and Conditions of the Toronto Star web site.

## INTERROGATORY NO. 3

PLEASE STATE OR PROVIDE:

All occasions, including the exact (if known) or approximate date, on which you visited the Toronto Star web site and all occasions on which you reads the Toronto Star web site's Terms and Conditions.

## REQUEST FOR PRODUCTION NO. 3

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

All written or electronic records containing information relating to your visits to the Toronto Star web site, including its Terms & Conditions page, and all copies of the Terms and Conditions of the Toronto Star web site in your possession or control.

## REQUEST FOR ADMISSION NO. 4

PLEASE ADMIT:

You were a creditor of Slabbed New Media, LLC. in the Chapter11 bankruptcy of that limited liability company and you were aware of the bankruptcy stay in that proceeding.

## INTERROGATORY NO. 4

PLEASE STATE OR PROVIDE:

The names of all persons with knowledge of or involved in the planning and execution of the bankruptcy of Slabbed New Media, LLC.

## REQUEST FOR PRODUCTION NO. 4

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

All written or electronic records of communication between you and all persons involved in the planning and execution of the bankruptcy of Slabbed New Media, including but not limited to Jack E. Truitt, Connie Montgomery, and all other bankruptcy creditors of Slabbed New Media, LLC.

## REQUEST FOR ADMISSION NO. 5

PLEASE ADMIT:

You knew when you filed the instant lawsuit, case no. 15-cv-382, that you did not own or have a license to use the intellectual property rights to the photographs that form the basis for your claims in your original Complaint in this case made under 17 U.S.C. section 512(f), including but not limited to rights or licenses in the photograph of Vaughn Perret & Charles Leary authored by Ashoka, the photograph of Vaughn Perret and Charles Leary with their dog published by the Toronto Star, a photograph of Trout Point Lodge, a photograph of Charles Leary taken by the National Geographic Society, and a picture of Daniel Abel, Charles Leary, and Vaughn Perret taken by Marilyn Smulders and published by Progress Media.

## INTERROGATORY NO. 5

PLEASE STATE OR PROVIDE:

All locations, including specific URLs, computers, servers, blog posts, videos, or storage devices, on which there exist in your possession or control copies of the photographs—whether in whole or in part--identified in Request for Admission No. 5 above.

## REQUEST FOR PRODUCTION NO. 5

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

All copies of the photographs identified in Request for Admission No. 5 above and copies of any proof or documentation of rights or licenses related to these creative works.

## REQUEST FOR ADMISSION NO. 6

PLEASE ADMIT:

At times during the period from 2015 to 2017, you, either directly or indirectly, or through an agent, caused a person who identified himself to Charles Leary as Milan Kubick to express interest in purchasing Trout Point Lodge and the Trout Point Lodge business.

## INTERROGATORY NO. 6

PLEASE STATE OR PROVIDE:

The names of all persons in Canada with whom you communicated, through any means, regarding Charles Leary, Vaughn Perret, and/or Trout Point Lodge in the period from April, 2011 to the present and the topic(s) of such communications.

## REQUEST FOR PRODUCTION NO. 6

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

All your communications, in all and any forms, with all persons in Canada from April, 2011 to the present, regarding Charles Leary, Vaughn Perret, and/or Trout Point Lodge including but not limited to communications on the topic of lawsuits you had filed in Mississippi state or federal courts in which process was issued to Charles Leary, Vaughn Perret, and/or Trout Point Lodge, Limited. This includes but is not limited to Milan Kubick, Timothy Gillespie, Joyce Case Harlow, Wayne Rideout, and any persons associated with Frank Magazine of Nova Scotia, including Andrew Douglas, Andrew Speller, and Parker Rudderham.

## REQUEST FOR ADMISSION NO. 7

PLEASE ADMIT:

You have documents, electronic information, or other evidence not in the public domain relevant the operation, ownership, and/or control of Nova Scotia Enterprises, LLC, a Louisiana limited liability company.

