IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                           **PLAINTIFF**

v.                                                  Civil No. 1:15-CV-382-HSO-JCG

**VAUGHN PERRET,** *et al.*                                  **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO QUASH; AND DENYING DEFENDANT'S MOTION FOR SANCTIONS**

Before the Court are the following Motions: (1) a Motion to Compel filed by Plaintiff Douglas Handshoe (ECF No. 212); (2) a Motion to Quash filed by Defendant Charles Leary (ECF No. 234); and (3) a Motion for Sanctions filed by Defendant Charles Leary (ECF No. 251). Having considered the submissions of the parties and relevant law, the Court finds that Handshoe's Motion to Compel (ECF No. 212) should be granted in part and denied in part; Leary's Motion to Quash (ECF No. 234) should be granted in part and found moot in part; and Leary's Motion for Sanctions (ECF No. 251) should be denied.

## BACKGROUND

The facts of this case have been summarized in several prior orders (ECF No. 43, ECF No. 73, ECF No. 89, ECF No. 157, ECF No. 220) and will not be belabored here. Plaintiff Handshoe, who asserts that he is a publisher and agent for Slabbed New Media, LLC, has one remaining claim. This claim, identified as Count 5 in the Third Amended Complaint, alleges misrepresentation under 17 U.S.C. § 512(f) of

1

the Digital Millennium Copyright Act, against the remaining Defendants, Leary and Trout Point Lodge Ltd. While Trout Point Lodge is named as a defendant, it has not appeared.

Count 5 concerns a February 15, 2014, takedown notice that was submitted to YouTube by Leary with regard to a video published by Handshoe. According to Handshoe, the forty-second video was a pictorial montage that displayed two pictures of Leary with others. (ECF No. 219, at 3). Leary reported to YouTube that the video violated his copyright and the copyright of Trout Point Lodge. (ECF No. 90, at 40; ECF No. 96-11, at 10-11).

According to Handshoe, his inclusion of photographs of Leary in the video was "non-infringing fair use under 17 U.S.C. § 107." *Id.* Handshoe contends that "Defendants violated 17 U.S.C. § 512(f) by knowingly [and] materially misrepresenting that the Slabbed New Media, LLC posting infringed on their copyrights," and that the misrepresentations "were material to YouTube's decision to require Plaintiff disable [sic] access to the Slabbed New Media, LLC video . . . causing Plaintiff to incur damages." *Id.* at 41. "Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the claim of infringement and harm to Plaintiff's free speech rights under the First Amendment." *Id.*

In counterclaims, Leary alleges that Handshoe has maliciously prosecuted him, abused process, violated a bankruptcy stay and committed fraud by transferring his interest in a judgment against Leary, committed misrepresentation

under 17 U.S.C. § 512(f), and tortiously interfered with Leary's contractual and business relations. (ECF No. 233).

## ANALYSIS

I. <u>Deposition of Leary</u>

Handshoe has filed a Motion to Compel, seeking the Court to compel Leary to appear, testify, and produce documents at a deposition to be held in Wiggins, Mississippi. (ECF No. 212). Leary filed a Response (ECF No. 217) to the Motion to Compel, but Handshoe did not file a reply. Handshoe unilaterally scheduled Leary's deposition for February 6, 2018, in Wiggins, but Leary did not appear. Handshoe, however, did not properly serve the Notice of Deposition (ECF No. 206), and he has not addressed or overcome the "initial presumption that a defendant should be examined at his residence or principal place of business." *Resolution Trust Corp. v. Worldwide Ins. Management Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992), *aff'd* 992 F.2d 325 (5th Cir. 2013).

The Court will not require Leary to travel to Wiggins to submit to a deposition, as the burden to Leary in traveling from a foreign country is outweighed by the likely benefit, considering that the deposition may be taken by remote or other means. This method is also reasonable, considering the importance of the issues at stake and the amount in controversy. *See* Fed. R. Civ. P. 26(c); *see Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. District of Iowa,* 482 U.S. 522, 546 (1987) ("American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that

unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position").

With respect to service, Federal Rule of Civil Procedure 5(b)(2)(C) provides that a document is served by "mailing it to the person's last known address . . . ." Fed. R. Civ. P. 5(b)(2)(C). On December 14, 2017, Leary changed his address to 308 5th Ave E, Vancouver, BC V5T 1H4 (the "Vancouver Address"), and the Clerk of Court entered a change of address on the docket. The Vancouver address remains Leary's address of record. On December 8, 2017, Leary emailed Handshoe, informing him of the change. Handshoe confirmed receipt of the email on the same day (ECF No. 217-3). Handshoe did not, however, mail the Notice of Deposition to the Vancouver address. The Certificate of Service attached to the Notice of Deposition reflects that the Notice of Service was mailed to Leary's previous address at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 (the "Kemptville Address") (ECF No. 206).

