**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**



SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

JUL - 9 2018

ARTHUR JOHNSTON
BY_____DEPUTY

DOUGLAS HANDSHOE                                                      PLAINTIFF

VS.                                          CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
        FOUNDATION & JOHN DOES 1-50                          DEFENDANTS

---

**CHARLES LEARY'S BRIEF IN SUPPORT OF
HIS MOTION SEEKING AN ORDER TO DOUGLAS HANDSHOE
ON THE ISSUE OF SERVICE IMMUNITY**
----------

Defendant and Plaintiff by Counterclaim Dr. Charles Leary hereby moves this Honorable Court to

order Douglas Handshoe from refraining to serve Leary with any process from other cases or courts

while Dr. Leary is being deposed. There is a general understanding in the common law that it serves the

interests of justice if persons, including parties (suitors), do not have to fear being served with

documents from other cases and courts, which fear will undoubtably cause such persons to not

cooperate in being deposed. "[T]he due administration of justice requires that a court shall not permit

interference with the progress of a cause pending before it, by the service of process in other suits,

which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those

whose presence is necessary or convenient to the judicial administration in the pending litigation."

*Lamb v. Schmitt*, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932) at 225.

    "The general rule [is] that witnesses, suitors, and their attorneys, while in attendance in

connection with the conduct of one suit, are immune from service of process in another[.]" *Lamb v.*

1

*Schmitt,* supra; *see also Stewart v. Ramsay,* 242 U.S. 128, 129, 37 S.Ct. 44, 61 L.Ed. 192 (1916)

("[S]uitors, ... coming from another jurisdiction, are exempt from service of civil process during the

period required for their attendance in court and for a reasonable period of time in coming and going").

Dr. Leary has recently learned that Mr. Handshoe has attempted service of papers on Dr. Leary

in East Kemptville, Nova Scotia, which Mr. Handshoe knows is not Dr. Leary's address; cf. Order,

ECF 254. Dr. Leary has also learned that Mr. Handshoe has for a second time improperly engaged the

ministerial machinery of Stone County Circuit Court to engage in execution procedures that are under

the jurisdiction of this Court, not Stone County Circuit Court. Cf. *Buckley v. Personnel Support*

*Systems, Inc.*, 852 So. 2d 648 (Miss. Ct. App. 2003); *Smith v. Hayes*, Civil Action No. 2: 11cv221-KS-

MTP (S.D. Miss. Sept. 27, 2013). This includes, in the present instance, attempting to execute on

property obviously not located in Stone County, Mississippi. Cf. Leary declaration, July 4, 2018.

Handshoe has repeatedly requested Leary's exact location and insisted that a deposition occur

with extreme rapidity, even when stating he prefers a telephonic deposition. Cf. Exhibit, emails from

Douglas Handshoe.

Thus not only would an attempt at service cause Leary to resist appearing for a deposition, the

underlying process Handshoe appears to be attempting to serve is nothing but an abuse of process and

process for which Stone County Circuit Court has no jurisdiction to issue. Cf. Leary's brief supporting

motion for a temporary restraining order.

In sum, Mr. Handshoe should be ordered to refrain from attempting service on Leary in

connection with attendance at a deposition.

RESPECTFULLY SUBMITTED THIS 4TH DAY OF JULY , 2018

Dr. Charles L. Leary
pro se

foodvacation@gmail.com

2

(902) 482-8360

308 5th Ave E
Vancouver, BC
V5T 1H4
Canada

3

## CERTIFICATE OF SERVICE

I hereby certify that, on ___July 9___, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

Charles L. Leary