U.S. District Court for the Southern District of Mississippi,
Case 1:15-cv-00382-HSO-JCG

## Declaration of Charles L. Leary
### dated July 4, 2018

1. I am Charles L. Leary, a United States citizen and defendant in the above-captioned action filed by Plaintiff Douglas K. Handshoe.
2. I have never been served with any motions filed by Mr. Handshoe in the U.S. District Court for the Southern District of Mississippi in case 12-CV-90 from January, 2016 to the present. The case is closed. I filed a motion *pro se* in that case in May, 2015, and Mr. Handshoe knew I was *pro se*, not represented by counsel, and had my Nova Scotia address.
3. I learned several months ago that Mr. Handshoe had successfully sought an abstract of an attorney's fee judgment in case 12-CV-90 from the Clerk of the U.S. District Court for the Southern District of Mississippi in his own name as the judgment creditor. However, Mr. Handshoe had at least twice assigned all his rights in the judgment debt to third parties before that. This included an assignment to Jack E. Truitt and his law firm in March, 2014 (Exhibit "A"), and an assignment to Slabbed New Media, LLC in 2016 (Exhibit "B"). I have personally seen complaints filed by Mr Truitt in Louisiana state courts in which Mr. Truitt claims ownership in the judgment debt as a basis for relief. It seems apparent to me that Mr. Handshoe did not inform the Clerk of this U.S. district court of those previous assignments when requesting an abstract of the judgment in his personal name.
4. I also learned that Mr. Handshoe then filed that abstract with Stone County Circuit Court, In May, 2017.
5. There are various documents that Handshoe filed with Stone County Circuit Court, true copies of which are attached hereto as Exhibit "C". These were provided by G. Gerald Cruthird to Gary Thrash long after the sheriff's sale was over.
6. Mr. Handshoe and his personal attorney G. Gerald Cruthird knew that I was represented by attorney Gary Thrash when they filed papers in pursuit of execution with Stone County Circuit Court. At those times, they had frequent contact with Mr. Thrash, including in person contact at state court hearings and a deposition—judgment debtor examination— of Mr. Handshoe in August, 2017. I had no knowledge of the filing of these documents either directly or through Mr. Thrash until well after the sheriff's sale was completed.
7. I have read the Affidavit of Service of Don "Donnie" Acker. I contacted the Nova Scotia Department of Justice regarding Mr. Acker. According to the Nova Scotia Department of Justice, Mr. Acker was not a licensed Civil Constable when he attempted to serve process at 189 Trout Point Road, Kemptville, Nova Scotia, which was and is not my home address. Attached hereto as Exhibit "D" is a true copy of the email I received from an official of the Nova Scotia Department of Justice. I note that in his affidavit Mr. Acker acknowledges under oath that he did not serve me and that he could not even take time time to call me to try to arrange a meeting. I have never seen the documents Mr. Acker purportedly left at the reception desk of Trout Point Lodge with a temporary foreign worker who was not the Lodge manager. I never saw that person, Ulysse Martin, after Mr. Acker's visit to 189 Trout Point Road.
8. I have never received Mr. Handshoe's Motion for Partial Summary Judgment filed in this

case, as I have previously stated. This remains the case today.
9. On June 25, 2018, I received Mr. Handshoe's Motion to Dismiss in this case. The postal stamps on the envelope containing that motion show that it was mailed on June 11, 2018. See Exhibit "D" which is a true printout of a photograph of the envelope. Mr. Handshoe stated in his Certificate of Service for that motion that it was mailed to me on June 6, 2018.
10. After a pattern of never serving me with process and motions, I now have a fear that Mr. Handshoe may file something in a court again with no notice to me that could cause me permanent injury, as he has tried to do with regards to execution proceedings in Stone County. This has caused me tremendous anxiety, mental distress, and emotional distress.
11. I have spoken on the phone with Mr. O'Neal the Clerk of Stone County Circuit in January and July, 2018. I also spoke with the person in his office who accepted the abstract and the Writ of Execution. These people told me, and I verily believe them, that they merely accept and stamp documents—such as a Writ of Execution-- handed to them, that is in what I would call a ministerial fashion. After such conversations I had the clear impression that the Clerk's office did not scrutinize documents at all to confirm conformity with the Mississippi Code.
12. On June 26, 2018, I received an email from Trout Point Lodge telling me that someone had appeared at the Lodge, 189 Trout Point Road, E. Kemptville, Nova Scotia looking for Vaughn Perret and I. Mr. Handshoe knows my address is not on Trout Point Road any longer and 189 Trout Point Road was never my home address. The person reportedly disturbed Trout Point guests and cause property damage by nailing documents to the Lodge building's front door.
13. I called Stone County Circuit Court and I was informed by that office that Mr. Handshoe has requested and received a new Writ of Execution based on property not located in Stone County, including my copyrights to photographs at issue in this case, the copyright to the Trout Point Lodge Cookbook, and my counterclaims in this case. Mr. O'Neal later confirmed this.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___July 4, 18___ (date).

_____
Charles L. Leary (signature)