

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                    PLAINTIFF

VS.                                           CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
   FOUNDATION & JOHN DOES 1-50                                     DEFENDANTS

## CHARLES LEARY'S BRIEF IN SUPPORT OF
## HIS MOTION TO AMEND COUNTERCLAIMS AND ADD PARTIES

Defendant and Plaintiff by Counterclaim Dr. Charles Leary hereby moves this Honorable Court to allow him the amend his counterclaims to reflect fresh facts and to put forth his best case. A draft of the amended counterclaims is attached hereto.

It is true that there is some prejudice inherent in the cost of updating and re-filing legal arguments. Still, there are more compelling reasons in favor of amendment.

First, the need for amendment is not the fault of any party; facts on the ground have far eclipsed the allegations in the operative complaint. *E.g., Republic Title of Texas, Inc. v. First Republic Title, LLC,* No. 3:14-CV-3848-B, 2015 WL 11120994, at *2 (N.D. Tex. Aug. 10, 2015) ("Plaintiff seeks to amend its complaint so as to reference conduct that occurred *after* the filing of its Original Complaint. Therefore, it would have been impossible for it to have raised these allegations at the time it submitted its original pleadings."). Nor have the Jordans repeatedly failed to cure prior deficiencies. Although we are presently discussing the second amended complaint, this is the first time the complaint has been subjected to the crucible of motion practice. Third, a case of this significance deserves a clean record for proper judicial review. A muddled record creates its own form of prejudice to the bench and bar. *See Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC,* 255 F. App'x 775, 784 (5th Cir. 2007). And finally, the Court's review of the submitted RICO authorities suggests that now, in the wake of the Delaware action, amendment would not be plainly futile.

"[I]t is well-established that plaintiffs who may still have a viable avenue to recover should be granted leave to amend their complaint and make their 'best case.'" *Boutwell v. Time Ins. Co.,* No. 3:11-CV-689-CWR-LRA, 2013 WL 53902, at *4 (S.D. Miss. Jan. 3, 2013) (citation

omitted); *see also Morrison v. City of Baton Rouge*, 761 F.2d 242, 245-46 (5th Cir. 1985) (affirming amendment of complaint, more than three years after early dispositive motion practice, which permitted plaintiffs to make their "best case"); *Travis v. City of Grand Prairie, Texas*, ___ F. App'x ___, 2016 WL 3181392, at *5 (5th Cir. June 7, 2016) (affirming denial of leave to file fourth amended complaint where "the district court gave [plaintiff] ample prior opportunities to plead his best case"). It is time for the Jordans to put forward their final and best complaint.

*Jordan v. MAXFIELD & OBERTON HOLDINGS, LLC*, Cause No. 3: 15-CV-220-CWR-LRA (S.D. Miss. Sept. 30, 2016).

**Fresh Facts**

Mr. Handshoe has admitted in a brief filed in this case to infringing copyright in an additional, fifth photograph that Dr. Leary was previously unaware of. Dr. Leary wishes to add a claim for instances of infringement involving this work.

Second, early in 2018, Dr. Leary became aware that Mr. Handshoe committed the following acts during the pendency of this litigation, directly related to existing claims of fraudulent transfer, fraud on the court, and abuse of process:

- Apparently on May 17, 2017, Mr. Handshoe caused an abstract of an attorney's fee judgment from this district court in case 12-CV-90 to be filed in the office of the circuit clerk of Stone County pursuant to Miss.Code Ann. § 11-7-197.
- This was the same judgment debt that Handshoe had already assigned in its totality to Slabbed New Media, LLC in January, 2016, and in March, 2014 to Jack E. Truitt and the Truitt Law Firm. Yet he did so in May, 2017, in his personal name, not in the name of Slabbed New Media, LLC or Jack E. Truitt & The Truitt Law Firm, LLC. Handshoe then admitted in a deposition in August, 2018, that the judgment debt had been transferred to Slabbed New Media, LLC and that remained the case. See deposition taken at Plaintiff's judgment debtor examination [170-1] on August 14, 2017, along with exhibits to the deposition. Fraudulent transfer and establishing the ownership of the judgment is already an issue in this case.
- No notice of the enrollment of the abstract was given to Dr. Leary or the other judgment debtors, who were represented by Mississippi counsel who were engaged in discussions with Mr. Handshoe and his attorney.
- In September, 2017, after Dr. Leary had already filed his complaint (now dismissed and re-filed) about fraudulent transfers of the same judgment debt with this Court, Mr. Handshoe filed for a Writ of Execution with the Circuit Court of Stone County, again in his own name, relating to the chose in action, which is Dr. Leary's judgment against Mr. Handshoe for copyright infringement involving the four photographs already at issue in the Third Amended Complaint and Dr. Leary's existing counterclaims in this case.
- Dr. Leary was never served with the Writ of Execution (nor was Mr. Perret or the Recognized Agent of Trout Point Lodge, Limited).
- According to Mississippi Code, this district had jurisdiction over execution procedures, not the state court. Cf. *Buckley v. Personnel Support Systems, Inc.*, 852 So. 2d 648 (Miss. Ct. App. 2003). (Please also see brief on motion for a temporary restraining order, filed at the same time

as this motion). All of these actions, then, relate to facts already at issue here.
- In May, 2018, Mr. Handshoe used the ministerial process of Stone County Circuit Court to receive a second Writ of Execution directly related to property and claims currently before this court, again using the fraudulently transferred judgment debt mentioned above. However, none of this property purportedly or actually belonging to Leary exists in Stone County, Mississippi.
- In each case, abusive process issued.
- Mr. Handshoe has made numerous judicial admissions in pleadings filed over the past 6-8 months, which must be incorporated into amended counterclaims. He has also been deposed regarding his financial resources in a judgment debtor examination that made clear to Dr. Leary that Jennifer Handshoe was critical to the practical operation of the Slabbed enterprise by providing essential financial support for many years.
- Mr. Handshoe updated his Internet publications about Dr. Leary in December, 2017, which Dr. Leary only discovered in May, 2018. This relates to the actionability for publication of false defamatory statements about Dr. Leary by Mr. Handshoe.

The Case Management Order in this case did not set a deadline for amendments, thus "the lenient standard of Federal Rule of Civil Procedure 15(a), which provides that leave to amend "shall be freely given when justice so requires,"" should be applied here; *S&W ENTERPRISES v. Southtrust Bank of Alabama*, 315 F.3d 533 (5th Cir. 2003). Mr. Handshoe was allowed to amend four times in this case, and in another case before this district court, Mr. Handshoe was allowed by the Court to amend and add new defendants; cf. *Handshoe v. Abel*, Civil Action No. 1: 14-CV-159-KS-MTP (S.D. Miss. Nov. 24, 2015).

> Joinder of the Additional Counterclaim Defendants is also appropriate. Rules 19 and 20 of the Federal Rules of Civil Procedure govern the joinder of additional parties as counterclaim defendants. Fed.R.Civ.P. 13(h). Under Rule 20(a)(2), parties may be joined in one action as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).

*JF ENTERPRISES, LLC v. Fifth Third Bank*, 824 F. Supp. 2d 818 (N.D. Ill. 2011).

Pleadings have still not closed in this case. This case is still far from "the time of pretrial," and the more liberal standard should apply *Glass v. Petro-Tex Chem. Corp.*, 757 F.2d 1554, 1562 (5th Cir.1985) (quoting *Nevels v. Ford Motor Co.*, 439 F.2d 251, 257 (5th Cir.1971)).

In addition, adding additional facts regarding further fraudulent transfers and abuse of process based on fraudulent transfer falls under the rubric of supplemental pleadings.

Finally, in response to discovery requests, Mr. Handshoe has made numerous judicial admissions in his pleadings over the past 6-8 months, many of which took time to decipher and understand.

For all of the above reasons, Dr. Leary respectfully requests leave to amend his counterclaims.

RESPECTFULLY SUBMITTED THIS 4TH DAY OF JULY , 2018

*[signature]*

Dr. Charles L. Leary
pro se

foodvacation@gmail.com

(902) 482-8360

308 5th Ave E
Vancouver, BC
V5T 1H4
Canada

## CERTIFICATE OF SERVICE

I hereby certify that, on July 9, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary