

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                            PLAINTIFF

VS.                                                   CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                              DEFENDANTS

## CHARLES LEARY'S BRIEF IN SUPPORT OF HIS
## MOTION FOR RECONSIDERATION OF A DECISION ON SANCTIONS (ECF 254)
## BASED IN PART ON FRESH EVIDENCE

Defendant Charles Leary respectfully moves this Court to reconsider It's recent decision on his motion for sanctions based on fresh evidence (ECF 254).

In particular, (a) there is fresh evidence of Handshoe intentionally timing or simply not giving notice to Leary of pending motions, and (b) this necessarily involves signing and filing false certificates of service. Handshoe used this tactic in this case to try to win a dispositive motion via failure to respond to requests for admission that were never received by Leary.

Handshoe now has an established pattern of similar conduct in this case, in case 12-cv-90 in this district court, and in Stone County Circuit Court.[1]

---
1  Examples of Handshoe not providing notice to Leary include the following (CF. LEARY DECLARATION):
   - In case 12-cv-90 Handshoe sent no notice of his motion commencing a Rule 69 post-judgment proceeding, including a motion asking the Court to compel Leary to appear in Gulfport, Mississippi. The Certificate of Service was vague as to how and where it was sent. It never reached Leary in Nova Scotia.
   - In case 12-cv-90 Handshoe never effected service of a motion for a show cause order, seeking a penalty of contempt. The Court had ordered personal service.
   - In this instant case, Leary never received Requests for Admission purportedly mailed in February, 2018.
   - In this instant case, Leary never received Handshoe's motion for partial summary judgment filed in April, 2018. Handshoe sought to use deemed admissions from requests for admission never served on Leary as evidence to support his summary judgment motion.
   - In Stone County Circuit Court in 2017, Handshoe hired a process server, but misrepresented the process server's

However, most recently, positive evidence of a false Certificate of Service signed by Handshoe has come forth. On June 25, 2018, Leary finally received by mail notice of Mr. Handshoe's Motion to Dismiss. Not only was this dispositive motion filed long after the deadline established in a case management order, in addition the motion was filed on June 6, 2018, and Handshoe's Certificate of Service swears he sent the Motion to Leary on June 6, 2018, through the post. However according to the post office stamps and the stamped custom's declaration, in fact, *the motion was actually sent on June 11, 2018.* See Declaration of Charles Leary and exhibit showing postal stamps.

Leary has still never received notice of Mr. Handshoe's motion for partial summary judgment, for example. He has also still never received Requests for Admission and other discovery requests, including a deposition notice. While on notice in this case, Mr. Handshoe has failed to provide evidence of mailing or receipt. He has also never re-sent the materials.

Prior to June 25, 2018, Leary could not *positively* prove that Handshoe's Certificates of Service were false; he could only "burst the bubble." Nevertheless, once Leary established by his declaration(s) that he never received the documents claimed to have been served, this "burst the bubble" of the assumption that service was completed when Handshoe posted the documents under Rule 5; cf. Sherlock v. Montefiore Med. Ctr., 84 F. 3d 522, 525 (2d Cir. 1996). In its Order of June 22, the Court characterized Leary's discussion of Handshoe not sending notices as required and of his false Certificates of Service under Rule 11 as little more than unjustified griping on both sides, "quarreling regarding the parties' inability to cooperate during the discovery process."

Now, Leary can show that a Certificate of Service signed by Handshoe was false. This has to call into question the credibility of all his Certificates of Service in cases where Leary says he never received notice. It does not matter that Handshoe eventually sent the motion to Leary by slow regular international post; he did not do so on the date he swore to this Court that act was done; five days' delay

---

qualifications as being a Nova Scotia civil constable (he was not), and despite the fact that service was never effected on Leary, Handshoe proceeded with execution procedures in Stone County with no notice to Leary, resulting in the sale of Leary's property without an opportunity to be heard. Please see the brief supporting Leary's motion for a Temporary Restraining Order and the Affidavit of Service of Don Acker.

could result in Leary losing his capacity to oppose Handshoe's dispositive motion because his opposition would be filed after a deadline; it is material. It is no coincidence that examples of Leary not receiving notice always seem to aid Mr. Handshoe in his pursuit of victory in this court and others.

Leary will not attempt to hypothesize why Handshoe decided to actually send the motion 5 days after he swore he did, but various reasonable theories exist.[2] Nonetheless, it almost goes without saying that not allowing Leary to receive timely notice of motions and other documents can have serious consequences. In addition, as previously argued in Dr. Leary's original brief, other district courts have found false certificates of service sanctionable under Rule 11; cf. also *In re Bagdade*, 334 F.3d 568 (7th Cir. 2003); *IN RE COX*, No. 08-9050-am (2d Cir. Apr. 29, 2010); *IN RE LAVITORIA*, No. 10-13530 (Bankr. N.D. Cal. July 26, 2013); *PIPEFITTERS LOCAL 636 DEFINED PENSION BENEFIT FUND v. L & R SERVICES, INC.*, No. 06-CV-1 (E.D. Mich. June 20, 2007); *WHITEHALL SPECIALTIES, INC. v. DELAPORTAS*, 04-C-436-C (W.D. Wis. Mar. 10, 2005).

Dr. Leary therefore respectfully requests that the Court reconsider Its decision on Leary's prior motion, and asks that the Court take whatever action It deems reasonable and necessary.

RESPECTFULLY SUBMITTED THIS 4TH DAY OF JULY , 2018

Dr. Charles L. Leary
pro se

foodvacation@gmail.com

---

2  This Court noted (ECF 254) that Handshoe intentionally sent discovery requests to an address he knew was not correct:
> With respect to service, Federal Rule of Civil Procedure 5(b)(2)(C) provides that a document is served by "mailing it to the person's last known address . . . ." Fed. R. Civ. P. 5(b)(2)(C). On December 14, 2017, Leary changed his address to 308 5th Ave E, Vancouver, BC V5T 1H4 (the "Vancouver Address"), and the Clerk of Court entered a change of address on the docket. The Vancouver address remains Leary's address of record. On December 8, 2017, Leary emailed Handshoe, informing him of the change. Handshoe confirmed receipt of the email on the same day (ECF No. 217-3). Handshoe did not, however, mail the Notice of Deposition to the Vancouver address. The Certificate of Service attached to the Notice of Deposition reflects that the Notice of Service was mailed to Leary's previous address at 140 Trout Point Road, E. Kemptville, NS B5A 5X9 (the "Kemptville Address") (ECF No. 206).

Given evidence that Handshoe has misrepresented the date in a Certificate of Service, a reasonable person could also ask why Mr. Handshoe would intentionally send discovery material to an incorrect address.

(902) 482-8360

308 5th Ave E
Vancouver, BC
V5T 1H4
Canada

## CERTIFICATE OF SERVICE

I, Charles Leary, defendant and plaintiff by counterclaim, hereby certify that I have this date filed the foregoing with the Clerk of the Court via postal channels, and that the ECF system will send notification of such filing to the following:

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
*Pro Se* **Plaintiff/Defendant by counterclaim**

So certified, this 4th day of July, 2018.

Charles L. Leary

51