IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.   CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### RULE 28(b)(1)(D) MOTION TO COMMISSION PATSY AINSWORTH REPORTING, INC. TO TELEPHONICALLY ADMINISTER OATH AND TAKE DEFENDANT'S ORAL TESTIMONY

Plaintiff Douglas Handshoe respectfully moves, pursuant to Rule 28(b)(1)(D), for the Court to commission Patsy Ainsworth Reporting, Inc. to telephonically administer the oath and to record the deposition of Charles Leary.

In support of this Motion, Plaintiff will show that the Court partially granted Plaintiff's Motion to Quash (*See* ECF 254) holding that, "The deposition must take place near Leary's residence, or in the alternative, by "telephone or other remote means," *see* Fed. R. Civ. P. 30(b)(4). The parties are expected to agree to the date and means of conducting Leary's deposition without Court intervention." Plaintiff will further show that despite his attempts to gain Mr. Leary's cooperation in setting a date and working out the logistics of conducting the deposition, Mr. Leary

1

has been reticent to cooperate with those efforts. Further, Leary has moved the Court for an order "Directed to Douglas Handshoe Regarding Service Immunity", seeking to have the Court prohibit the Plaintiff from serving legal papers on Leary should he sit for a deposition (*See* ECF 260 and 261), which in turn explains his reticence to cooperate with Plaintiff's efforts.

Finally, Plaintiff will show that he tried his best, before Mr. Leary filed his Motion for an Order Regarding Service Immunity, to assuage Mr. Leary's fears about Plaintiff discovering his exact location by suggesting the Oath be administered telephonically and that he join Plaintiff moving the Court under Rule 28(b)(D). Mr. Leary has refused to join this Motion.

Attached to this Motion as Exhibits 1 and 2 are the email chain between Plaintiff and Defendant which demonstrates Mr. Leary's reticence to cooperate in scheduling his deposition. The Court, in appointing Patsy Ainsworth Reporting, Inc. to telephonically administer the oath and record the deposition, will help the parties to facilitate compliance with its order dated June 22, 2018.

Respectfully submitted this 11th day of July, 2018,

_____
Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on July 11, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on July 11, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada with a courtesy copy to foodvacation@gmail.com.

Respectfully submitted this 11th day of July, 2018,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com