# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TROUT POINT LODGE, LIMITED, a Nova
Scotia Limited Company; VAUGHAN PERRET;
and CHARLES LEARY;                                                          PLAINTIFFS

v.                                                         CAUSE NO. 1:12CV90-LG-JMR

DOUG K. HANDSHOE                                                            DEFENDANT

<u>ORDER DENYING *PRO SE* MOTION FOR ORIGINAL DISCIPLINE
FILED BY PLAINTIFF CHARLES LEARY</u>

BEFORE THE COURT is the [63] *Pro Se* Motion for Original Discipline filed by Plaintiff Charles Leary pursuant to Local Uniform Civil Rule 83.1(c) against Defendant Douglas K. Handshoe's attorneys in this action, G. Gerald Cruthird and Jack E. Truitt. Truitt was admitted to this Court *pro hac vice*, and Cruthird is his Mississippi supervising attorney. Truitt filed an Opposition to the Motion on May 27, 2015. Cruthird has not responded to the Motion. Having considered the Motion and the submissions of the parties, the Court is of the opinion that the Motion should be denied.

BACKGROUND

The facts of the underlying action are set forth in the Court's [35] Order Denying Plaintiffs' Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment, entered on December 19, 2012. Plaintiffs appealed that Order, and the United States Court of Appeals for the Fifth Circuit subsequently affirmed. *See Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 496 (5th Cir. 2013). Thereafter, on December 11, 2013, the Court entered its [56] Order

Granting Defendant's Motion for Attorney's Fees, and awarded attorney's fees to Handshoe in the amount of $48,000.00.

Leary filed the current Motion on May 21, 2015. He requests that the Court discipline Handshoe's attorneys in accordance with Local Uniform Civil Rule 83.1(c) for alleged misconduct in connection with a Motion for Writ of Garnishment filed by Truitt, as attorney for Handshoe, on October 8, 2014, in an attempt to collect the fee award judgment. The Court ultimately denied the Motion for Garnishment on November 24, 2014.

## DISCUSSION

Local Uniform Civil Rule 83.1(c) states in pertinent part:

> The court may, after notice and opportunity to show cause to the contrary, if requested, censure or reprimand any attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with these rules, the MISSISSIPPI RULES OF PROFESSIONAL CONDUCT, or any other rule of the court.

Leary claims that Handshoe's attorneys misrepresented the ownership of the judgment debt to the Court, in that the Motion for Garnishment stated that Handshoe owned the debt. In support, Leary has submitted an Assignment of Rights and Claims enrolled in the State of Louisiana whereby Handshoe assigned the debt to Truitt. In response, Truitt has submitted an email showing that Handshoe expressed his intent to rescind the prior assignment. Although the email is dated October 9, and the garnishment was filed October 8, the Court does not

believe that this was an attempt by Truitt (or anyone else) to defraud the Court,[1] nor does it warrant discipline against the attorneys under Rule 83.1.

Leary also claims that "Truitt gave no notice of the" garnishment motion to him or the other Plaintiffs. (*See* Mot. 3, ECF No. 64). According to the Court record, Plaintiffs were and are still represented by attorney Mary Barnett, who received notice of the garnishment motion. Leary states that he is filing his current Motion *pro se*, but Barnett has never filed a Notice of Withdrawal. Therefore, it was certainly reasonable for the attorneys to believe that Plaintiffs would receive notice of the garnishment motion. Again, the Court does not find discipline under Rule 83.1 warranted under these circumstances.

Leary further complains that the timing of the garnishment motion was suspect because a Motion to Remand in another case involving the same parties was pending before the Court at the same time. He states that "[i]t is a reasonable conclusion that Handshoe & Truitt's intent in filing the garnishment motion was, at least in part, to prejudice this Court while deliberating remand in 1:14-cv-00241, by indirectly letting the Court know that the judgment dept was unpaid." (*See* Mot. 2 n.2, ECF No. 64). However, although the Court denied the garnishment motion, there was no violation of the Local Uniform Civil Rules, the Federal Rules of Civil Procedure, or the Mississippi Rules of Professional Conduct by the filing of the

---

[1] As the email was sent first thing in the morning and says "Per our discussions regarding the assignment of attorneys fees . . . .", the likely explanation is that the discussions were held prior to the garnishment being filed.

3

garnishment motion. Even so, the Court notes that the garnishment motion did not have any bearing on its unrelated remand decision.

Finally, Leary also makes extensive allegations of fraud against Defendant Handshoe related to cases other than this one and to cases in other jurisdictions. None of those allegations are relevant to the current Motion, nor do they justify discipline against Handshoe's attorneys under Rule 83.1.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [63] *Pro Se* Motion for Original Discipline filed by Plaintiff Charles Leary pursuant to Local Uniform Civil Rule 83.1(c) against attorneys G. Gerald Cruthird and Jack E. Truitt is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of June, 2015.

s/ Louis Guirola, Jr.
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE