

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 20 2018

ARTHUR JOHNSTON
BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                           **PLAINTIFF**

VS.                                            CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                              **DEFENDANTS**

---

### DEFENDANT CHARLES LEARY'S *PRO SE* OPPOSITION TO
### MR. HANDSHOE'S MOTION TO COMMISSION A MISSISSIPPI COURT REPORTER TO
### CONDUCT A FOREIGN DEPOSITION (ECF 269) AND LEARY'S BRIEF
### ON HIS MOTION FOR RECONSIDERATION

---

COMES NOW Defendant and Plaintiff by counterclaim and files this his Opposition to Mr.

Handshoe's pro se motion (ECF 269), and also asks that the Court consider this as his brief on his

motion for the Court to reconsider Its text-only Order of today's date.  Dr. Leary had this brief prepared

for mailing when the Court entered Its text-only Order. Though asking for reconsideration, Dr. Leary

also informs the Court that he has agreed to a telephonic deposition on July 24 or 26, 2018.

The deposition proposed by Mr. Handshoe, with a court reporter in Mississippi, will result in

something inadmissible under Federal Rule of Civil Procedure 30. Mr. Handshoe has provided no

detail as to how he plans to assure communication quality or to record and/or transcribe the deposition,

how the court reporter will identify Dr. Leary, etc.

Douglas Handshoe's present motion proposes a method of conducting a deposition that has no

basis whatsoever in the law. Mr. Handshoe "did not propose how the depositions could be taken

consistently with procedural rules." *US v. Ruiz-Castro*, 92 F.3d 1519 (10th Cir. 1996). In fact, Mr.

Handshoe cites no law supporting his asserted position. In addition, it is Mr. Handshoe who has refused to cooperate with Dr. Leary, Dr. Leary agreed to a full-day deposition on July 12, 2018, and communication about dates and means was ongoing until Mr. Handshoe decided to file the instant motion.

Instead of responding to Defendant Leary's pertinent and reasonable questions regarding the planned deposition, including his ever-changing vague assertions as to the means of conducting it, Mr. Handshoe decided to file a motion with the Court. Mr. Handshoe's communications with Dr. Leary have consistently been a "request [that] appears insufficiently detailed" *AFL TELECOMMUNICATIONS LLC v. SurplusEQ. COM INCORPORATED*, No. CV11-01086-PHX-DGC (D. Ariz. Apr. 26, 2012). Mr. Handshoe acts as though details are unimportant. The Court must find otherwise.

Dr. Leary agreed to be deposed--even though Handshoe's request for a 7 hour deposition seemed excessive--on Thursday, July 12, 2018, and waived normal notice requirements. Mr. Handshoe was "unable" to reorganize his schedule, despite expecting Dr. Leary to do the same (which he did). See Leary declaration.

Mr. Handshoe fails to point out that he has suggested various methods for the deposition at various times, changing his mind with each new communication. This has included (a) a deposition in person ("a US workday within the next 3 weeks for your deposition and advise your location so arrangements can be made for same" email of June 22, 2018); (b) a deposition where Dr. Leary is sworn at his location by a Spanish notary ("find a notary there in Spain to administer the oath and swear an affidavit.  I did google the area and there are several notaries in your area"; email July 9, 2018); and finally having the Court commission a court reported *located in Mississippi* to administer an oath to Leary in Europe (email of July 10, 2018). The Court has granted Mr. Handshoe's motion before allowing Dr. Leary an opportunity to be heard.

Mr. Handshoe provided Leary with no authority regarding the legal validity of this final option,

despite a written request from Dr. Leary that references Rule 28.

> Where the court issues a commission, it must name or designate by title the person before whom the deposition will be taken. Fed. R. Civ. P. 28(b)(3). Typically, this is a consular officer, *see* William H. Baker, *Obtaining Evidence: International Discovery Techniques — The Taking of Evidence Abroad for Use in American Courts*, 688 PLI/Lit 173, at *195 (2003), but "[a]ny United States notarizing officer may be . . . designated to execute a commission to take depositions," 22 C.F.R. § 92.55(a).

*AFL TELECOMMUNICATIONS LLC v. SurplusEQ. COM INCORPORATED*, No. CV11-01086-PHX-DGC (D. Ariz. Apr. 26, 2012).

See also *MENOVCIK v. BASF Corp.*, No. 09-12096 (E.D. Mich. Nov. 23, 2010) ("Courts have uniformly held that the last sentence of Rule 30(b)(4) means that the deposition is "taken" where the witness — not the parties or their counsel — is located. *E.g., Phye v. Thill*, No. 06-1309-MLP, 2007 WL 2681106, at *1 (D. Kan. Sept. 7, 2007) ("Case law interpreting the [Federal Rules regarding remote and foreign depositions] . . . unequivocally holds that a telephonic deposition is considered 'taken' at the location of the witness, not the location of the parties' attorneys."); *Loucas G. Matsas Salvage & Towage Mar. Co. v. M/T Cold Spring I*, Nos. CIV.A. 96-0621, CIV.A 96-0931, 1997 WL 102491, at *2 (E.D. La. Mar. 5, 1997) ("[A] telephone deposition is 'taken' where the witness is located, not where the parties' attorneys are located.")."); *Packard v. City of New York*, No. 1: 15-cv-07130 (AT)(SDA) (S.D.N.Y. June 18, 2018) (consular official or commissioned person must be located at place of deposition); *CONTOUR DESIGN, INC. v. CHANCE MOLD STEEL CO., LTD.*, Civil No. 09-cv-00451-JL (D.N.H. Jan. 7, 2011) ("Chance has neither shown nor attempted to show how the proposed deposition of Drougge in Sweden via videoconference from the United States would satisfy any of the requirements of Fed. R. Civ. P. 28(b)(1), and, from all that appears, none of those requirements has been satisfied.").

A U.S. district court in Illinois (*TILE UNLIMITED, INC. v. BLANKE CORP.*, No. 10 C 8031 (N.D. Ill. Apr. 17, 2013)) has recently considered a situation similar to Mr. Handshoe's proposal here. This decision is worth quoting extensively:

> Rule 28 provides four methods of taking a deposition in a foreign country for use in a federal

case:

>    (A) under an applicable treaty or convention;
>
>    (B) under a letter of request . . .
>
>    (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or
>
>    (D) before a person commissioned by the court to administer any necessary oath and take testimony.

Fed. R. Civ. P. 28(b)(1). Unless the parties stipulate, the deposition must be conducted before an officer appointed or designated under Rule 28. Fed. R. Civ. P. 30(b)(5)(A). At the conclusion of the deposition, the officer must certify in writing that the witness was sworn and deposition accurately records the witness's testimony. Fed. R. Civ. P. 30(f).

Tile does not propose that any officer be present in Germany with Mr. Blanke to administer the oath or to record the deposition. Instead, Tile proposes that if a court reporter "or notary" is present at all, he or she would be in Chicago. Rule 28(b)(1), subsections (C) and (D), quoted above, however, use the phrase "before a person," indicating a requirement that the deponent and the person who administers the oath be in the same place. *Menovcik v. BASF Corp.,* No. 09-12096, 2010 WL 4867408 at *4-5 (E.D. Mich. Nov. 23, 2010) (denying motion to permit videoconference deposition of nonparty witness in Thailand without arrangement for a person to be with deponent to administer oath); *Advani Enters. v. Underwriters at Lloyds,* No. 95 Civ 4864, 2000 WL 1568255 at *2-3 (S.D.N.Y. Oct. 19, 2000) (permitting telephonic depositions of witnesses in Egypt so long as deposing party complies with Rule 28(b) including "necessarily a means by which to place the deponents under oath by a person located in Egypt"); *see also Aquino v. Auto. Serv. Indus. Ass'n,* 93 F. Supp. 2d 922, 923-24 (N.D. Ill. 2000) (finding procedurally defective and inadmissible telephonic depositions where court reporter swore each out of state witness over the phone). Rule 30, governing the taking of depositions by oral examination echoes that requirement, specifying that when a deposition is taken by remote means, the deposition "takes place where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4).

The requirements of Rule 28(b) mitigate concerns over the accuracy and identity of deponents and documents inherent in foreign depositions. *See Advani Enters.,* 2000 WL 1568255 at *2. Tile has not demonstrated that there is authority or justification to dispense with the requirement of an appropriate officer present personally to administer the oath to Mr. Blanke in Germany.

In sum, Mr. Handshoe has refused to provide sufficient details regarding the means he proposes conducting the deposition. Mr. Handshoe has also now unnecessarily presented the Court with a motion proposing a method that does not comply with the Federal Rules of Civil Procedure or federal case law. Mr. Handshoe has not demonstrated that Dr. Leary has not cooperated. In fact, Dr. Leary agreed to be deposed and cleared an entire day for the deposition, only to have Mr. Handshoe propose yet another,

4

illegal way of conducting it, and apparently being unwilling to reorganize his own schedule. Dr. Leary has continued to engage in dialogue with Handshoe, but often without receiving responses to reasonable questions.

This Court should reasonably reconsider Its text only Order of July 17, 2018. Mr. Handshoe's motion must be denied.

Respectfully submitted this the 17th day of July, 2018.

Charles Leary
pro se


308 5th Ave E
Vancouver, BC V5T 1H4
Canada

(902) 482-8360
foodvacation@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on _July 19_, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

Charles L. Leary