IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
JUL 20 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE                                                            PLAINTIFF

VS.                                                     CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                         DEFENDANTS

## DEFENDANT CHARLES LEARY'S
## *PRO SE* REPLY TO DOUGLAS HANDSHOE'S
## OPPOSITION TO LEARY'S MOTION TO EXTEND DEADLINES

Mr. Handshoe bases his opposition to Dr. Leary's motion to extend deadlines solely upon this Honorable Court's decision on sanctions (ECF 222), but offers no rules, statutes, case law, or evidence to support his position.

This Court ordered the following:

Leary is cautioned that all pleadings, motions, and papers he files in the future shall be prepared and personally signed by him or by a licensed attorney of record. Failure to comply with this directive will be deemed contumacious conduct and may result in Leary's filings being stricken, or may result in more severe sanctions, including entry of default judgment or dismissal of any counterclaim pursuant to Federal Rule of Civil Procedure 41(b).

The Court carefully reviewed Handshoe's submissions and reached the conclusion that Leary did not personally sign certain filings. The Court did not, as far as Leary can discern, reach the conclusion propounded by Handshoe that "they were signed and submitted by Mr. Leary's business partner in New Orleans," which he repeats here in his opposition. Mr. Handshoe has also published this

statement on Twitter and elsewhere online, (mis)representing the court's decision to the public (cf. exhibit to Leary declaration). In fact, such published statements are injurious falsehoods as Dr. Leary wrote every word in each submission to the court.

Mr. Handshoe's opposition is insufficient.

First, federal courts have commonly allowed parties to refile documents not signed, or signed by others, under Rule 11, within a specified time frame and with a warning of further consequences should the conduct continue, just as the Court did here. *Crear v. US BANK NA*, Civil Action No. 3: 16-CV-1570-L (N.D. Tex. Dec. 16, 2016); *Speed v. AMERICA'S WHOLESALE LENDER*, Civil Action No. 3: 14-CV-3425-L (N.D. Tex. Sept. 24, 2014); *Mays v. Astrue*, Civil No. 1: 08-CV-93 JVB (N.D. Ind. Oct. 8, 2008); *Peace v. Bank of America*, No. 4: 10CV00058 JLH (E.D. Ark. Mar. 17, 2010); *NIEPERT v. Brown*, No. 17-cv-00345-JPG (S.D. Ill. Apr. 12, 2017); *Butts v. ConAGRA FOODS, INC.,*, File No. 2: 06-CV-1 (D. Vt. Mar. 19, 2008).

Second, Mr. Handshoe has presented no substantive argument against extending deadlines, and has himself filed a dispositive motion after the case management order deadline.

This Honorable Court should grant Dr. Leary's motion for the above reasons and those contained in the brief supporting the motion already filed.

Respectfully submitted this the 18th day of July, 2018.

Charles Leary
pro se

308 5th Ave E
Vancouver, BC V5T 1H4
Canada
(902) 482-8360
foodvacation@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on July 18, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary