

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                    CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANT LEARY'S MOTION FOR LEAVE TO AMEND AND ADD ADDITIONAL PARTIES (ECF# 265)

This Memorandum in Support of Response in Opposition to Mr. Leary's Motion for Leave to Amend and Add Additional Parties is respectfully submitted by Plaintiff Douglas Handshoe.

### Background

Mr. Leary's Motion should be denied because his Motion is predicated in adding Racketeering and Civil Rights Counts related to Plaintiff's efforts to satisfy a judgment against Mr. Leary from a civil action for which Mr. Leary is an active contemnor and absconding judgment debtor. Further it has come to Plaintiff's attention that Mr. Leary has been recently fraudulently transferring assets in both the United States and Canada to avoid execution on the underlying Judgment referred to above. Mr. Leary is currently evading service of process in Spain.

1

Leary's "Fresh Facts", some of which are now ten months old are nothing more than a bald-faced attempt to intimidate certain elected officials in Stone County in a vain attempt to dissuade them from doing their jobs as well as continue Mr. Leary's history and habit of suing Plaintiff's Counsel from the civil action which resulted in a judgment against him, his business and his business partner.

Further Mr. Leary has had ample opportunity to bring these claims but for the fact this Court previously struck Mr. Leary's previous answer, defenses and counterclaims as they were ghostwritten, signed and submitted by Mr. Leary's business partner in New Orleans Louisiana Daniel Abel[1]. Mr. Leary failed to sign those documents and adopt them as his own after being put on notice of the deficiency. Mr. Leary's own dilatory conduct in this matter precipitated a delay in the resolution of this matter for almost six months. For that reason and (despite the fact Leary has indicated several times he would be amending his counterclaims) this Court ordered that "Defendant Charles Leary shall file any Answer to Plaintiff Douglas Handshoe's Third Amended Complaint [179] with Counterclaims"[2] **provided that no new counterclaims will be permitted"**

Mr. Leary now approaches the Court seeking to greatly expand the proceedings, add several additional parties and assert new common law torts

---

[1] *See* Opinion and Order at ECF Number 222

[2] *Id.*

2

against Plaintiff and his wife including Defamation again disregarding Slabbed New Media, LLC on the basis that Jennifer Handshoe, "was critical to the practical operation of the Slabbed enterprise by providing essential financial support for many years." Such is not only demonstrably false, it seeks to hold Mrs. Handshoe accountable for publications for which 1. Slabbed New Media, LLC has never been sued and 2. For which Mr. Leary did not plead the most basic elements of the tort of defamation. Mr. Leary's Motion for Leave to Amend not only smacks of desperation and should be denied, it opens pandora's box wherein any lawyer Leary hires becomes fair game for a lawsuit.[3] It appears Mr. Leary's counterclaims are simply another dilatory tactic he is employing to delay the resolution of this matter and it is sanctionable under Rule 11.

## Law and Argument

Mr. Leary fails to carry his burden under the rules that he should be allowed to amend. Even if Mr. Leary could establish that he has timely brought these new claims to the Court's attention, which he has not, Leary's rendition of his so called "fresh facts" almost entirely relate to the execution of a judgment against him. Mr. Leary has previously contended that service of Show Cause orders and other documents required to be served by Rule 4 is somehow an abuse of process despite

---

[3] Mr. Leary's history, habit and practice of suing Plaintiff's counsel in order to conflict them out has been very well documented.

3

clear case law that such a scenario does not meet any of the elements of abuse of process the elements of which are:

"(1) the party made an illegal use of the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process." *McLain v. West Side Bone & Joint Ctr.*, 656 So.2d 119, 123 (Miss.1995) (citing *Foster v. Turner*, 319 So.2d 233, 236 (Miss.1975)).

The Mississippi Supreme Court has acknowledged that the abuse of process tort does not address the case, as here, where the only alleged abuse of process was the service of a summons without any corruption or impropriety.

"What defendant complains of in his counterclaim is not based on any perversion of any process, but simply the filing of the suit. Nothing unlawful was done under any process. It cannot be argued that the process of the court was abused by accomplishing a result not commanded by it or not lawfully obtainable under it when the only process involved was the simple summon to defend the suit." *Edmonds v. Delta Democrat Publishing Co.*, 230 Miss. 583, 93 So.2d 171, 175 (1957); see also *Foster*, 319 So.2d at 235 ("[Abuse of process requires a]n ulterior purpose, and the perversion of the process after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it.") (citing *Edmonds*, 93 So.2d at 174).

Further, Mr. Leary's rendition of "facts" from his amended complaint bear no relationship to reality. For instance, at paragraph 75 Mr. Leary claims: "On August 17, 2016, Defendant by counterclaim Handshoe and his attorney Jack "Bobby" Truitt filed a motion with the United States District Court for the Southern District of Mississippi in case no. 1:2012-cv-00090 **without giving notice to the Plaintiffs in that case, including Leary, of the motion**. Truitt appeared pro hac vice and yet the motion was not signed by any supervising attorney and the case was closed, which had ended Truitt's pro hac vice admission. **Attorney of record for Leary and Trout Point Lodge, M. Judith Barnett** subsequently told Leary in writing that she never received any notices or process in that case." (Emphasis Added)

A cursory examination of the docket of that case indicates that Ms. Barnett was automatically noticed electronically of the Motion when it was filed into the PACER system and Mr. Leary admits Ms. Barnett was still enrolled on his behalf when the Motion for a Judgment debtor examination was filed.

Mr. Leary then contradicts himself in paragraph 76 of his proposed amended counterclaims, "Handshoe's motion was for an order scheduling a judgment debtor examination in Gulfport, Mississippi, for the Plaintiffs in that case, including Leary. The lack of notice to the Plaintiffs, including Leary, was intentional. At that

5

time, **Leary was on the docket of that case as pro se with his Canadian address on file**. (Emphasis Added)

Such contradiction and lack of pleading the fundamental elements of the torts Leary is trying to assert permeates the entire filings. For instance, in the Section of Leary's proposed Amended Counterclaims styled "Defamation" beginning at paragraph 130, Leary fails to specify a single unprivileged publication alleged to have been written by Jennifer Handshoe. In fact, Mr. Leary fails to specify any publication to which he alleges is defamatory and which does not contain the most basic elements of the tort of Defamation. Such nonsense permeates the entire proposed pleading.

## Conclusion

Plaintiff respectfully requests this Court denies Mr. Leary's Motion for Leave to Amend and Add Parties and consider sanctioning Mr. Leary for filing a frivolous Motion intended only to delay the resolution of this matter.

Respectfully submitted this 23rd day of July, 2018,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

6

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on July 23, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on July 23, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada with a courtesy copy to foodvacation@gmail.com.

Respectfully submitted this 23rd day of July, 2018,

_____

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com