

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.  CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANT LEARY'S MOTION FOR RECONSIDERATION (ECF# 267)

This Memorandum in Support of Response in Opposition to Mr. Leary's Motion of Reconsideration is respectfully submitted by Plaintiff Douglas Handshoe.

Mr. Leary filed a Motion for Sanctions (*See* ECF# 251) which levied a series of specious allegations against Plaintiff over discovery matters that he brought to the Court well past the discovery deadline. He also complained about not receiving certain Motions and Oppositions/Rebuttals from Plaintiff dating back several months to some of the most recently filed Motions[1]. The Court denied Mr. Leary's Motion without further briefing by the parties.[2]

---

[1] *See* ECF# 252 Page 5
[2] *See* ECF# 254

1

Now Mr. Leary files a Motion for Reconsideration further accusing Plaintiff of filing "false" Certificates of Service, essentially rearguing his previous Motion instead this time accusing Plaintiff of purposely withholding pleading for five days rather than not mailing it at all as he originally argued. Plaintiff speculates, based on the record in this matter that Mr. Leary is simply engaging in dilatory conduct in order to delay the resolution of this civil action.

## Law and Argument

With regard to the discovery matters Mr. Leary is essentially re-urging, Plaintiff notes that this Court previously struck Mr. Leary's prior motions and memorandum briefs dating over several months since they were signed and submitted by Mr. Leary's business partner in New Orleans, Louisiana.[3] Further, Mr. Leary failed to sign those documents and adopt them as his own after being put on notice of the deficiency. Mr. Leary's own dilatory conduct in this matter precipitated in part his missing the discovery deadline and the Court should not reward Mr. Leary's bad conduct by essentially extending a deadline that expired over 120 days ago.

With regard to Mr. Leary's "fresh evidence", the five-day delay to which he now complains, was caused by that particular mailing being returned by the post office for a customs form, which international first-class document mailings

---

[3] See Opinion and Order at ECF# 222

2

generally do not require. This particular filing was delivered to the Court Clerk for filing somewhere between 3:30PM local time and 4:15PM local time. Electronic notice from the Court indicates the pleadings were entered into the Court's filing system at 4:46PM on June 6, 2018. Plaintiff deposited Mr. Leary's copy in the mail at the United States Post Office in Wiggins, Mississippi upon his return from the Courthouse, just after normal business hours. On June 8, 2018, the local post office returned the mailing to Plaintiff's home address and attached a custom form thereto, with a handwritten post-it note saying this particular mailing needed a customs form, which the post office employee attached by rubber band to the returned mail. Plaintiff, who was working out of town on June 7 and June 8 retrieved the returned mailing after normal business hours on June 8, 2018. On June 9 using the customs form provided by the Post Office Plaintiff again deposited the mail in the postal drop in Wiggins, Mississippi.[4] On June 11, 2018 the mailing was again returned because the customs form originally provided by the local post office turned out to be the incorrect form for a first-class mailing. Plaintiff was working at his office and promptly cured the issue, with the help of the customer service window at the Post Office.

---

[4] In an effort to save money the United States post office no longer opens their customer service window on Saturdays at the Dizzy Dean Post Office in Wiggins, but it does accept mail there on Saturdays with an 11:00AM cut-off.

3

This situation is far more a proverbial comedy of errors rather than the deliberate falsification of a Certificate of Service as Mr. Leary now claims.

While not the subject of Mr. Leary's Motion for Reconsideration, Plaintiff consents to extending the deadline for Mr. Leary's opposition to his Motion to Dismiss (ECF# 259) by five days to compensate for the delay in mailing. Worth noting is even with that extension of time, Mr. Leary's opposition would still be filed eleven days out of time as it was filed on July 9, 2018. Perhaps such explains why Mr. Leary continues to bring such a trivial matter to the Court's attention in an attempt to obscure his own failure to abide by the rules regarding time limits.

Further, Plaintiff categorically denies withholding any Court filings from Mr. Leary by failing to mail them.

## Conclusion

Plaintiff respectfully requests this Court denies Mr. Leary's Motion for Reconsideration.

Respectfully submitted this 23rd day of July, 2018,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

4

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on July 23, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on July 23, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada with a courtesy copy to foodvacation@gmail.com.

Respectfully submitted this 23rd day of July, 2018,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com