IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP -7 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| DOUGLAS HANDSHOE | PLAINTIFF |
| VS. | CIVIL ACTION NO. 1:15cv382HSO-JCG |
| VAUGHN PERRET, CHARLES LEARY & DANIEL ABEL, D/B/A TROUT POINT LODGE LTD OFNOVA SCOTIA & IN THEIR INDIVIDUAL CAPACITIES PROGRESS MEDIA GROUP LIMITED, MARILYN SMULDERS, TORSTAR CORPORATION, NATIONAL GEOGRAPHIC SOCIETY, XYZ FOUNDATION & JOHN DOES 1-50 | DEFENDANTS |

**BRIEF ON MOTION TO TAKE JUDICIAL NOTICE OF JUDICIAL ADMISSIONS
THAT DECIDE THE ISSUE OF SUMMARY JUDGMENT ON
COUNT 5 OF MR. HANDSHOE'S THIRD AMENDED COMPLAINT**

---

Based on fresh judicial admissions as well as the quashing of discovery requests, Dr. Leary respectfully urges this Court to render a decision on Mr. Handshoe's Motion for Partial Summary Judgment (ECF 218), Dr. Leary's opposition to that motion (ECF 224) as well as supplementary arguments, admissions, and facts detailed below, and if the Court finds in its discretion appropriate to do so, Dr. Leary's Motion for Partial Summary Judgment (ECF 225) on Mr. Handshoe's sole remaining Count 5 of the Third Amended Complaint (TAC).

**Argument**[1]

Dr. Leary must prevail in summary judgment on Count 5 under the law of the Fifth Circuit as Mr. Handshoe has made repeated judicial admissions, including admissions against interest, since his Motion for Partial Summary Judgment (ECF 218) was filed. In addition, the life force of his summary

---

1   Mr. Handshoe has repeatedly argued to this Court in various recent briefs (for example ECF 256 and ECF 258) that Dr. Leary should not be allowed to make further motions in this case under the terms of this Court's Order on Rule 11 (ECF 222). However, that Order clearly anticipates that Dr. Leary may file future motions and even "pleadings," and orders that when he does so he must personally sign each document as required by the Rule or face consequences. Thus, there is nothing in this Court's Order barring Dr. Leary from filing motions and pleadings.

1

judgment motion relies on Leary's purported deemed admissions to Requests for Admission (for example ECF 232, page 5) that have now been ordered quashed by this Court (ECF 254: "Because of improper service, the written discovery requests purportedly served on January 4, 2018, are quashed and may not be reissued because the discovery period has expired.").

In addition to this, there are at least three relevant judicial admissions recently made by Handshoe:

1. Mr. Handshoe admits that he personally "obtained" the photograph belonging to Trout Point Lodge, Limited, from the web site of the *Toronto Star*, without permission, for use in the video he created and that was later posted to his personal YouTube account so that it could be published on the commercial Slabbed web site. In order to establish copyright infringement, a plaintiff must prove (1) his ownership of the copyright and (2) "copying" by the defendant *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111 (5th Cir. 1978).

2. Mr. Handshoe admits that Dr. Leary was only acting in his official capacity when he (Leary) filled out a YouTube webform in Canada to complain of copyright infringement in Canada a day after Nova Scotia Supreme Court found infringement in that work by Handshoe.

3. Mr. Handshoe admits that the decision in *Trout Point Lodge Ltd. v. Handshoe, 2014 NSSC 62* has *res judicata* effect in this case. In that case, there was no misrepresentation under 17 USC Section 512(f) as copyright *was* being infringed.

> A court can appropriately treat statements in briefs as binding judicial admissions of fact. Leslie v. Knight Soda Fountain, 55 F.2d 224, 225 (2d Cir. 1932), See also City Nat. Bank v. U.S., 907 F.2d 536, 544 (5th Cir.1990); see also Young & Vann Supply Co. v. Gulf F. & a.R. Co., 5 F.2d 421, 423 (5th Cir.1925).

Purgess v. Sharrock, 33 F.3d 134 (2d Cir. 1994).

On judicial admissions in pleadings and briefs see also Hill v. Federal Trade Commission, 124 F.2d 104 (5th Cir. 1941) ("judicial admissions are proof possessing the highest possible probative value"); Postscript Enter. v. City of Bridgeton, 905 F.2d 223, 227-28 (8th Cir. 1990); Holman v. Kemna, 212 F.3d 413 (8th Cir. 2000); Ross v. Philip Morris & Company, 328 F.2d 3 (8th Cir. 1964); Hunt v.

2

Liberty Lobby, 720 F.2d 631 (11th Cir. 1983) at fn 29.[2]

**MR. HANDSHOE ADMITS TO THE ELEMENTS OF COPYRIGHT INFRINGEMENT**

First, Mr. Handshoe admits at ECF 232, page 2, that the photograph at issue in Count 5 of the TAC was "obtained by" Handshoe personally from "the Toronto Star website,"[3] and furthermore that "Leary [...] submitted this photo to the Toronto Star on February 2, 2012" and that the photo was authored by Kara Crowell, who it remains undisputed was an employee of Trout Point Lodge when she took the photograph in the course of her employment by Trout Point Lodge.[4] Additionally, in Handshoe's opposition to Leary's motion to dismiss the TAC (ECF 112), Handshoe makes the judicial admission on page 8 that he "published to the Publisher's [Handshoe] personal YouTube account in order to facilitate the video's publication to the Slabbed New Media website." It is an established fact the Slabbed New Media was at all relevant times "a business." *In re Slabbed New Media, LLC*, 557 B.R. 911 (Bankr. S.D. Miss. 2016). The U.S. Bankruptcy Court recounted:

> The US Trustee noted that Slabbed's business is a limited liability company owned solely by Handshoe who is a public interest blogger for the website "www.Slabbed.org." Dkt. No. 61 at 2. Slabbed responded, stating that it believed its Plan will be "viable and will return significant distributions to creditors and to equity."

As argued and evidenced in Dr. Leary's previous brief(s) on summary judgment, the *Toronto Star* web site's Terms of Service (referred to by Handshoe in his brief), accepted by Handshoe when he accessed the site, expressly prohibited downloading and copying of third party works such as the "Perret &

---

2  Judicial admissions "may not be controverted at trial or on appeal. Indeed, they are "not evidence at all but rather have the effect of withdrawing a fact from contention." Michael H. Graham, *Federal Practice and Procedure: Evidence* § 6726 (Interim Edition); *see also* John William Strong, *McCormick on Evidence* § 254, at 142 (1992). A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party. *Id.*" *Keller v. US, 58 F.3d 1194 (7th Cir. 1995)* at fn. 7.

3  Mr. Handshoe is personally liable for infringement even if he was purportedly acting for Slabbed New Media, LLC; *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335 (5th Cir. 1994); *Southern Bell Tel. & Tel. v. Assoc. Telephone Dir.*, 756 F.2d 801 (11th Cir. 1985).

4  "In general, copyright in a work "vests initially in the author or authors of the work," 17 U.S.C. § 201(a); however, "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author ... and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b). A work made for hire is defined in pertinent part as "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101. Thus, an employer owns a copyright in a work if (1) the work satisfies the generally applicable requirements for copyrightability set forth in 17 U.S.C. § 102(a), (2) the work was prepared by an employee, (3) the work was prepared within the scope of the employee's employment, and (4) the parties have not expressly agreed otherwise in a signed, written instrument." *Baltimore Orioles v. Major League Baseball Players*, 805 F.2d 663 (7th Cir. 1986) (footnotes removed).

Leary with dog" photograph.

Even if he was acting under the misunderstanding that widely disseminated works somehow loose their copyright protection, as he has done at other recent times, Mr. Handshoe admits copying and republishing the *Toronto Star* photograph in its entirety. "[A] copyrighted work does not lose its copyright protection simply because it is easily available to the public" *Handshoe v. Abel*, Civil Action No. 1: 14-CV-159-KS-MTP (S.D. Miss. Jan. 8, 2016), also dealing with a visual work illegally published by Handshoe, citing *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 537 (5th Cir. 1994) ("[P]rotected expression does not lose its protection simply because it is widely disseminated. If [the expression] is widely discussed, described, and reproduced, it is presumably with the permission of the copyright holder . . . [or] because such discussion, description, and reproduction constitutes *fair use*.") (emphasis in original)." . "[E]very commercial use of copyrighted material is presumptively an unfair exploitation." *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S. Ct. 774, 78 L. Ed. 2D 574 (1984). The *Sony* court also made that statement in the course of evaluating a use that appropriated the *entirety* of the copyrighted work in a form *identical* to that of the original, as is the case with Handshoe here.

Dr. Leary, acting as an officer of Trout Point Lodge, was therefore legitimately reporting actual copyright infringement to YouTube: (1) Trout Point owned the work and (2) Handshoe has admitted to copying it and publishing it in the video designed for distribution by the Slabbed New Media business; Handshoe had no permission to copy and publish the work; *Ferguson, supra*. If Handshoe was infringing copyright with his acts, there was no misrepresentation under 17 USC Section 512(f). Count 5 must be dismissed.

**MR. HANDSHOE ADMITS DR. LEARY WAS NOT THE RESPONSIBLE PARTY**

Second, Mr. Handshoe admits that Dr. Leary was not acting in his personal capacity when in 2014 he filled out a generic YouTube webform to complain about copyright infringement in Canada in a video created by Mr. Handshoe and published on his YouTube channel. Thus Dr. Leary is not liable

4

for any damages in Count 5.

Mr. Handshoe vociferously argues to this Court that in submitting the copyright notice of Count 5 Dr. Leary was acting in his official capacity as an officer and director of Trout Point Lodge, Limited, which this Court has already found is a distinct juridical entity from Dr. Leary (ECF 162). For example, at ECF 245, pages 9-10, speaking of the alleged Digital Millennium Copyright Act notice relating to the YouTube video of Count 5, Mr. Handshoe admits that "it is clear Leary was acting in his official capacity as Officer of Trout Point Lodge, Limited" in submitting the complaint to YouTube.[5] Furthermore, at footnote 7, Mr. Handshoe details how YouTube responded indicating that Leary was acting on behalf of a corporation and states "The Takedown Notice Form submitted by Leary was clearly done in his capacity of 'Director' of 'Trout Point Lodge, Limited'." "A corporation is a legal entity existing separate and distinct from its shareholders, officers, and directors . . ." *FMC Finance Corp. v. Murphree*, 632 F.2d 413 (5th Cir. 1980). "Veil piercing should be limited to situations in which the corporate entity is used as a *sham* to perpetrate a fraud or avoid personal liability." *Joslyn Mfg. Co. v. TL James & Co., Inc.*, 893 F.2d 80 (5th Cir. 1990). Also: *Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985).

Therefore, in Count 5 Mr. Handshoe has admitted facts establishing that he has not stated a claim against Dr. Leary, but rather against Trout Point Lodge, Limited. Count 5 against Leary must be dismissed with prejudice.

**MR. HANDSHOE ADMITS THE JUDGMENT OF NOVA SCOTIA SUPREME COURT ON COPYRIGHT INFRINGEMENT IS RES JUDICATA**

Finally, in addition to admitting Dr. Leary's personal non-culpability for Count 5, Mr. Handshoe has also judicially admitted that the decision of Nova Scotia Supreme Court in Trout Point Lodge Ltd. v. Handshoe, 2014 NSSC 62 ((CanLII), <http://canlii.ca/t/g344w>) deserves *res judicata* effect in this

---

5   Dr. Leary refutes that his was a DMCA notice; it was a webform used by YouTube internationally, including Canada, and specifically noted Canada as the relevant jurisdiction.

Court.[6] Dr. Leary agrees with this admission. In his brief supporting his Motion to Dismiss (ECF 245), at page 24, Mr. Handshoe addresses "a photograph of Leary and Perret with their dog used with permission by the Toronto Star in an article about their legal victory against Handshoe in 2012" and states: "Leary is precluded from re-asserting these claims under the legal doctrine of Res Judicata." Mr. Handshoe has judicially admitted that the Nova Scotia judgment has *res judicata* effect in this court.

It is common ground that the YouTube form was submitted to YouTube on February 15, 2014. The Nova Scotia Supreme Court decision was rendered on February 14, 2014. In that decision, Justice Coady found Mr. Handshoe had infringed copyright in the photograph at issue in the YouTube video of Count 5.[7] If Mr. Handshoe was actually infringing copyright in that photograph—which was established by Nova Scotia Supreme Court and Handshoe clearly admits this decisions has *res judicata* effect-- *there was no misrepresentation under 17 USC Section 512(f)* and summary judgment must be granted in favor of Dr. Leary.

Respectfully, this Court should immediately taking up the Motion(s) for Partial Summary Judgment, which would be in the interests of FRCP 1. Based on the above judicial admissions, as well as the quashing of Mr. Handshoe's Request for Admissions on which his motion heavily relied, summary judgment is due to be granted in favor of Dr. Leary. otions after a deadline. Rule 55(a) allows for the entry of default as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear

---

[6] Four requirements must be met in order to apply res judicata: (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir.1983) (en banc). *See also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). In this case, the parties are the same; Nova Scotia Supreme Court was a court of competent jurisdiction and this fact has been affirmed by Hancock County Circuit Court over the objections of Mr. Handshoe; the Nova Scotia judgment was a final judgment and is not subject to appeal; the same issue—if copyright in the photograph of Perret & Leary with dog was being infringed—are involved in both cases. Mr. Handshoe's brief indicates his agreement with the res judicata effect of that 2014 judgment.

[7]   Notably, as is already in evidence, Hancock County Circuit Court has enrolled that judgment of Nova Scotia Supreme Court as if it were Its own judgment after having dismissed Mr. Handshoe's objections after a full hearing based on evidence. Mr. Handshoe did not appeal either the Nova Scotia trial court decision or the Mississippi state court decision.

by affidavit or otherwise, the clerk *shall* enter the party's default" (emphasis added).

In sum, the trial date in this case must be postponed based on the Federal Rules of Civil Procedure, and in addition, and as a possible alternative, Mr. Handshoe should be noted in default by the Clerk.

RESPECTFULLY SUBMITTED THIS 5TH DAY OF SEPTEMBER, 2018

Dr. Charles L. Leary
pro se

foodvacation@gmail.com

802-440-0213

308 5th Ave E
Vancouver, BC
V5T 1H4
Canada

## CERTIFICATE OF SERVICE

I hereby certify that, on Sept 5, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary