IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP -7 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE           PLAINTIFF

VS.         CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50        DEFENDANTS

### BRIEF ON MOTION TO ALTER DATE OF TRIAL
### AND IN THE ALTERNATIVE FOR NOTATION OF DEFAULT

Respectfully, on June 22, 2018, the Court *sua sponte* set trial for October 1, 2018.

To date in this case, September 5, 2018, *pleadings have never closed*. Dr. Leary has never had the opportunity to see Mr. Handshoe's defences and has never had the opportunity to discover Mr. Handshoe regarding his defenses. "The Discovery period always comes after the filing of the answer by the defendant, and before the 1st day of the trial" (Cf. "Step by Step: A Simple Guide to Filing a Civil Action," U.S. District Court, District of Massachussets, http://www.mad.uscourts.gov/general/pdf/StepByStepEnglish.pdf).

Various motions by both sides, including dispositive motions and motions to extend deadlines remain outstanding in this case.

Dr. Leary, appearing here *pro se*, is having his right to due process enshrined in the Federal Rules of Civil Procedure (FRCP) denied. Given the current time frame, Dr. Leary has no time in which to do what is allowed under the FRCP, even were the Court to immediately rule on Mr. Handshoe's illegal Motion to Dismiss and allow him to file a defense. Dr. Leary will have no reasonable time in

which to evaluate his defense, to plan discovery, and to prepare for trial. This is of no fault of Dr. Leary. In fact, it is Mr. Handshoe who has failed to file a defense and who disregarded a Case Management Order.

> Rule 56 "*mandates* the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552 (emphasis added). Plainly, Rule 56 means what it says: "judgment ... shall be rendered *forthwith* if the *pleadings*, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added).

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

The above does not describe the current situation of this case, as there are no pleading<u>s</u> and clearly discovery must take place *after* the close of pleadings, at which point summary judgment or judgment on the pleadings must be an option available to the parties. "The Supreme Court has instructed us that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact *before* the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990)." Id.

The procedural steps in civil cases routinely followed in sequence by U.S. district courts have not been followed in this case. This case cannot reasonably proceed to trial now in October when as of September 5 pleadings have never closed and Dr. Leary has never been afforded discovery *after* the close of pleadings, and also no opportunity to invoke Rule 56. Technically under the Rules, Dr. Leary cannot even speak to the issue of a jury trial until pleadings have closed, that is "14 days after the last pleading directed to the issue is served" FRCP 38(b)(1). Dr. Leary, in fact, still has the right to voluntarily dismiss his counterclaims in their entirety under Rule 41(c) because no "responsive *pleading*" exists. However, as well, Mr. Handshoe has ignored the Case Management Order (ECF 184) and filed a dispositive motion after the Order's deadline of March 26, 2018, instead of filing a defence

to Dr. Leary's counterclaims.

The deadline for filing a defense passed long ago. Mr. Handshoe is technically in default as he has never filed a motion seeking to alter the dispositive motion deadline and did not file a defense under Rule 12(a)(1). Under Rule 12(a)(4) this Court had "set a different time" for a Rule 12(b) motion, and that motion filed by Mr. Handshoe was clearly out of time.

Dr. Leary is aware that this Court would like this case to end sooner rather than later. Dr. Leary heartily agrees with that goal.

The procedural facts and steps, however, are clear on the docket of this case.

Dr. Leary therefore hereby moves the Court to postpone trial until a reasonable time after the close of pleadings.

In the alternative, Dr. Leary asks this Honorable Court to have the Clerk note Mr. Handshoe in default and to conduct a default judgment hearing based on Mr. Handshoe's failure to file a defense by the established deadline; his filing of a motion to dismiss under Rule 12(b) was previously disallowed by this Court, in yet Mr. Handshoe ignored the Case Management Order and also has never filed a motion to extend the dispositive motion deadline of which he is completely aware as he has argued before this Court that Dr. Leary should not be granted a deadline extension under the dictates of the Order.

On October 31, 2017 this Court issued Its case management order (ECF 184), which set April 26, 2018 as the deadline for filing dispositive motions. That Order has not been altered with regards to the dispositive motions deadline.

On May 16, 2018, Plaintiff by Counterclaim Dr. Leary filed his defence and counterclaims (ECF 233). On June 6, 2018, instead of filing a defence, Mr. Handshoe filed a Motion to Dismiss under FRCP 12(b) and FRCP 9 without having filed any motion to extend the deadlines of the Case Management Order (ECF 244). This was a dispositive motion filed in contravention of the Case

Management Order.

As of today's date, well over three months after the counterclaims were served on him, Mr. Handshoe has still not filed a motion to alter deadlines and has not filed a defence to Dr. Leary's counterclaims. The Court is moving to trial and no defence to Dr. Leary's counterclaims has been filed and no dispositive motions were allowed after the Case Management Order deadline.

FRCP 12(a)(1) sets the deadline for filing a defense as "within 21 days after being served with the pleading that states the counterclaim or crossclaim." Mr. Handshoe filed a Rule 12(b)(6) motion on June 6, 2018. FRCP 12(a)(4) states that *"unless the court sets a different time,"* "serving a motion under this rule alters" the time periods of Rule 12(a)(1) (emphasis added).

In this case, the court *set a different time* in Its Case Management Order (ECF 184) disallowing dispositive motions after a deadline. Rule 55(a) allows for the entry of default as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk *shall* enter the party's default" (emphasis added).


RESPECTFULLY SUBMITTED THIS 5TH DAY OF SEPTEMBER , 2018

Dr. Charles L. Leary
pro se

foodvacation@gmail.com

(902) 482-8360

308 5th Ave E
Vancouver, BC
V5T 1H4
Canada

## CERTIFICATE OF SERVICE

I hereby certify that, on \_\_\_Sept 5\_\_\_, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary