IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS HANDSHOE** | § § § | **PLAINTIFF** |
| **v.** | § § § § | **Civil No. 1:15CV382-HSO-JCG** |
| **VAUGHN PERRET,** *et al.* | § | **DEFENDANTS** |

## ORDER GIVING PLAINTIFF DOUGLAS HANDSHOE NOTICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(f) THAT THE COURT MAY GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT TROUT POINT LODGE, LTD., AND ALLOWING PLAINTIFF UNTIL SEPTEMBER 27, 2018, TO FILE A WRITTEN RESPONSE

This matter is before the Court sua sponte pursuant to Federal Rule of Civil Procedure 56(f). Based upon the Court's previous Orders [73], [78], [156], [157], [289], entered in this case, all of Plaintiff Douglas Handshoe's claims have now been dismissed with the exception of a single claim against Defendant Trout Point Lodge Ltd. ("Trout Point Lodge") in Count 5 of the Third Amended Complaint [90] for an alleged misrepresentation under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f). Trout Point Lodge has not appeared in this case and is in default. *See* Entry of Default [174] at 1.

After due consideration of the record and relevant legal authority, pursuant to Rule 56(f)(1), the Court finds that summary judgment may be appropriate in Trout Point Lodge's favor on Handshoe's remaining claim for the same reasons the Court has granted summary judgment in favor of Defendant Charles Leary. The

Court will give Handshoe until September 27, 2018, to file a written response to this Order showing cause why the Court should not enter summary judgment in favor of Trout Point Lodge. Handshoe is advised that if he does not file a written response by that date or does not demonstrate why summary judgment should not be granted on behalf of Trout Point Lodge for the same reasons it was granted in Leary's favor, the Court may sua sponte enter judgment in Trout Point Lodge's favor.

## I. BACKGROUND

The Court has previously resolved a number of motions in this case, leaving for resolution only the Counterclaims filed by Defendant Charles Leary ("Leary") against Plaintiff Douglas Handshoe ("Handshoe" or "Plaintiff"), and a single claim advanced by Handshoe in Count 5 of the Third Amended Complaint against Trout Point Lodge based upon an alleged misrepresentation under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f). *See* 3d Am. Compl. [90] at 40-11. All of Handshoe's other claims have been dismissed. Trout Point Lodge remains a Defendant, although it has not entered an appearance. The Clerk entered default [174] against Trout Point Lodge on October 13, 2017.

At issue in Count 5 is what Handshoe characterizes as a DMCA "takedown notice" sent by Leary to YouTube on February 15, 2014. *Id*. at 40. This notice related to a photograph depicting Leary and former Defendant Vaughn Perret ("Perret") standing with their dog in front of Trout Point Lodge (the "Photograph"). Decl. of Charles L. Leary [228] at 1; *see also* Photograph [219-3] at 2. The

Photograph was used by Handshoe without Trout Point Lodge's permission in a YouTube video he produced on behalf of Slabbed New Media. *See* Decl. of Charles L. Leary [228] at 1-2.

The Court has granted Leary's Motion [225] for Partial Summary Judgment on the claim against him in Count 5 because it determined that Leary had carried his initial summary judgment burden of demonstrating that there was no genuine dispute of material fact and that he was entitled to judgment as a matter of law. Plaintiff was unable to create a question of fact sufficient to defeat summary judgment in Leary's favor on this remaining § 512(f) claim.

## II.  DISCUSSION

A.  Relevant Legal Authority

Under Federal Rule of Civil Procedure 56(f), "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f)(1). A court may grant summary judgment for a nonmovant if the party against whom summary judgment is entered is on notice and has the opportunity to come forward with all its evidence. *Luig v. N. Bay Enterprises, Inc.*, 817 F.3d 901, 905 (5th Cir. 2016). Therefore, when the ground for summary judgment on behalf of a moving defendant applies equally to a nonmoving codefendant, a court may grant summary judgment for the nonmoving codefendant. *See* Fed. R. Civ. P. 56(f)(1); *see also* 11 Moore's Federal Practice - Civil § 56.71.

For a defendant against whom a default has been entered, the United States

Supreme Court held in *Frow v. De La Vega*, 82 U.S. 552 (1872), that

> [t]he defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike–the defaulter as well as the others.

*Frow*, 82 U.S. at 554. Therefore, where one defendant establishes that a plaintiff has no cause of action, this defense generally inures to the benefit of a defaulting codefendant as well. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

B.   <u>Analysis</u>

According to Handshoe, the notice sent by Leary which is at issue in Count 5 "was clearly done in his capacity of 'Director' of 'Trout Point Lodge, Limited.'" Handshoe's Mem. [245] in Supp. of Mot. to Dismiss at 10 n.7. Handshoe's claim against Trout Point Lodge appears to rise and fall with his claim against Leary, which has now been dismissed. In other words, the grounds for summary judgment for Leary appear to apply equally to Trout Point Lodge. *See* Fed. R. Civ. P. 56(f)(1); *see also* 11 Moore's Federal Practice - Civil § 56.71. The Court will therefore allow Handshoe until **September 27, 2018**, to file a written response to this Order showing why summary judgment should not be granted in Trout Point Lodge's favor on the claim in Count 5 for the same reasons it was granted in favor of Leary.

Handshoe is advised that if he does not file a written response by that date or does not demonstrate why summary judgment should not be granted in favor of Trout Point Lodge for the same reasons it was granted in favor of Leary, the Court

may sua sponte enter judgment in Trout Point Lodge's favor without further notice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, on or before **September 27, 2018**, Plaintiff Douglas Handshoe shall file a written response to this Order demonstrating why summary judgment should not be granted in favor of Defendant Trout Point Lodge, Ltd. as to Count 5 of the Third Amended Complaint, pursuant to Federal Rule of Civil Procedure 56(f)(1).

**Plaintiff Douglas Handshoe is advised that if he does not file a written response by that date or does not demonstrate why summary judgment should not be granted in favor of Trout Point Lodge for the same reasons it was granted in favor of Defendant Charles Leary, the Court may sua sponte enter judgment in Trout Point Lodge, Ltd.'s favor without further notice.**

**SO ORDERED AND ADJUDGED**, this the 13th day of September, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE