IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS HANDSHOE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| v. | § | Civil No. 1:15CV382-HSO-JCG |
| | § | |
| | § | |
| **VAUGHN PERRET,** *et al.* | § | **DEFENDANTS** |

### ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT TROUT POINT LODGE, LTD., AND DISMISSING PLAINTIFF DOUGLAS HANDSHOE'S CLAIMS AGAINST DEFENDANT TROUT POINT LODGE, LTD. WITH PREJUDICE

This matter is before the Court sua sponte pursuant to Federal Rule of Civil Procedure 56(f)(1). Based upon the Court's previous Orders [73], [78], [156], [157], [289], entered in this case, all of Plaintiff Douglas Handshoe's claims have been dismissed with the exception of a single claim against Defendant Trout Point Lodge Ltd. ("Trout Point Lodge") in Count 5 of the Third Amended Complaint [90]. Trout Point Lodge has not appeared in this case and is in default. *See* Entry of Default [174] at 1. For the reasons that follow, the Court will sua sponte grant summary judgment in Trout Point Lodge's favor pursuant to Rule 56(f)(1) and will dismiss Plaintiff's claims against Trout Point Lodge with prejudice.

### I. BACKGROUND

Count 5 of the Third Amended Complaint [90] advances a claim for an alleged misrepresentation under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(f). At issue in Count 5 is what Handshoe characterizes as a DMCA

"takedown notice" Defendant Charles Leary ("Leary") sent to YouTube on February 15, 2014. 3d Am. Compl. [90] at 40. On September 13, 2018, the Court granted Leary's Motion [225] for Partial Summary Judgment on the last claim against him in Count 5 because it determined that Leary had carried his initial summary judgment burden of demonstrating that there was no genuine dispute of material fact and that he was entitled to judgment as a matter of law. Plaintiff was unable to create a question of fact sufficient to defeat summary judgment in Leary's favor on this remaining § 512(f) claim.

The Court also entered a separate Order [290] on September 13, 2018, providing Plaintiff Douglas Handshoe ("Handshoe") with notice pursuant to Rule 56(f)(1) that the Court had determined that summary judgment may be appropriate in Trout Point Lodge's favor on Handshoe's remaining claim in Count 5 for the same reasons the Court had granted summary judgment in Leary's favor. The Court afforded Handshoe until September 27, 2018, to file a written response to this Order and show cause why the Court should not enter summary judgment in favor of Trout Point Lodge. Handshoe has not filed a written response to the Court's Order [290], and the time for doing so has passed.

## II. DISCUSSION

A.  Relevant legal authority

Under Federal Rule of Civil Procedure 56(f)(1), "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f)(1). A court may grant summary judgment for a

nonmovant if the party against whom summary judgment is entered is on notice and has the opportunity to come forward with of all its evidence. *Luig v. N. Bay Enterprises, Inc.*, 817 F.3d 901, 905 (5th Cir. 2016). Therefore, when the ground for summary judgment on behalf of a moving defendant applies equally to a nonmoving codefendant, a court may grant summary judgment for the nonmoving codefendant. *See* Fed. R. Civ. P. 56(f)(1); *see also* 11 Moore's Federal Practice - Civil § 56.71.

For a defendant against whom a default has been entered, the United States Supreme Court held in *Frow v. De La Vega*, 82 U.S. 552 (1872), that

> [t]he defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike–the defaulter as well as the others.

*Frow*, 82 U.S. at 554. Therefore, where one defendant establishes that a plaintiff has no cause of action, this defense generally inures to the benefit of a defaulting codefendant as well. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

B.   <u>Analysis</u>

According to Handshoe, the notice sent by Leary which is at issue in Count 5 "was clearly done in his capacity of 'Director' of 'Trout Point Lodge, Limited.'" Handshoe's Mem. [245] in Supp. of Mot. to Dismiss at 10 n.7. As the Court explained in its Memorandum Opinion and Order [289] granting Leary's Motion [225] for Partial Summary Judgment and Order [290] giving Plaintiff Douglas Handshoe notice under Federal Rule of Civil Procedure 56(f), Handshoe's claim

against Trout Point Lodge appears to rise and fall with his claim against Leary, which has now been dismissed. In other words, the grounds for summary judgment for Leary appear to apply equally to Trout Point Lodge. *See* Fed. R. Civ. P. 56(f)(1); *see also* 11 Moore's Federal Practice - Civil § 56.71.

The Court gave Handshoe until September 27, 2018, to file a written response to its Order [290], and show why summary judgment should not be granted in Trout Point Lodge's favor for the same reasons it was granted in favor of Leary. Handshoe was advised that if he did not file a written response by that date or did not demonstrate why summary judgment should not be granted in favor of Trout Point Lodge, the Court may sua sponte enter judgment in Trout Point Lodge's favor. Handshoe was given notice and the opportunity to come forward with his evidence, but he has not filed a response to the Court's Order [290].

Based upon the record, the Court finds that the grounds for summary judgment on behalf of Leary apply equally to Trout Point Lodge, and Handshoe has not rebutted this finding. For the same reasons the Court granted summary judgment in Leary's favor, *see* Order [289], the Court will sua sponte grant summary judgment in Trout Point Lodge's favor on the remaining claim in Count 5 of the Third Amended Complaint, pursuant to Rule 56(f)(1).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, summary judgment is **GRANTED** in favor of Defendant Trout Point Lodge, Ltd. as to Count 5 of the Third Amended Complaint, pursuant to Federal Rule of Civil Procedure

56(f)(1).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Douglas Handshoe's remaining claim against Defendant Trout Point Lodge, Ltd. contained in Count 5 of the Third Amended Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 28th day of September, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE