IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE                                                PLAINTIFF

VS.                                           CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                     DEFENDANTS

## MOTION FOR PARTIAL RECONSIDERATION OF ORDER (ECF 293) DISMISSING WITHOUT PREJUDICE PLAINTIFF BY COUNTERCLAIM LEARY'S COUNTERCLAIM RELATING TO DEFENDANT BY COUNTERCLAIM HANDSHOE'S VIOLATION OF A MANDATORY BANKRUPTCY STAY & ABUSE OF PROCESS

COMES NOW Plaintiff by counterclaim **Charles Leary**, appearing *pro se*, and files this his Motion respectfully requesting that the Court reconsider two aspects of It's Order (ECF 293) on Mr. Handshoe's Motion to Dismiss. In particular, Dr. Leary believe there has been an error of fact and/or law with regards to the decision to dismiss Leary's cause of action under 11 U.S.C. § 362(k), over which this Court has original jurisdiction under 28 U.S.C. § 1334(a) and 11 USC § 362 *Matter of Walker*, 51 F.3d 562 (5th Cir. 1995) and it should proceed. The Court mistakenly found that Leary had impermissibly added a new counterclaim, when in fact the claim under Section 362 already existed in Leary's amended counterclaims. Within the time allowed for amending his counterclaims as of right, on October 23, 2017, Leary filed his first amended counterclaims. Handshoe did not oppose the amendment. On November 13, 2017, Handshoe

filed a Motion to Dismiss the *amended* counterclaims (ECF 187), including making arguments for dismissal of the extant claim under 11 USC § 362(k). On December 14, 2017, Leary filed a Motion for Partial Summary Judgment on the 362(k) claim (ECF 202 & 203).

On April 17, 2018, the Court struck the Motion for Partial Summary Judgment, Leary's Answer, Defenses, and Counterclaims [171], *as well as* Leary's amended counterclaims. See Order [222] at 9-10. The Court permitted Leary to refile his Answer with Counterclaims, but directed that "no *new* counterclaims will be permitted." Order [222] at 9-10 (emphasis added). At the time of this Order, the operative counterclaims were the amended counterclaims (ECF 179) not the original counterclaims. However, the Court looked to the original counterclaims in Its Order.

In addition, Dr. Leary's cause of action for abuse of process in this case should not have been dismissed. When liberally construed, in the currently-operative counterclaim *pro se* claimant Leary stated facts sufficient for all the elements of the cause of action under Mississippi law.

A brief on these issues accompanies this motion.

RESPECTFULLY SUBMITTED, this the 30th day of October, 2018.

CHARLES LEARY, DEFENDANT
appearing *pro se*

308 5th Ave E
Vancouver, BC V5T 1H4
Canada

802-440-0213
foodvacation@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that, on ⎯Oct 30⎯, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary