

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                    CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### ANSWER AND DEFENSES OF DOUGLAS HANDSHOE TO CHARLES LEARY'S COUNTERCLAIMS

Plaintiff/Counter-Defendant Douglas Handshoe responds to Charles Leary's

Counterclaims as follows:

### <u>Response to Mr. Leary's Surviving Allegations</u>

1.      Handshoe denies the conclusion in paragraph 1 of Leary's

Counterclaims.

2.      Paragraph 2 of Leary's Counterclaims: Handshoe admits the dispute

centers on the website owned by Slabbed New Media, LLC and denies

Leary's allegations of any anonymous vendettas.

3.      Paragraph 3 of Leary's Counterclaims: Handshoe admits to being a

part of a group of journalists that attended an informal legal seminar to

which Mr. Abel was not invited. Handshoe has no knowledge of Trahant's

1

and Abel's interactions in Louisiana and denies the remainder of Leary's allegations.

4.     Paragraph 4 of Leary's Counterclaims: Handshoe admits publishing on or about January 10, 2010 that Leary and Aaron Broussard were listed together as board members of the Billy Hill Trail Society per Leary's own website. Leary immediately removed the web page from publication within hours of the Slabbed New Media publication that pointed out such fact, which partially contradicted Leary's previous statements to the New Orleans Times Picayune.[1]

5.     Paragraph 5 of Leary's Counterclaims: Handshoe admits Broussard resigned the morning after he conducted an interview with WVUE Fox 8 reporter Val Bracy that addressed what would later be revealed as his Nova Scotia bribery scheme.

6.     Paragraph 6 of Leary's Counterclaims: To the extent this paragraph makes any coherent allegations, Handshoe denies them.

7.     Paragraph 7 of Leary's Counterclaims: To the extent this paragraph makes any coherent allegations, Handshoe denies them.

---

[1] See
http://web.archive.org/web/20070722144820/http://www.acadianfarm.com/billys_hill_trails/membership.html
for the Archive.org capture of the referenced Leary webpage.

8.     Paragraph 8 of Leary's Counterclaims: To the extent this paragraph makes any coherent allegations, Handshoe denies them.

9.     Paragraph 9 of Leary's Counterclaims: To the extent this paragraph makes any coherent allegations, Handshoe denies them.

10.    Paragraph 10 of Leary's Counterclaims: Nova Scotia Property records reflected Broussard's personal ownership of a cabin from 2003-2010 that was located in the Trout Point development on Trout Point Road, subject to the land covenants Leary, Abel and Perret established when Trout Point Lodge was originally conceived. However, Mr. Leary's affidavits in his defamation action in Nova Scotia against Louisiana Media Company a/k/a WVUE Fox 8 New Orleans claimed this property was owned by Nova Scotia Enterprises, LLC. Nova Scotia Enterprises, LLC was registered to conduct business in the state of Louisiana and was never registered in Canada nor did it ever own anything of value in Canada. The United States Attorney for the Eastern District of Louisiana would introduce evidence in the Broussard criminal prosecution in 2013 that Nova Scotia Enterprises was a sham set up to facilitate a corrupt bribery scheme. Mr. Leary's own sworn affidavits in the Fox 8 defamation case illustrated that he was Nova Scotia Enterprises' financial intermediary that conducted sham commercial transactions in Canada in the name of the Louisiana based LLC, concealing

Broussard's personal ownership of the cabin. That Nova Scotia Enterprises, LLC owned nothing in Canada, a fact to which Leary now admits, is uncontroverted. Mr. Leary otherwise makes no allegations against Handshoe in Paragraph 10. Handshoe lacks knowledge of Leary's assertions and to the extent this paragraph makes any coherent allegations, Handshoe denies them.

11.     Paragraph 11 of Leary's Counterclaims makes no allegations against Handshoe thus Handshoe lacks knowledge of Leary's assertion and to the extent this paragraph makes any coherent allegations, Handshoe denies them.

12.     Paragraph 12 of Leary's Counterclaims: Handshoe denies the allegations.

13.     Paragraph 13 of Leary's Counterclaims: Handshoe admits forming Slabbed New Media, LLC and denies the remainder of Leary's allegations. Leary's own deposition illustrates he has no knowledge of the assets or liabilities of Slabbed New Media, LLC.

14.     Paragraph 14 of Leary's Counterclaims: Handshoe admits the allegations.

15.     Paragraph 15 of Leary's Counterclaims: Handshoe denies the allegations.

4

16.     Paragraph 16 of Leary's Counterclaims: Handshoe admits to receiving anonymous, threatening letters bearing New Orleans Louisiana postmarks from parties with demonstrated knowledge of the Fox 8 Defamation case in April, 2011.

17.     Paragraph 17 of Leary's Counterclaims: To the extent this paragraph makes any coherent allegations, Handshoe denies them.

18.     Paragraph 18 of Leary's Counterclaims: This paragraph makes no coherent allegations against Handshoe. Handshoe was never a party to any lawsuits brought by Steve Theriot and denies these allegations.

19.     Paragraph 19 of Leary's Counterclaims: Handshoe denies the allegation.

20.     Paragraph 20 of Leary's Counterclaims: Handshoe denies the allegations contained therein. At the time the images were downloaded none belonged to Trout Point Lodge, Vaughn Perret or Charles Leary. At the time those images belonged to third parties including Ashoka, Progress Media and the National Geographic Society. None of these copyrights were registered at the time of publication. All were subject of DMCA takedown notices from these third parties, which were successfully counter-notified.

21.     Paragraph 21 of Leary's Counterclaims: Handshoe denies the allegations therein regarding the ownership of the Slabbed New Media website.

22.     Paragraph 22 of Leary's Counterclaims makes no allegations against Handshoe. Handshoe lacks knowledge of Leary's assertion and to the extent this paragraph makes any coherent allegations, Handshoe denies them.

23.     Paragraph 23 of Leary's Counterclaims: Handshoe denies the allegations, neither the news stories or the photographs accompanying them in question were ever offered for sale or otherwise monetized by Handshoe or Slabbed New Media. Their fair use in journalism in the public interest news stories available free of charge to the public is self-evident. Additionally, Leary received the assignments from third parties in late spring and early summer of 2013, in certain instances over 2 years after the original publications.

24.     Paragraph 24 of Leary's Counterclaims: Handshoe admits Leary sued him for defamation in Canada in a practice known as libel tourism. Enforcement of the resulting money judgment was barred in the United States under the SPEECH Act of 2010 as repugnant to the Constitution. Handshoe denies the remainder of the allegations.

25.     Paragraph 25 of Leary's Counterclaims: Handshoe admits that Leary submitted false affidavits in Canada in order to invade the privacy of certain commenters to the Slabbed New Media website. Leary, despite his knowledge of Handshoe's identity, swore to the Canadian Court that he did not know the identity of the publisher of Slabbed, depriving Handshoe and Slabbed New Media of procedural due process including the opportunity to counter Leary's frivolous arguments to the Canadian Court.

26.     Paragraph 26 of Leary's Counterclaims makes no allegations against Handshoe. Handshoe lacks knowledge of Leary's assertion and to the extent this paragraph makes any coherent allegations, Handshoe denies them. Additionally, Slabbed New Media LLC is not a party to this action.

27.     Paragraph 27 of Leary's Counterclaims is largely incoherent and makes no allegations against Handshoe.  Handshoe lacks knowledge of Leary's assertions and to the extent this paragraph makes any coherent allegations, Handshoe denies them.

28.     Paragraph 28 of Leary's Counterclaims makes no allegations against Handshoe. Handshoe lacks knowledge of Leary's assertion and to the extent this paragraph makes any coherent allegations, Handshoe denies them.

29.     Paragraph 29 of Leary's Counterclaims. Handshoe admits that he obtained Louisiana Court pleadings submitted by Aaron Broussard and

Daniel Abel which clearly indicated they were practicing law as common law partners on certain cases, using the address of the Super 8 Motel on Clearview Parkway in Metairie as their office address[2]. Leary's conclusory allegation these posting were/are false are without merit and Handshoe denies the allegation.

30.     Paragraph 30 of Leary's Counterclaims is denied. The Court properly relied upon Mr. Broussard's and Mr. Abel's Louisiana Court filings per the Fifth Circuit Court of Appeals. The Court never concluded that Trout Point Lodge was a co-defendant in the Waste Remediation case, which was conducted in Louisiana by third parties unrelated to Slabbed New Media or Handshoe.

31.     Paragraph 31 of Leary's Counterclaims is partially admitted and partially denied. Handshoe admits to receiving the complaint in question from the Smith Fawer firm as part of a leak to the overall media in New Orleans. Handshoe denies having any contact with Smith Fawer prior to their drafting of the complaint or conspiring with Smith Fawer to draft the amended complaint, as Leary has alleged in other litigation.

32.     Paragraph 32 of Leary's Counterclaims is admitted.

33.     Paragraph 33 of Leary's Counterclaims is admitted.

---

[2] Filings in this instant matter bore the Super 8 Motel return address. They were later struck by the Court.

34.     Paragraph 34 of Leary's Counterclaims is admitted.

35.     Paragraph 35 of Leary's Counterclaims is admitted. Because Leary is a self-admitted, stateless United States Citizen, diversity jurisdiction never existed for the removal of the matter from state court.

36.     Paragraph 36 of Leary's Counterclaims is admitted. Because Leary is a self-admitted, stateless United States Citizen, diversity jurisdiction never existed for the removal of the matter from state court.

37.     Paragraph 37 of Leary's Counterclaims is admitted.

38.     Paragraph 38 of Leary's Counterclaims is admitted.

39.     Paragraph 39 of Leary's Counterclaims is admitted.

40.     Paragraph 40 of Leary's Counterclaims is admitted.

41.     Paragraph 41 of Leary's Counterclaims is admitted.

42.     Paragraph 42 of Leary's Counterclaims is admitted as to the Garnishment while the remainder is denied.  This allegation formed the "factual basis" for Leary's Motion for Original Discipline in that matter, which was denied by Judge Guirola. Now he recycles these same frivolous arguments, which were previously rejected, to this Court.

43.     Paragraph 43 of Leary's Counterclaims is admitted. Such email exchange demonstrably occurred and the Court accepted it. Leary's

9

arguments to the Court were meritless.  He now attempts to recycle these same arguments, which were previously rejected, to this Court.

44.     Paragraph 44 of Leary's Counterclaims is admitted to the extent the civil action was subsequently amended. Handshoe denies contradicting his prior sworn affidavits as alleged by Leary.

45.     Paragraph 45 of Leary's Counterclaims is admitted.

46.     Paragraph 46 of Leary's Counterclaims is admitted. The Halifax Chronicle Herald removed the Trout Point Lodge planted defamatory article about Handshoe from publication.

47.     Paragraph 47 of Leary's Counterclaims is admitted.

48.     Paragraph 48 of Leary's Counterclaims is admitted.

49.     Paragraph 49 of Leary's Counterclaims is admitted.

50.     Paragraph 50 of Leary's Counterclaims is admitted.

51.     Paragraph 51 of Leary's Counterclaims is admitted.

52.     Paragraph 52 of Leary's Counterclaims is admitted.

53.     Paragraph 53 of Leary's Counterclaims is partially admitted and partially denied. Handshoe admits filing the instant civil action but denies proactively sending a press release to "hundreds of persons".  Rather, Handshoe was contacted by Jackson Jambalaya for comment and he issued a press release to Jackson Jambalaya in response to the inquiry.

54.     Paragraph 54 of Leary's Counterclaims is admitted.

55.     Paragraph 55 of Leary's Counterclaims is partially admitted and partially denied. Plaintiff admits his lawyer filed the refenced motion but denies that Leary, who was represented by counsel, was not noticed of the Motion. Mr. Leary's lawyer was, and remains an ECF participant that received notice of the filing and show cause hearing by email upon its filing with the Court by Mr. Truitt. Leary willfully refused to appear as ordered and now suffers the consequences of his actions. Leary has since made no effort to purge himself of the contempt.

56.     Paragraph 56 of Leary's Counterclaims is partially admitted and partially denied. Handshoe admits a judgment debtor examination was scheduled.  Handshoe denies that Leary was not noticed as he was represented by Counsel at all applicable times who was noticed via ECF. Leary has since made no effort to purge himself of the contempt related to his willful refusal to obey the Court's orders.

57.     Paragraph 57 of Leary's Counterclaims is denied. Leary admits in paragraph 55 that he was represented by Counsel and contradicts his own allegations in paragraph 57 by maintaining he was "pro se" at the exact same time.

58.     Paragraph 58 of Leary's Counterclaims is denied as to a lack of notice for the reasons stated above.

59.     Paragraph 59 of Leary's Counterclaims is partially admitted and partially denied. The last Slabbed New Media publication of the third-party photos for which Leary obtained after the fact assignments was on December 2, 2013.

60.     Paragraph 60 of Leary's Counterclaims is admitted.

61.     Paragraph 61 of Leary's Counterclaims is admitted.

62.     Paragraph 62 of Leary's Counterclaims is admitted. Mr. Leary's lawyer was noticed of the hearing immediately upon its filing with the Court via ECF. Notice was given to Trout Point Lodge, Ltd by process server with the return filed with the Court.

63.     Paragraph 63 of Leary's Counterclaims is admitted.

64.     Paragraph 64 of Leary's Counterclaims is admitted.

65.     Paragraphs 65 to 71 have been dismissed by the Court.

66.     Paragraph 72 of Leary's Counterclaims is denied.

67.     Paragraph 73 of Leary's Counterclaims is denied.

68.     Paragraph 74 of Leary's Counterclaims is partially admitted and partially denied. Handshoe admits the Court dismissed his claims. He denies his claims constitute malicious prosecution.

12

69.     Paragraphs 75 to 80 have been dismissed by the Court.

70.     Paragraphs 81 to 85 have been dismissed by the Court.

71.     Paragraph 86 of Leary's Counterclaims is admitted. Handshoe, in his capacity as publisher of Slabbed New Media submitted the counter-notification in question.

72.     Paragraph 87 of Leary's Counterclaims is admitted. The Nova Scotia court lacks jurisdiction over Slabbed New Media, LLC or the US DMCA.

73.     Paragraph 88 is denied.

74.     Paragraph 89 is denied. None of the works were registered with the Intellectual property office in Canada when they were first published by their respective owners or when subsequently first published by Slabbed New Media, LLC. The copyrights to several of the images resided in the United States with United States based organizations upon their initial publication to slabbed.org. Slabbed New Media LLC successfully counter-notified the third party DMCA Takedown notices submitted by those third parties which were sent at Leary's behest and those third parties, including Progress Media, Ashoka and National Geographic refused to take further action, ratifying the fair use of these images by Slabbed New Media, LLC.

75.     Paragraph 90 is denied.

76.     Paragraph 91 is denied.

77.     Paragraph 92 is denied.

78.     Paragraph 93 makes no allegations. Handshoe denies Leary is entitled to any relief.

79.     Paragraphs 94 to 96 have been dismissed by the Court.

80.     Paragraph 97 makes no allegations per tenant to Leary's Counterclaims.

81.     Paragraph 98 makes no allegations. Handshoe denies Leary is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Handshoe asserts the following defenses in order to preserve the right to assert them. Handshoe may subsequently withdraw any of these defenses. Further, Handshoe reserves the right to amend his Answer and Defenses to assert additional defenses as deemed appropriate. Without assuming any burden of pleading or proof that would otherwise rest on the Defendant/Counter-Plaintiff, Handshoe states as follows:

## FIRST DEFENSE

The Counter- complaint fails to state, in whole or in part, a claim upon which relief can be granted against Handshoe.

## SECOND DEFENSE

Leary's copyright claims against Handshoe are barred by the doctrines of *res judicata* or *laches*. Without limiting the generality of this defense, Leary has already brought these claims against Handshoe in Canada.

## THIRD DEFENESE

Leary's copyright infringement claims are time barred by the applicable statutes of limitations including but not limited to those contained in the Copyright Act.

## FOURTH DEFENSE

Leary does not approach this Court with clean hands.

## FIFTH DEFENSE

The use of the photographs is authorized by the fair use provisions of the Copyright Act.

## SIXTH DEFENSE

Leary has misused his copyright interests to secure a right not granted under the Copyright Act and which is contrary to public policy.

## SEVENTH DEFENSE

Leary's claims are barred by the doctrines of issue preclusion including collateral estoppel and copyright estoppel.

## EIGHTH DEFENSE

Leary does not own certain of the copyrights as they were abandoned / forfeited by their owner prior to assignment to him.

## NINTH DEFENSE

The Counter-complaint fails to plead a claim or claims with specificity against Handshoe.

## TENTH DEFENSE

With respect to each and every purported cause of action, the acts of Handshoe were at all times done in good faith and without malice.

## ELEVENTH DEFENSE

The injuries and damages, if any, sustained by Leary resulted in whole or in part from his own culpable conduct, intentional acts, and want of care. Accordingly, any damages should be reduced and/or barred in accordance with applicable law.

## TWELFTH DEFENSE

Leary has not suffered any actual injury or damages for which Handshoe is liable.

## THIRTEENTH DEFENSE

No act or omission of Handshoe was fraudulent, malicious or grossly negligent and therefore, any award of punitive damages is barred. Leary's claim

for punitive damages is subject to the limitations and requirements of the laws of Mississippi, including but not limited to those in Section 11-1-65, Miss. Code (1972), as amended.

## FOURTEENTH DEFENSE

The imposition of punitive or exemplary damages would violate Handshoe's constitutional rights, including but not limited to those under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States and Article III §14 of the Mississippi Constitution of 1890, and the excessive fines clause in the Eight Amendment to the Constitution of the United States.

## FIFTEENTH DEFENSE

Handshoe asserts the provisions of all applicable statutory caps on damages of any sort, including compulsory, punitive, non-economic or exemplary damages under applicable laws and regulations including but not limited to those in Section 11-1-65, Miss Code (1972), as amended.

## SIXTEENTH DEFENSE

Any use of copyrighted materials was de minimis in comparison to the originality of the creative works in question as a whole.

## **CONCLUSION**

Having answered, Plaintiff/Counter-defendant Douglas Handshoe prays that

Leary's Counterclaims be dismissed on its merits with prejudice and with all costs

and fees assessed against Mr. Leary, together with such other relief the Court may

deem just and proper.

Respectfully submitted this 9th day of November, 2018,

Plaintiff / Counter-defendant
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

18

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on November 9, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on November 9, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 9th day of November, 2018,

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com