IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.   CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO COUNTERCLAIMANT LEARY'S MOTION FOR RECONSIDERATION (ECF# 294)

This Memorandum in Support of Response in Opposition to Leary's Motion of Reconsideration is respectfully submitted by Plaintiff / Counter-defendant Douglas Handshoe.

Mr. Leary's Motion for Reconsideration and it's memorandum in support, rests upon a foundation of quick sand. Assuming, arguendo this Court finds it did err in its dismissal without prejudice of the § 362 counterclaim, that claim is still due to be dismissed either due to a lack of subject matter jurisdiction or because under L.U.CIV.R. 83.6 and local standing order, Title 11 claims are expressly reserved for the Southern District Bankruptcy Court. In any event Handshoe disputes the notion that the Court erred in its *Memorandum Opinion and Order*

1

*Granting In Part And Denying In Part Plaintiff/Counter-Defendant Douglas Handshoe's [244] Motion To Dismiss* (ECF #293) with respect to either claim.

## Law and Argument

*Subject Matter Jurisdiction / Conflict with Standing Orders and Local Rules*

As a threshold matter, the appellate circuits are split on the question of whether or not the District Courts have subject matter jurisdiction on 11 U.S.C. § 362 claims with the Second Circuit finding in *E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117, 121 (2d Cir. 2001) they did not have subject matter jurisdiction holding, "a federal claim under 11 U.S.C. § 362(h) . . . **must be brought in the bankruptcy court**, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases." (emphasis added)[1] Joining the Second Circuit is the Sixth Circuit in *Massey v. Bank of Edmondson Cty.*, 49 F. App'x 604, 606 (6th Cir. 2002), which relied on *Eastern Equipment* to affirm the district court's finding of lack of subject matter jurisdiction.

However the Eleventh Circuit and others diverge on this subject. *In Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 n.2 (11th Cir. 2005), the Eleventh Circuit noted that *Eastern Equipment* "provides no explanation as to why [28 U.S.C.] § 1334 would not apply" to allow the district court to exercise jurisdiction reasoning that 28 U.S.C. § 1334 gives the district court original jurisdiction over

---

[1] The claims now found in § 362(k) were formerly codified in § 362(h) at the time the opinion was written.

2

all cases "under Title 11," "arising under Title 11," or "arising in or related to cases under Title 11,". The Eleventh Circuit relied on *Price v. Rochford*, 947 F.2d 829, 832 n.1 (7th Cir. 1991), in support of its holding in *Justice Cometh*.

Plaintiff/Counter-defendant respectfully submits this Court need not resolve the subject matter jurisdiction issue to reach the same conclusions reached by the Eleventh and Seventh Circuits with regard to the question of whether or not it should hear Mr. Leary's Title 11 claim. The Fourth Circuit joined the Eleventh and Seventh circuits and provided the best explanation for the interplay between the seemingly conflicting statutes over Title 11 Jurisdiction in *Houck v. Substitute Tr. Servs.*, 791 F.3d 473 (4th Cir. 2015) and in the process explains why this Court need not necessarily resolve the split in authority in this instant matter[2].

The court in *Houck* began with 28 U.S.C. § 1334, noting that the statute confers upon the district court the power to hear bankruptcy matters. (*Id.* at 481.) The court then took account of the fact that 28 U.S.C. § 157(a) permits district court judges to refer any such cases to bankruptcy judges of the same district. *Id.* Per 28 U.S.C. § 157(a), "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The court in *Houck* further acknowledged that the Western District of North Carolina,

---

[2] Handshoe found no case law on this topic in the Fifth Circuit.

where the case originated, had a standing referral order in which "all bankruptcy matters were automatically referred to the bankruptcy judge." (*Id.* at 482.) This standing order mirrors Mississippi's and our L.U.CIV.R. 83.6, which states[3]:

> All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this District pursuant to 28 U.S.C. § 157(a).

The fact that the claim belongs in a core bankruptcy proceeding cuts strongly against the district court exercising its subject matter jurisdiction to hear it, should this Court resolve that particular issue. However, the Counter claim is not compulsory and withdrawing the claim from the Court that has the most expertise over the matter is not an efficient use of its judicial resources nor does it comport to either this Court's local rules or this Court's own standing orders. Leary engaged counsel to represent his interests as a creditor and appeared in the Bankruptcy Court matter to which he now complains, never raising that issue in that forum. His continued insistence of raising this issue, all while he feigns ignorance of the local rules, serves only to multiply this litigation to no good end. To the extent the Court dismissed Leary's § 362 claims without prejudice all he simply need do is refile it in the proper forum, an action which Leary has steadfastly resisted despite his citing many of these same cases which reached that

---

[3] See also *Internal Rule 1* as amended effective October 12, 2018, "Part XI, Assignment of Bankruptcy Cases to Bankruptcy Judges" which mandates that all Title 11 cases be referred to the Bankruptcy Court Judges in the Mississippi Federal Courts.

exact conclusion, including *Houck* which Leary cited in his Motion for Reconsideration.

***Leary has Failed to State a Claim for which any Court can Grant Relief***

Leary's asserts he sufficiently pleaded the elements of a § 362(k) claim in his first amended counterclaims but he fails to meet the standards for pleading, conflating Handshoe's action as a creditor of Slabbed New Media with those he took in his capacity as Managing Member of Slabbed New Media, LLC. Leary's §362(k) claim in reality is a redundancy of the now dismissed Fraud Count. Both of these counts complain of the $48,000 attorney fee judgment resulting from the SPEECH Act matter to which Leary is subject, the lawful assignment of same, ultimately to Slabbed New Media, L.L.C. and its proper listing as an asset of the limited liability company in its Chapter 11 proceeding. Leary claims the filing of a Motion for a Judgment Debtor examination in the SPEECH Act matter, to which he had proper notice via his enrolled counsel, somehow constitutes Handshoe taking personal control of the Slabbed New Media, L.L.C.'s judgment asset to the detriment of the other bankruptcy estate creditors.[4] While it is easy to see that filing a Motion for a Judgment Debtor examination in the SPEECH Act matter

---

[4] Leary's own deposition will become salient should he ever actually litigate the § 362 count. Despite pleading for instance in paragraph 67 that "Handshoe was also the debtor in possession and a creditor in that proceeding" Leary testimony is he has no clue what a debtor in possession actually is, claiming such a determination was a "legal conclusion" which he could not answer. He also testified that, "from my perspective, the entire thing was a fraud, and I have never been able to quite figure out what you were doing". Such assertions would bely his accusation in paragraph 69 that Handshoe was "motivated by malice" as he pleaded in his counterclaims.

would cause Leary to experience "sleeping problems", "anxiety" and "stress", especially to the extent he demonstrably knew then that he would ignore the Court's order to appear. However, it stretches the limits of credulity to maintain that filing a Motion for Judgment Debtor Examination in a case where Leary was represented by counsel caused him any damages in the Title 11 action where Leary was also represented by Counsel who never raised this issue[5] or that such an action even exceeded Handshoe's authority as managing member of Slabbed New Media, L.L.C. Simply put, monetizing receivables and collecting judgments from absconding judgment debtors like Leary constitutes the ordinary and necessary conduct of business. Handshoe, in his role as creditor of Slabbed New Media took no actions to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate", actions which are more commonly known as "repossession". Handshoe in his role as managing member acted reasonably to take steps to force Leary to pay his obligation to Slabbed New Media, L.L.C. which would have only enhanced the bankruptcy estate for the benefit of all the creditors.

---

[5] Leary's contention he was proceeding as pro se or not noticed of the proceedings to which he complains are blatant falsehoods and Leary knows these accusations are false yet he continues to levy them. All the Court need do is examine the dockets of these matters to determine that fact.

Finally, this Court's reasoning for its dismissal of the Abuse of Process Counts was not flawed. Leary's Abuse of Process was properly dismissed for the reasons the court set forth in its opinion.

## Conclusion

Plaintiff respectfully requests this Court denies Mr. Leary's Motion for Reconsideration or in the alternative, should the Court choose to modify its *Memorandum Opinion and Order Granting In Part And Denying In Part Plaintiff/Counter-Defendant Douglas Handshoe's [244] Motion To Dismiss* (ECF #293) that Leary's claims still be dismissed for the reasons stated above.

Respectfully submitted this 21st day of November, 2018,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on November 21, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on November 21, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada with a courtesy copy to foodvacation@gmail.com.

Respectfully submitted this 21st day of November, 2018,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com