IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE                                            PLAINTIFF

VS.                                      CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ FOUNDATION
& JOHN DOES 1-50                                            DEFENDANTS

**CHARLES LEARY'S BRIEF SUPPORTING HIS MOTION SEEKING DISCOVERY
OF DOUGLAS HANDSHOE AFTER THE CLOSE OF PLEADINGS**

Counterclaimant Leary respectfully moves the Court to allow additional discovery of Douglas Handshoe following the recent filing of his first defence in this case, which was commenced by Mr. Handshoe over three years ago.

Dr. Leary has not been served with Mr. Handshoe's defence, but understand it includes affirmative defenses including fair use.

The Court is allowing dispositive motions, including summary judgment motions, but only within a one month deadline (ECF 297).

In yet, Leary has never deposed Handshoe; Handshoe previously refused to cooperate in scheduling his deposition. Handshoe's previous responses to Leary's requests for admission, interrogatories, and request for production were evasive or non-responsive (ECF 253-2). Thus, this is a case "when the facts have not been fully developed" due to lack of discovery. *Littlejohn v. Shell Oil Company*, 483 F.2d 1140 (5th Cir. 1973). "Summary judgment should not, therefore, ordinarily be

granted before discovery has been completed. *Goldberg v. Meridor,* 2 Cir. 1977, 567 F.2d 209, 213, *cert. denied,* 1978, 434 U.S. 1069, 98 S.Ct. 1249, 55 L.Ed.2d 771." *Ala. Farm Bur. Mut. Cas. v. Am. Fid. Life Ins. Co.,* 606 F.2d 602 (5th Cir. 1979). Summary judgment will be granted only if "'*the pleadings, depositions,* answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Robinson v. Orient Marine Co.,* 505 F.3d 364, 366 (5th Cir.2007) (quoting Fed. R.Civ.P. 56(c))" *Versai Management Corp. v. Clarendon America Ins. Co.,* 597 F.3d 729 (5th Cir. 2010) (emphasis added). Rule 56(c) implies that discovery will have taken place after the close of pleadings, in the normal course.

As a general principle, summary judgment may be granted only "[a]fter adequate time for discovery" *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.,* 597 F.3d 729, 735 (5th Cir.2010) and ""[s]ummary judgment assumes some discovery." *Brown v. Miss. Valley State Univ.,* 311 F.3d 328, 333 (5th Cir.2002). "The Supreme Court has stated that summary judgment should be entered against a plaintiff who does not raise a genuine issue of material fact "even where the evidence is likely to be within the possession of the defendant, *as long as the plaintiff has had a full opportunity to conduct discovery.*" *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505" *Brown v. Mississippi Valley State University,* 311 F.3d 328 (5th Cir. 2002) (emphasis by the 5th Circuit).

Any lack of discovery before pleadings closed could perhaps be blamed on the parties. Leary's inability to conduct discovery on the defenses and affirmative defenses, however, is excusable as pleadings had never closed in this case until this month, long after the discovery deadline passed. There is no prejudice to Mr. Handshoe in answering additional discovery, especially now that the issues and causes of action have been narrowed by the Court.

In addition, as Handshoe is making ~~numerous~~ affirmative defenses, justice requires that Leary be able to discover Handshoe at this stage of litigation, that he "be afforded discovery before summary

2

judgment proceedings." *Coleman v. Duke*, 867 F.3d 204 (D.C. Cir. 2017). It is appropriate to allow discovery on affirmative defenses in copyright cases *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, 454 F. Supp. 2d 966 (C.D. Cal. 2006) ("conduct discovery on its copyright misuse affirmative defense"); cf also: *Miller v. United States*, 710 F.2d 656 (10th Cir. 1983) ("discovery is strongly favored and generally denying the right to have full discovery on all pertinent issues before a summary judgment is granted would be error"); *Hoover v. Monarch Recovery Management, Inc.*, 888 F. Supp. 2d 589 (E.D. Pa. 2012) ("plaintiffs in those cases were permitted to proceed through discovery before summary judgment was granted."); *Wajilam Exports (Singapore) v. ATL SHIPPING*, 475 F. Supp. 2d 275 (S.D.N.Y. 2006) ("There would be little point in considering a summary judgment motion when significant relevant facts may yet be discovered."); *Hayden v. US*, 147 F. Supp. 3d 1125 (D. Or. 2015) (referencing discovery on affirmative defenses); *Hansen v. RHODE ISLAND'S ONLY 24 HOUR TRUCK & AUTO PLAZA, INC.*, Civil Case No. 12-10477-NMG (D. Mass. Oct. 9, 2012) (discovery on affirmative defenses); *Koresko v. BLEIWEIS*, Civil Action No. 04-CV-769 (E.D. Pa. Feb. 10, 2005) (denying additional discovery on affirmative defences in a 1st amended complaint because "there are no substantive differences between Plaintiffs' Amended Complaint and the original, to which Defendants have already filed an Answer.").

For the above reasons, Dr. Leary respectfully requests an opportunity to depose Mr. Handshoe and to serve additional interrogatories, requests for admissions, and production requests upon Mr. Handshoe, with as minimal a delay as possible.

RESPECTFULLY SUBMITTED, this the 30th day of November, 2018.

CHARLES LEARY, DEFENDANT
appearing *pro se*

3

308 5th Ave E
Vancouver, BC V5T 1H4
Canada

802-440-0213
foodvacation@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on Nov 30, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary