

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                          PLAINTIFF

VS.                                         CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ FOUNDATION
& JOHN DOES 1-50                                          DEFENDANTS

**CHARLES LEARY'S BRIEF SUPPORTING HIS MOTION UNDER FEDERAL
RULES OF CIVIL PROCEDURE 5 & 11**

As of today, Dr. Leary has received no notice from Mr. Handshoe of the following documents:

- Motion to Dismiss (244) and Memorandum (245)

- 238-241, Oppositions to Motions and Memoranda

- 218 & 219, Motion for Partial Summary Judgment and Memorandum

- 296: Answer to Complaint, Counterclaim

Dr. Leary knows a defense was filed with the Court because Dr. Leary received notice from the Court of the filing at his address of record on November 20, 2018 (see attached Exhibit "A"). Dr. Leary has repeatedly informed the Court regarding Mr. Handshoe previous failures to service notice under Fed.R.Civ.P. 5. The Court's response has been either to characterize Leary's motions as mere "quarelling" (ECF 254) or the Court has said they are moot since Leary took it upon himself to locate

1

the necessary filings and respond to them (ECF 289).

Mr. Handshoe has previously brushed Dr. Leary's assertions and evidence aside, but has provided no evidence himself to support his denials. Now, Mr. Handshoe has failed to serve Leary with a major pleading, that is his defense. Handshoe also purports in his Certificate of Service to send "courtesy copies" to Dr. Leary by email. But Dr. Leary has not received an email from Mr. Handshoe since September 14, 2018 (see attached Exhibit "B").

For months now, Mr. Handshoe has been on notice that Leary may seek redress for filing false certificates of service under Fed.R.Civ.P. 11 (ECF 251).

If "the attempt at service did not conform with Rule 5" then the receiving party "did not receive the notice *to which he was entitled*" *New York Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) (emphasis added). "[C]ourts have required *strict compliance* with Rule 5's procedure for effecting service of pleadings and papers other than the initial complaint." *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310 (S.D. Tex. 1994) (emphasis added). When a recipient of Rule 5 notice challenges the fact of proper notice, the burden shifts to the sending party. "[T]he burden of showing that service was made is on the moving party. *Daley v. ALIA*, 105 F.R.D. 87 (E.D.N.Y.1985); *Mroz v. Dravo Corp.*, 293 F.Supp. 499 (W.D.Pa.1968), *aff'd*, 429 F.2d 1156 (3d Cir.1970). Given the important consequences that flow from the service of pleadings and other papers, courts have required the "strictest and most exacting compliance" with Rule 5(b) when service is made by mail. *Timmons v. United States*, 194 F.2d 357, 360 (4th Cir.), *cert. denied*, 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952). *Rivera v. M/T FOSSARINA*, 840 F.2d 152 (1st Cir. 1988). "[T]he claimant must sustain the burden of proving receipt and it has been uniformly held that this fact may be proved as any other fact." United States v. RP McTeague Construction Corp., 264 F. Supp. 619 (E.D.N.Y. 1967). Also: NLRB v. Vapor Recovery Systems Company., 311 F.2d 782 (9th Cir. 1962).

2

Service of papers under the Federal Rules also requires that the same papers and a certificate of service be filed with the court within a reasonable time after service. Fed. R. Civ. P. 5(d). <u>Improper service under the Federal Rules is also subject to sanctions, as where a party files a false certificate of service. See Fed. R. Civ. P. 11.</u>

PIPEFITTERS LOCAL 636 DEFINED PENSION BENEFIT FUND v. L & R SERVICES, INC., No. 06-CV-1 (E.D. Mich. June 20, 2007) (emphasis added)

see also In re Bagdade, 334 F.3d 568, 570-72 (7th Cir. 2003) (sanctions of $1,000 imposed "in partial recompense of the expenses that his conduct has imposed on the judiciary" where appellant's attorney "filed a false certificate of service and failed to serve the brief on his adversary until (in response to the adversary's demands) [the court of appeals] directed him to do so.").

Ivezaj v. Detroit Public Schools, No. 14-12286 (E.D. Mich. Dec. 24, 2015).

Dr. Leary respectfully requests the relief that this Court deems just for Handshoe's intentional failure to serve and for filing false certificates of service, which may include default judgment and sanctions under Rule 11, Section 1927, and/or this Court's inherent authority. In the alternative, under these circumstances, Dr. Leary respectfully requests addition time to file any documents responsive to Mr. Handshoe's defence, including but not limited to a motion to strike under Rule 12(f), once he has actually been served with the defense.

RESPECTFULLY SUBMITTED, this the 30 day of November, 2018.

CHARLES LEARY, DEFENDANT
appearing *pro se*

308 5th Ave E
Vancouver, BC V5T 1H4
Canada

802-440-0213
foodvacation@gmail.com

3

## CERTIFICATE OF SERVICE

I hereby certify that, on __Nov 30__, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary