

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

DOUGLAS HANDSHOE                                            PLAINTIFF

VS.                                    CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                 DEFENDANTS

---

### DEFENDANT CHARLES LEARY'S
### *PRO SE* REBUTTAL AND RESPONSE TO MR. HANDSHOE'S
### OPPOSITION (ECF 299) TO LEARY'S MOTION FOR RECONSIDERATION

---

This is Dr. Leary's response to & rebuttal of Mr. Handshoe's opposition (ECF 299) to Leary's

motion for reconsideration.[1]

First, Mr. Handshoe fails to address the salient issue regarding Leary's counterclaim for

intentional violation of a bankruptcy stay; 17 U.S.C. Section 362(k). That is, the Court's sole reason for

dismissing the count was that it was a *new* claim. In short, Mr. Handshoe has no opposition that he can

articulate regarding this point.

The Court mistakenly stated the claim was new in Its relevant Order; it was not new. As pointed

out in Dr. Leary's motion and brief, it was *not* a new claim and therefore should not have been struck

for that reason. As that was the only reason for striking that claim, and Mr. Handshoe has not opposed

Dr. Leary's assertion or provided any evidence or argument to the contrary, Dr. Leary must prevail on

---

1  Dr. Leary has not received Mr. Handshoe's opposition as required by Fed.R.Civ.P. 5. He has also not received a
"courtesy copy" by email. Dr. Leary has not agreed to be served by electronic means. As far as Dr. Leary can determine
based on the lack of service of Mr. Handshoe's defense and of his opposition brief, Mr. Handshoe has decided to
systematically not serve Dr. Leary as required by the rules, and to file false certificates of service.

this issue. The facts are not denied and are incontrovertible.

Mr. Handshoe then suggests there is a circuit split regarding district court jurisdiction over 11 USC Sec. 362(k) cases, and that the Fifth Circuit has not spoken. However Handshoe ignores *Matter of Walker*, 51 F.3d 562 (5th Cir. 1995), a case cited by Leary, which dealt with both Section 362 and jurisdiction. Bankruptcy and district court jurisdiction were extensively discussed. Handshoe cites 28 U.S.C. § 157(a), however the Walker court emphasized: "Section 157 does not give bankruptcy courts power beyond that granted in 28 U.S.C. § 1334; rather, § 157 allows district courts to assign cases to the bankruptcy courts." See also *Houck v. Substitute Trustee Services, Inc.*, 791 F.3d 473 (4th Cir. 2015); *Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342 (11th Cir. 2005).

Given the circumstances here, this Court may decide the issue Itself. "At its discretion, the district court may — on its own motion for cause shown — withdraw the order of reference to the bankruptcy court and exercise its original jurisdiction over an individual bankruptcy proceeding. 28 U.S.C. § 157(d)." *Lomax v. Bank of America, NA*, 435 B.R. 362 (N.D.W. Va. 2010), discussing 362(k) taking up the case. District courts take jurisdiction of and rule on 362(k) cases based on original federal jurisdiction; see *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263 (11th Cir. 2014); *Barry v. EXPERIAN INFORMATION SOLUTIONS, INC.*, Civil Action No. 2: 16-CV-09515 (S.D.W. Va. July 5, 2018); *Grant v. McCURDY & CANDLER, LLC*, Civil Action No. 1: 12-cv-4232-JEC (N.D. Ga. Sept. 30, 2013). *Pettitt v. Baker*, 876 F.2d 456 (5th Cir. 1989) was also a district court case, though the court stated: "In reaching the conclusion that 11 U.S.C. § 362(h) creates a private right of action, we express no opinion regarding whether the present action was brought in the proper forum."

This Court should not dismiss Dr. Leary's 362(k) cause of action for the reasons already argued in the originating brief, citing cases, but also because Mr. Handshoe's violation of the stay occurred in this Court. In addition, the bankruptcy case was dismissed and is no longer active. Finally, the same facts relevant to Mr. Handshoe's malicious prosecution are salient to Dr. Leary's 362(k) claim. Judicial efficiency calls for the bankruptcy count to remain with this district court. Lomax, supra.

Finally, Dr. Leary stands by his arguments already made regarding Mr. Handshoe's violation of the stay. It is indisputable that Mr. Handshoe was a bankruptcy creditor in the Slabbed New Media bankruptcy. It is also indisputable that he commenced a Rule 69 supplementary proceeding while the automatic stay was in place in his *personal name* seeking the assets of the bankruptcy estate for himself, in his personal name. "Congress has yet to establish any limitation periods governing actions brought for violations of the automatic stay." *Collier v. Washington*, 551 B.R. 249 (W.D. La. 2016). "Courts have permitted debtors to bring ... actions [under § 362(k)] well after the underlying bankruptcy case has been closed or dismissed" and that the approach of looking to state limitations periods is "not mandated." *In re Rushing*, 443 B.R. 85 (Bankr. E.D. Tex. 2010). This is because intentional bankruptcy stay violations strike at the heart of the bankruptcy system itself, and the 362(k) plaintiff is helping the court preserve the integrity of that system, something Congress valued in creating this legislation.

The issue of whether or not Mr. Handshoe is the same as Slabbed New Media has already been decided by two judges of this Court and the bankruptcy court. *In re Slabbed New Media*, LLC, 557 B.R. 911, 916 (Bankr. S.D. Miss. 2016) ("Handshoe and Slabbed are separate entities with separate assets and liabilities."); *Handshoe v. Perret*, 270 F. Supp. 3d 915, 929 (S.D. Miss. 2017) ("[n]or is [Handshoe] pursuing his own legal rights and interests in these Counts.  Instead, [Handshoe] is asserting the legal rights and interests of Slabbed New Media, LLC. Plaintiff lacks statutory standing to assert the claims [. . .] on his own, individual behalf, and these claims will be dismissed as to all Defendants."); *Trout Point Lodge Ltd. v. Handshoe*, 2012 U.S. Dist. LEXIS 193873, at *3 n.2 (S.D. Miss. Dec. 19, 2012) ("Handshoe's pleadings refer to "Slabbed New Media, LLC" as a defendant, but Doug Handshoe is the only named defendant. Slabbed New Media, LLC is not a party to this action."). This determination is *res judicata*. Mr. Handshoe, personally, therefore violated the automatic stay designed to protect the estate of Slabbed New Media, a distinct juridical entity, as well as the other creditors.

Finally, Mr. Handshoe abandons any opposition to Dr. Leary's motion that the abuse of process claim in this case not be dismissed. He fails to brief the issue. *Askanase v. Fatjo*, 130 F.3d 657 (5th Cir. 1997). He has thus waived the opportunity to oppose Dr. Leary's motion in this regard. The Fifth Circuit Court of Appeals has specifically stated that a "failure to provide any legal or factual analysis of an issue results in waiver of that issue." *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 260 (5th Cir. 1995). The Southern District of Mississippi has further held that plaintiffs waived claims for which they made no argument in their response. *Dubose v. Oustalet,* 738 F. Supp. 188, 189 (S.D. Miss. 1990)." *Harris v. City of Greenwood*, Civil Action No. 4: 13CV109-SAA (N.D. Miss. July 3, 2014).

For all the above reasons, and for the reasons already argued and supported in his original brief, Dr. Leary moves that this Court reconsider Its dismissal of the two counts described above. Dr. Leary also once again points out to the Court the continuing pattern of Mr. Handshoe not providing proper notice and service under Fed.R.Civ.P. 5(b).

RESPECTFULLY SUBMITTED, this the $\cancel{30}$ day of November, 2018.

CHARLES LEARY, DEFENDANT

appearing *pro se*

308 5th Ave E
Vancouver, BC V5T 1H4
Canada

802-440-0213
foodvacation@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on _Nov 30_, 2018, I caused a true and correct copy of the above and

foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused

notice of such filing to be delivered to all counsel of record and parties requesting notice, and by

United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared

in this action:

    [none]

_____

Charles L. Leary