IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS HANDSHOE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| v. | § | Civil No. 1:15cv382-HSO-JCG |
| | § | |
| | § | |
| **VAUGHN PERRET,** *et al.* | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT/COUNTER-CLAIMANT CHARLES LEARY'S [294] MOTION FOR PARTIAL RECONSIDERATION

BEFORE THE COURT is pro se Defendant/Counterclaimant Charles Leary's Motion [294] for Partial Reconsideration of the Court's October 26, 2018, Order [293], which granted in part and denied in part pro se Plaintiff/Counter-Defendant Douglas Handshoe's Motion [244] to Dismiss. Leary asks the Court to reconsider the dismissal of two of his claims – a claim under 11 U.S.C. § 362(k) and a claim for abuse of process. Handshoe has filed a Response [298] in opposition to the Motion [294], and Leary has filed a Rebuttal [304]. After due consideration of the Motion, the record, and relevant legal authority, the Court finds that Leary's Motion [294] for Partial Reconsideration should be granted in part and denied in part. The Court will reconsider Leary's claims under 11 U.S.C. § 362(k) and for abuse of process, but for the reasons that follow, the Court concludes that dismissal of those claims is nevertheless warranted.

### I.  BRIEF BACKGROUND

Plaintiff/Counter-Defendant Douglas Handshoe ("Handshoe") initiated this

lawsuit by filing a pro se Complaint [1] against Defendant/Counterclaimant Charles Leary ("Leary") and other Defendants on November 16, 2015.  See Compl. [1] at 1.  According to the Third Amended Complaint, which is now the operative pleading, Handshoe is the publisher of a website/blog owned by Slabbed New Media, LLC ("Slabbed New Media").  See 3d Am. Compl. [90] at 3.  At this stage of the proceedings, all of Handshoe's claims against Leary have been dismissed.[1]

A.      Leary's Counterclaims

On October 10, 2017, Leary filed an Answer, Defenses, and Counterclaims [171] against Handshoe in response to the Third Amended Complaint [90].  Leary advanced Counterclaims against Handshoe for (1) malicious prosecution; (2) fraud; (3) abuse of process; (4) misrepresentations under 17 U.S.C. § 512(f); (5) copyright infringement; and (6) tortious interference with contractual relations and business relations.  See Countercl. [171] at 15-20.  On October 23, 2017, Leary filed First Amended Counterclaims advancing an additional Counterclaim against Handshoe under 11 U.S.C. § 362(k) for purported violation of the automatic bankruptcy stay pertaining to Slabbed New Media's bankruptcy.  See 1st Am. Counterl. [179] at 15-16.

Handshoe later filed a Motion [191] for Sanctions pursuant to Federal Rule of Civil Procedure 11, and on April 17, 2018, the Court struck, among other filings,

---

[1] Handshoe's only remaining claim in this case is one contained in Count 3 of the Third Amended Complaint against Defendants Progress Media Group Limited of Nova Scotia and Marilyn Smulders for alleged misrepresentation under 17 U.S.C. § 512(f).  See 3d Am. Compl. [90] at 36-38.  Both Progress Media and Smulders are in default.  See Clerk's Entry of Default [150] at 1.

Leary's original Counterclaims [171] and his First Amended Counterclaims [179]. *See* Order [222] at 9-10. The Court permitted Leary to refile his Answer with Counterclaims, but directed that "no new counterclaims will be permitted." Order [222] at 9-10. Leary re-filed his Counterclaims [233] on May 16, 2018, advancing claims against Handshoe for the following: (1) violation of Slabbed New Media, LLC's bankruptcy stay under 11 U.S.C. § 362; (2) malicious prosecution; (3) fraud; (4) abuse of process; (5) misrepresentations under 17 U.S.C. § 512(f); (6) copyright infringement; and (7) tortious interference with contractual relations and business relations. *See* Countercl. [233] at 23-31.

B.  <u>Handshoe's Motion [244] to Dismiss Leary's Counterclaims [233]</u>

Handshoe sought dismissal of Leary's Counterclaims [233] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Mot. to Dismiss [244] at 1-2. The Court ultimately granted in part and denied in part Handshoe's Motion [244] and dismissed Leary's Counterclaims [233] for (1) violation of Slabbed New Media's automatic bankruptcy stay under 11 U.S.C. § 362(k); (2) fraud; (3) abuse of process; (4) one misrepresentation claim under 17 U.S.C. § 512(f); and (5) tortious interference with contractual and business relations. *See* Order [293] at 29-30. Leary's Counterclaims for malicious prosecution, misrepresentation under 17 U.S.C. § 512(f) related to the "late January, 2016" counter-notification sent to Amazon Web Services, and copyright infringement remained.

Leary now seeks reconsideration of the Court's dismissal of his claims for violation of the automatic bankruptcy stay and for abuse of process. *See* Mot. [294]

at 1-2.  Leary argues that his claim under 11 U.S.C. § 362(k) was not new and should have been considered by the Court and that the claim was not subject to dismissal for the reasons advanced by Handshoe in his Motion to Dismiss.  *See* Mem. [295] at 1-5.  Leary contends that his pleading was sufficient to state a claim for abuse of process.  *Id.* at 5-11.

C.   Leary's claim for violation of the automatic stay

Leary asserts in his Counterclaims that Handshoe's commencement of a supplementary proceeding on August 17, 2016, to execute on a $48,000.00 judgment debt belonging to Slabbed New Media, which was part of Slabbed's bankruptcy estate, constituted a willful violation of the automatic stay in Slabbed New Media's bankruptcy proceeding.  Countercl. [233] at 23-24.  Leary appears to be referencing Handshoe's actions in a different case in this Court, *Trout Point Lodge, Limited v. Handshoe*, No. 1:12cv90-LG-JMR (S.D. Miss.), which Leary specifically refers to by case number in other sections of his Counterclaims [233].  *See, e.g.,* Countercl. [233] at 18, 21, 23.  In that case, on December 11, 2013, the Court granted Handshoe's Motion to Tax Attorney's Fees and awarded Handshoe a $48,000.00 judgment against Trout Point Lodge, Vaughn Perret ("Perret"), and Leary.  *See Trout Point Lodge, Limited v. Handshoe*, 1:12cv90-LG-JMR, Order [56] at 19 (S.D. Miss. Dec. 11, 2013).

In the present case, Leary's Counterclaims contend that on January 6, 2015, "Handshoe executed an Assignment of Rights & Claims in which he conveyed and transferred the entirety of the $48,000 attorney's fees judgment debt to Slabbed

New Media, LLC." Countercl. [233] at 19. Slabbed New Media then filed a voluntary Chapter 11 bankruptcy petition on June 16, 2015. *Id.* at 19-20; *see also In re Slabbed New Media, LLC*, No. 15-50963-KMS, Bankr. Petition [1] (Bankr. S.D. Miss. June 16, 2015). On September 16, 2016, the Bankruptcy Court denied confirmation of Slabbed New Media's bankruptcy plan and dismissed its bankruptcy case. *See In re Slabbed New Media, LLC*, 557 B.R. 911, 918 (Bankr. S.D. Miss. 2016).

On August 17, 2016, while the bankruptcy case was pending, Handshoe filed in civil case number 1:12cv90-LG-JMR a motion through counsel to examine judgment debtors Trout Point Lodge, Perret, and Leary, in connection with the $48,000.00 attorney's fees judgment. *See Trout Point Lodge, Limited v. Handshoe*, 1:12cv90-LG-JMR, Mot. [77] at 1-3 (S.D. Miss. Aug. 17, 2016). Leary claims that this act to obtain possession of or exercise control over property, which Leary maintains belonged to the bankruptcy estate of Slabbed New Media at that point, violated the bankruptcy court's automatic stay. Countercl. [233] at 23-24.

D.     Leary's claim for abuse of process

Leary's abuse of process claim asserts that Handshoe caused process to issue in the State of Mississippi in a way that was an abuse of process in the following cases:

> (a) Handshoe v. Broussard, et. al. (Hancock County Circuit Court), which case is ongoing or has not been dismissed; (b) Trout Point Lodge, et. al. v. Handshoe (U.S. District Court for the Southern District of Mississippi, compulsory process issued in 2016 and 2017); (c) In re: Slabbed New Media, LLC (U.S. Bankruptcy Court, case dismissed September 16, 2016); and (d) the instant case, including its various amendments.

Countercl. [233] at 27.  Leary maintains that Handshoe published the original Complaint in this case along with a press release and sent these to hundreds of persons on Handshoe's e-mail list, "with the intent of impugning Leary's reputation and character." *Id.* at 28.

## II.  DISCUSSION

A. <u>Relevant legal authority</u>

1. <u>Request for reconsideration</u>

A request for reconsideration of an interlocutory order is considered under Federal Rule of Civil Procedure 54(b).  *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).  Under Rule 54(b), an order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  A district court is free to reconsider and reverse an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) (quotation omitted).

2. <u>Doctrine of standing</u>

Handshoe sought dismissal of Leary's Counterclaims on grounds of lack of standing.  "[T]he jurisdictional issue of standing is a legal question," and "[t]he party invoking federal jurisdiction bears the burden of establishing standing." *Crane v. Johnson*, 783 F.3d 244, 250 (5th Cir. 2015) (quotation omitted).  With respect to the claims at issue in Leary's Motion [294] for Partial Reconsideration,

-6-

Handshoe's Motion to Dismiss raised both constitutional and statutory standing arguments.  *See, e.g.,* Mem. [245] at 9-12, 20.[2]

"Article III of the United States Constitution limits the jurisdiction of federal courts to actual 'Cases' and 'Controversies.'"  *Id.* at 251 (citing U.S. Const., art. III, § 2).  Article III standing requires "plaintiffs to allege such a personal stake in the outcome of the controversy as to justify the exercise of the court's remedial powers on their behalf."  *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (quotation omitted).  A dismissal for lack of standing is granted under Federal Rule of Civil Procedure 12(b)(1).  *See Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 795 n.2 (5th Cir. 2011).

On the other hand, a dismissal for lack of prudential or statutory standing is more appropriate under Rule 12(b)(6).  *Id.*  "Prudential standing requirements exist in addition to the immutable requirements of Article III as an integral part of judicial self-government."  *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009) (quotation omitted).  These judicially created limits concern the following:

> (1) whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit, (2)

---

[2] Because the Court did not reach Leary's claim for violation of the automatic stay on its merits in its earlier Order, it did not address all of Handshoe's arguments as to Leary's § 362 claim at that time.  In support of Handshoe's pro se Motion [244] to Dismiss, he argued that "Leary cannot meet any of the basic elements for a civil action based on 11 U.S.C. § 362 because such a stay works only to the benefit of a bankruptcy debtor, in this instance, Slabbed New Media, LLC, which is not a party to this action . . . ."  Mem. [245] at 20.  This argument sounds in statutory standing, *see id.*, which Leary addressed as such in opposition to Handshoe's Motion, *see* Br. [259] at 21 (arguing that Handshoe is incorrect that only debtors have standing under § 362(k)).

>  whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and (3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.

*Id.* (quotation omitted).

3.  <u>Failure to state a claim</u>

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), a complaint or counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Yumilicious Franchise, L.L.C. v. Barrie,* 819 F.3d 170, 174 (5th Cir. 2016).  In order to be facially plausible, a counterclaimant must plead factual content that allows the court to draw the reasonable inference that the counter-defendant is liable for the misconduct alleged.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the counterclaimant. *Yumilicious Franchise, L.L.C.,* 819 F.3d at 174.  Mere labels and conclusions, or a "formulaic recitation of the elements of a cause of action will not do." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Iqbal*, 556 U.S. at 678) (alteration in original).

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its

-8-

proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quotation omitted).  A court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

B.  <u>Leary's Motion to reconsider his claim for violation of the automatic stay under 11 U.S.C. § 362</u>

Leary argues that the Court incorrectly determined that he had not previously asserted a claim for violation of the automatic stay.  *See* Mot. [295] at 1-5.  He maintains that the Court should have looked to his First Amended Counterclaims [179], rather than his original Counterclaims [171], to determine whether this claim was new.  *Id.*  Leary's argument is persuasive because the Court had stricken both the original Counterclaims [171] and First Amended Counterclaims at the same time, and Leary did in fact advance a claim under 11 U.S.C. § 362 in his First Amended Counterclaims [179].  *See* 1st Am. Countercl. [179] at 15-16.  The Court will grant Leary's Motion [294] for Partial Reconsideration to the extent he seeks consideration of his § 362(k) claim on the merits.  However, for the reasons that follow, the Court concludes that dismissal of this claim remains appropriate based upon Leary's lack of statutory standing.

1.  <u>The automatic stay in bankruptcy</u>

"When a bankruptcy petition is filed, an automatic stay operates as a self-executing injunction[, which] prevents creditors from taking any collection actions against the debtor or the property of the debtor's estate for pre-petition

-9-

debts." *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354-55 (5th Cir. 2008). The automatic stay provision provides that the filing of a bankruptcy petition operates as a stay, applicable to all entities, of certain activities, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . ." 11 U.S.C. § 362(a)(3).

2. Private right of action for an automatic-stay violation

"When the automatic stay is violated, the Bankruptcy Code creates a private right of action in favor of the debtor." *Campbell*, 545 F.3d at 355. Specifically, 11 U.S.C. § 362(k)(1) provides in relevant part that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

3. Leary's statutory standing to pursue a claim under 11 U.S.C. § 362(k)

In this case, Leary's Counterclaims [233] assert that he was a creditor in Slabbed New Media's bankruptcy. *See* Countercl. [233] at 23; *see also In re Slabbed New Media, LLC*, No. 15-50963-KMS (Bankr. S.D. Miss. 2015). Leary alleges that Handshoe's commencement of a supplementary proceeding on August 17, 2016, to execute on a $48,000.00 judgment debt belonging to Slabbed New Media, which was part of its bankruptcy estate, willfully violated the automatic stay in Slabbed's bankruptcy proceeding. Countercl. [233] at 23-24.

In *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533 (5th Cir. 2009), the United States Court of Appeals for the Fifth Circuit considered an issue of first

impression regarding whether, pursuant to § 362(k), individuals other than the debtor have standing to pursue a claim for resulting damages when they assert an injury from a violation of the automatic stay. The Fifth Circuit held that pre-petition creditors of a debtor also have standing to assert a claim against one who violates the automatic stay. *St. Paul Fire & Marine Ins. Co.,* 579 F.3d at 543. Here, it is clear that Leary was not the bankruptcy debtor. The question, then, appears to be whether Leary qualified as a pre-petition creditor of the debtor, Slabbed New Media. *See id.*

The Court may, and does, take judicial notice of the public bankruptcy court records. Leary was listed in Slabbed New Media's bankruptcy as a debtor on the $48,000.00 judgment owed to Slabbed New Media, not as a creditor. While Leary was identified as a creditor relating to a $425,000.00 Canadian defamation judgment against Handshoe, as discussed below, it is clear from the record in the bankruptcy case that Leary was not in fact a pre-petition creditor of Slabbed New Media as to this $425,000.00 judgment. *See In re Slabbed New Media, LLC*, 557 B.R. 911, 913 (Bankr. S.D. Miss. 2016); *In re Slabbed New Media, LLC*, No. 15-50963-KMS, List of Creditors [2] at 1 (Bankr. S.D. Miss. June 16, 2016).

In its bankruptcy case, Slabbed New Media did identify "Trout Point Lodge, Vaughn Perret & Charles Leary" as pre-petition creditors on the $425,000.00 Canadian judgment. *In re Slabbed New Media, LLC*, No. 15-50963-KMS, List of Creditors [2] at 1 (Bankr. S.D. Miss. June 16, 2016). However, Leary and Perret filed a pro se objection to the confirmation of Slabbed New Media's plan of

reorganization, wherein they acknowledged that the $425,000.00 judgment debt at issue was actually against Handshoe personally, and not against Slabbed. *In re Slabbed New Media, LLC*, No. 15-50963-KMS, Obj. [92] at 1-2 (Bankr. S.D. Miss. May 27, 2017). Upon consideration of whether to confirm Slabbed New Media's plan of reorganization, the Bankruptcy Court determined that Slabbed New Media's purported liability relating to the Canadian defamation judgment was actually one owed by Handshoe individually, and was not a liability of the bankruptcy debtor Slabbed. *In re Slabbed New Media, LLC*, 557 B.R. 911, 913 (Bankr. S.D. Miss. 2016). Leary's allegation in his Counterclaims that he was a creditor in Slabbed New Media's bankruptcy is contrary to his clear and unequivocal objection filed in the Bankruptcy Court, and to the Bankruptcy Court's finding on this point. *See id.*

In sum, Leary was not a pre-petition creditor of Slabbed New Media, and he has not shown that he fell within the class of persons whom Congress authorized to sue under 11 U.S.C. § 362(k). *See St. Paul Fire & Marine Ins. Co.,* 579 F.3d at 543. Leary does not enjoy prudential or statutory standing to sue for an alleged automatic-stay violation under 11 U.S.C. § 362(k) related to Slabbed New Media's bankruptcy, and his § 362 claim remains properly dismissed.

C. <u>Leary's claim for abuse of process</u>

As the Court observed in its previous Order [293], Leary essentially raised four separate state law claims for abuse of process arising out of actions taken by Handshoe in both this and other cases filed in federal and state court. *See* Countercl. [233] at 27-28. Leary claimed that Handshoe caused process to issue in

a way that was an abuse of process in the following disputes: (1) a case in the Circuit Court of Hancock County, Mississippi; (2) a separate case in this Court; (3) Slabbed New Media, LLC's bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Mississippi; and (4) in this case. *See id.* While Leary grouped these claims together in one count of his Counterclaims [233], the Court concluded that it did not possess supplemental jurisdiction over some of the claims and dismissed them.

The Court found that it arguably did have supplemental jurisdiction over Leary's abuse of process claim related to Handshoe's actions taken in this case. *See id.* Leary alleged that Handshoe "caused process to issue in a way that was an abuse of process in . . . the instant case, including its various amendments." Countercl. [233] at 27. Leary also claimed that "Handshoe published the original complaint in this case along with a purported press release on the same day he filed the original complaint" and that he sent both documents "to hundreds of persons on Handshoe's email list, including in Mississippi and in Nova Scotia, with the intent of impugning Leary's reputation and character." *Id.* at 28. The Court determined that Leary's allegations did not plead sufficient factual detail to state a claim for abuse of process because this particular claim sounded in the tort of malicious prosecution, not abuse of process, and because there was no allegation that Handshoe misused any regularly-issued legal process in this case.

The Court remains convinced that Leary's Counterclaims for abuse of process were properly dismissed for the reasons stated in its previous Order [293]. To the

extent the Counterclaims contain language mimicking the legal elements of an abuse of process claim, "formulaic recitation of the elements of a cause of action will not do." *Bosarge*, 796 F.3d at 439. Leary's claim for abuse of process stated facts that sounded in the tort of malicious prosecution. The abuse of process claim was properly dismissed pursuant to Rule 12(b)(6).

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Leary's Motion [294] for Partial Reconsideration will be granted in part and denied in part. The Court grants Leary's request to reconsider its prior Order [293] pertaining to the dismissal of his Counterclaims for violation of the automatic stay and abuse of process, as requested, but finds that dismissal of these two Counterclaims remains warranted for the reasons stated herein.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant/Counterclaimant Charles Leary's Motion [294] for Partial Reconsideration of the Court's October 26, 2018, Order [293], is **GRANTED IN PART**, to the extent Leary asks the Court to reexamine whether two of his Counterclaims were properly dismissed, **and DENIED IN PART**, to the extent the Court finds that dismissal of those claims remains warranted.

As the Court stated in its prior Order [293], Charles Leary's Counterclaims [233] for (1) malicious prosecution; (2) misrepresentation under 17 U.S.C. § 512(f), related to the "late January, 2016," counter-notification sent to Amazon Web

Services; and (3) copyright infringement will proceed. Plaintiff/Counter-Defendant Douglas Handshoe has filed his Answer [296], and the case will proceed accordingly.

**SO ORDERED AND ADJUDGED**, this the 7th day of December, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE