IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.   CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO MOTION SEEKING ADDITIONAL DISCOVERY (ECF# 300)

This Memorandum in Support of Response in Opposition to Mr. Leary's Motion Seeking Additional Discovery is respectfully submitted by Plaintiff Douglas Handshoe.

Mr. Leary originally filed a Motion for Sanctions (*See* ECF# 251) which levied a series of specious allegations against Plaintiff over discovery matters that he brought to the Court well past the discovery deadline. He also complained about not receiving certain Motions and Oppositions/Rebuttals from Plaintiff dating back several months to some of the most recently filed Motions and Answer.[1] The Court denied Mr. Leary's Motions for sanctions without further briefing by the parties.[2]

---

[1] *See* ECF# 252 Page 5 for example. Leary re-urged this Motion on December 3, 2018 at ECF 302
[2] *See* ECF# 254 and Text Only Order Dated December 6, 2018

1

Mr. Leary additionally filed a Motion for Seeking Further Discovery, again accusing Plaintiff of submitting "evasive or non-responsive" replies to his previous requests for admissions, interrogatories and request for production. Plaintiff speculates, based on the record in this matter that Mr. Leary's Motion has its roots in a continued pattern of dilatory conduct designed to delay the resolution of this civil action.

## Law and Argument

With regard to the discovery complaints that Leary is re-urging, Plaintiff notes that this Court previously struck Mr. Leary's prior motions and memorandum briefs dating over several months since they were likely signed and submitted by Mr. Leary's business partner in New Orleans, Louisiana.[3] Further, Mr. Leary failed to sign those documents and adopt them as his own after being put on notice of the deficiency. Mr. Leary's own dilatory conduct in this matter precipitated his missing the discovery deadline and the Court should not reward Mr. Leary's bad conduct by essentially extending a deadline that expired over ten months ago.

Mr. Leary can not claim he had no knowledge of Plaintiff's defenses, specifically fair use and copyright misuse, as Plaintiff had previously sought

---

[3] See Opinion and Order at ECF# 222

2

declarations in his Third Amended Complaint on those exact two areas[4] of law for which Leary has since asserted counterclaims.

Leary, in his memorandum in support of his motion admits that his "lack of discovery before pleadings closed" is properly blamed on him[5]. Leary had months to conduct discovery and he failed to seek Plaintiff's deposition when it could have literally been scheduled at any time. Only after Plaintiff's timely filed Motion to Compel was partially granted in June, 2018 with respect to Mr. Leary's deposition, did Leary bring the topic of deposing Handshoe up and even then, Leary never moved the Court to take the Handshoe's deposition[6].

Finally, as Mr. Leary's own deposition illustrates, he is incapable of handling these matters as a pro se litigant due to Vaughn Perret's interference in Leary's legal matters. Leary asks this Court to grant him overly broad discovery when he would not answer basic questions about his own counter claims (including the counts that survived) while Vaughn Perret interrupted and attempted to bicker with the Plaintiff.[7]

Notably, this Court previously decided partial summary judgment motions despite what Leary now claims is a lack of discovery. Leary has yet to produce a

---

[4] See Third Amended Complaint at ECF #90, Counts Nine and Ten beginning at Page 48.
[5] Leary used the term "parties", which Plaintiff rejects. Leary is responsible for his own conduct.
[6] Notably Plaintiff did attempt to depose Mr. Leary on the posts at controversy and the concept of fair use but Leary claimed to have no remembrances of the publications which he has so bitterly previously complained.
[7] See Exhibit 2, beginning at page 13.

single document to the Plaintiff, including the copyright assignments for which he suddenly now has little memory concerning. Mr. Leary has not had to answer a single admission. Handshoe is not in favor of additional discovery but he would be fundamentally prejudiced by granting Leary another shot at the discovery tasks that he should have accomplished almost nine months ago while denying Plaintiff same.

Finally, in his memorandum Leary cited several cases where such discovery was allowed. However, the authorities he cited such as *Littlejohn* involved unique issues for which the Courts crafted very specific and limited discovery plans rather than the very broad discovery sought here by Leary. The defenses Leary now claims that he needs further discovery have literally existed since the inception of this litigation. Plaintiff respectfully submits this Court should not further delay the resolution of this matter so that Leary can conduct a fishing expedition.

## Conclusion

Plaintiff respectfully requests this Court denies Mr. Leary's Motion for Additional Discovery.

Respectfully submitted this 12th day of December, 2018,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on December 12, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on December 12, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 12th day of December, 2018,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com