IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                         DEFENDANTS

## COUNTERCLAIMANT'S LEARY'S BRIEF SUPPORTING HIS MOTION UNDER FEDERAL RULE OF EVIDENCE 201 AND FEDERAL RULE OF CIVIL PROCEDURE 54 REGARDING DISMISSAL OF LEARY'S CLAIM UNDER 11 U.S.C. SECTION 362(K)

This brief supports a motion for reconsideration, and an opportunity to be heard, under the Federal Rules of Evidence and the Federal Rules of Civil Procedure. This is the first opportunity Dr. Leary has had to address the Court's decision to dismiss a claim for a bankruptcy stay violation based on Fed.R.Civ.P. 12(b)(6), despite the fact that Leary has previously submitted a motion for reconsideration on this issue. The basis for dismissal has changed.

In It's Order (ECF 305) on Dr. Leary's Motion for Reconsideration (ECF 294), the Court granted Leary's motion regarding reconsideration of dismissal of his claim under 11 USC § 362(k) to the extent that it was previously dismissed because it was found to be a new claim. It was not a new claim and the Court agreed.

However, the Court proceeded to dismiss the claim under Fed.R.Civ.P. 12(b)(6). The Court determined Leary did not have statutory or prudential standing as an individual injured by Mr.

1

Handshoe's violation of the bankruptcy stay. In reaching that decision the Court took "judicial notice of the public bankruptcy court records" in the bankruptcy of Slabbed New Media, LLC (ECF 305).

The United States Court of Appeals for the Fifth Circuit, among others, has determined that bankruptcy creditors are among the "individuals" who may have standing to file claims under 362(k); St. Paul Fire & Marine Ins. Co., 579 F.3d.

> Federal Rule of Evidence 201(e) states:
> On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

The parties were not notified of the Court's decision to take judicial notice of bankruptcy court records. Therefore, Dr. Leary requests to be heard and respectfully asks that the Court reconsider It's order dismissing the 362(k) claim on a motion to dismiss basis.

Dr. Leary hereby adopts and re-urges all arguments previously made in this case regarding opposing dismissal of his claim under Section 362(k).

Mr. Handshoe has never denied or contested that Dr. Leary was a creditor in the Slabbed New Media bankruptcy. In fact, as sole manager and member of Slabbed, Handshoe named Leary as a pre-petition creditor. This debt was a CAN $425,000 judgment of Nova Scotia Supreme Court against Handshoe personally.

Leary had a pre-petition "claim" under the Bankruptcy Code against Handshoe personally based on his publications on Slabbed. An indemnification agreement existed between Handshoe and Slabbed, which is a public record filed with the Mississippi Secretary of State and in the bankruptcy court, filed by Slabbed New Media as Exhibit 2 in the June 2, 2016, hearing before Judge Samson (ECF 96 in that case).

Mr. Handshoe has testified under oath that the major assets and liabilities in the bankruptcy stemmed from "the LLC's indemnity of me personally for my official acts" (ECF 170-1: 11, 5-7).

2

Leary objected to the bankruptcy court that the debt was not owed by Slabbed New Media, but was in fact owed by Handshoe; *In re Slabbed New Media, LLC*, 557 B.R. 911 (Bankr. S.D. Miss. 2016).[1] The bankruptcy court ultimately denied the Slabbed bankruptcy solely because the plan was deemed unfeasible. *Id* ("The objections to the Plan are sustained to the extent that they raised feasibility of Slabbed's Plan, and the remaining issues raised therein are *moot*." (emphasis added)).

This Court took judicial notice of bankruptcy court filings as the sole basis for It's dismissal of Leary's 362(k) claim based on the rubric of statutory or prudential standing (ECF 305). The Court found: "it is clear from the record in the bankruptcy case that Leary was not in fact a pre-petition creditor of Slabbed New Media as to this $425,000.00 judgment." On that basis, the Court decided Leary lacked statutory standing to file a 362(k) claim for willful violation of a bankruptcy stay, citing Labuzan, *supra*.

> Leary was not a pre-petition creditor of Slabbed New Media, and he has not shown that he fell within the class of persons whom Congress authorized to sue under 11 U.S.C. § 362(k). See St. Paul Fire & Marine Ins. Co., 579 F.3d at 543. Leary does not enjoy prudential or statutory standing to sue for an alleged automatic-stay violation under 11 U.S.C. § 362(k) related to Slabbed New Media's bankruptcy.

## THE LAW ON JUDICIAL NOTICE

Judicial notice should be used "sparingly" at the Rule 12(b)(6) step in a proceeding. *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521 (D. Del. 2008); *RENEKER v. OFFILL*, Civil Action No. 3: 08-CV-1394-D (N.D. Tex. Apr. 19, 2010), both citing *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir.2007).

> In deciding a Rule 12(b)(6) motion to dismiss, the Court may consider matters of which it may take judicial notice. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir.1996); *see* Fed.R.Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). Federal Rule of Evidence 201 permits courts to take judicial notice of an "adjudicative fact" if the fact "is not subject to reasonable dispute in that it is (1) generally known within the territorial

---

[1] This Court found: "Leary and Perret filed a pro se objection to the confirmation of Slabbed New Media's plan of reorganization, wherein they acknowledged that the $425,000.00 judgment debt at issue was actually against Handshoe personally, and not against Slabbed. In re Slabbed New Media, LLC, No. 15-50963-KMS, Obj. [92] at 1-2 (Bankr. S.D. Miss. May 27, 2017 [sic])."

3

jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir.1998). Accordingly, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007). Furthermore, "'a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings,' but 'cannot take notice of the factual findings of another court.'" *SB Int'l, Inc. v. P.R. Jindal*, No. 3:06-cv-1174-G, 2007 WL 1411042, at *1 (N.D.Tex. May 14, 2007) (Fish, C.J.) (quoting *Taylor*, 162 F.3d at 829). Nevertheless, the court should only take judicial notice of facts "'sparingly at the pleadings stage.'" *Reneker v. Offill*, No. 3:08-cv-1394-D, 2010 WL 1541350, at *5 (N.D.Tex. Apr. 19. 2010) (Fitzwater, C.J.) (quoting *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir.2007)). Thus, "'[o]nly in the clearest cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point.'" *Id.* (quoting *Victaulic*, 499 F.3d at 236).
*Kaye v. LONE STAR FUND V (US), LP*, 453 B.R. 645 (N.D. Tex. 2011).

A federal court "may take judicial notice of another court's judicial action. *See Karaha Bodas Co. v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, 2003 WL 21027134, at *4 (5th Cir.2003)." *Gray ex rel. Rudd v. BEVERLY ENTERPRISES-MISS.*, 390 F.3d 400 (5th Cir. 2004) at fn. 7. However, that court "*cannot take judicial notice of findings of fact of other courts*" Id (emphasis added). "[T]he fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir.1998)." *Id.* "It is, however, inappropriate to take judicial notice of factual findings of other courts." *Mississippi State Democratic Party v. Barbour*, 491 F. Supp. 2d 641 (N.D. Miss. 2007); also *Grayson v. WARDEN, COMMISSIONER, ALABAMA DOC*, 869 F.3d 1204 (11th Cir. 2017); *Fidelity Nat. Financial, Inc. v. Friedman*, 855 F. Supp. 2d 948 (D. Ariz. 2012);Weinstein v. Islamic Republic of Iran, 175 F.Supp.2d 13, 16 (D. D.C. 2001); *Hale v. Federal Bureau of Prisons*, Civil Action No. 14-cv-00245-MSK-MJW (D. Colo. Sept. 30, 2015).

This doctrine also applies in the case of a district court taking judicial notice of bankruptcy court documents; *MOMOH v. WELLS FARGO BANK NA*, No. 15-cv-04729-HSG (N.D. Cal. July 1, 2016) (citations removed) ("The Court takes judicial notice of the materials from Plaintiff's bankruptcy proceeding to the extent that they are offered to explain the procedural posture of this action. But the

4

Court declines to take judicial notice to the extent that Defendant offers these materials for the truth of the matters they assert therein.").

> [E]ven though a court may take judicial notice of a "document filed in another court . . . to establish the fact of such litigation and related filings," a court cannot take judicial notice of the factual findings of another court. This is so because (1) such findings do not constitute facts "not subject to reasonable dispute" within the meaning of Rule 201; and (2) "were [it] permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous."

*Taylor v. Charter Medical Corp.*, 162 F.3d 827 (5th Cir. 1998), footnotes removed.

"[A] "court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" US v. Jones, 29 F. 3d 1549 - Court of Appeals, 11th Circuit 1994 citing *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir.1992); also *Lapin v. Goldman Sachs Group, Inc.*, 506 F. Supp. 2d 221 (S.D.N.Y. 2007).

"[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *See, e.g., United States v. Walters*, 510 F.2d 887, 890 n. 4 (3d Cir.1975)" Kramer v. Time Warner Inc., 937 F. 2d 767 - Court of Appeals, 2nd Circuit 1991. "[T]he accuracy of the statements in court filings can reasonably be questioned. Specifically, while the court may take judicial notice of pleadings for the limited purpose of establishing the fact of such litigation or proceeding, the court does not take judicial notice of the truth of the matters asserted in those other proceedings" *CLUB AT HOKULI'A, INC. v. AMERICAN MOTORISTS INSURANCE COMPANY*, Civil No. 10-00241 JMS-LEK (D. Haw. Sept. 3, 2010).

Courts have specifically found it inappropriate to take judicial notice of documents from other courts on a motion to dismiss; *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820 (8th Cir. 2003).

## BANKRUPTCY CREDITORS

The Bankruptcy Code defines a creditor, in part, as an "entity that has a claim against the debtor that arose at the time of or before the order for relief[.]" 11 U.S.C. §101(10)(A). The term "claim" is defined, in part, as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. §101(5)(A). In defining the term "claim," "Congress intended by this language to adopt the *broadest available definition* of "claim." See *Pennsylvania Dept. of Public Welfare* v. *Davenport,* 495 U. S. 552, 558, 563-564 (1990); see also *Ohio* v. *Kovacs,* 469 U. S. 274, 279 (1985). In *Davenport,* we concluded that "'right to payment' [means] nothing more nor less than an enforceable obligation...." 495 U. S., at 559." *Johnson v. Home State Bank,* 501 U.S. 78, 111 S. Ct. 2150, 115 L. Ed. 2D 66 (1991).

Indemnity between the bankrupt and a third party is recognized as creating a claim. *AH Robins Co., Inc. v. Piccinin,* 788 F.2d 994 (4th Cir. 1986); "no creditor is required to file a proof of claim." *In re Simmons,* 765 F.2d 547 (5th Cir. 1985); In re Slabbed, *supra.* Leary objected to the feasibility of the Slabbed New Media plan, not only the fact that the Canadian judgment was against Handshoe personally. *Id.*

## LEARY HAD A CLAIM AND WAS A CREDITOR

The bankruptcy court recognized that Leary had a "claim" against Slabbed New Media, despite the fact that Leary's "foreign judgment [...] has been held unenforceable here under the SPEECH Act," citing *Trout Point Lodge, Ltd. v. Handshoe,* 729 F.3d 481, 496 (5th Cir. 2013). The bankruptcy court explicitly found: "[T]he definition of *a claim* in bankruptcy is broad enough to include this debt; although the judgment cannot be enforced against any assets held in the United States, *it is still valid* as against any foreign assets whether currently possessed or later acquired" *In re Slabbed New Media, LLC,* 557 B.R. 911 (Bankr. S.D. Miss. 2016) at fn. 4 (emphasis added).

6

In addition, the bankruptcy court's final decision placed Leary on a list of "creditors," referring in that paragraph to the other "remaining creditors" Montgomery Law Center, Truitt Law Firm, and others. Id. Leary also appeared in that proceeding with standing as a creditor, and filed motions both *pro se* and represented by counsel, objecting to the feasibility of the reorganization plan. For all intents and purposes Leary was a creditor in the view of Handshoe, Slabbed New Media, and the bankruptcy court even in the face of Leary's Canadian court judgment being against Handshoe personally.

The complexities of under what legal doctrine Leary would have had to pursue his claim against Slabbed in the bankruptcy apparently depends on Mississippi state law. *In re Kizzee-Jordan*, 626 F.3d 239 (5th Cir. 2010) at fn 19. However, this never became an issue as the bankruptcy was dismissed due to the unfeasible nature of its plan.

## THE COURT TOOK JUDICIAL NOTICE OF DISPUTED FACTS AND JUDICIAL FINDINGS

Respectfully, this Court took judicial notice of (a) judicial findings of another court and (b) document(s) filed in another court for the truth of the matters asserted in the other litigation, i.e. the bankruptcy. Again, respectfully, while it was permissible to judicially notice the existence of the bankruptcy proceeding, both acts of judicial notice are impermissible under the Federal Rules of Evidence and federal common law.

The salient issue in this Court's Order (ECF 305) was Leary's prudential standing. "Prudential standing requirements exist in addition to the immutable requirements of Article III as an integral part of judicial self-government." *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir.2009) (internal quotation marks omitted).

> In recent decades [...] we have adverted to a "prudential" branch of standing, a doctrine not derived from Article III and "not exhaustively defined" but encompassing (we have said) at least three broad principles: "'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" *Elk Grove Unified School Dist. v.*

7

*Newdow,* 542 U.S. 1, 12, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004) (quoting *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)).

The Court found Leary lacked prudential standing under 11 USC Section 362(k) because that Act applies to creditors and the Court found that in reality Leary was not a bankruptcy creditor, Labuzan, *supra.* The relevant statute reads:

> Except as provided in paragraph (2), *an individual* injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(k) (emphasis added).

Relying solely on judicial notice of the records of the Slabbed New Media bankruptcy, the Court found Leary was not a pre-petition creditor and therefore not "an individual injured by any willful violation of a stay." This was despite the fact that Leary was on the list of the 20 largest creditors; In re Slabbed New Media, LLC, No. 15-50963-KMS, List of Creditors [2] at 1 (Bankr. S.D. Miss. June 16, 2016), and the fact that Handshoe has never denied Leary was a creditor. Handshoe's only legal argument on dismissal is his erroneous assertion that Section 362 is solely designed to protect the bankruptcy debtor, and not creditors; Labuzan, *supra.*

### *Judicial Notice of Truth of Matters Asserted in Bankruptcy Objection*

In reaching Its decision, the Court looked into a *pro se* objection filed by Leary, in which he argued in part that the $425,000 debt was a judgment against Handshoe personally. "Leary and Perret filed a pro se objection to the confirmation of Slabbed New Media's plan of reorganization, wherein they acknowledged that the $425,000.00 judgment debt at issue was actually against Handshoe personally, and not against Slabbed. In re Slabbed New Media, LLC, No. 15-50963-KMS, Obj. [92] at 1-2 (Bankr. S.D. Miss. May 27, 2017)." (ECF 305). Leary also made other arguments objecting to the plan's feasibility, including "the plan of reorganization provides no viable plan for Slabbed "to survive as a business concern, and its supposed future viability rests solely on vague assertions of legal claims

8

in civil suits where Mr. Handshoe's personal liability for intentional acts do not make such legal actions subject to bankruptcy protection or discharge"." Slabbed, *supra.*

The Court thereby impermissibly took judicial notice of Leary's objection for the truth of the matters asserted therein; that is "to prove the truth of the documents' contents." *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015 (5th Cir. 1996); also: *Doe v. MARINE-LOMBARD,* Civil Action No. 16-14876 (E.D. La. Nov. 10, 2016); *Prewitt v. Continental Automotive,* 927 F. Supp. 2d 435 (W.D. Tex. 2013); *United States v. Walters,* 510 F.2d 887, 890 n. 4 (3d Cir.1975); *Kramer v. Time Warner Inc.,* 937 F. 2d 767 - Court of Appeals, 2nd Circuit 1991; *US v. Jones,* 29 F. 3d 1549 - Court of Appeals, 11th Circuit 1994; *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1388-89 (2d Cir.1992); *Lapin v. Goldman Sachs Group, Inc.,* 506 F. Supp. 2d 221 (S.D.N.Y. 2007); *MOMOH v. WELLS FARGO BANK NA,* No. 15-cv-04729-HSG (N.D. Cal. July 1, 2016).

This is not proper in the context of judicial notice on a motion under Rule 12(b)(6). Leary's cause of action may not be dismissed based on judicial notice of the truth of matters contained within his *pro se* objection in bankruptcy court. While Leary's objection might be admissible as an admission, that would require converting Mr. Handshoe's motion to dismiss into a motion for summary judgment and "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12 (b); *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186 (5th Cir. 1988). And in the end, Leary's admission that his judgment is against Handshoe personally does nothing to diminish the fact that he had a pre-petition claim against Slabbed New Media in bankruptcy, something Handshoe himself (as Slabbed's sole member) and Slabbed's counsel Craig Geno urged based on indemnity.

Therefore, in addition and in the alternative, as argued above, Leary actually had "a claim" under the Bankruptcy Code against Slabbed New Media based on the indemnity agreement invoked by Slabbed New Media and Handshoe in the bankruptcy ("an unsecured claim in the amount of

9

$425,000.00 for alleged indemnification of a Canadian defamation judgment" *In re Slabbed New Media, LLC*, 557 B.R. 911 (Bankr. S.D. Miss. 2016)). Leary was thus a creditor with standing under Section 362(k).

### *Judicial Notice of Findings of Fact in Bankruptcy Proceeding*

Second, the Court in reaching It's decision to dismiss the 362(k) claim took judicial notice of the purported findings of fact of the bankruptcy court.

> Upon consideration of whether to confirm Slabbed New Media's plan of reorganization, the Bankruptcy Court *determined* that Slabbed New Media's purported liability relating to the Canadian defamation judgment was actually one owed by Handshoe individually, and was not a liability of the bankruptcy debtor Slabbed. In re Slabbed New Media, LLC, 557 B.R. 911, 913 (Bankr. S.D. Miss. 2016). Leary's allegation in his Counterclaims that he was a creditor in Slabbed New Media's bankruptcy is contrary to his clear and unequivocal objection filed in the Bankruptcy Court, and to the Bankruptcy Court's *finding* on this point. See id.

(ECF 305, emphasis added).

This is also not permissible and cannot form the basis for a dismissal under Rule 12(b)(6); *Gray ex rel. Rudd v. BEVERLY ENTERPRISES-MISS.*, 390 F.3d 400 (5th Cir. 2004); *Mississippi State Democratic Party v. Barbour*, 491 F. Supp. 2d 641 (N.D. Miss. 2007); and other cases cited above.

In addition and in the alternative, as argued above, the bankruptcy court actually found Leary had a claim and was a creditor (In re Slabbed New Media, LLC, 557 B.R. 911, 913 (Bankr. S.D. Miss. 2016), listing creditors; also, "the definition of a claim in bankruptcy is broad enough to include this debt; although the judgment cannot be enforced against any assets held in the United States, it is still valid as against any foreign assets whether currently possessed or later acquired." Id, referring to Leary's 2012 judgment against Handshoe).

At the stage at which the bankruptcy was dismissed in September, 2016, the bankruptcy court accepted Slabbed's assertion of the $425,000 debt and Leary's claim to it as a creditor. Thus, in August, 2016, a mandatory bankruptcy stay remained in place and Leary was at that time a pre-petition bankruptcy creditor.

10

Finally, Dr. Leary again adopts and re-urges his previous arguments opposing dismissal of his 362(k) claim made in his brief opposing dismissal and his briefs asking for reconsideration. As pleaded by Leary, Handshoe was a bankruptcy creditor who initiated a Fed.R.Civ.P. 69 proceeding in his personal name in order to lay claim to the major asset of the bankruptcy estate in his personal name.[2] Handshoe and Slabbed New Media are separate entities with separate assets and liabilities. The violation of the bankruptcy stay was intentional, high handed, and oppressive. Leary was damaged thereby.

Respectfully, Leary's 362(k) claim should not be dismissed. This Court has jurisdiction over this matter and it should be decided in Leary's favor, including on a motion for summary judgment or if not at trial. The facts are clear.

RESPECTFULLY SUBMITTED, this the 12th day of December, 2018.

CHARLES LEARY, DEFENDANT
appearing *pro se*

308 5th Ave E
Vancouver, BC V5T 1H4
Canada

802-440-0213
foodvacation@gmail.com

---

2  This was despite the fact the Handshoe has testified he was already indemnified by Slabbed New Media for $48,000 in attorney's fees (ECF 170-1); in yet, the lawyer, Jack Truitt, was allegedly never paid and was an active creditor in the bankruptcy.

11

## **CERTIFICATE OF SERVICE**

I hereby certify that, on **Dec 13**, 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary