IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.                          CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

### MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO COUNTERCLAIMANT LEARY'S MOTION FOR RECONSIDERATION (ECF# 309)

This Memorandum in Support of Response in Opposition to Leary's Motion of Reconsideration is respectfully submitted by Plaintiff / Counter-defendant Douglas Handshoe.

Mr. Leary's Motion for Reconsideration and it's memorandum in support continues to rest upon a foundation of quick sand.

As this Court found, properly taking judicial notice of the Chapter 11 Bankruptcy case which underlies Leary's allegations, "Leary's allegation in his Counterclaims that he was a creditor in Slabbed New Media's bankruptcy is contrary to his clear and unequivocal objection filed in the Bankruptcy Court, and to the Bankruptcy Court's finding on this point." Leary thus lacks standing to sue for the alleged stay violation.

Mr. Leary persists however, arguing anew that despite his prior protestations to the contrary that he's had a change of heart and he really was a pre-petition creditor of Slabbed New Media, LLC. In support he cites case law that is inapplicable to this matter in an attempt to paint the Court as abusing its discretion in ascertaining basic case facts about the Bankruptcy court matter which was central to Leary's § 362 counterclaim. Should this Court find otherwise, Handshoe will prove at summary judgment that Mr. Leary is barred from asserting this claim under the Affirmative Defense of Judicial Estoppel[1]. However, as the Court's previous opinion on the § 362 counterclaim is sound under the law, such a further wasting of scarce judicial resources to dilatory tactics should not be required.

Alternatively, assuming arguendo this Court finds it did err in its dismissal of the § 362 counterclaim, that claim is still due to be dismissed either due to a lack of subject matter jurisdiction or because under L.U.CIV.R. 83.6 and local standing order, Title 11 claims are expressly reserved for the Southern District Bankruptcy Court.

## Law and Argument

### *Subject Matter Jurisdiction / Conflict with Standing Orders and Local Rules*

As a threshold matter, the appellate circuits are split on the question of whether or not the District Courts have subject matter jurisdiction on 11 U.S.C. §

---

[1] This Court, in its Memorandum Opinion dated December 7, 2018, the Court elucidated two of the three elements of Judicial Estopppel in the Fifth Circuit.

2

362 claims with the Second Circuit finding in *E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117, 121 (2d Cir. 2001) they did not have subject matter jurisdiction holding, "a federal claim under 11 U.S.C. § 362(h) . . . **must be brought in the bankruptcy court**, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases." (emphasis added)[2] Joining the Second Circuit is the Sixth Circuit in *Massey v. Bank of Edmondson Cty.*, 49 F. App'x 604, 606 (6th Cir. 2002), which relied on *Eastern Equipment* to affirm the district court's finding of lack of subject matter jurisdiction.

However the Eleventh Circuit and others diverge on this subject. *In Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 n.2 (11th Cir. 2005), the Eleventh Circuit noted that *Eastern Equipment* "provides no explanation as to why [28 U.S.C.] § 1334 would not apply" to allow the district court to exercise jurisdiction reasoning that 28 U.S.C. § 1334 gives the district court original jurisdiction over all cases "under Title 11," "arising under Title 11," or "arising in or related to cases under Title 11,". The Eleventh Circuit relied on *Price v. Rochford*, 947 F.2d 829, 832 n.1 (7th Cir. 1991), in support of its holding in *Justice Cometh*.

Plaintiff/Counter-defendant respectfully submits this Court need not resolve the subject matter jurisdiction issue to reach the same conclusions reached by the Eleventh and Seventh Circuits with regard to the question of whether or not it

---

[2] The claims now found in § 362(k) were formerly codified in § 362(h) at the time the opinion was written.

should hear Mr. Leary's Title 11 claim. The Fourth Circuit joined the Eleventh and Seventh circuits and provided the best explanation for the interplay between the seemingly conflicting statutes over Title 11 Jurisdiction in *Houck v. Substitute Tr. Servs.*, 791 F.3d 473 (4th Cir. 2015) and in the process explains why this Court need not necessarily resolve the split in authority in this instant matter[3].

The court in *Houck* began with 28 U.S.C. § 1334, noting that the statute confers upon the district court the power to hear bankruptcy matters. (*Id.* at 481.) The court then took account of the fact that 28 U.S.C. § 157(a) permits district court judges to refer any such cases to bankruptcy judges of the same district. *Id.* Per 28 U.S.C. § 157(a), "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The court in *Houck* further acknowledged that the Western District of North Carolina, where the case originated, had a standing referral order in which "all bankruptcy matters were automatically referred to the bankruptcy judge." (*Id.* at 482.) This standing order mirrors Mississippi's and our L.U.CIV.R. 83.6, which states[4]:

> All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this District pursuant to 28 U.S.C. § 157(a).

---

[3] Handshoe found no case law on this topic in the Fifth Circuit.
[4] See also *Internal Rule 1* as amended effective October 12, 2018, "Part XI, Assignment of Bankruptcy Cases to Bankruptcy Judges" which mandates that all Title 11 cases be referred to the Bankruptcy Court Judges in the Mississippi Federal Courts.

The fact that the claim belongs in a core bankruptcy proceeding cuts strongly against the district court exercising its subject matter jurisdiction to hear it, should this Court resolve that particular issue. However, the Counter claim is not compulsory and withdrawing the claim from the Court that has the most expertise over the matter is not an efficient use of its judicial resources nor does it comport to either this Court's local rules or this Court's own standing orders. Leary engaged counsel to represent his interests as a creditor and appeared in the Bankruptcy Court matter to which he now complains, never raising that issue in that forum. His continued insistence of raising this issue, all while he feigns ignorance of the local rules, serves only to multiply this litigation to no good end. To the extent the Court dismissed Leary's § 362 claims without prejudice all he simply need do is refile it in the proper forum, an action which Leary has steadfastly resisted despite his citing many of these same cases which reached that exact conclusion, including *Houck* which Leary cited in his Motion for Reconsideration.

## Conclusion

Plaintiff respectfully requests this Court denies Mr. Leary's Motion for Reconsideration or in the alternative should the Court choose to modify its previous order that Leary's claims still be dismissed for the reasons stated above.

Respectfully submitted this 28th day of December, 2018,

_____
Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

6

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on December 28, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on December 28, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada with a courtesy copy to foodvacation@gmail.com.

Respectfully submitted this 28th day of December, 2018,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com