IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.  CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## RESPONSE IN OPPOSITION TO COUNTERCLAIMANT LEARY'S MOTION TO STRIKE PLEADINGS (ECF# 311)

Plaintiff/Counter-Defendant Douglas Handshoe respectfully submits this response in opposition to Counter-Claimant Charles Leary's Motion to Strike Pleadings (ECF# 311) and he will show that Mr. Leary's Motion should be denied.

Leary's Motion should be denied for numerous reasons including that the Motion to Strike was not timely filed under the Rule 12(f). Further Mr. Leary has received fair notice of the Affirmative Defenses Handshoe intends to assert. The Fifth Circuit defines the fair notice standard as, "[a] defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."[1] Handshoe

---

[1] 1 *Rogers v. McDorman*, 521 F.3d 385 (5th Cir. 2008)

1

respectfully submits the affirmative defenses he asserted meet and exceed that standard, especially considering he proceeds pro se in this litigation.

In effect, Leary is asking this Court to hold Handshoe's defenses to a higher standard than those which this Court applied to the Leary's Counter claims in its Opinion and Order for the Handshoe Motion To Dismiss (ECF #293). For example Leary complains the "Third Defense [should be struck because it] does not specify which works are involved or which acts of alleged infringement at what time", details Leary's own Counterclaims lack as this Court noted in its's Opinion and Order dated October 26, 2018 (ECF #293) when it wrote, "According to Leary's pleadings, Handshoe created illegal copies of the four photographs and caused them to be published on the Slabbed commercial website, **although he does not plead a specific date or dates of the alleged infringement**. Countercl. [233]"[2] (Emphasis added) Such attempts by Leary to shift the burden of pleading the dates and other details to which Leary is alleging copyright infringement to the Defendant saturate the entire pleading.

Leary in essence is asking this Court to hear only his side of this controversy portraying Handshoe and Slabbed New Media's reporting as ""an internet campaign to damage Perret and Leary" since at least 2011"[3] in a hate filled,

---

[2] If Leary's meaning of "continuous infringement" is rooted in *Taylor v Meirick*, 712 F.2d 1112 (7th Cir. 1983) his allegations will fail as being time barred. As this Court noted the separate accrual rule set out in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014) applies in determining the three year statute of limitations.
[3] See ECF 311, Page 1, Second Paragraph

homophobic campaign while silencing Handshoe's defense that the postings to the Slabbed website that form the heart of this civil action were at all times factual and where of use to the Federal Bureau of Investigation in their investigation of Aaron Broussard. Those publications also clearly depict Leary's role in what the US Attorney would later label as criminal acts.

Handshoe concedes that Slabbed New Media's reporting was devastating to Broussard, Leary, Perret and Trout Point Lodge, mainly because it was based upon Leary, Perret and Abel's own sworn affidavits in the Louisiana Media defamation case they were contemporaneously litigating in Canada, which clearly showed the financial transactions Leary, Perret and Abel conducted on Broussard's behalf. Further, Leary admitted in a blog post, since deleted, that it was no secret he managed Broussard's property in Nova Scotia, including the property of Nova Scotia Enterprises LLC, a Louisiana registered LLC which in reality owned nothing in Canada, a fact Leary would later judicially concede.

Handshoe respectfully submits telling his side of things in the form of the actual publications will support his Defenses, including but not limited to Fair use, Copyright Misuse, Unclean Hands, Res Judicata and Laches, Statute of Limitations, Estoppel, Abandonment/Forfeiture, Failure to plead with Specificity and Good Faith/Lack of Malice.

These matters are more fully discussed in the accompanying Memorandum that is contemporaneously filed with this Opposition.

Respectfully submitted this 28th day of December, 2018,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on December 28, 2018 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on December 28, 2018, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 28th day of December, 2018,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com