IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                      **PLAINTIFF**

v.                                  **CIVIL ACTION NO. 1:15-CV-382-HSO-JCG**

**VAUGHN PERRET,** *et al.*                                    **DEFENDANTS**

### ORDER DENYING DEFENDANT/COUNTER-CLAIMANT CHARLES LEARY'S MOTION TO DISCOVER DOUGLAS HANDSHOE AFTER THE CLOSE OF PLEADINGS (ECF No. 300)

BEFORE THE COURT is pro se Defendant/Counterclaimant Charles Leary's Motion to Discover Douglas Handshoe after the Close of Pleadings (ECF No. 300). This Motion is fully briefed. After due consideration of the Motion, the record, and relevant legal authority, the Court finds that Leary's Motion to Discover Douglas Handshoe after the Close of Pleadings (ECF No. 300) should be **denied**.

By his present Motion, Leary seeks "an opportunity to depose Mr. Handshoe" and an opportunity "to serve additional interrogatories, requests for admissions, and production requests" (ECF No. 301). Ultimately, "[d]iscovery rulings are 'committed to the sound discretion of the trial court.'" *McCreary v. Richardson*, 738 F.3d 651, 654 (5th Cir. 2013) (quoting *Williamson v. USDA*, 815 F.2d 368, 373 (5th Cir. 1987)). Under the Federal Rules of Civil Procedure, the Court "must limit the frequency or extent of discovery . . . if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). The Court finds that Leary has had ample time to conduct discovery in this matter, even considering his assertion that his

failure to conduct discovery "is excusable as pleadings had never closed" (ECF No. 301).

With respect to Leary's request to depose Handshoe, he states that he would like an additional opportunity to do so, as Handshoe "previously refused to cooperate in scheduling his deposition" (ECF No. 301). Leary has never filed a Notice of Deposition with the Court, nor has he sought an order from the Court regarding a deposition. Further, Handshoe asserts that Leary's first attempt to schedule a deposition did not occur until July 3, 2018 (ECF No. 306). The attached emails indicate that Leary stated he "would like" to depose Handshoe in a June 29, 2018 email and then asked if Handshoe would "consent to be deposed if I decide to file a motion seeking your reciprocal deposition" on July 3, 2018 (ECF No. 306-1). Leary has presented no evidence that he followed up on those statements, nor has he shown good cause for extending discovery for the purposes of this deposition.

As to Leary's request to conduct additional written discovery, he states that Handshoe's previous responses were "evasive or non-responsive." On January 22, 2018, Leary served his Interrogatories and Requests for Production (ECF Nos. 210 & 211) on Handshoe, who provided his responses on February 12, 2018 (ECF Nos. 214 & 215). Leary never filed a motion to compel, despite ample time to do so before the discovery deadline on March 12, 2018. Leary's Motion (ECF No. 300) and Memorandum Brief (ECF No. 301) provide no other reason that would justify re-opening discovery to allow him to serve additional interrogatories, requests for admissions, and requests for production.

**IT IS, THEREFORE, ORDERED** that Leary's Motion to Discovery Douglas Handshoe after the Close of Pleadings is **denied**.

**SO ORDERED**, this the 2nd day of January, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE