IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS HANDSHOE | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:15cv382-HSO-JCG |
| | § | |
| VAUGHN PERRET, *et al.* | § | DEFENDANTS |

### ORDER DENYING DEFENDANT/COUNTERCLAIMANT CHARLES LEARY'S [315] MOTION TO APPEAR AT HEARING TELEPHONICALLY OR IN THE ALTERNATIVE TO RELY ON BRIEFS ONLY

**BEFORE THE COURT** is a pro se Motion [315] to Appear at Hearing Telephonically or in the Alternative to Rely on Briefs Only filed on December 27, 2018, by Defendant/Counterclaimant Charles Leary ("Leary"). For the reasons that follow, the Court finds that Leary's Motion [315] is not well taken and should be denied. Leary's Motions [309], [311] remain set for an in-person hearing on **Wednesday, January 9, 2019, at 9:00 a.m.**, at the Dan M. Russell, Jr., United States Courthouse, 2012 15th Street, Courtroom 706, Gulfport, MS 39501, before United States District Judge Halil S. Ozerden.

I. BACKGROUND

This matter has been pending for over three years and is set for trial on the Court's February 2019 trial calendar, with a Pretrial Conference scheduled for January 24, 2019, at 10:30 a.m. The only claims remaining for trial are those of pro se Defendant/Counterclaimant Leary, namely his Counterclaims [233] against pro

se Plaintiff/Counter-Defendant Douglas Handshoe for (1) malicious prosecution; (2) misrepresentation under 17 U.S.C. § 512(f), related to the "late January, 2016," counter-notification sent to Amazon Web Services; and (3) copyright infringement. *See* Order [305] at 14-15.[1]

The parties have filed a total of approximately 75 motions during the pendency of this case, including several motions for reconsideration. Throughout this case, the Court has endeavored to give each motion careful consideration and to issue written orders resolving them. However, this has consumed an inordinate amount of the Court's time and taken away from time the Court could, and needs to, devote to other pending civil cases, some of which are also awaiting trial on the February 2019 trial calendar.

On December 17, 2018, Leary filed a Motion [309] Under Rule of Evidence 201 and Federal Rule of Civil Procedure 54 Regarding Dismissal of Leary's Claim Under 11 U.S.C. § 362(k), and a Motion [311] to Strike Defense Pleadings Under Federal Rules of Civil Procedure 12(f) and 8. Due to the impending pretrial conference and trial dates, the Court expedited briefing on these two Motions [309], [311] and set them for an in-person hearing on Wednesday, January 9, 2019, at 9:00 a.m. *See* Order [313] at 2-3. The Court ordered the parties to appear in person at this hearing to argue their respective positions on these Motions and allow the

---

[1] Pro se Plaintiff Handshoe's only remaining claim is one contained in Count 3 of the Third Amended Complaint against Defendants Progress Media Group Limited of Nova Scotia and Marilyn Smulders for alleged misrepresentation under 17 U.S.C. § 512(f). *See* 3d Am. Compl. [90] at 36-38. Progress Media and Smulders are both in default. *See* Clerk's Entry of Default [150] at 1.

2

Court to rule from the bench, rather than expending the time necessary to prepare and issue written orders. *Id.* at 3. Leary has now filed a Motion [315] asking the Court to permit him to appear at the hearing telephonically or in the alternative to rely only on the parties' briefs in deciding the issues.

## II. DISCUSSION

Local Uniform Civil Rule 7(b)(6) provides in relevant part as follows:

> (A) The court will decide motions without a hearing or oral argument unless otherwise ordered by the court on its own motion . . . .
> (B) An evidentiary hearing or oral argument, where allowed, will be set at a time and place convenient to the judge. The court may, in its discretion, hear oral argument by electronic means.

L.U. Civ. R. 7(b)(6).

In his two Motions presently set for hearing, Leary seeks reconsideration on one of his many claims that was dismissed by the Court in a lengthy Memorandum Opinion and Order ruling on a Motion [244] to Dismiss filed by Plaintiff/Counter-Defendant Douglas Handshoe ("Handshoe"). Leary also seeks to strike certain of Handshoe's defenses to Leary's Counterclaims. The Court is attempting to resolve Leary's Motions as expeditiously as possible, in advance of the January 24, 2019, pretrial conference, so the parties will know what claims and defenses remain for trial in February 2019. In order to provide the parties with timely rulings on Leary's Motions, and given the Court's extremely busy civil and criminal docket, the Court determined that in the interests of justice and judicial economy it should set Leary's Motions for an in-person hearing on January 9, 2019, at 9:00 a.m.

Given the procedural history and the facts and circumstances of this case, including that the only remaining parties are both proceeding pro se, and the logistical difficulties the Court has experienced in other cases with attempting to conduct a telephonic hearing requiring a court reporter, the Court finds that an in-person hearing is appropriate in this case.  Only Leary's Counterclaims remain for trial, and he has an obligation to prosecute his own case without undue delay.  Leary states that he will be outside of North America on business on January 9, 2019, *see* Mot. [315] at 1, but does not state when he might be available to attend an in-person hearing, *see id.* at 1-2.

In fact, it appears that although Leary has maintained a Canadian mailing address with the Clerk of Court, he has been out of North of America for a large portion of the pendency of this case.  For example, since at least March 2018 many, if not all, of the envelopes containing Leary's filings mailed to the Clerk of Court were sent from France.  *See, e.g.,* Envelope [217-6] at 2; Envelope [223-1] at 1; Mailing Label [224-1] at 1; Mailing Label [236-1] at 2; Envelope [242-1] at 1; Mailing Label [311-1] at 1.  Based upon his filings in July 2018, it appears that Leary was also in Spain at some point.  *See* Resp. [274] at 2; July 7, 2018, E-Mail [274-3] at 4.  Leary has employed a mail processor in Canada to handle mail received at his address of record in Canada.  *See, e.g.,* Leary's Decl. [228] at 1; E-Mails [228-1] at 1-4.  It is unclear from Leary's Motion [315] when he will be available for a hearing, and he offers no alternative dates for a hearing and does not

4

disclose when he might be back in North America. It is not a court's duty to prophesy a litigant's availability.

Moreover, much of the delay in this case has been attributable to Leary's own intentional conduct. For example, on April 17, 2018, the Court granted Handshoe's Motion [191] for Sanctions and struck many of Leary's filings, which Handshoe claimed had been ghostwritten by a disbarred Louisiana attorney who was forging Leary's signature and mailing the documents to the Clerk of Court for filing. In fact, one of the pleadings stricken was Leary's Counterclaims. *See* Order [222] at 9. The Court was then compelled to deny the parties' pending dispositive Motions as moot, including Handshoe's then-pending Motion [187] to Dismiss Leary's Counterclaims. *See* Apr. 17, 2018, Text Order. The Court did, however, permit Leary to personally prepare and refile his Answer with Counterclaims. Order [222] at 9-10. This resulted in Handshoe filing another Motion [244] to Dismiss, which the Court was required to address. Had Leary not engaged in sanctionable behavior, this matter could have been resolved more expeditiously.

Based upon the facts and circumstances of this particular case, the Court finds that Leary's Motion is not well taken and should be denied. The in-person Motions [309], [311] hearing will not be cancelled or continued. If Leary truly desires to avoid appearing in person for this hearing, which the Court has scheduled in order to more expeditiously hear and resolve Leary's own Motions [309], [311], then Leary is certainly free to withdraw his Motions, which would obviate the need for a hearing on them.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant/Counterclaimant Charles Leary's Motion [315] to Appear at Hearing Telephonically or in the Alternative to Rely on Briefs Only is **DENIED**. The in-person Motions [309], [311] hearing remains set on **Wednesday, January 9, 2019, at 9:00 a.m.**, at the Dan M. Russell, Jr., United States Courthouse, 2012 15th Street, Courtroom 706, Gulfport, MS 39501, before United States District Judge Halil S. Ozerden.

**SO ORDERED AND ADJUDGED**, this the 2nd day of January, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE