IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE                                          PLAINTIFF

VS.                                       CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OF NOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                               DEFENDANTS

## DEFENDANT CHARLES LEARY'S
### *PRO SE* REBUTTAL TO MR. HANDSHOE'S OPPOSITION (ECF 321)
### TO A MOTION UNDER FEDERAL RULE OF EVIDENCE 201

COMES NOW Plaintiff by counterclaim **Charles Leary**, appearing *pro se*, to rebut defendant by counterclaim Handshoe's opposition to Dr. Leary's Motion under Federal Rule of Evidence 201. First, Mr. Handshoe fails to cite any facts or law that contradict Dr. Leary's position that dismissal of Dr. Leary's 362(k) claim cannot occur based on judicial notice of findings by the bankruptcy court or arguments contained in Dr. Leary's submissions to the bankruptcy court. Dr. Leary stands by the case law submitted. Mr. Handshoe does not even address this issue in his brief, instead focusing exclusively on Dr. Leary's argument in the alternative that he actually was a pre-petition creditor, which fact was recognized by the bankruptcy court in Its final decision.

Mr. Handshoe also mischaracterizes Dr. Leary's position regarding his status as a pre-petition creditor. Mr. Handshoe had an indemnity agreement with Slabbed New Media, LLC. Dr.

Leary's 2012 Canadian money judgment against Mr. Handshoe was made part of the bankruptcy, and the bankruptcy court accepted that judgment despite the fact that enforcement was blocked in Mississippi. In fact the bankruptcy court found the debt was not "contingent, unliquidated and disputed." The Court stated in Its final published decision:

> Although Slabbed listed the debt as contingent, unliquidated and disputed, this listing is improper because the debt has been reduced to judgment. See *In re Scott,* No. 06-80176-G3-13, 2006 WL 3166841, at *3 (Bankr. S.D. Tex. Nov. 1, 2006) ("A final, binding judgment is not required for a debt to be noncontingent or unliquidated. Similarly, the fact that a judgment is on appeal does not make the debt noncontingent or unliquidated. A judgment on appeal represents a liability which is fixed and noncontingent and remains a final, enforceable judgment until it is reversed, if ever, on appeal."). This foreign judgment, however, has been held unenforceable here under the SPEECH Act. *Trout Point Lodge, Ltd. v. Handshoe,* 729 F.3d 481, 496 (5th Cir. 2013). But the definition of a claim in bankruptcy is broad enough to include this debt; although the judgment cannot be enforced against any assets held in the United States, it is still valid as against any foreign assets whether currently possessed or later acquired.

*In re Slabbed New Media, LLC*, 557 B.R. 911 (Bankr. S.D. Miss. 2016).

Dr. Leary was therefore a pre-petition creditor of Slabbed New Media, LLC. Dr. Leary indeed also filed objections to the plan, as previously argued. Dr. Leary therefore has standing under 11 USC Section 362. Had the bankruptcy gone forward, the status of the $425,000 judgment debt would have been adjudicated by the bankruptcy court, in a decision that would have been binding in Canada. Canadian-US bankruptcies often involve assets on either side of the border; *Frink America v. Champion Road Machinery*, 961 F. Supp. 398 (N.D.N.Y. 1997). Dr.

Leary's judgment debt was subject to the jurisdiction of the United States bankruptcy court, which was Slabbed New Media's obvious intention in naming Leary as a pre-petition creditor.

The rest of Mr. Handshoe's opposition consists of a repetitive re-statement of arguments he has already made to the Court. This Honorable Court has original jurisdiction over this claim, however, Dr. Leary does not dispute that at Its discretion, the matter may be referred to the bankruptcy court. Dr. Leary believes judicial efficiency speak for this Court handling the claim.

RESPECTFULLY SUBMITTED, this the 31 day of December, 2018.

CHARLES LEARY, DEFENDANT
appearing *pro se*

308 5th Ave E
Vancouver, BC V5T 1H4
Canada

802-440-0213
foodvacation@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on 3/1/17 , 2018, I caused a true and correct copy of the above and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which caused notice of such filing to be delivered to all counsel of record and parties requesting notice, and by United States First Class Mail, postage prepaid, to the following non-ECF participants having appeared in this action:

[none]

_____
Charles L. Leary