

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

DOUGLAS HANDSHOE                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 1:15cv382HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A TROUT
POINT LODGE LTD OFNOVA SCOTIA
& IN THEIR INDIVIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, TORSTAR
CORPORATION, NATIONAL
GEOGRAPHIC SOCIETY, XYZ
FOUNDATION & JOHN DOES 1-50                                    DEFENDANTS

---

**DEFENDANT CHARLES LEARY'S
*PRO SE* REBUTTAL TO MR. HANDSHOE'S OPPOSITION (ECF 323)
TO A MOTION TO STRIKE**

---

COMES NOW Plaintiff by counterclaim **Charles Leary**, appearing *pro se*, to rebut

defendant by counterclaim Handshoe's opposition to Dr. Leary's Motion to Strike portions of Mr.

Handshoe's defense pleading. Leary filed a motion (ECF 302) for sanction or in the alternative

for additional time to file documents responsive to Mr. Handshoe's defense, which Dr. Leary

only received on December 3, 2018. Handshoe admits this is the day Dr. Leary received the

defense he mailed on November 9, 2018, without indicating the address was in Canada. In his

motion (302) Dr. Leary specifically mentioned a motion under Fed.R.Civ.P. 12(f). Mr. Handshoe

argues the Motion to Strike was filed out of time.

On December 6, 2018, the Court entered a text only order that stated "the motion

deadline will be extended to 1/4/2019." Dr. Leary's Motion to Strike was filed on December 17,

2018.

Beyond this, Mr. Handshoe's opposition fails to address the deficiencies in his defense pleading. Mr. Handshoe paints Dr. Leary as somehow ignoring the Court's guidance on pleading affirmative defenses at pages 6-7 of his brief. However, because the Court declined to entertain certain affirmative defenses at the Rule 12(b)(6) stage does not mean that Handshoe's affirmative defenses as now actually pleaded are not deserving of striking. Dr. Leary was not attempting to "mischaracterize the Court's previous Order."

Handshoe posits that defending his "credibility as a journalist" justifies his prolix, immaterial, scandalous, and shotgun pleading. It does not.

Mr. Handshoe fails to cite to any case law that would support his position. In fact, he merely re-tells his conspiracy theory to the Court yet again.

The defense pleading filed by Mr. Handshoe's is deserving of striking in the way specified by Dr. Leary in his memorandum brief supporting his motion.


RESPECTFULLY SUBMITTED, this the _31_ day of December , 2018.


CHARLES LEARY, DEFENDANT
appearing *pro se*


308 5th Ave E
Vancouver, BC V5T 1H4
Canada

802-440-0213
foodvacation@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on _____, 2018, I caused a true and correct copy of the above

and foregoing to be filed utilizing the Court's CM/ECF electronic document filing system, which

caused notice of such filing to be delivered to all counsel of record and parties requesting notice,

and by United States First Class Mail, postage prepaid, to the following non-ECF participants

having appeared in this action:

[none]

_____
Charles L. Leary