Exhibit "E"

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

TROUT POINT LODGE, LTD.
VAUGHN PERRET, and
CHARLES LEARY

**PLAINTIFFS**

versus

**CAUSE NO: 15-0458**

DOUGLAS K. HANDSHOE

**DEFENDANT**

FILED
JAN 0 5 2017
KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY_____D.C.

### ORDER

THIS MATTER is before the Court on the Defendant's Objection to and Motion to Strike and/or Permanently State Plaintiff's Enrollment of Foreign Judgment, and the Court having considered all the pleadings and exhibits annexed thereto, arguments of counsel, and applicable law finds that the motion should be denied, all as outlined below.

### Findings of Fact

The Court finds the following:

1. In January 2013, Plaintiffs brought an action entitled Motion for Assessment of Damages against Defendant in the Supreme Court of Nova Scotia, Canada. The matter was filed in Court File 411345 in that court.

2. On September 5, 2013, the Defendant personally appeared before the Supreme Court of Nova Scotia in Yarmouth, Nova Scotia "for the limited purpose of challenging the jurisdiction over him . . ."[1]

3. On February 26, 2014, the Supreme Court of Nova Scotia found that pursuant to Rule 70.04 of the Civil Procedure Rules of Nova Scotia, Defendant was personally served with notice of motion for assessment of damages; that pursuant to Rule 4.06 of the Civil Procedure

---

[1] Defendant admits this fact in his original motion.

**MAILED TO ATTORNEY**

1

Rules of Nova Scotia, Defendant filed a Demand for Notice, but did not file a defense; that Defendant received notice of the assessment of damages; and that the Nova Scotia court found the defendant infringed the copyrights in photographs of the Plaintiffs in 2012 and 2013.

4.  Defendant litigated the Nova Scotia lawsuit beyond making a limited appearance to challenge that court's personal jurisdiction over him, including (a) a June 6, 2013 letter to Justice Muise of the Nova Scotia Supreme Court seeking the judge's recusal, (b) a June 24, 2013 reply to Applicant's (Plaintiffs here) Motion to Strike and Summary Disposal, (c) a June 26, 2013 Motion to Quash Applicant's Request for Cross Examination; (d) an October 21, 2013 Demand for notice, and (e) a November 26, 2013 Motion for Summary Judgment.

5.  On February 26, 2014, the Supreme Court of Nova Scotia ordered that the Defendant pay the sum of twenty thousand Canadian dollars ($20,000.00 CAD) in statutory damages to Vaughn Perret; twenty thousand Canadian dollars ($20,000.00 CAAD) in statutory damages to Charles Leary; forty thousand Canadian dollars ($40,000.00 CAD) in statutory damages to Trout Point Lodge, Ltd and the Defendant pay one hundred thousand Canadian dollars ($100,000.00) in punitive damages.[2]

6.  On December 9, 2015 Plaintiffs enrolled a February 26, 2014 certified judgment of the Supreme Court of Nova Scotia in the Hancock County Circuit Court.

7.  On December 18, 2015, Defendant filed the instant motion with the Court.

8.  On January 7, 2016, Defendant removed this case to the U.S. District Court for the Southern District of Mississippi, Southern Division; and on February 17, 2016, the District Court remanded the matter back to circuit court finding that Defendant had not sufficiently

---

[2] See judgment of Supreme Court of Nova Scotia Kevin Coady filed with this Court on December 9, 2015.

carried his burden to establish diversity jurisdiction. The District Court also found that Securing the Protection of our Enduring and Established Constitutional Heritage (SPEECH) Act did not confer federal jurisdiction to the district court under the facts of the Canadian judgment, as alleged by Defendant.[3]

## Conclusions of Law

9. "The enforcement of judgment entered in a foreign nation is governed by state law and the principle of comity." *Dep't of Human Servs., State of Miss. v. Shelnut*, 772 So. 2d 1041, 1044 (Miss. 2000). The application of the principle of comity is a matter of discretion with the trial judge. *Id.*

10. The ability of this Court to give effect to a foreign judgment, under statutory law or comity is dependent upon the underlying judgment being valid, and therefore, "the question of whether the Canadian court had personal jurisdiction . . . is crucial." *Id. at 1045*.

11. The principal of res judicata applies to questions of subject matter and personal jurisdiction. *Id.*

12. Under the *Shelnut* framework, when a party is sued in a foreign forum, he may first,

> [i]gnore the complaint and summons, and then, if a default judgment is [entered] against him, he may challenge that judgment on jurisdictional grounds in a collateral proceeding when the plaintiff seeks to enforce the judgment. [Citations omitted]. Second, he may voluntarily waive any lack of personal jurisdiction and submit to the distant court's jurisdiction. And third, he may submit to the jurisdiction of the court for the limited purpose of challenging jurisdiction. [Citation omitted] (citing *American Sur. Co. v. Baldwin*, 287 U.S. 156, 166, 53 S.Ct. 98, 101, 77 L/Ed 231 (1932). The Supreme Court has explained that by taking this third route, as Shelnut has done here, "the defendant agrees to abide by that court's determination on the issue of jurisdiction: That decision will be res judicata on that issue in any further proceedings."

---

[3] Vaughn Perret; Charles Leary; and Trout Point Lodge, Ltd. a Nova Limited Company v. Douglas Handshoe; Case 1:16-cv-00007-LG-RHW (Doc 8).

*Id at 1045-46.*

13. "Where the jurisdiction of the court is challenged, and the question is contested and decided, a judgment of the court . . . that jurisdiction duly attached is conclusive on the parties in subsequent litigation." *Dep't of Human Servs., State of Miss. v. Shelnut*, 772 So. 2d 1041, 1045 (Miss. 2000). (citing *State ex. rel. Patten v. Gaither*, 179 Miss. 64, 171 So. 768 (1937).

14. Defendant did not, after being served, allow a default to entered then proceed solely on attacking the foreign judgment in a collateral proceedings as he previously did.[4] Rather, the Defendant appeared before the Supreme Court of Nova Scotia for the purpose of challenging jurisdiction. But the Defendant participated beyond a personal jurisdiction challenge, filing non-personal jurisdiction challenge pleadings, most notably a challenge to the merits of Plaintiffs' application in the form a motion for summary judgment. Under Canadian law, when a defendant participates in a proceeding of his case by filing substantive pleading after challenging, he consents (attorns) to that court's jurisdiction. *Schultz v. Schultz*, 2007 NSSC 319, ¶¶ 22, 23 citing *Cincurak v. Lamoureux*, 202 ABQB 777 (holding that a defendant must not take any further step in the proceedings until the question of jurisdiction is resolved). *See also, Waterbury Newton v. Lantz*, 2010 NSSC 359 (filing substantive pleadings after jurisdiction challenge results in defendant consenting to jurisdiction).

---

[4] *See Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481 (5th Cir. 2013). Defendants previously challenged enforcement of a foreign judgment by the same plaintiffs. Both the District Court and the Fifth Circuit agreed that the particular Nova Scotia judgment invoked the SPEECH Act's protections and refused to allow the judgment to be enforced. But in this particular foreign judgment, the District Court determined it is based upon copyright claims, not defamation, and the SPEECH Act is not implicated. See ¶8.

15. The Defendant's appearance in the Nova Scotia court limited appearance to challenge personal jurisdiction was waived by his subsequent filings, particularly dispositive motion practice. Thus, under *Shelnut*, the Defendant must abide the findings of the foreign court.

16. The judgment of the Nova Scotia Supreme Court is not repugnant to Mississippi Law. And the judgment does not conflict with the SPEECH Act of 2010 as determined by the United States District Court's February 17, 2016 remand order.

17. That the order of the Nova Scotia Supreme Court awarding damages was properly enrolled and the Defendant's Objection to and Motion to Strike and/or Permanently Stay Enrollment is not well taken and should be denied.

**IT IS THEREFORE ORDERED,** that the Defendant's Objection to and Motion to Strike and/or Permanently Stay Enrollment is not well taken and should be denied. It is,

SO ORDERED, this the ___30___ day of January, 2017.

_____
CIRCUIT COURT JUDGE

5