IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.  CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO LEARY'S LATEST MOTION FOR SANCTIONS (ECF# 317)

This Memorandum in Support of Response in Opposition to Leary's Latest Motion to for Sanctions is respectfully submitted by Plaintiff / Counter-defendant Douglas Handshoe.

### Introduction

"Life's but a walking shadow, a poor player, That struts and frets his hour upon the stage, And then is heard no more. It is a tale told by an idiot, full of sound and fury, signifying nothing."[1]

Given the number of times Mr. Leary has sought to have this Court sanction Handshoe, the above quote certainly crossed the Plaintiff/Counter Defendant's mind while he was reading Mr. Leary's latest Memoranda associated with his latest

---

[1] Macbeth Act 5, scene 5, 24–28

1

Motion for Sanctions. In this instance, Leary once again comes to this Court with complaints that have either already been heard by or belong in other Courts and by recycling the now dismissed abuse of process claim previously dismissed by this Court under the guise of a Motion for Sanctions[2]. It is this exact kind of vexatious behavior, exhibited by Leary in his numerous motions for sanctions and more recently meritless motions for reconsideration (since withdrawn) of this Court's orders that results in a wasting of the Court's scare judicial resources that the Mississippi Litigation Accountability Act seeks to deter. Leary's tale is thus loaded with irony.

For instance there is a certain irony in Leary seeking attorney fees given his documented history and habit of refusing to pay such judgments rendered against him by Judge Guirola here in Mississippi or even in Nova Scotia where Vaughn Perret, Leary and their "cyber-bullying act" lawsuit against Frank Magazine crashed and burned after Leary and Perret failed to appear at a hearing and the Court there assessed Leary and Perret the defense's attorney fees.[3] [4] Leary's habit of not appearing when ordered appears to be born of his desire to avoid having to answer questions about the affidavits he filed in his Louisiana Media defamation lawsuit, or

---

[2] The dismissal of the abuse of process count itself was the subject of a Leary Motion for Reconsideration.
[3] Leary and Perret sued Frank because their feelings were hurt by the cover the cover of Frank Magazine Issue 660. The cover and related story can be accessed by visiting the post *By popular demand: A Day in the life of Chuckie and Vaughn* at http://slabbed.org/2013/04/11/by-popular-demand-a-day-in-the-life-of-chuckie-and-vaughn/
[4] Leary exhibited evidence from his Frank Magazine Canadian in his Motion for Summary Judgment.

not wanting to divulge his financial information via judgment debtor examination or even more recently, being served with a Writ of Execution, as he has previously admitted to this Court.[5] [6] These are the acts of a coward, a reputation Leary richly deserves from his long established pattern of behavior as a litigant. The richest irony of all though is Automattic riding Handshoe's coat tails in 1:12cv90 by using Leary's Contempt of Court in that case to rid itself of Leary and Perret's 2012 lawsuit against[7] them in Nova Scotia Canada, which was still in litigation as late as January, 2018.

As to Leary's instant motion, judging from the nastygram[8] which arrived in Wiggins to 110 Hall Street via Federal Express on December 28, 2018, one day after the instant motion was entered into the record, it appears that it was the Handshoe response in opposition to the Leary Motion for Discovery (*See* ECF #306) that has caused this latest outburst.

Noteworthy is Leary's rebuttal to that opposition was due on December 21, 2018 and he emailed the Court on that date in an attempt to improperly file his rebuttal electronically with the Magistrate saying, "I am respectfully alerting you

---

[5] *See* ECF #269
[6] Leary's emails to the Court claiming the death of an unnamed close relative in order to avoid appearing at the scheduled settlement conference exhibits the extent to which Leary will go to remain a "paper tiger" only kind of litigant, afraid to face his adversaries in person in a court of law.
[7] Handshoe was a made defendant in their original itineration of that particular lawsuit and was dropped as a defendant upon amendment by Leary, Perret and Trout Point.
[8] Mr. Leary shipped Handshoe a fake FRCP 11 Motion for Sanctions which he never filed (nor intended to file) with the Court.

3

that the attached document has been sent by the fastest international postal means for filing, along with a supporting declaration. Due to the holidays I cannot guarantee when it will reach Gulfport...." (*See* Leary email to Magistrate Gargiulo at Exhibit 1 to the Opposition accompanying this Memorandum.) Leary was clearly misleading the Magistrate however, because the rebuttal was not shipped until December 26, 2018 per the envelope which contained both the Leary Motion for Sanctions that is the subject of this instant Memorandum in Opposition and the Leary Rebuttal that was due on December 21, 2018, which Leary represented to the Court via email had been shipped days earlier. (*See* Email at Exhibit 2 and Envelope at ECF 316-1) The rebuttal did not arrive in Gulfport until December 27, 2018.[9]

While Leary pounds the table complaining about the same issues over and over wasting the Court's time, he would have the Court ignore his own actions such as purposely misleading the Court about an out of time filing in an apparent attempt to economize on shipping costs and buy time to file yet more frivolous motions.

The bottom line is Leary is stuck in a legal morass of his own making, one that promises to consume even more of his time and remaining resources as Handshoe will not stop pursuing his collection efforts against him, Perret and Trout Point as long as they present themselves as targets of opportunity in Mississippi (or

---

[9] To be clear Handshoe neither complains that the Court may have considered the Leary rebuttal before denying his Motion for Discovery or that it was filed out of time. It is simply an example of Leary gaming the system and engaging in the very conduct which he complains of in others.

any other state in the union for that matter). Even at this late date, Leary remains blind to that which is coming to him as he and Perret will undoubtedly bankrupt themselves to avoid paying Handshoe's attorney fees and related contempt sanctions in 1:12cv90.

## Law and Argument

**The Mississippi Litigation Accountability Act does not apply to this matter.**

As a threshold matter, The Mississippi Act is irrelevant to this case. While a federal court may appropriately apply the Act where a case has been filed in state court and then removed to federal court (*See Nelson v. Nationwide Mutual Ins. Co.*, 2012 U.S. Dist. Lexis 13809 at pp. 15-17 (S.D. Miss. 2012)) and perhaps to frivolous state law claims filed in a federal court (*See Payne v. Univ. of S. Miss.*, 681 Fed. Appx. 384, 389 (5th Cir. 2017)) there is no sound basis for imposing sanctions under the Act in a Copyright case. State laws should not be used to deter citizens from seeking to invoke federal statutory or constitutional rights in federal courts. The only case cited by Defendant to support application of the Act is not to the contrary. However, in *Payne v. Univ. of S. Miss.*, 681 Fed. Appx. 384, 389 (5th Cir. 2017), only state law claims were asserted.

Further, in *Swift Fin. Corp. v. Bath Planet of Miss.*, 2016 WL 4572222 at p. 2 (S.D. Miss. 2016), another case where only state law claims were asserted the court wrote, "assuming but not holding that [the Act] applies in this diversity

5

case," denied the motion for sanctions, noting that "a successful motion to dismiss, standing alone, does not indicate sanctions against the plaintiff are warranted."

**Assuming arguendo this Court were to find the Mississippi Act did apply, Leary has not met his burden of proof under the Mississippi Litigation Accountability Act or this Court's Inherent Authority.**

Leary argues that Handshoe suit, especially the claims that were dismissed, were frivolous and would fall within the definition of the Mississippi Litigation Accountability Act. Handshoe respectfully submits it was more his pro se status that caused him to fail the carry the day on many of the Counts, including Count Four and will illustrate that Leary is more lucky than innocent.

Count Four involved a photograph taken by Cara Crowell, an employee of Trout Point Lodge. Leary swore in his takedown notice it was infringing. However, as Leary himself would both admit in writing to New Dream network and in his Canadian copyright lawsuit against Handshoe, the image being displayed on the Slabbed website, the URI at the time in Handshoe's personal name in a preformation act in the creation of Slabbed New Media, LLC, was "in-line linked" to the image at the Toronto Star thus there was no copying of the creative work in question and thus could not have constituted copyright infringement, a strong argument that the takedown notice submitted by Leary was

knowingly misrepresented.[10] Handshoe left many such arguments on the wayside which would have helped prove his cause of action that now become manifest with the benefit of hindsight.

Hindsight is 20/20 and Handshoe is not complaining about the resolution of the case, rather he emphatically states that his claims were far from frivolous. Additionally this Court found on two occasions that allowing Handshoe to amend his complaint was not futile. Finally, Handshoe would have the Court note that he purposely did not oppose Torstar's Motion to Dismiss upon the filing of an affidavit which advised Handshoe they were not involved with the takedown notice submitted by Leary over the photograph Torstar is hosting to this day on their webservers.[11] Instances of such good faith conduct of this action by Handshoe are scattered throughout the record of this matter.

Finally, the above example will also demonstrate, in a coming Court filing, there are material questions of fact that will lead this Court to deny Leary's Motion for Summary Judgment. This matter will proceed to trial but it is unclear that Leary

---

[10] *See* Perfect 10, Inc. v. Google, Inc., 508 F.3d 1146 (2007). The Court found that inline linking simply did not constitute copying at all. Where Google's Image Search contained inline links to images hosted on another website, the court found that "[b]ecause Google's computers do not store the photographic images, Google does not have a copy of the images for purposes of the Copyright Act. ... Instead of communicating a copy of the image, Google provides HTML instructions that direct a user's browser to a website publisher's computer that stores the full-size photographic image.

[11] See http://slabbed.org/2012/12/04/wash-rinse-repeat-aaron-broussards-former-property-managers-in-canada-again-sue-slabbed-for-defamation-in-nova-scotia/. Clicking the scaled photo in the Slabbed- Handshoe posting leads to
https://images.thestar.com/content/dam/thestar/news/canada/2012/02/02/ns_court_orders_mississippi_blogger_to_pay_gay_couple_425000/lodge.jpeg.size-custom-crop.583x328.jpeg

will appear for the pretrial conference given his previous behavior in this matter and others.

Attached to the Opposition accompanying this memorandum is the declaration of Douglas Handshoe.

## Conclusion

Plaintiff respectfully requests this Court denies Mr. Leary's latest Motion for Sanctions for the reasons stated above.

Respectfully submitted this 10th day of January, 2019,

_____
Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on January 10, 2019 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on January 10, 2019, I mailed the foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 10th day of January, 2019,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com