# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

JAN 15 2019

ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE

v.                                    CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY OPINION AND ORDERS DISMISSING THE LEARY 11 U.S.C. § 362(k) CLAIM (ECF # 293 AND 305)

This Memorandum in Support of Motion To Clarify Opinion And Orders Dismissing The Leary 11 U.S.C. § 362(K) Claim (ECF # 293 and 305) is respectfully submitted by Plaintiff / Counter-defendant Douglas Handshoe.

## BACKGROUND

On October 26, 2018, this Court issued a <u>Memorandum Opinion And Order Granting In Part And Denying In Part Plaintiff/Counter-Defendant Douglas Handshoe's [244] Motion To Dismiss</u>. Within the opinion, this Court dismissed the Leary 11 U.S.C. § 362(k) claim without prejudice, terming it a new claim that would not be allowed due to Leary's prior conduct of this case. Mr. Leary filed a Motion for Reconsideration with respect to the 11 U.S.C. § 362(k) claim which was fully briefed.

1

Mr. Leary argued in his Motion for Reconsideration that the 11 U.S.C. §

362(k) claim was not new and that the Court erred in dismissing it for that reason.

In a subsequent Memorandum Opinion and Order issued on December 7, 2018,

this Court granted, in part, the Leary Motion for Reconsideration for the reason

cited by Leary but still concluded that the 11 U.S.C. § 362(k) claim was due to be

dismissed under Fed. Civil Proc. Rule 12(b)(6) because Mr. Leary lacked statutory

standing to assert such a claim. In short, the Court, in examining the docket in the

bankruptcy case which Leary complained found that Leary has made contradictory

arguments about his status a pre-petition creditor in that matter, arguments which

the bankruptcy court would accept and in this instant matter, where Leary now

claims he actually was a pre-petition creditor for purposes of asserting that

particular Counterclaim. (*See* ECF 305, Memorandum Opinion and Order

beginning at page 6).

While Mr. Leary had yet another Motion for Reconsideration of the Court's

dismissal of his 11 U.S.C. § 362(k) claim before this Court and unbeknownst to

either this Court or Handshoe, Leary filed a Motion under 11 U.S.C. § 362(k) with

the United States bankruptcy Court for the Southern District of Mississippi in the

Slabbed New Media Bankruptcy matter seeking damages and a Contempt against

Handshoe, who only became aware of the filing due to notice of a filing sent to

him by the bankruptcy court as Mr. Leary purposely chose to not send the filing to Handshoe, as evidenced by the lack of a Certificate of Service on the pleading.[1]

## Law and Argument

This Court originally dismissed the 11 U.S.C. § 362(k) claim without prejudice, which was proper give the reasons given in support of the first dismissal originally by the Court. However, in response to the Leary Motion for Reconsideration this Court concluded that the dismissal of the Leary 11 U.S.C. § 362(k) claim was still warranted. However, because the reason for the dismissal did change as the Court concluded dismissal was still warranted for lack of statutory standing under Fed. Civil Proc. Rule 12(b)(6). Since the dismissal was made under Rule 12(b)(6) this claim is due to be dismissed *with prejudice*, since the claim was dismissed within the meaning of "an adjudication on the merits" per Rule 41(b).

## Conclusion

Plaintiff respectfully requests this Court clarify its order of December 7, 2018 that Mr. Leary's 11 U.S.C. § 362(k) claim is dismissed with prejudice.

---

[1] Leary would ultimately withdraw his last Motion for Reconsideration via email to the Court dated January 7, 2019, after he shipped his filing to the bankruptcy court. Vaughn Perret has also since filed a Motion under section 362 against Handshoe with the Bankruptcy Court, despite being fully informed of the reasons that he too lacks statutory standing. Both Leary and Perret's conduct with respect to their section 362 claim hence crosses into the realm of malicious prosecution. Both Leary and Perret remain "paper tigers" that are too cowardly to personally appear before the Court.

Respectfully submitted this 15th day of January,

2019,

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on January 15, 2019 the foregoing

was sent for electronically filing by me via the Clerk of the Court using the ECF

system which sent notification to all counsel of record upon filing by the Clerk.

I, Douglas Handshoe, hereby certify that on January 15, 2019, I mailed the

foregoing to Charles Leary at 308 5th Ave E, Vancouver, BC V5T 1H4 Canada.

Respectfully submitted this 15th day of January, 2019,

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com