# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE

v.                                    CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## DECLARATION OF DOUGLAS HANDSHOE

I, Douglas Handshoe, declare the following to be true and correct, and if called as a witness, I could competently testify to the matters hereinafter set forth which are within my personal knowledge. Under penalty of perjury I, swear and affirm the following:

## CASE SUMMARY

I am the Plaintiff / Counter defendant in this matter. This is a case about the misuse of the United States copyright laws as one of many tactics in a campaign of libel terrorism and related Canadian smear campaigns directed towards Plaintiff and Plaintiff's lawyers in Mississippi and Louisiana from Canada, a country without the Free Speech and procedural due process protections contained in the United States Constitution, in an attempt to suppress truthful reporting on matters

1

in the public court record involving a massive political corruption scandal, resulting criminal investigation, conviction and incarceration of former Jefferson Parish President Aaron Broussard. In one of many such corrupt self-enrichment schemes perpetrated by Broussard, he used his Canadian property holdings managed by his unindicted criminal co-conspirators, Charles Leary, Vaughn Perret and Daniel Abel, to perpetrate bribery and money laundering schemes involving politically connected individuals that did substantial business with the Parish of Jefferson, Louisiana. Abel, Leary and Perret have since misused libel and intellectual property laws to silence news reporting on this matter of public interest in a campaign of libel terrorism.

## DECLARATION OF FACTS AND EVIDENCE

1. Attached as Exhibit 2 is the United States Bankruptcy Court Chapter 11 Proceeding Memo and Minutes of the §341 Meeting held on July 20, 2015 in Gulfport, Mississippi showing O'Cain's previous work in 2015 for Leary and Perret. (Dkt #34)

2. Attached as Exhibit 3 is the email from Leary to the Court dated January 17, 2019.

3. On December 17, 2018 I met with my business partner Sheila Cruthird in order to modify the work plan of Douglas K. Handshoe CPA PLLC for the 2019 tax filing season to insure that Handshoe would have adequate time to

2

prepare for the pre-trial conference and for the trial. After the meeting, Handshoe modified his schedule by moving a scheduled annual due diligence meetings with an ERISA Trustee that serves one of my larger clients, a company with business operations across the eastern half of the United States. I also had to reschedule dates that were reserved to prepare a full set of GAAP financial statements including footnotes and management discussion and analysis of the 2018 financial results that are due on January 31, 2019. The Schedule of Work in Process alone for this entity encompasses over seventy-five cost centers located in 9 states across the eastern United States.

4. In addition to moving 2019 appointments that have been scheduled since December 1, 2018, Handshoe has worked in excess of 156 hours on the scheduled projects and others from January 2, 2019 to this date in order to insure the firm's deadlines were met.

5. On January 7, 2019 the Internal Revenue Service announced the start of electronic filing for 2019 would be on January 28, 2019, 10 days after the normal start of tax season. By law, certain submission such as Form 1099 series must be disseminated to the payees by January 31, 2019. Steps that must be taken before e-filing include advance validation of the electronic transmissions. Forms W-2 must also be disseminated to employees on or

3

before January 31, 2019. As of this date we have not been able to validate or schedule for submission any such filings. Douglas Handshoe CPA PLLC prepares in excess of 1,500 such forms for a wide variety of businesses in South Mississippi.

6. In my capacity as a Certified Public Accountant I am required to attend several Board of Directors meetings in the month of January each year including scheduled meetings in Jackson Mississippi and the Hattiesburg area. Due to a conflict with the Pre-trial conference I had to seek to reschedule one such meeting to a different day this week, which was accommodated by the firm's client but only after extraordinary difficulty as certain of the Board members fly to Jackson, Mississippi from locals as far away as Pennsylvania and Los Angeles California to attend this annual meeting. Due to a conflict with the Court's trial calendar, I also had to reschedule an annual due diligence meeting with an ERISA trustee and his business valuation expert, who also travel to Mississippi annually from Pennsylvania and the West Coast, forcing these gentlemen to have to reschedule flights and hotel accommodations.

7. Due to the Court's trial calendar and the late start to the IRS accepting e-filed transmissions of income tax returns, I also had to delay the start of taking appointments for the preparation of personal income taxes to the

4

week of February 11, 2019, a full two weeks later than the normal start of such work.

8. The firm's calendar is literally booked with work events and appointments through the end of the filing season for individuals and businesses on April 15, 2019 in part for the reasons stated above. Any continuance past the proceedings as currently scheduled would literally subject the Accounting firm to chaos, especially in light of the extraordinary effort certain of the firm's clients have made to accommodate the existing dates for the pre-trial conference and trial.

I swear and affirm I have examined the Exhibits 1 through 3 and they are true and correct in all respects.

So certified this the 22nd day of January, 2019,

_____
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com