IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



DOUGLAS HANDSHOE

v.                             CIVIL ACTION NO. 1:15cv382-HSO-JCG

VAUGHN PERRET, CHARLES LEARY &
DANIEL ABEL, D/B/A/ TROUT POINT
LODGE LTD OF NOVA SCOTIA & IN
THEIR INDIVIIDUAL CAPACITIES
PROGRESS MEDIA GROUP LIMITED,
MARILYN SMULDERS, & ASHOKA

## MEMORANDUM IN SUPPORT OF OPPOSITION TO LEARY'S MOTION FOR A CONTINUANCE (ECF # 342)

This Memorandum in Support of Opposition to the Leary Motion for a Continuance is respectfully submitted by Plaintiff / Counter-defendant Douglas Handshoe.

### BACKGROUND

On December 14, 2018, this Court set the pre-trial conference for January 24, 2019 (*See* ECF #308). After the conference was set and in response to a flurry of Leary motions which required expedited briefings, this Court ordered Leary to appear at a hearing to resolve them. The Court noted (*See* ECF #325):

> This matter has been pending for over three years and is set for trial on the Court's February 2019 trial calendar, with a Pretrial Conference scheduled for January 24, 2019, at 10:30 a.m. The only claims remaining for trial are those of pro se Defendant/Counterclaimant Leary, namely his Counterclaims [233] against pro se

1

Plaintiff/Counter-Defendant Douglas Handshoe for (1) malicious prosecution; (2) misrepresentation under 17 U.S.C. § 512(f), related to the "late January, 2016," counter-notification sent to Amazon Web Services; and (3) copyright infringement. See Order [305] at 14-15.

The parties have filed a total of approximately 75 motions during the pendency of this case, including several motions for reconsideration. Throughout this case, the Court has endeavored to give each motion careful consideration and to issue written orders resolving them. However, this has consumed an inordinate amount of the Court's time and taken away from time the Court could, and needs to, devote to other pending civil cases, some of which are also awaiting trial on the February 2019 trial calendar.

On December 17, 2018, Leary filed a Motion [309] Under Rule of Evidence 201 and Federal Rule of Civil Procedure 54 Regarding Dismissal of Leary's Claim Under 11 U.S.C. § 362(k), and a Motion [311] to Strike Defense Pleadings Under Federal Rules of Civil Procedure 12(f) and 8. Due to the impending pretrial conference and trial dates, the Court expedited briefing on these two Motions [309], [311] and set them for an in-person hearing on Wednesday, January 9, 2019, at 9:00a.m. See Order [313] at 2-3. The Court ordered the parties to appear in person at this hearing to argue their respective positions on these Motions and allow the Court to rule from the bench, rather than expending the time necessary to prepare and issue written orders. Id. at 3. Leary has now filed a Motion [315] asking the Court to permit him to appear at the hearing telephonically or in the alternative to rely only on the parties' briefs in deciding the issues.

The Court denied the Leary motion to appear telephonically or to decide his motions by Brief. Rather than appear as ordered, Leary withdrew his Motions on January 7, 2019.

2

On December 27, 2018 Leary filed a motion with the Court seeking sanctions against Handshoe under the Court's Inherent Authority and the Mississippi Litigation Accountability Act. Handshoe submitted his opposition on January 10, 2019. The Handshoe opposition represented the last in a long line of such an filings made in response to numerous motions for sanctions filed by Leary in this matter. In support of his Motion, Leary cited several complaints that have either already been heard by or belong in other Courts, and by recycling the allegations surrounding the now dismissed abuse of process claims under the guise of his motion for sanctions. On January 11, 2018, this Court set the Leary motion for sanctions for a hearing on January 24, 2019 at 10:30 a.m., to be held in conjunction with the pre-trial conference.

On January 17, 2019, Leary improperly attempted to file a request for a continuance with this Court via email asking the Court, "to continue the pre-trial conference and trial until the Court has considered the filed Motion for Summary Judgment and Mr. Handshoe's opposition." He further stated he had availability in "mid March should a continuance be granted" or alternatively he would seek withdraw his Counter Claims under Rule 41. Leary cautioned that he could not "file such a motion until after the pre-trial conference date" ostensibly due to the fact that he was "working on a tourism project in Latin America in an area with very limited services." He went on to claim that he, "lost power and cell service yesterday and

3

remain in that state today". Further he added that, "This was not expected and is beyond my control. I have endeavord (sic) to find affordable local counsel for this case to attend the pre-trial conference and hearing, but as of today's date to no avail." Leary continued that he had "no access to working printing facilities or courrier (sic) services and will not be able to file a formal motion for days."[1]

The Court, by reply email advised Leary that, "any written communication with the Court that is intended to be an application for relief or other action by the Court must be presented by a motion in the form prescribed by that Rule and must be filed of record."

Despite claiming to be incommunicado somewhere in "Latin America", Leary somehow managed to almost immediately hire Counsel[2] that now seeks to continue and delay the resolution of this litigation and ostensibly conduct the trial in mid-March, 2019, which also happens to be Handshoe's busiest time of the year in his profession as a public practice CPA.[3] [4] Mr. O'Cain now comes to this Court hat in

---

[1] This Court set the date pre-trial conference on December 14, 2018. Mr. Leary, despite having a "a long pre-planned trip" Leary waited until January 17, 2019 to bring his scheduling conflict to the Court and seek a continuance.

[2] Mr. O'Cain has previously represented Leary's interest in both Mississippi State Court and the Slabbed New Media bankruptcy matter dating to 2015 and he is well known to them.

[3] Handshoe estimates that the time he spent responding to Leary's meritless motions that he withdrew rather than appear before the Court to litigate as well as the Motion scheduled to be heard on January 24, 2019 amounts to close to $7,000 in lost billing for his accounting practice.

[4] Clear evidence exists that Leary seeks to multiply the proceedings and delay the resolution of his Counter claims, as evidenced by his attempts to file identical Motions regarding his now dismissed Section 362(k) claims seeking sanctions against Handshoe with the Bankruptcy Court earlier this month while the same motion was still pending before this Court.

hand with ready-made scheduling conflicts. Such constitutes yet another attempt by Leary to force this Court to continue a matter the Court has made clear it wants to resolve and remove from its docket of cases.[5]

## Law and Argument

Civil litigants, with very limited exception, do not have a constitutional right to counsel. Further, in the context of criminal cases where the constitutional right to an attorney is guaranteed by the sixth amendment to the constitution, Courts still have the authority to deny continuances related to hiring a new attorney on the eve of important proceedings. In such circumstances the Courts must consider several factors including how long the case has been pending, the prejudice to the litigants that would result from either denying or granting the request for a continuance, any inconvenience that the Court would experience from the granting of a continuance and the extent of any harm to the party requesting the continuance that would result from the Court's denial.

Even in the context of criminal matters where a right to counsel does exist, as a general rule a district court's refusal to continue a case to accommodate an attorney

---

[5] It in not clear to Handshoe under what calculus Leary would file motions with the Court which would require a rebuttal to be submitted at the exact same time he was located in to a remote location in "Latin America" with "no access to working printing facilities" that was subject to sudden and unexpected power outages and loss of cellular service.

brought in at the last minute is not an abuse of discretion.[6] However, each case must be reviewed individually, "in light of all the circumstances."[7]

In this matter Leary has already enrolled two attorneys, the first enrolling in the case for the improper purpose of delaying its resolution. On August 26, 2016 Attorney Bob Wolford, without formally enrolling, filed a Motion on Leary and Vaughn Perret's behalf seeking for additional time to file a responsive pleading with the Court which this Court granted. The Wolford motion used his office address at 2619 Broadwater Drive Gulfport, MS 39507 in the Certificate of Service.[8] On September 15, 2016 Attorney Jason Purvis filed a Motion to Relieve Counsel and for Additional Time To Defend Against The Second Amended Complaint.[9] In the Purvis Motion, he claimed that Wolford had abandoned the case and that Leary and Perret could not find him at his office on 21st Avenue in Gulfport, an address that Wolford never used on any pleadings in this instant matter or in the Slabbed New Media bankruptcy case. Purvis, on behalf of his clients clearly misled the Court to

---

[6] *United States v. Krout*, 66 F.3d 1420, 1435 (5th Cir.1995), cert. denied, 516 U.S. 1136, 116 S.Ct. 963, 133 L.Ed.2d 884 (1996); *United States v. Mitchell*, 777 F.2d 248, 255 (5th Cir.1985), cert. denied, 475 U.S. 1096, 106 S.Ct. 1493, 89 L.Ed.2d 895 (1986).

[7] *United States v. Kimbrough*, 69 F.3d 723, 731 (5th Cir.1995), cert. denied, 517 U.S. 1157, 116 S.Ct. 1547, 134 L.Ed.2d 650 (1996).

[8] *See* ECF #63.

[9] *See* ECF #68. This Court may recall that Leary improperly emailed the Court with a story in advance of the Purvis filing referenced here. Such pattern repeated itself with an improper Leary email to the Court January 17, 2019 followed by a new attorney enrolling in and then seeking to delay the resolution of this matter on January 21, 2019.

gain additional time. Between the Wolford and Purvis motions for additional time, this matter was delayed for six weeks. Purvis would ultimately move this Court to withdraw as Leary and Perret's Counsel citing an "irretrievable conflict" between himself and his clients. This Court granted the Purvis motion to withdraw on September 21, 2017 via text only order.

Leary would make no other attempt to enroll Counsel until January 21, 2019, on the eve of the pre-trial conference and scheduled hearing on his latest Motion for Sanctions and after he advised the Court on January 17, 2019 he had no intention of appearing for either the hearing or pre-trial conference due to the "great cost of international travel to Mississippi".[10]

Leary's dilatory tactics permeate the record of this matter. On April 17, 2018 this Court granted the Handshoe Motion for Sanctions and struck months of Leary court filings as Leary was using disbarred lawyer Daniel Abel to ghostwrite, sign and submit his pleadings,[11] such conduct delaying this matter in excess of five months. As stated earlier Leary recently withdrew two Motions after they were set for hearing. Rather than appear as ordered, Leary withdrew his Motions on January 7, 2019. The history of this matter and the length of time this case has been on the Court's docket all weigh against granting Leary a continuance.

---

[10] Leary, Perret and Trout Point are current active contemnors due to their willful failure to appear when ordered by Judge Guirola.

[11] See ECF #222

7

Should this Court not grant any additional time it is clear Leary would suffer little to no prejudice. Leary has already expressed an interest in withdrawing his Counter claims rather than appear before the Court to litigate them. On the other hand, Handshoe will suffer great harm should this matter be rescheduled. Besides exposing crooks like Aaron Broussard, Daniel Abel, Vaughn Perret and Charles Leary on the Slabbed New Media website, Handshoe is a private practice CPA that is in an extraordinarily challenging "busy season".[12] As his declaration illustrates and based upon the scheduling order this Court issued on December 14, 2018, Handshoe had to undertake a major effort to reschedule work that he normally performs in month of January in order to prepare for and attend the pretrial conference as well as prepare for the trial.

A delay to mid-March, 2019 as requested by Leary coincides with a major business tax return due date for most pass through entities. Such a delay would be disastrous to Handshoe's accounting practice, forcing him to make a choice between preparing for trial or alienating his clients by failing to meet one of the two most important due dates on the tax calendar. Finally, to the extent that Handshoe's

---

[12] Busy season is a colloquial term used by CPAs to describe the intense workload compression that derives from the winter and spring due dates of the various form of income tax returns. The 2019 busy season is complicated by the fact the IRS is implementing a new tax law. The implementation of that law and the start of electronic filing for 2018 tax returns, including information returns, has been delayed by the Trump government shutdown which will result in additional workload compression for all practitioners in 2019 as returns still cannot be filed or e-filed as of this date. Due to the nature of the work, missed workdays in the winter and spring generally cannot be made up.

calendar is literally booked through April 15, 2019[13] any delay past the currently scheduled proceedings would result in large amounts of lost income to Handshoe and result in damage to his accounting practice. Should this Court see fit to grant any continuances, Handshoe submits this case would need to be continued to the May, 2019 Court trial calendar in order for him to not be prejudiced by it.

As for Leary, he has had ample opportunity to bring his concerns with the date of the pretrial conference to the Court and once again he chose to sit on his hands and not bring his scheduling conflict to the this Court until the last minute. In his improper email to the Court, Leary did not specify if his "long pre-planned trip" was arranged before or after the scheduling order was issued but such does not matter. To the extent Leary strongly implies that his travel plans to "Latin America" were set before the scheduling order was released in December, he had a duty to bring the conflict to the Court's attention immediately. Alternatively, had Leary scheduled his trip after the Court released the scheduling order, such strongly implies that Leary caused his own scheduling conflict purposely, in an attempt to delay this matter.

---

[13] Handshoe's calendar is currently booked through April 19, 2019 with standing appointments of time devoted to tax filings and year end business financial reporting under accounting principles generally accepted in the United States. May 15, 2019 is the due date for non profit informational return filings.

9

Finally, it is clear from the record in this case that this particular matter has consumed far too much of this Court's scarce judicial resources and "taken away from time the Court could, and needs to, devote to other pending civil cases."[14]

The history of this matter and other factors clearly indicate the Court would not be abusing its discretion by denying the continuance motion filed on Leary's behalf by O'Cain. Quite the contrary is true and this further wasting of the Court's time should not be allowed. If Mr. O'Cain wants to double book his calendar, neither Handshoe or this Court should bear the burden of such unprofessional behavior.

Finally, Handshoe respectfully submits that the supposedly high cost in travel to Gulfport is not what is deterring Leary from appearing, as he is now willing to pay the far higher cost to enroll counsel with scheduling conflicts to further improperly delay the resolution of this matter. Simply put Leary could have hired O'Cain at any time based upon their past legal collaborations. Rather and more to the point, Leary is simply a coward that is afraid to appear in person before this Court.

---

[14] Handshoe appreciates this Court's handling of this matter as the litigants have been given every opportunity to make their case by the Court. However, as the recent record of this matter also clearly shows, Leary is more interested in multiplying the litigation than resolving it.

## Conclusion

Plaintiff respectfully requests this Court deny Leary's latest request for a continuance.

Respectfully submitted this 22nd day of January, 2019,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on January 22, 2019 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification to all counsel of record upon filing by the Clerk.

Respectfully submitted this 22nd day of January, 2019,

Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com