## INTERROGATORY NO. 7

PLEASE STATE, DESCRIBE, OR PROVIDE:

The identity and contact information of all persons who provided you with any documents, information, electronic information, or other evidence relating to the operation, ownership, and/or control of Nova Scotia Enterprises, LLC, a Louisiana limited liability company or who had knowledge of any non-public aspect of Nova Scotia Enterprises, LLC. Please describe the exact nature of any non-public information you obtained regarding Nova Scotia Enterprises.

## REQUEST FOR PRODUCTION NO. 7

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

All documents, electronic information, or other evidence showing that Charles Leary, Vaughn Perret, and/or Trout Point Lodge were or were not involved in any way in the inner operation, ownership, and/or control of Nova Scotia Enterprises, LLC, a Louisiana limited liability company.

## REQUEST FOR ADMISSION NO. 8

PLEASE ADMIT:

You cannot identify any valuable consideration you received from Jack E. Truitt and/or the Truitt Law Firm in exchange for the transfer to you of a $48,000 attorney's fee judgment from the U.S. District Court of Mississippi in 2014.

## INTERROGATORY NO. 8

PLEASE STATE OR PROVIDE:

The identity, sum, or nature of any valuable consideration identified in Request for Admission No. 8 above.

## REQUEST FOR PRODUCTION NO. 8

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

Evidence and/or documents showing the payment of the good and valuable consideration described in Request for Admission No. 8 above, that is for the transfer of a judgment to you from Jack E. Truitt and/or the Truitt Law Firm, LLC.

## REQUEST FOR ADMISSION NO. 9

PLEASE ADMIT:

You have accused Dr. Charles Leary of felonious crimes, including in posts on slabbed.org and in court papers filed in Mississippi and Nova Scotia between 2011 and 2017.

## INTERROGATORY NO. 9

PLEASE STATE OR PROVIDE:

Please name and state the facts underlying each of the crimes of which you accuse Dr. Charles Leary. Name the persons, including their true identity, who have also published words on slabbed.org with you to accuse Leary of such crimes.

**REQUEST FOR PRODUCTION NO. 9**

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

Provide all evidence which proves the crimes of which you have accused Dr. Leary.

**REQUEST FOR ADMISSION NO. 10**

PLEASE ADMIT:
You sent a copy of the original Complaint in this case (15-cv-382), along with a press release, to third parties shortly after this lawsuit was filed.

**INTERROGATORY NO. 10**

PLEASE STATE OR PROVIDE:

State the names, addresses, and email addresses of all persons or entities to whom you sent the Complaint identified above and the attendant press release as well as all further communications with these persons or entities. Describe any reaction to the receipt of the Complaint and press release by these third parties.

**REQUEST FOR PRODUCTION NO. 10**

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

Provide all copies of emails or mail sent to the third parties identified in Interrogatory No. 10 above as well as all subsequent correspondence or communication between you and them in whatever form.

**REQUEST FOR ADMISSION NO. 11**

PLEASE ADMIT:

You spent less than 30 minutes responding to the notice of copyright infringement described in Count 5 of your Third Amended Complaint.

**INTERROGATORY NO. 11**

PLEASE STATE OR PROVIDE:

Identify the ways in which responding to the copyright infringement notice forwarded to you by YouTube and allegedly having the Slabbed New Media, LLC's YouTube video removed from publication caused you personal damage.

**REQUEST FOR PRODUCTION NO. 11**

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

Provide all evidence in any form of the cost to you personally of having to respond to the notice of copyright infringement described in Count 5 of your Third Amended Complaint, and the cost to you personally of allegedly having the YouTube video removed from publication on YouTube.

**REQUEST FOR ADMISSION NO. 12.**

PLEASE ADMIT:

No notice of the motion for a judgment debtor examination you filed in the U.S. District Court for the Southern District of Mississippi in case 12-cv-90 was sent to or served on Charles Leary, Vaughn Perret, and/or Trout Point Lodge in August, 2016.

**INTERROGATORY NO. 12**

PLEASE STATE OR PROVIDE:

The names and contact information of all persons who have personal knowledge of how notice and process were served on Charles Leary, Vaughn Perret, and Trout Point Lodge in case 12-cv-90 during 2016 and 2017.

**REQUEST FOR PRODUCTION NO. 12**

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

Copies of all communications relating to service of notices or process on Charles Leary, Vaughan Perret, and Trout Point Lodge in this case and case 12-cv-90 during the period from 2015-2017, including but not limited to all communications with Wayne Rideout and all communications with persons who served or attempted to serve process.

**REQUEST FOR ADMISSION NO. 13**

PLEASE ADMIT:
You proactively provided persons in Nova Scotia, including at Frank Magazine and Timothy Gillespie, publisher of South Coast Today, with information about lawsuits you filed in Mississippi from 2013-2016, in which process was issued to Charles Leary, Vaughn Perret, and

Trout Point Lodge.

## INTERROGATORY NO. 13

PLEASE STATE OR PROVIDE:

The identity of each person you provided with advance or simultaneous information about the filing of lawsuits in which process was issued to Charles Leary, Vaughn Perret, and Trout Point Lodge and the dates on which you provided this information.

## REQUEST FOR PRODUCTION NO. 13

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

All communications, in whatever form, in which you provided advance or simultaneous information about the lawsuits identified in Interrogatory No. 13 and Request for Admission 13 above.

## REQUEST FOR ADMISSION NO. 14

PLEASE ADMIT:
You have or have access to audience and analytic data for your YouTube channel including the Slabbed New Media, LLC video published there.

## INTERROGATORY NO. 14

PLEASE STATE OR PROVIDE:

The exact nature of audience or analytic information for your YouTube channel and for slabbed.org, where the video was published, as well as the names of all persons or entities in possession of such audience or analytics data.

## REQUEST FOR PRODUCTION NO. 14

PLEASE PRODUCE ALL DOCUMENTS, MATERIALS, RECORDS WHETHER IN HARD-COPY OR ELECTRONIC FORM OF:

Please provide all audience and analytics data for your YouTube channel and for slabbed.org from January 1, 2013 to the present.

Respectfully,


Charles L. Leary

Served via postal channels on January _____, 2018


Charles L. Leary
308 5th Ave E
Vancouver, BC
V5T 1H4 Canada
(902) 482-8360
foodvacation@gmail.com

SLABBED NEW MEDIA, LLC

The
Alternative
New Media
for the Gulf
South

**VIA UNITED STATES POSTAL SERVICE INTERNATIONAL REGISTERED MAIL #: RA 172 893 481 US**

February 8, 2018

Mr. Charles Leary
308 5th Ave E
Vancouver, BC V5T 1H4 Canada

RE:     Handshoe v Perret et al
        United States District Court Civil Action Number 15cv382

Dear Mr. Leary:

Enclosed herewith find copies of three Form 2(b), discovery control forms along with responses to your requests for production of documents, requests for admissions and interrogatories in the above captioned matter.

Please let me know if you have any questions.

Sincerely,

Douglas Handshoe
Post Office Box 788
Wiggins, MS 39577
Phone: (601) 928-5380

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                    CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### RESPONSE TO DEFENDANT CHARLES LEARY'S REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND MATERIALS

DEAR DEFENDANT LEARY:

Following is Plaintiff Douglas Handshoe's response to your Requests for

Admissions, Interrogatories and Request for Production of Documents and

Materials:

### Request for Production

The request for production did not specify a location to which the original

documents and material sought is to be returned. Plaintiff had these documents

available for your inspection at 9:00AM on February 6, 2018 at the Stone County

Courthouse. You did not appear on that date.  Out of an abundance of caution

Plaintiff has retained these documents and they are available for your inspection

1

and to copy (you must furnish your own copier). These documents are available at 110 Hall Street, Wiggins, Mississippi 39577.

<u>Request for Admission No. 1</u>

Slabbed New Media, LLC is not a party to this action therefore Plaintiff's response to this request is in his personal capacity. Plaintiff admits he does not own intellectual property rights to the copyrighted materials belonging to Torstar, who is no longer a party to this action.

<u>Interrogatory No. 1</u>

Slabbed New Media, LLC is not a party to this action. Plaintiff in his individual capacity never acquired the Torstar photo.

<u>Request for Production No. 1</u>

Slabbed New Media, LLC is not a party to this action. Plaintiff in his individual capacity has nothing responsive to your request.

<u>Request for Admission No. 2</u>

Slabbed New Media, LLC created this work under a work for hire arrangement per United States Copyright records previously exhibited in this matter therefore Plaintiff denies Request for Admission No. 2.

<u>Interrogatory No. 2</u>

Slabbed New Media, LLC, the owner of the referenced video is not a party to this action. Plaintiff published the video to his personal YouTube account under

2

a Creative Commons Attribution-NonCommercial-No Derivatives 4.0 International License.

Request for Production No. 2

Plaintiff has on file a copy of the Slabbed New Media, LLC Creative Commons Attribution-NonCommercial-NoDerivatives 4.0 International License for your inspection.

Request for Admission No. 3

Plaintiff admits he has visited the Torstar (Toronto Star) website and that he read its terms and conditions.

Interrogatory No. 3

Slabbed New Media, LLC is not a party to this action. Plaintiff in his personal capacity visited the Torstar website at an undetermined date in 2017, printing the terms of service for use as an exhibit in this matter.

Request for Production No. 3

Plaintiff nothing responsive to this request for production.

Request for Admission No. 4

Plaintiff admits he was a creditor of Slabbed New Media, LLC by operation of the statutory indemnity contained in the Mississippi LLC statute.

Interrogatory No. 4

Slabbed New Media, LLC is not a party to this action.

3

### Request for Production No. 4

Slabbed New Media, LLC is not a party to this action therefore Plaintiff in his personal capacity has nothing responsive to this request for production.

### Request for Admission No. 5

Plaintiff denies this request for admission.

### Interrogatory No. 5

Slabbed New Media, LLC is not a party to this action. Its creative content is a matter of public record and is available at www.slabbed.org. Plaintiff in his personal capacity has nothing responsive to this interrogatory.

### Request for Production No. 5

Slabbed New Media, LLC is not a party to this action therefore Plaintiff in his personal capacity has nothing responsive to this request for production.

### Request for Admission No. 6

Plaintiff denies this request for admission.

### Interrogatory No. 6

This interrogatory is overly broad and not relevant to this matter therefore Plaintiff objects to this interrogatory.

### Request for Production No. 6

This request for production is overly broad, burdensome and not relevant to this action.

4

### Request for Admission No. 7

Slabbed New Media, LLC is not a party to this action. Plaintiff in his individual capacity denies this request for admission.

### Interrogatory No. 7

Slabbed New Media, LLC is not a party to this action. Plaintiff in his personal capacity has nothing responsive to this interrogatory.

### Request for Production No. 7

Slabbed New Media, LLC is not a party to this action therefore Plaintiff in his personal capacity has nothing responsive to this request for production.

### Request for Admission No. 8

Plaintiff denies this request for admission.

### Interrogatory No. 8

This interrogatory seeks confidential information protected by Attorney-Client privilege and is redundant. Plaintiff has previously produced executed assignments of this judgment to the Defendant.

### Request for Production No. 8

The executed assignments have been previously produced to Defendant Leary and remain on file at 110 Hall Street, Wiggins, MS 39577. The originals are available for your inspection and copying (you must furnish your own copier).

### Request for Admission No. 9

5

Slabbed New Media, LLC is not a party to this action. Plaintiff admits he has accused Charles Leary of committing crimes in Court filings.

Interrogatory No. 9

Leary submitted numerous affidavits in the Yarmouth Nova Scotia defamation action he filed against Louisiana Media Company, LLC which illustrated financial transaction he conducted with Nova Scotia Enterprises, LLC, a Louisiana domiciled LLC that was never registered to conduct business in Canada. Nova Scotia Enterprises, LLC, by Leary's own later admission in his defamation action filed in Halifax Canada against instant Plaintiff, never owned any real property or conducted business in Nova Scotia, Canada, despite the earlier affidavits he submitted under penalty of perjury which detailed numerous sham financial transactions that Leary and his wife Vaughn Perret conducted with this entity. Nova Scotia Enterprises, LLC was identified by the United States Attorney for the Eastern District of Louisiana as an Aaron Broussard bribery scheme. Leary also swore false affidavits in the Louisiana Media, LLC case in order to obtain discovery against third parties including instant Plaintiff.

Additionally, in this instant matter by operation of Rule 36, Leary has been deemed to have admitted the following when he failed to respond to Plainiff's Request for Admissions served on January 4, 2018:

**First Set of Admissions, Request 7.** Admit that from 2004 to 2010 you assisted former Jefferson Parish President Aaron Broussard with a

6

corrupt bribery scheme involving Louisiana businessmen as detailed in the United States criminal prosecution styled United States of America versus Aaron Broussard.

**First Set of Admissions, Request 8.** Admit that from 2004 to 2010 you engaged in a money laundering scheme with Aaron Broussard which used Broussard's rental real estate at the Trout Point Lodge subdivision to convert bribes to rental income.

## Request for Production No. 9

Plaintiff has copies of Mr. Leary's Louisiana Media Affidavits, a copy of his defamation complaint against instant Plaintiff and the salient United States Attorney Motion on file at 110 Hall Street, Wiggins, MS 39577. These copies are available for your inspection and copying (you must furnish your own copier).

## Request for Admission No. 10

Plaintiff admits this request for admission.

## Interrogatory No. 10

This press release was generated in response to media inquiries by James Hendrix, aka "Kingfish" at Jackson Jambalaya. His email address is kingfish1935@gmail.com. He had no reaction to the press release or the complaint as he had read it before soliciting comment from instant Plaintiff.

## Request for Production No. 10

Plaintiff has the email from and to Kingfish and the press release he quoted on file at 110 Hall Street, Wiggins, MS 39577. The originals are available for your inspection and copying (you must furnish your own copier).

### Request for Admission No. 11

Plaintiff denies this request for admission.

### Interrogatory No. 11

Lost time responding to the misrepresented takedown notice, Loss of Professional Reputation, Emotional Distress, Account restrictions imposed by YouTube on his personal YouTube account all of which resulted from Leary's Misrepresented Takedown Notice

### Request for Production No. 11

Plaintiff has salient correspondence from YouTube as well as evidence of the time expended. The originals are available for your inspection and copying at 110 Hall Street, Wiggins, MS 39577 (you must furnish your own copier).

### Request for Admission No. 12

Plaintiff denies this request for admission.

### Interrogatory No. 12

Judge Louis Guirola, Attorney Judith Barnett, Charles Leary, Vaughn Perret, Trout Point Lodge, Limited, Attorney Jack E. Truitt. See also the official Court record in case number 12cv90.

8

Request for Production No. 12

Plaintiff has case number 12cv90, Document 77, Certificate of Service available for your inspection and copying at 110 Hall Street, Wiggins, MS 39577 (you must furnish your own copier).

Request for Admission No. 13

Plaintiff denies this request for admission.

Interrogatory No. 13

Plaintiff has nothing that is responsive to this Interrogatory.

Request for Production No. 13

Plaintiff has nothing responsive to this Request for Production.

Request for Admission No. 14

Plaintiff admits that YouTube provides limited analytics which shows the total number of times a video posted to their servers was viewed including third party embeds.

Interrogatory No. 14

YouTube analytics indicate this video was viewed 444 times as of this date. YouTube's contact information is available at www.youtube.com.

Request for Production No. 14

Plaintiff has a screen capture showing the video views as of today available for your inspection and copying at 110 Hall Street, Wiggins, MS 39577 (you must furnish your own copier).

Respectfully submitted this 8th day of February, 2018,

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

10

Form 2(b) (ND/SD Miss. Dec. 2011)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

Douglas Handshoe

Plaintiff

v.

CIVIL ACTION
No. 1:15cv382-HSO-JCG

Vaughn Perret et al

Defendant

NOTICE OF SERVICE OF INTERROGATORIES OR REQUESTS FOR
PRODUCTION OF DOCUMENTS OR RESPONSES THERETO

**To:   All Counsel of Record**

Pursuant to L.U.Civ.R. 5(d)(3), notice is hereby given that on the date entered below I served the following discovery device(s):

(✔) Check as appropriate:

☐ Interrogatories to:                    _____

☐ Requests for Production of           _____
   Documents to:

☐ Requests for Admissions to:          _____

☐ Responses to Interrogatories of:     _____

☑ Responses to Requests for            Charles Leary _____
   Production of Documents of:

FORM 2(b) (ND/SD MISS. DEC. 2011)

☐   Responses to Requests for
      Admissions of:                    _____

Pursuant to L.U.CIV.R. 5(d)(3), I acknowledge my responsibilities as the custodian of the original(s) of the documents(s) identified above.

February 8, 2018                              _____
_____
          Date                                              Signature

                              Douglas Handshoe, Appearing Pro Se
                              _____
                              Typed Name & Bar Number

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                            CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on February 8, 2018 the foregoing

was sent for electronically filing by me via the Clerk of the Court using the ECF

system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on February 8, 2018, I mailed the

foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 8th day of February, 2018,


_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

1

Form 2(b) (ND/SD Miss. Dec. 2011)

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI

Douglas Handshoe

Plaintiff

v.

Vaughn Perret et al

Defendant

CIVIL ACTION
NO. 1:15cv382-HSO-JCG

### NOTICE OF SERVICE OF INTERROGATORIES OR REQUESTS FOR PRODUCTION OF DOCUMENTS OR RESPONSES THERETO

**TO:   All Counsel of Record**

Pursuant to L.U.CIV.R. 5(d)(3), notice is hereby given that on the date entered below I served the following discovery device(s):

(✔) Check as appropriate:

☐ Interrogatories to: _____

☐ Requests for Production of Documents to: _____

☐ Requests for Admissions to: _____

☑ Responses to Interrogatories of:   Charles Leary _____

☐ Responses to Requests for Production of Documents of: _____

FORM 2(b) (ND/SD MISS. DEC. 2011)

☐    **Responses to Requests for
       Admissions of:**                    _____

Pursuant to L.U.CIV.R. 5(d)(3), I acknowledge my responsibilities as the custodian of the original(s) of the documents(s) identified above.

February 8, 2018                                  _____
_____
Date                                                         Signature

                                                   Douglas Handshoe, Appearing Pro Se
                                                   _____
                                                   Typed Name & Bar Number

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                        CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on February 8, 2018 the foregoing

was sent for electronically filing by me via the Clerk of the Court using the ECF

system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on February 8, 2018, I mailed the

foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 8th day of February, 2018,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

1

FORM 2(b) (ND/SD MISS. DEC. 2011)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

Douglas Handshoe

**Plaintiff**

v.                                                    **CIVIL ACTION**
                                                      **NO. 1:15cv382-HSO-JCG**
Vaughn Perret et al

**Defendant**

**NOTICE OF SERVICE OF INTERROGATORIES OR REQUESTS FOR**
**PRODUCTION OF DOCUMENTS OR RESPONSES THERETO**

**To:    All Counsel of Record**

Pursuant to L.U.CIV.R. 5(d)(3), notice is hereby given that on the date entered below I served the following discovery device(s):

(✔) Check as appropriate:

☐   Interrogatories to:                    _____

☐   Requests for Production of            _____
    Documents to:

☑   Requests for Admissions to:           Charles Leary _____

☐   Responses to Interrogatories of:      _____

☐   Responses to Requests for             _____
    Production of Documents of:

FORM 2(b) (ND/SD MISS. DEC. 2011)

☐   **Responses to Requests for**
**Admissions of:**                          _____

Pursuant to L.U.CIV.R. 5(d)(3), I acknowledge my responsibilities as the custodian of the
original(s) of the documents(s) identified above.

February 8, 2018                                  _____
_____
**Date**                                                      **Signature**

                                    Douglas Handshoe, Appearing Pro Se
                                    _____
                                    **Typed Name & Bar Number**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                    CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on February 8, 2018 the foregoing

was sent for electronically filing by me via the Clerk of the Court using the ECF

system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on February 8, 2018, I mailed the

foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 8th day of February, 2018,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

1