The discovery deadline expired on March 12, 2018. To the extent that Handshoe continues to desire to depose Leary, the discovery deadline will be extended for this sole purpose, but the deposition must be completed on or before August 10, 2018. The deposition must take place near Leary's residence, or in the alternative, by "telephone or other remote means," *see* Fed. R. Civ. P. 30(b)(4). The parties are expected to agree to the date and means of conducting Leary's deposition without Court intervention. Leary is not required to produce documents at his deposition. This is because Leary raised objections to the requests for production

that are attached to the Notice of Deposition, but Handshoe did not file a reply and address those objections. The requests for production attached to the Notice of Deposition are quashed. They may not be reissued because the discovery period has expired.

II. <u>Written Discovery Requests Propounded by Handshoe</u>

In his Motion to Quash, Leary seeks to quash certain requests for admissions and requests for production of documents propounded by Handshoe. (ECF No. 234). Leary also seeks to quash the Notice of Deposition that the Court has already addressed. In light of the Court's preceding decision regarding Leary's deposition, the portion of the Motion to Quash concerning the Notice of Deposition is found moot.

According to the docket, Handshoe certified that he served Requests for Production of Documents and Requests for Admissions to Leary on January 4, 2018 (ECF No. 207); he served additional Requests for Production of Documents and Requests for Admissions to Leary on January 4, 2018. (ECF No. 208); and he served Requests for Admissions to Leary on February 12, 2018 (ECF No. 216). Leary claims he did not receive the discovery served on January 4, 2018. The parties' briefing consists of quarreling regarding whether or not mail was received. The recurring problems that the parties have experienced with regard to sending and receiving information could have been avoided, had the parties agreed to interact by email instead of insisting on mailing to each other from different countries. For instance, Leary has an email address that he uses often, but he did not file a

5

consent to receive court filings by email. Handshoe, on the other hand, declined Leary's request to exchange discovery and notices of discovery by email. (ECF No. 217, at 2; ECF No. 252, at 3).

According to Handshoe's Certificate of Service (ECF No. 209), he mailed the January 4, 2018, written discovery to the Kemptville Address, which was not Leary's address of record. Because of improper service, the written discovery requests purportedly served on January 4, 2018, are quashed and may not be reissued because the discovery period has expired.

According to the Certificate of Service, the written discovery requests served on February 12, 2018, were sent to Leary's address of record in Vancouver. Leary, however, maintains that he never received them. The undersigned will also quash the written discovery requests purportedly served on February 12, 2018. Handshoe did not issue these requests well enough in advance of the March 12, 2018, discovery deadline. Also, neither party has presented the subject written discovery requests to the Court. Local Uniform Civil Rule 37(b), which the parties are required to adhere to even as pro se litigants, provides that "[m]otions raising issues concerning discovery propounded under Fed. R. Civ. P. 33, 34, 36, and 37, must quote verbatim each interrogatory, request for production, or request for admission to which the motions is addressed[.]" L.U.Civ.R. 37(b). The Court cannot resolve the propriety of written discovery requests that have not been presented to it. Leary's Motion to Quash is granted in part and found moot in part.

III.     Leary's Motion for Sanctions

Leary's Motion for Sanctions (ECF No. 251) consists of more quarreling regarding the parties' inability to cooperate during the discovery process. As an example, Leary states: "Mr. Handshoe argues that it is Dr. Leary's burden to receive notices electronically, however Mr. Handshoe refused to engage in discovery electronically, and it is Dr. Leary's right to stick with notice by other means." (ECF No. 252). Leary also complains that Handshoe submitted insufficient discovery responses. With respect to the latter, the deadline for submitting motions concerning discovery has passed. As for sanctions, both parties have engaged in inappropriate gamesmanship that has undermined the effectiveness of discovery. Leary's Motion for Sanctions should be denied.

**IT IS THEREFORE ORDERED** that Handshoe's Motion to Compel (ECF No. 212) Leary to attend and testify at a deposition is **GRANTED IN PART AND DENIED IN PART.** The discovery deadline is extended for the sole purpose of Handshoe deposing Leary. If Handshoe desires to depose Leary, he must complete the deposition on or before August 10, 2018. The deposition must take place near Leary's residence, or in the alternative, may be conducted by "telephone or other remote means," *see* Fed. R. Civ. P. 30(b)(4). Leary is not required to produce documents at his deposition.

**IT IS FURTHER ORDERED** that Leary's Motion to Quash (ECF No. 234) is **GRANTED IN PART AND FOUND MOOT IN PART.** The Motion is moot to the extent that it seeks relief concerning Leary's deposition. The Motion is granted

to the extent that the written discovery requests purportedly served by Handshoe to Leary on January 4, 2018 (ECF No. 207, ECF No. 208) and on February 12, 2018 (ECF No. 216) are quashed.

**IT IS FURTHER ORDERED** that Leary's Motion for Sanctions (ECF No. 251) is **DENIED.**

**IT IS FURTHER ORDERED** that the extension of the discovery deadline for the sole purpose of deposing Leary necessitates a continuance of the August 2018 trial date. An amended case management order, continuing the trial date, will be entered.

**SO ORDERED AND ADJUDGED**, this the 22nd day of June, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE